UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.:  **CV 19-6182-DSF (PLAx)**                                            Date: **January 29, 2020**

Title:   **Janet Garcia, et al. v. City of Los Angeles, et al.**

**PRESENT:  THE HONORABLE     PAUL L. ABRAMS**
**UNITED STATES MAGISTRATE JUDGE**

| **Christianna Howard** | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**
NONE

**ATTORNEYS PRESENT FOR DEFENDANT(S):**
NONE

**PROCEEDINGS:  (IN CHAMBERS)   Plaintiffs' Motion for Expedited Discovery (ECF No. 29)**

On January 15, 2020, the parties in this action filed a Joint Stipulation (alternatively "JS" (ECF No. 29)) in support of their positions regarding plaintiffs' Motion for Expedited Discovery ("Motion" or "Mot." (ECF No. 29-1)) seeking to (1) require defendant City of Los Angeles ("City") to respond to the "discrete set of policy and procedure-related materials identified" in the JS and to produce documents responsive to nine requests for production ("RFPs"); (2) permit plaintiffs to serve a third-party subpoena upon the storage facility used by the City to store property seized by the City (requesting production of nine categories of documents); and (3) alternatively requiring the parties to attend a Rule 26(f) conference.  (Mot. at 1; JS at 8-11, 33).  On January 22, 2020, plaintiffs filed their Supplemental Memorandum.  (ECF No. 30).  Having considered the pleadings submitted in connection with the Motion, the Court has concluded that oral argument will not be of material assistance in determining the Motion.  Accordingly, the hearing scheduled for February 5, 2020, is **ordered off calendar**.  See Local Rule 7-15.

By way of background, plaintiffs are homeless individuals, and organizations that work with and represent homeless individuals, who allege constitutional violations by the City against plaintiffs "in the enactment and enforcement" of Los Angeles Municipal Code section 56.11 ("LAMC 56.11").  (JS at 2).  LAMC 56.11 allows the City to seize homeless peoples' belongings, and "[i]n most instances" requires that the seized belongings be stored.  (Id.).  However, LAMC 56.11 also permits the City to immediately destroy -- without notice and with no pre- or post-deprivation hearing -- those items it deems to be an "immediate threat to the health and safety of the public" or to be "bulky."  (Id.).  Plaintiffs contend that the City "throws away nearly all of the property it comes in to contact with, and in doing so, has and will continue to violate Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments."  (Id.).  Plaintiffs submit that the City immediately destroyed plaintiffs' seized property, and the harm they have suffered is substantial and ongoing.  (Id. (citing Supp'l Compl. ¶ 21)).

**Legal Standard**

Rule 26(f) provides the following:

> Except . . . when the court orders otherwise, the parties must confer as soon as practicable -- and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

Fed. R. Civ. Proc. 26(f)(1). Rule 16(b) provides that the District Judge must issue a scheduling order after receiving the parties' Rule 26(f) report, or after consulting with the parties' attorneys at a scheduling conference. Fed. R. Civ. P 26(b)(1). The scheduling order "must issue . . . as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 26(b)(2). Only after the parties conduct the Rule 26 conference, or with agreement of the parties or a court order, can the parties commence discovery. Fed. R. Civ. P. 26(d); Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); In re Countrywide Fin. Corp. Derivative Litig., 42 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008); Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 326 (S.D.N.Y. 2005). "However, courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause." In re Countrywide, 542 F. Supp. 2d at 1179; Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. Apr. 19, 2002); see also Qwest Commc'ns, 213 F.R.D. at 419 (The "party seeking expedited discovery in advance of [the] Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."); Merrill Lynch, Pierce, Fenner & Smith v. O'Connor, 194 F.R.D. 618, 623 (N.D. Ill. May 19, 2000) ("Expedited discovery is not the norm. Plaintiff must make some *prima facie* showing of the *need* for the expedited discovery.") (emphasis in original).

"Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" In re Countrywide, 542 F. Supp. 2d at 1179 (quoting Semitool, Inc., 208 F.R.D. at 276). In considering whether good cause exists, factors courts may consider include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the responding party to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012).

