Shayla Myers (SBN: 264054)
Romy Ganschow (SBN: 320294)
LEGAL AID FOUNDATION OF LOS ANGELES
7000 S. Broadway, Los Angeles, CA 90003
Tel.:     (213) 640-3983
E-Mail: smyers@lafla.org
            rganschow@lafla.org

*Attorneys for Gladys Zepeda, Miriam Zamora,
Ali El-Bey, James Haugabrook, Pete Diocson Jr.,
Marquis Ashley, and Ktown for All*

*Additional Attorneys on Next Page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANET GARCIA, GLADYS ZEPEDA, MIRIAM ZAMORA, ALI EL-BEY, PETER DIOCSON JR, MARQUIS ASHLEY, JAMES HAUGABROOK, individuals, KTOWN FOR ALL, an unincorporated association; ASSOCIATION FOR RESPONSIBLE AND EQUITABLE PUBLIC SPENDING, an unincorporated association<br>                    Plaintiff(s),<br><br>            vs.<br><br>CITY OF LOS ANGELES, a municipal entity; DOES 1-7,<br>                    Defendant(s). | CASE NO. 2:19-cv-06182-DSF-PLA<br><br>**DECLARATION OF NICHOLAS PRICE** |

_____
DECLARATION OF NICHOLAS PRICE

| | |
|---|---|
| 1 | Catherine Sweetser (SBN: 271142) |
| 2 | Kristina Harootun (SBN: 308718) |
|   | SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP |
| 3 | 11543 W. Olympic Blvd., |
| 4 | Los Angeles, CA 90064 |
|   | Tel.:   (310) 396-0731 |
| 5 | Email: csweetser@sshhlaw.com |
| 6 |         kharootun@sshhlaw.com |
| 7 | *Attorneys for Plaintiffs.* |
| 8 | |
| 9 | Benjamin Allan Herbert (SBN: 277356) |
|   | William L. Smith (SBN: 324235) |
| 10 | KIRKLAND & ELLIS LLP |
|   | 555 S. Flower St., Los Angeles, CA 90071 |
| 11 | Tel.:   (213) 680-8400 |
| 12 | Email:   benjamin.herbert@kirkland.com |
|   |          william.smith@kirkland.com |
| 13 | |
| 14 | *Attorneys for Plaintiffs Ktown for All, Ali El-Bey,* |
| 15 | *Peter Diocson Jr., Marquis Ashley, Association for Responsible and Equitable Public Spending, and Janet Garcia.* |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

_____
DECLARATION OF NICHOLAS PRICE


## DECLARATION OF NICHOLAS PRICE

1. My name is Nicholas Price. I have personal knowledge of the facts contained in this declaration, and if called to testify, I could and would testify competently as to the truth of the facts in this declaration.

2. I am the treasurer of Koreatown for All, one of the plaintiffs in this case. I have been in the organization since its formation.

3. Around 10:00am on February 24, 2020, I was on my way to a meeting with three people to talk about the Bridge Home Shelter that was being built in the neighborhood. I got a call from a neighbor who lives in Koreatown and knows our work. He notified me that Sanitation was conducting a clean-up at 4th and Vermont that would impact one of the unhoused residents that our organization serves, Kahn. He resides on Shatto Place in between 4th Street and 6th Street. His shelter is typically set up on the grassy parkway between the sidewalk and the street.

4. Kahn is in a wheelchair. He is one of the residents our organization serves. We have worked with him for as long as we have been formed.

5. When we heard about the sweep, another Ktown for All member, Nic Emmons, and I immediately went to Shatto Place to assist Kahn. We arrived at Shatto Place around 10:15am. We met the three people I was supposed to meet, and instead of talking about the Bridge Home Shelter in Koreatown, we monitored the sweep.

6. When we arrived at Shatto Place, Sanitation employees were conducting a cleanup on 4th Street, west of Shatto Place. Kahn and the person who called us started packing up Kahn's belongings to move them out of the way of the cleanup. When we got there, we began helping to pack up Kahn's belongings.

1

7. About five minutes after we arrived at Shatto Place, two LAPD officers and around 6 or 7 Sanitation employees arrived on Shatto Place. I saw the name tags on the LAPD officers' uniforms, which identified the two of them as Officer Lucero and Officer Kim. The sanitation workers were wearing white with yellow reflective vests saying "CARE".

8. When the sanitation workers arrived, they began picking up items that were still on the ground. Officer Lucero told us we needed to leave the area.

9. The neighbor who called us asked the city workers for more time for Kahn to finish packing up his belongings but the LAPD officer said no. The neighbor then asked if he could move some of Kahn's items out of the area, and Nic asked if he could carry the pallets out of the area. The Sanitation workers said no, that Kahn's items were bulky items and they couldn't take them. The sanitation worker also told us that Kahn could take only what would fit within a 60 gallon trash bag.

10. The other people at the cleanup also tried to convince the city workers to let Kahn take more of his belongings, but the LAPD officers told us to leave. I tried to explain that Kahn was in a wheelchair and he needed more time, but they would not give him more time. The sanitation worker told us again said that some of Kahn's belongings were bulky items that would not fit in a 60 gallon container. He pointed to the pallets and a foam cushion that Kahn uses to sleep on. The foam cushion was about 2 inches thick and covered in fabric. It was pliable. We had intended to roll it up and move it out of the way, but the sanitation worker told us that it was too large because it couldn't fit in the 60 gallon container, and that was the law.

11. Nic, who was videotaping the interaction, tried to reason with the sanitation worker to convince him to let Kahn keep some of his belongings. The sanitation workers would not let Kahn keep any of his

2

DECLARATION OF NICHOLAS PRICE

bulky items, but the sanitation worker then told us that we could pack up Kahn's smaller belongings in two coolers that Kahn had with him. While we were putting items into the coolers, Sanitation began throwing away the belongings that Sanitation identified as "bulky items," including the foam cushion and the three pallets that Kahn uses to keep himself off of the ground.

12.     Officers Kim and Lucero again began demanding that we leave. We moved about ten feet away from the cleanup area. The sanitation workers threw away everything that was left in the area and then left.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 24, 2020 in Los Angeles, California

_____
Nicholas Price