MICHAEL FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
SCOTT MARCUS, Senior Assistant City Attorney (SBN 184980)
GABRIEL DERMER, Assistant City Attorney (SBN 229424)
FELIX LEBRON, Deputy City Attorney (SBN 232984)
**A. PATRICIA URSEA, Deputy City Atty (SBN 221637)**
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone (213) 978-7569
Facsimile (213) 978-7011
Felix.Lebron@lacity.org
Patricia.Ursea@lacity.org

*Attorneys for Defendant,* CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET GARCIA, GLADYS ZEPEDA, MIRIAM ZAMORA, ALI EL-BEY, PETER DIOCSON JR., MARQUIS ASHLEY, JAMES HAUGABROOK, individuals, KTOWN FOR ALL, an unincorporated association, ASSOCIATION FOR RESPONSIBLE and EQUITABLE PUBLIC SPENDING an unincorporated association,<br><br>*Plaintiffs*,<br>vs.<br>CITY OF LOS ANGELES, a municipal entity; DOES 1-50,<br>*Defendant(s).* | Case No.: 2:19-cv-6182-DSF-PLA<br>Assigned to Judge Dale S. Fischer<br><br>**DECLARATION OF LORRAINE DIAZ ISO DEFENDANT CITY OF LOS ANGELES' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Concurrently Filed Documents:<br>• Memorandum of Points & Authorities ISO Opposition<br>• Declarations ISO Opposition: Dermer, Wong, Pereida, Ramirez, Rankin, Guerrero, Haines, Medina, Banks, Bernal, Rodriguez, Diaz<br>• Request for Judicial Notice<br>• Evidentiary Objections<br><br>**Date:** March 30, 2020<br>**Time:** 1:30 p.m.<br>**Ctrm:** 7D |

## DECLARATION OF LORRAINE DIAZ

I, LORRAINE DIAZ, hereby declare:

1. I currently work in the Office of Los Angeles City Councilmember Paul Krekorian, who represents the Second Council District, which covers North Hollywood, Studio City, Sun Valley, Valley Glen, Valley Village, and Van Nuys. I am the District Director for the Second District, and have been in this position for two months, having previously been a Field Deputy for eight years. I have personal knowledge of the facts contained herein, and if called to testify I could and would do so competently.

2. In my role as District Director for the Second District, I represent Councilmember Krekorian at public meetings and events, and work with constituents, agencies, and other branches of government to improve neighborhoods and resolve their concerns. I also oversee homeless services and initiatives for our office.

3. I have personally, on numerous occasions during my tenure with the Second District's office, observed big items that are larger than could fit in a 60-gallon container with the lid closed obstructing sidewalks throughout our District.

4. One recent example that I encountered was at the intersection of Vanowen Street and Satsuma Avenue in North Hollywood. At that location, in or around February 2020, I observed numerous big items on the sidewalk, which were larger than could fit in a 60-gallon container with the lid closed. The items included multiple refrigerators. The doors of the refrigerators were closed at the time I observed them, but the doors were not tied or otherwise securely fastened to ensure that they could not be opened by children who could open the doors and get stuck inside. This is concerning given the close proximity of this location to an apartment building and other residential buildings where young children reside. Attached hereto as **Exhibit 1** is a true and correct copy of a photograph I took in or around February 2020 of the refrigerators and other large items described in this paragraph.

5. I have also personally received complaints from residents who live close to the intersection of Vanowen Street and Satsuma Avenue about the presence in the public

1

DECLARATION OF LORRAINE DIAZ ISO CITY'S OPP. TO MOT. FOR PRELIMINARY INJUNCTION

right-of-way of items that are larger than could fit in a 60-gallon container with the lid closed.

6.     In or around January 2020, an individual living in an RV parked at 11310 Hartland Street in North Hollywood stored so many items, which were larger than could fit in a 60-gallon container with the lid closed, on the sidewalk that the items frequently impeded the entrance to a business at that location.  I was alerted to this chronic issue when our office received reports from constituents concerning such items left on the public right-of-way at that location.  I personally observed an accumulation of such items on the sidewalk at that location, and the individual in the RV adding items to the accumulation, on or around January 7, 2020.  I understand that as a result of this recurring issue whereby access to the business was partially or fully obstructed by large items on the sidewalk, the business owner chose to relocate to Burbank to avoid continuing to lose money and customers.  Attached hereto as **Exhibit 2** is a true and correct copy of a photograph I took on or around January 7, 2020 of the accumulation of items on the sidewalk located at 11310 Hartland Street in North Hollywood.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this Declaration was executed on March 8th, 2020, at Los Angeles, California.

_____
LORRAINE DIAZ

# EXHIBIT 1



# EXHIBIT 2



pg 6