Shayla Myers (SBN: 264054)
Mallory Andrews (SBN 312209)
LEGAL AID FOUNDATION OF LOS ANGELES
7000 S. Broadway, Los Angeles, CA 90003
Tel.:     (213) 640-3983
Email(s): smyers@lafla.org
              mbandrews@lafla.org

*Attorneys for Gladys Zepeda, Miriam Zamora,*
*Ali El-Bey, James Haugabrook, Pete Diocson Jr.,*
*Marquis Ashley, and Ktown for All*

*Additional Attorneys on Next Page.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANET GARCIA, GLADYS ZEPEDA, MIRIAM ZAMORA, ALI EL-BEY, PETER DIOCSON JR, MARQUIS ASHLEY, JAMES HAUGABROOK, individuals, KTOWN FOR ALL, an unincorporated association; ASSOCIATION FOR RESPONSIBLE AND EQUITABLE PUBLIC SPENDING, an unincorporated association<br><br>                    Plaintiff(s),<br><br>          vs.<br><br>CITY OF LOS ANGELES, a municipal entity; DOES 1-7,<br><br>                    Defendant(s). | CASE NO. 2:19-cv-06182-DSF-PLA<br>[Assigned to Judge Dale S. Fischer]<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE FILED IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Dale Fischer<br>Hearing Date: March 30, 2020<br>Time: 1:30pm<br>Courtroom: 7D |

Catherine Sweetser (SBN: 271142)
Kristina Harootun (SBN: 308718)
SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP
11543 W. Olympic Blvd.,
Los Angeles, CA 90064
Tel.:   (310) 396-0731
Email(s):  csweetser@sshhlaw.com
               kharootun@sshhlaw.com

*Attorneys for Plaintiffs.*

Benjamin Allan Herbert (SBN: 277356)
William L. Smith (SBN: 324235)
KIRKLAND & ELLIS LLP
555 S. Flower St., Los Angeles, CA 90071
Tel.:   (213) 680-8400
Email(s):   benjamin.herbert@kirkland.com
               william.smith@kirkland.com

Michael Onufer (SBN: 300903)
KIRKLAND & ELLIS LLP
2049 Century Park East,
Los Angeles, CA  90067
Telephone:  (310) 552-4200
Email:   michael.onufer@kirkland.com

*Attorneys for Plaintiffs Ktown for All, Ali El-Bey,*
*Peter Diocson Jr., Marquis Ashley, Association for Responsible*
*and Equitable Public Spending, and Janet Garcia.*

Plaintiffs object to the following evidence filed in support of Defendant City of Los Angeles's ("City") opposition to Plaintiffs' Motion for Preliminary Injunction.

## Objections to Declaration of Christian Guerrero (Dkt. No. 42-1)

| | Objections | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Guerrero Decl. ¶ 3<br><br>Offering photographs into evidence.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |
| 2 | **Material Objected to:** Exhibit 1<br><br>Photographs attached as Exhibit 1 to Guerrero's declaration.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |
| 3 | **Material Objected to:** Exhibit 2<br><br>Photographs attached as Exhibit 2 to Guerrero's declaration.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. | Sustained: _____<br><br>Overruled: _____ |

| | Objections | Ruling |
|---|---|---|
| | Evid. 602 (need for personal knowledge), Fed. R. Evid. 901 (authentication). | |
| 4 | **Material Objected to:** Exhibit 3<br><br>Photographs attached as Exhibit 3 to Guerrero's declaration.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision.. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| 5 | **Material Objected to:** Exhibit 4<br><br>Photographs attached as Exhibit 4 to Guerrero's declaration.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision.. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| 6 | **Material Objected to:** Exhibit 5<br><br>Photographs attached as Exhibit 5 to Guerrero's declaration.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision.. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| 7 | **Material Objected to:** Exhibit 6<br><br>Photographs attached as Exhibit 6 to Guerrero's declaration. | Sustained: _____<br><br>Overruled: _____ |

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE FILED IN DEFENDANT'S OPPOSITION**

| | Objections | Ruling |
|---|---|---|
| | **Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision.. Fed. R. Evid. 401, 403(b) (relevance). | |
| 8 | **Material Objected to:** Exhibit 7<br><br>Photographs attached as Exhibit 7 to Guerrero's declaration.<br><br>**Grounds for Objection:** Lacks foundation that any items in the photograph are bulky; relevance. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |
| 9 | **Material Objected to:** Exhibit 8<br><br>Photographs attached as Exhibit 8 to Guerrero's declaration.<br><br>**Grounds for Objection:** Lacks foundation that any items in the photograph are bulky; relevance. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |
| 10 | **Material Objected to:** Exhibit 9<br><br>Photographs attached as Exhibit 9 to Guerrero's declaration.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |

| | | Objections | Ruling |
|---|---|---|---|
| 1 | | | |
| 2 | 11 | **Material Objected to:** Exhibit 10<br><br>Photographs attached as Exhibit 10 to Guerrero's declaration.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision.. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| 9 | 12 | **Material Objected to:** Exhibit 11<br><br>Photographs attached as Exhibit 11 to Guerrero's declaration.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |
| 17 | 13 | **Material Objected to:** Exhibit 12<br><br>Photographs attached as Exhibit 12 to Guerrero's declaration.<br><br>**Grounds for Objection:** Lacks foundation that any items in the photograph are bulky; relevance. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |
| 25 | 14 | **Material Objected to:** Exhibit 13<br><br>Photographs attached as Exhibit 13 to Guerrero's declaration. | Sustained: _____<br><br>Overruled: _____ |

4

|    | **Objections** | **Ruling** |
|----|----------------|------------|
|    | **Grounds for Objection:** Lacks foundation that any items in the photograph are bulky; relevance. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 901 (authentication). | |
| 15 | **Material Objected to:** Exhibit 14<br><br>Photographs attached as Exhibit 14 to Guerrero's declaration.<br><br>**Grounds for Objection:** Relevance. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| 16 | **Material Objected to:** Exhibit 15<br><br>Photographs attached as Exhibit 15 to Guerrero's declaration.<br><br>**Grounds for Objection:** Relevance. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| 17 | **Material Objected to:** Exhibit 16<br><br>Photographs attached as Exhibit 16 to Guerrero's declaration.<br><br>**Grounds for Objection:** Lacks foundation that any items in the photograph are bulky; relevance. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |

