Shayla Myers (SBN 264054)
Mallory Andrews (SBN 312209)
LEGAL AID FOUNDATION OF LOS ANGELES
7000 South Broadway
Los Angeles, CA  90003
Telephone:  (213) 640-3983
Email:  smyers@lafla.org
        mbandrews@lafla.org

*Attorneys for Gladys Zepeda, Miriam Zamora,
Ali El-Bey, James Haugabrook, Pete Diocson Jr.,
Marquis Ashley, and Ktown for All.*

*Additional Attorneys on Next Page.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JANET GARCIA, GLADYS
ZEPEDA, MIRIAM ZAMORA, ALI
EL-BEY, PETER DIOCSON JR,
MARQUIS ASHLEY, JAMES
HAUGABROOK, individuals,
KTOWN FOR ALL, an
unincorporated association;
ASSOCIATION FOR
RESPONSIBLE AND EQUITABLE
PUBLIC SPENDING, an
unincorporated association,

           Plaintiffs,

      v.

CITY OF LOS ANGELES, a
municipal entity; DOES 1-7,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:19-cv-06182-DSF-PLA
*Assigned to: Hon. Dale S. Fischer*

**PLAINTIFFS' STATEMENT
REGARDING THE EFFECT OF
THE SECOND AMENDED
COMPLAINT ON THE MOTION
FOR PRELIMINARY
INJUNCTION**

Judge:        Hon. Dale S. Fischer
Hearing Date:  April 6, 2020
Time:        1:30 p.m.
Courtroom:   7D

Complaint Filed Date:  July 18, 2019

1   Catherine Sweetser (SBN 271142)
    Kristina Harootun (SBN 308718)
2   SCHONBRUN SEPLOW HARRIS
    & HOFFMAN LLP
3   11543 West Olympic Blvd.
4   Los Angeles, CA 90064
    Telephone:  (310) 396-0731
5   Email:  csweetser@sshhlaw.com
            kharootun@sshhlaw.com
6

7   *Attorneys for Plaintiffs.*

8   Benjamin Allan Herbert (SBN 277356)
    William L. Smith (SBN 324235)
9   KIRKLAND & ELLIS LLP
    555 South Flower Street
10  Los Angeles, CA 90071
    Telephone:  (213) 680 8400
11  Email:  benjamin.herbert@kirkland.com
            william.smith@kirkland.com
12

13  Michael Onufer (SBN 300903)
    KIRKLAND & ELLIS LLP
14  2049 Century Park East
    Los Angeles, CA 90067
15  Telephone: (310_) 552-4200
    Email:  michael.onufer@kirkland.com

16  *Attorneys for Plaintiffs Ktown for All, Janet Garcia,*
    *Peter Diocson Jr., Marquis Ashley, Ali El-Bey, and*
17  *Association for Responsible and Equitable Public*
    *Spending.*

18

19

20

21

22

23

24

25

26

27

28

1
2
3

<u>**PLAINTIFFS' STATEMENT REGARDING THE EFFECT OF THE SECOND**</u>
<u>**AMENDED COMPLAINT ON THE MOTION FOR PRELIMINARY**</u>
<u>**INJUNCTION**</u>

4    In response to the Court's March 13, 2020 Order (Dkt. 44), Plaintiffs submit

5   this brief to inform the Court that the Second Amended Complaint, filed by Plaintiffs

6   on March 12, 2020 (Dkt. 43) (the "SAC"), has no impact on Plaintiffs' pending

7   motion for preliminary injunction, filed by Plaintiffs Ktown for All ("KFA"), Peter

8   Diocson Jr. and Marquis Ashley on February 26, 2020 (Dkt. 38) (the "Motion").

9    The Court granted Plaintiffs leave to amend their complaint in its Order

10   granting in part and denying in part Defendant City of Los Angeles's (the "City")

11   motion to dismiss pursuant to Rule 12(b)(1), which sought to dismiss the

12   organizational plaintiffs—KFA and the Association for Responsible and Equitable

13   Public Spending ("AREPS")—for lack of standing.  *See* Order Granting in Part and

14   Denying in Part Defendant's Motion to Dismiss for Lack of Subject Matter

15   Jurisdiction, ("Order), Dkt. 37, at 18.  The Court ruled that KFA had direct standing

16   based on allegations that the organization had suffered diversion of resources and

17   frustration of mission, as alleged in the complaint.  *See id.* at 11.  The Court granted

18   Plaintiffs leave to amend to clarify which claims and remedies KFA was bringing on

19   behalf of its members.  *Id.* at 15, 18.

