MICHAEL FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
SCOTT MARCUS, Senior Assistant City Attorney (SBN 184980)
GABRIEL DERMER, Assistant City Attorney (SBN 229424)
FELIX LEBRON, Deputy City Attorney (SBN 232984)
**A. PATRICIA URSEA, Deputy City Atty (SBN 221637)**
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone (213) 978-7569
Facsimile (213) 978-7011
Felix.Lebron@lacity.org
Patricia.Ursea@lacity.org

*Attorneys for Defendant,* CITY OF LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANET GARCIA, GLADYS ZEPEDA, MIRIAM ZAMORA, ALI EL-BEY, PETER DIOCSON JR., MARQUIS ASHLEY, JAMES HAUGABROOK, individuals, KTOWN FOR ALL, an unincorporated association, ASSOCIATION FOR RESPONSIBLE and EQUITABLE PUBLIC SPENDING an unincorporated association,<br><br>*Plaintiffs*,<br>vs.<br>CITY OF LOS ANGELES, a municipal entity; DOES 1-50,<br>*Defendant(s).* | Case No.: 2:19-cv-6182-DSF-PLA<br>Assigned to Hon. Dale S. Fischer<br><br>**DEFENDANT CITY OF LOS ANGELES' OBJECTION RE EFFECT OF SECOND AMENDED COMPLAINT ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: April 6, 2020<br>Time: 1:30 p.m.<br>Ctrm: 7D<br>Judge: Hon. Dale S. Fischer<br><br>Complaint Filed: July 18, 2019 |

Pursuant to the Court's March 13, 2020 Order (Dkt. No. 44) and March 17, 2020 Order Granting Joint Stipulation (Dkt. No. 46), Defendant City of Los Angeles ("City") hereby submits its objections regarding the effect of the Second Amended Complaint (Dkt. No. 43 "SAC") on the Motion for Preliminary Injunction (Dkt. No. 38) filed by Plaintiffs Peter Diocson Jr. ("Diocson"), Marquis Ashley ("Ashley"), and Ktown for All ("KFA").

## I. Relevant Procedural History

On February 15, 2020, the Court granted in part the City's motions to dismiss Plaintiffs' Supplemental Complaint to the First Amended Complaint (Dkt. No. 20, "FAC") for failure to state a claim (Dkt. No. 36) and lack of subject matter jurisdiction (Dkt. No. 37). The Court granted leave and gave Plaintiffs until March 12, 2020 to file and serve an amended complaint or waive the right to do so. Dkt. No. 37 at 18.

On February 26, 2020, Plaintiffs Diocson, Ashley, and KFA filed a Motion for Preliminary Injunction based on the then-operative FAC. Dkt. No. 38. The Motion purported to seek injunctive relief on behalf of non-plaintiff third parties, including KFA's members or other unhoused individuals, despite the Court's Order dismissing all claims alleged on behalf of KFA's members. *See* Dkt. No. 37.

On March 9, 2020, the City filed its Opposition to the Motion for Preliminary Injunction. Dkt. No. 42. The City's Opposition submitted evidence establishing that Plaintiffs Diocson and Ashley did not suffer an unconstitutional application of the Bulky Item provision as applied to them and as construed in the Court's 12(b)(6) Order (Dkt. No. 36), and they lacked standing to seek injunctive relief for the FAC's facial claims. *See* Dkt. No. 42 at 4-7. The City's Opposition also relied on the Court's 12(b)(1) Order (Dkt. No. 37) to establish that KFA failed to submit competent and admissible evidence showing any unconstitutional application of the Bulky Item provision that caused direct harm to KFA to establish KFA's direct standing to pursue injunctive relief for the FAC's facial claims. *See* Dkt. No. 42 at 6-9. The City also relied on the Court's 12(b)(1) Order in responding to Plaintiffs' submitted evidence regarding purported harm to KFA's

1

CITY'S OBJECTION RE EFFECT OF SECOND AMENDED COMPLAINT ON MOT. FOR P.I.

members or others because KFA lacked standing to pursue representative claims. *See* Dkt. No. 42 at 8-9 ("KFA purports to seek injunctive relief on behalf of one member, Bettaga, and one unhoused resident referred to as 'Kahn.' … However, the Court held that '[a]s the Supplemental FAC is currently pled, KFA does not have associational standing to assert claims on behalf of its members…. The Court granted leave to amend, but Plaintiffs did not file a second amended complaint before filing the Motion for Preliminary Injunction or before the City filed this Opposition.").

