MICHAEL FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
SCOTT MARCUS, Senior Assistant City Attorney (SBN 184980)
GABRIEL DERMER, Assistant City Attorney (SBN 229424)
FELIX LEBRON, Deputy City Attorney (SBN 232984)
**A. PATRICIA URSEA, Deputy City Atty (SBN 221637)**
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone (213) 978-7569
Facsimile (213) 978-7011
Felix.Lebron@lacity.org
Patricia.Ursea@lacity.org

*Attorneys for Defendant,* CITY OF LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET GARCIA, GLADYS ZEPEDA, MIRIAM ZAMORA, ALI EL-BEY, PETER DIOCSON JR., MARQUIS ASHLEY, JAMES HAUGABROOK, individuals, KTOWN FOR ALL, an unincorporated association, ASSOCIATION FOR RESPONSIBLE and EQUITABLE PUBLIC SPENDING an unincorporated association, <br><br> *Plaintiffs*, <br><br> vs. <br> CITY OF LOS ANGELES, a municipal entity; DOES 1-50, <br><br> *Defendant(s).* | Case No.: 2:19-cv-6182-DSF-PLA <br> Assigned to Judge Dale S. Fischer <br><br> **DEFENDANT CITY OF LOS ANGELES' OBJECTIONS TO NEW EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY ISO MOTION FOR PRELIMINARY INJUNCTION** <br><br> Date: April 6, 2020 <br> Time: 1:30 p.m. <br> Ctrm: 7D <br> Judge: Hon. Dale S. Fischer <br><br> **Complaint Filed: July 18, 2019** |

## I.    Objection: Plaintiffs' New Reply Evidence Should Not Be Considered Unless The City Has An Opportunity To Respond.

Defendant City of Los Angeles ("City") hereby submits this objection to Plaintiffs' new evidence submitted with its Reply filed on March 23, 2020 in support of its Motion for Preliminary Injunction (Dkt. No. 48, "Reply").

"Generally, 'reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion.'" *Townsend v. Monster Bev. Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) (citations omitted).  This is because courts recognize that "[n]ew evidence submitted as part of a reply is improper' because it does not allow the defendant an adequate opportunity to respond." *Id.* (striking new evidence submitted with reply in support of class certification motion).  Consequently, courts may refuse to consider new evidence submitted with a reply, and at a minimum, "should not consider the new evidence without giving the non-movant an opportunity to respond." *Townsend*, 303 F. Supp. 3d at 1027 (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)); *Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 975-76 (N.D. Cal. 2006) (sustaining Defendants' objection to Plaintiff's new evidence in reply in support of motion for preliminary injunction, and allowing Defendants to submit supplemental declarations in response).

Not only did Plaintiffs file a Second Amended Complaint (Dkt. No. 43, "SAC") after the City filed its Opposition to the Motion for Preliminary Injunction (Dkt. No. 42), but Plaintiffs then sought to gain an additional strategic advantage by submitting new evidence with their Reply in support of that Motion.  Plaintiffs' Reply evidence includes three new declarations, which neither directly respond to anything offered in the City's Opposition, nor present "unforeseen" evidence that could not have been submitted with the Opening Motion.[1]  Dkt. Nos. 48-1 (Declaration of S. Myers), 48-2 (Declaration of J.

---

[1] All three Reply declarations were signed after Plaintiffs sought additional time to file their reply citing "disruptions caused by the emergency precautions" in response to

Gibson), 48-3 (Declaration of A. Flowers); *see also Townsend*, 303 F. Supp. 3d at 1027. Plaintiffs' Reply raises the following new evidence and issues:

**New Alleged December 27, 2019 Cleanup**:   Plaintiffs submitted the Declaration of Albert Flowers.  Dkt. No. 48-3; Dkt. No 48-1 at 8:23.  Flowers is not a named individual plaintiff, he does not declare that he is member of KFA or that he resides in the Koreatown area.  Dkt. No. 48-3 at ¶¶ 1-3.  Nonetheless, the Flowers Declaration introduces a new cleanup that allegedly occurred on or around December 27, 2019 involving an alleged removal and discard of a pallet and other miscellaneous statements regarding the City's purported past cleanups.  Dkt. No 48 at ¶¶ 6-12.  This incident is not alleged in the FAC (or the SAC) and was not raised in the Motion for Preliminary Injunction even though it occurred over two months before the Motion was filed.  Nor is it even clear how this incident is relevant to the Motion filed by Plaintiffs Diocson, Ashley, and KFA itself.

