1  MICHAEL FEUER, City Attorney
   KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
2  SCOTT MARCUS, Senior Assistant City Attorney (SBN 184980)
   FELIX LEBRON, Deputy City Attorney (SBN 232984)
3  **A. PATRICIA URSEA, Deputy City Atty (SBN 221637)**
   200 N. Main Street, City Hall East, Room 675
4  Los Angeles, CA 90012
   Telephone (213) 978-7569
5  Facsimile (213) 978-7011
   Felix.Lebron@lacity.org
6  Patricia.Ursea@lacity.org

7  *Attorneys for Defendant,* CITY OF LOS ANGELES

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | Janet Garcia, Gladys Zepeda, Miriam Zamora, | Case No.:  2:19-cv-6182-DSF-PLA |
   | Ali El-Bey, Peter Diocson Jr., Marquis Ashley, | [Assigned to Judge Dale S. Fischer] |

12 James Haugabrook, individuals, KTOWN FOR
   ALL, an unincorporated association,          **DEFENDANT CITY OF LOS**
13 ASSOCIATION FOR RESPONSIBLE AND               **ANGELES' REQUEST FOR**
   EQUITABLE PUBLIC SPENDING an                  **JUDICIAL NOTICE IN SUPPORT**
14 unincorporated association                    **OF MOTION TO DISMISS SECOND**
                            *Plaintiffs,*         **AMENDED COMPLAINT**
15

16          vs.                                  Date:   May 18, 2020
                                                 Time:  1:30 p.m.
17 CITY OF LOS ANGELES, a municipal entity;      Ctrm:  7D
   DOES 1-50,                                    Judge: Hon. Dale S. Fischer
18                          *Defendant(s).*
                                                 **Complaint Filed:  July 18, 2019**
19

20

21

22

23

24

25

26

27

28

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 201 of the Federal Rules of Evidence, Defendant City of Los Angeles (the "City") respectfully requests that the Court take judicial notice of the following documents:

1.    Los Angeles Municipal Code Section 56.11 ("LAMC 56.11"), a true and correct copy of which is attached hereto as **Exhibit 1**.

Municipal ordinances are an appropriate subject for judicial notice, and courts routinely take judicial notice of them, as this Court did in granting the City's prior request for judicial notice of LAMC 56.11.  Dkt. No 36 at 1-2, n. 2; *see Tollis Inc. v. County of San Diego*, 505 F.3d 935, 938 n. 1 (9th Cir. 2007) ("Municipal ordinances are proper subjects for judicial notice.") (citation omitted).

In addition, it is proper to take judicial notice of LAMC 56.11 because courts may take judicial notice of matters of public record.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.") (citation omitted).

Finally, a court may take judicial notice of documents extensively referenced in the complaint, where the complaint necessarily relies on them, and neither party questions their authenticity or relevance.  *See In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1166 (N.D. Cal. 2019) (taking judicial notice of documents referenced in the complaint, where the complaint necessarily relied on the documents, and neither party questioned their authenticity or relevance).  In ruling on a motion to dismiss, a court may properly consider such documents referenced in the complaint, even where those documents are not physically attached to the complaint.  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds, as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

For all these reasons, judicial notice of LAMC 56.11 is appropriate.

2.      Los Angeles Municipal Code 56.11 Standard Operating Protocols, amended as of September 2018, a true and correct copy of which is attached hereto as **Exhibit 2.**

This document setting forth the LAMC 56.11 Standard Operating Protocols promulgated by the designated administrative agency, Los Angeles Bureau of Sanitation, is a proper subject of judicial notice because a court may take judicial notice of matters of public record, including documents issued by a public agency.  *See Khoja*, 899 F.3d at 999; *see also Mays v. Wal-Mart Stores, Inc.*, 354 F. Supp. 3d 1136, 1142 n.1 (C.D. Cal. 2019) (taking judicial notice of documents that were either issued by or filed with a public agency and are, therefore, matters of public record appropriate for judicial notice).

It is also appropriate to take judicial notice of the LAMC 56.11 Standard Operating Protocols because, as set forth above, a court may take judicial notice of documents that are extensively referenced in the complaint, relied upon by the complaint, and the authenticity and relevance of which neither party disputes.  *See Parrino v. FHP, Inc.*, 146 F.3d at 706; *see also In re Apple In. Device Performance Litig.*, 386 F. Supp. 3d at 1166.

Accordingly, the City respectfully requests that the Court take judicial notice of **Exhibits 1 and 2**, attached hereto.

Dated:   April 9, 2020

MICHAEL N. FEUER, City Attorney
KATHLEEN KENEALY, Chief Assistant City Attorney
SCOTT MARCUS, Chief, Civil Litigation Branch
FELIX LEBRON, Deputy City Attorney
A. PATRICIA URSEA, Deputy City Attorney

By:   /s/*Felix Lebron*
       FELIX LEBRON
       Deputy City Attorney
       Attorneys for Defendant
       CITY OF LOS ANGELES

2

# EXHIBIT 1

Case 2:19-cv-06182-DSF-PLA   Document 57-1   Filed 04/09/20   Page 5 of 58   Page ID
#:1984

Print

Los Angeles Municipal Code

## SEC. 56.11.  STORAGE OF PERSONAL PROPERTY.
### (Amended by Ord. No. 184,182, Eff. 4/11/16.)

1.  **Declaration of Legislative Intent - Purpose.**  The City enacts this section to balance the needs of the residents and public at large to access clean and sanitary public areas consistent with the intended uses for the public areas with the needs of the individuals, who have no other alternatives for the storage of personal property, to retain access to a limited amount of personal property in public areas.  On the one hand, the unauthorized use of public areas for the storage of unlimited amounts of personal property interferes with the rights of other members of the public to use public areas for their intended purposes and can create a public health or safety hazard that adversely affects those who use public areas.  On the other hand, the City's large and vulnerable homeless population needs access to a manageable amount of essential property for their personal use and well-being.  This section attempts to balance the needs of all of the City's residents.

2.  **Definitions.**  The definitions contained in this subsection shall govern the construction, meaning and application of words and phrases used in this section.

(a)  "**Alley**" means any Highway having a Roadway not exceeding 25 feet in width which is primarily for access to the rear or side entrances of abutting property.

(b)  "**Bikeway**" means all facilities that provide primarily for, and promote, bicycle travel.

(c)  "**Bulky Item**" means any item, with the exception of a constructed Tent, operational bicycle or operational walker, crutch or wheelchair, that is too large to fit into a 60-gallon container with the lid closed, including, but not limited to, a shed, structure, mattress, couch, chair, other furniture or appliance.  A container with a volume of no more than 60 gallons used by an individual to hold his or her Personal Property shall not in itself be considered a Bulky Item.

(d)  "**City Employee**" means any full or part-time employee of the City of Los Angeles or a contractor retained by the City for the purpose of implementing this Section.

(e)  "**Essential Personal Property**" means any and all Personal Property that cumulatively is less than two cubic feet in volume, which, by way of example, is the amount of property capable of being carried within a backpack.

(f)  "**Excess Personal Property**" means any and all Personal Property that cumulatively exceeds the amount of property that could fit in a 60-gallon container with the lid closed.

(g)  "**Highway**" means a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel.

(h)  "**Parkway**" means the area of the Street between the back of the curb and the Sidewalk that typically is planted and landscaped.

(i)  "**Person**" means any individual.

4

(j)   **"Personal Property"** means any tangible property, and includes, but is not limited to, goods, materials, merchandise, Tents, tarpaulins, bedding, sleeping bags, hammocks, personal items such as household items, luggage, backpacks, clothing, documents and medication.

(k)   **"Public Area"** or **"Public Areas"** means all property that is owned, managed or maintained by the City, except property under the jurisdiction of the Department of Recreation and Parks which is governed by Los Angeles Municipal Code Section 63.44, and shall include, but not be limited to, any Street, medial strip, space, ground, building or structure.

(l)   **"Roadway"** means that portion of a Highway improved, designed or ordinarily used for vehicular travel.

(m)   **"Sidewalk"** means that portion of a Highway, other than the Roadway, set apart by curbs, barriers, markings or other delineation, for pedestrian travel.

(n)   **"Storage Facility"** means any facility, whether operated by a public, non-profit or private provider, which allows and has capacity for voluntary storage, free of charge, for a homeless person to store Personal Property up to the equivalent of the amount of property that would fit into a single 60-gallon container with the lid closed.

(o)   **"Store"**, **"Stored"**, **"Storing"** or **"Storage"** means to put Personal Property aside or accumulate for use when needed, to put for safekeeping, and/or to place or leave in a Public Area. Moving Personal Property to another location in a Public Area or returning Personal Property to the same block on a daily or regular basis shall be considered Storing and shall not be considered to be removing the Personal Property from a Public Area. This definition shall not include any Personal Property that, pursuant to statute, ordinance, permit, regulation or other authorization by the City or state, is Stored with the permission of the City or state on real property that is owned or controlled by the City.

(p)   **"Street"** includes every Highway, avenue, lane, Alley, court, place, square, Sidewalk, Parkway, curbs, Bikeway or other public way in this City which has been or may hereafter be dedicated and open to public use, or such other public property so designated in any law of this state.

(q)   **"Tent"** means a collapsible shelter made of fabric such as nylon or canvas or a tarp stretched and sustained by supports, which is not open on all sides and which hinders an unobstructed view behind or into the area surrounded by the fabric. In order to qualify as a Tent for purposes of this subsection, a Tent, when deconstructed, must be able to fit within a 60-gallon container with the lid closed.

