MICHAEL FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
SCOTT MARCUS, Senior Assistant City Attorney (SBN 184980)
GABRIEL DERMER, Assistant City Attorney (SBN 229424)
**FELIX LEBRON, Deputy City Attorney (SBN 232984)**
A. PATRICIA URSEA, Deputy City Atty (SBN 221637)
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone (213) 978-7569
Facsimile (213) 978-7011
Felix.Lebron@lacity.org
Patricia.Ursea@lacity.org

*Attorneys for Defendant,* CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JANET GARCIA, GLADYS ZEPEDA, MIRIAM ZAMORA, ALI EL-BEY, PETER DIOCSON JR., MARQUIS ASHLEY, JAMES HAUGABROOK, individuals, KTOWN FOR ALL, an unincorporated association, ASSOCIATION FOR RESPONSIBLE and EQUITABLE PUBLIC SPENDING an unincorporated association,

             *Plaintiffs*,

    vs.

CITY OF LOS ANGELES, a municipal entity; DOES 1-50,

             *Defendant(s)*.

Case No.: 2:19-cv-6182-DSF-PLA
Assigned to Judge Dale S. Fischer

**DEFENDANT CITY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT (FED. R. CIV. PROC. 12(b)(1), 12(b)(6))**

Date: May 18, 2020
Time: 1:30 p.m.
Ctrm: 7D
Judge: Hon. Dale S. Fischer

**Complaint Filed: July 18, 2019**

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................... 1

II.  ARGUMENT ....................................................... 1

    A.  The Specific Constitutional Right at Issue Governs the Section 1983 Analysis... 1

    B.  Organizational Plaintiffs' Fourth Amendment Claims Must be Dismissed. ......... 3

    C.  KFA's Due Process Claims Must be Dismissed. .................................. 9

    D.  Organizational Plaintiffs' Lack Standing to Pursue Constitutional Claims. ....... 11

    E.  The City Has Not Waived Its Arguments. ....................................... 12

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AFSCME v. Scott*,
857 F. Supp. 2d 1322 (S.D. Fla. 2012) *rev'd on other grounds AFSCME v. Scott*,
717 F.3d 851 (11th Cir. 2013) ................................................................... 4, 5

*Albright v. Oliver*,
510 U.S. 266 (1994) ......................................................................................... 1

*Archuleta v. McShan*,
897 F.2d 495 (10th Cir. 1990) ...................................................................... 10

*Armstrong v. Exceptional Child Center, Inc.*
575 U.S. 320 (1997) ......................................................................................... 2

*ASARCO, Inc. v. Kadish*,
490 U.S. 605 (1991) ....................................................................................... 12

*Ass'n of Los Angeles City Attorneys v. City of Los Angeles*,
Case No. 12-4235-MMM(JCX), 2012 WL 12887541 (C.D. Cal. Nov. 20, 2012) .... 10

*Barrows v. Jackson*,
346 U.S. 249 (1953) ......................................................................................... 3

*Bingham v. U.S.*,
296 U.S. 211 (1935) ......................................................................................... 3

*Broadrick v. Oklahoma*,
413 U.S. 601 (1973) .................................................................................... 2, 10

*C.N. v. Wolf*,
Case No. SACV-05-868-JVS, 2006 WL 8434249 (C.D Cal. Nov. 1, 2006) .............. 8

*Cal. Bankers Ass'n v. Shultz*,
416 U.S. 21 (1974) ........................................................................................... 6

*Cantrell v. City of Long Beach*,
241 F.3d 674 (9th Cir. 2001) ........................................................................ 12

*Cnty. of Sacramento v. Lewis*,
    523 U.S. 833 (1998)........................................................................... 2, 3

*Columbia Basin Apt. Ass'n v City of Pasco*,
    269 F.3d 791 (9th Cir. 2001)........................................................3, 7, 8

*Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*,
    657 F.3d 936 (9th Cir. 2011) ............................................................. 2

*Craig v. Boren*,
    429 U.S. 190 (1976)........................................................................... 3

*El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*,
    959 F.2d 742 (9th Cir. 1991) ......................................................... 9, 10

*Garris v. City of Los Angeles*,
    Case No. CV-17-1452-MWF (Ex), 2017 U.S. Dist. LEXIS 224289 (C.D. Cal. 2017) 5

*Gonzaga Univ. v. Doe*,
    536 U.S. 273 (2002)........................................................................... 1

*Harris v. McRae*,
    448 U.S. 297 (1980)......................................................................... 12

*Heartland Acad. Cmty. Church v. Waddle*,
    427 F.3d 525 (8th Cir. 2005).......................................................5, 6, 9

*Herd v. Cnty. of San Bernardino*,
    311 F. Supp. 3d 1157 (C.D. Cal. 2018) ............................................. 6

