Shayla Myers (SBN 264054)
Mallory B. Andrews (SBN 312209)
Alex Flores (SBN 303552)
Jonathan Gibson (300306)
LEGAL AID FOUNDATION OF LOS ANGELES
7000 South Broadway
Los Angeles, CA  90003
Telephone:  (213) 640-3983
Email:  smyers@lafla.org
        mbandrews@lafla.org
        aeflores@lafla.org
        jgibson@lafla.org

*Attorneys for Gladys Zepeda, Miriam Zamora,
Ali El-Bey, James Haugabrook, Pete Diocson Jr.,
Marquis Ashley, and Ktown for All*

*[Additional Attorneys on Next Page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET GARCIA, GLADYS ZEPEDA, MIRIAM ZAMORA, ALI EL-BEY, PETER DIOCSON JR, MARQUIS ASHLEY, JAMES HAUGABROOK, individuals, KTOWN FOR ALL, an unincorporated association; ASSOCIATION FOR RESPONSIBLE AND EQUITABLE PUBLIC SPENDING, an unincorporated association. <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal entity; DOES 1-7, <br><br> Defendants. | CASE NO. 2:19-cv-06182-DSF-PLA <br><br> **RULE 26(F) JOINT REPORT** <br><br> Complaint Filed Date:  July 18, 2019 <br><br><br> Judge:  Hon. Dale S. Fischer <br> Hearing Date:  August 3, 2020 <br> Time:  11:00 a.m. <br> Courtroom:  7D |

Catherine Sweetser (SBN 271142)
Kristina Harootun (SBN 308718)
John Washington (SBN 315991)
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP
11543 West Olympic Blvd.
Los Angeles, CA 90064
Telephone:  (310) 396-0731
Email:  csweetser@sshhzlaw.com
        kharootun@sshhzlaw.com
        jwashington@sshhzlaw.com

*Attorneys for Plaintiffs*

Benjamin Allan Herbert (SBN 277356)
William L. Smith (SBN 324235)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone:  (213) 680 8400
Email: benjamin.herbert@kirkland.com
        william.smith@kirkland.com

Michael Onufer (SBN 300903)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Email:  michael.onufer@kirkland.com

*Attorneys for Plaintiffs Ktown for All, Janet Garcia,*
*Peter Diocson Jr., Marquis Ashley, Ali El-Bey, and*
*Association for Responsible and Equitable Public*
*Spending*

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiffs Janet Garcia, Gladys Zepeda, Miriam, Zamora, Ali El-Bey, Peter Diocson Jr., Marquis Ashley, James Haugabrook, and Ktown for All and Defendant City of Los Angeles submit the following Joint Report.

a.   **Statement of the Case**

Plaintiffs are seven unhoused individuals and a community-based organization, who bring this action to challenge the City of Los Angeles's longstanding practice of seizing and destroying homeless people's belongings, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Sections 7 and 13 of the California Constitution and applicable state laws.  They bring this action for declaratory and injunctive relief and for damages and prospective relief under 42 U.S.C. Section 1983 as well as relevant state laws.

Plaintiffs bring facial and as-applied challenges to the constitutionality of Los Angeles Municipal Code Section 56.11, a local ordinance which the City contends allows it to seize and, in some instances, immediately destroy unhoused people's belongings.  Specifically, Plaintiffs' first and fourth causes of action are facial challenges to a constitutionality of Los Angeles Municipal Code Section 56.11(3)(i) and (10)(d).  Plaintiffs' second and fifth causes allege that Defendant's actions violate the  Fourth Amendment of the United States Constitution and Article I, section 13 of the California Constitution and the right to be free from deprivation of their property without due process in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution.  Plaintiffs allege that Defendant's actions have been and continue to be taken pursuant to its policies, patterns, and/or customs of seizing and destroying homeless individuals' property in violation of the U.S. and California Constitutions.  To the extent these actions are taken pursuant to LAMC 56.11, Plaintiffs bring as-applied challenges to the ordinance.  Defendant denies these allegations and the contention that Defendant violated any of the Plaintiffs' constitutional rights.

