MICHAEL FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
SCOTT MARCUS, Senior Assistant City Attorney (SBN 184980)
GABRIEL DERMER, Assistant City Attorney (SBN 229424)
**FELIX LEBRON, Deputy City Attorney (SBN 232984)**
A. PATRICIA URSEA, Deputy City Atty (SBN 221637)
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone (213) 978-7569
Facsimile (213) 978-7011
Felix.Lebron@lacity.org
Patricia.Ursea@lacity.org

*Attorneys for Defendant,* CITY OF LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET GARCIA, et al.,<br><br>        *Plaintiffs*,<br><br>    vs.<br><br>CITY OF LOS ANGELES, a municipal entity,<br><br>        *Defendant*. | Case No.:  2:19-cv-6182-DSF-PLA<br>[Assigned to Judge Dale S. Fischer]<br><br>**DEFENDANT CITY OF LOS ANGELES' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS (FED. R. CIV. PROC. 12(c); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Request for Judicial Notice filed concurrently]<br><br>Date:   Sept. 14, 2020<br>Time:  1:30 p.m.<br>Ctrm:  7D<br>Judge: Hon. Dale S. Fischer<br><br>**Complaint Filed:  July 18, 2019** |

**TO ALL PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 14, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 7D of the above titled Court, located at 350 West 1st Street, Los Angeles, California, 90012, Defendant City of Los Angeles ("City" or "Defendant") will and hereby does, pursuant to Federal Rule of Civil Procedure (F.R.Civ.P.) 12(c), move for judgment on the pleadings as to Counts One, Two, Four and Five of the Second Amended Complaint (Dkt. No. 43 "SAC") filed by Plaintiff Ktown For All ("KFA").

The City's Motion is brought on the grounds that the City is entitled to judgment on the pleadings as a matter law pursuant to F.R.Civ.P. 12(c) because KFA has failed to state a claim upon which relief can be granted on Counts One and Two under 42 U.S.C. § 1983 for violation of the Fourth Amendment of the United States Constitution and Article I, § 13 of the California Constitution, and on Counts Four and Five under 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I, § 7 of the California Constitution.

The City's Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and papers that are on file in this action, and any further arguments or evidence that the Court may receive before or at the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 15, 2020.

Dated:   August 3, 2020

MICHAEL N. FEUER, City Attorney
KATHLEEN KENEALY, Chief Assistant City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
FELIX LEBRON, Deputy City Attorney
A. PATRICIA URSEA, Deputy City Attorney

By: */s/Felix Lebron*
    Attorneys for Defendant
    CITY OF LOS ANGELES

---

1

CITY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMO OF P&A

## TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................1

II.  FACTUAL ALLEGATIONS AND CLAIMS FOR RELIEF. ...................................2

III. PROCEDURAL HISTORY ................................................................................4

IV. LEGAL STANDARD ........................................................................................5

V.  ARGUMENT ....................................................................................................5

  A.  The Specific Constitutional Right at Issue Governs the Analysis of Constitutional Claims under 42 U.S.C. § 1983. ....................................................................5

  B.  The City is Entitled to Judgment as a Matter of Law on KFA's Claims for Unreasonable Seizures in Violation of the Fourth Amendment and Article I, Section 13 of the California Constitution (Counts 1 and 2). ....................................................7

     1.  KFA Fails to State a Direct Claim for Unreasonable Seizures in Violation of KFA's Own Fourth Amendment Rights. .....................................................................7

     2. KFA Cannot Vicariously Assert Claims for Violation of Its Members' Fourth Amendment Rights. ..........................................................................................9

  C.  The City is Entitled to Judgment as a Matter of Law on KFA's Claims for Deprivation of Property in Violation of the Due Process Clause and Article I, Section 7 of the California Constitution (Counts 4 and 5). ....................................................14

     1.  KFA Fails to State a Direct Claim for Deprivation of Personal Property in Violation of the Due Process Clause. ...............................................................15

     2.  KFA Cannot Vicariously Assert Claims for Deprivations of Its Members' Personal Property in Violation of Its Members' Rights under the Due Process Clause. ..........................................................................................................17

VI. CONCLUSION .............................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albright v. Oliver*,
  510 U.S. 266 (1994)................................................................................5

*Alderman v. U.S.*,
  394 U.S. 165 (1967)..........................................................9, 10, 11, 13

*Archuleta v. McShan*,
  897 F.2d 495 (10th Cir. 1990) .........................................................17

*Armstrong v. Exceptional Child Center, Inc.*
  575 U.S. 320 (1997)..............................................................................20

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................5

*Ass'n of Los Angeles City Attorneys v. City of Los Angeles*,
  No. 12-4235-MMM(JCX), 2012 WL 12887541 (C.D. Cal. Nov. 20, 2012) ...............18

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................5

*Broadrick v. Oklahoma*,
  413 U.S. 601 (1973)........................................................................17, 19

*U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys.*,
  637 F.3d 1047 (9th Cir. 2011) ...........................................................5

*Cal. Bankers Ass'n v. Shultz*,
  416 U.S. 21 (1974)..............................................................................10

*Cantella v. California*,
  304 F.3d 843 (9th Cir. 2002) .............................................................19

*Caplin & Drysdale, Chartered v. United States*,
  491 U.S. 617 (1989)..............................................................................18

*Carey v. Piphus*,
  435 U.S. 247 (1978)..............................................................................15

ii

*Chavez v. United States*,
  683 F.3d 1102 (9th Cir. 2012) ............................................................ 5

*City of Los Angeles v. Patel*,
  135 S. Ct. 2443, 192 L. Ed. 2d 435 (2015) ................................... 13, 14

*Cnty. of Sacramento v. Lewis*,
  523 U.S. 833 (1998) ....................................................................... 6, 7

*Columbia Basin Apt. Ass'n v City of Pasco*,
  269 F.3d 791 (9th Cir. 2001) ........................................................ 12, 13

*Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*,
  657 F.3d 936 (9th Cir. 2011) ............................................................ 19

*Coon v. Ledbetter*,
  780 F.2d 1158 (5th Cir. 1986) .......................................................... 17

*Craig v. Boren*,
  429 U.S. 190 (1976) ........................................................................ 18

*Dougherty v. City of Covina*,
  654 F.3d 892 (9th Cir. 2011) ............................................................. 7

