# Exhibit Q

Re: Garcia v. City of LA, Ex Parte Application for Order to Show Cause re: Contempt

Shayla R. Myers <SMyers@lafla.org>
Mon 8/10/2020 3:11 PM

**To:** Felix Lebron <felix.lebron@lacity.org>; Cathy Sweetser <catherine.sdshhh@gmail.com>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Onufer, Michael <michael.onufer@kirkland.com>
**Cc:** Gabriel Dermer <gabriel.dermer@lacity.org>; Patricia Ursea <patricia.ursea@lacity.org>; Jessica Mariani <jessica.mariani@lacity.org>; Scott Marcus <SCOTT.MARCUS@lacity.org>

Counsel,

We did not say that Mr. Dermer agreed to provide a stipulation or declaration. We discussed a stipulation and declaration, and he was clear during our call that although he agreed that the City had violated the injunction, he was not sure if his client would be willing to stipulate or to provide a declaration. He asked for additional time to see what he could do.

We had hoped, by providing that additional time and a draft stipulation, we could reach agreement and avoid court intervention. But while parties appear to agree that the City violated the Court's preliminary injunction in at least some of the instances we have raised, we agree on little else, including many of the facts laid out in your email below. It is also clear from your email that we continue to disagree about the significance of these violations and what is necessary and justified to ensure the City complies with the injunction.

We would note that the onus is not on Plaintiffs to raise issues for the City to address; the onus is on the City to comply with the Court's order. And the City's failure to do so on numerous occasions evidences more than mere technical or inadvertent violations of the injunction. For that reason, we intend to file an application for an order to show cause re: contempt and sanctions. As of now, we intend to proceed by noticed motion, but we reserve the right to move ex parte if it is warranted. If that is the case, we will provide oral notice, as required by the Local Rules.


Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



---

**From:** Felix Lebron <felix.lebron@lacity.org>
**Sent:** Monday, August 10, 2020 7:14 AM
**To:** Cathy Sweetser <catherine.sdshhh@gmail.com>; Shayla R. Myers <SMyers@lafla.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Onufer, Michael <michael.onufer@kirkland.com>
**Cc:** Gabriel Dermer <gabriel.dermer@lacity.org>; Patricia Ursea <patricia.ursea@lacity.org>; Jessica Mariani <jessica.mariani@lacity.org>; Scott Marcus <SCOTT.MARCUS@lacity.org>
**Subject:** Re: Garcia v. City of LA, Ex Parte Application for Order to Show Cause re: Contempt

Counsel,

We write in response to Plaintiffs' August 6, 2020 letter and follow-up issues raised in Plaintiffs' emails below. As an initial matter, the City did not agree to stipulate to contempt or submit a declaration from LASAN's General Manager during Assistant City Attorney Gabriel Dermer's call with Plaintiffs' counsel on August 6, 2020. The City acknowledged that it may have inadvertently posted a pre-injunction CARE+ form notice, that we were investigating these issues, and that the City would take immediate steps to cure any deficiencies regarding signage. The City conducted a swift investigation into Plaintiffs' concerns, the results of which are summarized below.

On July 27, 2020, Plaintiffs sent the City a meet-and-confer letter contending that the City was in contempt of the injunction because of permanent signage posted before the injunction was issued on April 11, 2020. On July 30, 2020, ACA Dermer responded to Plaintiffs' letter and confirmed that the Court's injunction did not order the removal of existing permanent signage, but the City nevertheless voluntarily agreed to place overlays on top of over 3,100 permanent signs at over approximately 800 locations within the City. ACA Dermer's July 30 correspondence attached pictures of the City's overlays, which omit all references to LAMC 56.11(3)(i). By August 3, 2020 – less than one week after receiving Plaintiffs' meet-and-confer letter – the City had placed overlays on 3,106 permanent signs at 797 locations within the City. We have <u>attached</u> below several overlay pictures originally sent to Plaintiffs' counsel on July 30, 2020.

On July 31, 2020, the City conducted a comprehensive cleanup within the City's Beacon A Bridge Home temporary housing (ABH). The Beacon ABH has multiple permanent signs posted in English and Spanish regarding comprehensive cleanups in the area. All permanent signage within the Beacon ACH is compliant with the preliminary injunction. On July 30, 2020, the City's Livability Services Division (LSD) conducted a posting survey of the area in advance of the cleanup. By way of background, in mid-March 2019, the City suspended comprehensive cleanups because of the COVID-19 pandemic. The City's July 31 cleanup was the first comprehensive cleanup conducted since March. Notwithstanding the fact that there were multiple permanent, injunction-compliant signs located within the Beacon ABH area, the environmental compliance inspector (ECI) conducting the survey posted additional paper notices in the area. The ECI inadvertently posted the City's pre-injunction CARE+ comprehensive cleaning notice. LASAN did not enforce LAMC 56.11(3)(i) during the July 31 comprehensive cleanup. Uncontaminated property, including items that would be deemed a "bulky item" under LAMC 56.11(3)(i) because of the item's size, were stored. Property identified by ECIs as contaminated or hazardous materials on health hazard checklists were removed and disposed accordingly irrespective of the size of the item. While a pre-injunction CARE+ notice was posted within the BEACON ABH on July 30, the posting was an attempt to provide additional notice to unhoused residents in the area because cleanup operations had been suspended. The pre-injunction CARE+ notice was posted only once on July 30, 2020. The City's post-injunction CARE+ notice is <u>attached</u> below. The CARE+ notice omits any reference to "Bulky Items" under LAMC 56.11(3)(i).

