# Exhibit T

Re: Garcia v. City of LA--failure to provide adequate notice of comprehensive cleanups, request to meet and confer

Felix Lebron <felix.lebron@lacity.org>
Mon 8/17/2020 1:13 PM

To: Shayla R. Myers <SMyers@lafla.org>; Catherine Sweetser <catherine.sdshhh@gmail.com>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Onufer, Michael <michael.onufer@kirkland.com>
Cc: Gabriel Dermer <gabriel.dermer@lacity.org>; Patricia Ursea <patricia.ursea@lacity.org>; Scott Marcus <Scott.Marcus@lacity.org>

Counsel,
We conducted another swift investigation into Plaintiffs' latest contentions against the City regarding the City's permanent signage and cleanups in the special enforcement and cleaning zones ("SECZ"). We now write in response to the issues raised in Plaintiffs' emails sent on August 12 and 13, 2020.

On August 10, 2020, the City responded to Plaintiffs' August 6 meet-and-confer letter and subsequent emails regarding Plaintiffs' intentions to seek contempt sanctions against the City for posting paper signage in violation of the preliminary injunction in connection with the City's SECZ cleanups in the Beacon A Bridge Home temporary housing ("ABH") area on July 31, the Hope ABH area on August 4, and the Eubank ABH area on August 7, 2020. Plaintiffs' August 6 meet-and-confer letter argued that the City violated the preliminary injunction and should be subject to contempt sanctions because of certain paper notices posted before the SECZ cleanups for the Beacon, Hope, and Eubank ABH areas. In its August 10 response, the City explained it posted the City's pre-injunction CARE+ notice one time on July 30 before the SECZ cleanup for the Beacon ABH. The City noted that the Beacon ABH has multiple permanent signs posted in English and Spanish regarding comprehensive cleanups that are compliant with the injunction. The City nonetheless posted additional paper notice to provide further notice because of the prior suspension of cleanups. The City explained that its form of CARE+ paper notice had been updated and provided the updated form of the paper notice for CARE+ comprehensive cleanups. The City also explained that it posted paper notices on large items designed to be used as shelters before the Hope and Eubanks ABH cleanups conducted on August 4 and 7, but that it would no longer post such additional paper notices. The City's August 10 correspondence explained that the Hope and Eubank ABH areas had multiple permanent signs in English and Spanish regarding the City's comprehensive cleanups that were injunction compliant. For all three SECZ cleanups, the City confirmed that it did not enforce LAMC 56.11(3)(i) and that all uncontaminated property, including property that would be deemed a bulky item under LAMC 56.11(3)(i) because of the item's size, were stored. In addition, property identified by ECI's as contaminated or hazardous materials on health hazard checklists were removed and disposed accordingly irrespective of the item's size.

On August 10, Plaintiffs responded to the City's correspondence stating that Plaintiffs disagreed with the facts and explanation provided by the City, and that Plaintiffs intended to move forward with their sanctions motion. On August 12, 2020 - two days later - Plaintiffs then accused the City of wrongdoing for not posting additional paper notices before the SECZ cleanups for the El Puente and Schrader ABH areas. The El Puente and Schrader ABH areas also have multiple permanent signs in English and Spanish regarding the City's regularly scheduled comprehensive cleanings. The City's permanent signage provides notice for the regularly-scheduled comprehensive cleanings that occur on a specified day and time of the week. In addition, LAHSA generally conducts outreach before SECZ cleanups providing some additional notice. The City's CARE+ paper notices are not generally used for regularly-scheduled weekly cleanups within the SECZ, which already have multiple permanent signs located throughout the ABH area in English and Spanish confirming the comprehensive cleanup on the specified day and time of the week. The City posted a pre-injunction CARE+ notice once before the Beacon ABH cleanup in an attempt to provide further notice in addition to permanent signage and outreach. In response, Plaintiffs continued to assert that City should be subject to contempt sanctions based on the paper notices even after the City explained the context of the postings. The City's prior, good-faith efforts to provide further notice through posting paper notice, notwithstanding the City's permanent signage and other outreach efforts, resulted in the City now having to defend against Plaintiffs' threatened motion for contempt for alleged violations of the preliminary injunction. The City responded accordingly to Plaintiffs' repeated claims of contempt. Nevertheless, the City conducted comprehensive cleanings at the El Puente and Schrader ABH on the regularly scheduled day and time noticed in the permanent SECZ signs in English and Spanish throughout their respective ABH areas. The City provided enhanced services for these cleanups, including mobile

