MICHAEL FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
SCOTT MARCUS, Senior Assistant City Attorney (SBN 184980)
GABRIEL DERMER, Assistant City Attorney (SBN 229424)
**FELIX LEBRON, Deputy City Attorney (SBN 232984)**
A. PATRICIA URSEA, Deputy City Atty (SBN 221637)
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone (213) 978-7569
Facsimile (213) 978-7011
Felix.Lebron@lacity.org
Patricia.Ursea@lacity.org

*Attorneys for Defendant,* CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET GARCIA, et al.,<br><br>*Plaintiffs*,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity;<br><br>*Defendant*. | Case No.: 2:19-cv-6182-DSF-PLA<br>Assigned to Judge Dale S. Fischer<br><br>**DEFENDANT CITY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS (FED. R. CIV. PROC. 12(c))**<br><br>Date: Sept. 14, 2020<br>Time: 1:30 p.m.<br>Ctrm: 7D<br>Judge: Hon. Dale S. Fischer<br><br>**Complaint Filed: July 18, 2019** |

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................... 1

II.  ARGUMENT ................................................................................................. 1

   A.   The City's Motion Is Not an Untimely Request for Reconsideration ..................... 1

   B.   KFA Asserts No Viable Section 1983 Claims for Unreasonable Seizures under the Fourth Amendment. .................................................................................. 2

     1. KFA Mistakenly Conflates Its Standing Argument with the Merits of Its Fourth Amendment Claims. .......................................................................... 3

     2. The Principle that Fourth Amendment Rights Are Personal Rights that Cannot be Vicariously Asserted Applies to Civil and Criminal Cases. ................. 4

     3. KFA Asserts No Viable Direct Fourth Amendment Claims. ............................... 6

     4. KFA Asserts No Viable Representative Fourth Amendment Claims. ................... 7

   C.   KFA Asserts No Viable Section 1983 Claims for Deprivation of Personal Property in Violation of the Due Process Clause. .................................................. 9

   D.   KFA's Request for Declaratory Relief is Derivative of Its Section 1983 Claims. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACLU v. NSA*,
  493 U.S. 644 (6th Cir. 2007) .................................................................................... 4

*AFSCME v. Scott*,
  857 F. Supp. 2d 1322 (S.D. Fla. 2012) *rev'd on other grounds AFSCME v. Scott*, 717
  F.3d 851 (11th Cir. 2013) ..................................................................................... 4, 5

*Alderman v. United States*,
  394 U.S. 165 (1969) ..................................................................................... 3, 5, 6, 7

*Archuleta v. McShan*,
  897 F.2d 495 (10th Cir. 1990) ................................................................................ 11

*Ass'n of Los Angeles City Attorneys v. City of Los Angeles*,
  Case No. 12-4235-MMM(JCX), 2012 WL 12887541 (C.D. Cal. Nov. 20, 2012) ...... 11

*Broadrick v. Oklahoma*,
  413 U.S. 601 (1973) ................................................................................................. 9

*Byrd v. United States*,
  138 S. Ct. 1518, 200 L. Ed. 2d 805 (2018) ............................................................... 4

*Canatella v. Reverse Mortg. Sols., Inc.*,
  No. 13-cv-05937-HSG, 2016 U.S. Dist. LEXIS 143481 (N.D. Cal. Oct. 17, 2016) ... 12

*Cnty. of Sacramento v. Lewis*,
  523 U.S. 833 (1998) .............................................................................................. 3, 6

*Columbia Basin Apt. Ass'n v City of Pasco*,
  269 F.3d 791 (9th Cir. 2001) ......................................................................... 8, 9, 10

*Coon v. Ledbetter*,
  780 F.2d 1158 (5th Cir. 1986) ................................................................................ 11

*Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp.*,
  642 F.3d 849 (9th Cir. 2011) .................................................................................. 11

*Crumpton v. Gates*,
  947 F.2d 1418 (9th Cir. 1991) .................................................................................. 6

## TABLE OF AUTHORITIES (CONT'D)

*Davis v. United States*,
    549 U.S. 229 (2011) .......................................................................................... 4

*El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*,
    959 F.2d 742 (9th Cir. 1991) ....................................................................... 9, 10

*Ellwest Stereo Theatres, Inc. v. Wenner*,
    681 F.2d 1243 (9th Cir. 1982) ........................................................................... 5

*Gilliam v. Bank of Am., N.A.*,
    No. SA CV 17-1296-DOC, 2018 U.S. Dist. LEXIS 227706 (C.D. Cal. June 22, 2018) ............................................................................................................... 12

