MICHAEL FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Assistant City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
FELIX LEBRON, Deputy City Attorney (SBN 232984)
**A. PATRICIA URSEA, Deputy City Atty (SBN 221637)**
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone (213) 978-7569
Facsimile (213) 978-7011
Felix.Lebron@lacity.org
Patricia.Ursea@lacity.org

*Attorneys for Defendant,* CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Janet Garcia, Gladys Zepeda, Miriam Zamora, Ali El-Bey, Peter Diocson Jr., Marquis Ashley, James Haugabrook, individuals, KTOWN FOR ALL, an unincorporated association, ASSOCIATION FOR RESPONSIBLE AND EQUITABLE PUBLIC SPENDING an unincorporated association<br>　　　　*Plaintiffs*,<br>　vs.<br>CITY OF LOS ANGELES, a municipal entity; DOES 1-50,<br>　　　　*Defendant(s).* | Case No.: 2:19-cv-6182-DSF-PLA<br>[Assigned to Judge Dale S. Fischer]<br>**DECLARATION OF GABRIEL S. DERMER**<br><br>[Filed Concurrently with Opposition to Plaintiffs' Motion for Order to Show Cause Re: Civil Contempt and Sanctions; Declarations of Howard Wong and Domingo Orosco]<br><br>Date: September 21, 2020<br>Time: 1:30 p.m.<br>Ctrm: 7D<br>**Judge: Hon. Dale S. Fischer** |

## DECLARATION OF GABRIEL S. DERMER

I, GABRIEL S. DERMER, hereby declare:

1. I am an attorney at law, duly licensed to practice before this court and all of the courts of the State of California. I am one of the attorneys for Defendant City of Los Angeles ("City") in this action. I make all statements herein of my own personal knowledge, and if called to testify as a witness in this action, I could and would testify competently to the truth of the matters set forth herein.

2. On July 27, 2020, I received a letter from Plaintiffs' counsel, Benjamin Herbert, which asserted permanent signs that were posted before the injunction issued violated the injunction and requested a confirmation within seven days that those signs would be removed.

3. On July 30, 2020, I wrote back to Plaintiffs' counsel stating that the City disagreed this Court's order required the removal of any sign, but the City would nevertheless place overlays on top of those existing signs that reference bulky items.

4. I concluded my correspondence by writing "I trust this addresses the issues you raise, but please advise if it does not. Thank you."

5. On August 6, 2020, I received a letter from Plaintiffs' counsel advising the City of their intention to file an *ex parte* Application for an Order to Show Cause re: Contempt and Sanctions, based on paper notices the City posted on July 30 and August 3, 2020.

6. The letter offered to discuss avoiding the *ex parte* application "if the parties can agree to a joint stipulation regarding the posting of the notices, along with a declaration under penalty of perjury from the Director and General Manager of LA Sanitation" and requested a response "by the end of the day."

7. Immediately upon receiving the letter, the City began investigating Plaintiffs' claims that the City had posted notices in violation of the injunction so that any such issues could be addressed.

8. Later that afternoon, I called Plaintiff's counsel (Ms. Myers) to discuss the

issues. I agreed that the City could not post notices that violated the notice-posting provisions of the injunction (of course) and sought to avoid needless Court intervention.

9. Ms. Myers claimed Plaintiffs would not have considered contempt but for words used by Councilmember Buscaino. I explained that CM Buscaino does not speak for the City in this regard, and the City takes the Court's injunction very seriously. I further explained that the City needed some time to address the issues raised by Plaintiffs that day. At no point did I agree to stipulate to contempt. Indeed, it is and was my belief that a finding of contempt is unwarranted here.

10. The following day, Friday, August 7, Plaintiffs' counsel emailed a proposed joint stipulation re contempt.

11. On Monday, August 10, my colleague Felix Lebron sent an email to Plaintiffs' counsel wherein he reiterated the "City did not agree to stipulate to contempt or submit a declaration from LASAN's General Manager." Mr. Lebron explained the City's actions since learning of the inadvertently posted paper notices, how those notices that referenced bulky items would no longer be used, and, importantly, that the City did not enforce LAMC 56.11(3)(i) during the cleanups. Mr. Lebron concluded his email by noting our appreciation for Plaintiffs delaying "the filing of an ex parte application to meet and confer with the City on these issues and provide time for the City's investigation."

12. Ms. Myers responded that same day (August 10) and noted that Plaintiffs did not say the City agreed to stipulate to contempt or provide a declaration. Ms. Myers further claimed there was a significant disagreement between the parties concerning the paper notices "and what is necessary and justified to ensure the City complies with the injunction" but did not specify the nature of the purported disagreement. The email concluded by stating Plaintiffs' intention "to file an application for an order to show cause re: contempt and sanctions. As of now, we intend to proceed by noticed motion, but we reserve the right to move ex parte if it is warranted. If that is the case, we will provide oral notice, as required by the Local Rules."

13. Two days later (August 12), Ms. Myers sent an email noting how the City was resuming cleanups in special enforcement zones and expressing concerns about a lack of notice. Ms. Myers requested that we "take all necessary steps to stop conducting the comprehensive cleanup immediately, and not commence other cleanups until the parties can discuss this." I responded the same day stating the City was investigating Plaintiffs' claims and would get back to Plaintiffs as soon as we had information to share.

14. On August 13, Ms. Myers sent another email, this time about signs, and stated that there are "over 100 signs around the Raymer shelter that have not been updated."

15. The City immediately began investigating this new claim that many signs had not been updated, and Mr. Lebron responded to Plaintiffs' counsel on August 17. Relevant here, Mr. Lebron noted that the City "took Plaintiffs' allegations seriously and immediately investigated the issues raised in Plaintiffs' August 13 email" and that there was "clearly a disconnect" between the parties' information. Mr. Lebron requested that Plaintiffs provide evidence supporting their representation that over 100 signs were not updated before Plaintiffs filed any motion making such representations to the Court. Not realizing Plaintiffs' motion for contempt was already a foregone conclusion, the City proposed the parties schedule a meet-and-confer call to discuss these issues after the City received and reviewed Plaintiffs' evidence. Later that night, Plaintiffs filed their motion.

///
///
///

16. The next day (August 18), Plaintiffs responded by stating that the "motion for contempt and sanctions we filed yesterday speaks for itself on most of your points."

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this Declaration was executed on August 31, 2020, at Los Angeles, California.

*[signature]*
GABRIEL S. DERMER