MICHAEL FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Deputy City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
FELIX LEBRON, Deputy City Attorney (SBN 232984)
A. PATRICIA URSEA, Deputy City Attorney (SBN 221637)
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone (213) 978-7569
Facsimile (213) 978-7011
Felix.Lebron@lacity.org
Patricia.Ursea@lacity.org

*Attorneys for Defendant,* CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Janet Garcia, Gladys Zepeda, Miriam Zamora, Ali El-Bey, Peter Diocson Jr., Marquis Ashley, James Haugabrook, individuals, KTOWN FOR ALL, an unincorporated association, ASSOCIATION FOR RESPONSIBLE AND EQUITABLE PUBLIC SPENDING an unincorporated association<br>    *Plaintiffs*,<br> vs.<br>CITY OF LOS ANGELES, a municipal entity; DOES 1-50,<br>    *Defendant(s).* | Case No.:  2:19-cv-6182-DSF-PLA<br>[Assigned to Judge Dale S. Fischer]<br>**DISCOVERY MATTER**<br>DEFENDANT'S EX PARTE APPLICATION TO OBTAIN ADDITIONAL TIME TO PROVIDE RESPONSES TO LOCAL RULE 37-2 STIPULATIONS AND TO SET ANY HEARING DATE ACCORDINGLY<br>[Declaration of Gabriel S. Dermer and [Proposed] Order filed concurrently herewith]<br>Ctrm:  780 |

1

DEFENDANT'S EX PARTE APPLICATION TO OBTAIN ADDITIONAL TIME TO PROVIDE RESPONSES TO LOCAL RULE 37-2 STIPULATIONS AND TO SET ANY HEARING DATE ACCORDINGLY

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant City of Los Angeles hereby applies *ex parte* for an extension of time, up until April 5, 2021, within which to serve upon Plaintiffs the City's responses to two draft Local Rule 37-2 joint stipulations Plaintiffs served on Thursday March 18, 2021 and Monday, March 22, 2021, respectively. As described below, Plaintiffs' portions of the stipulations and supporting declarations collectively amount to nearly 2,000 pages.

Pursuant to LR 37-2.2, and in the absence of any relief, the City must provide Plaintiffs with its portions of the stipulation and supporting evidence on Monday, March 29. Plaintiffs have selected a hearing date of April 21, 2021 for both motions to be heard.

The City seeks a short extension of these dates and proposes that (1) the City's portions of the joint stipulations and supporting evidence for both sets of stipulations be due on April 5, 2021; and (2) a hearing date of April 28, 2021 be selected for both motions. Plaintiffs have not agreed to these proposed extensions.

**1. Relevant Background**

Plaintiffs emailed the City their portion of their first Local Rule 37-2 joint stipulation on Thursday, March 18, 2021 for their contemplated motion to compel regarding requests for production. The Plaintiffs' portion consisted of the following:

- a draft 339-page stipulation
- an 85-page (with exhibits) declaration of Adrian Riskin, and
- a 760-page declaration (with exhibits) of Shayla Myers.

As noted, the deadline for the City to respond and provide their portion of the stipulation under LR 37-2.2 is 7 days later, which is Thursday, March 25, 2021. (Declaration of Gabriel S. Dermer ("Dermer Decl."), ¶ 2.)

The next day, on March 19, 2021, the City's counsel emailed Plaintiffs' counsel and requested additional time to respond. (Dermer Decl., ¶ 3.) Before responding to the request, on Monday, March 22, 2021, Plaintiffs emailed a second Local Rule 37-2 joint stipulation, this one for their contemplated motion to compel regarding interrogatory

2

DEFENDANT'S EX PARTE APPLICATION TO OBTAIN ADDITIONAL TIME TO PROVIDE RESPONSES TO LOCAL RULE 37-2 STIPULATIONS AND TO SET ANY HEARING DATE ACCORDINGLY

responses. The Plaintiffs' portion consisted of the following:

- a draft 94-page stipulation
- an 85-page (with exhibits) declaration of Adrian Riskin, and
- a 511-page declaration (with exhibits) of Shayla Myers. Plaintiffs requested the City respond and provide their portion of the 99-page stipulation within 7 days, *i.e.*, March 29, 2021. (Dermer Decl., ¶ 5.)

After serving this second stipulation, Plaintiffs' counsel responded to the City's request for an extension as to the first stipulation. Plaintiffs stated they would agree to give the City only until March 29, 2021 to file its portion because they did not wish to move their proposed hearing date of April 21, 2021. (Dermer Decl., ¶ 4.) This would mean the City's portions of **both** stipulations would be due on March 29, 2021.

On March 23, the City requested that the City's joint stipulation responses would be due one week later, on April 5, 2021 (rather than March 29, 2021), and that Plaintiffs continue the hearings for their two voluminous motions by one week, to April 28, 2021. (Dermer Decl., ¶ 6.)

Plaintiffs are represented by:

Shayla Myers, Mallory Andrews and Alex Flores at Legal Aid Foundation of Los Angeles, 7000 S. Broadway, Los Angeles, CA 90003, (213) 640-3983, smyers@lafla.org, mbandrews@lafla.org, aeflores@lafla.org.

