Shayla Myers (SBN 264054)
Mallory Andrews (SBN 312209)
LEGAL AID FOUNDATION OF LOS ANGELES
7000 South Broadway
Los Angeles, CA 90003
Telephone: (213) 640-3983
Email:     smyers@lafla.org
           mbandrews@lafla.org

*Attorneys for Gladys Zepeda, Miriam Zamora, Ali El-Bey, James Haugabrook, Pete Diocson Jr., Marquis Ashley, and Ktown for All*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET GARCIA, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>Defendants. | CASE NO. 2:19-cv-06182-DSF-PLA<br><br>Assigned to Judge Dale S. Fisher<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF SHAYLA MYERS ISO PLAINTIFFS' STATEMENT RE: DEFENDANT'S EX PARTE**<br><br>Complaint Filed Date: July 18, 2019<br><br>Courtroom: 780<br><br>**[CORRECTED]** |

DECLARATION OF SHAYLA MYERS

DECLARATION OF SHAYLA MYERS

I, Shayla Myers, hereby declare and state as follows

1. I am an attorney licensed to practice law in the State of California at the Legal Aid Foundation of Los Angeles, and an attorney of record for the plaintiffs in the above-captioned matter. I have personal knowledge of the facts set forth herein and could testify competently thereto if called as a witness. I make this declaration in support of Plaintiffs' statement regarding Defendant's ex parte application.

2. On Thursday, March 18 at around 11:00 a.m., our office served our portion of a Joint Stipulation regarding Plaintiffs' motion to compel production of documents. The joint stipulation deals with just 26 Requests for Production, but because the City served multiple sets of responses, including more than 200 pages of duplicative, boilerplate objections, the current joint stipulation is more than 300 pages long.

3. After the close of business on Friday, March 19, 2021, counsel for the City emailed me to request an extension. The request did not include any specific amount of time. The request also accused Plaintiffs of failing to sufficiently meet and confer regarding documents the City had failed to produce in discovery.

4. I responded to Mr. Dermer on Monday afternoon, granting a reasonable extension. In response to his accusation that we had not sufficiently met and conferred, I also requested the City provide any responses to any issues that would obviate the need for court intervention on any of the issues raised by Plaintiffs.

5. On Monday, my office also served a Joint Stipulation regarding Interrogatories. This motion addresses only seven interrogatories, which are related to the same topics as the Requests for Production. In fact, the City's response and amended response contain many of the same duplicative, boilerplate objections as the RFPs and almost exclusively rely on its responses to the RFPs to respond to the interrogatories. These pages of objections account for the "voluminous" joint stipulation.

6. On Tuesday morning, counsel for Defendant was not satisfied with the amount of time offered by Plaintiffs. Mr. Dermer sent a second email, this time requesting

a specific amount of time, which would require Plaintiffs to move the hearing date. He indicated only that if we declined to grant the extension, that they intended to file an *ex parte*. *See* Dermer Decl., Exh. 1. He also did not state, as required by Local Rule 7-19.2, the date he would file the motion.

7. Less than two hours later, Mr. Dermer called me on the phone and stated that he was calling because the *ex parte* rules required him to reach out orally. I informed him that I had been in meetings all morning and had not had a chance to review his request. I also let him know I would be in meetings the rest of the day, and I needed to confer with my co-counsel about his request and explicitly stated I would get back to him. In response to my stated frustration regarding the timing of his phone call so shortly after requesting the additional extension, he expressly informed me that he was not giving *ex parte* notice and would wait to hear from me. He did not, as required by Local Rule 7-19.2, provide the date of the filing of the ex parte application.

8. I was in the process of emailing Mr. Dermer to inform him we were willing to provide the requested extension but would need to address the technical rules related to Local Rule 37 to ensure there would be no delays in filing, when we received this *ex parte* application, filed at 7:35 a.m. this morning.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on March 23, 2021 in Los Angeles, California.

*S. Myers*
_____
Shayla Myers