**The Parties' Contentions**

  **Plaintiffs' Contentions**

Plaintiffs contend that a Scheduling Order in this action should have generally been issued on the earlier of November 21, 2019 (90 days after defendant was served with the Complaint), or December 20, 2019 (60 days after defendant first appeared in the action on October 21, 2019, when it filed its Motion to Dismiss). (JS at 12). They argue that because the Scheduling Order was due to be filed by November 21, 2019, the Rule 26(f) conference should have taken place, at the latest, by November 1, 2019. (Id.). Plaintiffs further contend that good cause exists for the expedited discovery because (1) they need to determine whether to seek an early injunction with respect to their Monell claim; (2) they need to ascertain Doe defendants; and (3) because the requested discovery is "directly relevant to Plaintiffs' as-applied claims, which will be subject to discovery [because defendant did not move to dismiss those claims], and will facilitate effective case management." (Id.). Plaintiffs state that the burden imposed on the City to comply with plaintiffs' discovery requests "is minimal at most," as the requested information would be produced in the normal course of discovery anyway. (Id. at 19

(citations omitted)).  They submit that the only reason the Motion was made necessary "is because the City refuses to participate in a Rule 26(f) conference," and that any "possible prejudice to the City could be eliminated by simply agreeing to participate in the long-overdue Rule 26(f) conference."  (Id.).  Plaintiffs propounded the discovery requests on October 16, 2019, and assert that "the City has had ample time to review and begin identifying documents responsive to the requests."  (Id. at 20).  Additionally, they argue that the issuance of the third-party subpoena would not impact, "let alone prejudice, the City in any way."  (Id.).  In any event, plaintiffs contend that any burden to defendant is outweighed by plaintiffs' need to discover evidence to support their possible preliminary injunction motion and to identify Doe defendants.  (Id.).  They also note that they "continue to lose critical belongings as a result of the City's ongoing enforcement" of LAMC 56.11.  (Id.).

Plaintiffs report that in light of the City's "ongoing violations," they repeatedly requested that the City participate in a Rule 26(f) conference and allow the parties to initiate discovery.  (Id. at 3 (citing Myers Decl. ¶¶ 7, 9, 10, 11)).  They assert that when they made the request, the Complaint had already been "pending for months," and the City had "already disclosed that it would not move to dismiss the individual plaintiffs' as-applied constitutional claims."  (Id. (citing Myers Decl. ¶ 4)).  Plaintiffs believe, therefore, that a Rule 26(f) conference is practicable, as contemplated under the Rules and, as an alternative, on October 16, 2019, asked the City to consent to early discovery" so that plaintiffs could "obtain evidence of the City's widespread practices and implementation of its policies to determine whether to seek an early injunction."  (Id. (citing Myers Decl. ¶ 11)).  Plaintiffs acknowledge that although the City refused to participate in a Rule 26(f) conference, or commence expedited discovery, the City "has been willing to provide a small amount of documents relating to portions of the individual incidences [sic] alleged in Plaintiffs' as-applied claims, although even here, the City's production has been deficient."  (Id. at 3-4 (citing Myers Decl. ¶¶ 14, 15)).  Plaintiffs also acknowledge that the City agreed to produce "its policies, procedures, directives, manuals, and special orders related to LAMC 56.11."  (Id. (citing Myers Decl. ¶¶ 19, 22)).  Plaintiffs, however, state this is "not enough" because they "not only need documents and information relevant to the specific incidents identified in their complaint, but they must be able to show that those incidents were part of a widespread formal or informal policy, practice, or custom of the City," pursuant to Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 659 (1978).  Although plaintiffs offered to "narrow the early discovery requests as a compromise . . . [t]he City did not engage."  (Id. at 4 (citing Myers Decl. ¶ 14)).  Plaintiffs submit that the early limited discovery they are seeking "is appropriate for multiple independent reasons," i.e., the deadline for the City to participate in the Rule 26(f) conference has come and gone; plaintiffs need the discovery to assess whether to file a preliminary injunction; plaintiffs need to identify the Doe defendants; and the discovery is "relevant to the underlying claims and will facilitate effective case management."  (Id.).