## Objections to Declaration of Gabriel Medina (Dkt. No. 42-3)

| | Objections | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Medina Decl. ¶ 4<br><br>Statements made about bulky items blocking access.<br><br>**Grounds for Objection:** Relevance: as this Court has already noted, items that violate other provisions of the Los Angeles Municipal Code are not relevant to the question of whether the seizure of bulky items is proper. *See* LAMC § 56.11(3)(c) (property that obstructs City operations), § 56.11(3)(d) (property that "does not allow for passage as required by the" ADA), § 56.11(3)(e) (property that is "within ten feet of any operation and utilizable entrance, exit, driveway or loading dock,"), § 56.11(3)(g) (property that "constitutes an immediate threat to the health or safety of the public"). Lacks foundation that Medina knows these items are blocking access. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 701, 702 (improper lay opinion). | Sustained: _____<br><br>Overruled: _____ |
| 2 | **Material Objected to:** Medina Decl. ¶ 6<br><br>Statements made about bulky items blocking access.<br><br>**Grounds for Objection:** Relevance: as this Court has already noted, items that violate other provisions of the Los Angeles Municipal Code are not relevant to the question of whether the seizure of bulky items is proper. *See* LAMC § 56.11(3)(c) (property that obstructs City operations), § 56.11(3)(d) (property that "does not allow for passage as required by the" ADA), § | Sustained: _____<br><br>Overruled: _____ |

6

| | Objections | Ruling |
|---|---|---|
| | 56.11(3)(e) (property that is "within ten feet of any operation and utilizable entrance, exit, driveway or loading dock,"), § 56.11(3)(g) (property that "constitutes an immediate threat to the health or safety of the public"). Lacks foundation that Medina knows these items are blocking access. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 701, 702 (improper lay opinion). | |
| 3 | **Material Objected to:** Medina Decl. ¶ 7<br><br>Statements made about bulky items blocking access.<br><br>**Grounds for Objection:** Relevance: as this Court has already noted, items that violate other provisions of the Los Angeles Municipal Code are not relevant to the question of whether the seizure of bulky items is proper. *See* LAMC § 56.11(3)(c) (property that obstructs City operations), § 56.11(3)(d) (property that "does not allow for passage as required by the" ADA), § 56.11(3)(e) (property that is "within ten feet of any operation and utilizable entrance, exit, driveway or loading dock,"), § 56.11(3)(g) (property that "constitutes an immediate threat to the health or safety of the public"). Lacks foundation that Medina knows these items are blocking access. Medina lacks personal knowledge that trash collection and emergency vehicles have difficulty accessing the area. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | Sustained: _____<br><br>Overruled: _____ |
| 4 | **Material Objected to:** Medina Decl. ¶ 8 | Sustained: _____ |

| Objections | Ruling |
|---|---|
| Statements made about bulky items blocking access.<br><br>**Grounds for Objection:** Relevance: as this Court has already noted, items that violate other provisions of the Los Angeles Municipal Code are not relevant to the question of whether the seizure of bulky items is proper. *See* LAMC § 56.11(3)(c) (property that obstructs City operations), § 56.11(3)(d) (property that "does not allow for passage as required by the" ADA), § 56.11(3)(e) (property that is "within ten feet of any operation and utilizable entrance, exit, driveway or loading dock,"), § 56.11(3)(g) (property that "constitutes an immediate threat to the health or safety of the public"). Lacks foundation that Medina knows these items are blocking access. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 701, 702 (improper lay opinion). | Overruled: _____ |

## Objections to Declaration of Gordon Haines (Dkt. No. 42-4)

| | Objections | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Haines Decl.<br><br>The declaration of Gordon Haines in its entirety.<br><br>**Grounds for Objection:** Relevance: the declaration serves only to paint homeless encampments as destructive rather than supplying information regarding the constitutionality of the Bulky Item Provision. The declaration lacks any foundation as to whether homeless individuals are the ones harming the Greenway. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need | Sustained: _____<br><br>Overruled: _____ |

| | | Objections | Ruling |
|---|---|---|---|
| | | for personal knowledge), Fed. R. Evid. 701, 702 (improper lay opinion). | |
| | 2 | **Material Objected to:** Haines Decl. ¶ 4<br><br>Defining "greenway."<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| | 3 | **Material Objected to:** Haines Decl. ¶ 5<br><br>Statements made about the construction and cost of the Harbor Greenway.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| | 4 | **Material Objected to:** Haines Decl. ¶ 6<br><br>Statements made about the purpose of the Harbor Greenway.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| | 5 | **Material Objected to:** Haines Decl. ¶ 7 | Sustained: _____<br><br>Overruled: _____ |

9

| | Objections | Ruling |
|---|---|---|
| | Offering photographs of the Harbor Greenway as evidence.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance). | |
| 6 | **Material Objected to:** Haines Decl. ¶ 8<br><br>Statements made about vandalism, theft, and illegal activities at the Harbor Greenway.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. The statements serve only to paint homeless encampments as destructive. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| 7 | **Material Objected to:** Haines Decl. ¶ 9<br><br>Offering photographs of the Harbor Greenway as evidence.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. The statements serve only to paint homeless encampments as destructive. As this Court has noted, items that violate other provisions of the Los Angeles Municipal Code are not relevant to the question of whether the seizure of bulky items is proper. *See* LAMC § 56.11(3)(c) (property that obstructs City operations), § 56.11(3)(d) (property that "does not allow for passage as required by the" ADA), § | Sustained: _____<br><br>Overruled: _____ |