20    Plaintiffs filed a Second Amended Complaint ("SAC") on March 12, 2020.  *See*

21   Dkt. 43. In the SAC, Plaintiffs accordingly amended the causes of action to clarify

22   that KFA was seeking only injunctive and declaratory relief and not damages for its

23   members.  KFA further clarified that it was not bringing the claim under California

24   Civil Code 2080 on behalf of its members. *See* SAC at p. 50-60.

25    Plaintiff KFA's limited amendments in the SAC have no impact on Plaintiffs'

26   motion for Preliminary Injunction.  In general, filing an amended complaint does not

27   affect a motion for preliminary injunction.  *See Choudhry v. Regents of the Univ. of*

28   *California*, No. 16-CV-05281-RS, 2016 WL 6611067, at *2 & n.1 (N.D. Cal. Nov. 9,

2016) (ruling on a preliminary injunction despite the filing of an intervening amended complaint); *Save Strawberry Canyon v. Dep't of Energy,* 613 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009)*, adhered to,* No. C 08-03494 WHA, 2009 WL 1098888 (N.D. Cal. Apr. 22, 2009) (ruling on a motion for preliminary injunction, filed January 20, 2009 (Dkt. 46) even though there was an amended complaint (Dkt. 73)).

Here, Plaintiffs made only minor changes to the SAC to address the Court's ruling on KFA's associational standing.  None of the amendments have any impact on the allegations relevant to the Preliminary Injunction.  First, the clarification had no impact on Ktown for All's direct standing, based on diversion of resources and frustration of mission, and it was on this basis that KFA filed the motion for preliminary injunction.  Second, the clarification has no impact on Plaintiffs' request for prospective relief, since in the SAC, KFA made changes only to clarify it was not seeking damages for its members.  These clarifications did not impact the existing claims for injunctive relief.[1]

KFA clarifying that it has an *alternative* basis to establish standing in this case beyond the organizational standing the Court has already found has no impact on the Motion.  All that is required at the preliminary injunction phase is an "organizational affirmation[] of harm."  *E.g.*, *Valle del Sol. v. Whiting*, 732 F.36 1006, 1018, 1029 (9th Cir. 2013) (granting preliminary injunction and holding that future diversion of resources, and not specific amounts past resources diverted, is the standard for prospective relief).  The Court found that KFA has organizational standing (*see* Dkt. 37 at 6-11); the Court need not make any additional findings or inquiry.

---

[1] Not only was the complaint already sufficient for organizational standing, as this court found, Plaintiffs presented evidence, as noted in the reply, that unhoused members move due to sweeps: both state of mind evidence, *Wagner v. Cty. of Maricopa*, 747 F.3d 1048, 1053 (9th Cir. 2013), and evidence that members have moved after sweeps, *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989) (jury can infer the intent behind an event from its timing). Plaintiffs also explained how movement of unhoused members due to sweeps impacts Plaintiffs' ability to fulfill their mission of connecting housed and unhoused neighbors.

1    The only other amendments made to the SAC were allegations regarding the

2    harm to AREPS from additional expenditures which are not relevant to the Motion.

3    AREPS did not move for a preliminary injunction and thus the additional allegations

4    concerning AREPS will not affect the preliminary injunction.

5    Finally, Plaintiffs did not make any amendments in the SAC related to standing

6    for the two other Plaintiffs who filed the Motion, Diocson and Ashley.

7    In sum, although Plaintiffs amended the complaint to bolster the standing of the

8    two organizational Plaintiffs, that amendment has no impact on Plaintiffs KFA,

9    Dioscon, and Ashley's pending motion for preliminary injunction.

10

11   Dated:  March 25, 2020          Respectfully submitted,

12                                   LEGAL AID FOUNDATION OF LOS ANGELES

13                                   /s/ *Shayla Myers* _____

14                                   Shayla Myers
                                     *Attorneys for Plaintiffs Gladys Zepeda, Miriam*
15                                   *Zamora, Ali El-Bey, Pete Diocson Jr., Marquis*
                                     *Ashley, James Haugabrook, and Ktown for All.*
16

17                                   SCHONBRUN SEPLOW HARRIS & HOFFMAN
18                                   LLP

19                                   /s/ *Catherine Sweetser* _____

20                                   Catherine Sweetser
                                     *Attorneys for All Plaintiffs.*
21

22                                   KIRKLAND & ELLIS LLP

23

24                                    /s/ *Benjamin Herbert* _____

                                     Benjamin Allen Herbert
25                                   *Attorneys for Plaintiffs Ktown for All, Janet Garcia,*
                                     *Peter Diocson Jr., Marquis Ashley, Ali El-Bey, and*
26                                   *Association for Responsible and Equitable Public*
                                     *Spending.*
27

28

## <u>LOCAL RULE 5-4.3.4 ATTESTATION</u>

I attest that Plaintiff's counsel, Shayla Myers and Catherine Sweetser, concurs in this filing's content and has authorized the filing.


DATED: March 25, 2020          KIRKLAND & ELLIS LLP

                              By: */s/ Benjamin Herbert*
                                    Benjamin Allen Herbert
                                    *Attorneys for Plaintiffs Ktown for All, Janet Garcia, Peter Diocson Jr., Marquis Ashley, Ali El-Bey, and Association for Responsible and Equitable Public Spending.*