On March 12, 2020, after the City filed its Opposition, Plaintiffs filed the SAC. (Dkt. No. 43). As discussed below, the SAC amended the claims and specific requests for relief asserted by all seven Individual Plaintiffs, KFA and AREPS, including new requests for specific prospective, injunctive and declaratory relief. SAC ¶¶ 232-247, 255-265, 272-275. The SAC also included expanded allegations for KFA and AREPS claims. *See e.g.,* SAC ¶¶ 42-44, 87.

On March 23, 2020, Plaintiffs filed their Reply to the Motion for Preliminary Injunction, including submission of three declarations raising new issues in reply. *See* Dkt. No. 48. In Reply, Plaintiffs argued that the Court "may rely on allegations in their Complaint" to meet their burden for a preliminary injunction. Dkt. No. 48 at 3, fn 4.

## II.   The SAC's Material Amendments.

The FAC alleged all Plaintiffs generally asserted six causes of action and all sought compensatory damages, declaratory relief, and injunctive relief. Dkt. No. 20 at ¶¶ 230-260, 267-270, *Id.* at Prayer ¶¶ 1-5. The City raised the confusion caused by Plaintiffs failure to distinguish which Plaintiffs were pursuing specific claims and requests for relief. *See* Dkt. No. 27 at 1-3. The Court agreed. Dkt. No. 37 at 14 ("[A]s currently pled, the Supplemental FAC asserts as-applied challenges and seeks damages for loss of property for all Plaintiffs, including KFA. The Supplemental FAC uses 'Plaintiffs' indiscriminately and does not distinguish between claims made by the organizational plaintiffs and the individual plaintiffs…. The Court agrees that if KFA is bringing as-

applied challenges or seeks damages, participation of the individual members would be required.").

The SAC's amendments include, among other material changes, the following:

First Cause of Action:  The SAC now alleges that all seven Individual Plaintiffs, KFA, and AREPS assert facial challenges to the Bulky Item provision in LAMC 56.11(3)(i) LAMC 56.11(10)(d) under the Fourth Amendment and Article I, Section 13 of the California Constitution.  SAC ¶¶ 232-238.  The Individual Plaintiffs now seek "compensatory damages", AREPS and KFA now seek "only for prospective relief, including declaratory and injunctive relief", and the SAC now alleges that all "Plaintiffs are entitled to an injunction, enjoining the City from enforcing this unconstitutional law." *See* SAC ¶¶ 236-238.

Second Cause of Action:  The SAC now alleges that all seven Individual Plaintiffs, KFA, and AREPS assert as-applied challenges for the unlawful seizure and destruction of individuals' belongings under the Fourth Amendment and Article I, Section 13 of the California Constitution.  SAC ¶¶ 239-247.  The Individual Plaintiffs now seek "compensatory damages", AREPS and KFA now seek "only for prospective relief, including declaratory and injunctive relief", and the SAC now alleges that all Plaintiffs are "entitled to an injunction enjoining the City from continuing to engage in these customs, policies, and practices" that purportedly harm all Plaintiffs.  SAC ¶¶ 245-247.

Third Cause of Action:  The SAC realleges on behalf of all Plaintiffs the facial claim asserting that LAMC 56.11 is void for vagueness under the Fourteenth Amendment.  SAC ¶¶ 248-254.  Plaintiffs improperly reallege this claim previously dismissed by the Court with prejudice (Dkt. No. 36) alleging that is necessary to preserve appeal rights.  Not so.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

Fourth Cause of Action:  The SAC now alleges that all Individual Plaintiffs and KFA (but not AREPS) assert facial claims challenging the Bulky Item provision in LAMC 56.11(3)(i) LAMC 56.11(10)(d) under the Fourteenth Amendment and Article I, Section 7(a) of the California Constitution.  The Individual Plaintiffs now seek

"compensatory damages", and KFA seeks "only for prospective relief, including declaratory and injunctive relief", and the SAC now alleges that all Individual Plaintiffs and KFA "are entitled to an injunction, enjoining the City from enforcing this unconstitutional law." *See* SAC ¶¶ 257-58.