**COVID-19 Emergency Response**:  The City's Opposition noted that allowing bulky items to remain in the public right-of-way could create the potential for spread of infectious diseases and noted that this "consideration is particularly important because of the recent public health emergencies declared locally for the coronavirus and past incidents involving a typhus outbreak in Downtown Los Angeles."  Dkt. No. 42-6 (Declaration of Howard Wong dated March 9, 2020) at ¶ 53.  In Reply, the Myers Declaration addresses the City's emergency COVID-19 motions considered on March 17, 2020 (Dkt. No. 48-1 at ¶¶ 26, Ex. G), and the Reply cites Guidelines from the Centers for Disease Control released on March 22, 2020, both of which occurred after the City filed its Opposition.  The Flowers Declaration also addresses the City's efforts to provide emergency shelters and housing for homeless individuals amid the pending COVID-19 pandemic, none of which was raised in the Opening Motion or addressed in the City's Opposition.  Dkt. 48-3 at ¶¶ 15-17.

---

COVID-19 that caused unexpected office closures for Plaintiffs' counsel beginning March 16.  Declaration of Gabriel Dermer, Ex. A (3/16/2020 S. Myers email).

**Shelter and Housing Issues**:  The Myers and Flowers Declarations address issues regarding shelters and availability of housing that are new issues not raised in the Opening Motion or addressed in the Opposition.  Dkt. No. 48-1 at ¶¶ 7-13, Exs. B-C; Dkt. No. 48-3 at ¶¶ 15-17.  The Flowers Declaration similarly raises new issues regarding shelter availability and preferences for sheltering in a motel.  Dkt. No. 48-3 at ¶¶ 15-17.

**Settlement Communications:**  The Myers Declaration raises new evidence improperly disclosing settlement communications involving the City's good-faith efforts to resolve disputed issues involving the Motion for Preliminary Injunction.   Dkt. No. 48-1 at ¶¶ 19-25, Exs. E-F.  This evidence is not admissible under FRE 408, was improperly disclosed, and should not be considered.

**Discovery:** The Myers Declaration raises new and misleading issues regarding the status of discovery.  Dkt. No. 48-1 at ¶¶ 14-18, Exs. D, E.  The City produced thousands of pages of documents, including regarding reports for alleged incidents and policies. *See* Dkt. No. 33 at 5 (Order Denying Pltf's Mot. for Expedited Discovery).  The City produced "new" evidence in response to Plaintiffs' new unalleged incidents involving non-plaintiff third parties raised in the Plaintiffs' Opening Motion.

**Past Council Meetings**: Plaintiffs' Reply submitted the Gibson Declaration containing hearsay information Gibson obtained by accessing an audio recording on March 23, 2020 – 7 days after Plaintiffs' Reply was initially due – of a June 18, 2019 Los Angeles City Council Committee meeting at which testimony was provided about the relative percentage, by tons, of property that came from illegal dumping and from homeless encampments at that time.  Dkt. No. 48-2, ¶ 4; Dkt. No. 48 at 11:15.  To the extent either of these pieces of evidence are relevant, Plaintiffs made no effort to explain why they could not have been obtained and offered in Plaintiffs' Opening Motion.

Plaintiffs' Reply Declarations improperly introduce new factual evidence or issues on reply and should not be considered by the Court.  *See Townsend*, 303 F. Supp. 3d at 1027.  Alternatively, should the Court be inclined to exercise its discretion to review the late submission of new evidence with Plaintiffs' Reply, the City should be given an

3

opportunity to respond to it. *See Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 975-76 (N.D. Cal. 2006) (sustaining Defendants' objection to Plaintiff's new evidence in reply in support of motion for preliminary injunction, and allowing Defendants to submit supplemental declarations in response); *Townsend*, 303 F. Supp. 3d at 1027 (where new evidence is offered in reply, a court "should not consider the new evidence without giving the non-movant an opportunity to respond.") (citations omitted).

The City notes that the circumstances arising from COVID-19 have changed significantly since Plaintiffs filed their Motion on February 26, 2020 and the City filed its Opposition on March 9, 2020. If the Court considers Plaintiffs' new reply evidence, then the City should be afforded an opportunity to respond, including submission of evidence regarding the City's emergency orders, compliance with the "Safer at Home" emergency orders, the Los Angeles County Department of Public Health and CDC guidelines[2], and changes to the City's operations as a result of COVID-19, all of which is relevant to the analysis of Plaintiffs' alleged imminent harm and other elements of Plaintiffs' Motion. The City should also be afforded an opportunity to respond to the other new issues, including new alleged incidents involving non-plaintiff third parties.

Dated:   March 30, 2020

MICHAEL N. FEUER, City Attorney
KATHLEEN KENEALY, Chief Assistant City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
FELIX LEBRON, Deputy City Attorney
A. PATRICIA URSEA, Deputy City Attorney

By:   */s/Felix Lebron*
   Attorneys for Defendant
   CITY OF LOS ANGELES

---

[2] *See Interim Guidance for Responding to Coronavirus Disease 2019 (COVID-19) Among People Experiencing Unsheltered Homelessness* (issued Mar. 22, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/community/homeless-shelters/unsheltered-homelessness.html (last visited Mar. 30, 2020).