(r)   **"Unattended"** means no Person is present with the Personal Property who asserts or claims ownership over the Personal Property. Conversely, property is considered "**Attended**" if a Person is present with the Personal Property and the Person claims ownership over the Personal Property.

3.   **Regulation and Impoundment of Stored Personal Property; Discard of Certain Stored Personal Property.**

(a)   No Person shall Store any Unattended Personal Property in a Public Area. With pre-removal notice as specified in Subsection 4.(a), the City may impound any Unattended Personal Property in a Public Area, regardless of volume. Post-removal notice shall be provided as set

5

forth in Subsection 4.(b), below.

(b)   No Person shall Store any Attended Excess Personal Property in a Public Area.  With pre-removal notice as specified in Subsection 4.(a), the City may impound any Attended Excess Personal Property Stored in a Public Area.  Post-removal notice shall be provided as set forth in Subsection 4.(b), below.

(c)   No Person shall Store any Personal Property in a Public Area in such a manner as to obstruct City operations, including a Street or Sidewalk maintenance or cleaning.  Without prior notice, the City may temporarily move Personal Property, whether Attended or Unattended, which is obstructing City operations in a Public Area, including a Street or Sidewalk maintenance or cleaning, during the time necessary to conduct the City operations.  The City also may impound Personal Property that is obstructing City operations in a Public Area, pursuant to Subsection 3.(a) or 3.(b).

(d)   No Person shall Store any Personal Property in a Public Area in such a manner that it does not allow for passage as required by the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990), as amended from time to time (ADA).  Without prior notice, the City may move and may immediately impound any Personal Property, whether Attended or Unattended, Stored in a Public Area in such a manner that it does not allow for passage as required by the ADA.  Post-removal notice shall be provided as set forth in Subsection 4.(b), below.

(e)   No Person shall Store any Personal Property within ten feet of any operational and utilizable entrance, exit, driveway or loading dock.  Without prior notice, the City may move and may immediately impound any Personal Property, whether Attended or Unattended, Stored in a Public Area within ten feet of any operational and utilizable entrance, exit, driveway or loading dock.  Post-removal notice shall be provided as set forth in Subsection 4.(b), below.

(f)   No Person shall Store in a Public Area that has a clearly posted closure time any Personal Property after the posted closure time.  Without prior notice, the City may remove and impound Personal Property, whether Attended or Unattended, Stored in a Public Area that has a clearly posted closure time, provided the Personal Property is removed and impounded after the posted closure time.  Post-removal notice shall be provided as set forth in Subsection 4.(b), below.

(g)   No Person shall Store any Personal Property in a Public Area if the Personal Property, whether Attended or Unattended, constitutes an immediate threat to the health or safety of the public.  Without prior notice, the City may remove and may discard any Personal Property Stored in a Public Area if the Personal Property poses an immediate threat to the health or safety of the public.

(h)   No Person shall Store any Personal Property in a Public Area if the Personal Property, whether Attended or Unattended, constitutes an evidence of a crime or contraband.  Without prior notice, the City may remove and may discard any Personal Property that constitutes evidence of a crime or contraband, as permissible by law.

(i)   No Person shall Store any Bulky Item in a Public Area.  Without prior notice, the City may remove and may discard any Bulky Item, whether Attended or Unattended, Stored in a Public Area unless the Bulky Item is designed to be used as a shelter.  For any Bulky Item that is designed to be used as a shelter but does not constitute a Tent as defined in Subsection 2.(q), with pre-removal notice as specified in Subsection 4.(a), the City may remove and discard the Bulky

6

Item, whether Attended or Unattended.  If the Bulky Item violates Subsection 3.(d)-(h) herein, even if it is designed to be used as a shelter, without prior notice, the City may remove and discard the Bulky Item, whether Attended or Unattended.

(j)   Upon the creation of any new Storage Facility, increased capacity at an Existing Storage Facility or subsidized transportation assistance to a Storage Facility, the Chief Administrative Officer shall report to the Council to inform the Council's consideration of whether to prohibit a Person from Storing more than Essential Personal Property in a Public Area in a specified radius from a Storage Facility, based upon the amount of the additional storage capacity and the accessibility thereto.  In consideration of the CAO's report, the Council may, by resolution, prohibit a Person within a specified radius of a Storage Facility from Storing more than Essential Personal Property in a Public Area.

4.   **Notice.**

(a)   **Pre-Removal Notice.**  Pre-removal notice shall be deemed provided if a written notice is provided to the Person who is Storing or claims ownership of the Personal Property, or is posted conspicuously on or near the Personal Property and the actual removal commences no more than 72 hours after the pre-removal notice is posted.  The written notice shall contain the following:

(1)   A general description of the Personal Property to be removed.

(2)   The location from which the Personal Property will be removed.

(3)   The date and time the notice was posted.

(4)   A statement that the Personal Property has been stored in violation of Section 56.11, Subsection 3.

(5)   A statement that the Personal Property may be impounded if not removed from Public Areas within 24 hours.

(6)   A statement that moving Personal Property to another location in a Public Area shall not be considered removal of Personal Property from a Public Area.

(7)   The address where the removed Public Property will be located, including a telephone number and the internet website of the City through which a Person may receive information as to impounded Personal Property as well as information as to voluntary storage location(s).

(8)   A statement that impounded Personal Property may be discarded if not claimed within 90 days after impoundment.

(b)   **Post-Removal Notice.**  Upon removal of Stored Personal Property, written notice shall be conspicuously posted in the area from which the Personal Property was removed.  The written notice shall contain the following:

(1)   A general description of the Personal Property removed.

(2)   The date and approximate time the Personal Property was removed.

7

(3)   A statement that the Personal Property was stored in a Public Area in violation of Section 56.11, Subsection 3.

(4)   The address where the removed Personal Property will be located, including a telephone number and internet website of the City through which a Person may receive information as to impounded Personal Property.

(5)   A statement that impounded Personal Property may be discarded if not claimed within 90 days after impoundment.

5. **Storage and Disposal.**

(a)   Except as specified herein, the City shall move Personal Property to a place of storage.

(b)   Except as specified herein, the City shall store impounded Personal Property for 90 days, after which time, if not claimed, it may be discarded.  The City shall not be required to undertake any search for, or return, any impounded Personal Property stored for longer than 90 days.

(c)   The City shall maintain a record of the date any impounded Personal Property was discarded.

6.   **Repossession.**  The owner of impounded Personal Property may repossess the Personal Property prior to its disposal upon submitting satisfactory proof of ownership.  A Person may establish satisfactory proof of ownership by, among other methods, describing the location from and date when the Personal Property was impounded from a Public Area, and providing a reasonably specific and detailed description of the Personal Property.  Valid, government-issued identification is not required to claim impounded Personal Property.

7.   **Ban on Erection of Tent during Certain Daytime Hours.**  No Person shall erect, configure or construct a Tent in any Public Area from 6:00 a.m. to 9:00 p.m. (except during rainfall or when the temperature is below 50 degrees Fahrenheit).  A Person must take down, fold, deconstruct or put away any Tent erected, configured or constructed in any Public Area between the hours of 6:00 a.m. and 9:00 p.m. (except during rainfall or when the temperature is below 50 degrees Fahrenheit).  Without prior notice, the City may deconstruct and may impound any Tent, whether Attended or Unattended, located in any Public Area in violation of this subsection or in violation of Subsections 3.(c)-(h) hereof.  The City shall provide post-removal notice for any impounded Tent, as set forth in Subsection 4.(b), herein.

8.   **Ban on Attachments to Public and Private Property.**

(a)   **Public Property.**  No Person shall erect any barrier against or lay string or join any wires, ropes, chains or otherwise attach any Personal Property to any public property, including but not limited to, a building or portion or protrusion thereof, fence, bus shelter, trash can, mail box, pole, bench, news rack, sign, tree, bush, shrub or plant, without the City's prior written consent.

(b)   **Private Property.**  No Person shall erect any barrier against or lay string or join any wires, ropes, chains or otherwise attach any Personal Property to any private property in such a manner as to create an obstruction on or across any Street or area where the public may travel.

(c)   **Removal.**  Without prior notice, the City may remove any barrier, string, wires, ropes, chains or other attachment of Personal Property, whether Attended or Unattended, to any public property, or to any private property which creates an obstruction to any Street or area where the public may travel.

8

9.   **Illegal Dumping.**  Nothing herein precludes the enforcement of any law prohibiting illegal dumping, including but not limited to California Penal Code Section 374.3, and Los Angeles Municipal Code Sections 41.14, 63.44 B.13. or 190.02, or any successor statutes proscribing Illegal dumping.

10.   **Unlawful Conduct.**  Los Angeles Municipal Code Section 11.00 shall not apply to violations of this section except as follows:

(a)   No Person shall willfully resist, delay or obstruct a City employee from moving, removing, impounding or discarding Personal Property Stored in a Public Area in violation of Subsections 3.(a)-(h).

(b)   No Person shall refuse to take down, fold, deconstruct or otherwise put away any Tent erected or configured between the hours of 6:00 a.m. and 9:00 p.m., in violation of Subsection 7., or willfully resist, delay or obstruct a City employee from taking down, folding, deconstructing, putting away, moving, removing, impounding or discarding the Tent, including by refusing to vacate or retreat from the Tent.

(c)   No Person shall refuse to remove any barrier, string, wire, rope, chain or other attachment that violates Subsection 8., or willfully resist, delay or obstruct a City employee from deconstructing, taking down, moving, removing, impounding or discarding the barrier, string, wire, rope, chain or other attachment, including by refusing to vacate or retreat from an obscured area created by the attachment.