*Hunt v. Washington State Apple Advertising Comm'n*,
    432 U.S. (1977) ...........................................................................5, 6, 7

*Knick v. Twp. of Scott*,
    862 F.3d 310 (3rd Cir. 2017) *rev'd on other grounds Knick v. Twp. of Scott*, 139 S. Ct. 2162, 204 L. Ed. 2d 558 (2019) ........................................................ 9

*Lazzeretti v. City of Burbank*,
    No. 2:19-cv-00355-VAP-RAOx, 2019 WL 8105905 (C.D. Cal. Dec. 3, 2019) ........ 13

*Legal Aid Society v. Legal Servs. Corp*,
    145 F.3d 1017 (9th Cir. 1998)......................................................... 11

CITY'S REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT

*Lexmark. Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) ........................................................................ 12

*Lyall v. City of Los Angeles*,
    807 F.3d 1178 (9th Cir. 2015) ....................................................4, 5, 6

*Mabe v. San Bernardino Cnty.*,
    237 F.3d 1101 (9th Cir. 2001) ............................................................ 6

*Manuel v. City of Joliet*,
    137 S. Ct. 911, 197 L. Ed. 2d 312 (2017) ........................................... 2

*McGowan v. Maryland*,
    366 U.S. 420 (1960) ......................................................................... 11

*Microsoft Corp. v. United States Dept. of Justice*,
    233 F. Supp. 3d 887 (W.D. Wash. 2017) ......................................4, 6, 8, 9

*Moreland v. Las Vegas Metro. Police Dept.*,
    159 F.3d 365 (9th Cir. 1998) ......................................................4, 6, 10, 11

*O'Bannon v. Town Court Nursing Center*,
    447 U.S. 773 (1980) ......................................................................... 10

*Osborne v. Cnty. of Riverside*,
    385 F. Supp. 2d 1048 (C.D. Cal. 2005) .............................................. 6

*Pepper v. Apple Inc. (In re Apple iPhone Antitrust Litig.)*,
    846 F.3d 313 (9th Cir. 2017) ............................................................ 12

*Plumhoff v. Richard*,
    572 U.S. 765 (2014) ....................................................................4, 5, 6

*Powers v. Ohio*,
    499 U.S. 400 (1991) ....................................................................3, 9, 11

*Rakas v. Illinois*,
    439 U.S. 128 (1978) .................................................................. *passim*

*Rent Stablization Ass'n v. Dinkins*,
    5 F.3d 591 (2d Cir. 1993) ................................................................ 12

CITY'S REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT

*Santiago v. City of Los Angeles*,
  Case No. CV-15-08444-BRO (Ex), 2016 U.S. Dist. LEXIS 172682 (C.D. Cal. Nov.
  17, 2016) ............................................................................................................. 5

*Secretary of State of Md. v. Joseph H. Munson Co.*,
  467 U.S. 947 (1984) ............................................................................................ 2

*Segundo v. Rancho Mirage*,
  813 F.2d 1327 (9th Cir. 1987) ............................................................................ 2

*Singleton v. Wuff*,
  428 U.S. 106 (1976) ............................................................................................ 3

*Sodal v. Cook County*,
  506 U.S. 56 (1992) .............................................................................................. 3

*Town of Castle Rock v. Gonzales*,
  545 U.S. 748 (2005) .......................................................................................... 10

*U.S. v. Alderman*,
  394 U.S. 165 (1969) ................................................................................. 5, 6, 7, 8

*U.S. v. Comprehensive Drug Testing, Inc.*,
  513 F.3d 1085 (9th Cir. 2008) ........................................................................ 6, 7

*U.S. v. Comprehensive Drug Testing, Inc.*,
  545 F.3d 1106 (9th Cir. 2008) ............................................................................ 7

*U.S. v. Jacobson*,
  466 U.S. 109 (1984) ............................................................................................ 3

*U.S. v. Jones*,
  565 U.S. 400 (2012) ............................................................................................ 3

*U.S. v. SDI Futures Health, Inc.*,
  568 F.3d 684 (9th Cir. 2009) .............................................................................. 4

*United States v. Comprehensive Drug Testing, Inc.*,
  621 F.3d 1162 (2010) ...................................................................................... 6, 7

*Valle Del Sol Inc. v. Whiting*,
  732 F.3d 1006 (9th Cir. 2013) ............................................................................ 2

*Villa v. Maricopa Cty.*,
　865 F.3d 1224 (9th Cir. 2017) ............................................................. 12

*Warth v. Seldon*,
　42 U.S. 490 (1975) ............................................................ 1, 5, 11, 12

*Wheeldin v. Wheeler*,
　373 U.S. 647 (1963) ............................................................................. 4

*Will v. Mich. Dep't of State Police*,
　491 U.S. 58 (1989) ............................................................................... 3