Individual Plaintiffs also bring a state law claim, alleging that Defendant's policies, practices, and conduct violated California Government Code section 815.6 and California Civil Code Section 2080 et seq. for failing to maintain individual Plaintiff's property.  Defendant denies these allegations and the contention that Defendant violated any of the Individual Plaintiffs' rights under these state statutes.

Plaintiff Ali El-Bey brings a separate cause of action on the ground that Defendant violated the Bane Civil Rights Act by using arrests, threats of arrest, and intimidation to interfere with his right to be free from unlawful searches and seizure of his possessions, his right to due process, and the statutory rights of the State of California.  Defendant denies these allegations and the contention that Defendant violated Plaintiff El-Bey's rights under the Bane Act.

All Plaintiffs seek a declaration that Defendant's laws and policies, practices, and customs violate the United States and California Constitution and an injunction preventing these practices.  Defendant contends that Plaintiffs are not entitled to prospective injunctive or declaratory relief.  As discussed below, the individual plaintiffs seek damages under 42 U.S.C. Section 1983 and relevant state laws.  Defendant contends that it is not liable to the Individual Plaintiffs for any damages.

Defendant did not assert any counterclaims in this case.  Defendant asserts the following 25 affirmative defenses.  These defenses are to all claims unless otherwise stated: (1) failure to state a claim; (2) government immunity under California Government code sections 815, *et seq.*;  (3) government immunity under California Government Code section 815.6; (4) government Immunity under California Government Code section 818.2; (5) government immunity under Government Code section 820.2; (6) government immunity under Government Code section 820.4; (7) government immunity under Government Code section 820.6; (8) separation of powers; (9) failure to comply with tort claim act; (10) government immunity/ no vicarious liability under California Government Code section 815.2; (11) good faith; (12) state law provides remedy for destruction of property; (13) action taken in the

public interest (for claims based on Fourth and Fourteenth Amendment); (14) qualified immunity for DOES 1-10; (15) waiver; (16) consent; (17) estoppel; (18) unclean hands; (19) failure to exhaust administrative remedies; (20) adequate legal remedies; (21) justification; (22) gift of public funds; (23) failure to mitigate damages; (24) lack of standing; (25) reservation of additional defenses.

**b.** <u>**Subject Matter Jurisdiction**</u>

This is an action for declaratory relief and injunctive relief and damages pursuant to 42 U.S.C.§ 1983 based upon the continuing violations of Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1343 based on 42 U.S.C. § 1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, as it arises from the same case or controversy as Plaintiffs' federal claims.

**c.** <u>**Legal Issues**</u>

The parties agree that this is not a complex case and the Manual for Complex Litigation should not be used.

*Plaintiffs' key legal issues are*:

1. whether LAMC 56.11 violates the United States Constitution, either as written or as applied, in so much as it allows the City to unreasonably seize property in violation of the Fourth Amendment of the United States Constitution and Article I, section 13 of the California Constitution?

2. whether Defendant violated Plaintiffs' right to be secure from unreasonable seizures through its actions, taken pursuant to its policies, patterns and customs?

3. whether LAMC 56.11 violates the United States Constitution, either as written or as applied, in so much as it allows the City to seize property without due process of law, in violation of the Fourteenth Amendment of the

United States Constitution and Article I, section 7 of the California Constitution?

4. whether Defendant violated Plaintiffs' right to due process through its actions, taken pursuant to its policies, patterns and customs?

5. Whether Defendant violated the Bane Civil Rights Act by using arrest, threats of arrest, and intimidation to interfere with Plaintiff Ali El Bey's right to be free from unlawful searches and seizures of his possessions, and the statutory rights of the State of California?

6. Whether Defendant's policies, practices, and conduct violated California government Code section 815.6 and California Civil Code Section 2080 et seq. by failing to maintain individual Plaintiffs' property?

*Defendant's key legal issues are*:

1. Did Defendant cause any Plaintiff to suffer a violation of constitutional rights under the Fourth and/or Fourteenth Amendment of the United States Constitution or Article I, Sections 7 and 13 of the California Constitution as alleged in the Second Amended Complaint?