*Dworkin v. Hustler Magazine, Inc.*,
  867 F.2d 1188 (9th Cir. 1989) ........................................................... 5

*El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*,
  959 F.2d 742 (9th Cir. 1991) ............................................................ 16

*Ellwest Stereo Theatres, Inc. v. Wenner*,
  681 F.2d 1243 (9th Cir. 1982) .......................................................... 10

*Gonzaga Univ. v. Doe*,
  536 U.S. 273 (2002) ..................................................................... 5, 15

*Herd v. Cnty. of San Bernardino*,
  311 F. Supp. 3d 1157 (C.D. Cal. 2018) .............................................. 10

*Kentucky Dep't of Corr. v. Thompson*,
  490 U.S. 454 (1989) ........................................................................ 14

*Knick v. Twp. of Scott*,
  862 F.3d 310 (3rd Cir. 2017) *rev'd on other grounds Knick v. Twp. of Scott*, 139 S.
  Ct. 2162, 204 L. Ed. 2d 558 (2019) ............................................. 13, 14

CITY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMO OF P&A

*Knife Rights, Inc. v. Vance*,
    802 F.3d 377 (2nd Cir. 2015) ...................................................................... 17

*Kowalski v. Tesmer*,
    543 U.S. 125 (2004) .................................................................................... 18

*League of Women Voters v. Nassau Cnty. Bd. of Supervisors*,
    737 F.2d 155 (2nd Cir. 1984) ...................................................................... 17

*Legal Aid Soc'y v. Legal Servs. Corp.*,
    145 F.3d 1017 (9th Cir. 1998) ..................................................................... 19

*Lyall v. City of Los Angeles*,
    807 F.3d 1178 (9th Cir. 2015) .................................................... 8, 9, 10, 13

*Mabe v. San Bernardino Cnty.*,
    237 F.3d 1101 (9th Cir. 2001) ..................................................................... 10

*Manuel v. City of Joliet*,
    137 S. Ct. 911, 197 L. Ed. 2d 312 (2017) .................................................... 6

*McGowan v. Maryland*,
    366 U.S. 420 (1960) .................................................................................... 17

*Microsoft v. United States Dept. of Justice*,
    233 F. Supp. 3d 887 (W.D. Wash. 2017) .............................................. 11, 12

*Minnesota v. Carter*,
    525 U.S. 83 (1998) ........................................................................................ 9

*Moreland v. Las Vegas Metro. Police Dept.*,
    159 F.3d 365 (9th Cir. 1998) ........................................................... 10, 15, 17

*O'Bannon v. Town Court Nursing Center*,
    447 U.S. 773 (1980) .................................................................................... 15

*Osborne v. County of Riverside*,
    385 F. Supp. 2d 1048 (C.D. Cal. 2005) ...................................................... 10

*Plumhoff v. Richard*,
    572 U.S. 765 (2014) .......................................................................... 9, 10, 13

*Powers v. Ohio*,
    499 U.S. 400 (1991) .............................................................................. 18, 19

iv

*Rakas v. Illinois*,
   439 U.S. 128 (1978)...........................................................................9, 10, 11, 13

*Rizzo v. Goode*,
   423 U.S. 362 (1976)........................................................................................6

*Santiago v. City of Los Angeles*,
   Case No. CV-15-08444-BRO (Ex), 2016 U.S. Dist. LEXIS 172682 (C.D. Cal. Nov.
   17, 2016) ......................................................................................................13

*Secretary of State of Md. v. Joseph H. Munson Co.*,
   467 U.S. 947 (1984)......................................................................................19

*Segundo v. Rancho Mirage*,
   813 F.2d 1327 (9th Cir. 1987) ......................................................................20

*Segura v. U.S.*,
   468 U.S. 796 (1984)........................................................................................7

*Soldal v. Cook County*,
   506 U.S. 56 (1992)..........................................................................................7

*Tileston v. Ullman*,
   318 U.S. 44 (1943)........................................................................................17

*Today's Fresh Start, Inc. v. Los Angeles Cnty. Office of Ed.*,
   57 Cal.4th 197 (Cal. 2013)............................................................................16

*Town of Castle Rock v. Gonzales*,
   545 U.S. 748 (2005)......................................................................................15

*U.S. Dep't of Labor v. Triplett*,
   494 U.S. 715 (1990)......................................................................................19

*U.S. v. Jones*,
   565 U.S. 400 (2012)........................................................................................7

*United States v. Jacobson*,
   466 U.S. 109 (1984)........................................................................................7

*United States v. SDI Futures Health, Inc.*,
   568 F.3d 684 (9th Cir. 2009) ......................................................................7, 8

*Valle Del Sol Inc. v. Whiting*,
   732 F.3d 1006 (9th Cir. 2013) ......................................................................19

*Warth v. Seldon*,
 42 U.S. 490 (1975).................................................................... 6, 12

*Wheeldin v. Wheeler*,
 373 U.S. 647 (1963)..................................................................... 7, 8

*Wilkinson v. Austin*,
 545 U.S. 209 (2005)......................................................................... 15

*Wolff v. McDonnell*,
 418 U.S. 539 (1974)......................................................................... 14

*Zinermon v. Burch*,
 494 U.S. 113 (1990)......................................................................... 14

**Statutes**

42 U.S.C. Section 1983............................................................... *passim*

**Other Authorities**

F.R.Civ.P. Rule 12(c)......................................................................... 5

F.R.Civ.P. Rule 12(h)(2)(B) ............................................................. 4

CITY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMO OF P&A

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Organizational Plaintiff Ktown for All ("KFA") asserts facial and as-applied claims for unreasonable seizures in violation of the Fourth Amendment and Article I, Section 13 of the California Constitution, and loss of personal property in violation of the Due Process Clause of the Fourteenth Amendment and Article I, Section 7 of the California Constitution.  A plaintiff asserting claims under 42 U.S.C. Section 1983 for violations of these constitutional rights must be the one "subjected to" the alleged unreasonable seizure of property or the alleged deprivation of personal property without due process.  KFA does not allege that the organization itself was subjected to unreasonable seizures of the organization's property.  Nor does KFA allege that the organization's property was seized or destroyed without due process.  Rather, KFA seeks to vicariously assert its unhoused members' constitutional rights under the Fourth Amendment and Due Process Clause.