On August 4, 2020, the City conducted a comprehensive cleanup within the City's Hope ABH located in the South LA area. On August 3, 2020, LSD conducted a posting survey of the area. The HOPE ABH has multiple permanent signs posted in English and Spanish located within the area and, at the time of the survey, the City had already posted the overlays on the permanent signage discussed above. While all permanent signage in the area complied with the injunction, the ECI conducting the survey posted additional paper notices on bulky items designed to be used as shelters. The additional paper notice referred to bulky items but the City's pre-injunction bulky-item-designed-to-be-used-as-a-shelter notice was not used or posted in the area. The paper notice stated that the failure to remove the item from the area would result in the bulky item being removed and maintained in a secure location for 90 days, and omitted prior language stating that the bulky item would be removed and discarded without notice. The ECI posted additional paper notices on these items because the City had historically provided additional written notices for items intended to be used as shelters. In sanitation and waste management, the reference to a bulky item refers generally to an item whose large size precludes or complicates its handling by normal collection, processing, or disposal methods. The ECI attempted to provide additional notice to unhoused residents for these items designed to be used as shelters. However, we understand that the reference to a bulky item in the traditional sanitation context may be confused with the defined term "Bulky Item" under LAMC 56.11.

Thus, while the notice stated that the item would be stored for 90 days if not removed like other personal property, the City will no longer be posting any additional paper notices on large items designed to be used as shelters.  Importantly, during the cleanup on August 4, 2020, the City did not enforce the Bulky Item provision under LAMC 56.11(3)(i).  Property identified as hazardous material on the ECI's health hazard checklist was removed and discarded accordingly, and uncontaminated property was removed and stored irrespective of the size of the item, including uncontaminated bulky items as defined in LAMC 56.11(3)(11).

On August 7, 2020, the City conducted a comprehensive cleanup within the City's Eubank ABH located in Wilmington.  The Eubank ABH has multiple permanent signs posted in English and Spanish within the area.  The permanent signage around the Eubank ABH was posted after the preliminary injunction issued on April 11, 2020, and the signs omit any reference to Bulky Items and LAMC 56.11(3)(i).  A picture reflecting the permanent signage at the Eubank ABH is attached below.  Similar to the Hope ABH cleanup, additional paper notices were provided on items designed to be used as shelters.  These additional paper notices will no longer be used or posted within the cleanup area for reasons discussed above.  Importantly, during the August 7 cleanup, the City did not enforce the Bulky Item provision under LAMC 56.11(3)(i).  Property identified as hazardous material on the health hazard checklist was removed and discarded accordingly, and uncontaminated property was removed and stored irrespective of the size of the item.

The City's attached CARE+ notice is the existing form of the paper notice used for future CARE+ comprehensive cleanups.  As discussed above, the City will not be posting additional paper notices for items designed to be used as shelters.  We appreciate the fact that Plaintiffs' agreed to delay the filing of an ex parte application to meet and confer with the City on these issues and provide time for the City's investigation.

The City has been very responsive each time Plaintiffs have raised a concern regarding notices, notwithstanding with the fact that the parties' counsel may disagree on the merits of the legal issues in the case.  On June 30, 2020, Plaintiffs sent the City a letter contending that the City posted a bulky item notice in violation of the preliminary injunction.  While Plaintiffs' pictures of the notice did not appear on their face to be a City-issued notice, we nonetheless investigated the issue immediately.  On July 1, 2020, the City confirmed in an email to Plaintiffs' counsel that the notices reflected in Plaintiffs' pictures were not posted by the City.  While the City could not confirm who posted the fake notices, it suspected that the notices were posted by local area residences.  We also confirmed that the City was not conducting posted comprehensive encampment cleanups at that time or any bulky item enforcement, and that the City's limited operations that occurred before July 1 were conducted in conformance with the injunction.  At that time, Plaintiffs did not request to meet and confer before the City recommenced cleanup operations.  The City responded to Plaintiffs' June 30 letter within one day.

Similarly, Plaintiffs raised a concern regarding the permanent signage posted before the Court issued the injunction.  While we disagreed with Plaintiffs' contentions and interpretations of the preliminary injunction, the City nonetheless agreed to place overlays on existing signage.  As discussed above, the City posted over 3,100 overlays at approximately 800 locations in the City within less than a week after receiving Plaintiffs' letter.  Here, again, we have responded to Plaintiffs' stated concerns and addressed them in an expedited manner.