hygiene units for showers, tent exchanges, distribution of personal protective equipment, LAHSA engagement and outreach, and COVID testing.  Similar to the past ABH comprehensive cleanings, the City did not enforce LAMC 56.11(3)(i) during the El Puente or Schrader ABH cleanups.  Property identified as contaminated or hazardous material was removed and disposed accordingly, and uncontaminated property that was removed was stored irrespective of the item's size.

The City's August 10 correspondence also discussed the City's response to Plaintiffs' July 27, 2020 meet-and-confer letter contending that the City was in violation of the preliminary injunction because of permanent signage referencing LAMC 56.11(3)(i) posted before the Court issued the preliminary injunction on April 11, 2020.  While the City disputed that the Court's preliminary injunction required the City to remove permanent signage posted before the injunction issued, the City nonetheless agreed to place overlays on existing permanent signage to conceal references to LAMC 56.11(3)(i) and Bulky Items.  The City's August 10 correspondence confirmed that the City placed overlays on over 3,100 permanent signs at over approximately 800 locations within the City by August 3, which was less than one week after receiving Plaintiffs' July 27 letter.

On August 13, 2020, Plaintiffs accused the City of misrepresenting the placement of overlays on existing permanent signage as stated in the City's August 10 correspondence.  Specifically, Plaintiffs' August 13 email states "There are over 100 signs around the Raymer shelter that have not been updated" and that the "City's misrepresentations" illustrate why Plaintiffs "are seeking sanctions against the City."   Plaintiffs' email also states that Plaintiffs "intend to bring this to the Court's attention and will provide documentary evidence at that time[.]"

The City took Plaintiffs' allegations seriously and immediately investigated the issues raised in Plaintiffs' August 13 email.  The possibility that all overlays placed on permanent signage in the Raymer ABH had been removed in such a short timeframe suggested a potential concerted effort to destroy or alter the City's signage.  The City assigned personnel to conduct immediate field checks of all permanent signage in the Raymer ABH area.  The City's field checks confirmed that overlays on three signs had been removed and one Spanish map sign had been removed altogether and was missing.  The City's field checks otherwise confirmed all other signs within the Raymer ABH contained the overlays and signage as the City indicated in its August 10 correspondence.  The City replaced the three removed overlays on August 14, 2020 and the missing Spanish map sign will be replaced.

There is clearly a disconnect between these four signs discovered during the City's field checks of all signs in the Raymer ABH area and Plaintiffs' representation that there were "over 100 signs" around Raymer ABH missing overlays and not updated.  Thus, the City requests that Plaintiffs provide their evidence supporting their representation to the City that "over 100 signs around Raymer " were not updated before Plaintiffs file any motion making such representations to the Court.  The City makes this request pursuant to Section B.8 of the Central District's Civility and Professionalism Guidelines (Counsel "will not move for court sanctions ... without conducting a reasonable investigation and unless fully justified by the circumstances....").  The City seeks to conduct a reasonable investigation into Plaintiffs' representations so that the City can determine whether or not a motion for violation of Rule 11(b)(3) would be warranted if Plaintiffs file a motion seeking sanctions based on the contention that over 100 signs around Raymer were not updated.  The City is not interested in having to file a Rule 11(b) motion in response to Plaintiffs' contempt motion, but the City cannot allow Plaintiffs to assert such factual contentions against the City without evidentiary support.  The parties can determine the disconnect between Plaintiffs' representations and the City's field investigations if Plaintiffs provide their evidentiary support to the City before filing any motion.

The City proposes that the parties schedule a meet-and-confer call to discuss these issues after the City receives, and has an opportunity to review, Plaintiffs' evidence.  We appreciate Plaintiffs' cooperation in conducting a good-faith meet-and-confer discussion to resolve these issues in accordance with the Central District Guidelines.