*Heartland Acad. Cmty. Church v. Waddle*,
    427 F.3d 525 (8th Cir. 2005) ......................................................................... 4, 5

*Herd v. Cnty. of San Bernardino*,
    311 F. Supp. 3d 1157 (C.D. Cal. 2018) ............................................................. 5

*Herring v. United States*,
    555 U.S. 135 (2008) .......................................................................................... 4

*Hodgers-Durgin v. De La Vina*, 199 F.3d 1037 (9th Cir. 1999) ........................... 6

*Knick v. Twp. of Scott*,
    862 F.3d 310 (3rd Cir. 2017) *rev'd on other grounds Knick v. Twp. of Scott*, 139 S. Ct. 2162, 204 L. Ed. 2d 558 (2019) ........................................................ 9

*Knife Rights, Inc. v. Vance*,
    802 F.3d 377 (2nd Cir. 2015) ......................................................................... 11

*League of Women Voters v. Nassau Cnty. Bd. of Supervisors*,
    737 F.2d 155 (2nd Cir. 1984) ......................................................................... 11

*Lyall v. City of Los Angeles*,
    807 F.3d 1178 (9th Cir. 2015) .............................................................. 3, 5, 6, 7

*Mabe v. San Bernardino Cnty.*,
    237 F.3d 1101 (9th Cir. 2001) ........................................................................... 5

*Manuel v. City of Joliet*,
    137 S. Ct. 911, 197 L. Ed. 2d 312 (2017) ......................................................... 3

# **TABLE OF AUTHORITIES (CONT'D)**

*Microsoft Corp. v. United States Dept. of Justice*,
   233 F. Supp. 3d 887 (W.D. Wash. 2017) .................................................... 4, 5

*Minnesota v. Carter*,
   525 U.S. 83 (1998) ............................................................................................ 3

*Moreland v. Las Vegas Metro. Police Dept.*,
   159 F.3d 365 (9th Cir. 1998) .................................................................. 5, 10, 11

*NAACP v. Alabama ex rel. Patterson*,
   357 U.S. 449 (1958) ....................................................................................... 10

*Nicholson v. City of Los Angeles*,
   935 F.3d 685 (9th Cir. 2019) ............................................................................ 6

*O'Bannon v. Town Court Nursing Center*,
   447 U.S. 773 (1980) ....................................................................................... 10

*Oregon Advocacy Ctr. v. Mink*,
   322 F.3d 1101 (9th Cir. 2003) .......................................................................... 8

*Plumhoff v. Richard*,
   572 U.S. 765 (2014) ..................................................................................... 5, 6

*Rakas v. Illinois*,
   439 U.S. 128 (1978) ................................................................................ 3, 5, 7

*Rizzo v. Goode*,
   423 U.S. 362 (1976) .......................................................................................... 3

*Santiago v. City of Los Angeles*,
   Case No. CV-15-08444-BRO (Ex) 2016 U.S. Dist. LEXIS 172682 (C.D. Cal. Nov. 17, 2016) ................................................................................................. 7, 10

*Schmidt v. Cnty. of Nevada*,
   Case No. 2:10-CV-3022 ................................................................................. 12

*Secretary of State of Md. v. Joseph H. Munson Co.*,
   467 U.S. 947 (1984) .......................................................................................... 9

*Shell Gulf of Mexico, Inc. v. Ctr. For Biological Diversity., Inc.*,
   771 F.3d 632 (9th Cir. 2014) .......................................................................... 11

## TABLE OF AUTHORITIES (CONT'D)

*Smith v. Fontana*,
 818 F.2d 1411 (9th Cir. 1987) ............................................................................... 6

*Sodal v. Cook County*,
 506 U.S. 56 (1992) ................................................................................................ 3, 6

*Team Enterprises, LLC v. Western Inv. Real Estate Trust*,
 721 F. Supp. 2d 898 (E.D. Cal. 2010) ................................................................. 12

*Town of Castle Rock v. Gonzales*,
 545 U.S. 748 (2005) ............................................................................................. 10

*U.S. v. Taketa*,
 923 F.2d 665 (9th Cir. 1991) ................................................................................. 5

*United States v. Comprehensive Drug Testing, Inc.*,
 513 F.3d 1085 (9th Cir. 2008) ............................................................................... 7

*United States v. Comprehensive Drug Testing, Inc.*,
 545 F.3d 1106 (9th Cir. 2008) ............................................................................... 7

*United States v. Comprehensive Drug Testing, Inc.*,
 621 F.3d 1162 (2010) .......................................................................................... 7, 8

*United States v. Jones*,
 565 U.S. 400 (2012) ............................................................................................... 6