Catherine Sweetser, Kristina Harootun and John Washington at Schonbrun Seplow Harris Hoffman & Zeldes LLP, 11543 West Olympic Blvd., Los Angeles, CA 90064 (310) 396-0731, csweetser@sshhzlaw.com, kharootun@sshhzlaw.com, jwashington@sshhzlaw.com.

Benjamin Allan Herbert and William L. Smith of Kirkland & Ellis LLP, 555 South Flower Street, Los Angeles, CA 90071, (213) 680-8400, benjamin.herbert@kirkland.com, william.smith@kirkland.com.

Michael Onufer of Kirkland & Ellis LLP, 2049 Century Park East, Los Angeles, CA 90067, (310) 552-4200, michael.onufer@kirkland.com.

3
DEFENDANT'S EX PARTE APPLICATION TO OBTAIN ADDITIONAL TIME TO PROVIDE RESPONSES TO LOCAL RULE 37-2 STIPULATIONS AND TO SET ANY HEARING DATE ACCORDINGLY

As of the time of this application, Plaintiffs' counsel has not provided their position on the City's application. (Dermer Decl., ¶ 8.)

The documents with which the City has been served are plainly voluminous, and they raise numerous issues, both as to document productions and interrogatories, which require declarations from multiple employees in several City departments. More than 7 days is required to properly respond to Plaintiffs' numerous contentions. Plaintiffs' offer to give the City until March 29 to respond the 339-page joint stipulation for the request for production is insufficient given the volume of work required, and that does not even take into account the separate 94-page stipulation that would be due the same day on the interrogatory responses.

It appears Plaintiffs have spent many weeks, if not longer, on preparing their portions, and the City respectfully requests a small extension of time to provide its portion of the papers. With a discovery cut-off of July 26, 2021, it is submitted that a one week extension from April 21 to April 28, will not prejudice the Plaintiffs in any way.

**2. The Court should exercise its discretion to extend the time for the City to respond to Plaintiffs' Local Rule 37-2 stipulations.**

"Local Rule 37-2.2 provides: Unless the parties agree otherwise, within seven days of receipt of the moving party's material, counsel for the opposing party must personally deliver, e-mail, or fax to counsel for the moving party the opposing party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the opposing party's position."

Fed.R.Civ.P. 6(b) provides in relevant part:

"(1) When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act

4

because of excusable neglect."

Under Fed.R.Civ.P. 6(b) the Court has the discretion to enlarge periods of time established by the rules or by a prior court order. *See e.g., Maldonado-Denis v. Castillo-Rodriquez*, 23 F.3d 576, 583 (1st Cir. 1994) (the trial court has complete discretion to grant or deny requests for enlarged time to respond to a motion). The courts are liberal in granting requests for enlargement of time when good cause for such enlargement is apparent. *See e.g.*, 1 Moore's Federal Practice, §606[1] et seq. (Matthew Bender, 3rd Ed.). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory context. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Rule 6(b)(1) "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits. *Id*. "Consequently, requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Id.* (quotations omitted). Here, good cause exists to extend the time for the City to respond to Plaintiffs' Local Rule 37-2 stipulations, as well as the date for any motion to compel hearing.

The City was served with voluminous papers, literally thousands of pages, that necessitate an appropriate response, and the City needs more time than 7 days to furnish those responses. Plaintiffs raise numerous issues in their back-to-back voluminous stipulations, which they purport to support in over 1,400 pages of declarations and exhibits; the City needs the additional time to properly respond. The default timeframe of seven days (or even 10) is insufficient under these circumstances. *Phillips v. Archstone Simi Valley LLC*, No. CV 15-5559-DMG (PLAx), 2016 U.S. Dist. LEXIS 186331 (C.D. Cal. Mar. 10, 2016); *Richmond v. Reefer Sys.*, No. CV 19-7940-SB (PLAx), 2021 U.S. Dist. LEXIS 32793 (C.D. Cal. Feb. 19, 2021). Thus, the City requests that its portions of both stipulations and supporting evidence be due to Plaintiffs on April 5 (rather than March 29) and that the hearing date be continued by one week to April 28, 2021. Given a discovery cut-off date of July 26, 2021, a one week extension does not prejudice Plaintiffs in any way.

Dated: March 24, 2021

MICHAEL N. FEUER, City Attorney
KATHLEEN KENEALY, Chief Deputy City Attorney
GABRIEL S. DERMER, Assistant City Attorney
A. PATRICIA URSEA, Deputy City Attorney
FELIX LEBRON, Deputy City Attorney

By: /s/ Gabriel S. Dermer
 Assistant City Attorney
 Attorneys for Defendant City of Los Angeles

DEFENDANT'S EX PARTE APPLICATION TO OBTAIN ADDITIONAL TIME TO PROVIDE RESPONSES TO
LOCAL RULE 37-2 STIPULATIONS AND TO SET ANY HEARING DATE ACCORDINGLY