### Defendant's Contentions

Defendant responds that there is no good cause for plaintiffs' request for expedited discovery as no urgency exists; there has been no undue delay in discovery or in engaging in a Rule 26(f) conference; and plaintiffs have failed to meet their burden to show that "the need for expedited discovery, in consideration of justice, outweighs the prejudice to the responding party."  (Id. at 4-6 (citations omitted)).  It asserts that none of plaintiffs' claims for seeking expedited discovery has any merit.  (Id.).  Defendant further notes that the District Judge has not yet issued a Scheduling Order or ruled on the City's two motions to dismiss, "which could dramatically change the landscape of the litigation," because if the motions are granted, "it would result in the dismissal of five (out of seven) of Plaintiffs' claims (leaving only the as-applied claims), one individual Plaintiff (Haugabrook), and both of the organizational Plaintiffs."  (Id. at 5 (citing ECF Nos. 21, 22, 28)).  Defendant also states that "far from 'refusing' to engage in early discovery, the City has ben working with Plaintiffs to respond to reasonable requests for such discovery and has voluntarily produced over 4,000 pages of documents . . . fall[ing] into three categories:  (1) 'Incident-Specific Documents'; (2) 'March 2019 Sanitation Reports'; and (3) 'Policy-Related

Documents.'"  (Id. at 5 (citing Ursea Decl. ¶ 2)).

Defendant specifically notes that LAMC 56.11 has been in effect for over three years, plaintiffs filed their Complaint over six months ago, plaintiffs have not filed a motion for a preliminary injunction, and the City has voluntarily produced over 4,000 documents related to its policies and practices.  (Id. at 22).  It argues that a party seeking to obtain expedited discovery in support of a *contemplated* preliminary injunction motion "must narrowly tailor its expedited discovery requests to information to preserve the status quo and demonstrate the reasonableness of the request."  (Id. (citing Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1068 (C.D. Cal. Nov. 25, 2009))).  Defendant contends that plaintiffs fail to explain "why the 4,000+ pages of documents the City has already produced does not suffice" to assess their preliminary injunction motion and identify Doe defendants, or "assist them in achieving their stated objectives or advance the litigation in any meaningful way."  (Id.). Defendant further notes that because plaintiffs' allegations are based on the unlawful destruction of property under LAMC 56.11, "it is hard to imagine how '[a]ll COMMUNICATIONS related to the use of forms . . . related to the *storage* of property' . . . or '[a]ll statistics, reports, analysis or data compilations related to the use or capacity of STORAGE FACILITIES' or the storage-related documents Plaintiffs want to subpoena from third-party Chrysalis, are likely to contain any information relevant to a [preliminary injunction] motion or *Monell* liability."  (Id. at 24 (citations omitted)).  Indeed, defendant argues that the Incident-Specific Documents they have produced thus far contain the names of City employees involved in the alleged seizures and serve to identify potential Doe defendants, but note that plaintiffs have failed to seek to amend their operative Complaint to add the two individuals whom plaintiffs concede were identified in defendant's document production.  (Id. at 25 & n.8).  Defendant points out that "there is simply no need to immediately identify additional potential defendants when there is no Scheduling Order in this case, and no deadline has been set for adding defendants."  (Id.).

Defendant also disputes plaintiffs' claim that the requests are "limited" and "relevant only to" plaintiffs' as-applied challenges, and asserts that the requests are "wildly overbroad" and seek "all" documents, communications, and reports that refer or relate to a "wide variety of topics" wholly unrelated to the incidents asserted in the Supplemental First Amended Complaint, or even to property taken pursuant to LAMC 56.11; seek documents dating back to 2012 -- four years before the current version of LAMC 56.11 was even adopted and seven years before plaintiffs' property was allegedly seized and destroyed; it would require a "monumental effort to collect and produce the vast array of documents" sought by plaintiffs, especially when the "relevance of the documents is questionable at best, and the claims, defenses, and even the parties are not yet set"; and that any substantial incremental benefit gained by expediting this discovery is outweighed by the risk of prejudice or disruption.  (Id. at 26-27 (citations omitted)).  Finally, defendant submits that there is no justification to compel defendant to engage in an early Rule 26(f) conference because it is premature and not practicable to hold a Rule 26(f) conference at this stage, "when the pleadings are wholly unsettled and the parties cannot engage in a meaningful discussion regarding a discovery plan, proportionality of discovery, and the other topics required by Rule 26 and Local Rule 26-1."  (Id. at 29 (citing Zavala v. Kruse-Western, Inc., 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019))).