10

| | | Objections | Ruling |
|---|---|---|---|
| | | 56.11(3)(e) (property that is "within ten feet of any operation and utilizable entrance, exit, driveway or loading dock,"), § 56.11(3)(g) (property that "constitutes an immediate threat to the health or safety of the public"). Fed. R. Evid. 401, 403(b) (relevance). | |
| | 8 | **Material Objected to:** Haines Decl. ¶ 10<br><br>Statements made about permit compliance at the Harbor Greenway.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. The statements serve only to paint homeless encampments as destructive. Lacks foundation that the destruction is by illegal campers and assumes facts not in the record. Haines lacks personal knowledge that destruction was by any particular person or group of people. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | Sustained: _____<br><br>Overruled: _____ |
| | 9 | **Material Objected to:** Haines Decl. ¶ 11<br><br>Statements made about increased trash and debris disposal at the Harbor Greenway.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. The statements serve only to paint homeless encampments as destructive. Lacks foundation that the photographs taken by another individual are true and accurate depictions of something he observed. Lacks foundation and assumes facts not in the record that the disposal is by illegal campers. Assumes facts not in the | Sustained: _____<br><br>Overruled: _____ |

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE FILED IN DEFENDANT'S OPPOSITION**

| | | Objections | Ruling |
|---|---|---|---|
| | | record and draws an improper legal conclusion as to the exclusion and illegality of camping. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 901 (authentication). | |
| | 10 | **Material Objected to:** Haines Decl. ¶ 12<br><br>Statements made about reasons for the closure of the Harbor Greenway.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision.The statements serve only to paint homeless encampments as destructive. Lacks foundation and personal knowledge as to why the City closed the Greenway. Lacks foundation and assumes facts not in the record that the destruction is by illegal campers. Assumes facts not in the record and draws an improper legal conclusion as to the illegality of camping. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | Sustained: _____<br><br>Overruled: _____ |
| | 11 | **Material Objected to:** Haines Decl. ¶ 13<br><br>Offering an email chain and social media postings into evidence.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. The statements serve only to paint homeless encampments as destructive. Hearsay: the contents and subject of complaints and the self-identification of complainers are out-of-court statements being offered to prove the truth of the | Sustained: _____<br><br>Overruled: _____ |

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE FILED IN DEFENDANT'S OPPOSITION**

| | | Objections | Ruling |
|---|---|---|---|
| | | matters asserted. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 801 (hearsay), Fed. R. Evid. 901 (authentication). | |
| | 12 | **Material Objected to:** Haines Decl. ¶ 14<br><br>Statements made about efforts to reopen the Harbor Greenway.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. The statements serve only to paint homeless encampments as destructive. Lacks foundation regarding the City's efforts to reopen the greenway. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | Sustained: _____<br><br>Overruled: _____ |
| | 13 | **Material Objected to:** Haines Decl. ¶ 16<br><br>Statements made about a fire at the Harbor Greenway and offering photographs into evidence.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. The statements serve only to paint homeless encampments as destructive. Lacks foundation that Haines knows what caused the fire in the photograph or that the photograph is a true and accurate depiction of something he observed. is Fed. R. Evid. 401, 403(b) (relevance), is Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |
| | 14 | **Material Objected to:** Haines Decl. ¶ 17 | Sustained: _____ |

13

| | | Objections | Ruling |
|---|---|---|---|
| | | Statements made about Los Angeles County's response to trespassers at the Harbor Greenway.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. The statements serve only to paint homeless encampments as destructive.  Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | Overruled: _____ |
| 15 | | **Material Objected to:** Haines Decl. ¶ 18<br><br>Statements made about individuals and items endangering others.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. The statements serve only to paint homeless encampments as destructive. Lacks foundation that the trespassers were unhoused or camping. Lacks foundation and personal knowledge regarding Los Angeles County's response. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 701, 702 (improper lay opinion). | Sustained: _____<br><br>Overruled: _____ |
| 16 | | **Material Objected to:** Haines Decl. ¶ 19<br><br>Statements made about the community's and LASAN's feelings about the Harbor Greenway.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. The statements serve only to paint | Sustained: _____<br><br>Overruled: _____ |

| | Objections | Ruling |
|---|---|---|
| | homeless encampments as destructive. Lacks foundation regarding community support. Lacks foundation and assumes facts not in the record that illegal dumping is by illegal camping when there is no evidence of such. Lacks personal knowledge that destruction was by any particular person or group of people. Assumes facts not in the record as to the illegality of camping and draws an improper legal conclusion as to the exclusion of camping. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | |
| 17 | **Material Objected to:** Exhibit 1<br><br>Photographs of the Harbor Greenway attached as Exhibit 1 to Haines's declaration.<br><br>**Grounds for Objection:** Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| 18 | **Material Objected to:** Exhibit 2<br><br>Photographs of the Harbor Greenway attached as Exhibit 1 to Haines's declaration.<br><br>**Grounds for Objection:** Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| 19 | **Material Objected to:** Exhibit 3<br><br>An email chain attached as Exhibit 3 to Haines's declaration.<br><br>**Grounds for Objection:** Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 801 (hearsay), Fed. R. Evid. 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |

| | Objections | Ruling |
|---|---|---|
| 20 | **Material Objected to:** Exhibit 4<br><br>Social media postings attached as Exhibit 4 to Haines's declaration.<br><br>**Grounds for Objection:** Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 801 (hearsay), Fed. R. Evid. 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |
| 21 | **Material Objected to:** Exhibit 5<br><br>Photograph attached as Exhibit 5 to Haines's declaration.<br><br>**Grounds for Objection:** Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |

## Objections to Declaration of Howard Wong (Dkt. No. 42-6)

| | Objections | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Wong Decl. ¶ 11<br><br>Statements made about the LASAN cleanup procedures following the Standard Operating Procedures ("SOPs").<br><br>**Grounds for Objection:** Lacks foundation that LASAN teams are following the guidelines. Fed. R. Evid. 602 (need for personal knowledge). | Sustained: _____<br><br>Overruled: _____ |
| 2 | **Material Objected to:** Wong Decl. ¶ 12<br><br>Statements made about the LASAN cleanup procedures following the Standard Operating Procedures ("SOPs"). | Sustained: _____<br><br>Overruled: _____ |