<u>Fifth Cause of Action:</u>  The SAC now alleges that all Individual Plaintiffs and KFA assert as-applied claims challenging the alleges seizure and destruction of individuals' property without adequate notice and opportunity to be heard in violation of the Fourteenth Amendment and Article I, Section 7(a) of the California Constitution. SAC ¶¶ 259-265.  The Individual Plaintiffs now seek "compensatory damages", and KFA now seeks only "prospective relief, including declaratory and injunctive relief", and the SAC now alleges that all Individual Plaintiffs and KFA are "entitled to an injunction enjoining the City from continuing to engage in these customs, policies, and practices." SAC ¶¶ 264-265.

<u>Seventh Cause of Action:</u>  The SAC now alleges that all Individual Plaintiffs, but not KFA or AREPS, allege claims for compensatory damages under California Government Code Section 815.6.  SAC ¶¶ 272-275.

## III.   **The Filing of the SAC Moots the Motion for Preliminary Injunction.**

The default rule, as noted by the Court (Dkt. No. 44), is that the filing of a new complaint supersedes any previous complaint, with the original pleading being treated as non-existent from that point forward.  *See Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("after amendment the original pleading no longer performs any function"); *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (citation omitted); *Mattel v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 1016 (C.D. Cal. 2010) (finding that defendant could reassert previously waived affirmative defenses in response to amended complaint because amended complaint

supersedes all previous complaints and controls the case from that point on) (citation omitted).

The result of Plaintiffs' tactical decision to file the SAC after filing the Motion for Preliminary Injunction and *after* the City filed its Opposition is that the Motion must be denied as moot because Plaintiffs cannot rely on a superseded complaint and cannot rely on the SAC's new allegations and claims to support the Motion.  *See La Jolla Cove Investors, Inc. v. Goconnect Ltd.*, Case No. 11CV1907 JLS (JMA), 2012 U.S. Dist. LEXIS 62948, at *3 (S.D. Cal. May 4, 2012) (district court denied pending motion for preliminary injunction as moot because amended complaint filed after motion superseded previous complaint); *Red Eyed Jacks Sports Bar Inc. v. City of San Diego*, Case No. 14-cv-0823-L(RBB), 2014 U.S. Dist. LEXIS 91189, at *17 (S.D. Cal. Jul. 3, 2014) (denying pending motion for preliminary injunction as moot in light of granting in part of motion to dismiss operative complaint); *Performance Designated Prods., LLC v. Plantronics, Inc.,* Case No. 3:19-cv-00536-GPC-LL, 2019 U.S. Dist. LEXIS 117556 at * 17-18 (S.D. Cal. Jul. 15, 2019) (motion for preliminary injunction must be denied as moot without operative complaint).  Plaintiffs should have filed the SAC before or concurrently with the Motion for Preliminary Injunction or, alternatively, filed a renewed motion for preliminary injunction with the SAC.  Instead Plaintiffs waited to file their SAC until after the City had filed its Opposition in what appears to be little more than an attempt to sandbag the City and deprive it of an opportunity to address the new allegations and claims in its Opposition.  *See* Dkt. No. 42 at 4-9; Dkt. No. 43.