(d)   No Person shall willfully resist, delay or obstruct a City employee from removing or discarding a Bulky Item Stored in violation of Subsection 3.(i), including by refusing to vacate or retreat from within the Bulky Item or from an obscured area created by the Bulky Item.

(e)   If Subsection 3.(j) becomes operative by resolution in any area of the City, no Person shall willfully resist, delay or obstruct a City employee from removing or impounding any Personal Property that exceeds the limit on Essential Personal Property.

(f)   A violation of Subsection 9. prohibiting illegal dumping.

11.   **Designated Administrative Agency.**  The City's Department of Public Works, Bureau of Sanitation, is hereby charged with serving as the Designated Administrative Agency (DAA), for the purposes of this ordinance.  The DAA shall promulgate rules, protocols and procedures for the implementation and enforcement of this ordinance, consistent with the provisions herein.

12.   **Severability.**  If any subsection, sentence, clause or phrase of this article is for any reason held to be invalid or unconstitutional by a court of competent jurisdiction, such decision shall not affect the validity of the remaining portions of this ordinance.  The City Council hereby declares that it would have adopted this section, and each and every subsection, sentence, clause and phrase thereof not declared invalid or unconstitutional, without regard to whether any portion of the ordinance would be subsequently declared invalid or unconstitutional.

9

# EXHIBIT 2

# LOS ANGELES MUNICIPAL CODE 56.11 STANDARD OPERATING PROTOCOLS

**DESIGNATED ADMINISTRATIVE AGENCY ("DAA") LOS ANGELES SANITATION**



*Amended*
*September 2018*

11

CTY004209

# LOS ANGELES MUNICIPAL CODE 56.11

# STANDARD OPERATING PROTOCOLS

## Designated Administrative Agency ("DAA")

# LOS ANGELES SANITATION

ENRIQUE C. ZALDIVAR,
Director/LA Sanitation

By _____

Date ___4/7/16___

12

## Table of Contents

METHODOLOGY & PROCEDURES .......................................................................................................... 3

PROCEDURE #1 – Referrals and Service Requests ................................................................ 3

PROCEDURE #2 – Homeless Encampment Clean-up Authorization ................................ 4

PROCEDURE #3 – Public Area Cleaning .................................................................................. 6

PROCEDURE #4 – Personal Property Obstructing City Operations .............................. 10

PROCEDURE #5 – Personal Property Obstructing ingress/egress, and/or ADA Passage .................................................................................................................................... 11

PROCEDURE #6 – Individuals Storing Personal Property in Public Areas with a Posted Closure Time or otherwise Trespassing in Posted Public Property ................ 14

PROCEDURE #7– Health & Safety Hazards .......................................................................... 17

PROCEDURE #8– Evidence of a Crime or Contraband ...................................................... 19

PROCEDURE #9A – Bulky Items (non-shelter) ................................................................... 20

PROCEDURE #9B – Bulky Items (structures) ...................................................................... 22

PROCEDURE #10 – Tents and Attachments ......................................................................... 24

TERMINOLOGY .............................................................................................................................. 28

APPENDIX 1 – Major Cleaning Notice .................................................................................... 30

APPENDIX 2 – Bulky Item Structure Postings .................................................................... 32

APPENDIX 3 – Health Hazard Sheet ....................................................................................... 35

APPENDIX 4 – Non-Infectious Certificate ............................................................................ 38

APPENDIX 5 – Post-Removal Notice ....................................................................................... 40

13

CTY004211

## INTRODUCTION

The City of Los Angeles is responsible for the maintenance of sidewalks and other public areas owned, managed or maintained by the City. These public areas must remain safe, clean, sanitary and accessible for public use by all individuals. To promote general public health and safety of all public areas, while balancing the needs of the City's population, at all levels, the City recently made amendments to the City of Los Angeles Municipal Code (LAMC) 56.11 to regulate any personal property disposed, left or stored in public areas.

These protocols outline the operating guidelines, designation of tasks, and scope of work for regulating the storage of personal property in public areas and the allowance for the impoundment of such property, after the provision of notice, as provided for in LAMC 56.11.

## BACKGROUND

LAMC 56.11 regulates storage of property on the City's public right-of-way, defined by LAMC 56.11 as including sidewalks, alleys, and streets. The Ordinance's Declaration of Legislative Intent states, in part, that the unauthorized use of public areas for the storage of personal property interferes with the rights of other members of the public to use public areas for their intended purposes and can create a public health or safety hazard that adversely affects residential and commercial areas. The purpose of LAMC 56.11 is to maintain public areas in clean, sanitary and accessible condition for all.

## DESIGNATED ADMINISTRATIVE AGENCY, LAMC 56.11.11

Los Angeles Sanitation (LASAN) serves as the Designated Administrative Agency ("DAA") under the ordinance. The DAA shall promulgate rules, protocols and procedures for the implementation and enforcement of this ordinance, consistent with the provisions herein. The DAA is authorized to make administrative and ministerial revisions to these protocols, and/or forms and posting notices as needed to address unanticipated scenarios or any amendments to LAMC 56.11 or applicable codes or statutes.

## CITY ATTORNEY REVIEW

The City Attorney's Office has reviewed the following LAMC 56.11 protocols for conformity with the Ordinance and subsequent amendments.

CTY004212

## METHODOLOGY & PROCEDURES

### PROCEDURE #1 – Referrals and Service Requests

Los Angeles Sanitation (LASAN), Customer Care Center receives referrals and
service requests to remove illegal dumping and address sanitary conditions of
public areas involving discarded personal property throughout the City. Referrals
may be submitted to LASAN by Council Offices, the Mayor's Office, LAPD,
Neighborhood Councils, 311 Call Center, governmental agencies, businesses,
business improvement districts, and the general public.

**LEAD DEPARTMENT**: LASAN
**PRIMARY SUPPORT**: LAPD
**SECONDRY SUPPORT**: BSS, GSD, LADOT, RAP

*Illegal Dumping Service Request Protocol*
> *Step #1a* – Reports of illegal dumping involving a suspected responsible
> party shall be referred to LASAN Environmental Compliance Officers for
> investigation.

> *Step #1b* – Reports of illegal dumping with an unidentified responsible
> party shall be immediately directed to LASAN for scheduled removal. If
> hazardous materials are involved, the report will be referred to an
> Environmental Compliance Officer.

> *Step#2* – Illegally dumped items in public areas shall be removed by
> LASAN.

*Homeless Encampment Referral Protocol*
> For requests of Homeless Encampments clean-ups, see Procedure #2.

CTY004213

**PROCEDURE #2 – Homeless Encampment Clean-up Authorization**

Upon data entry, a Homeless Encampment clean-up authorization number is created and assigned to the designated location. The following process must be completed in order for full approval of the authorization to commence the clean-up operation.

**LEAD DEPARTMENT**: LASAN
**PRIMARY SUPPORT**: LAHSA or OHSP
**SECONDARY SUPPORT**: LAPD, BSS, GSD, LADOT, RAP

*Homeless Encampment Clean-up Authorization Protocol*

*Step #1* – **REFERRAL:** LASAN will initiate the Homeless Encampment clean-up authorization process by verifying the encampment and its location including City owned, managed, or maintained property, and by taking photographic evidence of the location. LASAN will then submit the information into a Homeless Encampment data management system. The required information fields consist of, but are not limited to the following:

1. Address and/or cross street locations of the homeless encampment (or closest address);
2. Description of the encampment(s), including photographs of the encampment;
3. Additional location description (i.e. alley, under bridge, on overpass, etc.),
4. Date location visited /assessed.

*Step #2* – **LAHSA AUTHORIZATION**: Outreach to the homeless individuals in the area will be conducted by the Los Angeles Homeless Services Authority (LAHSA) or Other Homeless Service Provider (OHSP) to inform the homeless residents of the upcoming clean-up efforts and the requirement to relocate both themselves and their possessions from the clean-up areas prior to the clean-up date/time. During these visits, LAHSA or the OHSP shall offer available assistance and social services to the homeless in the designated area. Upon completion of the visits, LAHSA will sign off on the authorization.

*Step #3* – **LASAN – CHIEF ECO Authorization**: Once LAHSA or OHSP has signed off, the authorization shall be reviewed and approved by the LASAN —Chief Environmental Officer, or his/her designee.

CTY004214

*Step #4* – **BOARD OF PUBLIC WORKS AUTHORIZATION**: The
President of the Board of Public Works or designated commissioner shall
review and approve the clean-up. The authorization is valid for up to 90
days from BPW approval or through completion of the clean-up at the
location, whichever comes first.

*Step #5* – **HOMELESS ENCAMPMENT CLEAN-UP SCHEDULING**:
LASAN shall program and schedule encampment clean-ups.

*Step #6* – **NOTICING**: As required in Procedure #3, a notice will be posted
at the clean-up location a minimum of 24 hours in advance of the clean-up
date/time (See Appendix 1). The posted notice shall be photographed by
LASAN to document the notification of the pending clean-up. The Notice
shall be valid for only 72 hours from posting. If the encampment clean-up
cannot commence within 72 hours from posting, then a new posting must
re-occur before the clean-up may commence.

*Step #7* – **DOCUMENTATION**: The Designated LASAN Employee
overseeing the clean-up shall document the clean-up, health hazard
assessments and impounded property.

17

CTY004215

**PROCEDURE #3 – Public Area Cleaning**
A public area clean-up is a cleaning performed when an area is identified as
having unsafe or poor health conditions. If there is a Homeless Encampment in
the area, the following protocol will be followed, after authorization is approved in
accordance with **Procedure #2**.