*Young v. City of Los Angeles*,
　Case No. CV-20-00709-JFW(RAO), 2020 U.S. Dist. LEXIS 23369 (C.D. Cal. Feb.
　10, 2020) ............................................................................................ 11

**Statutes**

California Code of Civil Procedure 526a ........................................................ 12

**Other Authorities**

First Amendment ...................................................................................... 2, 9, 10

Fourth Amendment ......................................................................... *passim*

Fourteenth Amendment ............................................................................ 3, 10

California Constitution Article I, Section 13 ................................................. 5

F.R.Civ.P. 12(b)(6) ...................................................................................... 12

F.R.Civ.P. 12(h) .......................................................................................... 12

F.R.Civ.P. 12(g) ..................................................................................... 12, 13

F.R.Crim.P. 41(g) .................................................................................... 6, 7

CITY'S REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT

# I.     INTRODUCTION

Plaintiffs' Opposition does not cure the fundamental pleading and jurisdictional defects in the Organizational Plaintiffs' Section 1983 claims under the Fourth Amendment and Due Process Clause.  What the Opposition does do is the following: (1) conflate Section 1983 cases arising under federal statutes and constitutional provisions other than the Fourth Amendment and Due Process Clause; (2) cites cases that do not support the legal propositions or parentheticals; and (3) cite cases involving the Fourth Amendment or the Due Process Clause where the Ninth Circuit or District Courts did not address the arguments or issues presented in the City's Motion.  The City distinguishes herein many of cases Plaintiffs cite, but could not distinguish them all within the reply's page limitation.  The Ninth Circuit has not squarely addressed some of the issues raised in the City's motion, but the Supreme Court and Ninth Circuit precedent demonstrate that the Organizational Plaintiffs allege no viable Section 1983 claims and are precluded from asserting claims on behalf of their members for violations of personal constitutional rights under the Fourth Amendment and Due Process Clause.

# II.    ARGUMENT

## A. The Specific Constitutional Right at Issue Governs the Section 1983 Analysis.

As a threshold matter, Plaintiffs' Opposition relies heavily on Section 1983 cases addressing different constitutional or statutory rights, and confuses Organizational Plaintiffs' ability to pursue Section 1983 claims for violation of its members' personal constitutional rights at issue.  "Section 1983 is not itself a source of substantive rights." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Section 1983 provides a mechanism for enforcing rights independently secured by the Constitution or laws of the United States. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-285 (2002).  The "nature and source of the claim asserted" may exist solely by virtue of federal statutes "creating legal rights, the invasion of which creates standing" or "constitutional" provisions. *Warth v. Seldon*, 42 U.S. 490, 500 (1975).  The threshold inquiry in a Section 1983 suit is to identify the specific right at issue and whether it is based on a federal statute or constitutional

CITY'S REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT

provision. *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 841, n.5 (1998). Where, as here, the claims are based on the Constitution, the Court must identify the specific constitutional right at issue and determine the elements for the specific claim. *Manuel v. City of Joliet*, 137 S. Ct. 911, 920, 197 L. Ed. 2d 312 (2017).

Plaintiffs rely on cases addressing violations of federal statutes or "constitutional" rights *other* than the Fourth Amendment and Due Process Clause. For example, Plaintiffs cite cases addressing preemption under the Supremacy Clause or Commerce Clause. *E.g., Valle Del Sol Inc. v. Whiting*, 732 F.3d 1006 (9th Cir. 2013). The Supremacy Clause addresses federal power and is not a source of individual constitutional rights under Section 1983. *Segundo v. Rancho Mirage*, 813 F.2d 1327, 1394 (9th Cir. 1987); *see also Armstrong v. Exceptional Child Center, Inc.* 575 U.S. 320, 324 (1997). Similarly, the Commerce Clause is a limitation upon the power of the States. *Camps Newfound/Owatonna, Inc. Town of Harrison*, 520 U.S. 564, 571 (1997).

Plaintiffs cite cases involving constitutional rights arising under the First Amendment. *E.g., Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936 (9th Cir. 2011). The Supreme Court has generally held that individual constitutional rights are personal and may not be vicariously asserted. *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973). Claims for violations of the First Amendment are a well-established exception under the overbreadth doctrine. *Id.* at 610-613. In the First Amendment context, the Supreme Court has allowed "a party to assert the rights of another without regard to the ability of the other to assert his own claims and with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity." *Secretary of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 957 (1984).

The Supreme Court's prohibition against asserting the constitutional rights of others is not without exception outside of the First Amendment. Dkt. No. 57 ("Mot.") at 20 (citing cases). Many of these exceptions involve racial or gender discrimination claims under the Equal Protection Clause or substantive Due Process under the

2

Fourteenth Amendment.  *Barrows v. Jackson*, 346 U.S. 249, 254-258 (1953); *Singleton v. Wulff*, 428 U.S. 106, 114-118 (1976); *Craig v. Boren*, 429 U.S. 190, 195 (1976); *Powers v. Ohio*, 499 U.S. 400, 415 (1991).