2. Is the Bulky Item Provision under LAMC 56.11(3) facially unconstitutional under the Fourth and/or Fourteenth Amendment of the United States Constitution or Article I, Sections 7 and 13 of the California Constitution as alleged in the Second Amended Complaint?

3. Did Defendant violate the Bane Civil Rights Act as alleged by Plaintiff El-Bey in the Second Amended Complaint?

4. Did Defendant violate a mandatory duty under California Civil Code Section 2080 et seq. as alleged in Second Amended Complaint?

5. Does KFA have standing to pursue claims for prospective relief for violation of its members' personal constitutional rights?

6. What monetary damages, if any, are Individual Plaintiffs entitled?

7. Are Plaintiffs are entitled to permanent injunctive relief?  If so, what is

4

the appropriate nature and scope of any permanent injunctive relief?

      **d.**    __Parties, evidence, etc.__

    The Plaintiffs in this action are Janet Garcia, Gladys Zepeda, Miriam, Zamora, Ali El-Bey, Peter Diocson Jr., Marquis Ashley, James Haugabrook, and Ktown for All.  The Defendants are the City of Los Angeles, a municipal entity, and Does 1-7.

    *Plaintiffs' Key Documents and Percipient Witnesses:*

    Plaintiffs' key documents in this case are:  LAMC 56.11 and implementing policies and procedures; Data, reports, and documentation related to scheduling and conducting cleanups, enforcing LAMC 56.11, and storing and/or destructing of property;  communications related to scheduling and conducting cleanups, enforcement of LAMC 56.11, and storing and/or destroying  property; police body camera footage and other documentary evidence of cleanups and enforcement actions and the seizure and destruction of property; trainings of Los Angeles Sanitation, LAHSA, LAPD, and other city employees, agents, or contractors, regarding cleanups, enforcement of LAMC 56.11, and storing and/or destroying property.

    Plaintiffs identify the following individuals and categories of individuals who may testify as percipient witnesses:

       1. Janet Garcia (plaintiff)

       2. Gladys "Jane" Zepeda (plaintiff)

       3. Miriam Zamora (plaintiff)

       4. Ali El-Bey (plaintiff)

       5. James Haugabrook (plaintiff)

       6. Pete Diocson Jr. (plaintiff)

       7. Marquis Ashley (plaintiff)

       8. Jane Nguyen

       9. Nicholas Price

      10. Nicolas Emmons

      11. Michael Dickerson

12. Rachelle Bettega

13. Kahn

14. Muhammad

15. Jed Parriott

16. Chris Venn

17. Maria Velasquez

18. Mathew Strugar

19. Lisa Merenda

20. David Flores

21. Ivan Nathan

22. Angie

23. Donovan Dale

24. Estuardo Flores

25. Marco Iniquez Nungaray

26. Isai Barrea

27. Kathryna Hancock

28. Manny Mendez

29. Jose "Johnny" Sanchez

30. Juan Rivera

31. Juanito Oscar

32. Juan Lopez

33. LAPD Officer Bermudez

34. LAPD Officer Lucero

35. LAPD Officer Carolina Argueta

36. LAPD Officer Ivan Lucero

37. LAPD Officer Kevin Q. Chung

38. LAPD Officer Marc J. Mahlknech

39. LAPD Officer Lopez

RULE 26(F) JOINT REPORT

40. LAPD Officer Kim

41. LAPD Officer Lucero

42. LA Sanitation employee Michael Tran

43. LA Sanitation employee Abraham Abrahamian

44.     Community organizers, members of the community, and other unhoused individuals with knowledge of defendant's illegal seizure of property and other allegations in the Complaint.