Constitutional rights arising under the Fourth Amendment and Due Process Clause are personal rights that cannot be vicariously asserted.  The Supreme Court and Ninth Circuit have rejected attempts to assert Section 1983 claims vicariously through the violations of other individuals' Fourth Amendment and Due Process rights.

The Fourth Amendment covers only searches and seizures.  A plaintiff may sue for violation of the Fourth Amendment only if there has a been a violation as to plaintiff personally.  The Supreme Court has held that Fourth Amendment standing, unlike Article III standing, is a matter of substantive Fourth Amendment law.  Accordingly, standards for associational standing under Article III do not trump the substantive Fourth Amendment law precluding the vicarious assertion of Fourth Amendment rights.

The Due Process Clause extends to actions that deprive a person of property interest of a constitutional magnitude.  Section 1983 focuses on the enforcement of constitutional rights under the Due Process Clause and not the broader benefits or interests.  Procedural due process protections do not extend to a plaintiff who suffers indirect harm.  The person who was subjected to the deprivation of his or her personal

property in violation of the Due Process Clause must assert the constitutional claim.

There are a few, limited, exceptions to the Supreme Court's rule against vicarious assertion of personal constitutional rights, none of which apply here.  The First Amendment overbreadth doctrine is one established exception.  In the First Amendment context, the Supreme Court has allowed a party to assert the rights of another without regard to the ability of the other to assert his own claims and with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity.  The relaxed standards under the First Amendment do not apply to claims under the Fourth Amendment or deprivations of property under the Due Process Clause.

The Supreme Court's *jus tertii*, or third-party standing, cases also allow a party to assert the constitutional rights of another person outside of the First Amendment.  These cases involve racial or gender discrimination claims under the Equal Protection Clause or substantive due process claims under the Fourteenth Amendment.  KFA does not and cannot meet the Supreme Court's test for third-party standing.

The California Constitution provides no greater protections for KFA.  The Ninth Circuit and California law construe federal and state constitutional claims in tandem.  In sum, KFA asserts no plausible claims against the City for violations of the Fourth and Fourteenth Amendments or Article I, Sections 7 and 13 of the California Constitution. The Court should grant judgment on the pleadings and dismiss KFA's remaining claims.

## II.   <u>FACTUAL ALLEGATIONS AND CLAIMS FOR RELIEF.</u>

As alleged in the operative Second Amended Complaint (Dkt. No. 43, "SAC"), KFA is an "unincorporated membership organization in the Koreatown neighborhood in Los Angeles" "founded in 2018 to form connections between housed and unhoused residents of Koreatown and to advocate for housing and shelters in Koreatown."  SAC ¶ 38.  KFA's mission is "to support unhoused residents and to build connections between housed and unhoused neighbors[.]"  *Id.* ¶ 39.  KFA conducts "outreach efforts" "to get to know its unhoused neighbors and provides resources such as food, water, hygiene kits,

and other consumable items that their neighbors need." *Id.*  KFA's members include "housed and unhoused residents in Koreatown." *Id.*  KFA alleges that the City "impaired and frustrated [KFA's] mission" because "[a]s a result of the City's practices, homeless residents have been moved around or been displaced from the neighborhood" making it "incredibly difficult for [KFA] to stay in contact with unhoused neighbors." *Id.*  The City's alleged "unlawful practices" caused KFA to divert resources from "connecting with neighbors" and "advocating for shelters" to helping unhoused residents "track down items that were seized" and replacing "an increasingly large number of tents, blankets and other items that were seized and destroyed by the City." *Id.* ¶ 41.  Specifically, "[o]n or about March 28, 2019, a member of [KFA] provided [plaintiffs Zamora and Zepeda] with a new tent." *Id.* ¶ 167.

KFA alleges that its "unhoused" members have "suffered harm as a result" of the City's enforcement of LAMC 56.11, including "loss of property" and deprivation of constitutional rights. *Id.* ¶ 42.  KFA alleges that the City has decreased participation of KFA's "unhoused members" in KFA's "advocacy efforts" because its "unhoused members" must spend time "guarding" or "replacing" their property. *Id.* ¶ 43.

The City enacted the existing version of LAMC Section 56.11 on April 11, 2016.  Request for Judicial Notice ("RJN"), **Ex. 1** (LAMC § 56.11(1)).  LAMC 56.11(11) designates the City's Department of Public Works, Bureau of Sanitation as the administrative agency for promulgating rules, protocols, and procedures for implementing and enforcing 56.11.  The Bureau of Sanitation adopted LAMC 56.11 Standard Operating Protocols.  RJN, **Ex. 2** ("SOPs").  LAMC 56.11 sets out a procedure in which the City may, after providing written notice, impound personal property stored on public areas.  LAMC § 56.11(3)(a); *id.* § 56.11(4)(a)(pre-removal notice); *id.* § 56.11(4)(b) (post-removal notice).  Any personal property impounded shall be stored and may be discarded if not claimed within 90 days after impoundment.  *Id.* § 56.11(5)(a)-(b).  LAMC 56.11 provides that the City may impound personal property stored on public areas without pre-removal notice and store for 90 days with post-removal notice in enumerated circumstances, including when personal property stored

CITY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMO OF P&A

on public areas is: obstructing City operations (56.11(3)(c)); blocking or impeding accessibility as required under the Americans with Disabilities Act (56.11(3)(d)); blocking ingress or egress and within 10 feet of driveways, loading docks or entrances or exits (56.11(3)(e)); or stored in a public area with a posted closure time after the posted closure time (56.11(3)(f)).  The City may also impound certain personal property with or without pre-removal notice and may discard such property stored on public areas without post-removal storage for up to 90 days if the property stored on public areas: "poses an immediate threat the health or safety of the public" (56.11(3)(g)); "constitutes evidence of a crime or contraband" (56.11(h)); or is a "Bulky Item" and not "designed to be used as a shelter" (56.11(3)(i)).

Importantly, KFA does not assert a First Amendment claim.  KFA asserts facial and as-applied claims under 42 U.S.C. § 1983 for violation of the right to be secure from unreasonable seizures under the Fourth Amendment and Article I, Section 13 of the California Constitution.  SAC ¶¶ 232-247.  KFA also asserts facial and as-applied claims under 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment and Article I, Section 7(a) of the California Constitution.  SAC ¶¶ 255-265. KFA seeks only declaratory and injunctive relief for all four claims.  SAC ¶¶ 237-238, 246-247, 257-258, 264-265.