Since the Court issued the preliminary injunction, the City posted new permanent signage in compliance with injunction and posted over 3,100 overlays over existing permanent signage to address Plaintiffs' concerns regarding compliance with the injunction.  While the City's comprehensive cleanups were suspended until just recently, the City implemented an updated CARE+ comprehensive cleaning notice and has ceased use of additional paper notices for items designed to be used as shelters.  Moreover, during this same period, the City increased resources for its mobile hygiene units for encampments, including distribution of hand sanitizer, face masks, and personal protective equipment, initiated a tent-exchange program, and implemented COVID-19 testing for unhoused residents.  The City has deployed existing department staff to serve as disaster services workers to assist in the operations of temporary housing facilities and other measures designed to help unhoused residents.  The City and its employees are working hard to address its unhoused residents and

provide services in the existing and unprecedented COVID-19 pandemic.

We do not agree that the filing of an ex parte application for contempt is warranted or a good use of the Court's or parties' resources. The parties can accomplish more by collaborating to resolve these issues, as we have done here and on past occasions, while we continue to litigate the disputed legal issues on the merits. That said, if Plaintiffs still contend that a contempt motion is necessary notwithstanding the information above, then the City requests that Plaintiffs file the motion on regular notice. Based on the City's response, exigent circumstances do not warrant seeking ex parte relief for adjudication of whether the City committed a technical violation of the preliminary injunction on three occasions by posting additional paper notices.

We appreciate Plaintiffs' cooperation and thank you again for deferring the filing on the ex parte to provide time for us to investigate Plaintiffs' concerns and respond to the issues.

Best regards,
Felix

**Felix Lebron**
Deputy City Attorney
**Office of the Los Angeles City Attorney**
Business and Complex Litigation
200 N. Main Street, Rm 675
Los Angeles, CA 90012
Tel: (213) 978-7559
email: felix.lebron@lacity.org

On Fri, Aug 7, 2020 at 11:35 AM Cathy Sweetser <catherine.sdshhh@gmail.com> wrote:
> Dear all,
> Please find attached a proposed joint stipulation on this issue. It sets forth the relevant facts, and is designed to attach the declaration mentioned in our previous letter and which was discussed on the phone yesterday.
>
> Catherine
>
> On Thu, Aug 6, 2020 at 9:01 PM Shayla R. Myers <SMyers@lafla.org> wrote:
>> Gabriel,
>>
>> Thank you for the call this afternoon regarding Plaintiffs' contemplated ex parte application for an OSC re: contempt. It was encouraging to hear that counsel is in agreement that the City violated the Court's April 13, 2020 injunction by posting notices on July 30 and August 3. It remains very concerning that the City did not take steps following the entry of the Court's preliminary injunction to ensure that the notices used by LA Sanitation conformed to the Court's order. Even more troubling is the the fact that the City still did not take steps after the Council vote on July 29 and prior to actually resuming the comprehensive cleanups.
>>
>> And as we discussed, while it may be the City's position that LA Sanitation simply did not amend the Notice of Major Cleaning to account for the Court's order, this does not account for LA Sanitation's use of the Notice re: Bulky Items on August 3. The use of these notices was consistent with the very public, very erroneous position taken by Council Member Buscaino regarding the Court's preliminary injunction, as well as the statements from LA Sanitation that we relayed to your office in late June.

These events more than justify Plaintiffs' contemplated motion for contempt, but we remain committed to reaching agreements between the parties and avoiding judicial intervention whenever possible. As such, we will hold off filing the ex parte application tomorrow, in order to give the parties more time to reach an agreement on a stipulation and declaration.

We will circulate a draft stipulation tomorrow morning, and if the parties can reach agreement tomorrow on the contents, we will file that instead of our motion.

Thanks,


**Shayla Myers** I Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway I Los Angeles, CA 90003
213.640.3983 **direct** I 213.640.3988 **facsimile**
www.lafla.org I smyers@lafla.org



---

**From:** Shayla R. Myers
**Sent:** Thursday, August 6, 2020 2:13 PM
**To:** Gabriel Dermer <gabriel.dermer@lacity.org>; Patricia Ursea <patricia.ursea@lacity.org>; Scott Marcus <Scott.Marcus@lacity.org>; Felix Lebron <felix.lebron@lacity.org>
**Cc:** Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>; Onufer, Michael <michael.onufer@kirkland.com>
**Subject:** Garcia v. City of LA, Ex Parte Application for Order to Show Cause re: Contempt

Counsel,

Attached please find correspondence regarding Plaintiffs' contemplated Ex Parte Application for Order to Show Cause re: Contempt and Sanctions

Thanks,

Shayla


**Shayla Myers** I Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway I Los Angeles, CA 90003
213.640.3983 **direct** I 213.640.3988 **facsimile**
www.lafla.org I smyers@lafla.org



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

--
Schonbrun Seplow Harris Hoffman & Zeldes LLP
11543 W. Olympic Blvd.
Los Angeles, CA 90064
310.396-0731
fax:310.399-7040
www.losangelesemploymentlawyer.com
www.sshhzlaw.com

*****************Confidentiality Notice ************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*******************************************************************