Best regards,
Felix

Felix Lebron
Deputy City Attorney

Office of the Los Angeles City Attorney
Business and Complex Litigation
200 N. Main Street, Rm 675
Los Angeles, CA 90012
Tel: (213) 978-7559
email: felix.lebron@lacity.org

On Thu, Aug 13, 2020 at 11:21 AM Shayla R. Myers <SMyers@lafla.org> wrote:
> Counsel,
>
> Please be advised that, despite the City's representation on Monday that the City had updated the permanent postings around the City to remove references to the enjoined Bulky Item Provision, we confirmed that the City has not actually updated the vast majority of the signs in at least one of the City's SECZs. There are over 100 signs around the Raymer shelter that have not been updated. The City's misrepresentation about this, even while defending itself against a motion for contempt, further illustrates why court intervention is necessary, and why we are seeking sanctions against the City.
>
> We intend to bring this to the attention of the Court and will provide documentary evidence at that time, but we are letting you know now to ensure the notices are updated in advance of any cleanups the City may conduct.
>
> Thanks,
>
> Shayla
>
>
> **Shayla Myers** | Senior Attorney
> **Legal Aid Foundation of Los Angeles**
> 7000 S. Broadway | Los Angeles, CA 90003
> 213.640.3983 **direct** | 213.640.3988 **facsimile**
> www.lafla.org  |  smyers@lafla.org
>
> 
>
> ---
>
> **From:** Gabriel Dermer <gabriel.dermer@lacity.org>
> **Sent:** Wednesday, August 12, 2020 6:51 PM
> **To:** Shayla R. Myers <SMyers@lafla.org>
> **Cc:** Felix Lebron <felix.lebron@lacity.org>; Patricia Ursea <patricia.ursea@lacity.org>; Scott Marcus <Scott.Marcus@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Catherine Sweetser <catherine.sdshhh@gmail.com>; Onufer, Michael <michael.onufer@kirkland.com>
> **Subject:** Re: Garcia v. City of LA--failure to provide adequate notice of comprehensive cleanups, request to meet and confer
>
> Hi Shayla,
> We are investigating this and will get back to you as soon as we have some information. Thanks.
>
> On Wed, Aug 12, 2020 at 11:22 AM Shayla R. Myers <SMyers@lafla.org> wrote:
>> Counsel,
>>
>> After not conducting comprehensive cleanups for almost five months and then posting notices that violated the Court's preliminary injunction, we have learned that the City has now chosen

to resume comprehensive cleanups in special enforcement zones without posting any kind of notice to residents that the cleanups would resume this week. It is our understanding that this occurred at El Puente yesterday, and is currently happening at Schrader. We also understand that there are no notices posted in Venice for what we assume may be a cleanup tomorrow.

This is contrary to the City's actions last week at Beacon, when Mr. Lebron made clear that the City posted the paper notices of major cleanings in advance of the cleaning to provide "additional notice to unhoused residents in the area because cleanup operations had been suspended." We actually disagree with the City's factual representations on this point, but based on this representation, we expected that the City would continue to provide notice before resuming cleanups in the other SECZs around the City, for the reasons stated by Mr. Lebron and also because the City represented in that email that the City intended to use the new CARE+ notices for future CARE+ comprehensive cleanups.

As a result of the City's decision to conduct these cleanups with little or no notice to residents, a number of individuals were unaware that the cleanups were happening, and residents have lost significant belongings. There is no justification for the City's failure to provide notice to residents that the cleanups were resuming.

We request you take all necessary steps to stop conducting the comprehensive cleanup immediately, and not commence other cleanups until the parties can discuss this.

Sincerely,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

--
Gabriel S. Dermer
Assistant City Attorney
Business and Complex Litigation
Office of the City Attorney
200 N. Main Street, City Hall East
Room 675
Los Angeles, CA  90012
Phone:  (213) 978-7558
Fax:  (213) 978-7011
Email:  gabriel.dermer@lacity.org

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*Confidentiality Notice \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*Confidentiality Notice \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*