*United States v. Sanchez-Gomez*,
 138 S. Ct. 1532, 200 L. Ed. 2d 792 (2018) ........................................................... 8

*United States v. Sanchez-Gomez*,
 859 F.3d 649 (9th Cir. 2017) ................................................................................. 8

*United States v. SDI Futures Health, Inc.*,
 568 F.3d 684 (9th Cir. 2009) ................................................................................. 6

*United States v. Sineneng-Smith*,
 140 S. Ct. 1575, 206 L. Ed. 2d 866 (2020) ........................................................... 9

*Valley Surgical Ctr. Ltd. Liab. Co. v. Cnty. of Los Angeles*,
 No. CV 13-02265 DDP, 2015 U.S. Dist. LEXIS 80011 (C.D. Cal. June 18, 2015) ... 12

*Will v. Mich. Dep't of State Police*,
 491 U.S. 58 (1989) ............................................................................................... 11

## TABLE OF AUTHORITIES (CONT'D)

*Wolff v. McDonnell*,
    418 U.S. 539 (1974) .................................................................................... 9

**Statutes**

Declaratory Judgment Act, 28 U.S.C. § 2201(a) ............................................... 11

**Other Authorities**

F.R.Civ.P. 12(c) ............................................................................................. 1, 2

F.R.Civ.P. 12(h)(2) ............................................................................................ 2

## I. INTRODUCTION

Existing Supreme Court and Ninth Circuit precedent demonstrate that the KFA alleges no viable constitutional claims for unreasonable seizures or deprivations of personal property under the Fourth Amendment, Due Process Clause or the analogous California Constitutional provisions. Constitutional rights arising under the Fourth Amendment and Due Process Clause are personal rights that cannot be vicariously asserted. KFA does not allege that it was subjected to any seizure or deprivation of the organization's own personal property. The Supreme Court and Ninth Circuit have rejected attempts to assert Section 1983 claims for violation of someone else's personal constitutional rights. KFA conflates its standing arguments with the merits of the claims, but the two are not the same. Moreover, the Supreme Court has confirmed that the analysis of Fourth Amendment rights is subsumed within the merits of the claim and is not jurisdictional. Many of the cases KFA cites do not support the legal propositions, or involve cases where the Ninth Circuit or District Courts did not address the legal issues raised here. KFA's request for declaratory relief under the Declaratory Judgment Act is derivative of its constitutional claims and fails for the same reason. The City's Motion raises legal issues under the Constitution, which are dispositive and appropriate for resolution under Rule 12(c). For the reasons discussed below, the Motion for Judgment on the Pleadings should be granted.

## II. ARGUMENT

### A. The City's Motion Is Not an Untimely Request for Reconsideration.

As an initial matter, KFA contends that the City's Motion is "an untimely request for reconsideration" on issues "decided" by the Court's prior order. *See* Dkt. No. 91 at 7. The Court's order granting in part and denying in part the City's motion to dismiss did not decide these issues explicitly or by implication. Dkt. No. 65 at 12-13. Rather, the Court's order stated that the "bulk of the City's motion" addressed whether KFA stated "a claim for constitutional, and specifically Fourth and Fourteenth Amendment, violations where it is the constitutional rights of members or beneficiaries that were

allegedly violated, rather than the rights of the organization itself." Dkt. No. 65 at 12. The Court denied the motion on these issues under Rule 12(g) "without prejudice to the City raising those issues again in a manner authorized by Rule 12(h)(2)." Dkt. No. 65 at 13. The City's Rule 12(c) Motion is properly before the Court for resolution of these issues under Rule 12(h)(2)(B) and in accordance with the Court's Order. The Motion raises legal issues that are dispositive in resolving KFA's constitutional claims and appropriate for the Court's resolution at this time under Rule 12(c).

### B. KFA Asserts No Viable Section 1983 Claims for Unreasonable Seizures under the Fourth Amendment.

A bedrock principle of Fourth Amendment jurisprudence is that Fourth Amendment rights are personal rights, which cannot be vicariously asserted. This principle applies to parent-child relationships, corporations and their owners or employees, and companies and their customers. KFA contends that this principle does not apply to an organization and its members. The Supreme Court has never recognized an exception to this principle for an organization or otherwise allowed an organization to assert claims for violation of its members' personal Fourth Amendment rights under the associational standing doctrine. Nor has the Ninth Circuit in any published decision analyzing this issue. To the contrary, even an organization must establish a possessory interest in property seized or a reasonable expectation of privacy in an area searched to assert viable Fourth Amendment claims. KFA asks this Court to find that the principle that Fourth Amendment rights are personal rights that cannot be vicariously asserted applies to everyone, *except* organizations. This is an argument, which, if adopted by the Court, would create new precedent contradicting established Fourth Amendment jurisprudence. Supreme Court and Ninth Circuit caselaw, however, confirms that KFA asserts no viable claims for unreasonable seizures under the Fourth Amendment.[1] .