## Analysis

Having reviewed the parties' positions, the subject discovery requests, and the current posture of the case, the Court finds that plaintiffs have not demonstrated good cause to conduct the expedited discovery that they seek. Unlike those cases in which expedited discovery was authorized in anticipation of a preliminary injunction hearing, e.g., Quia Corp. v. Mattel, 2010 WL 2179149 (N.D. Cal. 2010), or for the plaintiff to ascertain the identify of Doe defendants, e.g., Wride v. Fresno Cty., 2011 WL 4954159, at *1 (E.D. Cal.2011) (permitting incarcerated plaintiff to conduct limited discovery in order to identify Doe defendant officers), the document

requests and the categories of documents sought in the third-party subpoena (collectively "subject requests") do not clearly serve any purpose other than those traditionally anticipated during the normal course of litigation. See also Advisory Committee Notes to the 1993 amendments to Rule 26(d) (noting that discovery before the Rule 26(f) conference "will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction.").

Here, plaintiffs specifically argued in the JS that the requested discovery is "directly relevant to Plaintiffs' as-applied claims, which will be subject to discovery [because defendant did not move to dismiss those claims], and will facilitate effective case management." (JS at 12). While there is no doubt that at least some of the subject requests are relevant to the merits of plaintiffs' "as-applied" claims (see JS at 8-11), plaintiffs have not established any urgency to commence discovery on those claims or any other issues. Additionally, the Court agrees with defendant that the requests as written are also overbroad and not narrowly tailored for the purposes stated by plaintiffs (to assess whether to file a preliminary injunction motion and to determine additional Doe defendants). Indeed, plaintiffs themselves suggested to defendant that they would be willing to narrow the requests for purposes of the early discovery. Finally, notwithstanding its objections to the requests, defendant has produced a substantial number of documents it contends include "Incident-Specific" documents and "Policy-Related" documents. (JS at 8). Because plaintiffs have not demonstrated good cause to conduct early discovery, the Court rejects plaintiffs' Motion for expedited discovery.

Plaintiffs also have not shown good cause to hold the Rule 26(f) conference prior to the District Judge's ruling on defendant's motions to dismiss. See Zavala, 2019 WL 3219254, at *2 (citing Johnson v. United Cont'l Holdings, Inc., 2014 WL 12823346, at *1 (N.D. Cal. June 16, 2014) (denying motion to compel Rule 26(f) conference where the plaintiffs failed to show why the conference should be conducted before the scheduling conference)). Defendant's motions to dismiss are still pending and, as in Zavala, those motions challenge the sufficiency of the Supplemental First Amended Complaint and may result in changes to the operative pleading. Id. (noting that plaintiff was not seeking expedited discovery but, "in an interesting departure," sought to compel defendants to participate in a Rule 26(f) conference after which plaintiff would proceed to commence discovery, in advance of the pleadings being settled and without showing "good cause" under Rule 26(d)). Until the motions to dismiss in this action are resolved, the actual claims and defenses at issue (other than the "as-applied" claims that were not included in the motions to dismiss) are not certain. Again, plaintiffs have not demonstrated good cause to conduct expedited discovery as to plaintiffs' as-applied claims or for any other reason.

For these reasons, the Court also rejects plaintiffs' alternative request to compel the parties to attend a Rule 26(f) conference at this time, particularly when the District Judge has yet to rule on defendant's motions to dismiss, or to issue a Scheduling Order.

Plaintiffs' Motion for expedited discovery (ECF No. 29), or in the alternative to compel the parties to conduct a Rule 26(f) conference, is **denied**.

IT IS SO ORDERED.

cc:     Counsel of Record

Initials of Deputy Clerk     ch