16

| | Objections | Ruling |
|---|---|---|
| | **Grounds for Objection:** Lacks foundation that LASAN teams are following the guidelines. Fed. R. Evid. 602 (need for personal knowledge). | |
| 3 | **Material Objected to:** Wong Decl. ¶ 14<br><br>Statements made about the LASAN cleanup procedures following the Standard Operating Procedures ("SOPs").<br><br>**Grounds for Objection:** Lacks foundation that LASAN teams are following the guidelines. Fed. R. Evid. 602 (need for personal knowledge). | Sustained: _____<br><br>Overruled: _____ |
| 4 | **Material Objected to:** Wong Decl. ¶ 16<br><br>Statements regarding "vectors" in encampments.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. The statements serve only to paint homeless encampments as dangerous. Vague as to what it means for an item to be "common." Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| 5 | **Material Objected to:** Wong Decl. ¶ 17<br><br>Statements regarding common health and safety hazards in encampments.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. The statements serve only to paint homeless encampments as dangerous. Vague as | Sustained: _____<br><br>Overruled: _____ |

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE FILED IN DEFENDANT'S OPPOSITION

| | | Objections | Ruling |
|---|---|---|---|
| 1 2 3 | | to what it means for an item to be "common." Fed. R. Evid. 401, 403(b) (relevance). | |
| 4 5 6 7 8 9 10 11 12 13 | 6 | **Material Objected to:** Wong Decl. ¶ 18<br><br>Statements made about the LASAN cleanup procedures regarding hazardous waste.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision.The statements serve only to paint homeless encampments as dangerous. Lacks foundation that LASAN teams are following the guidelines. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | Sustained: _____<br><br>Overruled: _____ |
| 14 15 16 17 18 19 20 21 22 23 24 | 7 | **Material Objected to:** Wong Decl. ¶ 19<br><br>Statements made about the LASAN cleanup procedures regarding non-hazardous excess property.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. Lacks foundation that LASAN teams are following the guidelines and that non-hazardous property is taken to storage. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | Sustained: _____<br><br>Overruled: _____ |
| 25 26 27 28 | 8 | **Material Objected to:** Wong Decl. ¶ 20<br><br>Statements made about the Bin.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding | Sustained: _____<br><br>Overruled: _____ |

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE FILED IN DEFENDANT'S OPPOSITION**

| | Objections | Ruling |
|---|---|---|
| | bulky items or the constitutionality of the Bulky Item Provision. Lacks foundation that Wong has personal knowledge of Bin operations and procedures or personal knowledge that all non-hazardous property is taken to storage. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | |
| 9 | **Material Objected to:** Wong Decl. ¶ 21<br><br>Statements made about storage of property.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision.Lacks foundation that LASAN teams are following the guidelines. Lacks foundation that Wong has personal knowledge of Bin operations and procedures. Lacks foundation that the pet cage was discarded because of hazards or that biohazards were on the pet cage. Hearsay that the pet cage was discarded because of hazards or that biohazards were on the pet cage. The cited records lack authentication. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 801 (hearsay), Fed. R. Evid. 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |
| 10 | **Material Objected to:** Wong Decl. ¶ 22<br><br>Statements made about the contents of a report regarding the recovery of involuntarily stored property.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. No information is provided about | Sustained: _____<br><br>Overruled: _____ |

19

| | | Objections | Ruling |
|---|---|---|---|
| | | how this information is collected or measured. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 901 (authentication). | |
| | 11 | **Material Objected to:** Wong Decl. ¶ 24<br><br>Statements made about the contents of the April 24, 2019 LASAN Report.<br><br>**Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near the time by or with information from a person with knowledge, 2) was kept in the course of a regularly conducted business activity, 3) was made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Lacks foundation that Wong has personal knowledge of the actions ECIs took. Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 801, 803(6) (hearsay). | Sustained: _____<br><br>Overruled: _____ |
| | 12 | **Material Objected to:** Wong Decl. ¶ 25<br><br>Offering photographs into evidence.<br><br>**Grounds for Objection:** Lacks foundation that the photographs are true and accurate depictions of something Wong observed. Fed. R. Evid. 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |
| | 13 | **Material Objected to:** Wong Decl. ¶ 26 | Sustained: _____ |

| | | Objections | Ruling |
|---|---|---|---|
| | | Statements made about the contents of the April 24, 2019 LASAN Report.<br><br>**Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near the time by or with information from a person with knowledge, 2) was kept in the course of a regularly conducted business activity, 3) was made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 801, 803(6) (hearsay). | Overruled: _____ |
| | 14 | **Material Objected to:** Wong Decl. ¶ 27<br><br>Statements made about the need for cleanups at the Greenway and offering photographs into evidence.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. The statements serve only to paint homeless encampments as dangerous. Lacks foundation that the photographs are true and accurate depictions of something Wong observed. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 901 (authentication). | Sustained: _____<br>Overruled: _____ |
| | 15 | **Material Objected to:** Wong Decl. ¶ 28 | Sustained: _____ |

| | | Objections | Ruling |
|---|---|---|---|
| | | Statements made about the contents of the May 21, 2019 LASAN Report.<br><br>**Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near the time by or with information from a person with knowledge, 2) was kept in the course of a regularly conducted business activity, 3) was made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Lacks foundation that Wong has personal knowledge of the actions ECIs took. Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 801, 803(6) (hearsay). | Overruled: _____ |
| | 16 | **Material Objected to:** Wong Decl. ¶ 29<br><br>Offering photographs into evidence.<br><br>**Grounds for Objection:** Lacks foundation that the photographs are true and accurate depictions of something Wong observed. Fed. R. Evid. 901 (authentication). | Sustained: _____<br>Overruled: _____ |