Plaintiffs wrongly contend that "filing an amended complaint does not affect a motion for preliminary injunction." Dkt. No. 50, 1:26-27.  However, neither of the cases cited by Plaintiffs actually stand for that proposition or otherwise support Plaintiffs' contentions.  In *Choudry v. Regents of the University of California*, the Court denied the preliminary injunction motion filed before an amended complaint. *See Choudry v. Regents of the Univ. of Cal.*, Case No. 16-cv-05281-RS, 2016 WL 6611067, at *2 n.1 (N.D. Cal. Nov. 9, 2016).  The Court did not substantively address the legal issue of

whether filing an amended complaint affects a motion for preliminary injunction; instead, the court merely mentioned in a footnote that an amended complaint had been filed while the preliminary injunction was pending. *Id.* Similarly, Plaintiffs reliance on *Save Strawberry Canyon v. DOE*, 613 F. Supp. 2d 1177 (N.D. Cal. 2009), is also misplaced. There, the Court did not substantively address whether a motion for preliminary injunction is mooted by the filing of a superseding complaint, and, additionally, in that case, unlike here, the Defendants' oppositions to the motion for preliminary injunction (Dkt. Nos. 75, 76) were filed *after* the amended complaint was filed (Dkt. No. 73). *See Save Strawberry Canyon v. DOE*, 613 F. Supp. 2d 1177 (N.D. Cal. 2009).

## IV. Considering the SAC for Purposes of the Pending Motion for Preliminary Injunction Will Prejudice the City.

Plaintiffs contend that the SAC's amendments have "no impact on the Plaintiffs' pending motion for preliminary injunction." *See* Dkt. No 50 at 1:6-7. As discussed above, the SAC amends the claims and specific requests for relief asserted by all Plaintiffs, including realleging previously dismissed claims, requesting specific forms of relief, asserting as-applied claims, and alleging representative claims on behalf of non-party members. *See e.g.,* SAC ¶¶ 42-44, 87, 232-247, 255-265, 272-275. Indeed, these amendments attempt to moot arguments raised in the City's Opposition. *See* Dkt. No. 42 at 4-9. Moreover, Plaintiffs request that the Court construe the "Complaint" for determining the merits of the Motion for Preliminary Injunction. *See* Dkt. No. 48 at 3, fn 4. The SAC is the only operative complaint that may be considered.

The City was prejudiced by the filing of the SAC after the City filed its Opposition to the extent that Court considers the SAC in assessing the merits of the Motion for Preliminary Injunction. Indeed, Plaintiffs failed to establish irreparable injury or likelihood of success on the merits for Diocson, Ashley, or KFA itself, and Plaintiffs' other evidence focused on purported harm to KFA's members or other third parties for which Plaintiffs lack standing to seek injunctive relief. *See e.g., Powers v. Ohio*, 499 U.S. 400, 410-411 (1991) (requirements for third-party standing); *Legal Aid Society of*

*Hawaii v. Legal Servs. Corp.,* 145 F.3d 1017, 1030-31 (9th Cir. 1998) (organization cannot establish direct standing under *Havens* through affidavits of members' purported harm). Moreover, in the event of an adverse decision and subsequent appeal, the Ninth Circuit would have to assess the operative – not the superseded – complaint. The City is prejudiced to the extent that the assessment is based on a complaint filed after the City filed its Opposition. For all of these reasons, the Court should deny the Motion for Preliminary Injunction as moot without prejudice to Plaintiffs refiling so that the City has an opportunity to respond to the operative SAC on the merits as relevant to any Motion for Preliminary Injunction. *See La Jolla Cove Investors, Inc.*, 2012 U.S. Dist. LEXIS 62948, at *3.

Finally, the City notes that Plaintiffs will suffer no prejudice from denying the Motion as moot. Plaintiffs' Motion was filed on February 26, 2020, and the existing conditions in the City have changed dramatically as a result of COVID-19. Indeed, even since the City filed its Opposition on March 9, 2020, the City (and State and Federal Governments) have issued emergency Safer-at-Home orders that have changed conditions within the City and normal operations. Any renewed motion for preliminary injunction can address existing conditions and operations in the City under these emergency orders.

Accordingly, the City respectfully requests that the Court deny Plaintiffs' Motion for Preliminary Injunction as moot in light of the subsequent filing of the SAC without prejudice to refiling, if warranted, under the then-existing circumstances.

Dated: March 30, 2020

MICHAEL N. FEUER, City Attorney
KATHLEEN KENEALY, Chief Assistant City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
FELIX LEBRON, Deputy City Attorney
A. PATRICIA URSEA, Deputy City Attorney

By: /s/ *Felix Lebron*
Attorneys for Defendant
CITY OF LOS ANGELES