**LEAD DEPARTMENT**: LASAN
**PRIMARY SUPPORT**: LAPD
**SECONDARY SUPPORT**: LAHSA or OHSP, BSS, GSD, LADOT, LAFD, RAP

*Public Area Cleaning Protocol:*

*Step #1* – The LASAN Coordinator shall verify the Homeless Encampment
Clean-Up Authorization is approved. Once approved the LASAN
Coordinator shall coordinate the notice postings and clean-up date/time.

*Step #2* – The Designated LASAN Employee, shall post the notice (See
Appendix 1) at the clean-up location a minimum of 24 hours in advance of
the official clean-up date/time and the clean-up shall commence no later
than 72 hours after posting. The notice should be photographed as
documentation.

*Step #3* – Prior to commencing the clean-up, if LASAN is made aware that
there is no available capacity for involuntary storage, LASAN will not
proceed with the removal of personal property.

*Step #4* – At the time of arrival, if it is raining and/or the temperature is
below 50 degrees Fahrenheit, LASAN shall consider whether to postpone
the clean-up after consultation with LASAN Management.

*Step #5* - City crews from LASAN and LAPD shall meet at each clean-up
location and conduct a safety meeting. LASAN shall be the lead agency
for the clean-ups, including closing that portion of the sidewalk and
adjoining street necessary to effectuate the clean-up. LAPD may provide
site security and traffic control for the clean-up teams. All individuals in the
clean-up area will be given up to **15 minutes** to take their Personal
Property and vacate the area. If the person(s) is physically or mentally-
impaired and incapable of effectuating the removal of their personal
property, LAHSA or OHSP will be contacted to assist.

CTY004216

*Step #6* – A Designated LASAN Employee shall inspect all property left in the clean-up area for health and safety hazards. Health and safety hazards, shall be documented, removed, and transported to an authorized disposal facility by LASAN in accordance with Procedure #7. LAPD will remove any weapons, ammunition, and explosives. The health and safety hazards shall be documented on the Hazard Determination sheets by LASAN staff (See Appendix #3).

*Step #7* - A Designated LASAN Employee may remove Unattended Personal Property in the clean-up area only if it complies with the following procedure:

1) Pre-Removal Notice was posted as required by LAMC Section 56.11;

2) The removal shall occur no less than 24 hours after the posting of the pre-removal notice, and no more than 72 hours after the posting of pre-removal notice;

3) Written or photographic evidence shall be prepared which documents the general description and location of the Personal Property;

4) The Personal Property shall be bagged and tagged for identification purposes;

5) The Personal Property shall be delivered to a 90 day storage facility; and

6) A Post-Removal Notice shall be left at the place from which the Personal Property was removed.

*Step #8* – A Designated LASAN Employee may remove Attended Personal Property in the clean-up area only if it complies with the following procedure:

1)   Pre-Removal Notice was posted as required by LAMC Section 56.11;

2)   The removal shall occur no less than 24 hours after the posting of the Pre-Removal Notice, and no more than 72 hours after posting of Pre-Removal Notice;

3)   Individuals can voluntary dispose of any items with LASAN;

4)   LASAN may provide a bag or other container capable of containing 60 gallons worth of Personal Property to the owner of the Personal Property;

5)   LASAN shall direct the owner that he or she will have up to 15 minutes to place into the bag or container up to 60 gallons worth of Personal Property;

6)   If the owner refuses to or does not place Personal Property into the container within the 15 minute period, LASAN shall remove all property as excess personal property.

7)   For Excess Personal Property, LASAN shall prepare written or photographic evidence which documents the general description and location of the Excess Personal Property;

8)   The Excess Personal Property shall be bagged and tagged for identification purposes;

9)   The Excess Personal Property shall be delivered to a 90 day storage facility; and

10)  A Post-Removal Notice shall be left at the place from which the Excess Personal Property was removed or given to the owner.

*Step #9* - If an individual fails to comply with a Designated LASAN Employee's directive, or willfully resists, delays or obstructs a Designated LASAN Employee from moving, removing, or impounding  Personal Property, the Designated LASAN Employee shall request support from law enforcement and law enforcement will proceed within their established Departmental protocols.

*Step #10* - If an individual is physically impaired and the impairment limits compliance with a Designated LASAN Employee directives regarding LAMC Section 56.11, LASAN may assist the individual with compliance or may contact LAHSA or OHSP to assist.

If an individual is mentally impaired and the impairment makes incomprehensible compliance with instructions from a Designated LASAN Employee regarding LAMC Section 56.11, LASAN shall contact LAHSA or OHSP for assistance.

*Step # 11* – If at any time, a City Employee believes that an individual poses a danger to himself, herself or another, including a danger to the City Employee, the City Employee shall request law enforcement assistance.

*Step #12* - (**If required**) LASAN Vactor Truck may pressure-wash the sidewalks, parkways, street gutters, and inlets of storm drain catch basins. The generated water shall be recovered and disposed of to the sanitary sewer.

*Step #13-* (**If required**) LASAN (or designated contractor) may disinfect the washed areas with a sprayed solution of bleach and water that meets Center for Disease Control standards for disinfection.

*Step #14* – A Designated LASAN Employee shall document and photograph clean-up activities. Any human waste removal and disposal by LASAN will require the completion and signature of a non-infectious certification form by a Designated LASAN Employee (See Appendix #4).

CTY004219

**PROCEDURE #4 – Personal Property Obstructing City Operations**
At any time in which City operations for maintenance or construction are obstructed by personal property in a public area. A City Employee may temporarily move the personal property.

**LEAD DEPARTMENT: ALL CITY DEPARTMENTS**
**PRIMARY SUPPORT**: LAPD, LASAN
**SECONDARY SUPPORT**: LAHSA or OHSP, BSS, GSD, LADOT, LADWP, LAFD, RAP

**ENFORCEMENT AUTHORITY:**
LAMC 56.11.3(c) property obstructing City operations

*Property Obstructing City Operations Protocol:*
*Step #1a* – When personal property is unattended, the City Employee may temporarily move the obstructing property. If there are issues, please proceed to *Step #3* in the process.

*Step #1b* – When the obstructing property is attended, the City Employee shall direct the individual(s) to move the property as to not obstruct City operations, maintenance and clean ups. All individuals will be given up to **15 minutes** to vacate the area. If the person(s) is physically or mentally-impaired and incapable of effectuating the removal of their personal property, LAHSA or OHSP will be contacted to assist.

*Step #2* - If the individual fails to comply with a City Employee's directive, or willfully resists, delays or obstructs a City Employee from moving, removing, move the obstructing property, they will be deemed as "non-compliant". The City Employee shall contact the LAPD for assistance.

*Step #3* - In situations where there is no feasible place to temporarily place obstructing property or the amount of personal property is in excess of the volume of a 60-gallon container with the lid closed, the City Employee shall contact LASAN for assistance. A Post-Removal notice shall be provided for all personal property taken to a 90-day storage facility pursuant to LAMC 56.11.4.(b).

*Step #4* - For any obstructing property that was temporarily moved for City operations or maintenance, the City Employee shall return the property to the original location after the completion of the work.

CTY004220

## PROCEDURE #5 – Personal Property Obstructing ingress/egress, and/or ADA Passage

Without Pre-Removal Notice, a Designated LASAN Employee may move, and when necessary, remove Personal Property in a Public Area that is a) Stored within ten feet of any operational and utilizable entrance, exit, driveway or loading dock; or b) Stored in a manner that does not allow for passage required by the Americans With Disabilities Act, which generally requires clearance of at least 36 inches on the sidewalk.

**LEAD DEPARTMENT**: LAPD

**PRIMARY SUPPORT:** LASAN

**SECONDARY SUPPORT**: LAHSA or OHSP, BSS, GSD, LADOT, LADWP, LAFD, RAP

### ENFORCEMENT AUTHORITY:

LAMC 56.11.3(e) person(s) are prohibited from storing property within ten feet of an operational and utilizable entrance, exit, driveway or loading dock
LAMC 56.11.3(d) property blocking passage as required by ADA
LAMC 41.18(a) person(s) blocking streets, sidewalks, or other public ways

*Obstructing Personal Property Protocol:*

*Step #1* – Obstructing Personal Property, Unattended or Attended, may be checked for health and safety hazards, in accordance with Procedure #7.

*Step #2* - A Designated LASAN Employee may remove Unattended Personal Property that is stored within ten feet of an operational and utilizable entrance, exit, driveway or loading dock and/or is impacting ADA compliance pursuant to the following procedure:

1)   Pre-Removal Notice is not required to move obstructing Personal Property described above;

2)   Written or photographic evidence shall be prepared which documents the general description and location of the removed Personal Property;

3)   The removed Personal Property shall be bagged and tagged for identification purposes; and

CTY004221

4)      The removed Personal Property shall be delivered to a 90 day storage facility; and

*Step #3* - A Designated LASAN Employee may remove Attended Personal Property that is stored within ten feet of an operational and utilizable entrance, exit, driveway or loading dock and/or is impacting ADA compliance pursuant to the following procedure:

1) Upon being directed, the owner of the Personal Property will have up to 15 minutes to move the Personal Property so not to a) obstruct an area within ten feet of any operational and utilizable entrance, exit, driveway or loading dock; or b) obstruct the clearance of at least 36 inches for safe passage;

2) If the owner refuses to or does not move the Personal Property as requested, the Designated LASAN Employee may remove the Personal Property;

3) If an individual fails to comply with a directive, or willfully resists, delays or obstructs a Designated LASAN Employee from moving, removing, or impounding Personal Property, the Designated LASAN Employee shall request support from law enforcement and law enforcement will proceed within their established Departmental protocols.

4) If an individual is physically impaired LASAN shall assist the individual with compliance or may contact LAHSA or OHSP to assist.