Plaintiffs' Opposition also cites cases that reference claims under the Fourth Amendment or Due Process Clause, but the courts did not address the arguments raised here.  *E.g., Columbia Basin Apt. Ass'n v City of Pasco*, 269 F.3d 791 (9th Cir. 2001).  These cases are neither persuasive nor binding if the parties did not raise, and the Court did not address, the specific arguments raised here.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 n.4 (1989); *Bingham v. U.S.*, 296 U.S. 211, 218 (1935).

**B.  <u>Organizational Plaintiffs' Fourth Amendment Claims Must be Dismissed.</u>**

The Organizational Plaintiffs have not, and cannot, allege any viable direct Section 1983 claims for violation of the Fourth Amendment.  The Opposition admits that the organizations *themselves*, were not "subjected to" any unreasonable search or seizure interfering with Organizational Plaintiffs' possessory interests in the organizations' property.  Dkt. No. 59 ("Opp.") at 13-17; SAC ¶¶ 38-46, 87, 232-247.  Instead, Organizational Plaintiffs contend that KFA's alleged "diversion of resources" and AREPS' alleged payment of municipal taxes state viable "Fourth Amendment claims even where their property was not seized."  *See* Opp. at 17-18.

As discussed in the City's Opening Motion (Mot. at 11-13), the Fourth Amendment only covers searches and seizures.  *Lewis*, 523 U.S. at 843.  A "seizure" requires a "meaningful interference with an individual's possessory interest in property."  *Sodal v. Cook County*, 506 U.S. 56, 60 (1992); *U.S. v. Jacobson*, 466 U.S. 109, 113 (1984).  Organizational Plaintiffs' interpretation of the Fourth Amendment ignores all references to property in the context of a seizure.  The Supreme Court has rejected interpretations of the Fourth Amendment that render the phrase "in the persons, houses, papers, and effects" superfluous.  *U.S. v. Jones*, 565 U.S. 400, 405 (2012).  Organizational Plaintiffs purport to assert their own Fourth Amendment rights (Opp. at 16), but neither alleges any seizure of the organizations' property under the Fourth Amendment.  *See U.S. v. SDI Futures Health, Inc.*, 568 F.3d 684, 694, n.3 (9th Cir.

2009).  Without a search or seizure, the Organizational Plaintiffs allege no plausible claims for violation of the Fourth Amendment.  *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1186 (9th Cir. 2015); *Wheeldin v. Wheeler*, 373 U.S. 647, 649-650 (1963). Tellingly, the Opposition does not address *any* of these cases.

Moreover, in *Rakas*, the Supreme Court held that the definition of Fourth Amendment rights is more properly placed within the purview of substantive Fourth Amendment law than within that of traditional standing.  *Rakas v. Illinois*, 439 U.S. 128, 139 (1978).  Thus, in the Fourth Amendment context, the standing question is part of the merits of the claim and asks whether the plaintiff has alleged a violation of his or her personal Fourth Amendment rights.  *See id.*; *see also Microsoft Corp. v. United States Dept. of Justice,* 233 F. Supp. 3d 887, 912 n.13 (W.D. Wash. 2017).  As discussed above, Organizational Plaintiffs alleged "direct injuries" are not relevant to the Fourth Amendment standing analysis because they were not subjected to an unreasonable search or seizure.  And Organizational Plaintiffs cannot rely on indirect harms from the violation of others' Fourth Amendment rights to support their direct Fourth Amendment claims. *Plumhoff v. Richard*, 572 U.S. 765, 778 (2014); *Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998).

Organizational Plaintiffs cite *AFSCME v. Scott*, a case in which the District Court in Florida construed *Rakas* as a "criminal case in which defendants sought to suppress evidence taken in violation of another individual's Fourth Amendment rights" that did not affect associational standing.  *AFSCME v. Scott*, 857 F. Supp. 2d 1322, 1329-1330 (S.D. Fla. 2012) *rev'd on other grounds AFSCME v. Scott*, 717 F.3d 851 (11th Cir. 2013).  On appeal in the Eleventh Circuit, the union's standing was not challenged and the Court did not independently analyze standing under *Rakas*.  *Scott*, 717 F.3d at 861, n.1. [1]  In *Plumhoff*, however, the Supreme Court made clear that *Rakas* applies in Section

---

[1] Plaintiffs also cite *Santiago v. City of Los Angeles*, Case No. CV-15-08444-BRO (Ex), 2016 U.S. Dist. LEXIS 172682 (C.D. Cal. Nov. 17, 2016) and *Garris v. City of Los Angeles*, Case No. CV-17-1452-MWF (Ex), 2017 U.S. Dist. LEXIS 224289 (C.D. Cal. 2017).  In *Santiago*, the Court did not address the association's Fourth Amendment claim,

1983 civil cases.  *Plumhoff*, 572 U.S. at 769; *see also Lyall*, 807 F.3d at 1186-87.