45.     City employees including Care team members, Care Plus teams members, Clean Streets LA teams members, Hope team members, LA Sanitation employees, LAPD employees, city council members and their staff;

46.     LAHSA outreach workers and employees who have been present at encampment cleanups or enforcement actions, or may have knowledge of the City's customs, policies, or practices related to the allegations in the Complaint;

47.     Employees of City or LAHSA contractors, including Clean Harbors and Chyrsalis, who have been present at encampment cleanups or enforcement actions, or may have knowledge of the City's customs, policies, or practices related to the allegations in the Complaint;

48.     All individuals identified in Defendant's initial Rule 26 disclosures who may testify regarding matters related to Defendant's illegal seizure of property and other allegations in the Complaint.

*Defendant's Key Documents and Percipient Witnesses:*

Defendant's key documents include the Los Angeles Bureau of Sanitation (LASAN) cleanup and health-hazard reports, posting surveys, and photographs taken during the specific alleged incidents, available LAPD body worn video of the cleanups of the specific alleged incidents, the LASAN LAMC 56.11 standard operating protocols.  In addition to the seven named individual plaintiffs and any designated witness(es) for Ktown for All, Defendant identify the following witnesses: LASAN environmental compliance inspectors: Eric S. Estrada, Daniel C. Truong,

Teodoro C. Salvacion, Michael Hu, Armando Cabrera, Gilberto E. Campos, Arek Arzoumanian, Michael Tran, Abraham Abrahamian, Bernard J. Dancel, Philip A. Pedrosa, Jazmine N. Saucedo, Stephany J. Cruz, Jay J. Kim, and Alyssa E. Mireles; LASAN Chief Environmental Officer Howard Wong; and the following LAPD Officers: Kevin Q. Chung, Marc J. Mahlknecht, Kevin W. Cottle, Won Y. Kim.

**e.**    **Damages**

The individual Plaintiffs seek $10,000 each for the loss of their property, the violation of their constitutional and statutory rights, emotional distress, and for pain and suffering resulting from the unlawful conduct of Defendant.  Ali El-Bey further seeks statutory damages.

**f.**    **Insurance**

Insurance is not an issue in this case.

**g.**    **Motions**

Plaintiffs plan to amend the second amended complaint to name the Doe defendants and will likely seek leave to file a supplemental and/or amended complaint.  Plaintiffs may seek an additional preliminary injunction to prevent the seizure and destruction of property.  Plaintiffs will also likely file a motion for summary judgment/adjudication.

Defendant intends to file a motion for judgment on the pleadings addressing Ktown for All's claims and the arguments raised in the City's second motion to dismiss that the Court denied under Rule 12(g) without prejudice to Defendant raising the issues again in a manner authorized by Rule 12(h)(2).  Dkt. No. 65 at 12-13.  Defendant also anticipates filing a motion for summary judgment and/or summary adjudication.

**h.**    **Status of Discovery**

*Plaintiffs' Summary re Status of Discovery:*

Plaintiffs propounded Requests for Production in October 2019.  Beginning in September 2019, Plaintiffs repeatedly requested Defendant conduct the Rule 26

8

conference and begin discovery, which Defendant refused.  In October 2019, Plaintiffs requested the parties meet and confer pursuant to Local Rule 37 regarding Plaintiffs' proposed motion to compel early discovery.  In response to the threatened motion, Defendant chose to produce some documents related to some of the incidents in the complaint, but otherwise refused to meet and confer about the scope of that production.  Defendant also refused to allow Plaintiffs to propound a third party subpoena to Chrysalis, which stores property seized by LA Sanitation, on the ground that the storage of property was not relevant to Plaintiffs' case, since it related to destruction, rather than storage of property.  Thereafter, Plaintiffs moved for an order compelling early discovery.  The Judge denied the motion on the ground that the documents sought were broader than necessary to "assess whether to file a preliminary injunction motion and to determine additional DOE defendants."  Dkt. 33 at 5.

In January 2020, Defendant produced documents related to a small number of cleanups conducted in March 2019 in "South Los Angeles," which it contends were the only cleanups conducted during the relevant time period. In February 2020, Plaintiffs moved for a Preliminary Injunction, based on their facial challenge to LAMC 56.11.  In its opposition to the Preliminary Injunction, Defendant relied on a number of documents Plaintiffs had sought from Defendant related to the storage of property, but Defendant had previously argued were irrelevant to Plaintiffs' claims.