## III.   **PROCEDURAL HISTORY**

On March 12, 2020, Plaintiffs filed the SAC.  (Dkt. No. 43).  On April 9, 2020, the City filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  (Dkt. No. 57). Among other things, the City moved to dismiss the claims asserted in the SAC by the organizational plaintiffs, KFA and AREPS.  *Id.*  On June 2, 2020, the Court issued an order granting in part and denying in part the City's motion.  (Dkt. No. 65).  The Court declined to rule on the bulk of the City's motion, which raised arguments regarding the organizational plaintiffs' assertion of personal constitutional rights under the Fourth Amendment and Due Process Clause.  Dkt. No. 65 at 12-13.  The Court denied the City's motion on these issues under Rule 12(g) without prejudice to the City raising the

CITY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMO OF P&A

issues again in a manner authorized by Rule 12(h)(2).  *Id.*  Rule 12(h)(2)(B) permits the City to raise these arguments in a motion under Rule 12(c) for judgment on the pleadings. On June 29, 2020, Plaintiffs' filed a notice electing not to file an amended complaint. (Dkt. No. 72).  On July 13, 2020, the City filed its answer to the SAC.  (Dkt. No. 75).

## IV.  LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  F.R.Civ.P. 12(c).  "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks omitted).  A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and courts apply the "same standard."  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (explaining that the "principal difference" between Rule 12(b)(6) and Rule 12(c) "is the timing of filing"); *see also U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  Judgment on the pleadings should thus be entered when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Id.*

## V.  ARGUMENT

### A. The Specific Constitutional Right at Issue Governs the Analysis of Constitutional Claims under 42 U.S.C. § 1983.

"Section 1983 is not itself a source of substantive rights."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  "Section 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States."  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-

5

285 (2002). The "nature and source of the claim asserted" may exist solely by virtue of federal statutes "creating legal rights, the invasion of which creates standing" or "constitutional" provisions. *Warth v. Seldon*, 42 U.S. 490, 500 (1975). "Section 1983 creates a species of tort liability for the deprivation of any rights, privileges or immunities secured by the Constitution." *Manuel v. City of Joliet*, 137 S. Ct. 911, 916, 197 L. Ed. 2d 312 (2017) (internal citations omitted). Title 42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"The plain words of the statute impose liability – whether in the form for payment of redressive damages or being placed under an injunction – only for conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of rights secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-371 (1976).

The threshold inquiry in a Section 1983 suit is to identify the specific right at issue and whether it is based on a federal statute or constitutional provision. *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 841, n.5 (1998). Where, as here, the claims are based on Constitution rights, the Court must identify the *specific* constitutional right at issue and determine the elements for the specific claim. *Manuel*, 137 S. Ct. 911, 920.

Here, KFA asserts claims for unreasonable seizures under the Fourth Amendment and deprivations of personal property without due process in violation of the Due Process Clause of the Fourteenth Amendment. SAC ¶¶ 232-247, 255-265. To state a claim under Section 1983, KFA must allege facts showing that a person acting under color of law deprived KFA of these specific constitutional rights. *Manuel*, 137 S. Ct. 911, 920. More specifically, KFA must allege facts showing that "(1) that [KFA] possessed a constitutional right of which [it] was deprived; (2) that the municipality had a policy; (3)

that this policy amounts to deliberate indifference to [KFA's] constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

**B.** **The City is Entitled to Judgment as a Matter of Law on KFA's Claims for Unreasonable Seizures in Violation of the Fourth Amendment and Article I, Section 13 of the California Constitution (Counts 1 and 2).**

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated…." U.S. Const. amend. IV.  "The text of the Fourth Amendment reflects its close connection to property, since otherwise it would have referred simply to 'the right of the people to be secure against unreasonable searches and seizures'; the phrase 'in the persons, houses, papers, and effects' would have been superfluous." *U.S. v. Jones*, 565 U.S. 400, 405 (2012).  "The Fourth Amendment covers only searches and seizures." *Cnty of Sacramento*, 523 U.S. at 843.  If a complaint does not allege that the plaintiff was subjected to a search or a seizure, then the facts alleged do not state a claim for a violation of the Fourth Amendment. *See Wheeldin v. Wheeler*, 373 U.S. 647, 649-650 (1963).

"Different interests are implicated by a seizure than by a search." *Segura v. U.S.,* 468 U.S. 796, 806 (1984).  "A seizure affects only the person's possessory interests; a search affects a person's privacy interests." *Id.; see also United States v. Jacobson*, 466 U.S. 109, 113 (1984).  To establish that a seizure violated the Fourth Amendment, a plaintiff must allege (1) "some meaningful interference with an individual's possessory interests in that property" and (2) that the interference was "unreasonable" based on a "careful balancing of governmental and private interests." *Soldal v. Cook County*, 506 U.S. 56, 60 (1992) (citations omitted).

1. KFA Fails to State a Direct Claim for Unreasonable Seizures in Violation of KFA's Own Fourth Amendment Rights.

An entity, like KFA, may assert Fourth Amendment claims challenging a search of an entity's premises and seizure of the entity's records and property. *See United States v. SDI Futures Health, Inc.*, 568 F.3d 684, 694, fn.3 (9th Cir. 2009). In *SDI*, the Ninth Circuit analyzed the Fourth Amendment rights of a corporation, SDI, and two of its officers and part owners based on a search of the corporation's offices and seizure of the corporation's records. *See id.* at 691-694. In its analysis of the Fourth Amendment, the Ninth Circuit stated that a "person has standing to sue for a violation of this particular right of the people only if there has been a violation as to him personally." *Id.* at 695. "In other words, Fourth Amendment standing, unlike Article III standing, is a matter of substantive Fourth Amendment law[.]" *Id. (citing United States v. Taketa,* 923 F.2d 665, 669 (9th Cir. 1991)). "[A]n employee of corporation, whether worker or manager, does not, simply by virtue of his status us such, acquire Fourth Amendment standing with respect to company premises." *Id.* at 696. Similarly, corporate managers and employees do not acquire Fourth Amendment rights in seized corporate records over which the employee does "not show an independent possessory or proprietary interest." *Id.* (*citing United States v. Cella,* 568 F.2d 1266, 1283 (9th Cir. 1977)). "[I]t does not suffice for Fourth Amendment standing merely to own a business, to work in a building, or to manage an office." *Id.* at 697. *SDI* is instructive because it confirms that an entity's Fourth Amendment rights are separate and distinct from the Fourth Amendment rights of individuals, including the entity's owners, officers, managers, and employees.