---

[1] KFA concedes that Article I, Sections 7 and 13 of the California Constitution provide no greater protection than the Fourth Amendment and Fourteenth Amendment or that these claims are analyzed in tandem. Dkt. No. 91 at 24, n. 11.

1. <u>KFA Mistakenly Conflates Its Standing Argument with the Merits of Its Fourth Amendment Claims.</u>

KFA conflates its standing arguments regarding the Court's subject matter jurisdiction with the merits of its alleged constitutional claims for unreasonable seizures under the Fourth Amendment. Dkt. No 91 at 8-14, 19-21. KFA's arguments are misplaced, particularly in the context of the Fourth Amendment.

The threshold inquiry in a Section 1983 suit is to identify the specific right at issue. *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 841, n.5 (1998). Where, as here, the claims are based only on the Constitution, the Court must identify the specific constitutional right at issue and determine the elements for the specific claim. *Manuel v. City of Joliet*, 137 S. Ct. 911, 920, 197 L. Ed. 2d 312 (2017). Section 1983 imposes liability only for conduct which causes the plaintiff "to be subjected" to a violation of a specific constitutional right. *See Rizzo v. Goode*, 423 U.S. 362, 370-371 (1976). The Fourth Amendment covers only searches and seizures. *Lewis,* 523 U.S. at 843. A "seizure" requires a "meaningful interference with an individual's possessory interest in property." *Sodal v. Cook County*, 506 U.S. 56, 60 (1992).

"In order to qualify 'as a person aggrieved by unlawful search or seizure' one must have been the victim of a search or seizure[.]" *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1186 (9th Cir. 2015). In *Alderman*, the Supreme Court held that "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Alderman v. United States*, 394 U.S. 165, 174 (1969); *see also Minnesota v. Carter*, 525 U.S. 83, 88 (1998) ("[T]he Fourth Amendment is a personal right that must be invoked by an individual.").

In *Rakas*, the Supreme Court held that in in determining whether a person was able to show a violation of his or her own Fourth Amendment right, and not someone else's, the definition of those rights was more properly placed within the purview of substantive Fourth Amendment law than within that of standing. *Rakas v. Illinois*, 439 U.S. 128, 139-140 (1978); *see also Carter*, 525 U.S. at 88. Thus, in the Fourth Amendment

context, the standing question asks whether the plaintiff has alleged a violation of his or her personal Fourth Amendment rights and is part of the merits of the claim  *See id.*; *Microsoft Corp. v. United States Dept. of Justice,* 233 F. Supp. 3d 887, 912 n.13 (W.D. Wash. 2017); *see also ACLU v. NSA*, 493 U.S. 644, 673-674 (6th Cir. 2007) (analyzing distinctions between Fourth Amendment standing and Article III standing for constitutional and statutory claims).  The Supreme Court reiterated that Fourth Amendment standing should not be confused with Article III standing.  *Byrd v. United States,* 138 S. Ct. 1518, 1530, 200 L. Ed. 2d 805 (2018).  "Because Fourth Amendment standing is subsumed under the substantive Fourth Amendment doctrine, it is not a jurisdictional question…."  *Id.*  Accordingly, KFA reliance solely on cases discussing organizational standing is misplaced. The question of whether KFA alleges a claim for violation of its own Fourth Amendment rights, as opposed to someone else's rights, is subsumed within the merits of the claim and is not jurisdictional.  *Id.*

### 2. The Principle that Fourth Amendment Rights Are Personal Rights that Cannot be Vicariously Asserted Applies to Civil and Criminal Cases.

KFA contends the principle that "Fourth Amendment rights are personal rights which cannot be vicariously asserted" applies only in the "narrow context" of a criminal defendant's standing "invoke the exclusionary rule" and "suppress evidence improperly seized from a third party." *See* Opp. at 10.  This argument fails for several reasons.

First, the exclusionary rule is not a personal constitutional right under the Fourth Amendment.  *Davis v. United States,* 549 U.S. 229, 236 (2011).  The exclusionary rule is a judicially created rule to deter future Fourth Amendment violations.  *Id.; Herring v. United States*, 555 U.S. 135, 139-140 (2008) ("We have stated that the judicially created [exclusionary] rule is designed to safeguard Fourth Amendment rights generally through its deterrent effect.") (internal quotations omitted).