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE FILED IN DEFENDANT'S OPPOSITION**

| | | Objections | Ruling |
|---|---|---|---|
| | 17 | **Material Objected to:** Wong Decl. ¶ 30<br><br>Statements made about the contents of the May 21, 2019 LASAN Report.<br><br>**Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near the time by or with information from a person with knowledge, 2) was kept in the course of a regularly conducted business activity, 3) was made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 801, 803(6) (hearsay). | Sustained: _____<br><br>Overruled: _____ |
| | 18 | **Material Objected to:** Wong Decl. ¶ 31<br><br>Statements made about the contents of the February 24, 2020 LASAN Report.<br><br>**Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near the time by or with information from a person with knowledge, 2) was kept in the course of a regularly conducted business activity, 3) was made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified | Sustained: _____<br><br>Overruled: _____ |

| | | Objections | Ruling |
|---|---|---|---|
| | | witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Lacks foundation that Wong has personal knowledge of the actions ECIs took. Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 801, 803(6) (hearsay). | |
| | 19 | **Material Objected to:** Wong Decl. ¶ 32<br><br>Offering photographs into evidence.<br><br>**Grounds for Objection:** Lacks foundation that the photographs are a true and accurate depictions of something Wong observed. Fed. R. Evid. 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |
| | 20 | **Material Objected to:** Wong Decl. ¶ 33<br><br>Statements made about the contents of the February 24, 2020 LASAN Report.<br><br>**Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near the time by or with information from a person with knowledge, 2) was kept in the course of a regularly conducted business activity, 3) was made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 801, 803(6) (hearsay). | Sustained: _____<br><br>Overruled: _____ |

24

| | | **Objections** | **Ruling** |
|---|---|---|---|
| 21 | | **Material Objected to:** Wong Decl. ¶ 35 | Sustained: _____ |
| | | | Overruled: _____ |
| | | Statements made regarding procedures for LSD enforcement. In particular, statements that bulky items are in "the public right of way" when confiscated. | |
| | | **Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the bulky item provision. Lacks foundation that LASAN teams are following the guidelines or that items are in the right of way as opposed to another public area. Lacks foundation that these specific seizures were in any way related to Rachelle Bettega.Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | |
| 22 | | **Material Objected to:** Wong Decl. ¶ 37 | Sustained: _____ |
| | | | Overruled: _____ |
| | | Statements made about the contents of the December 9, 2019 LASAN Report. | |
| | | **Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near the time by or with information from a person with knowledge, 2) was kept in the course of a regularly conducted business activity, 3) was made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of | |

| | | Objections | Ruling |
|---|---|---|---|
| | | trustworthiness. Fed. R. Evid. 801, 803(6) (hearsay). | |
| | 23 | **Material Objected to:** Wong Decl. ¶ 38 <br><br> Statements made about the contents of the December 9, 2019 LASAN Report. <br><br> **Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near the time by or with information from a person with knowledge, 2) was kept in the course of a regularly conducted business activity, 3) was made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 801, 803(6) (hearsay). | Sustained: _____ <br><br> Overruled: _____ |
| | 24 | **Material Objected to:** Wong Decl. ¶ 39 <br><br> Statements made about the contents of the December 16, 2019 LASAN Report. <br><br> **Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near the time by or with information from a person with knowledge, 2) was kept in the course of a regularly conducted business activity, 3) was | Sustained: _____ <br><br> Overruled: _____ |

26

| | | Objections | Ruling |
|---|---|---|---|
| | | made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 801, 803(6) (hearsay). | |
| | 25 | **Material Objected to:** Wong Decl. ¶ 40<br><br>Statements made about the contents of the December 16, 2019 LASAN Report.<br><br>**Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near the time by or with information from a person with knowledge, 2) was kept in the course of a regularly conducted business activity, 3) was made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 801, 803(6) (hearsay). | Sustained: _____<br><br>Overruled: _____ |
| | 26 | **Material Objected to:** Wong Decl. ¶ 42<br><br>Statements made regarding LASAN residential procedures.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding | Sustained: _____<br><br>Overruled: _____ |

| | Objections | Ruling |
|---|---|---|
| | bulky items or the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance). | |
| 27 | **Material Objected to:** Wong Decl. ¶ 43 <br><br> Statements made about the LASAN bulky item procedures following the Standard Operating Procedures ("SOPs"). <br><br> **Grounds for Objection:** Hearsay: the SOPs contain out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation that LASAN teams are following the guidelines. Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 801 (hearsay). | Sustained: _____ <br><br> Overruled: _____ |
| 28 | **Material Objected to:** Wong Decl. ¶ 44 <br><br> Statements made about the LASAN bulky item procedures following the Standard Operating Procedures ("SOPs"). <br><br> **Grounds for Objection:** Hearsay: the SOPs contain out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation that LASAN teams are following the guidelines. Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 801 (hearsay). | Sustained: _____ <br><br> Overruled: _____ |
| 29 | **Material Objected to:** Wong Decl. ¶ 45 <br><br> Statements made about the LASAN bulky item procedures following the Standard Operating Procedures ("SOPs"). <br><br> **Grounds for Objection:** Hearsay: the SOPs contain out-of-court statements that are offered to | Sustained: _____ <br><br> Overruled: _____ |

| | Objections | Ruling |
|---|---|---|
| | prove the truth of the matter asserted. Lacks foundation that LASAN teams are following the guidelines. Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 801 (hearsay). | |
| 30 | **Material Objected to:** Wong Decl. ¶ 46<br><br>Statements made about the LASAN bulky item procedures following the Standard Operating Procedures ("SOPs").<br><br>**Grounds for Objection:** Hearsay: the SOPs contain out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation that LASAN teams are following the guidelines. Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 801 (hearsay). | Sustained: _____<br><br>Overruled: _____ |
| 31 | **Material Objected to:** Wong Decl. ¶ 47<br><br>Statements made about Wong's experiences with bicycle parts in encampments.<br>**Grounds for Objection:** Relevance: Wong's prior experiences do not mean that the same issues occurred during cleanups in which Wong was not present. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| 32 | **Material Objected to:** Wong Decl. ¶ 48<br><br>Statements made about the LASAN bulky item pickup procedures.<br><br>**Grounds for Objection:** Lacks foundation that LASAN and LSD teams are following the guidelines. Fed. R. Evid. 602 (need for personal knowledge). | Sustained: _____<br><br>Overruled: _____ |