   If an individual is mentally impaired and the impairment makes incomprehensible compliance with instructions from a City Employee regarding LAMC Section 56.11, LASAN shall contact LAHSA or OHSP for assistance.

5) If at any time, a City Employee believes that an individual poses a danger to himself, herself or another, including a danger to the City Employee, the City Employee shall request law enforcement assistance.

6) If the Personal Property cannot feasibly be moved by the owner to another part of the block on which it was located without

CTY004222

alleviating the obstruction, the Personal Property may be removed;

7) Written or photographic evidence shall be prepared which documents the general description and location of any removed Personal Property;

8) The removed Personal Property shall be bagged and tagged for identification purposes;

9) The removed Personal Property shall be delivered to a 90 day storage facility; and

10) A Post-Removal Notice shall be left at the place from which the Personal Property was removed or given to the owner.

CTY004223

**PROCEDURE #6 – Individuals Storing Personal Property in Public Areas
with a Posted Closure Time or otherwise Trespassing in Posted Public
Property**

LAMC 56.11.3.(f) provides that no person shall Store Personal Property in a
Public Area that has a clearly posted closure time, after the posted closure time.
Without prior notice, the City may remove and impound personal property,
whether Attended or Unattended, provided the property may not be removed until
after the posted closure time or unauthorized location.

**LEAD DEPARTMENT**: City Departments overseeing impacted property
**PRIMARY SUPPORT**: LAPD, LASAN
**SECONDARY SUPPORT**: LAHSA or OHSP, BSS, GSD, LADOT, LADWP,
LAFD, RAP

**ENFORCEMENT AUTHORITY** (In addition to local & State codes)
LAMC 56.11.3.(f) No Person shall Store in a Public Area that has a clearly
posted closure time.
LAMC 61.07.(i) No person shall fail to comply with any valid order issued by a
public officer.

*Personal Property Stored in a Public Areas after a Posted Closure Time or
unauthorized location Protocol*

*Step #1* – If Attended the responsible City Department shall direct the
individual to move from the closed area. The Law Enforcement Officer
may then call LASAN for health hazard assessment assistance, if
necessary.

*Step #2* – As to both Unattended and Attended Personal Property, a City
Employee shall contact LASAN to proceed to remove the Personal
Property for storage. After the property is checked for health and safety
hazards, the property may be removed and stored in accordance with
Procedure #7.

*Step #3* - A Designated LASAN Employee may remove Unattended
Personal Property in a Public Area subject to a specified closing time by
complying with the following procedure:

1)      The City Employee confirms that a notice containing the
closing time is clearly posted in the area where the Personal

Property is stored and the impoundment begins after the posted closing time;

2)    Written or photographic evidence shall be prepared which documents the general description and location of the Personal Property;

3)    The Personal Property shall be bagged and tagged for identification purposes;

4)    The Personal Property shall be delivered to a 90 day storage facility; and

5)    A Post-Removal Notice shall be left at the place from which the Personal Property was removed.

*Step # 4-* A Designated LASAN Employee may remove Attended Personal Property in a Public Area subject to a specified closing time or unauthorized location by complying with the following procedure:

1)    The Designated LASAN Employee confirms that a notice containing the closing time is clearly posted in the area where the Personal Property is stored and impoundment begins after the posted closing time;

2)    The Designated LASAN Employee shall provide a bag or other container capable of containing 60 gallons worth of Personal Property to the owner of the Personal Property;

3)    The Designated LASAN Employee shall direct the owner that the Public Area is closed or is about to be closed and that he or she has up to 15 minutes to place into the container up to 60 gallons worth of Personal Property and leave the Public Area with the container;

5)    If the owner refuses to or does not place Personal Property into the container within the 15 minute period, the Designated LASAN Employee may remove the Personal Property;

CTY004225

6)   The Designated LASAN Employee shall prepare written or photographic evidence which documents the general description and location of the Personal Property;

7)   The Personal Property shall be bagged and tagged for identification purposes;

8)   The Personal Property shall be delivered to a 90 day storage facility; and

9)   A Post-Removal Notice shall be left at the place from which the Personal Property was removed or given to the owner.

*Step #5* - If an individual fails to comply with a Designated LASAN Employee directive, or willfully resists, delays or obstructs a Designated LASAN Employee from moving, removing, or impounding   Personal Property, the Designated LASAN Employee shall request support from law enforcement and law enforcement will proceed within their established Departmental protocols.

*Step #6* - If an individual is physically impaired and the impairment limits compliance with a Designated LASAN Employee's directives regarding LAMC Section 56.11, the Designated LASAN Employee shall offer to assist the individual with compliance or may contact LAHSA or OHSP to assist.

If an individual is mentally impaired and the impairment makes incomprehensible compliance with instructions from a Designated LASAN Employee regarding LAMC Section 56.11, the Designated LASAN Employee shall contact LAHSA or OHSP for assistance, and shall continue with the clearing the area.

*Step #7* – If at any time, a City Employee believes that an individual poses a danger to himself, herself or another, including a danger to the City Employee, then the City Employee shall request law enforcement assistance.

CTY004226

**PROCEDURE #7– Health & Safety Hazards**

The purpose of this protocol is to document the protocols and procedures for the field staff of the LASAN Environmental Enforcement & Emergency Response Unit field staff. The protocol outlines how LASAN Environmental Compliance Officers determine the health hazard potential of the personal property, item(s) or substance(s) found in the public right-of-way. The Compliance Officer will ultimately determine if the property, item or substance poses any potential health risk(s) and requires removal and disposal.

**LEAD DEPARTMENT:** LASAN
**PRIMARY SUPPORT:** LAPD
**SECONDARY SUPPORT:** LAHSA or OHSP, LAPD, BSS, GSD, LAFD, LADOT, RAP

**ENFORCEMENT AUTHORITY**

LAMC 56.11.3.(f) immediate threat to health or safety of the public
LAMC 64.70.05.A. authority to inspect
LAMC 64.70.05.B.6 to abate, correct or prevent pollutants from entering storm drain

Materials are considered to be health hazards when there is statistically significant evidence based on at least one study conducted in accordance with established scientific principles that acute or chronic health effects may occur in exposed persons. Health and safety hazards shall be removed immediately. Notice posting (informing the public of the violation) is not required. If a person refuses to relinquish substances or materials deemed health or safety hazards, law enforcement will proceed with their established protocol. Health or safety hazards shall be documented and removed by LASAN and transported to an authorized disposal facility immediately.

*Health Hazard Assessment Protocol*

*Step #1* – The Designated LASAN Employee shall walk sidewalks, streets, parkways and other public right-of-ways to visually identify items which may pose a health hazard.

*Step #2* - LASAN Environmental Compliance Officers shall visually identify flammable, toxic, reactive, and corrosive substances.

CTY004227

*Step #3* - Utilizing the Field Checklist in Appendix 3, the Environmental Compliance Officer will determine the health hazard potential of the item or substance as well as whether the item or substance poses any potential health risk. The Environmental Compliance Officer can use the back of the form "List of Hazardous Materials/Waste and Potentially Hazardous Materials" as reference for health hazard assessments. If any item or substance meets any of the descriptions on the list, then the item or substance may be deemed hazardous (see Appendix #3).

*Step #4* - If the item is a health hazard or a potential health hazard and is made of fabric, wood, or other permeable substances, the item shall be removed by LASAN (or designated contractor) for disposal. LASAN (or designated contractor) shall also remove all biohazard items (e.g., contaminated with blood, human waste, etc.). LASAN Solid Resources shall place the item on a vehicle and transport to an authorized disposal facility.

*Step #5* - If the item is a health hazard or potential health hazard and is made of metal, glass, or any other non-permeable substance, the object may be disinfected.

*Step #6* - If the item is a sharp, the Environmental Compliance Officer will use the appropriate equipment and tools to remove the sharps and place them in a sharps container for disposal.

*Step #7* - LASAN Environmental Compliance Officers shall document on the Health Hazard Determination form each of the hazardous item(s) or substance(s), check off the applicable box(es) on the sheet, and fill in the date, time, and location information. The Environmental Compliance Officer shall sign the form and photograph the item(s) to be destroyed.

*Step #8* – If those instances when the hazardous materials are Attended, to the extent appropriate, LASAN will work with the individual to remove the hazardous materials. If the individual fails to comply with LASAN directives, or willfully resists, delays, or obstructs a Designated LASAN Employee from removing the hazardous materials, the Designated LASAN Employee shall request support from law enforcement and law enforcement will proceed within their established Departmental protocols and LASAN will proceed with the cleanup and removal of the items.

## PROCEDURE #8– Evidence of a Crime or Contraband

Evidence of a crime or contraband may be immediately removed without notice posting. LAPD may take possession of the evidence or contraband in accordance with established Departmental procedures and the law.

**LEAD DEPARTMENT**: LAPD OR OTHER LAW ENFORCEMENT
**PRIMARY SUPPORT**: LASAN
**SECONDARY SUPPORT**: BSS, GSD, LADOT, LAFD, RAP,

### ENFORCEMENT AUTHORITY

LAMC 56.11.3.(h) no person shall Store any Personal Property in a Public Area if the Personal Property constitutes an evidence of a crime or contraband.

*Evidence of a Crime or Contraband Protocol*

*Step #1* - Whenever a City Employee comes into contact with property that may be evidence of a crime or is criminal contraband, whether Unattended or Attended, the City Employee shall contact LAPD or other Law Enforcement agency.

*Step #2* - The City Employee shall then step away and wait for Law Enforcement resources to arrive.

*Step #3* - Law enforcement will proceed with their established departmental protocols.