Organizational Plaintiffs contend that the City did not challenge their claim under Article I, Section 13 of the California Constitution.  Opp. at 17, n.4.  Not so.  Article I, Section 13 does not provide greater protection against searches or seizures than the Fourth Amendment and the Ninth Circuit construes them in tandem.  *See Lyall,* 807 F.3d at 1186, n.7*; Opp.* at 13; *see also* Dkt. No. 36 at 6, n.4 (Fourth Amendment and Article I, Section 13 are construed in tandem).

Organizational Plaintiffs have also failed to allege any viable Fourth Amendment claims on behalf their members.  The Supreme Court has long held that Fourth Amendment rights are personal and cannot be vicariously asserted.  *U.S. v. Alderman*, 394 U.S. 165, 174 (1969); *Plumhoff*, 572 U.S. at 778; *Rakas*, 439 U.S. at 139.  The Organizational Plaintiffs contend that they can pursue their members' personal Fourth Amendment claims under the Supreme Court's test for representative standing.  Opp. at 6 (citing *Warth*, 422 U.S. at 519; *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. (1977)).  In *Rakas*, however, the Supreme Court specifically identified *Warth* as one of the standing cases that did *not* apply to Fourth Amendment claims.  *Rakas*, 439 U.S. at 139.  The *Hunt* three-part test for representative standing derives from *Warth*.  *See Hunt*, 432 U.S. at 343.  Allowing an organization to assert its members' personal Fourth Amendment claims under *Hunt* is incompatible with the Supreme Court's Fourth Amendment jurisprudence.  Other cases cited in the Opposition are all distinguishable.

For example, in *Heartland*, the Eighth Circuit held that a school had associational standing under *Hunt* to assert claims for violations of its students' constitutional rights, including under the Fourth Amendment.  *See Heartland Acad. Cmty. Church v. Waddle*, 427 F.3d 525, 532-533 (8th Cir. 2005).  The Eighth Circuit's holding, however, was based on its interpretation that *Alderman* was limited to criminal cases for purposes of the exclusionary rule and did not apply to civil cases under Section 1983.  *Id.* at 532.  The Eighth Circuit also rejected Ninth Circuit authority precluding the vicarious assertion of

did not analyze standing under *Rakas* or *Lyall*, and the City did not challenge to the organization's direct standing.  In *Garris,* the Court also did not conduct this analysis.

Fourth Amendment rights in civil actions under Section 1983. *Id.* (rejecting the Ninth Circuit's holding in *Mabe* because the Ninth Circuit "cited a criminal exclusionary rule opinion" in support of its holding.); *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1111 (9th Cir. 2001) (citing *U.S. v. Taketa,* 923 F.2d 665, 670 (9th Cir. 1991)).

The Supreme Court since confirmed that *Alderman* and *Rakas* apply to civil cases under Section 1983. *Plumhoff*, 572 U.S. at 778. The Supreme Court has adhered to this rule in other civil cases. *See Cal. Bankers Ass'n v. Shultz*, 416 U.S. 21 (1974). In *California Bankers Association*, a bank association, bank, and bank customers filed suit to challenge the Bank Secrecy Act of 1970. *Id.* at 25. The association alleged that the Act required disclosure of financial information in violation of the Fourth Amendment. *Id.* at 64. The Supreme Court held that the association and bank could not "vicariously assert such Fourth Amendment claims on behalf of bank customers in general." *Id.*

Moreover, unlike the Eighth and Eleventh Circuits, the Ninth Circuit and its District Courts routinely apply *Alderman* and *Rakas* in civil cases alleging violations of Fourth Amendment rights under Section 1983. *Lyall*, 807 F.3d at 1186; *Moreland*, 159 F.3d at 369; *Mabe,* 237 F.3d at 1111; *Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157, 1163 (C.D. Cal. 2018); *Osborne v. Cnty. of Riverside*, 385 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005); *see Microsoft,* 233 F. Supp. 3d at 912-916.

The Ninth Circuit's en banc decision in *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162 (2010) ("CDT III"), does not change this analysis. In *CDT I,* the original three-judge panel concluded that the MLB Players Association had associational standing under *Hunt* sufficient to file a F.R.Crim.P. 41(g) motion to return of seized property, notwithstanding *Rakas. See U.S. v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1096 n.28 (9th Cir. 2008) ("CDT I"). Organizational Plaintiffs contend that *CDT I* it is "instructive" regarding Ninth Circuit authority supporting an organization's right to pursue its members' Fourth Amendment claims. Opp. at 13-14. It is not. The Ninth Circuit vacated *CDT I* in its order granting rehearing en banc. *U.S. v. Comprehensive Drug Testing, Inc.*, 545 F.3d 1106 (9th Cir. 2008) ("The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit.").