Following Defendant's use of documents related to the storage of seized property, Plaintiffs again sought Defendant's consent to seek third party discovery from Chrysalis, which Defendant again declined and also declined to participate in the Rule 26 conference.

The Parties conducted the Rule 26 conference on July 13, 2020.  Pursuant to Rule 26(d)(2)(B), the requests were deemed served on that date.  Defendant has not propounded any discovery.

*Defendant's Summary re Status of Discovery:*

Defendant voluntarily produced over 4,000 pages of documents in response to

Plaintiffs' demands for early discovery and the requests propounded in October 2019. Defendant produced incident-specific documents on November 9, 2019 (CTY00001-2212) and December 10, 2019 (CTY002213-2677).  The incident-specific documents included documents that related to the Individual Plaintiffs' specific alleged incidents and included, among other documents, LASAN cleanup and health-hazard reports, posting surveys, and photographs taken during the cleanups.  Incident-specific documents also included LAPD reports, including Watch Commander Reports, Sergeant's Daily Reports, Daily Field Activity Reports, and Computer Aided Dispatch Reports.  On January 10, 2020, Defendant also produced policy-related documents (CTY002678-3239) related to LAMC 56.11 and encampment cleanups.  On January 10, 2020, Defendant also produced LASAN reports for all cleanups conducted in March 2019 in South Los Angeles (CTY003240-4085), which Defendant produced because it was unable to locate any incident-specific documents corresponding to Plaintiff Haugabrook's alleged incident occurring in "March 2019" at "Figueroa Street, between 53rd Street and 52nd Place."  On January 15, 2020, Plaintiffs filed a Motion for Expedited Discovery seeking to require Defendant to produce additional documents or, alternatively, requiring Defendant to attend an early Rule 26 conference (Dkt. No. 29).  On January 29, 2020, Magistrate Abrams issued an Order denying Plaintiffs' Motion for Expedited Discovery (Dkt. No. 33).  In the order, the Magistrate agreed "with defendant that the requests as written are overbroad and not narrowly tailored to for the purposes stated by plaintiffs[.]"  Dkt. No. 33 at 5.  On March 11, 2020, Defendant produced additional documents relating to Plaintiffs' Motion for Preliminary Injunction (CTY004086- 4315).  To date, Plaintiff has not produced any documents or information to Defendant relating to Plaintiffs' claims.

### i. **Discovery Plan**

Plaintiffs anticipate the use of interrogatories, request for production of documents, requests for admission, depositions, and subpoenas for records, as necessary.  The anticipated subject of Plaintiffs' discovery will be the following:

individual cleanups and enforcement actions; the City's policies and procedures related to cleanups and enforcement actions; LAMC 56.11, Clean Streets LA, Hope Teams, Care teams and Care Plus teams; the City's practices related to seizing and storing or destroying property pursuant to LAMC 56.11, including records of cleanups and enforcement actions, and records related to storage of property seized pursuant to LAMC 56.11; training of LA Sanitation, Los Angeles Police Department, and other city personnel and contractors that are present at or responsible for cleanups and enforcement actions, including the seizure, destruction, and storage of property; communications related to cleanups and enforcement actions, including communications related to the scheduling and implementation of cleanups and enforcement actions.  Plaintiffs plan to depose the City of Los Angeles pursuant to Rule 30(b)(b); individual witnesses present at or who have knowledge of each incident outlined in the SAC, including but not limited to employees of LA Sanitation, LAPD, and LAHSA.  Plaintiffs also plan to depose City policymakers and others with knowledge of the City's customs and practices. The identity of these deponents will be based on responses to initial written discovery.  As such, Plaintiffs expects they will need to conduct more depositions than the 10 allowed under Federal Rule of Civil Procedure 30(a)(2)(A).