Here, that SAC does not allege that KFA, *itself,* was "subjected to" any unreasonable seizure interfering with KFA's possessory interests in the organization's property. *See* SAC ¶¶ 38-46, 232-247. Without an alleged search or seizure, the SAC fails to state a claim for violation of KFA's own Fourth Amendment rights. *See Wheeldin*, 373 U.S. at 649-650; *see also SDI*, 568 F.3d at 694, fn. 3 (SDI maintained Fourth Amendment standing to challenge the search and seizure of corporate records, but individual officers and co-owners did not); *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1186 (9th Cir. 2015) ("In order to qualify as 'a person aggrieved by an unlawful search

8

and seizure' one must have been a victim of a search or seizure….").  Article I, Section 13 of the California Constitution does not provide greater protection against searches and seizures than the Fourth Amendment. *See Lyall*, 807 F.3d at 1186, fn.7; *see also* Dkt. No. 36 at 6, fn. 4 (California law "ordinarily resolves questions about the legality of searches and seizures by construing the Fourth Amendment and Article I, section 13 in tandem.") (quoting *People v. Buza*, 4 Cal.5th 658, 686 (2018)).  Accordingly, KFA has failed to state any direct claims for unreasonable seizures in violation of the Fourth Amendment and Article I, Section 13 of the California Constitution.

### 2.   KFA Cannot Vicariously Assert Claims for Violation of Its Members' Fourth Amendment Rights.

The Supreme Court has long held that "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Alderman v. U.S.*, 394 U.S. 165, 174 (1967); *Plumhoff v. Richard*, 572 U.S. 765, 778 (2014) (same); *Lyall,* 807 F.3d at 1186 (same).

In *Rakas v. Illinois*, the Supreme Court explained that Fourth Amendment standing, unlike Article III standing, is a matter of substantive Fourth Amendment law. *Rakas v. Illinois*, 439 U.S. 128, 139 (1978)  "[T]he issue of standing involves two inquiries: first, whether the proponent of a legal right has alleged 'injury in fact,' and second, whether the proponent is asserting his own legal rights and interests rather than basing his claim for relief upon the rights of third parties."  *Id.*  "But this Court's long history of insistence that Fourth Amendment rights are personal in nature has already answered many these traditional standing inquiries, and we think that definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing."  *Id.* at 140; *see also Minnesota v. Carter,* 525 U.S. 83, 88 (1998) ("Central to our analysis [in *Rakas*] was the idea that in determining whether a defendant was able to a violation of his (and not someone else's) Fourth Amendment rights, the definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing.").

9

In *Plumhoff*, the Supreme Court confirmed that *Alderman* and *Rakas* apply to civil cases under Section 1983.  *Plumhoff*, 572 U.S. at 778.  In *Plumhoff*, the Supreme Court addressed civil claims under Section 1983 for violation of the Fourth and Fourteenth Amendments for use of excessive force.  *Id.* at 769.  The Supreme Court refused to allow the respondent, who was driving a car, to show that the number of shots fired was excessive because of the presence of a passenger in the front seat.  *Id.* at 777-778.  The Court based its decision on the fact that "Fourth Amendment rights are personal rights which may not be vicariously asserted."  *Id.* at 778.  The Court explained that "the question before us is whether petitioner violated Rickard's Fourth Amendment rights, not Allen's…. Allen's presence in the car cannot enhance Rickard's Fourth Amendment rights."  *Id.*

The Supreme Court has adhered to this rule in other civil cases outside of *Alderman* and *Rakas*.  *See Cal. Bankers Ass'n v. Shultz*, 416 U.S. 21 (1974).  In *California Bankers Association*, a bank association, bank, and bank customers filed suit to challenge the Bank Secrecy Act of 1970.  *Id.* at 25.  The association alleged that the Act required disclosure of financial information in violation of the Fourth Amendment.  *Id.* at 64.  The Supreme Court held that the association and bank could not "vicariously assert such Fourth Amendment claims on behalf of bank customers in general."  *Id.*

Likewise, in the Ninth Circuit, the "general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those rights" under Section 1983.  *Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998); *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1111 (9th Cir. 2001) (plaintiff had no Fourth Amendment claim based on violations of daughter's Fourth Amendment rights); *Ellwest Stereo Theatres, Inc. v. Wenner*, 681 F.2d 1243, 1248 (9th Cir. 1982) ("Ellwest has no standing to assert the [F]ourth [A]mendment rights of its customers" based on the "threat of dragnet searches or spying"); *Lyall*, 807 F.3d at 1186 (affirming summary judgment in favor of defendants on Section 1983 Fourth Amendment claim); *Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157, 1163 (C.D. Cal. 2018) ("The United

10

States Supreme Court has held that constitutional rights under 42 U.S.C. § 1983 are personal to the individual and cannot be asserted by a third party.”); *Osborne v. County of Riverside*, 385 F. Supp. 2d 1048, (C.D. Cal. 2005) (“While a person has standing to challenge the seizure of his or her own person, a person does not have standing to vicariously assert the Fourth Amendment rights of another person.”) (internal citations omitted); *Microsoft v. United States Dept. of Justice,* 233 F. Supp. 3d 887, 912-916 (W.D. Wash. 2017) (Microsoft lacked standing to assert Fourth Amendment challenge to Electronic Communications Privacy Act based on alleged violation of Microsoft users’ Fourth Amendment rights.).

The authorities cited above preclude KFA from asserting claims for alleged violation of its members’ personal Fourth Amendment rights.  *See id.*

The District Court’s analysis in *Microsoft* is instructive regarding Ninth Circuit authorities.  There, Microsoft alleged facial and as-applied challenges under the First and Fourth Amendments to the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510 *et seq*. (“ECPA”).  *Microsoft,* 233 F. Supp. 3d at 894-896.  The ECPA allowed the government to obtain electronic information that Microsoft maintained as a service provider for its subscribers, and contained terms that allowed the government to withhold notice and preclude Microsoft from notifying its subscribers.  *Id.*  Microsoft alleged the ECPA violated the Fourth Amendment on its face and as applied to its subscribers.  *Id.* at 897.  The Court dismissed Microsoft’s Fourth Amendment claims.  *Id.* at 912-916.