Second, KFA's reliance on *Heartland* and *Scott* to support this flawed interpretation is misplaced.  In *Heartland*, the Eighth Circuit rejected Ninth Circuit authority precluding the vicarious assertion of Fourth Amendment rights in civil actions

under Section 1983. *See Heartland Acad. Cmty. Church v. Waddle*, 427 F.3d 525, 532-533 (8th Cir. 2005) (rejecting the Ninth Circuit's holding in *Mabe* because the Ninth Circuit "cited a criminal exclusionary rule opinion" in support of its holding.); *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1111 (9th Cir. 2001) (citing *U.S. v. Taketa,* 923 F.2d 665, 670 (9th Cir. 1991)). Similarly, in *AFSCME v. Scott*, a District Court in Florida construed *Rakas* as a "criminal case in which defendants sought to suppress evidence taken in violation of another individual's Fourth Amendment rights" that did not affect associational standing. *AFSCME v. Scott*, 857 F. Supp. 2d 1322, 1329-1330 (S.D. Fla. 2012) *rev'd on other grounds AFSCME v. Scott*, 717 F.3d 851 (11th Cir. 2013). On appeal in Eleventh Circuit, the union's standing was not challenged and the Court did not independently analyze standing under *Rakas*. *Scott*, 717 F.3d at 861, n.1.

In *Plumhoff*, the Supreme Court applied *Rakas* and *Alderman* in a civil case asserting Section 1983 claims for violations of the Fourth Amendment confirming that the holdings in those cases are not limited to criminal cases involving the exclusionary rule. *Plumhoff v. Richard*, 572 U.S. 765, 778 (2014).

Third, unlike the Eighth and Eleventh Circuits, the Ninth Circuit and its District Courts routinely apply *Alderman* and *Rakas* in civil cases alleging violations of Fourth Amendment rights under Section 1983. *See Lyall,* 807 F.3d at 1186 (applying *Alderman* and *Rakas* in opinion affirming summary judgment in favor of defendants on Section 1983 Fourth Amendment claims asserted by organizers and attendees of music event held at warehouse); *Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998) (applying *Alderman* to preclude mother and children from asserting Section 1983 claims for violation of father's Fourth Amendment and Due Process rights); *Ellwest Stereo Theatres, Inc. v. Wenner*, 681 F.2d 1243, 1248 (9th Cir. 1982) (applying *Alderman* and *Rakas* to preclude claims asserted by company for alleged violation of its customers Fourth Amendment rights); *Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157, 1163 (C.D. Cal. 2018) (Applying *Alderman* to Section 1983 claims asserted by daughter for violation of father's Fourth Amendment right); *Microsoft,* 233 F. Supp. 3d at 912-916 (applying *Alderman* and *Rakas* in finding that Microsoft lacked standing to assert Fourth

Amendment challenge to Electronic Communications Privacy Act based on alleged violation of Microsoft users' Fourth Amendment rights.); *see also Nicholson v. City of Los Angeles,* 935 F.3d 685, 696 (9th Cir. 2019) (citing *Plumhoff* and *Alderman* in analysis of Section 1983 claims for violations of Fourth Amendment).  Indeed, many other cases in the Ninth Circuit have applied these same principles.  *See e.g., Crumpton v. Gates,* 947 F.2d 1418, 1422 (9th Cir. 1991); *Smith v. Fontana*, 818 F.2d 1411, 1417 (9th Cir. 1987) *overruled on other grounds Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1040 n.1 (9th Cir. 1999).

### 3.  KFA Asserts No Viable Direct Fourth Amendment Claims.

KFA has not, and cannot, allege any viable Section 1983 claims for violation of the Fourth Amendment.  An entity, like KFA, may assert Fourth Amendment claims challenging a search of an entity's premises and seizure of the entity's records and property.  *See United States v. SDI Futures Health, Inc.*, 568 F.3d 684, 694, fn.3 (9th Cir. 2009).  KFA admits that the "the City accurately states that the court in *SDI* observed when an 'entity' may assert Fourth Amendment claims." Dkt. No. 91 at 20-21.  KFA does not allege that the organization itself was "subjected to" any unreasonable seizure interfering with the organization's possessory interests in the organization's property.  SAC ¶¶ 38-46.  Instead, KFA argues that its "diversion of resources" constitutes a cognizable injury under the Fourth Amendment.  Dkt. No. 91 at 19-20.  As discussed above, this argument conflates standing with the merits of a Fourth Amendment claim.