| | | Objections | Ruling |
|---|---|---|---|
| | 33 | **Material Objected to:** Wong Decl. ¶ 49<br><br>Statements made about the City's compliance with the Stipulated Order and settlement agreement in *Mitchell v. City of Los Angeles*.<br><br>**Grounds for Objection:** Relevance: the City's enforcement of the Bulky Item Provision pursuant to a separate Stipulated Order and settlement agreement has no bearing on the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| | 34 | **Material Objected to:** Wong Decl. ¶ 50<br><br>Statements made about the difficulty of storing bulky items.<br><br>**Grounds for Objection:** Relevance: the cost of complying with constitutional protections does not make non-compliance constitutional. Lacks foundation regarding the storage facilities' capacities. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | Sustained: _____<br><br>Overruled: _____ |
| | 35 | **Material Objected to:** Wong Decl. ¶ 51<br><br>Statements made about the contents of a report regarding the recovery of involuntarily stored property.<br><br>**Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near the time by or with information from a person with knowledge, 2) was kept in the course of a | Sustained: _____<br><br>Overruled: _____ |

30

| | | Objections | Ruling |
|---|---|---|---|
| | | regularly conducted business activity, 3) was made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 801, 803(6) (hearsay). | |
| | 36 | **Material Objected to:** Wong Decl. ¶ 51<br><br>Statement regarding the recovery of bulky items from storage.<br><br>**Grounds for Objection:** Lacks foundation as to what items unhoused individuals find essential and whether they would be likely to pick up bulky items. Fed. R. Evid. 602 (need for personal knowledge). | Sustained: _____<br>Overruled: _____ |
| | 37 | **Material Objected to:** Wong Decl. ¶ 52<br><br>Statement that more bulky items would remain in public areas even if they create a public health and safety hazard.<br><br>**Grounds for Objection:** Relevance: as this Court has already noted, bulky items may be removed under other provisions of the Los Angeles Municipal Code if they create a public health and safety hazard. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br>Overruled: _____ |
| | 38 | **Material Objected to:** Wong Decl. ¶ 52<br><br>Statement that bulky item requests were a certain number in the past year. | Sustained: _____<br>Overruled: _____ |

31

| | | Objections | Ruling |
|---|---|---|---|
| | | **Grounds for Objection:** Lacks foundation: there is no explanation of or foundation for how Mr. Wong knows this number. Relevance: there is no explanation of how many of those requests are for abandoned items and how many are for property. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | |
| | 39 | **Material Objected to:** Wong Decl. ¶ 53<br><br>Statement that nonpermeable material that is not contaminated may still be capable of spreading infectious disease without proper decontamination.<br><br>**Grounds for Objection:** Relevance: in essence, Mr. Wong is explaining that any property in public or in private may pick up bacteria or viruses through being touched by human hands. This does not warrant the seizure or destruction of such property, and the rationale would apply to all property without meaningful limit. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 701, 702 (improper lay opinion). | Sustained: _____<br><br>Overruled: _____ |
| | 40 | **Material Objected to:** Exhibit 3<br><br>The 2019 involuntary storage data report attached as Exhibit 3 to Wong's declaration.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding bulky items or the constitutionality of the Bulky Item Provision. No information is provided about how this information is collected or measured. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |

| | | **Objections** | **Ruling** |
|---|---|---|---|
| | **41** | **Material Objected to:** Exhibit 4<br><br>The April 24, 2019 LASAN Report attached as Exhibit 4 to Wong's declaration.<br><br>**Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near the time by or with information from a person with knowledge, 2) was kept in the course of a regularly conducted business activity, 3) was made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 801, 803(6) (hearsay). | Sustained: _____<br><br>Overruled: _____ |
| | **42** | **Material Objected to:** Exhibit 5<br><br>The photographs attached as Exhibit 5 to Wong's declaration.<br><br>**Grounds for Objection:** Lacks foundation that the photographs are true and accurate depictions of something Wong observed. Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |
| | **43** | **Material Objected to:** Exhibit 6<br><br>The photographs attached as Exhibit 6 to Wong's declaration. | Sustained: _____<br><br>Overruled: _____ |

33

| | | Objections | Ruling |
|---|---|---|---|
| | | **Grounds for Objection:** Lacks foundation that the photographs are true and accurate depictions of something Wong observed. Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid 901 (authentication). | |
| | 44 | **Material Objected to:** Exhibit 7<br><br>The photographs attached as Exhibit 7 to Wong's declaration.<br><br>**Grounds for Objection:** Lacks foundation that the photographs are true and accurate depictions of something Wong observed. Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid 901 (authentication). | Sustained: _____<br>Overruled: _____ |
| | 45 | **Material Objected to:** Exhibit 8<br><br>The May 21, 2019 LASAN Report attached as Exhibit 8 to Wong's declaration.<br><br>**Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near the time by or with information from a person with knowledge, 2) was kept in the course of a regularly conducted business activity, 3) was made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 801, 803(6) (hearsay). | Sustained: _____<br>Overruled: _____ |

| | | Objections | Ruling |
|---|---|---|---|
| | | **Objections** | **Ruling** |
| | 46 | **Material Objected to:** Exhibit 9<br><br>The photographs attached as Exhibit 9 to Wong's declaration.<br><br>**Grounds for Objection:** Lacks foundation that the photographs are true and accurate depictions of something Wong observed. Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |
| | 47 | **Material Objected to:** Exhibit 10<br><br>The photographs attached as Exhibit 10 to Wong's declaration.<br><br>**Grounds for Objection:** Lacks foundation that the photographs are true and accurate depictions of something Wong observed. Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid 901 (authentication). | Sustained: _____<br><br>Overruled: _____ |
| | 48 | **Material Objected to:** Exhibit 11<br><br>The February 24, 2020 LASAN Report attached as Exhibit 11 to Wong's declaration.<br><br>**Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near the time by or with information from a person with knowledge, 2) was kept in the course of a regularly conducted business activity, 3) was made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified | Sustained: _____<br><br>Overruled: _____ |

|   | Objections | Ruling |
|---|---|---|
|   | witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 801, 803(6) (hearsay). |   |
| 49 | **Material Objected to:** Exhibit 12<br><br>The December 9, 2019 LASAN Report attached as Exhibit 12 to Wong's declaration.<br><br>**Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near the time by or with information from a person with knowledge, 2) was kept in the course of a regularly conducted business activity, 3) was made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 801, 803(6) (hearsay). | Sustained: _____<br>Overruled: _____ |
| 50 | **Material Objected to:** Exhibit 13<br><br>The December 16, 2019 LASAN Report attached as Exhibit 13 to Wong's declaration.<br><br>**Grounds for Objection:** Hearsay: the report contains out-of-court statements that are offered to prove the truth of the matter asserted. Lacks foundation for business records, which requires evidence that the record 1) was made at or near | Sustained: _____<br>Overruled: _____ |