CTY004229

**PROCEDURE #9A – Bulky Items (non-shelter)**
In accordance with LAMC 56.11, Bulky items are placed into one of two categories and treated distinctly;

**A. LAMC 56.11.3.(i) Bulky Items (non-shelter) placed in Public Areas**
Bulky items are defined as any item possessing size and/or shape which will not allow the item to fit into a 60-gallon receptacle with the container lid closed. Bulky items generally include but are not limited to mattresses, appliances, furniture, shed, structures, non-operational bicycles, and construction materials. An exception has been established for Tents, wheelchairs, walkers, containers of a volume not exceeding 60 gallons, crutches, and bicycle if operational.

**LEAD DEPARTMENT**: LASAN
**PRIMARY SUPPORT**: LAPD
**SECONDARY SUPPORT**: LAHSA or OHSP, BSS, GSD, LADOT, LAFD, RAP

*Bulky Item Protocol A. (non-structures)*
*Step #1* – Identification or referral of an LAMC 56.11 defined Bulky Item. *Note: LAMC 56.11.3.(i) allows immediate removal of bulky items without notice posting. Non-electronic Bulky items may be disposed as trash or rubbish. Electronic bulky items which fall under the classification of E-waste (a universal waste) shall be specifically disposed of in accordance with 40 CFR.*

*Step #2a* - Unattended bulky items placed in public areas may be removed immediately by LASAN or City Employee in accordance with LAMC 56.11.3.(i).

*Step #2b* – For the removal of the items(s) or Attended bulky items, LASAN will work with the individual(s) to allow for the removal of the items. If the person(s) is physically or mentally-impaired and incapable of effectuating the removal of the item(s), LAHSA or OHSP will be contacted to assist.

*Step #2c* - Bulky Items that are Attended or associated with other personal property in public areas, shall be assessed by a Designated LASAN Employee prior to removal. If the bulky item is not picked up based on the assessment, the Designated LASAN Employee or City Employee shall follow Procedure #3 for Public Area Cleaning.

CTY004231

**PROCEDURE #9B – Bulky Items (structures)**

Bulky items which are designed to be used as shelters (i.e. structures), but do not constitute a tent, on public property are prohibited and may be removed after the structure has been posted a minimum of 24 hours in advance. (See Appendix 2 for approved 24-hour Pre-Removal posting notice). The notice shall be attached by LASAN to the bulky item (structure). Photographs shall be taken of each posting and structure. After the 24-hour posting period, the structures shall be disassembled and removed for immediate disposal by LASAN.

**LEAD DEPARTMENT**: LASAN
**PRIMARY SUPPORT**: LAPD
**SECONDARY SUPPORT**: LAHSA or OHSP, BSS, GSD, LADOT, LAFD, RAP

*Bulky Item Protocol B. (structures)*
*Step #1* - If a Bulky Item Stored in a Public Area is designed to be used as a shelter but does not constitute a Tent, a Designated LASAN Employee may only remove and discard the Bulky Item if it complies with the following:

1) A Pre-Removal Notice shall be posted conspicuously on or near the Bulky Item (shelter). The posted Pre-Removal Notice should be photographed by a Designated LASAN Employee;

2) The Bulky Item (shelter) may be removed no less than 24 hours but no more than 72 hours after the posting of the Pre-Removal Notice;

3) If the Bulky Item (shelter) is occupied, a Designated LASAN Employee shall direct any occupant to vacate the Bulky Item (shelter);

4) If any occupant refuses to vacate the Bulky Item (shelter), the Designated LASAN Employee should contact law enforcement for assistance and law enforcement shall proceed within their established Departmental protocols;

5) If any and all occupants of the Bulky Item (shelter) vacate at the direction of a Designated LASAN Employee, LASAN may provide a 60-gallon bag or other container and direct the individual that he or she has up to 15 minutes to place 60 gallons of Personal Property into the bag or container;

CTY004232

6) All Personal Property may be removed, after compliance with Procedure #7 (Health and Safety Hazards);

7) Written or photographic evidence shall be prepared which documents the general description and location of the Excess Personal;

8) The Excess Personal Property shall be bagged and tagged for identification purposes;

9) The Excess Personal Property shall be delivered to a 90 day storage facility; and

10) Post-Removal Notice as to the Personal Property removed from the Bulky Item (shelter), shall be provided pursuant to 56.11.4(b).

*Step #2* - If an individual fails to comply with a Designated LASAN Employee directive, or willfully resists, delays or obstructs a Designated LASAN Employee from moving, removing, or impounding Personal Property, the Designated LASAN Employee shall request support from law enforcement and law enforcement will proceed within their established Departmental protocols.

*Step #3* - If an individual is physically impaired and the impairment limits compliance with a Designated LASAN Employee's directives regarding LAMC Section 56.11, the Designated LASAN Employee shall offer to assist the individual with compliance or may contact LAHSA or OHSP to assist.

If an individual is mentally impaired and the impairment makes incomprehensible compliance with instructions from a Designated LASAN Employee regarding LAMC Section 56.11, the Designated LASAN Employee shall contact LAHSA or other OHSP for assistance, and proceed with the cleanup.

*Step # 4* - If at any time, a City Employee believes that an individual poses a danger to himself, herself or another, including a danger to the City Employee, the City Employee shall request law enforcement assistance.

*Step #5* - Animals in the Bulky Item (shelter) may be removed by Animal Control.

CTY004233

## **PROCEDURE #10 – Tents and Attachments**

Pursuant to LAMC 56.11.8(a), no person shall attach any Personal Property to any public property without consent.  Pursuant to 56.11.8(b), no person shall attach any Personal Property to any private property if the Attachment creates an obstruction on or across any street or pedestrian walkway, including a sidewalk. In addition, pursuant to LAMC 56.11.7, no person shall erect a Tent in any Public Area from 6 a.m. to 9 p.m., except when raining and/or the temperature is below 50 degrees Fahrenheit.    LAPD shall enforce the immediate disassembly, deconstruction, folding, and removal of Tents during those hours, without the necessity of posting notices (informing the public of the violation). If a person refuses to comply with a legal order from a peace officer, law enforcement will proceed within their established protocols.

**LEAD DEPARTMENT**: LAPD
**PRIMARY SUPPORT**: LASAN
**SECONDARY SUPPORT**: LAHSA or OHSP, BSS, GSD LADOT, LAFD, RAP

In accordance with LAMC 56.11.7, no Tents shall be erected, configured or constructed in Public Areas between the hours of 6 a.m. and 9 p.m., unless it is raining and/or the temperature is below 50 degrees Fahrenheit. Any Tent must be taken down, folded, deconstructed and put away by 6 a.m. of each day. A folded/deconstructed tent can be placed to the side of the sidewalk without obstructing safe passage and access.

*Tent Protocol*
*Step #1* - At the time of arrival, if it is raining and/or the temperature is below 50 degrees Fahrenheit, the Designated City Employee shall postpone action.

Step #2 - A Designated City Employee may deconstruct any Attended Tent erected during the hours of 6 a.m. to 9:00 p.m. (unless it is raining or the temperature is below 50 degrees Fahrenheit) if the Designated City Employee complies with the following;

   1)    If the Tent is occupied, the Designated City Employee shall direct any occupant to vacate the Tent;

   2)    If any and all occupants vacate the Tent, the Designated City Employee shall advise the owner that he or she will have up to 15 minutes to deconstruct the Tent;

CTY004234

3) If any occupant of the Tent refuses to vacate the Tent, the Designated City Employee should contact law enforcement for assistance and law enforcement shall proceed within their established Departmental protocols;

*Step #3* - If an individual fails to comply with the directive, or willfully resists, delays or obstructs a Designated City Employee from taking down or deconstructing a Tent, the Designated City Employee shall request support from law enforcement and law enforcement will proceed within their established Departmental protocols.

*Step #4* - If an individual is physically impaired and the impairment limits compliance with a Designated City Employee's directives regarding LAMC Section 56.11, the Designated City Employee shall offer to assist the individual with compliance or may contact LAHSA or OHSP to assist.

If an individual is mentally impaired and the impairment makes incomprehensible compliance with instructions from a Designated City Employee regarding LAMC Section 56.11, the Designated City Employee shall contact LAHSA or OHSP for assistance, and shall continue with the clean-up.

*Step #5* – If at any time, a City Employee believes that an individual poses a danger to himself, herself or another, including a danger to the City Employee, the City Employee shall request law enforcement assistance.

*Step #6* - Without notice, a Designated City Employee may deconstruct any erected Unattended Tent during the hours of 6:00 a.m. and 9:00 p.m. unless it is raining and/or the temperature is below 50 degrees Fahrenheit. Once deconstructed, the Tent shall be removed, bagged, tagged, and stored, unless it is a health hazard. If a health hazard, LASAN shall remove the Tent in conformance with Procedure #7. The personal property in the Tent shall be removed following proper personal property protocols. A post removal notice shall be posted.

Step #7 – The personal property around the Tent shall not be removed unless they are a health hazard or violate ADA safe passage or access to property. If removed, proper personal property protocols will be followed.

#### Attachment Protocol

In accordance with Los Angeles Municipal Code 56.11.8, no Attachment shall be erected on public property, and no Attachment shall be erected on private property in such a manner as to create an obstruction on or across any Street or area where the public may travel.

*Step #1* - A Designated City Employee may remove any <u>Attended Attachment to public property</u> only as set forth below:

CTY004235

    1)     The Designated City Employee shall direct the owner that he or she has up to 15 minutes to remove the Attachment;

    2)     If the owner refuses to or does not remove the Attachment, a Designated City Employee may remove the Attachment; and

    3)     Any Personal Property contained around the Attachment shall not be removed unless they are a health hazard or violate ADA safe passage or access to property. If removed, proper personal property protocols will be followed.