More importantly, *CDT III* vacated the standing analysis under *Hunt* and *Rakas* and adopted a new analysis regarding the Association's standing to file a motion to return property under F.R.Crim.P. 41(g).  *See CDT III,* 621 F.3d at 1172-1174.

In *CDT III*, the Ninth Circuit's en banc panel analyzed F.R.Crim.P 41(g) and determined that the Rule 41(g) on its face authorized a motion to return property on behalf of any "person aggrieved by an unlawful search or seizure *or by the deprivation of property*."  *Id* at 1173 (emphasis in original).  The Court held that orders to return property "derive their authority from the Federal Rules of Criminal Procedure" and not the judicially-imposed restrictions on the scope of the exclusionary rule.  *Id.*  The Ninth Circuit found that the Players Association was "aggrieved by a deprivation of property" under Rule 41(g) and authorized to seek the return of its members' urine samples in a motion to return property because the "removal of the specimens and documents breache[d] its negotiated agreement for confidentiality, violate[d] its members' privacy interests, and interfere[d] with the operations of its business."  *Id.* at 1173-74 (citing *Cf. NAACP v. Alabama el rel Patterson*, 357 U.S. 449, 458-460 (1958)).[2]

Similarly, in *Columbia Basin*, the Ninth Circuit did not consider or address whether an association could pursue claims for violation of its members' personal Fourth Amendment rights under *Rakas* or *Alderman*.  *Columbia Basin*, 269 F.3d at 795-796.  There, the appellants (landlords, tenants, and an association) challenged an ordinance prohibiting building owners from renting residential units without a business license, and required owners to provide a certificate of inspection confirming that the unit complied with the city's housing code to obtain the license.  *Id.* at 795.  The appellants alleged that the ordinance violated the Fourth Amendment and was unconstitutionally vague.  *Id.* at 796.  The District Court granted summary judgment finding that the ordinance did not implicate the Fourth Amendment because landlords conducted the inspections and were not state actors.  *Id.*  The Ninth Circuit vacated the order and held that the District Court

---

[2] *Patterson* is one of the Supreme Court's *jus tertii* cases.  *See Alderman*, 394 U.S. at 174 (noting that none of the special circumstance in *Patterson* existed to allow the vicarious assertion of personal Fourth Amendment rights).

CITY'S REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT

erred in addressing the merits of the constitutional claims under the *Younger* and *Pullman* abstention doctrines. *See id.* at 799-806. The Ninth Circuit addressed the issue of standing sua sponte noting that none of the parties challenged standing on appeal. *Id.* at 796-797. The Ninth Circuit addressed only the tenants' "harm" from an unreasonable search or seizure – not the association or landlords. *Id.* The Court analyzed the loss of a business permit as a potential deprivation of property for the landlords even though the appellants raised a vagueness claim. *Id.* at 798. The Court concluded that the association had membership standing because of the members' interest in ensuring that landlords would not lose their license. *Id.* at 798-799.[3]

The District Court's analysis in *Microsoft* is instructive regarding Ninth Circuit authorities. There, Microsoft alleged facial and as-applied challenges under the First and Fourth Amendments to the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510 *et seq*. ("ECPA"). *Microsoft,* 233 F. Supp. 3d at 894-896. The ECPA allowed the government to obtain electronic information that Microsoft maintained as a service provider for its subscribers, and contained terms that allowed the government to withhold notice and preclude Microsoft from notifying its subscribers. *Id.* Microsoft alleged the ECPA violated the Fourth Amendment on its face and as applied to its subscribers. *Id.* at 897. The Court dismissed Microsoft's Fourth Amendment claims. *Id.* at 912-916.

In its analysis, the Court found that *Alderman* and *Rakas* established a general rule against vicarious assertion of personal Fourth Amendment rights. *Id.* at 912. The Court analyzed numerous Supreme Court and Ninth Circuit cases applying this rule outside of criminal matters involving the exclusionary rule, including civil actions under Section 1983. *Id.* at 913-914. The Court discussed *Heartland* and other cases where courts have allowed parties to assert constitutional claims of others under the Supreme Court's *jus tertii* doctrine and the *Powers* third-party standing test. *See id.* at 915-916. The Court found those outlier cases "unpersuasive in light of the Supreme Court's and Ninth

---

[3] Plaintiffs also cite *C.N. v. Wolf*, Case No. SACV-05-868-JVS (MLGx), 2006 WL 8434249 (C.D Cal. Nov. 1, 2006). In *Wolf*, the court denied summary judgment because the defendant offered no arguments or evidence on standing in its motion.