Defendant anticipates the use of interrogatories, requests for production of documents, requests for admission, and depositions.  Defendants anticipates that it will need discovery regarding the individual Plaintiffs' alleged incidents and any documents, communications, pictures, or videos relating to the incidents, the basis for and calculation of Plaintiff's alleged damages, the Individual Plaintiffs' allegations in the complaint, including for example, Janet Garcia's alleged employment and driver's license.  Defendant anticipates that it will need discovery from Ktown for All relating to its alleged incidents and injuries, its membership, its finances, diversion of resources, organizational structure and mission.  Defendant also anticipates the need to depose percipient witnesses identified in Plaintiffs' Rule 26(a) initial disclosures.

Defendant expects that it will require leave to conduct more than the 10 depositions allowed under Rule 30(a)(2)(A) because there are eight plaintiffs (seven individual plaintiffs and one organizational plaintiff) and Defendant anticipates the need to depose percipient witnesses identified in Plaintiffs' Rule 26(a) initial disclosures.

Plaintiffs' proposed schedule requests that all depositions, and written fact discovery be completed by January 25, 2021 based on a September 14, 2021 trial date.

Defendant's proposed schedule requests that all fact discovery be completed by February 2, 2020 based on a July 27, 2021 trial date.

Rule 26(a) initial disclosures will be made by both parties by July 27, 2020.

At the Rule 26 conference on July 13, 2020, Defendant proposed conducting the trial and discovery in two phases. Specifically, Defendant proposed trying the case in two phases in conjunction with a stipulation by the Defendant regarding *Monell* liability for compensatory damages and, to the extent allowed by the Court, reasonable attorney's fees pursuant to 42 U.S.C. §1988, if the finder of fact finds in that an employee of the City violated a Constitutional right of any Plaintiff. Defendant's proposed Phase I would be a jury trial on the issues of liability and monetary damages and Phase II would be a court trial on equitable relief. Defendant contends that proposal would streamline discovery, avoid protracted disputes regarding the extent and scope of *Monell* discovery, and allow for an earlier trial date.

Plaintiff are concerned that this approach will not eliminate the need for discovery and instead, will lead to more disputes about the scope of the discovery as it relates to the phases. In addition, the proposed approach does not account for Ktown for All's claims for a Declaratory Judgment and Injunctive Relief.

The parties continue to meet and confer about the feasibility of such an approach. If the parties agree that such an approach is appropriate and are able to reach an agreement regarding the specifics of such an approach, they will submit a revised scheduling order to reflect the proposed approach and seek court approval of the new scheduling order.

The parties have discussed preserving discoverable information.  Plaintiffs request all documents produced in its electronic native format with preserved ESI, and not in PDF format, unless otherwise stated.  Plaintiffs have requested the production of databases that contain responsive data Plaintiffs requested Defendants meet and confer on these issues as contemplated by Rule 26, including identifying how responsive documents are preserved and maintained, the relative burden of producing databased compared to generating reports and exporting documents, and other issues related to the manner and method of production; Defendants declined.

Defendant requests production of documents in portable document format (PDF) and production of videos electronically via MP4 files.  Plaintiffs' document requests are extremely overbroad and seek "all" documents and communications relating to a wide variety of topic wholly unrelated to Plaintiffs' alleged incidents, the requests seek documents dating as far back as 2012 – four years before the current version of LAMC 56.11 was adopted – and seek production of entire databases across different departments.  Plaintiffs' overbroad requests are neither relevant nor proportional to the discovery needs of this case.  The Court held that it interpreted "KFA's claims in the SAC as seeking only to obtain a ruling that the policies and practices are unconstitutional and not that each past application of those practices to its members was unconstitutional." *See* Dkt. No. 65 at 7.  Plaintiffs have not identified why production in PDF format is not acceptable or why production of documents in native format is necessary for claims relating to the alleged unlawful destruction of property.  Defendant and Plaintiffs met and conferred regarding these issues during the July 13 conference of counsel.  Plaintiffs' broad demands for production of all documents and communications in native format with preserved ESI will result in motion practice and Defendant filing a motion for protective order and/or opposing a motion to compel filed by Plaintiffs.  Defendant requests that the Court order documents produced in PDF format and that the parties meet-and-confer regarding particular requests for production of a document in a different form.