In its analysis, the Court found that *Alderman* and *Rakas* established a general rule against vicarious assertion of personal Fourth Amendment rights.  *Id.* at 912.  The Court analyzed numerous Supreme Court and Ninth Circuit cases applying this rule outside of criminal matters involving the exclusionary rule, including civil actions under Section 1983.  *Id.* at 913-914.  The Court discussed other cases where courts have allowed parties to assert constitutional claims of others under the Supreme Court’s *jus tertii* and third-party standing doctrine.  *See id.* at 915-916.  The Court found those outlier cases “unpersuasive in light of the Supreme Court’s and Ninth Circuit’s broad language and the

11

wide range of applications in which those Courts have applied the principle of third-party standing in the Fourth Amendment context." *Id.* at 915.  The Court concluded that "[a]lthough the Supreme Court and Ninth Circuit routinely employ the third-party standing doctrine to cases involving constitutional rights, that doctrine is in tension with Fourth Amendment jurisprudence." *Id.* at 915-916.

KFA previously argued that it could pursue its members' personal Fourth Amendment claims under the Supreme Court's test for representative standing.  The seminal case for an organization's representative standing – *Warth v. Seldon* – is expressly cited in *Rakas* as a traditional standing case that does ***not*** apply to claims under the Fourth Amendment.  *Id.* at 139 (*citing Warth*, 422 U.S. at 499).  Moreover, the cases that KFA cited did not support its contention that an association can pursue representative claims for violation of its members' Fourth Amendment rights.

For example, in *Columbia Basin*, the Ninth Circuit addressed an ordinance prohibiting renting residential units without a business license and to obtain the license the owner had to provide a certificate of inspection confirming that the unit complied with the city's housing code.  *Columbia Basin Apt. Ass'n v City of Pasco*, 269 F.3d 791, 795 (9th Cir. 2001).  The appellant plaintiffs included four landlords, two tenants, and an apartment association.  *Id.* at 794.  The appellants alleged Section 1983 claims that the ordinance violated the constitutional protection against unreasonable searches and seizures under the Fourth Amendment, the ordinance was vague and violated the Due Process Clause of the Fourteenth Amendment, and mandated payment of fees that constituted illegal taxes.  *Id.* at 796.  The District Court granted summary judgment finding that the ordinance did not implicate the Fourth Amendment because landlords conducted the inspections and were not state actors.  *Id.*  The Ninth Circuit vacated the summary judgment order finding that the District Court erred in addressing the merits of the constitutional claims under *Younger* and *Pullman* abstention doctrines.  *See id.* at 799-806.  The Ninth Circuit concluded that *Pullman* abstention was warranted because Article I, Section 7 of the Washington Constitution differed "substantially from the Fourth Amendment" and no state court had addressed Washington right-of-entry statutes

12

and administrative inspection warrants.  *Id.* at 806.  The Ninth Circuit concluded that *Younger* abstention was appropriate because of a pending state court lawsuit addressing the ordinance, and the city had a strong interest in its land-use ordinance and maintaining habitable dwellings.  *See id.* at 799-801.

The Ninth Circuit addressed the issue of standing sua sponte stating that none of the parties raised the issue on appeal.  *Id.* at 796-797.  The Court discussed that the loss of a business permit could constitute a deprivation of property if tenants refused landlords' inspections.  *Id.* at 798.  The Court concluded that the association had membership standing to seek injunctive relief because of the members' interest in ensuring that landlords would not lose their licenses under the ordinance without due process.  *Id.* at 798-799.  Importantly, the Ninth Circuit only considered the tenants' "harm' from an unreasonable search or seizure – not the association or landlords. *Columbia Basin* did not address the personal nature of rights under the Fourth Amendment or the deprivation of personal property under the Due Process Clause for Section 1983 claims.  Those issues were not before the Ninth Circuit.[1]

KFA has also argued that it can assert its members' facial claims.  In *Patel*, the Supreme Court addressed a standalone facial challenge to an ordinance under the Fourth Amendment brought by a lodging association and individual motel owners.  *City of Los Angeles v. Patel*, 135 S. Ct. 2443, 2448, 192 L. Ed. 2d 435 (2015).  In *Patel*, however, the parties stipulated that the lodging association and motel owners had been and would continue to be subjected to mandatory record inspections under the ordinance.  *Id.*  Thus, the Supreme Court did not address whether the association could assert Fourth Amendment claims on behalf of its members.  *Id.*

In *Knick v. Township of Scott*, the Third Circuit rejected the argument that the relaxed standing requirements under the First Amendment applied to facial challenges

---

[1] Similarly, in *Santiago v. City of Los Angeles*, the Court did not address the association's Fourth Amendment claim and did not analyze Fourth Amendment standing under *Rakas, Alderman, Plumhoff* or *Lyall*.  *See Santiago v. City of Los Angeles*, Case No. CV-15-08444-BRO (Ex), 2016 U.S. Dist. LEXIS 172682 (C.D. Cal. Nov. 17, 2016).

under the Fourth Amendment.  *Knick v. Twp. of Scott*, 862 F.3d 310, 320 fn 7 (3rd Cir. 2017) ("The solicitude shown to First Amendment rights is likely inapplicable in the Fourth Amendment context.  It is well established that Fourth Amendment rights are personal rights … which may not be vicariously asserted.") *rev'd on other grounds Knick v. Twp. of Scott*, 139 S. Ct. 2162, 204 L. Ed. 2d 558 (2019); *aff'd in part on remand Knick v. Twp. of Scott*, 932 F.3d 152, 153 (3rd Cir. 2019) (affirming dismissal of Fourth Amendment claims).  The Third Circuit distinguished *Patel* on the ground that the parties stipulated that the ordinance had been and would continue to be applied against the hotel operators.  The Third Circuit rejected the argument that the plaintiff could assert a facial challenge to an ordinance under the Fourth Amendment without alleging that plaintiff's own Fourth Amendment rights were violated.  *Knick*, 862 F.3d at 322.

In sum, Supreme Court and Ninth Circuit authorities confirm that KFA cannot allege viable claims for unreasonable seizures in violation of its members' constitutional rights under the Fourth Amendment or Article I, Section 13 of the California Constitution.  KFA's claims for unreasonable seizures should be dismissed.