Again, the Fourth Amendment covers only searches and seizures.  *Lewis*, 523 U.S. at 843.  KFA's alleged diversion of resources does not constitute a seizure under the Fourth Amendment, and the Supreme Court has rejected such broad interpretations that render the phrase "in the persons, houses, papers, and effects" in the Fourth Amendment superfluous.  *United States v. Jones*, 565 U.S. 400, 405 (2012).  KFA cannot assert a plausible direct claim of unreasonable seizure of the organization's property in violation of the Fourth Amendment.  *See SDI Futures*, 568 F.3d at 694-697; *Lyall v.* 807 F.3d at 1186.

KFA cites *Santiago* in support of its claims, but the court in *Santiago* did not

analyze or address the association's claims under the Fourth Amendment. *Santiago v. City of Los Angeles*, Case No. CV-15-08444-BRO (Ex) 2016 U.S. Dist. LEXIS 172682, *22-25 (C.D. Cal. Nov. 17, 2016) (analyzing due process claim and argument regarding post-deprivation process). The court did not address the merits of any Fourth Amendment claims. *Id.* Nor did the court address the association's assertion of personal constitutional rights under *Alderman*, *Rakas*, *Lyall, or Moreland*. *See id.* In addition, the jurisdictional challenge in that case raised arguments regarding the need for individualized proof. *See id.* at * 19 ("It is not clear which of the organizational standing requirements Defendants challenge at to Union's direct standing. Defendants only argument is that whether Union's efforts were justified 'will depend on individualized proof' as to each situation."). To suggest that *Santiago* addresses the constitutional issues raised here is a misrepresentation of the issues raised and addressed in that unpublished decision.

    4. <u>KFA Asserts No Viable Representative Fourth Amendment Claims.</u>

  KFA argues that it asserts viable Fourth Amendment claims on behalf of its members "so long as it can establish associational standing under *Hunt*." Dkt. No. 91 at 8 (citing *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1096 n.28 (9th Cir. 2008) ("CDT I")). In *CDT I*, the original three-judge panel concluded that the MLB Players Association had associational standing under *Hunt* sufficient to file a F.R.Crim.P. 41(g) motion to return of seized property, notwithstanding *Rakas*. *See id.* at 1096 n. 28. The Ninth Circuit vacated *CDT I* in its order granting rehearing en banc. *United States v. Comprehensive Drug Testing, Inc.*, 545 F.3d 1106 (9th Cir. 2008) ("The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit."). The Ninth Circuit's en banc decision in *CDT III* vacated the standing analysis under *Hunt* and adopted a new analysis regarding the Association's standing to file a motion to return property under F.R.Crim.P. 41(g). *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172-1174 (2010) ("CDT III").

  In *CDT III*, the Ninth Circuit's en banc panel analyzed F.R.Crim.P 41(g) and determined that the Rule 41(g) on its face authorized a motion to return property on

behalf of any "person aggrieved by an unlawful search or seizure *or by the deprivation of property*." *Id* at 1173 (emphasis in original). The Ninth Circuit found that the Players Association was "aggrieved by a deprivation of property" under Rule 41(g) and authorized to seek the return of its members' urine samples in a motion to return property because the "removal of the specimens and documents breache[d] its negotiated agreement for confidentiality, violate[d] its members' privacy interests, and interfere[d] with the operations of its business." *Id.* at 1173-74.

The Supreme Court has since confirmed that mechanisms to assert representative claims or de-facto class actions have never been recognized in criminal proceedings or under the Federal Rules of Criminal Procedure. *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1539, 200 L. Ed. 2d 792 (2018). In *Sanchez-Gomez*, the Supreme Court reversed a Ninth Circuit en banc decision that struck down a restraint policy as unconstitutional under the Due Process Clause of the Fifth Amendment. *Id.* at 1536-37. There, the Ninth Circuit understood the main dispute to be a challenge to the policy itself, not just an application of that policy to individuals and viewed the case "functional class action" involving "class-like relief." *Id.* at 1537. While the case did not involve associational standing, the Supreme Court held that permitting a common-law or de-facto class action to challenge a policy was not permitted in criminal cases and explained the distinctions between class actions under Rule 23 and collective actions under the Fair Labor Standards Act. *Id.* at 1539.[2]

As explained in the City's Motion, *Columbia Basin* also does not support KFA's Fourth Amendment claims. In *Columbia Basin*, the Ninth Circuit addressed the issue of standing sua sponte noting that none of the parties challenged standing on appeal. *Columbia Basin Apt. Ass'n v City of Pasco*, 269 F.3d 791, 796-797 (9th Cir. 2001). The Ninth Circuit addressed only the tenants' "harm" from an unreasonable search or seizure – not the association or landlords. *Id.* The Court analyzed the loss of a business permit