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE FILED IN DEFENDANT'S OPPOSITION

| Objections | Ruling |
|---|---|
| the time by or with information from a person with knowledge, 2) was kept in the course of a regularly conducted business activity, 3) was made as the regular practice of that activity, and 4) is shown to meet these conditions by the testimony of the custodian or another qualified witness, as long as 5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 801, 803(6) (hearsay). | |

## Objections to Declaration of Jose Rodriguez (Dkt. No. 42-7)

| | Objections | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Rodriguez Decl. ¶ 3<br><br>Statements made about the bulky items on the sidewalk.<br><br>**Grounds for Objection:** Relevance: as this Court has already noted, items that violate other provisions of the Los Angeles Municipal Code are not relevant to the question of whether the seizure of bulky items is proper. *See* LAMC § 56.11(3)(c) (property that obstructs City operations), § 56.11(3)(d) (property that "does not allow for passage as required by the" ADA), § 56.11(3)(e) (property that is "within ten feet of any operation and utilizable entrance, exit, driveway or loading dock,"), § 56.11(3)(g) (property that "constitutes an immediate threat to the health or safety of the public"). Lacks foundation as to how Rodriguez knows the volume of these items, that these items are blocking access, or that he observed students walking with elderly grandparents or parents with | Sustained: _____<br><br>Overruled: _____ |

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE FILED IN DEFENDANT'S OPPOSITION**

| | | Objections | Ruling |
|---|---|---|---|
| | | strollers. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 701, 702 (improper lay opinion). | |
| | 2 | **Material Objected to:** Rodriguez Decl. ¶ 4<br><br>Statements made about bulky items in alleys and the difficulty for trash collectors.<br><br>**Grounds for Objection:** Relevance: as this Court has already noted, items that violate other provisions of the Los Angeles Municipal Code are not relevant to the question of whether the seizure of bulky items is proper. *See* LAMC § 56.11(3)(c) (property that obstructs City operations), § 56.11(3)(d) (property that "does not allow for passage as required by the" ADA), § 56.11(3)(e) (property that is "within ten feet of any operation and utilizable entrance, exit, driveway or loading dock,"), § 56.11(3)(g) (property that "constitutes an immediate threat to the health or safety of the public"). Lacks foundation that Rodriguez knows these items are blocking access or that Rodriguez knows the impact on trash collection. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 701, 702 (improper lay opinion). | Sustained: _____<br><br>Overruled: _____ |
| | 3 | **Material Objected to:** Rodriguez Decl. ¶ 5<br><br>Statements made about language access issues in the City's 311 reporting system.<br><br>**Grounds for Objection:** Relevance: these statements provide no information regarding the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |

38

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE FILED IN DEFENDANT'S OPPOSITION

| | Objections | Ruling |
|---|---|---|
| 4 | **Material Objected to:** Rodriguez Decl. ¶ 6<br><br>Statements made about the City's efforts to remove bulky items.<br><br>**Grounds for Objection:** Relevance: as this Court has already noted, items that violate other provisions of the Los Angeles Municipal Code are not relevant to the question of whether the seizure of bulky items is proper. *See* LAMC § 56.11(3)(c) (property that obstructs City operations), § 56.11(3)(d) (property that "does not allow for passage as required by the" ADA), § 56.11(3)(e) (property that is "within ten feet of any operation and utilizable entrance, exit, driveway or loading dock,"), § 56.11(3)(g) (property that "constitutes an immediate threat to the health or safety of the public"). Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |

**Objections to Declaration of Keith Banks (Dkt. No. 42-8)**

| | Objections | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Banks Decl. ¶ 4<br><br>Statements made about bulky items on sidewalks.<br><br>**Grounds for Objection:** Relevance: "accumulation" can occur with any size item, and as this Court has already noted, items that violate other provisions of the Los Angeles Municipal Code are not relevant to the question of whether the seizure of bulky items is proper. *See* LAMC § 56.11(3)(c) (property that obstructs City operations), § 56.11(3)(d) (property that "does not allow for passage as required by the" ADA), § 56.11(3)(e) (property that is "within ten feet of | Sustained: _____<br><br>Overruled: _____ |

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE FILED IN DEFENDANT'S OPPOSITION**

| | | | |
|---|---|---|---|
| | | any operation and utilizable entrance, exit, driveway or loading dock,"), § 56.11(3)(g) (property that "constitutes an immediate threat to the health or safety of the public"). Lacks foundation as to how Banks knows the volume of these items. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | |
| | 2 | **Material Objected to:** Banks Decl. ¶ 5<br><br>Statements made about bulky items on sidewalks.<br><br>**Grounds for Objection:** Relevance: as this Court has already noted, items that violate other provisions of the Los Angeles Municipal Code are not relevant to the question of whether the seizure of bulky items is proper. *See* LAMC § 56.11(3)(c) (property that obstructs City operations), § 56.11(3)(d) (property that "does not allow for passage as required by the" ADA), § 56.11(3)(e) (property that is "within ten feet of any operation and utilizable entrance, exit, driveway or loading dock,"), § 56.11(3)(g) (property that "constitutes an immediate threat to the health or safety of the public"). Lacks foundation as to how Banks knows the volume of these items. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | Sustained: _____<br><br>Overruled: _____ |
| | 3 | **Material Objected to:** Banks Decl. ¶ 6<br><br>Statements made about bulky items on sidewalks.<br><br>**Grounds for Objection:** Relevance: as this Court has already noted, items that violate other provisions of the Los Angeles Municipal Code are not relevant to the question of whether the seizure of bulky items is proper. *See* LAMC § | Sustained: _____<br><br>Overruled: _____ |