*Step #2* - A Designated City Employee may remove any <u>Attended Attachment to private property that creates an obstruction on or across any street or pedestrian walkway, including a sidewalk</u> only as set forth below:

    1)     The Designated City Employee shall advise the owner of the Attachment that he or she will have 15 minutes to remove the Attachment;

    2)     If the owner refuses to or does not remove the Attachment, the Designated City Employee may remove the Attachment; and

    3)     Any Personal Property contained around the Attachment shall not be removed unless they are a health hazard or violate ADA safe passage or access to property. If removed, proper personal property protocols will be followed.

*Step* #3 - If an individual fails to comply with a Designated City Employee directive, or willfully resists, delays or obstructs a Designated City Employee from removing the Attachment(s), the Designated City Employee shall request support from law enforcement and law enforcement will proceed within their established Departmental protocols.

*Step #4* - If an individual is physically impaired and the impairment limits compliance with a Designated City Employee's directives regarding LAMC Section 56.11, the Designated City Employee shall offer to assist the individual with compliance or may contact LAHSA or OHSP to assist.

If an individual is mentally impaired and the impairment makes incomprehensible compliance with instructions from a Designated City Employee regarding LAMC Section 56.11, the Designated City Employee shall contact LAHSA or OHSP for assistance.

*Step #5* – If at any time a City Employee believes that an individual poses a danger to himself, herself or another, including a danger to the City Employee, the City Employee shall request law enforcement assistance.

*Step #6* - A Designated City Employee may remove any <u>Unattended Attachment to public property</u> unless the Attachment was erected pursuant to written permission from the City. Personal Property around the Unattended Attachment shall not be removed unless they are a health hazard or violate ADA safe passage or access to property. If removed, proper personal property protocols will be followed.

Step #7 - A Designated City Employee may remove any <u>Unattended Attachment to private property if the Attachment creates an obstruction on or across any street or pedestrian walkway</u>, including a sidewalk. Personal Property around the Unattended Attachment shall not be removed unless they are a health hazard or violate ADA safe passage or access to property. If removed, proper personal property protocols will be followed.

CTY004237

## TERMINONOLGY

**BSS** – Bureau of Street Services

**BULKY ITEM** – Defined in Los Angeles Municipal Code 56.11as; any item, with exception of a constructed Tent, operational bicycle or operational walker, crutch or wheelchair, that is too large to fit into a 60-gallon container with the lid closed, including, but not limited to, a shed, structure, mattress, couch, chair, other furniture or appliance. A container with a volume of no more than 60 gallons used by an individual to hold his or her Personal Property shall not in itself be considered a Bulky Item.

**CSLA** – Clean Streets Los Angeles also known as the Clean Streets Initiative (CSI)

**DESIGNATED CITY EMPLOYEE** – LAPD or Designated LASAN Employee.

**DESIGNATED LASAN EMPLOYEE** – means the Director of the Bureau of Sanitation of the Department of Public Works of the City of Los Angeles or the duly authorized representatives designated to administer, implement and enforce the provisions of this Protocol (i.e. LASAN Environmental Compliance Officer).

**HOMELESS ENCAMPMENT** – are locations where one or more homeless people live or store personal property in an unsheltered area. (CalEPA, CalRecycle Defined).

**GSD** – Department of General Services

**LADWP** – Los Angeles Department of Water & Power

**LAFD** – Los Angeles Fire Department

**LAHSA** – Los Angeles Homeless Services Authority

**LAPD** – Los Angeles Police Department

**LASAN** – Los Angeles Sanitation

**LAW ENFORCEMENT OFFICER** – Any appointed governmental employee with Peace Officer arrest authority listed under California Penal Code Section 830.

**OHS** – Operation Healthy Streets

**OHSP** - Other Homeless Services Provider

CTY004238

**PERSONAL PROPERTY** – Defined in Los Angeles Municipal Code 56.11, means any tangible property, and includes but is not limited to, goods, materials, merchandise, Tents, tarpaulins, bedding, sleeping bags, hammocks, personal items such as household items, luggage, backpacks, clothing, documents and medication.

**PUBLIC AREA(S)** - Defined in Los Angeles Municipal Code 56.11, means all property that is owned, managed or maintained by the City, except property under the jurisdiction of the Department of Recreation & Parks which is governed by Los Angeles Municipal Code 63.44, and shall include, but is not limited to, any street, medial strip, space, ground, building or structure.

**RAP** – Department of Recreation & Parks

**UNATTENDED** – Defined in Los Angeles Municipal Code 56.11 means no Person is present with Personal Property who asserts or claims ownership over the Personal Property. Conversely, property is considered **"Attended"** if a Person is present with the Personal Property and the Person claims ownership over the Personal Property.

CTY004239

**APPENDIX 1 – Major Cleaning Notice**

CTY004240

 

# NOTICE: MAJOR CLEANING

## INCLUDES SIDEWALKS, ALLEYS, PARKS, BEACH, PARKING LOTS, AND OTHER PUBLIC ACCESS AREAS

### AN AREA CLEANING WILL COMMENCE AT THIS LOCATION ON:

#### Thursday, March XX, 2015 at 07:00 a.m.

#### PLEASE REMOVE ALL PERSONAL BELONGINGS, INCLUDING BULKY ITEMS BY
#### Thursday, March XX, 2015 by 06:00 a.m.

This effort is designed to clean, improve and maintain a safe environment for the general public. The City may use power wash and street cleaning equipment to clean and disinfect the sidewalks, alleys, parks and other public access areas.

Please remove all personal belongings, including bulky items from sidewalks, alleys, parks, and public access areas. All property remaining will be removed by the City. Property left behind, except for items that pose an immediate threat to public health or safety, trash, and evidence of a crime or contraband, will be collected by the City and kept in a secure location for a period of 90 days during which time it may be retrieved by its rightful owner.

Items collected by the City may be retrieved at:

507 Towne Avenue
Los Angeles, CA 90013
Monday - Friday
(9:30 a.m. - 12:30 p.m. and 1:00 p.m. - 4:00 p.m.)
213-806-6355

The City of Los Angeles greatly appreciates your cooperation as we initiate necessary measures to ensure that your communities are safe and healthy.

April 7, 201                                                                                  Page

CTY004241

**APPENDIX 2 – Bulky Item Structure Postings**

CTY004242



# NOTICE

## STORAGE OF BULKY ITEMS IN THE PUBLIC RIGHT-OF-WAY OR ANOTHER PUBLIC AREA IS

# PROHIBITED

PER SECTION 56.11.(3)(i). Failure to remove this bulky item within 24 hours will subject it to immediate removal and discard. Bulky items moved to another public area can be removed and discarded without notice. Absent an immediate threat to public health or safety, personal property removed from within the bulky item will be maintained in a secured location for 90 days. The rightful owner of items found inside a bulky item may retrieve the personal property at:

**507 S. TOWNE AVE., LOS ANGELES, CA 90013**

For Information, Please Call:

**1-213-806-6355**

POSTING LOCATION _____

POSTING DATE _____, TIME _____, SAN/WPD CASE# _____

Form06111(rev02/208)



# AVISO

## ALMACENAMIENTO DE
## OBJECTOS VOLUMINOSOS EN LA FORMA CORRECTA DE
## PASO PÚBLICO O EN OTRA ÁREA PÚBLICA ES

# PROHIBIDO

Según la Sección 56.11.(3)(i). Si no se retira este artículo voluminoso
dentro de las 24 horas se someta a la eliminación inmediata y
descarte. Los artículos voluminosos se trasladaron a otro público se
puede sacar y desechar sin previo aviso. En ausencia de una amenaza
inmediata para la salud o la seguridad pública, la propiedad personal
retirado desde el interior del elementos voluminosos se mantendrá
en un lugar seguro durante 90 días. El propietario legítimo de artículos
encontrados dentro de un elemento voluminoso puede recuperar la
propiedad personal en:

### 507 S. TOWNE AVENUE, LOS ANGELES, CA 90013
Para información, llame al:
### 1-213-806-6355

POSTING LOCATION_____

POSTING DATE _____ ,TIME _____ ,SAN/WPD CASE#_____

Form05115(rev02/206)

**APPENDIX 3 – Health Hazard Sheet**

CTY004245

## CITY OF LOS ANGELES
## WATERSHED PROTECTION DIVISION
## HEALTH HAZARD CHECKLIST

Date: _____     Time: _____     Case Number: _____

Location Description: _____

Item Description: _____

**Health Hazard Determination :( check all that apply)**

☐ Toxin / poison _____

☐ Flammable _____

☐ Corrosive _____

☐ Reactive _____

☐ Highly-compressed gas or liquid _____

☐ Motor oil or other petroleum oil _____

☐ Substances listed in Title 22 _____

☐ Substances, wastes, or materials which may have come in contact with a hazardous substance, Health Hazard or infectious agent. _____

☐ Biohazard / infectious / sharp / infested material _____

☐ Contaminated items (see table below)

| Contaminated items that were disposed of | | | | |
|---|---|---|---|---|
| Clothing | Tent | Perishables | Book/toiletries | Others |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Comments: _____
_____
_____

WPD Officer Name (Print): _____     Signature: _____

1/4/2016 - Revision 3.0 - draft

April 7, 2016

CTY004246

## HEALTH AND SAFETY CLEAN-UP OPERATION

## LIST OF HAZARDOUS MATERIALS/WASTE AND POTENTIALLY HAZARDOUS MATERIALS

1. Biohazards / infectious such as human sanitary waste including excrement and urine, human blood, other human body fluids, human parts, materials contaminated with human fluids, syringes, syringe needles, razor blades, other medical or laboratory "sharps", drug paraphernalia, materials potentially-infested with lice, fleas, bedbugs, bacteria, or viruses, materials potentially in contact with vectors such as rodents and birds, and materials or substances which may potentially harbor infectious agents.