Circuit's broad language and the wide range of applications in which those Courts have applied the principle of third-party standing in the Fourth Amendment context." *Id.* at 915. The Court concluded that "[a]lthough the Supreme Court and Ninth Circuit routinely employ the third-party standing doctrine to cases involving constitutional rights, that doctrine is in tension with Fourth Amendment jurisprudence." *Id.* at 915-916.

Finally, KFA contends that it can clearly assert its members' facial claims. Opp. at 8. The relaxed standing requirements available under the First Amendment, however, do not apply to Fourth Amendment claims. *See Knick v. Twp. of Scott*, 862 F.3d 310, 320 fn 7 (3rd Cir. 2017) ("The solicitude shown to First Amendment rights is likely inapplicable in the Fourth Amendment context. It is well established that Fourth Amendment rights are personal rights … which may not be vicariously asserted.") *rev'd on other grounds Knick v. Twp. of Scott*, 139 S. Ct. 2162, 204 L. Ed. 2d 558 (2019).

**C. <u>KFA's Due Process Claims Must be Dismissed.</u>**

KFA concedes that it does not allege that the organization itself was deprived of its *own* property in violation of the Due Process Clause. Opp. at 19-20; SAC ¶¶ 38-43. Rather, KFA argues that its Due Process claim is based on its diversion of resources and frustration of its mission. Opp. at 19 (citing *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*, 959 F.2d 742, 748 (9th Cir. 1991). KFA conflates its standing arguments with the elements of a claim for deprivation of property without due process. *El Rescate* involved a challenge under the Immigration and Naturalization Act – a federal statute – and the Ninth Circuit applied *Havens* to find that the association had statutory standing to allege claims under the INA and the Administrative Procedures Act. *See El Rescate*, 959 F.2d at 744-748. The Ninth Circuit did not address, or hold, that an alleged diversion of resources constituted a claim for deprivation of personal property under the Due Process Clause of the Fourteenth Amendment. *See id.* at 750. The Supreme Court, however, has made clear that such indirect harms do not give rise to Section 1983 claims for deprivation of property under the Due Process Clause. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 767-768 (2005); *O'Bannon v. Town Court Nursing Center*, 447

1   U.S. 773, 787-88 (1980).  Finally, KFA cites *Patterson* in support of its "association"

2   rights.  Opp. at 20.  In *Patterson*, the Supreme Court permitted the NAACP to rely on

3   violations of its members' First Amendment associational rights under the Due Process

4   Clause in suing to bar the State of Alabama from compelling disclosure of the

5   association's membership lists.  *See Patterson*, 357 U.S. at 458-460.  The SAC does not

6   allege any claims for deprivation of First Amendment association rights or deprivations

7   of liberty interests under the Due Process Clause.  KFA alleges no violation of its own

8   Due Process Rights.  *Moreland*, 159 F.3d at 370-371; *see also* Dkt. No. 36 at 12, n.11.

9          The principle that constitutional rights are personal and may not be asserted

10   vicariously applies to claims for deprivation of property under the Due Process Clause.

11   *Moreland*, 159 F.3d at 370-371; *Broadrick*, 413 U.S. at 610; *Archuleta v. McShan*, 897

12   F.2d 495, 497 (10th Cir. 1990).  Thus, the general rule that only the person whose

13   constitutional rights were violated may sue to vindicate those rights also applies to KFA's

14   Section 1983 claims asserted on behalf of its members.  *Moreland*, 159 F.3d at 370-371;

15   Mot. at 15.  KFA cites *Association of Los Angeles City Attorneys* in support of its

16   argument that it can assert its members' Due Process rights.  Opp. at 18.  There, the Court

17   permitted the union to pursue claims on behalf of the membership for protected property

18   interests under the union's MOU, but the Court stated at the outset that the union's

19   standing was not challenged and the Court did not address the whether the union could

20   pursue the members' claims.  *Ass'n of Los Angeles City Attorneys v. City of Los Angeles*,

21   No. 12-4235-MMM(JCX), 2012 WL 12887541, at * 1, n.1 (C.D. Cal. Nov. 20, 2012).

22          Moreover, KFA has insufficiently alleged facts showing its members'

23   unconstitutional deprivations of person property sufficient to provide notice under

24   *Monell*.  *See* Mot. at 17-18.  "Vague allegations that at some time Plaintiff's property was

25   seized without prior notice or may have been destroyed are not sufficient to provide

26   Defendant notice of plaintiff's claims."  *Young v. City of Los Angeles*, Case No. CV-20-

27   00709-JFW(RAO), 2020 U.S. Dist. LEXIS 23369 at * 15 (C.D. Cal. Feb. 10, 2020).