RULE 26(F) JOINT REPORT

With regards to the production of email communications, the parties discussed identifying custodians and search terms to identify responsive communications. Plaintiff requests that emails be produced in their TIFF format and not PDF. Defendant has agreed to meet-and-confer regarding custodians and search terms regarding email communications, subject to Defendant's objections regarding the scope, relevance, proportionality of Plaintiffs' request and Defendant's undue burden of production for such requested email communications. Defendant requests that any emails produced be in PDF format for reasons discussed above.

Plaintiffs have requested the production of body camera footage. Plaintiff agreed to supply Defendant with a hard drive to produce available LAPD body worn video. Defendant agreed to production of available LAPD body worn videos of the alleged incidents electronically via MP4 files saved to the hard drive supplied by Plaintiffs.

The parties agree that the procedures under Rule 26(b)(5) shall apply to claims of privilege and protection of trial-preparation materials. The parties have agreed to accept service pursuant to F.R.Civ.P. 5(b)(2)(F) via email addressed to counsel of record for all discovery requests and responses.

Defendant has requested that the parties enter into and file with the Court a stipulated protective order under Rule 26(c) to address, among other discovery, the production and/or use of discovery and evidence regarding City records or personnel files expressly protected under California Penal Code § 832.7, California Evidence Code §§ 1043, 1047, and/or under the federal privilege law.
Defendant's proposed protective order would include a process for raising claims relating to privileged materials and/or the claw-back of inadvertently produced privileged material under Federal Rule of Evidence 502.   Plaintiffs agree that a protective order is acceptable as long as there is a process to challenge the designation of materials as privileged and the order does not allow the parties to designate as confidential any documents that are otherwise public

Defendant requests that the Court order the parties to conduct an informal discovery conference with the assigned Magistrate before filing a motion to compel pursuant to L.R. 37 or a motion for protective order under Rule 26(c) based on the anticipated discovery disputes and motion practice relating to Plaintiffs' document requests. Defendant contends that conducting informal discovery conferences with the assigned Magistrate will conserve resources, resolve or narrow any discovery disputes, and expedite the discovery process. Plaintiffs do not object to this process; however, as Plaintiffs indicated during the Meet and Confer, they are unaware of whether Judge Abrams offered such a procedure and contend that Judge Abrams would be the appropriate judge to issue any such order governing his own procedures and rules.

**j.** **Discovery Cut-Off**

Plaintiffs propose a fact discovery cut-off date of January 25, 2021.

Defendant proposes a fact discovery cut-off date of February 2, 2020 based on a July 27, 2021 trial date.

**k.** **Expert Discovery**

Plaintiffs propose the following deadlines regarding expert discovery: initial expert disclosures due by February 22, 2021; expert disclosure rebuttal due by March 22, 2021; expert discovery cut-off on April 19, 2021.

Defendant proposes that expert disclosures be due by January 15, 2021; rebuttal disclosures by February 15, 2021; and expert discovery cutoff on March 2, 2021. However, Defendant is willing to extend the expert discovery cutoff until March 15, 2021 to provide 30 days to complete expert discovery following service of rebuttal disclosures.

**l.** **Dispositive motions**

At this time, Plaintiffs plans to file a motion for summary judgment/adjudication.

Defendant intends to file a motion for judgment on the pleadings addressing

15

Ktown for All's claims and the arguments raised in the City's second motion to dismiss that the Court denied under Rule 12(g) without prejudice to Defendant raising the issues again in a manner authorized by Rule 12(h)(2).  Dkt. No. 65 at 12-13. Defendant also anticipates filing motion(s) for summary judgment and/or summary adjudication.  Defendant requests that it be granted leave to file more than one motion for summary judgment/adjudication because of the number of Plaintiffs and to seek early resolution of claims asserted by Plaintiff Haugabrook for absence of evidence and Ktown for All.  Alternatively, Defendant requests leave to file over-sized motion for summary judgment because of the number of plaintiffs and alleged incidents that Defendant must address in the motion.