### C. **The City is Entitled to Judgment as a Matter of Law on KFA's Claims for Deprivation of Property in Violation of the Due Process Clause and Article I, Section 7 of the California Constitution (Counts 4 and 5).**

The Fourteenth Amendment provides that the government shall not "deprive any person of life, liberty, or property, without due process of law," and protects "the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).  A plaintiff presenting a procedural due process claim must allege that: (1) the plaintiff had "a liberty or property interest which has been interfered with by the State . . ." and (2) the procedures employed to deprive the plaintiff of liberty or property were constitutionally insufficient. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citation omitted).  "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in life, liberty or property is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without*

14

1  *due process of law.*"  *Zinerman v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in

2  original).  "Procedural due process rules are meant to protect persons not from the

3  deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property."

4  *Carey v. Piphus*, 435 U.S. 247, 259 (1978).  The requirements of due process are flexible

5  and the procedural protections required are as the particular situation demands.

6  *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005).  For example, "[t]he government need not

7  give notice in an emergency, nor if notice would defeat the entire point of the seizure, nor

8  when the interest at stake is small relative to the burden that giving notice would

9  impose." *Lone Star Sec. & Video, Inc.*, 584 F.3d 1232, 1238 (2009).

10  1.  <u>KFA Fails to State a Direct Claim for Deprivation of Personal</u>

11  <u>Property in Violation of the Due Process Clause.</u>

12  KFA's Section 1983 claims for violation of the Due Process Clause fail for the

13  same reasons its Fourth Amendment claims failed.  KFA does not allege that the

14  organization suffered a deprivation of its own personal property without due process.  *See*

15  SAC ¶¶ 38-43.  KFA identifies no property interest of which it was deprived in violation

16  of the Due Process Clause.  *See Moreland*, 159 F.3d at 370-371 (affirming dismissal of

17  Section 1983 claims where "Appellants identified no life, liberty, or property interest of

18  which they were deprived" in violation of the Due Process Clause).

19  KFA alleges that it suffered indirect harms from the City's alleged removal and

20  destruction of other individuals' personal property in violation of those individuals' rights

21  under the Due Process Clause.  *Id.*  Such indirect harms are insufficient to state a claim

22  for deprivation of KFA's property in violation of the Due Process Clause.  *See Town of*

23  *Castle Rock v. Gonzales*, 545 U.S. 748, 767-768 (2005); *O'Bannon v. Town Court*

24  *Nursing Center*, 447 U.S. 773, 787-88 (1980) (procedural due process protections do not

25  extend to those who suffer indirect harm from government action); *Gonzaga Univ.*, 536

26  U.S. at 283-284 ("We now reject the notion that our cases permit anything short of an

27  unambiguously conferred right to support a cause of action brought under § 1983….

28

15

1   Accordingly, it is rights, not the broader or vaguer 'benefits' or 'interests,' that may be

2   enforced under the authority of that section.").

3        KFA previously argued that its direct claims for deprivation of property in

4   violation of the Due Process Clause were based on KFA's diversion of resources and

5   frustration of its mission.  KFA conflates its generic standing arguments with elements

6   and merits of a specific claim for deprivation of property in violation of the Due Process

7   Clause.  For example, KFA cited *El Rescate Legal Servs., Inc. v. Exec. Office of*

8   *Immigration Review*, 959 F.2d 742, 748 (9th Cir. 1991).  *El Rescate* involved a challenge

9   under the Immigration and Naturalization Act – a federal statute – and the Ninth Circuit

10  applied *Havens* to find that the association had statutory standing to allege claims under

11  the INA and the Administrative Procedures Act.  *See El Rescate*, 959 F.2d at 744-748.

12  The Ninth Circuit did not address, or hold, that an alleged diversion of resources

13  constituted a claim for deprivation of personal property under the Due Process Clause of

14  the Fourteenth Amendment.  *See id.* at 750.

15       Article I, Section 7 of the California Constitution does not provide greater

16  protections in this case and the federal and state claims are construed in tandem.  *See* Dkt.

17  No. 36 at 12 fn. 11.  "The language of Article 1, §7 of the California Constitution is

18  virtually identical to the Due Process Clause of the United States Constitution, with the

19  caveat that the California courts place a higher significance on the dignitary interest

20  inherent in providing proper procedure." *Id.* (quoting *Nozzi v. Hous Auth. of City of Los*

21  *Angeles*, 806 F.3d 1178, 1190, fn.5 (9th Cir. 2015), *as amended on denial of reh'g en*

22  *banc* (Jan. 29, 2016)); *see also Today's Fresh Start, Inc. v. Los Angeles Cnty. Office of*

23  *Ed.*, 57 Cal.4th 197, 213-214 (Cal. 2013) ("the fourth factor plays no role, where, as here,

24  due process rights are asserted by an entity rather than an individual.).  Accordingly, for

25  the reasons stated above, KFA fails to state any direct claims for deprivation of personal

26  property in violation of the Due Process Clause and Article I, Section 7 of the California

27  Constitution.

28

2.   <u>KFA Cannot Vicariously Assert Claims for Deprivations of Its Members' Personal Property in Violation of Its Members' Rights under the Due Process Clause.</u>

The principle that constitutional rights are personal and may not be asserted vicariously also applies to the Due Process Clause of the Fourteenth Amendment.   *See Moreland*, 159 F.3d at 370-371; *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973); *McGowan v. Maryland*, 366 U.S. 420, 429 (1960); *Tileston v. Ullman*, 318 U.S. 44, 46 (1943).  Similarly, the Ninth Circuit's general rule that only the person whose constitutional rights were violated may sue to vindicate those rights applies to KFA's claims for deprivations of personal property in violation of its members' rights under the Due Process Clause.  *See Moreland*, 159 F.3d at 370-371; *see also Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) ("We must keep firmly in mind the well-settled principle that a section 1983 claim must be based upon the violation of plaintiff's personal rights and not the rights of someone else."); *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986) ("Coon, like all other persons who claim a deprivation of their constitutional rights, were required to prove some violation of their personal rights.").

Similarly, the Second Circuit has held that organizations lack standing to assert representative Section 1983 claims on behalf of members because Section 1983 secures personal rights to those purportedly injured.  *See League of Women Voters v. Nassau Cnty. Bd. of Supervisors*, 737 F.2d 155, 160 (2nd Cir. 1984); *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 387 (2nd Cir. 2015).  While the Ninth Circuit has not expressly adopted such a rule, the reasoning behind the rule is consistent with Ninth Circuit authority precluding the vicarious assertion of the constitutional rights of others.