---

[2] The Ninth Circuit cited *Oregon Advocacy Ctr. v. Mink,* 322 F.3d 1101 (9th Cir. 2003), in support of its functional class action theory for challenging the constitutionality of the policy. *See United States v. Sanchez-Gomez,* 859 F.3d 649, 658 (9th Cir. 2017).

as a potential deprivation of property for the landlords even though the appellants raised a vagueness claim. *Id.* at 798. *Columbia Basin* did not address the personal nature of rights under the Fourth Amendment or the deprivation of personal property under the Due Process Clause for Section 1983 claims. *Id.* at 798-799. Those issues were not raised by the parties or addressed by the court. *See id.* at 796-799; *see also United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579, 206 L. Ed. 2d 866 (2020) (reversing Ninth Circuit opinion under the party presentation principle where the Ninth Circuit invited organizations to file amicus briefs addressing the constitutionality of a federal statue on overbreadth and vagueness grounds and addressed issues not raised by the parties).

The Supreme Court has not recognized a relaxed pleading standard to facial challenges under the Fourth Amendment. *See Broadrick v. Oklahoma*, 413 U.S. 601, 610-613 (1973); *Secretary of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 957 (1984); *Knick v. Twp. of Scott*, 862 F.3d 310, 320 fn 7 (3rd Cir. 2017) *rev'd on other grounds Knick v. Twp. of Scott*, 139 S. Ct. 2162, 204 L. Ed. 2d 558 (2019).

In sum, the Supreme Court and Ninth Circuit authorities confirm that KFA cannot assert viable claims for violation of its members' Fourth Amendment rights.

## C. **KFA Asserts No Viable Section 1983 Claims for Deprivation of Personal Property in Violation of the Due Process Clause.**

The Due Process Clause provides that the government shall not "deprive any person of life, liberty, or property, without due process of law[.]" *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). KFA's Due Process claims are based on the deprivations of personal property without due process. KFA does not allege that it was "subjected to" a deprivation of the organization's own property without due process. *See* SAC ¶¶ 38-43.

KFA again conflates its standing arguments with the merits of its Due Process claim. *El Rescate* involved a challenge under the Immigration and Naturalization Act – a federal statute – and the Ninth Circuit applied *Havens* to find that the association had statutory standing to allege claims under the Act and the Administrative Procedures Act. *See El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*, 959 F.2d 742, 744-748 (9th Cir. 1991). The Ninth Circuit did not address, or hold, that an alleged

diversion of resources constituted a claim for deprivation of personal property under the Due Process Clause. *See id.* at 750. The diversion of resources may suffice to establish standing, but does not constitute a deprivation of personal property without due process. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 767-768 (2005); *O'Bannon v. Town Court Nursing Center*, 447 U.S. 773, 787-88 (1980). Indeed, if KFA's argument is adopted by the Court, every association alleging diversion of resources under *Havens* may also have a constitutional claim for deprivation of personal property under the Due Process Clause. KFA alleges no viable Section 1983 claim that it was subjected to a deprivation of personal property in violation of the Due Process Clause. *See Moreland*, 159 F.3d at 370-371. KFA cites *Patterson* in support of its "association" rights. Opp. at 21-22. In *Patterson*, the Supreme Court permitted the NAACP to rely on violations of its members' First Amendment associational rights under the Due Process Clause in suing to bar the State of Alabama from compelling disclosure of the association's membership lists. *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 458-460 (1958). KFA does not allege any claims for deprivation of First Amendment association or liberty rights.

The principle that constitutional rights are personal and may not be asserted vicariously applies to claims for deprivation of property under the Due Process Clause. *Moreland*, 159 F.3d at 370-371. Thus, the general rule that only the person whose constitutional rights were violated may sue to vindicate those rights also applies to KFA's Section 1983 claims asserted on behalf of its members. *Id.*

KFA relies on *Columbia Basin* again in support of its claim to assert its members' personal constitutional rights. Dkt. No. 91 at 15-16. This argument fails for the same reason discussed above. The Ninth Circuit did not address the issue of whether an association could pursue members' personal claims for deprivations of personal property. Indeed, this issue was not raised by the parties and the Ninth Circuit addressed standing sua sponte. *See* II.B(4), *supra*. The court in *Santiago* also did not address these issues. *Id.* In *Association of Los Angeles City Attorneys,* the Court permitted the union to pursue claims on behalf of the membership for protected property interests under the union's

1  MOU, but the Court stated at the outset that the union's standing was not challenged and
2  the Court did not address the whether the union could pursue the members' claims. *Ass'n*
3  *of Los Angeles City Attorneys v. City of Los Angeles*, Case No. 12-4235-MMM(JCX),
4  2012 WL 12887541, at * 1, n.1 (C.D. Cal. Nov. 20, 2012). These cases are neither p nor
5  binding if the parties did not raise, and the Court did not address, the arguments raised
6  here. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 n.4 (1989).