| | | | |
|---|---|---|---|
| | | 56.11(3)(c) (property that obstructs City operations), § 56.11(3)(d) (property that "does not allow for passage as required by the" ADA), § 56.11(3)(e) (property that is "within ten feet of any operation and utilizable entrance, exit, driveway or loading dock,"), § 56.11(3)(g) (property that "constitutes an immediate threat to the health or safety of the public"). Lacks foundation as to how Banks knows students must step into the street. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | |
| | 4 | **Material Objected to:** Banks Decl. ¶ 7<br><br>Statements made about the contents of a constituent complaint.<br><br>**Grounds for Objection:** Hearsay: the contents of the constituent complaint are out-of-court statements offered to prove the truth of the matter asserted. Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 801 (hearsay). | Sustained: _____<br><br>Overruled: _____ |

### Objections to Delcaration of Lorena Bernal (Dkt. No. 42-9)

| | Objections | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Bernal Decl. ¶ 3<br><br>Statements made about bulky items on a pedestrian walkway and the reasons for its closure.<br><br>**Grounds for Objection:** Relevance: as this Court has already noted, items that violate other provisions of the Los Angeles Municipal Code are not relevant to the question of whether the seizure of bulky items is proper. *See* LAMC § | Sustained: _____<br><br>Overruled: _____ |

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE FILED IN DEFENDANT'S OPPOSITION**

| | |
|---|---|
| 56.11(3)(c) (property that obstructs City operations), § 56.11(3)(d) (property that "does not allow for passage as required by the" ADA), § 56.11(3)(e) (property that is "within ten feet of any operation and utilizable entrance, exit, driveway or loading dock,"), § 56.11(3)(g) (property that "constitutes an immediate threat to the health or safety of the public"). Lacks foundation as to the purpose of the walkway, who complained and why, and why the walkway was closed. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | |

### Objections to Declaration of Lorraine Diaz (Dkt. No. 42-10)

| | **Objections** | **Ruling** |
|---|---|---|
| 1 | **Material Objected to:** Diaz Decl. ¶ 4<br><br>Statements made about the danger of refrigerators.<br><br>**Grounds for Objection:** Relevance: as this Court has already noted, items that violate other provisions of the Los Angeles Municipal Code are not relevant to the question of whether the seizure of bulky items is proper. *See* LAMC § 56.11(3)(c) (property that obstructs City operations), § 56.11(3)(d) (property that "does not allow for passage as required by the" ADA), § 56.11(3)(e) (property that is "within ten feet of any operation and utilizable entrance, exit, driveway or loading dock,"), § 56.11(3)(g) (property that "constitutes an immediate threat to the health or safety of the public"). Lacks foundation as to how Diaz knows the size of the items. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | Sustained: _____<br><br>Overruled: _____ |

| | | | |
|---|---|---|---|
| 2 | **Material Objected to:** Diaz Decl. ¶ 6<br><br>Statements made about the reasons why a business owner relocated.<br><br>**Grounds for Objection:** Relevance: "accumulation" can occur with any size item, and as this Court has already noted, items that violate other provisions of the Los Angeles Municipal Code are not relevant to the question of whether the seizure of bulky items is proper. *See* LAMC § 56.11(3)(c) (property that obstructs City operations), § 56.11(3)(d) (property that "does not allow for passage as required by the" ADA), § 56.11(3)(e) (property that is "within ten feet of any operation and utilizable entrance, exit, driveway or loading dock,"), § 56.11(3)(g) (property that "constitutes an immediate threat to the health or safety of the public"). Lacks foundation as to how Diaz knows why the business owner relocated. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge). | | **Sustained:** _____<br><br>**Overruled:** _____ |
| 3 | **Material Objected to:** Exhibit 1<br><br>The photographs attached to as Exhibit 1 to Diaz's declaration.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance). | | **Sustained:** _____<br><br>**Overruled:** _____ |

### Objections to Declaration of Ryan Rankin (Dkt. No. 42-12)

| Objections | Ruling |
|---|---|
| **Objections** | **Ruling** |
| 1 | **Material Objected to:** Rankin Decl. ¶ 3 | **Sustained:** _____ |

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE FILED IN DEFENDANT'S OPPOSITION

| | | |
|---|---|---|
| | Offering photographs into evidence.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 901 (authentication). | Overruled: _____ |
| 2 | **Material Objected to:** Exhibit 2<br><br>Photographs attached as Exhibit 2 to Rankin's declaration.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance), Fed. R. Evid. 602 (need for personal knowledge), Fed. R. Evid. 901 (authentication). | Sustained: _____<br>Overruled: _____ |
| 3 | **Material Objected to:** Exhibit 3<br><br>Photographs attached as Exhibit 3 to Rankin's declaration.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br>Overruled: _____ |
| 4 | **Material Objected to:** Exhibit 4<br><br>Photographs attached as Exhibit 4 to Rankin's declaration.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the | Sustained: _____<br>Overruled: _____ |

44

| | | | |
|---|---|---|---|
| | | constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance). | |
| | 5 | **Material Objected to:** Exhibit 5<br><br>Photographs attached as Exhibit 5 to Rankin's declaration.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |
| | 6 | **Material Objected to:** Exhibit 6<br><br>Photographs attached as Exhibit 6 to Rankin's declaration.<br><br>**Grounds for Objection:** Relevance: these photographs provide no information regarding the constitutionality of the Bulky Item Provision. Fed. R. Evid. 401, 403(b) (relevance). | Sustained: _____<br><br>Overruled: _____ |

Dated:  March 23, 2020          Respectfully submitted,

LEGAL AID FOUNDATION OF LOS ANGELES

SCHONBRUN SEPLOW
HARRIS & HOFFMAN LLP

KIRKLAND & ELLIS LLP

*/s/ Catherine Sweetser*
_____

By: Catherine Sweetser
*Attorneys for All Plaintiffs.*

45