2. Toxins / poisons such as pesticides, mercury-containing bulbs, asbestos materials, e-waste, etc.

3. Flammables such as gasoline, propane, butane, lighter fluid, oil-based paints, mineral spirits, paint thinner, acetone, petroleum-based solvents, oxygen tanks, and other materials with flashpoints under 141 degrees F

4. Corrosives such as batteries, muriatic acid (swimming pool acid), acids equal to less than pH 2.0, caustic degreasers/cleaners, bases equal to or greater than 12.5.

5. Reactives such as chlorine, oxidizers, peroxides, hydrogen peroxide, explosives, radioactive, ammunition, etc.

6. Highly-compressed gases or liquids

7. Motor oil

8. Any substances listed in Title 22 of the California Health and Safety Code

**APPENDIX 4 – Non-Infectious Certificate**

CTY004248



**ENVIRONMENTAL SERVICES, INC.**

## Non-Infectious Certification

| To: | Clean Harbors Environmental Services, Inc. |
|-----|---------------------------------------------|

I hereby certify that the waste material being shipped to Clean Harbors under Profile #_____ has been rendered non-infectious and is neither infectious nor does it contain any organisms known to be a threat to human health. *(this also includes materials which contain or have come into contact with tissue or body fluids derived from human or animal source)*

This certification is based upon my knowledge of the material and:

____The waste was never exposed to potentially infectious materials.
____The following method of disinfection was employed:

Chemical Sterilization* _____
Other: _____

| *Common Disinfectants | Check |
|------------------------|-------|
| Bleach Solutions[1] | |
| Formaldehyde | |
| Gluteraldehyde | |
| Phenol | |
| Other / Cleaners: (please specify)_____ | |

**THIS IS TO CERTIFY that the above is an accurate description of the methods used and all contents are specified and known.**

Authorized signature: _____     Date: _____
Generator Name: _____     Address: _____

---

[1] The Department of Labor (DOL) has acknowledged, and in agreement with the recommendations of the U.S. Public Health Service Centers for Disease Control, that a solution of 5.25% sodium hypochlorite diluted 1:10 with water is effective for disinfecting. Therefore, this is an acceptable method of disinfecting/sterilizing possibly contaminated waste

CTY004249

**APPENDIX 5 – Post-Removal Notice**

CTY004250



# POSTED

# PROPERTY CAN BE RECOVERED AT

## 507 Towne Avenue
## LOS ANGELES, CA 90013

### MONDAY – FRIDAY
9:30 am – 12:30 pm and 1:00 pm – 4:00 pm

Property left behind at/or near _____
was removed by the City. Absent an immediate threat to public health or
safety, removed items will be maintained in a secure location for a period of
90 days for the rightful owner to retrieve.

If you left property and you believe that it was removed, you may be able to
retrieve it at 432 E. Temple Street, Los Angeles CA 90012. Please be
prepared to describe the property, its location and the date you believe it was
removed. You will have your photograph taken and be required to sign an
affidavit to declare ownership.

DATE:_____
For Assistance or Information Please Call:

## 213-806-6355

## PROCEDURE #12
### Special Enforcement Zones around Temporary Homeless Shelters

In April 2018, the Mayor and the City Council declared an emergency shelter crisis and included funding in the City's FY 2018-19 budget to support the construction of emergency shelters Citywide as part of a program called A Bridge Home (ABH). As part of ABH, once a shelter is opened and placed in service, in collaboration with the Council Offices, enhanced cleaning will be implemented by LASAN in the defined zone around the shelter and the area where the homeless population for the shelter was housed.

City residents may be reluctant to embrace the opening of a temporary homeless shelter (THS) in their neighborhood due to the fear of spill-over encampments and sidewalk blockages in the area adjacent to a THS. To encourage the placement of a THS in an area of need in the City, discrete areas surrounding a newly sited THS may receive special enforcement priority under Los Angeles Municipal Code (LAMC) Section 56.11. At the written request of the Mayor's Office or a Council Office, declaring any discrete area to be a THS Special Enforcement Zone ("THS Zone"), the following protocol will be used for the enforcement of Section 56.11 in the THS Zone.

### LEAD DEPARTMENT: LASAN
### PRIMARY SUPPORT: LAHSA, LAPD

Before the opening of a new THS, the City will post permanent signs in the designated area surrounding the THS, providing notice of the enhanced enforcement protocols for the THS Zone. The City also will post temporary signs disclosing when the enhanced enforcement of Section 56.11 will commence. In addition, prior to the opening of the THS, the surrounding area will receive more outreach to homeless persons in the area from the Los Angeles Homeless Services Authority (LAHSA) or other homeless service providers.

Further, commencing 90days prior to the opening of the shelter and continuing for 30 days after the opening of the shelter and in collaboration with LAHSA's outreach team and other city partners, LASAN will limit the comprehensive cleaning that requires the relocation of the homeless population to those activities related to addressing health hazards and any access and Americans with Disabilities Act (ADA) compliance. 30 days after the opening of a THS, LASAN will implement enhanced cleaning and compliance with LAMC 56.11 within the designated and affected zone five days a week. Compliance and rapid response as part of the Homeless Outreach and Proactive Engagement (HOPE) program will be conducted four days a week. Comprehensive cleaning will be conducted once every week. The schedule will vary by location and will be posted in the THS Zone. The standards for this effort will be documented as part of Protocol No. 12 of the LAMC 56.11 protocols that will be adopted by LASAN as the Designated Administrative Agent.

Protocols for THS Enforcement Zones.

*Step #1* - After the siting of a THS but before the opening of a THS, the City will post permanent signs in the designated area surrounding the THS, providing notice of the

CTY004252

enhanced LAMC Section 56.11 enforcement protocols for the THS Zone. The permanent signage will be consistent with Appendix 6.

*Step #2* – Prior to the opening of a THS, the City will post temporary signs in the designated area surrounding the THS, providing notice of the date on which the City will begin enhanced enforcement of L.A.M.C. 56.11 in any area declared to be a Special Enforcement Zone. The temporary signage will consistent with the sign attached as Appendix 6.

*Step #3* – Prior to the opening of a THS, the City will facilitate through LAHSA or another homeless service provider outreach to homeless persons in the designated THS Zone.

*Step #4* – Commencing 90 days prior to and continuing for 30 days after the opening of the THS, LASAN will collaborate with LAHSA to limit all cleanings to those related to public health and safety along with access and ADA restrictions. Cleaning will be done without relocating the unsheltered homeless population unless necessary. Any necessary cleaning that requires the relocation of the unsheltered homeless will be coordinated with the LAHSA.

*Step #5* – Beginning 30 days after the opening of a THS, the THS Zone will be comprehensively cleaned once a week, following Procedures # 2, 5, 7, 8, 9 and 10. HOPE Operations will be conducted four days per week.

Step #6 – Beginning 30-days after the opening of a THS, the provisions of LAMC 56.11 will be strictly enforced in the THS Zone, including without limitation:
- Removing and storing of Excess Personal Property (more than 60 gallons per person) (LAMC Section 56.11-3(a)-(b));
- Ensuring adequate clearance on public sidewalks to comply with the ADA (LAMC Section 56.11-3(c));
- Ensuring the accessibility of entrances, exits, driveways and loading docks (LAMC Section 56.11-3(e));
- Removing and disposing of items that constitute a threat to public health or safety (LAMC Section 56.11-3(g));
- Removing and disposing of Bulky Items (LAMC Section 56.11-3(i)); and
- Requiring the deconstruction of tents between 6:00 a.m. to 9:00 p.m., weather permitting (LAMC 56.11-7).

This Protocol will be coordinated through the City's Unified Homeless Response Center (UHRC).

This protocol will be amended to LAMC 56.11 Protocols signed on April 7, 2016 and will be effective on August 6, 2018.

Approved on *August 6, 2018*

Enrique C. Zaldivar, P.E.
Director and General Manager
LA Sanitation and Environment

# SPECIAL ENFORCEMENT & CLEANING ZONE

The City of Los Angeles will be conducting enhanced cleaning and trash removal in compliance with L.A.M.C. 56.11.3.(i) and other relevant laws in this ZONE.

No Tents Shall Be Erected Between
6:00am – 9:00pm

No Bulky Items Shall Be Stored in Public Areas

No Blocking of the Sidewalk, Exits/Entrances, Driveways or Loading Docks

WAS YOUR PROPERTY IMPOUNDED?
CALL (213) 806-6355 or
(844) 475-1244

Or retrieve your belongings at:
The Bin, 507 Towne Ave., LA 90013

CTY004254




# ZONA ESPECIAL DE APLICACIÓN Y LIMPIEZA

**La Ciudad de Los Ángeles estará realizando
una mejorada limpieza y retiro de basura en
cumplimiento con L.A.M.C. 56.11.3.(i) y
otras leyes relevantes en esta ZONA.**

**No se armará ninguna carpa entre
6:00am – 9:00pm**

**No se almacenará artículos voluminosos en
áreas públicas**

**No bloquear la acera, salidas/entradas,
vías de acceso o muelles de carga**

**¿CONFISCARON SU PROPIEDAD?
LLAME AL (213) 806-6355 o AL
(844) 475-1244**

**O recoja sus pertenencias en:
The Bin, 507 Towne Ave., LA 90013**

CTY004255