28

**D. <u>Organizational Plaintiffs' Lack Standing to Pursue Constitutional Claims.</u>**

Plaintiffs contend that the Court already resolved jurisdictional issues.  The SAC alleged for the first time the specific claims and requests for relief that KFA and AREPS each asserted.  This Court has not addressed the Fourth Amendment standing issues under *Rakas,* or whether KFA can pursue Section 1983 claims for violation of its members' personal constitutional rights for deprivations of property in violation of the Due Process Clause.  *See e.g., Legal Aid Society v. Legal Servs. Corp,* 145 F.3d 1017, 1030-31 (9th Cir. 1998).  The Supreme Court and Ninth Circuit have not applied *Havens* to Section 1983 claims alleging *only* violations of personal constitutional rights. Moreover, this Court previously dismissed KFA's representative claims and AREPS' taxpayer claims and the Court has a continuing obligation to ensure its jurisdiction.

KFA lacks standing to pursue Section 1983 claims for violation of its members' alleged deprivations of personal property without due process.  *Moreland*, 159 F.3d at 370-371; *McGowan v. Maryland*, 366 U.S. 420, 429 (1960).  The Supreme Court limits the assertions of such claims under its third-party standing doctrine.  *See* Mot. at 19-20; *Powers*, 499 U.S. at 411.  KFA's Opposition does not establish otherwise.  Nor does KFA allege facts sufficient for third-party standing under *Powers*.  In *Warth*, the Supreme Court emphasized that standing "turns on the nature and source of the claim asserted" and distinguished statutory and constitutional claims.  *Warth*, 422 U.S. at 500. *Warth* also states that "so long as the nature of the claim and of the relief sought does not make the injured party indispensable to the proper resolution of the cause, the association may be an appropriate representative of its members[.]"  *Id.* at 511.  Here, the nature of the claim is a violation of a personal constitutional right that can be vicariously asserted under Section 1983.  And the Supreme Court's prudential standing doctrine remains uncertain following *Lexmark*.  *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 n.3 (2014).  KFA emphasizes that it only seeks injunctive relief, but that alone is not dispositive.  *Harris v. McRae*, 448 U.S. 297, 321 (1980); *Rent Stablization Ass'n v. Dinkins*, 5 F.3d 591, 596 (2d Cir. 1993).  KFA contends that it can establish *Monell* liability based on the City's policies without first establishing its members

CITY'S REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT

constitutional violations.  *Monell* is not an independent claim.  *Monell* answers only the question of which defendant is liable for an established constitutional violation.

AREPS' standing is resolved under *Rakas*, but AREPS has still not established municipal taxpayer standing.  AREPS relies again on *Cammack*, but this Court previously ruled that *Villa* impliedly overruled *Cammack*.  Dkt. No. 37 at 16; *Villa v. Maricopa Cty.*, 865 F.3d 1224, 1229 (9th Cir. 2017).  ASARCO requires that AREPS show that the City's municipal taxes would be reduced to establish redressability.  *ASARCO, Inc. v. Kadish,* 490 U.S. 605, 614-615 (1991).  Finally, AREPS cannot allege claims under California Code of Civil Procedure 526a without meeting federal standing requirements under Article III.  *Cantrell v. City of Long Beach*, 241 F.3d 674, 683 (9th Cir. 2001).

### E. The City Has Not Waived Its Arguments.

The City has not "waived" its arguments under F.R.Civ.P. 12(g), which states "*Except as provided in Rule 12(h)(2) or (3)*, a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g) (emphasis added).  Rule 12(h)(2) and (3) provide, respectively, that no waiver results if the defenses of failure to state a claim or subject matter jurisdiction are omitted from prior motions.  Fed. R. Civ. P. 12(h)(2), (3).  The Ninth Circuit has squarely rejected Plaintiffs' argument: "A defendant who omits a defense under Rule 12(b)(6)—failure to state a claim upon which relief can be granted—*does not waive that defense*."  *Pepper v. Apple Inc. (In re Apple iPhone Antitrust Litig.)*, 846 F.3d 313, 318 (9th Cir. 2017) (emphasis added); *see also* Rule 12 Advisory Committee Notes.[4]  Second, assuming Rule 12(g) applied, it is in the interest of judicial economy to consider the failure-to-state-a-claim arguments at this stage of the litigation.  *See id.; Lazzeretti v. City of Burbank*, No. 2:19-cv-00355-VAP-RAOx, 2019 WL 8105905, at *3 n.1 (C.D. Cal. Dec. 3, 2019).

Dated:  May 4, 2020              MICHAEL N. FEUER, City Attorney

By:   */s/ Felix Lebron*
_____
FELIX LEBRON, Deputy City Attorney
Attorneys for Defendant CITY OF LOS ANGELES

---

[4] The cases Plaintiffs cite also do not support their waiver argument.  *See* Opp. at 20-21.

12