### m.    Settlement/Alternative Dispute Resolution (ADR)

Plaintiffs remain open to discussing a potential resolution of this case. Plaintiffs propose a private dispute resolution proceeding, at on or before June 21, 2021.

Defendant proposed the Parties conduct ADR before the assigned Magistrate Judge.  Plaintiffs expressed concern about using the assigned Magistrate Abrams because of anticipated discovery disputes.  Defendant is amenable to conducting ADR before a Magistrate other than Magistrate Abrams.  Defendant proposes that ADR be completed on or before May 4, 2021.  Defendant contends that early settlement discussions would not be productive at this time because Plaintiffs seek non-monetary prospective relief and the City is involved in other cases addressing homeless issues that may affect any non-monetary relief in this action.

### n.    Trial Estimate

Plaintiffs and Defendant estimate ten days for trial.  Plaintiffs estimate calling at least 15 witnesses.  Plaintiffs need ten days because this case involves multiple incidents, the use of expert witnesses, and witnesses with knowledge of Defendant's policies, practices, and trainings.  Defendant estimates calling at least 15 witnesses based on the number of plaintiffs and alleged incidents.  Defendant contends that its proposal to phase the trial would reduce trial time by reducing the number of

witnesses and need to present evidence regarding *Monell* liability in Phase I.

**o.**   **Lead Trial Counsel**

Plaintiffs' lead trial counsel is Shayla Myers.

Defendant's lead trial counsel is Deputy City Attorney Patricia Ursea.

**p.**   **Independent Expert or Master**

This is not a case where the court should consider appointing a master or independent scientific expert.

**q.**   **Timetable**

See attached Exhibit A.

**r.**   **Magistrate Judge**

Plaintiffs do not consent to try this case before a magistrate judge.

Defendant is willing to try the case before the assigned Magistrate Abrams.

**s.**   **Other Issues**

The Parties discussed conducting deposition remotely.  Plaintiffs may consent to the use of remote depositions where feasible and to the extent necessary, given the current public health crisis.  Defendant contends that depositions should be conducted remotely because of the existing COVID-19 pandemic and worsening conditions in Los Angeles County and that conducting in-person depositions would create unnecessary health risks for witnesses and counsel.

As discussed above, Defendant's other issues include the following: Defendant's proposed *Monell* stipulation and request to try the case in two phases with a Phase I jury trial on liability and damages and a Phase II bench trial on equitable relief; Defendant's request for an order requiring that the parties conduct an informal discovery conference with Magistrate Abrams before filing any motions to compel or motions for protective orders, Defendant's request for an order regarding the form of Defendant's production of documents in PDF format, and Defendant's request for leave to file more than one motion for summary judgment/adjudication or, alternatively, leave to file an oversized brief.

RULE 26(F) JOINT REPORT

Dated: July 27, 2020                    SCHONBRUN SEPLOW HARRIS
                                        HOFFMAN & ZELDES LLP


                                        By: */s/ Catherine E. Sweetser*_____
                                             Catherine E. Sweetser
                                             *Attorney for Plaintiffs.*

Dated:   July 27, 2020                  MICHAEL N. FEUER, City Attorney

                                        KATHLEEN KENEALY, Chief Asst. City Attorney
                                        SCOTT MARCUS, Chief, Civil Litigation Branch
                                        FELIX LEBRON, Deputy City Attorney
                                        A. PATRICIA URSEA, Deputy City Attorney


                                        By: /s/_____
                                                 FELIX LEBRON
                                                 Deputy City Attorney
                                                 Attorneys for Defendant,
                                                 *CITY OF LOS ANGELES*

RULE 26(F) JOINT REPORT

## **LOCAL RULE 5-4.3.4 ATTESTATION**

I attest that Defendant's counsel, Felix Lebron, concurs in this filing's content and has authorized the filing.

Dated: July 27, 2020                    SCHONBRUN SEPLOW HARRIS
                                        HOFFMAN & ZELDES LLP


By:  */s/ Catherine E. Sweetser*
     Catherine E. Sweetser
     *Attorney for Plaintiffs.*

RULE 26(F) JOINT REPORT