Here, KFA has not established any basis on which to assert vicarious Section 1983 claims for deprivations of its members' personal property in violation of the Due Process

17

Clause.[2]   The Supreme Court has allowed a party to pursue Section 1983 claims for personal constitutional violations to third parties not before the Court only in limited circumstances under the Supreme Court's *jus tertii*, or third-party standing doctrine.  *See Kowalski v. Tesmer,* 543 U.S. 125, 128-130 (2004); *Powers v. Ohio*, 499 U.S. 400, 410-411 (1991).

The Supreme Court established a three-part test under *Powers* to determine whether third-party standing was appropriate: the litigant must have suffered an injury in fact, thus giving him or her a sufficient concrete interest in the outcome of the dispute; the litigant must have a close relationship to the third party, and there must be some hindrance to the third party's ability to protect his or her own interests."  *Powers,* 499 U.S. at 411.

The Supreme Court has permitted the use of the third-party standing doctrine to assert constitutional claims sparingly.  *See e.g., Powers*, 499 U.S. at 415 (permitting a criminal defendant to assert rights of juror discriminated against because of race); *Barrows*, 346 U.S. 249, 254-258 (1953) (holding, in a suit to enforce a racially restrictive land covenant, that white sellers of land have standing to litigate the constitutional rights of potential black purchasers); *Craig v. Boren*, 429 U.S. 190, 195 (1976) (holding that a vendor of alcoholic beverages had standing to bring an equal protection challenge to a law setting a different drinking age for males and females on behalf of her would-be customers); *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 623-24 (1989) (holding that law firm had third-party standing to challenge a

---

[2] KFA previously cited *Association of Los Angeles City Attorneys v. City of Los Angeles* in support of its argument that it could assert claims for violation of its members' constitutional rights under the Due Process Clause.  There, the Court permitted the union to pursue claims on behalf of the membership for protected property interests under the union's MOU, but the Court stated at the outset that the union's standing was not challenged and the Court did not address the whether the union could pursue the members' claims.  *Ass'n of Los Angeles City Attorneys v. City of Los Angeles*, No. 12-4235-MMM(JCX), 2012 WL 12887541, at * 1, n.1 (C.D. Cal. Nov. 20, 2012).

1    drug forfeiture statute on behalf of Sixth Amendment rights of an existing client where

2    forfeited assets were needed to pay attorney's fees); *see also U.S. Dep't of Labor v.*

3    *Triplett*, 494 U.S. 715, 720-21, (1990) (holding that an attorney who had allegedly

4    collected illegal fees under the Black Lung Benefits Act had standing to raise black lung

5    benefit claimants' due process right to legal representation).

6          Here, KFA alleged no facts supporting KFA's right to assert its members' claims

7    for deprivations of property in violation of its members' constitutional rights under the

8    Due Process Clause under *Powers*.  The fact that this action involves seven individual

9    unhoused plaintiffs would appear to undercut any assertion that there is a hindrance to

10   KFA's unhoused members asserting their own constitutional rights.  *See e.g., Legal Aid*

11   *Soc'y v. Legal Servs. Corp.*, 145 F.3d 1017, 1031 (9th Cir. 1998)

12         Moreover, KFA previously attempted to support its assertion of such claims on

13   behalf of its members by relying on cases addressing violations of federal statutes or

14   "constitutional" rights other than deprivations of personal property in violation of the

15   Due Process Clause.  For example, KFA cited cases involving constitutional rights

16   arising under the First Amendment.  *E.g., Comite de Jornaleros de Redondo Beach v.*

17   *City of Redondo Beach*, 657 F.3d 936 (9th Cir. 2011).  While the Supreme Court has

18   generally held that individual constitutional rights are personal and may not be

19   vicariously asserted, claims for violations of the First Amendment are a well-established

20   exception under the overbreadth doctrine.  *Broadrick*, 413 U.S. at 610-613; *Cantella v.*

21   *California*, 304 F.3d 843, 853 (9th Cir. 2002)  In the First Amendment context, the

22   Supreme Court has allowed "a party to assert the rights of another without regard to the

23   ability of the other to assert his own claims and with no requirement that the person

24   making the attack demonstrate that his own conduct could not be regulated by a statute

25   drawn with the requisite narrow specificity."  *Secretary of State of Md. v. Joseph H.*

26   *Munson Co.*, 467 U.S. 947, 957 (1984).

27         Similarly, KFA relied on cases addressing preemption under the Supremacy Clause

28   or Commerce Clause.  *E.g., Valle Del Sol Inc. v. Whiting*, 732 F.3d 1006 (9th Cir. 2013).

19

The Supremacy Clause addresses federal power and is not a source of individual constitutional rights under Section 1983. *Segundo v. Rancho Mirage*, 813 F.2d 1327, 1394 (9th Cir. 1987); *see also Armstrong v. Exceptional Child Center, Inc.* 575 U.S. 320, 324 (1997). Similarly, the Commerce Clause is a limitation upon the power of the States. *Camps Newfound/Owatonna, Inc. Town of Harrison*, 520 U.S. 564, 571 (1997).

In sum, KFA has not and cannot allege viable claims for deprivations of personal property in violation of its members' constitutional rights under the Due Process Clause or Article I, Section 7 of the California Constitution. KFA's Due Process claims should be dismissed.

## VI.   **CONCLUSION**

For the reasons stated above, KFA fails to state viable claims for unreasonable seizures in violation of the Fourth Amendment or Article I, Section 13 of the California Constitution, and also fails to state any viable claims for deprivation of personal property in violation of the Due Process Clause and Article I, Section 7 of the California Constitution. The City respectfully requests that the Court grant judgment on the pleadings and dismiss KFA's First, Second, Fourth and Fifth causes of action with prejudice.


Dated:   August 3, 2020          MICHAEL N. FEUER, City Attorney
                                 KATHLEEN KENEALY, Chief Assistant City Attorney
                                 SCOTT MARCUS, Chief, Civil Litigation Branch
                                 FELIX LEBRON, Deputy City Attorney
                                 A. PATRICIA URSEA, Deputy City Attorney


                                 By:   /s/ Felix Lebron
                                       FELIX LEBRON
                                       Deputy City Attorney
                                       Attorneys for Defendant
                                       CITY OF LOS ANGELES

CITY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMO OF P&A