As discussed in the City's Motion, the courts that have analyzed Section, 1983 claims asserted for violation of personal constitutional rights have found that only the person who was subjected to a deprivation of person *constitutional* rights could sue to vindicate those rights. *Moreland*, 159 F.3d at 370-371; *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990); *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986); *see also Knife Rights, Inc. v. Vance*, 802 F.3d 377, 387 (2nd Cir. 2015); *League of Women Voters v. Nassau Cnty. Bd. of Supervisors*, 737 F.2d 155, 160 (2nd Cir. 1984). As KFA does not allege its constitutional rights were violated, it can have no claim here.

**D. <u>KFA's Request for Declaratory Relief is Derivative of Its Section 1983 Claims.</u>**

KFA has no independent claim for declaratory relief under the Declaratory Judgment Act that survives the dismissal of its underlying constitutional claims. *See* Dkt. No. 91, Opp. at 5-6).[3] The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a), "does not create new substantive rights, but merely expands the remedies available in federal courts." *Shell Gulf of Mexico, Inc. v. Ctr. For Biological Diversity., Inc.,* 771 F.3d 632, 635 (9th Cir. 2014). The Court's "jurisdiction is distinct from its remedial powers" and the DJA itself "does not confer jurisdiction." *Countrywide Home Loans, Inc. v.*

---

[3] While immaterial to the resolution of the legal issues in the Motion, the City conducted its L.R. 7-3 conference on July 15, 2020 and discussed the basis for the City's Motion and dismissal of KFA's claims. Plaintiffs did not raise any argument regarding the DJA during the call. On July 28, 2020, the City informed Plaintiffs that it would be filing the Motion on August 3 and asked the Plaintiffs whether they had any conflicts with an August 14 hearing date. On July 29, 2020, the Plaintiffs requested a later hearing date and the City accommodated the request.

1 *Mortgage Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011).

2 The DJA is a procedural statute that "merely offers an additional remedy to litigants." *Team Enterprises, LLC v. Western Inv. Real Estate Trust*, 721 F. Supp. 2d 898, 911 (E.D. Cal. 2010) (citations omitted). "A declaratory judgment is not a theory of recovery." *Id.* Nor is a request for declaratory relief an independent cause of action, but rather a remedy that is derivative of the underlying claims. *Gilliam v. Bank of Am., N.A.*, No. SA CV 17-1296-DOC (JPRx), 2018 U.S. Dist. LEXIS 227706, at *48 (C.D. Cal. June 22, 2018). As the District Court in *Gilliam* explained: "Since a declaratory judgment is only a remedy, and therefore derivative of underlying claims, a request for declaratory relief can only withstand a motion to dismiss if one of the substantive causes of action survives such a motion." *Id.*

Accordingly, where, as here, KFA's underlying constitutional claims fails, so too does KFA's request for declaratory relief under the DJA. *Canatella v. Reverse Mortg. Sols., Inc.*, No. 13-cv-05937-HSG, 2016 U.S. Dist. LEXIS 143481, at *19 (N.D. Cal. Oct. 17, 2016) ("where, as here, the plaintiff's underlying claims fail, so too does [plaintiff's] declaratory relief claim."); *see also id.* at *19, n.9 (summarizing District Court cases in the Ninth Circuit holding the same); *Valley Surgical Ctr. Ltd. Liab. Co. v. Cnty. of Los Angeles*, No. CV 13-02265 DDP (AGRx), 2015 U.S. Dist. LEXIS 80011, at *22 (C.D. Cal. June 18, 2015) (underlying Sections 1983 claims for violation of the First, Fourth, Fifth, and Fourteenth Amendments failed requiring dismissal of claim for injunctive and declaratory relief); *Schmidt v. Cnty. of Nevada*, Case No. 2:10-CV-3022 FCD/EFB, 2011 U.S. Dist. LEXIS 78111, at *25-26 n.14 (E.D. Cal. July 19, 2011) (declaratory relief claim must be dismissed where plaintiff's underlying Section 1983 claims for violation of the Fourth Amendment and Equal Protection failed and were dismissed).

Dated: August 31, 2020           MICHAEL N. FEUER, City Attorney

By:    /s/ Felix Lebron
FELIX LEBRON, Deputy City Attorney
Attorneys for Defendant CITY OF LOS ANGELES