MICHAEL N. FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Deputy City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
FELIX LEBRON, Deputy City Atty (SBN 232984)
A. PATRICIA URSEA, Deputy City Atty (SBN 221637)
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone (213) 978-7569
Facsimile (213) 978-7011
Felix.Lebron@lacity.org
Patricia.Ursea@lacity.org

*Attorneys for Defendant,* CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| JANET GARCIA, ET AL.<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF LOS ANGELES,<br>a municipal entity;<br><br>        Defendant. | CASE NO.: 2:19-CV-6182-DSF-PLA<br>[Assigned to Judge Dale S. Fischer]<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF A. PATRICIA URSEA ISO CITY'S OPPOSITION TO PLAINTIFFS' MOTIONS TO COMPEL DISCOVERY**<br><br>Date:  April 28, 2021<br>Time: 10:00 a.m.<br>Crtm: 780<br><br>Complaint Filed:  July 18, 2019<br>Discovery Cut-Off:  July 26, 2021<br>Pretrial Conference: Feb. 14, 2022<br>Trial Date: March 15, 2022 |

## DECLARATION OF A. PATRICIA URSEA

1.      I am an attorney and licensed to practice law in California. I serve as a Deputy City Attorney for the City of Los Angeles, in the Business & Complex Litigation Unit, and I represent Defendant City of Los Angeles ("City") in this action. I submit this declaration in support of the parties' joint Stipulation Regarding Plaintiffs' Motion to Compel Re: Joint Stipulation Re: Plaintiff's Motion To Compel Responses To Plaintiff Ali El Bey's Request For Production Of Documents (Set One) and Responses To Plaintiff Miriam Zamora's Interrogatories (Set One).  I have personal knowledge of the information herein, and if called upon, can and will testify competently thereto.

2.      On July 17, 2020, I participated in a Rule 26(f) meet-and-confer call with Plaintiffs' counsel during which the City proposed (1) phasing of the trial so that liability and damages were tried first, and equitable relief second, and (2) that the parties enter into a stipulation concerning *Monell* liability.

3.      On July 17, 2020, I sent Plaintiffs' counsel an email confirming our conversation, reiterating the City's position that entering into a stipulation on *Monell* and phasing the trial "would streamline the issues and discovery and allow for an earlier trial date."  **A true and correct copy of my July 17, 2020 email is attached to this declaration as Ex. 1.**

4.      To my July 17, 2020 email, I attached the City's written trial phasing proposal along with a proposed stipulation on *Monell*, which stated the following:

a. (1) To avoid costly and protracted discovery and litigation in this case over municipal liability under *Monell v. Department of Soc. Svcs*., 436 U.S. 658 (1978), the City agrees to entry of judgment against the City—without Plaintiffs having to prove that the violation resulted from a City policy, custom, or practice as required by *Monell*—for compensatory damages and, to the extent allowed by the Court, reasonable attorney's fees pursuant to 42 U.S.C. §1988, if the finder of fact finds in Phase I of this action that an employee of the City violated a Constitutional right of

1

any Plaintiff as alleged in the Second Amended Complaint.  The City will not be liable, however, for any award of punitive damages.

b.  (2) The terms of this Stipulation also apply if the Court determines in Phase I on a motion for summary judgment or other dispositive motion based on the merits of the case, that an employee of the City violated a constitutional right of any Plaintiff as alleged in the Second Amended Complaint.

c.  (3) Nothing in this stipulation is intended to preclude Plaintiffs (or the City) from seeking any discovery in Phase I or II that is relevant to the issues in the respective phases, pursuant and subject to the Federal Rules of Civil Procedure.  The City does not intend to waive any objections to any discovery in Phase I or II, including on the grounds of relevance, proportionality, undue burden and any other objections available under the Federal Rules of Civil Procedure.

d.  (4) In agreeing to the terms of this stipulation, the City does not intend to waive its right to challenge the Plaintiffs' entitlement to a permanent injunction or the nature or scope of any such permanent injunction, which would be litigated, if at all, in Phase II of this case.  With the exception of the terms stated in Paragraph 1 of this stipulation, the City does not intend to waive any other arguments or defenses in Phase I or Phase II of this case, including but not limited to arguments related to Plaintiffs' state law claims and/or challenges to the Court's jurisdiction.

**A true and correct copy of the phasing proposal and *Monell* stipulation is attached to this declaration as Ex. 2.**

5.  On July 30, 2020, Plaintiffs' counsel sent a letter rejecting the City's trial phasing proposal.  The letter did not address the City's proposed *Monell* stipulation nor contain any discussion of *Monell* or the related discovery issues that the City had raised in the earlier meet-and-confer calls, letters, and proposed stipulation.  **A true and correct copy of Plaintiffs' July 30, 2020 letter is attached to this declaration as Ex. 3.**

6.  On September 30, 2020, I participated in a call with Plaintiffs' counsel about deficiencies the City identified in Plaintiffs' responses to certain discovery

propounded by the City.  Among the issues we discussed was privilege logs, which neither party had provided at that time.  Plaintiffs' counsel Cathy Sweetser stated that in prior litigation involving Plaintiffs' counsel and the City, the parties had agreed to provide privilege logs after the document productions had concluded; Ms. Sweetser asked whether the City would agree to do the same in this litigation.  On behalf of the City, I agreed that the parties would wait to exchange privilege logs until their respective document productions were complete.  As of the date of this declaration, neither party provided privilege logs. **A true and correct copy of Plaintiffs' El-Bey's and Garcia's responses to the City's interrogatories is attached to this declaration as Ex. 4.**

7.     On November 11, 2020, Plaintiffs Ashley, Diocson, Haugabrook, Zamora and Zepeda served objections and responses to the City's Special Interrogatories, Set One.  **A true and correct copy of these Plaintiffs' responses to the City's interrogatories is attached to this declaration as Ex. 5.**

8.     On November 16, 2020, while my colleague Felix Lebron—who had been largely handling the City's document collection efforts and responses to Plaintiffs' discovery requests—was out on leave, I participated on a meet-and-confer call with Plaintiffs' counsel concerning the City's Amended Responses to Plaintiff Ali El-Bey's Requests for Production.  During the call, I reiterated the City's position that much of the broad discovery Plaintiffs sought, such as sanitation reports from 2016 onward for encampment cleanups in which Plaintiffs were not involved, was voluminous and not relevant to Plaintiffs' claims or the City's defenses.  Nevertheless, in the interest of moving forward past the disputes, I agreed to investigate the feasibility and burden associated with collecting some smaller universe of the wide-ranging documents Plaintiffs demanded.  Plaintiffs' counsel also brought to my attention a handful of specific documents that Plaintiffs believed were missing from the City's prior productions, including Operations/Daily Assignment sheets and Online Encampment Authorizations.  I explained that the City was not "withholding" any non-privileged

responsive documents and to the extent the identified documents extent existed, the City would produce them.

9.      On or about November 17, 2020, I instructed a paralegal to begin running searches in the City's Government Claims database.  The Government Claims database does not permit boolean, proximity, or similar searches.  The system permits up to three "and" search terms to be entered at a time but it functions best if one search term is entered at a time.  Claims that have been submitted in paper form or uploaded as PDF attachments for any other reason are not searchable electronically.  Thus, to identify responsive documents, each such claim in the database would need to be downloaded manually and reviewed for responsiveness.  The system allows restriction parameters to be set -- in relevant part, date of claim, type of claim, and department -- but none of those restrictions were used in conducting these searches so that the widest possible search net was cast.  Over the course of the next few weeks, the following searches were run, each individually, across the entire database with no date or other restrictions or limitations:

      a.  cleanup

      b.  clean-up

      c.  cleaning

      d.  sweep

      e.  homeless

      f.  unhoused

      g.  sanitation

      h.  LASAN

      i.  bulky

      j.  56.11

      k.  destroy

      l.  destruction

      m.  encampment

      n.  dump

DECLARATION OF A. PATRICIA URSEA

o.  couch

p.  pallet

q.  cart

r.  care+

s.  hope

t.  tent

u.  trash

v.  care

10.   The searches of the Government Claims database using the above search terms resulted in approximately 1200 claims.  Those claims were then reviewed over the course of several weeks and 30 responsive claims were identified.   As discussed below, the 30 claims were ultimately downloaded and produced on December 18, 2020.

11.   On November 19, 2020, Plaintiffs' counsel sent a letter purporting to summarize the issues we discussed on our November 16 meet-and-confer call and raising additional issues that Plaintiffs did not raise on that call.  **A true and correct copy of Plaintiffs' counsel's November 19, 2020 letter is attached to this declaration as Ex. 6.**

12.   On November 19, 2020, I responded to Plaintiffs' letter explaining the status of my investigation into potential compromises, set forth the City's positions as to the production of certain documents, including the City's agreement to produce electronically exportable information from the MYLA311, WPIMS, and AMS databases, which would be produced by December 18, 2020.

    a.   As to supporting documents for cleanups reflected in the database exports, I explained: "Photographs associated with these cleanups are housed separately and there is no automated method for exporting them.   As we have explained, the number of photographs associated with cleanups vary dramatically and could include as many as 700 photographs.  Each photograph for each cleanup would need to be downloaded

manually.  If after seeing the data, Plaintiffs wish to request photographs for some reasonable subset of the cleanups, we can meet and confer about such a request."

b.  I also explained that the RFCs were stored in paper format and that the City was still exploring whether there was any feasible and reasonable way to satisfy Plaintiffs' requests.

c.  I also stated that the City agreed to provide certain electronically searchable and exportable information related to complaints to LAPD and government claims.

d.  I also stated that the City was working with Chrysalis (a third party contractor responsible for storing items removed during encampment cleanups) to obtain the storage-related documents Plaintiffs requested.

**A true and correct copy of my November 19, 2020 email is attached to this declaration as Ex. 7.**

13.    On November 24, 2020, Plaintiffs' counsel sent an email, in which Counsel:

a.  Attached Plaintiffs' proposed "initial" list of email custodians and search terms.

b.  Objected that Plaintiffs "disagree with the City's decision to limit the production of data from the[] specific databases to only January 1, 2018," and demanded that "the City provide us these databases immediately."

c.  Proposed that the parties stipulate to continue the discovery deadline (which was January 25, 2021 at the time), along with other trial dates, by six months to "allow the parties to work towards resolution of some of these issues without immediate motion practice related to the City's responses to Plaintiffs' discovery" and because the COVID-19 pandemic "has had a particular impact on our clients…".

**A true and correct copy of Plaintiffs counsel's November 24, 2020 email and attachments is attached to this declaration as Ex. 8.**

14.    On December 1, 2020, I responded to Plaintiffs' November 24, 2020 email (which was sent two days before Thanksgiving while I was out of the office), stating that we would to request the appropriate IT departments to run the searches

6

DECLARATION OF A. PATRICIA URSEA

Plaintiffs proposed and would get back to Plaintiffs on the email-related issues raised in Plaintiffs' letter when we received results.  As to the date ranges of the database exports, I reminded Plaintiffs' counsel that they had agreed to limit their discovery requests to 2018 forward in prior meet-and-confers, and reiterated the City's position that: "…given that all of Plaintiffs' incidents occurred in 2019, and the requested data is related to thousands of unrelated cleanups that did not involve Plaintiffs, the City believes beginning the production on January 1, 2018 is more than reasonable." Finally, I conveyed that the City agreed to stipulate to the extension of the discovery deadline and trial dates proposed by Plaintiffs.  **A true and correct copy of my December 1, 2020 email is attached to this declaration as Ex. 9.**

15.     On December 4, 2020, after speaking with ITA for LAPD and other City email systems, I sent Plaintiffs' counsel an email reporting that the system was not capable of running case sensitive searches and predicting that as a result, the terms "CARE" and "HOPE" (which are acronyms for City programs related to encampment cleanups that Plaintiffs proposed as search terms) would likely lead to numerous false hits.  I proposed alternate search terms to minimize this potential and asked that Plaintiffs notify us if they had any concerns or had other suggestions for reasonably limiting these terms.  **A true and correct copy of my December 4, 2020 email is attached to this declaration as Ex. 10.**

16.     Plaintiffs' counsel responded on December 4, 2020 asking whether we had run any of the search terms and stating that Plaintiffs "are amenable to qualifying the terms, especially HOPE, but we need a baseline or some sampling to evidence whether the terms are in fact overbroad or are generating false hits."  **A true and correct copy of Plaintiffs counsel's December 4, 2020 email is attached to this declaration as Ex. 11.**

17.     I responded to Plaintiffs' Friday night email on the morning of Monday, December 7, 2020, in which I explained that ITA had not run any of the searches yet but that we believed it would be more efficient and minimize delay if we negotiated alternate search terms to avoid overbroad and common words like "hope" and "care" at

the outset. **A true and correct copy of my December 7, 2020 email is attached to this declaration as Ex. 12.**

18.    On December 7, 2020, Plaintiffs' counsel sent an email stating that Plaintiffs could not understand the reason for the "delay" when the Plaintiffs' provided initial search terms "two weeks ago."  The email included Plaintiffs' counter-proposal for alternate searches to address the likelihood of false hits using the terms "care" and "hope."  Plaintiffs' counsel acknowledged that there would be a "back and forth that will inevitably be required to address these issues," and asked that the City provide an expected timeline of when the searches would be completed. **A true and correct copy of Plaintiffs counsel's December 7, 2020 email is attached to this declaration as Ex. 13.**

19.    On December 8, 2020, I responded to Plaintiffs' email.

a.    I reminded Plaintiffs' counsel about the City's process for searching emails: "As you know, we do not run searches but rather submit search requests to the appropriate IT departments, which must construct and run searches, and download documents, not only for this case but a multitude of other cases the City is involved in, CPRA requests, and a variety of other reasons.  The search process, which is detailed in the City's objections to the Plaintiffs' RFPs and in the City's letters of August 24, 2020 and September 25, 2020, is resource-intensive and time-consuming.  Furthermore, each time a request is submitted, it goes to the back of line.  Given that Plaintiffs have asked the City to run very broad searches, including two words that are extremely common in emails (e.g., 'I hope you are well'; 'Take care,'), involving over 40 custodians, we thought it would be more efficient to construct alternative search parameters to address obvious overbreadth issues so that IT could run the searches as part of one request."

b.    I stated that the City would put in a request to run the searches and custodians Plaintiffs proposed, substituting the alternate search terms for "care" and "hope" that Plaintiffs proposed the day before.

c.    I also stated that the City had hoped to continue negotiating custodians and search terms at the front end to minimize the risk of having to submit additional search

requests to ITA but given that Plaintiffs viewed our attempts at negotiating search terms up front as "further delay," the City would "do as Plaintiffs wish and request IT to run an initial search with no limitations, then meet-and-confer if needed, and then request additional searches if appropriate."

d. In response to the statement by Plaintiffs' counsel that the City had "delayed" running search terms Plaintiffs' sent "two weeks ago," I clarified the record: "On the subject of the alleged delay, your email does not accurately reflect the relevant timeline of the parties' search term negotiations. The City agreed to meet and confer about custodians and search terms on August 25, 2020. The City later reiterated that agreement in a letter dated September 25, 2020. Plaintiffs did not provide the custodians and search term proposal until November 24, 2020, which also happened to be two days before Thanksgiving. That Thursday and Friday were City holidays and many employees were out on other days that week, including myself. Upon returning the following week, we consulted with IT about the proposed searches. When we discovered that the searches IT runs are not case sensitive, we then developed alternative search parameters to address the CARE and HOPE issues, which we shared with Plaintiffs on Friday of that week."

e. I further stated that the parties would need to meet and confer about Plaintiffs' proposal that the emails of "all council staff" be searched: "A preliminary inquiry indicates that this would require searching emails for over 60 employees, not including former employees. As a compromise, we are working on identifying the employees in each Council District that were/are most likely to communicate about cleanups, 56.11, and related authorizations 2018 to the present. We will propose a subset of custodians from those Council Districts once we have completed our inquiry. In the meantime, if you are aware of the names of specific employees in the Council Districts you believe would have relevant information, please let us know."

**A true and correct copy of my December 8, 2020 email is attached to this declaration as Ex. 14.**

DECLARATION OF A. PATRICIA URSEA

20.     The next day, on December 9, 2020, Plaintiffs' counsel sent a letter contending that Plaintiffs "ha[d] not heard back from the City on the majority of issues outstanding from our November 14, 2020 call or the many other issue outstanding regarding the City's production of documents…"  The letter also stated that "[]the City's offer to meet and confer after December 18 if Plaintiffs wish to request a subset of documents related to individual cleanups is also unreasonable" because they are relevant to "the existence of widespread and longstanding policies…impeachment and credibility purposes, and to establish the dates and times of other incidents in which our clients' property was taken."  Plaintiffs stated that unless the documents are produced by December 11, 2020, Plaintiffs would file a motion to compel.  The letter served as "advanced notice as a professional courtesy, so you can plan accordingly."

**A true and correct copy of  Plaintiffs counsel's December 9, 2020 letter is attached to this declaration as Ex. 15.**

21.     On December 10, 2020, I responded to Plaintiffs' letter.  Again, I clarified the record:

a.   The City had responded to many of Plaintiffs' issues in emails of November 19 and December 1, 4, 7 and 8.

b.   The City had not "refused" to produce anything or to engage in any further meet and confer efforts.

c.   I also observed that notwithstanding the City's attempts at compromise, "it is clear that nothing the City does in discovery satisfies Plaintiffs."  I then listed the compromises the City had made and Plaintiffs' responses to each as unsatisfactory.

d.   I also reiterated that "we are not withholding and do not intend to withhold org charts or any other non-privileged documents responsive to Plaintiffs' requests that we have collected."

**A true and correct copy of my December 10, 2020 email is attached to this declaration as Ex. 16.**

22.     As promised, the next day, on December 11, 2020, I further responded to Plaintiffs' December 9th letter:

DECLARATION OF A. PATRICIA URSEA

a.   With respect to Plaintiff Haugabrook's claims, I reminded Plaintiffs that the City had produced area-wide cleanup reports for the South LA area "as a courtesy because Plaintiff Haugabrook was not able to identify the date and precise location of the alleged cleanup(s) that forms the basis of his claim, beyond the general location of South LA.  To date, Plaintiffs have not informed us whether any of the cleanups in that production form the basis of Mr. Haugabrook's claim.  We would be willing to reproduce specific cleanup documents from the South LA universe of documents if Mr. Haugabrook specifies the relevant cleanup(s), subject to the feasibility and burden analysis noted above.

b.   Regarding the email collection, I stated: "We understand that the requested LAPD emails will be uploaded to our e-discovery software this weekend and we intend to begin review of them next week.  Once we have a better understanding of the document numbers and hit rate, we will let you know to what extent we believe the universe of documents for review should be limited in an attempt to eliminate false hits. We have put in a request to IT for LASAN and UHRC documents but do not have an estimated time of completion yet.  Regarding CD staff members, we have made some progress but do not yet have a list of staff members that might be appropriate custodians. We are diligently working on this and will get back to you in the next week or so with an update."

**A true and correct copy of my December 11, 2020 email is attached to this declaration as Ex. 17.**

23.   I am informed that LAPD's ITA ran Plaintiffs' requested custodians and search terms in searches conducted between December 14 and 17, 2020. Below are the LAPD custodians and search terms that were used, all with the same date range 01/01/2018 - 12/02/20:

DECLARATION OF A. PATRICIA URSEA

| Custodian | Search Terms |
|---|---|
| Jerald Case<br>Werner Flores<br>Marya Mason<br>Adrian Maxwell | 56.11 |
| Frank Lopez (Francisco) | Lomita<br>McCoy<br>56.11 |
| Kevin Quyen Chung<br>Marc J. Mahlknecht<br>Kevin W. Cottle<br>Won Yong Kim | 56.11<br>notice<br>"immediate threat"<br>hazard<br>"the BIN"<br>"507 Towne"<br>Chrysalis<br>Storage |
| Dominic Choi<br>Donald Graham<br>Emada Tingirides | 56.11<br>"rapid response"<br>HOPE<br>CARE |

24.     On December 15, 2020, I instructed a staff member to manually download the 30 Government Claims that had been identified as responsive to Plaintiffs' request. Thus, even though the City had previously agreed only to produce a spreadsheet of electronically searchable information, the City took the extra step to manually download each of the claims identified, which the City produced to Plaintiffs on December 18, 2020.

25.     On December 16, 2021, the City produced 432 documents [CTY015455 - CTY019502], which including additional organizational charts, job descriptions, weekly reports listing the number of encampment and illegal dumping requests received, and training documents.

26.     On December 18, 2020, Plaintiffs' counsel responded to my December 11, 2020 email.   On the issue of Mr. Haugabrook's claims, Plaintiffs stated: "[W]e

disagree with your statement that we were unable to provide a location where the cleanups occurred.  We provided you that information in the Second Amended Complaint."  The email further stated:  "Also, this is the first time you have inquired whether any of the documents produced by the City relate to Mr. Haugabrook's claims. From our perspective, it is clear that the documents produced by the City do not form the basis for his claims, as they relate to cleanups that occurred nowhere near where Mr. Haugabrook alleges he was subjected to the City's unconstitutional practices." **A true and correct copy of Plaintiffs' December 18, 2020 email is attached to this declaration as Ex. 18.**

27.     On December 18, 2020, the City produced 237 documents [CTY019503 - CTY020305], which included AMS and WPIMS database electronically exportable information for 2018-2019 (inadvertently omitting 2019-2020, which the City produced on December 29, 2020); MyLA311 database electronically exportable information for 2018-2020; as well as additional organizational charts, government claims, tonnage reports requested by Plaintiffs, and weekly reports to the Mayor's Office that summarized data concerning, among other things, encampment and illegal dumping requests and cleanups.  **A true and correct copy of exemplar screenshots of the WPIMS database production is attached to this declaration as Ex. 19.**  (The database information for WPIMS, as well as AMS and MyLA311, was produced in Excel in native format that is not amenable to full conversion to pdf format.  The attached screenshots show a truncated view of the columns, however, the data that was produced in native format can be expanded, sorted, filtered, etc. as in any Excel file).

28.     At the close of business of December 18, 2020, Plaintiffs' Counsel sent an email notifying that certain 2020 database information was missing from the production and stating: "If we don't get clarification this evening, we'll presume the City is withholding the 2020 data based on its objections and seek court intervention for the rest of the data."  **A true and correct copy of Plaintiffs counsel's December 18, 2020 email is attached to this declaration as Ex. 20.**

29.     On Monday, December 21, 2020, I responded to Plaintiffs' email: "Thank you for bringing this to our attention.  Per our meet-and-confer agreements, without waiving our relevance and other objections, we did and do not intend to withhold the 2020 data.  It appears there was an internal miscommunication about the date range of these reports.  The 2020 reports are being pulled and we will produce them as soon as we get them, which we understand will be early next week." **A true and correct copy of my December 21, 2020 email is attached to this declaration as Ex. 21.**

30.     On December 23, 2020, the City produced additional LASAN PowerPoint presentations as well as Operations/Daily Assignment charts Plaintiffs requested [CTY020306 - CTY020329].

31.     On December 29, 2020, I emailed Plaintiffs' counsel an update on the City's productions.  On the issue of government claims, I summarized the search capabilities and limitations of the Government Claims database and the manner in which the search was conducted, including the search terms used.  I explained that the result of these searches was approximately 1200 hits.  I explained that "[t]he City produced all of the responsive claims that were located in the CityLaw database on 12/18/20" and referred Plaintiffs to the Load File and Bates range (Garcia 0006, and Bates Nos. CTY020224 - CTY020305).  **A true and correct copy of my December 29, 2020 email is attached to this declaration as Ex. 22.**

32.     I am informed and believe that the City's e-discovery vendor completed uploading the LAPD documents on January 6, 2021.  The custodians and search terms provided by Plaintiffs were used in collecting the documents.  This resulted in 70,623 documents after deduplication (approximately 32 GB of raw data).

33.     On February 16, 2021, the City produced 105 documents [CTY020332 - CTY020441] that included cleanup reports and supporting documentation identified for a cleanup that occurred at Harvard Blvd. and 5th Street.

34.     I am informed and believe that on February 17, 2021, ITA completed collection of the emails from non-LAPD custodians except for one, which was could

not be delivered in a useable format due to an unexpected technical issue.  I am
informed and believe that the collected data was approximately 250 GB and that this
exceeded the storage space the City had contracted for with its e-discovery vendor.
The custodians and search terms used for this dataset collection were those proposed
by Plaintiffs and reflected in the chart below:

| Custodian | Date Range | Department | Search |
|---|---|---|---|
| Howard Wong<br>Pawan Verma<br>Gonzalo Barraga<br>Jonelle Gardea | 01/01/18-<br>12/02/20 | Sanitation | 56.11<br>bulky<br>"rapid response"<br>"immediate threat"<br>hazard<br>"the BIN"<br>"507 Towne"<br>Chrysalis<br>Storage<br>HE/ID<br>"posting survey"<br>HOPE<br>CARE |
| Domingo Orosco<br>Gabriel Miranda<br>Jose Garcia | 01/01/18-<br>12/02/20 | Sanitation | 56.11<br>bulky<br>"rapid response"<br>"immediate threat"<br>hazard<br>"the BIN"<br>"507 Towne"<br>Chrysalis<br>Storage |

15

| | | | |
|---|---|---|---|
| | | | HOPE<br>CARE |
| Sarah Bell<br>Bladimir Campos<br>Diana Gonzalez<br>Shackelford, Renee (Cecelia) | 01/01/18-/12/02/20 | Sanitation;<br>Community<br>Services<br>Group | Lomita<br>McCoy<br>Aetna<br>Cedros<br>Bessemer<br>Ardmore<br>Kingsley<br>Hobart<br>Harvard<br>4th<br>5th<br>6th<br>7th<br>8th<br>Wilshire<br>Figueroa<br>52<br>Grand<br>Flower<br>110 |
| Steve Pedersen | 01/01/18-12/02/20 | Sanitation (ECI) | 56.11<br>"rapid response"<br>"the BIN"<br>"507 Towne"<br>Chrysalis<br>Storage |

DECLARATION OF A. PATRICIA URSEA

| | | | |
|---|---|---|---|
| | | | ("immediate threat" or hazard) /30 (cleanup or "clean up" or "service day" or sweep or sanitation or homeless or unhoused or encampment or process or processed or processing) "bulky item" /30 (cleanup or "clean up" or "service day" or sweep or sanitation or homeless or unhoused or encampment or process or processed or processing) HOPE CARE |
| Erick S. Estrada Daniel C. Truong Teodoro C. Salvacion Michael Hu Armando Cabrera Gilberto E. Campos Arek Arzoumanian Michael Tran Abraham Abrahamian Bernard J. Dancel | 01/01/18-12/02/20 | Sanitation (ECI) | 56.11 notice "immediate threat" hazard "the BIN" storage Chrysalis |

17

DECLARATION OF A. PATRICIA URSEA

| | | | |
|---|---|---|---|
| Philip A. Pedrosa<br>Jazmine N. Saucedo<br>Stephany J. Cruz<br>Jay J. Kim<br>Alyssa E. Mireles | | | |
| Brian Buchner<br>Jaime Keene | 01/01/18-12/02/20 | Unified Homelessness Response Center – Mayors Office | 56.11<br>"rapid response"<br>"comprehensive cleanup"<br>"trash bags"<br>"trash can*"<br>toilet<br>portapotty<br>porta-potty<br>"Pit Stop"<br>Mobile hygiene unit<br>MHU<br>"the BIN"<br>storage<br>Chrysalis<br>HOPE<br>CARE |
| Gita O'Neill | 01/01/18-12/02/20 | Los Angeles City Attorney's Office | 56.11 |

DECLARATION OF A. PATRICIA URSEA

35.     I was involved in some of the negotiations with the City's e-discovery vendor concerning the purchase of extra storage space.  I am informed and believe that the City entered into an agreement with the vendor that increased the storage space to make room for the 250 GB of data collected and that the agreement took effect on March 1, 2021.

36.     Between January 6, 2021 and March 2, 20201, the City reviewed document within the LAPD dataset of 70,623 documents.

37.     On March 2, 2021, I sent an email to Plaintiffs' counsel stating that the City's e-discovery vendor was working on the next production, which would largely comprise emails from the LAPD dataset and should be produced in the next day or two.  In addition:

a.   I notified Plaintiffs' counsel that the City was over halfway done with reviewing the LAPD documents and would be producing responsive documents over the next few weeks as quickly as possible.

b.  I also notified Plaintiffs that on February 18, 2021, the City's ITA department completed pulling documents from 29 custodians from (LASAN and UHRC) identified by Plaintiff and delivered them to the e-discovery vendor.  This collection totaled approximately 250GB of raw data, which significantly exceeded the storage limit in the City's contract with the vendor and required the City to purchase additional storage.  The additional storage space became available on March 1, 2021, and the vendor is in the process of ingesting the new data."

c.  I reminded Plaintiffs: "As memorialized in various emails, including on December 4th and 7th, the City agreed to the search the custodians and broad search terms provided by Plaintiff as an initial step and if the resulting universe of documents was unreasonably large, the parties would meet and confer about how to further limit it. That is undoubtedly the next step here.  While we won't have precise numbers until the data is ingested and deduplicated, if the LAPD dataset is any guide, this new dataset likely contains over half a million documents.  Once the documents are ingested and

DECLARATION OF A. PATRICIA URSEA

deduplicated, we will assess the data and meet-and-confer about ways to make the review manageable and proportional to the needs of the case."

**A true and correct copy of my March 2, 2021 email is attached to this declaration as Ex. 23.**

38.     Plaintiffs' counsel never responded to my March 2, 2021 email and the Parties have not met and conferred about the 250GB dataset.

39.     On March 5, 2021, the City produced 4,650 documents from the LAPD dataset [CTY020442 - CTY029531], which included emails about specific cleanup locations, 2020 UHRC Deployment Confirmation CARE and CARE+ sheets, Daily Activities and Information from UHRC dating back to 2018, metrics related to homelessness, and descriptions on trainings and policy group meetings.

40.     The City continued reviewing emails from the LAPD dataset of 70,623 from March 5, 2021 to the present.  As of the date of this declaration, approximately 16,000 documents in that dataset have not yet been reviewed.

41.     On March 18, 2021, Plaintiffs served their portion of the joint stipulation to compel production of documents that is the subject of the present motion.  To my knowledge, Plaintiffs did not notify the City that they intended to serve the joint stipulation nor the grounds upon which their motion to compel would be based.  To my knowledge, Plaintiffs did not notify the City before serving the joint stipulation as to any of the Plaintiff-specific or policy-related documents Plaintiffs allege to be "missing" from the City's production.

42.     On March 24, 2021, the City produced 19,068 documents from the LAPD dataset of 70,623 documents [CTY029532 - CTY092976].  This production included quarterly reports on homelessness, emails discussing training and policies/procedures related to encampment cleanups, complaints regarding homeless encampments and cleanups, and "Daily UHRC Activities and Information," which summarize daily activities related to posted clean-ups, illegal dumping, and HOPE Rapid Response locations.  These emails attach HE/ID Confirmation Sheet, which is one of the categories of documents Plaintiffs contend the City has "withheld."

43.     I am informed and believe that on or about March 30, 2021, the City's e-discovery vendor completed uploading the 250GB dataset.  After deduplication, the search resulted in approximately 475,000 documents.

44.     With respect to storage related documents, the City received notice on December 8, 2020, that Plaintiffs had served a document subpoena on Chrysalis on the same day.  **A true and correct copy of Plaintiffs subpoena to Chrysalis attached to this declaration as Ex. 24.**

45.     Because the subpoena covered similar topics as Plaintiffs' RFPs to the City, I discontinued my efforts to obtain storage-related documents from Chrysalis, which would only duplicate efforts.  I am informed and believe that Chrysalis responded to the subpoena and produced responsive documents on or about February 15, 2021.  **A true and correct copy of a document entitled "Garcia v. City of Los Angeles – Chrysalis Subpoena Response" is attached to this declaration as Ex. 25.**

46.     A true and correct copy of "**Executive Directive No. 16**," which Plaintiffs contend is a responsive policy document "missing" from the City's production is attached to this declaration as **Ex. 26.**

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing declaration is true and correct.

Executed on April 5, 2021 at Los Angeles, California.


By:   /s/ A. Patricia Ursea


A. PATRICIA URSEA

DECLARATION OF A. PATRICIA URSEA

EXHIBIT 1



Patricia Ursea <patricia.ursea@lacity.org>

---

# Re: Garcia v. City of Los Angeles, Rule 26 conference
1 message

---

**Patricia Ursea** <patricia.ursea@lacity.org>　　　　　Fri, Jul 17, 2020 at 10:12 AM
To: "Shayla R. Myers" <SMyers@lafla.org>, Scott Marcus <Scott.Marcus@lacity.org>, Jessica Mariani <jessica.mariani@lacity.org>
Cc: Gabriel Dermer <gabriel.dermer@lacity.org>, Felix Lebron <felix.lebron@lacity.org>, "Herbert, Benjamin Allen" <benjamin.herbert@kirkland.com>, "Onufer, Michael" <michael.onufer@kirkland.com>, Cathy Sweetser <catherine.sdshhh@gmail.com>

Counsel:

This email follows up on our Rule 26(f) call on Monday.  On the call, the City proposed trying the case in two phases in conjunction with a stipulation by the City regarding *Monell* liability:  Phase I would be a jury trial on the issues of liability and monetary damages and Phase II would be a court trial on equitable relief.  Per your request, attached is a written version of that proposal.  As we stated on the call, we believe this proposal has numerous benefits to both parties, including that it would streamline the issues and discovery and allow for an earlier trial date.   Please let us know your thoughts on the proposal.

On a related note, below are the City's suggested dates for the proposed Phase I trial:

**(a)  Phase I Trial Date –July 27, 2021– Jury Trial - 5 days**

**(b)  Final Pretrial Conference – June 28, 2020**

**(c)  PTCO – June 17, 2021** (11-days before pretrial conference L.R. 16-7.1)

**(d)  Witness List, Exhibit List, Memo of Law & Fact – June 15, 2021** (7 weeks before trial per Scheduling Order)

**(e)  Motion Cutoff – April 19, 2021** (12 weeks before trial per Scheduling Order)

**(f)  Rule 26(a)(3)(B) Pretrial Disclosures/Supplements– June 25, 2021** (proposed change to default date under Rule 26(a)(3)(B))

**(g)  Non-expert Discovery Cutoff – February 2, 2021** (Scheduling Order: 21+ weeks before trial)

**(h)  Expert Discovery Cutoff – March 2, 2021** (Scheduling Order: 21+ weeks before trial)

**(i)  Expert Disclosures – Jan. 15, 2021** (change to Rule 26(a)(2)(D)(i) default of 90 days before trial)

**(j)  Rebuttal disclosures – Feb. 15, 2021** (30 days after expert disclosures)

**(k)  ADR Completion Date – May 4, 2021** (12 weeks before trial per Scheduling Order; LR16-15 ADR Choice – Magistrate Judge Abrams)

**(l)  Last Day to join parties or amend pleadings – Nov. 2, 2020** (Scheduling Order: 32+ weeks before trial)

**(m) Rule 26(a) Initial Disclosures – July 27, 2020** (default 14 days after Rule 26(f) meet-and-confer)

We look forward to hearing your thoughts.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles

Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Fri, Jul 10, 2020 at 4:18 PM Patricia Ursea <patricia.ursea@lacity.org> wrote:

Thank you.  We are available for the Rule 26(f) meet-and-confer on Monday at 2:00 pm.

Have a good weekend.

Patricia


Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.


On Thu, Jul 9, 2020 at 8:17 AM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

We are available on Monday from 2-4.30 for the Rule 26 conference.  Unfortunately, we will not be able to conduct the requested Rule 7.3 meeting regarding Defendants' Motion for Judgement on the Pleadings at the same time, as the attorney who will be attending that is unavailable that day, and as you know, Monday is the last day in which to conduct the Rule 26 conference.  We will get back to you with proposed times for the requested Rule 7 conference.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Monday, July 6, 2020 12:46 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Gabriel Dermer <gabriel.dermer@lacity.org>; Felix Lebron <felix.lebron@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Onufer, Michael <michael.onufer@kirkland.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>
**Subject:** Re: Garcia v. City of Los Angeles, Rule 26 conference

Hi Shayla,

Thank you for reaching out on this.   The dates/times you proposed unfortunately do not work for us.  Would you be available for a conference on Friday afternoon or sometime Monday?  Please let us know.

Patricia


Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.


On Thu, Jul 2, 2020 at 4:06 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

The Court has calendared a scheduling conference, so we assume the City is now prepared to participate in a rule 26 conference.  We are currently available for the conference on Wednesday, July 8 from 2 to 4 or on Thursday, July 9 from 9-11 a.m. or at noon.  Please let us know when you are available to meet, and we will circulate a conference number.

In light of the Court's order that the parties begin discovery actively before the scheduling conference and to abide by the letter and spirit of Rule 26, we anticipate that we will have a productive discussion about how to proceed with discovery.

We look forward to speaking with you next week.

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

******************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
***********************************************************************

**Garcia - Defendant's Phasing Proposal (7-17-20).docx**
21K

EXHIBIT 2

***Garcia v. City of Los Angeles*** **- Defendant's Phasing Proposal (July 17, 2020)**

**Phase I – Jury Trial**

1. Did any City employee cause any Plaintiff to suffer a violation of constitutional rights as alleged in the Second Amended Complaint?
2. Does KFA have Article III standing?
3. Is the Bulky Item Provision facially unconstitutional?
4. Did any City employee violate the Bane Civil Rights Act as alleged by Ali El-Bey in the Second Amended Complaint?
5. Did any City employee violate a mandatory duty under California Civil Code Section 2080 et seq. as alleged in Second Amended Complaint?
6. What monetary damages are Plaintiffs entitled to?

**Phase II (if necessary) – Court Trial**

1. Are Plaintiffs are entitled to permanent injunctive relief?
2. If so, what is the appropriate nature and scope of the permanent injunctive relief?

**Proposed Stipulation**

1. To avoid costly and protracted discovery and litigation in this case over municipal liability under *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978), the City agrees to entry of judgment against the City—without Plaintiffs having to prove that the violation resulted from a City policy, custom, or practice as required by *Monell*—for compensatory damages and, to the extent allowed by the Court, reasonable attorney's fees pursuant to 42 U.S.C. §1988, if the finder of fact finds in Phase I of this action that an employee of the City violated a Constitutional right of any Plaintiff as alleged in the Second Amended Complaint.  The City will not be liable, however, for any award of punitive damages.

2. The terms of this Stipulation also apply if the Court determines in Phase I on a motion for summary judgment or other dispositive motion based on the merits of the case, that an employee of the City violated a constitutional right of any Plaintiff as alleged in the Second Amended Complaint.

3. Nothing in this stipulation is intended to preclude Plaintiffs (or the City) from seeking any discovery in Phase I or II that is relevant to the issues in the respective phases, pursuant and subject to the Federal Rules of Civil Procedure.  The City does not intend to waive any objections to any discovery in Phase I or II, including on the grounds of relevance, proportionality, undue burden and any other objections available under the Federal Rules of Civil Procedure.

4. In agreeing to the terms of this stipulation, the City does not intend to waive its right to challenge the Plaintiffs' entitlement to a permanent injunction or the nature or scope of any such permanent injunction, which would be litigated, if at all, in Phase II of this case.  With the exception of the terms stated in Paragraph 1 of this stipulation, the City does not intend to waive any other arguments or defenses in Phase I or Phase II of this case, including but not limited to arguments related to Plaintiffs' state law claims and/or challenges to the Court's jurisdiction.

EXHIBIT 3



7000 S. Broadway
Los Angeles, CA 90003
213-640-3950
213-640-3988 fax
www.lafla.org

Writer's Direct Line (213) 640-3983                                          Our File Number 19-1306127

<u>**VIA EMAIL ONLY**</u>

July 30, 2020

Patricia Ursea
Felix Labron
Gabriel Dermer
Office of the City Attorney
200 N. Main Street, 6th Floor
Los Angeles, California 90012

Counsel,

We have reviewed the City's proposed phasing of discovery and trial, and now Mr. Lebron's email stating his view that Ktown for All would be dismissed from this case if the City were to prevail on its motion regarding Ktown for All's claims under 42 U.S.C. Section 1983. The City's position with respect to both issues, as well as some of its positions regarding the scope of discovery appear to result from its misconception of Plaintiffs' claims and the relief they are seeking. Specifically, neither position takes into account all Plaintiffs' requests for declaratory judgment and injunctive relief under the Declaratory Judgment Act, 28 U.S.C.§§ 2201(a), 2202.

The Declaratory Judgment Act allows a party that has Article III standing to seek a declaratory judgment and injunctive relief related to the "actual controversy" that conferred Article III standing. 28 U.S.C § 2201(a). That is what Ktown for All seeks here. As you note in the status conference report, the Court correctly interpreted "KFA's claims in the SAC as seeking only to obtain a ruling that the policies and practices are unconstitutional and not that each past application of those practices to its members was unconstitutional." *See* Dkt. No. 65 at 7. Likewise, the other Plaintiffs also seek the same relief. This relief— a declaratory judgment and an injunction—is not based solely on the individual incidents enumerated in the Second Amended Complaint ("SAC")—in fact, the Court struck any possible claims by Ktown for All that related to individual incidents, *see* Dkt. No. 65 at 7 n. 4. Instead, the request relates to the City's policies and practices and its ongoing enforcement of LAMC 56.11. For that matter, to seek declaratory and injunctive relief, Plaintiffs are not required to show that they were subjected to unlawful enforcement, only that they are at risk of imminent harm. The same is true when an organization challenges the constitutionality of an ordinance on behalf of its members. *See United Food and Commercial Workers Intern. Union, AFL-CIO, CLC v. IBP, Inc.*, 857 F.2d 422, 427 (8th Cir. 1988).

As we understand the City's contemplated Motion for Judgement on the Pleadings, it relates to Ktown for All's claims under 42 U.S.C. Section 1983. If the City prevails on this motion, it will not

---

**Other Office Locations:**
**East Los Angeles Office**, 5228 Whittier Blvd., Los Angeles, CA 90022; 213-640-3883
**Long Beach Office**, 601 Pacific Ave., Long Beach, CA 90802; 562-435-3501
**Santa Monica Office**, 1640 5th St., Suite 124, Santa Monica, CA 90401; 310-899-6200
**Ron Olson Justice Center**, 1550 W 8th Street, Los Angeles, CA 90017; 323-801-7989



Page 2 of 3
Letter to City of Los Angeles
re: Scope of SAC and Proposal for Phased Trial

impact Ktown for All's claim for relief under 28 U.S.C. 2201.  This Court has thrice ruled that Ktown for All has properly pled standing to challenge the City's policies and practices related to the enforcement of LAMC 56.11.  This is all that is required under the Declaratory Judgments Act for Plaintiffs to seek a declaration and corresponding injunctive relief related to the "case or controversy" that gives Plaintiffs Article III standing.  *See Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc*., 655 F.2d 938, 942 (9th Cir. 1981*).*  While we understand the City continues to dispute the Court's rulings on Ktown for All's standing, as of now, this remains a viable basis for Ktown for All's continued litigation against the City.  *See County of Santa Clara v. Trump*, 267 F.Supp.3d 1201, 1215–16 (N.D.Cal., 2017)(as long as plaintiff satisfies the case or controversy requirement, it need not have "some other independent statutory right to bring a plausible claim for declaratory relief").

    We also believe that the City's proposed phasing is predicated on the same misconception of Plaintiffs' claims for relief.  Since Ktown for All and the individual Plaintiffs' request for a declaratory injunction and injunctive relief do not rest on the individual incidents specifically enumerated in the complaint, we do not see how the City's proposed phasing would preserve resources or eliminate the need for discovery.  Having a two-phased trial would be duplicative because evidence of the individual incidents that would be raised in the first phase would still be relevant in the second phase. And in order to adjudicate Plaintiffs' request for a declaratory judgment and injunctive relief, the second phase would be inevitable, regardless of the rulings on the individual causes of action.

    Phaasing discovery would be not only duplicative and inefficient for the same reason as a phased trial, but it would also be unworkable here, given the already extremely contentious nature of this case.  This is demonstrated most clearly by the parties' inability to agree even about the scope of past efforts to meet and confer.  Dividing up discovery into phases would inevitably lead to more disputes about the scope of phased discovery, in addition to the scope of discovery.  Rather than eliminating the need for court intervention, it would exacerbate it.

    Plaintiffs appreciate Ms. Ursea's attempt to consider ways to preserve resources, but this proposal would not do so.  We remain open to revisiting this question in the future, if it appears that bifurcating the individual damages claims would be helpful or if resolving any of the questions posed by Plaintiffs' declaratory relief action would eliminate the need for further litigation.  But at this point, we believe it is unnecessary and premature to decide any of these issues now.

    Finally, it appears that many of the disputes between the parties related to the scope of discovery stem from the City's limited view of this litigation and Plaintiffs' complaint.  While it is our view that the SAC speaks for itself and is more than sufficient to meet the notice pleading standard under Rule 8 of the Federal Rules of Civil Procedure, *see e.g., County of Santa Clara*, 267 F.Supp.3d at 1215, we are hopeful that at least some of the disagreements between the parties stem from the City's misconceptions about the scope of the case, which should be clarified by this letter.

    If the City disagrees with any of these points, please let us know so we can meet and confer about these disputes. We strongly contend that the SAC is sufficient, and nothing about this request should be construed as waiving any argument to that point.  But it is clear that the parties have considerable disputes about this case, and we are amenable to attempting to resolve some of those

Page 3 of 3
Letter to City of Los Angeles
re: Scope of SAC and Proposal for Phased Trial

disputes in order to preserve judicial resources by preventing unnecessary motion practice.  We request
the City do so prior to filing its motion for judgment on the pleadings.

Sincerely,

Shayla Myers
Legal Aid Foundation of Los Angeles

Benjamin  Herbert
Kirkland & Ellis LLP

Michael Onufer
Kirkland & Ellis LLP

Catherine Sweetser
Schonbrun Seplow Harris Hoffman and Zeldes LLP

EXHIBIT 4

Shayla Myers (SBN 264054)
Mallory Andrews (SBN 312209)
Alex E Flores (SBN 303552)
LEGAL AID FOUNDATION OF LOS ANGELES
7000 South Broadway
Los Angeles, CA  90003
Telephone:  (213) 640-3983
Email:  smyers@lafla.org
        mbandrews@lafla.org
        aeflores@lafla.org

*Attorneys for Gladys Zepeda, Miriam Zamora,
Ali El-Bey, James Haugabrook, Pete Diocson Jr.,
Marquis Ashley, and Ktown for All*

*Additional Attorneys on Next Page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET GARCIA, *et al.* | CASE NO. 2:19-cv-06182-DSF-PLA |
| Plaintiffs, | |
| v. | **PLAINTIFF ALI EL-BEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE)** |
| CITY OF LOS ANGELES, a municipal entity, | |
| Defendants. | |

**PROPOUNDING PARTY:**   Defendant City of Los Angeles

**RESPONDING PARTY:**   Plaintiff Ali El-Bey

**SET:**   One

Catherine Sweetser (SBN 271142)
Kristina Harootun (SBN 308718)
John Washington (SBN 315991)
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP
11543 West Olympic Blvd.
Los Angeles, CA 90064
Telephone:  (310) 396-0731
Email:  csweetser@sshhlaw.com
          kharootun@sshhlaw.com
          jwashington@sshhlaw.com

*Attorneys for Plaintiffs*

Benjamin Allan Herbert (SBN 277356)
William L. Smith (SBN 324235)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone:  (213) 680 8400
Email:  benjamin.herbert@kirkland.com
          william.smith@kirkland.com

Michael Onufer (SBN 300903)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone:  (310) 552-4200
Email:  michael.onufer@kirkland.com

*Attorneys for Plaintiffs Ktown for All, Janet Garcia,
Peter Diocson Jr., Marquis Ashley, Ali El-Bey*

**PLAINTIFF ALI EL-BEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES**

Ali El- Bey, through his undersigned counsel, hereby provides his objections to City of Los Angeles' ("City") First Set of Special Interrogatories to Plaintiff Ali El-Bey, served on August 14, 2020, as follows:

## **PRELIMINARY STATEMENT**

Despite having undertaken a diligent effort to respond to these discovery requests, Plaintiff Ali El-Bey reserves the right to amend or supplement these responses and objections herein if necessary, at a later date, and to use subsequently discovered facts and facts known but whose relevance, significance, or applicability has not yet been ascertained.

1. The objections below are based upon information known or believed to be true by Plaintiff at the time of responding.  Plaintiff and his attorneys have not completed their discovery, investigation, or preparation for trial, nor have they concluded their analysis of information gathered to date.  Future discovery and independent investigation may supply additional facts or information, add meaning to known facts, and may establish entirely new factual conclusions or contentions.  Thus, Plaintiff and his attorneys reserve the right to supplement and/or amend these responses and objections pursuant to the Federal Rules of Civil Procedure and applicable law.

2. Plaintiff's objections are made without in any way waiving or intending to waive, and instead Plaintiff preserves and intends to preserve the following:

a. The right to raise all questions of authenticity, relevancy, materiality, privilege or admissibility with respect to the information provided and the documents identified and/or produced in response to these Special Interrogatories, which may arise in any subsequent proceeding, including the trial of this or any other action;

b. The right to object to the use of the information and/or documents in any subsequent proceeding, including the trial of this or any other action;

3

c. The right to make subsequent responses if Plaintiff and/or his attorneys uncover additional information and/or documents called for by these Special Interrogatories, as Plaintiff's investigation of the facts and the evidence pertinent to this action is continuing.

3. Words and terms used in the below responses and/or objections shall be construed in accordance with their normal meanings and connotations, and shall in no way be interpreted as terms of art or statutorily defined terms, and Plaintiff specifically disavows any such meaning or connotation that might be accorded to such terms unless specifically stated otherwise.

4. Nothing in these responses and/or objections is an admission by Plaintiff of the existence, relevance, or admissibility of any information, for any purpose, or the truth or accuracy of any statement or characterization contained in the response.

## **GENERAL OBJECTIONS**

The following general objections are made to each and every request and are deemed to be incorporated into the specific objections and responses provided to each request:

1. Plaintiff bases these objections and responses on the assumption that Defendant, in propounding these interrogatories, did not intend to seek information protected against discovery by the attorney-client privilege, the work-product doctrine, or documents that contain or reflect the impressions, conclusion, opinion, legal research or theories of Plaintiff's attorneys or their agents.  To the extent that Defendant's interrogatories, or any part thereof, are intended to elicit such information, Plaintiff objects thereto and asserts the privileges provided in and by the foregoing doctrines to the fullest extent permitted by law. Nothing contained in these responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine. Plaintiff does not

4

intend to produce documents that would divulge any privileged information.  Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

2. Plaintiff objects to these interrogatories to the extent that they seek information protected from disclosure by the right to privacy, or any other applicable privilege.  To the extent that Defendant's interrogatories, or any part thereof, are intended to elicit such information, Plaintiff objects thereto and asserts the privileges provided in and by the foregoing doctrines to the fullest extent permitted by law.

3. Plaintiff objects to each interrogatory to the extent that it purports to impose discovery obligations exceeding those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California, orders entered in this case, or agreements among the parties.

4. Plaintiff objects to the "Definitions" and "Instructions and Applicable Rules" to the extent that they seek to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California, orders in this case, or agreements among the parties.  Plaintiff  further objects to the "Definitions" and "Instructions and Applicable Rules" to the extent they purport to alter the plain meaning and/or scope of any specific request, on the ground that such alteration renders the interrogatory vague, ambiguous, unduly broad, and/or uncertain, by failing to adequately define terms or by using terms the meaning of which are not readily available or decipherable.  Plaintiff will not undertake, assume, or comply with the "Definitions" and "Instructions and Applicable Rules" to the extent they exceed the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California.  Plaintiff's responses shall not be construed as an admission, agreement, or acquiescence in any Definition or Instruction.

PLAINTIFF ALI EL-BEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES

5. Plaintiff objects to each interrogatory to the extent that it is cumulative or duplicative.

6. Plaintiff is responding to each interrogatory as it interprets and understands each interrogatory with respect to the issues in this action.  If the City asserts a different interpretation of any interrogatory, Plaintiff reserves the right to supplement or amend its responses and/or objections.

7. Plaintiff objects to each request to the extent that it is overly broad, unduly burdensome, and/or calls for the production of documents or things that are neither relevant to any claim or defense in this action nor reasonably likely to lead to the discovery of admissible evidence.

8. Plaintiff objects to each request to the extent that it calls for information and/or production of documents and/or things that are not within Plaintiff's possession, custody, or control, or calls for Plaintiff to prepare documents and/or things that do not already exist.

9. Plaintiff objects to each interrogatory to the extent that it calls for responses that are publicly available or equally available to City, and therefore are of no greater burden for City to obtain than for Plaintiff to obtain.

10. Plaintiff objects to each request to the extent that it is vague, ambiguous, or confusing due to City's failure to define terms or failure to describe the information sought with reasonable particularity.

11. Plaintiff objects to any factual characterizations in City's interrogatories. By responding, Plaintiff does not accept or admit any of City's factual characterizations.

12. Plaintiff's discovery and investigation in connection with this case are ongoing.  As a result, Plaintiff's responses concern information obtained and reviewed to date, and the objections, limitations, and responses contained in these response are subject to and without waiver of any right of Plaintiff to: (a) object to

6

PLAINTIFF ALI EL-BEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES

other discovery requests directed to the subject matter of the requests and this response; (b) make additional or supplementary objections to the Requests; and (c) revise, correct, supplement, or clarify the contents of this Response, after considering information obtained or review through further discovery and investigation.

13. No objections, limitation, or response, or lack thereof, made herein shall be deemed an admission by Plaintiff as to the existence or non-existence of any information, and shall not be construed in any way as an admission that any definition provided by the City is either factually correct or legally binding upon Plaintiff, or as a waiver of any of Plaintiff's objections, including but not limited to objections regarding discoverability of other evidence.  Plaintiff's enumeration of specific objections in response to each request is not, and should not be construed to be, a waiver of any objection not so specified.

14. By identifying or producing any information, documents and/or things, or persons with knowledge, in response to any interrogatory, Plaintiff does not stipulate, and expressly reserves all objections, to the authenticity, relevance, materiality, and admissibility of any such information.

15. If Plaintiff provides information in response to any request, Plaintiff reserves the right to provide additional information that may come to his attention or become available in the future or to use such information in any hearing or proceeding in this litigation or any other action.

16. Any response by Plaintiff that he will produce documents, responses, and/or materials should not be construed to mean that responsive documents in fact exist; only that, if such relevant, non-privileged, non-objectionable documents exist, are in Plaintiff's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive documents are most likely to be located, they will be produced in a timely manner.

PLAINTIFF ALI EL-BEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES

These general objections are incorporated into each of the responses set forth below:

## RESPONSES TO INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY by type, amount, and category all damages YOU seek for the claims alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff specifically objects on the ground that the information sought is equally available and/or known to City through its own reports of items taken by the City, its witnesses, related agencies, and its agents, and through Plaintiff's filed government tort claims. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

**SPECIAL INTERROGATORY NO. 2:**

State with particularity the method by which YOU quantified or calculated the damages identified in response to Interrogatory No. 1.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff also objects to the extent this interrogatory is overly broad and unduly

1  burdensome given the amount of items taken and Plaintiff's unhoused status and thus

2  inability to keep and maintain contemporaneous records.

3        Plaintiff objects that discovery is still ongoing and reserves the right to

4  supplement this response should relevant information be discovered at a later

5  date. *See Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994)

6  (permitting delay in responses until designated discovery completed); *Lucero v.*

7  *Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

8

9  **SPECIAL INTERROGATORY NO. 3:**

10       IDENTIFY all facts supporting any damages that YOU contend YOU have

11  suffered as a result of the conduct alleged in YOUR COMPLAINT.

12  **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

13       Plaintiff incorporates his General Objections as though set forth fully herein.

14  Plaintiff specifically objects that "state all facts" interrogatories of this kind are

15  unduly burdensome, harassing, overly broad, and an improper use of the discovery

16  process.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan.

17  1998) (providing "every fact" could require "laborious, time consuming analysis,

18  search and description of incidental, secondary, and perhaps irrelevant and trivial

19  details.").  *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D.

20  Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same).

21  Plaintiff also objects that this interrogatory is vague, ambiguous, overly broad and

22  compound.  Plaintiff further objects on the ground that this interrogatory calls for a

23  legal conclusion and on the ground that the information requested is in the possession

24  of the Defendants.  Additionally, Plaintiff objects to the extent this interrogatory calls

25  for attorney work product and attorney client communications.

26       Plaintiff also objects that discovery is still ongoing and reserves the right to

27  supplement this response should relevant information be discovered at a later

28

**PLAINTIFF ALI EL-BEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES**

1    date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994)

2    (permitting delay in responses until designated discovery completed); *Lucero v.*

3    *Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

4

5    **SPECIAL INTERROGATORY NO. 4:**

6        Do YOU claim to have experienced emotional distress as a result of the CITY

7    allegedly taking and destroying YOUR property on January 10, 2019 and/or June 4,

8    2019 as alleged in YOUR COMPLAINT?

9    **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

10       Plaintiff incorporates his General Objections as though set forth fully herein.

11   Plaintiff objects that discovery is still ongoing and reserves the right to supplement

12   this response should relevant information be discovered at a later date. *See Braun*

13   *Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in

14   responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591,

15   594 (D. N.M. 2007).

16

17   **SPECIAL INTERROGATORY NO. 5:**

18       If your answer to Interrogatory No. 4 was yes, explain with specificity the

19   nature of the emotional distress.

20   **RESPONSE TO SPECIAL INTERROGATORY NO.5:**

21       Plaintiff incorporates his General Objections as though set forth fully herein.

22   Plaintiff specifically objects that "state all facts" interrogatories of this kind are

23   unduly burdensome, harassing, overly broad, and an improper use of the discovery

24   process.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan.

25   1998) (providing "every fact" could require "laborious, time consuming analysis,

26   search and description of incidental, secondary, and perhaps irrelevant and trivial

27   details.").  *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D.

28

10

**PLAINTIFF ALI EL-BEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES**

Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same).
Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and
compound.  Plaintiff further objects on the ground that this interrogatory calls for a
legal conclusion and on the ground that the information requested is in the possession
of the Defendants.  Plaintiff objects that discovery is still ongoing and reserves the
right to supplement this response should relevant information be discovered at a later
date. *See Braun Med., Inc. v. Abbott Labs*., 155 F.R.D. 525, 527 (E.D. Pa. 1994)
(permitting delay in responses until designated discovery completed); *Lucero v.
Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

**SPECIAL INTERROGATORY NO. 6:**

      If your answer to Interrogatory No. 4 was yes, IDENTIFY all PERSONS who
has knowledge of any fact pertaining to the emotional distress.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

      Plaintiff incorporates his General Objections as though set forth fully herein.
Plaintiff specifically objects to the extent the interrogatory seeks information covered
by attorney work-product or the attorney-client privilege.  Plaintiff also objects to the
extent this interrogatory is overly broad and unduly burdensome given the amount of
items taken and Plaintiff unhoused status and thus inability to keep and maintain
contemporaneous records. Plaintiff objects that this interrogatory is overbroad and
unduly burdensome and vague and ambiguous in asking for all persons with
knowledge of any fact.  Plaintiff further objects that this interrogatory asks for
information not proportional to the needs of the case. Plaintiff also objects based on
the right to privacy, including the privacy of third parties. Plaintiff objects that
discovery is still ongoing and reserves the right to supplement this response should
relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott
Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until

**PLAINTIFF ALI EL-BEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES'
SPECIAL INTERROGATORIES**

designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).  Additionally, Plaintiff objects to the extent that facts and City employees present at the scene are publicly available or more readily available to the City of Los Angeles.  Plaintiff continues to reserve the right to supplement these responses at a later date, as discovery is ongoing.

**SPECIAL INTERROGATORY NO. 7:**

If your answer to Interrogatory No. 4 was yes, IDENTIFY all PERSONS who can compare your emotional condition prior to and following the incidents of January 10, 2019 and/or June 4, 2019 as alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORYNO. 7:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff specifically objects to the extent this interrogatory seeks information covered by attorney-work product or the attorney-client privilege.  Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records.  Plaintiff objects that this interrogatory is overbroad and unduly burdensome and vague and ambiguous in asking for all persons with knowledge of any fact.  Plaintiff further objects that this interrogatory asks for information not proportional to the needs of this case.  Plaintiff objects based on the right to privacy, including the privacy of third parties.  Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007). Plaintiff continues to reserve the right to supplement these responses at a later date, as discovery is ongoing.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY each piece of property YOU claim the CITY destroyed for which YOU are seeking damages and the exact monetary value of each item.

**RESPONSE TO SPECIAL INTERROGATORYNO. 8:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff specifically objects on the ground that the information sought is equally available and/or known to City through its own reports of items taken by the City, its witnesses, and its agents, and through Plaintiff's filed government tort claims. Plaintiff further specifically objects that the interrogatory is ambiguous as to the term "damages" and whether the term refers solely to monetary relief.  Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY all facts REFERRING OR RELATING TO YOUR allegation in paragraph 173 of YOUR COMPLAINT that '[you] experience frequent harassment from… law enforcement officers".

**RESPONSE TO SPECIAL INTERROGATORYNO. 9:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff also objects on the ground that the information sought is equally available

PLAINTIFF ALI EL-BEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES

and/or known to City through its own reports of items taken by the City, its witnesses, and its agents, and through Plaintiff's filed government tort claims. Plaintiff specifically objects to the extent this interrogatory calls for "all facts" about Plaintiff's damages and on the grounds that "state all facts" interrogatories of this kind are unduly burdensome, harassing, overly broad, and an improper use of the discovery process.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details.").  *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same). Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and compound.  Plaintiff further objects to the extent that this interrogatory calls for attorney work product and attorney client communications.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY all PERSONS with knowledge of the facts stated in YOUR response to Interrogatory No. 9.

**RESPONSE TO SPECIAL INTERROGATORYNO. 10:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff specifically objects to the extent the interrogatory seeks information covered by attorney work-product or the attorney-client privilege.  Plaintiff objects that this interrogatory is overly overbroad and unduly burdensome and vague and ambiguous

1  because it seeks information not proportional to the needs of the case and given the

2  amount of items taken and Plaintiff's unhoused status and thus inability to keep and

3  maintain contemporaneous records. Plaintiff also objects based on the right to

4  privacy, including the privacy of third parties.  Plaintiff further objects that discovery

5  is still ongoing and reserves the right to supplement this response should relevant

6  information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155

7  F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated

8  discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

9

10

11  **SPECIAL INTERROGATORY NO. 11:**

12       IDENTIFY all facts supporting YOUR allegation in paragraph 180 of YOUR

13  COMPLAINT that "when [you] requested additional time to remove [your] ID,

14  medication, and [your] tent, one of the LAPD officers threatened [you] with arrest."

15  **RESPONSE TO SPECIAL INTERROGATORYNO. 11:**

16       Plaintiff incorporates his General Objections as though set forth fully herein.

17  Plaintiff also objects on the ground that the information sought is equally available

18  and/or known to City through its own reports of items taken by the City, its

19  witnesses, and its agents, and through Plaintiff's filed government tort claims.

20  Plaintiff specifically objects to the extent this interrogatory calls for "all facts" about

21  Plaintiff's damages. "State all facts" interrogatories of this kind are unduly

22  burdensome, harassing, overly broad, and an improper use of the discovery

23  process.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan.

24  1998) (providing "every fact" could require "laborious, time consuming analysis,

25  search and description of incidental, secondary, and perhaps irrelevant and trivial

26  details.").  *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D.

27  Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same).

28

**PLAINTIFF ALI EL-BEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES'
SPECIAL INTERROGATORIES**

Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and compound.  Plaintiff further objects on the ground that this interrogatory calls for a legal conclusion and on the ground that the information requested is in the possession of the Defendants.  Plaintiff also objects to the extent that this interrogatory calls for attorney work product and attorney client communications.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).


Dated:  September 14, 2020          Respectfully submitted,

LEGAL AID FOUNDATION OF LOS ANGELES


/s/ *Alex E Flores*

Alex E Flores

*Attorneys for Plaintiffs Gladys Zepeda, Miriam Zamora, Ali El-Bey, Pete Diocson Jr., Marquis Ashley, James Haugabrook, and Ktown for All*

**PLAINTIFF ALI EL-BEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES**

## **PROOF OF SERVICE**

I, La Tonya Fountain, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is KIRKLAND & ELLIS LLP, 555 South Flower Street, Los Angeles, CA 90071.

On September 14, 2020, I served the following document(s) described as:

**PLAINTIFF ALI EL-BEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES**

on the interested parties in this action as follows:

☒   **E-MAIL**
By transmitting via electronic mail to the e-mail address(es) set forth below on this date. I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

> GABRIEL DERMER,
> gabriel.dermer@lacity.org
> FELIX LEBRON,
> felix.lebron@lacity.org,
> A. PATRICIA URSEA,
> patricia.ursea@lacity.org,
> 200 N. Main Street, City Hall East, Room 675
> Los Angeles, CA 90012
> Telephone: (213) 978-7559
> Facsimile:   (213) 978-7011
>
> *Attorneys for Defendant,  CITY OF LOS ANGELES*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 14, 2020, at Los Angeles, California.

_____
La Tonya D. Fountain

Shayla Myers (SBN 264054)
Mallory Andrews (SBN 312209)
Alex Flores (SBN 303552)
LEGAL AID FOUNDATION OF LOS ANGELES
7000 South Broadway
Los Angeles, CA 90003
Telephone: (213) 640-3983
Email: smyers@lafla.org
        mbandrews@lafla.org
        aeflores@lafla.org

*Attorneys for Gladys Zepeda, Miriam Zamora,
Ali El-Bey, James Haugabrook, Pete Diocson Jr.,
Marquis Ashley, and Ktown for All*

*Additional Attorneys on Next Page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET GARCIA, *et al.* | CASE NO. 2:19-cv-06182-DSF-PLA |
| Plaintiffs, | |
| v. | **PLAINTIFF JANET GARCIA'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE)** |
| CITY OF LOS ANGELES, a municipal entity, | |
| Defendants. | |

**PROPOUNDING PARTY:**   Defendant City of Los Angeles

**RESPONDING PARTY:**   Plaintiff Janet Garcia

**SET:**   One

Catherine Sweetser (SBN 271142)
Kristina Harootun (SBN 308718)
John Washington (SBN 315991)
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP
11543 West Olympic Blvd.
Los Angeles, CA 90064
Telephone:  (310) 396-0731
Email:  csweetser@sshhlaw.com
        kharootun@sshhlaw.com
        jwashington@sshhlaw.com

*Attorneys for Plaintiffs*

Benjamin Allan Herbert (SBN 277356)
William L. Smith (SBN 324235)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone:  (213) 680 8400
Email:  benjamin.herbert@kirkland.com
        william.smith@kirkland.com

Michael Onufer (SBN 300903)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone:  (310) 552-4200
Email:  michael.onufer@kirkland.com

*Attorneys for Plaintiffs Ktown for All, Janet Garcia,
Peter Diocson Jr., Marquis Ashley, Ali El-Bey, and
Association for Responsible and Equitable Public
Spending*

PLAINTIFF JANET GARCIA'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES

Janet Garcia, through her undersigned counsel, hereby provides her objections and responses to City of Los Angeles' (the "City") First Set of Special Interrogatories to Plaintiff Janet Garcia, served on August 14, 2020, as follows:

## PRELIMINARY STATEMENT

Despite having undertaken a diligent effort to respond to these discovery requests, Plaintiff Janet Garcia reserves the right to amend or supplement these responses and objections herein if necessary at a later date, and to use subsequently discovered facts and facts known but whose relevance, significance, or applicability has not yet been ascertained.

1. The responses and objections below are based upon information known or believed to be true by Plaintiff at the time of responding.  Plaintiff and her attorneys have not completed their discovery, investigation, or preparation for trial, nor have they concluded their analysis of information gathered to date.  Future discovery and independent investigation may supply additional facts or information, add meaning to known facts, and may establish entirely new factual conclusions or contentions.  Thus, Plaintiff and her attorneys reserve the right to supplement and/or amend these responses pursuant to the Federal Rules of Civil Procedure and applicable law.

2. Plaintiff's responses are made without in any way waiving or intending to waive, and instead Plaintiff preserves and intends to preserve the following:

a. The right to raise all questions of authenticity, relevancy, materiality, privilege or admissibility with respect to the information provided and the documents identified and/or produced in response to these Special Interrogatories, which may arise in any subsequent proceeding, including the trial of this or any other action;

b. The right to object to the use of the information and/or documents in any subsequent proceeding, including the trial of this or any other action;

c. The right to make subsequent responses if Plaintiff and/or her attorneys uncover additional information and/or documents called for by these Special

3

Interrogatories, as Plaintiff's investigation of the facts and the evidence pertinent to this action is continuing.

3. Words and terms used in the below responses shall be construed in accordance with their normal meanings and connotations, and shall in no way be interpreted as terms of art or statutorily defined terms, and Plaintiff specifically disavows any such meaning or connotation that might be accorded to such terms unless specifically stated otherwise.

4. Nothing in these responses is an admission by Plaintiff of the existence, relevance, or admissibility of any information, for any purpose, or the truth or accuracy of any statement or characterization contained in the response.

## GENERAL OBJECTIONS

The following general objections are made to each and every request and are deemed to be incorporated into the specific objections and responses provided to each request:

1. Plaintiff bases these objections and responses on the assumption that Defendant, in propounding these interrogatories, did not intend to seek information protected against discovery by the attorney-client privilege, the work-product doctrine, or documents that contain or reflect the impressions, conclusion, opinion, legal research or theories of Plaintiff's attorneys or their agents.  To the extent that Defendant's interrogatories, or any part thereof, are intended to elicit such information, Plaintiff objects thereto and asserts the privileges provided in and by the foregoing doctrines to the fullest extent permitted by law. Nothing contained in these responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine. Plaintiff does not intend to produce documents that would divulge any privileged information.  Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

4

2. Plaintiff objects to these interrogatories to the extent that they seek information protected from disclosure by the right to privacy, or any other applicable privilege. To the extent that Defendant's interrogatories, or any part thereof, are intended to elicit such information, Plaintiff objects thereto and asserts the privileges provided in and by the foregoing doctrines to the fullest extent permitted by law.

3. Plaintiff objects to each interrogatory to the extent that it purports to impose discovery obligations exceeding those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California, orders entered in this case, or agreements among the parties.

4. Plaintiff objects to the "Definitions" and "Instructions and Applicable Rules" to the extent that they seek to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California, orders in this case, or agreements among the parties. Plaintiff further objects to the "Definitions" and "Instructions and Applicable Rules" to the extent they purport to alter the plain meaning and/or scope of any specific request, on the ground that such alteration renders the interrogatory vague, ambiguous, unduly broad, and/or uncertain, by failing to adequately define terms or by using terms the meaning of which are not readily available or decipherable. Plaintiff will not undertake, assume, or comply with the "Definitions" and "Instructions and Applicable Rules" to the extent they exceed the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California. Plaintiff's responses shall not be construed as an admission, agreement, or acquiescence in any Definition or Instruction.

5. Plaintiff objects to each interrogatory to the extent that it is cumulative or duplicative.

6. Plaintiff is responding to each interrogatory as it interprets and understands each interrogatory with respect to the issues in this action. If the City asserts a

5

different interpretation of any interrogatory, Plaintiff reserves the right to supplement or amend its responses and/or objections.

7. Plaintiff objects to each request to the extent that it is overly broad, unduly burdensome, and/or calls for the production of documents or things that are neither relevant to any claim or defense in this action nor reasonably likely to lead to the discovery of admissible evidence.

8. Plaintiff objects to each request to the extent that it calls for information and/or production of documents and/or things that are not within Plaintiff's possession, custody, or control, or calls for Plaintiff to prepare documents and/or things that do not already exist.

9. Plaintiff objects to each interrogatory to the extent that it calls for responses that are publicly available or equally available to City, and therefore are of no greater burden for City to obtain than for Plaintiff to obtain.

10. Plaintiff objects to each request to the extent that it is vague, ambiguous, or confusing due to City's failure to define terms or failure to describe the information sought with reasonable particularity.

11. Plaintiff objects to any factual characterizations in City's interrogatories. By responding, Plaintiff does not accept or admit any of City's factual characterizations.

12. Plaintiff's discovery and investigation in connection with this case are ongoing.  As a result, Plaintiff's responses concern information obtained and reviewed to date, and the objections, limitations, and responses contained in these response are subject to and without waiver of any right of Plaintiff to: (a) object to other discovery requests directed to the subject matter of the requests and this response; (b) make additional or supplementary objections to the Requests; and (c) revise, correct, supplement, or clarify the contents of this Response, after considering information obtained or review through further discovery and investigation.

13. No objections, limitation, or response, or lack thereof, made herein shall be deemed an admission by Plaintiff as to the existence or non-existence of any information, and shall not be construed in any way as an admission that any definition provided by the City is either factually correct or legally binding upon Plaintiff, or as a waiver of any of Plaintiff's objections, including but not limited to objections regarding discoverability of other evidence.  Plaintiff's enumeration of specific objections in response to each request is not, and should not be construed to be, a waiver of any objection not so specified.

14. By identifying or producing any information, documents and/or things, or persons with knowledge, in response to any interrogatory, Plaintiff does not stipulate, and expressly reserves all objections, to the authenticity, relevance, materiality, and admissibility of any such information.

15. If Plaintiff provides information in response to any request, Plaintiff reserves the right to provide additional information that may come to his attention or become available in the future or to use such information in any hearing or proceeding in this litigation or any other action.

16. Any response by Plaintiff that he will produce documents, responses, and/or materials should not be construed to mean that responsive documents in fact exist; only that, if such relevant, non-privileged, non-objectionable documents exist, are in Plaintiff's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive documents are most likely to be located, they will be produced in a timely manner.

These general objections are incorporated into each of the responses set forth below:

## RESPONSES TO INTERROGATORIES
**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY by type, amount, and category all damages YOU seek for the claims alleged in YOUR COMPLAINT.

7

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff also objects on the ground that the information sought is equally available and/or known to City through its own reports of items taken by the City, its witnesses, and its agents, and through Plaintiff's filed government tort claims. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiver of any of the foregoing objections, Plaintiff responds as follows: On January 29, 2019, the City of Los Angeles took and destroyed new cleaning supplies, a small portable "Shark" vacuum, electronics, a basket, clothes, shoes, blankets, bike repair tools, her ID card, her rice and canned food, pots and pans and cooking stove, and her tent.  On April 29, 2019, City employees again took most of her belongings. On August 14, 2019, City employees threw out her tent, along with her clothing, canned food, hygiene products, bike repair tools, cleaning and cooking supplies, and court documents while she was away at work.  Plaintiff estimates her property damages at over $5,000.  She is also seeking emotional distress damages and damages for the violation of her constitutional rights in the amount of $5,000.  She is also seeking prospective and injunctive relief.

**SPECIAL INTERROGATORY NO. 2:**

State with particularity the method by which YOU quantified or calculated the damages identified in response to Interrogatory No. 1.

8

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Plaintiff incorporates her General Objections as though set forth fully herein.   Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs*., 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Plaintiff has not completed quantifying or calculating all money damages associated with her case.  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  She does not now recall the precise value of each item, but she recalls that the Shark vacuum was worth roughly $100 and she spent between $50 and $80 on a good set of bike repair tools.  She also remembers her set of pots and pans was around $30. She estimates the total value of belongings taken at around $5000.  She is also seeking damages for the violation of her constitutional rights and emotional distress.


**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY all facts supporting any damages that YOU contend YOU have suffered as a result of the conduct alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff specifically objects that "state all facts" interrogatories of this kind are unduly burdensome, harassing, overly broad, and an improper use of the discovery process.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (providing "every fact" could require "laborious, time consuming analysis,

9

search and description of incidental, secondary, and perhaps irrelevant and trivial details.").  *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same). Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and compound.  Plaintiff further objects on the ground that this interrogatory calls for a legal conclusion and on the ground that the information requested is in the possession of the Defendants.  Additionally, Plaintiff objects that this interrogatory calls for attorney work product and attorney client communications.

Plaintiff also objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

**SPECIAL INTERROGATORY NO. 4:**

Do YOU claim to have experienced emotional distress as a result of the CITY allegedly taking and destroying YOUR property on January 29, 2019 and/or April 29, 2019 and/or August 14, 2019 as alleged in YOUR COMPLAINT?

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Yes.

**SPECIAL INTERROGATORY NO. 5:**

If your answer to Interrogatory No. 4 was yes, explain with specificity the nature of the emotional distress.

**RESPONSE TO SPECIAL INTERROGATORYNO. 5:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff specifically objects that "state all facts" interrogatories of this kind are unduly burdensome, harassing, overly broad, and an improper use of the discovery

10

process.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details.").  *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same). Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and compound.  Plaintiff further objects on the ground that this interrogatory calls for a legal conclusion and on the ground that the information requested is in the possession of the Defendants.  Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs*., 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiving any of the foregoing objections, Plaintiff responds as follows:  She found the taking of her property overwhelming and emotionally devastating.  When she arrived back at her tent one of the times that her property was taken, she began to hyperventilate from distress. It affected her self-esteem negatively and caused her emotional stress as a person trying to work her way out of homelessness.  The emotional toll she experienced felt worse than physical pain.

**SPECIAL INTERROGATORY NO. 6:**

If your answer to Interrogatory No. 4 was yes, IDENTIFY all PERSONS who has knowledge of any fact pertaining to the emotional distress.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff specifically objects to the extent the interrogatory seeks information covered by attorney work-product or the attorney-client privilege.  Plaintiff also objects to the

11

extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and consistent seizure of and destruction of her belongings by the Defendant, which limits her ability to keep and maintain contemporaneous records. Plaintiff objects that this interrogatory is overbroad and unduly burdensome and vague and ambiguous in asking for all persons with knowledge of any fact.  Plaintiff further objects that this interrogatory asks for information not proportional to the needs of the case. Plaintiff objects based on the right to privacy, including the privacy of third parties. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed);*Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007). Plaintiff further objects to the extent that facts and City employees present at the scene are publicly available or more readily available to the City of Los Angeles.

Plaintiff will provide information about persons with substantial knowledge of her emotional state at the time, as follows:

Plaintiff is aware of Estuardo Flores (unhoused) and Marco Iniquez Nungaray (unhoused)who lived near her at the time of the sweeps and have knowledge of her emotional distress.  Both were listed in the initial disclosures.

Plaintiff's daughter Maria Garcia and niece Angie Martinez also have knowledge of her emotional distress.  Her family members may be contacted through her counsel.

## SPECIAL INTERROGATORY NO. 7:

If your answer to Interrogatory No. 4 was yes, IDENTIFY all PERSONS who can compare your emotional condition prior to and following the incidents of January 29, 2019 and/or April 29,2019 and/or August 14, 2019 as alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff specifically objects to the extent the interrogatory seeks information covered by attorney work-product or the attorney-client privilege.  Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records. Plaintiff objects that this interrogatory is overbroad and unduly burdensome and vague and ambiguous in asking for all persons with knowledge of any fact.  Plaintiff further objects that this interrogatory asks for information not proportional to the needs of the case. Plaintiff objects based on the right to privacy, including the privacy of third parties. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed);*Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007). Plaintiff further objects to the extent that facts and City employees present at the scene are publicly available or more readily available to the City of Los Angeles.

 Plaintiff reserves the right to supplement these responses at a later date, as discovery is ongoing. Plaintiff will provide information about persons with substantial knowledge of her emotional state at the time, as follows:

Plaintiff is aware of Estuardo Flores (unhoused) and Marco Iniquez Nungaray (unhoused) who lived near her at the time of the sweeps and have knowledge of her emotional distress. Both were listed in the initial disclosures.

Plaintiff's daughter Maria Garcia and niece Angie Martinez also have knowledge of her emotional distress.  Her family members may be contacted through her counsel.

**SPECIAL INTERROGATORY NO. 8:**

1    IDENTIFY each piece of property YOU claim the CITY destroyed for which

2    YOU are seeking damages and the exact monetary value of each item.

3    **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

4    Plaintiff incorporates her General Objections as though set forth fully herein.

5    Plaintiff also objects on the ground that the information sought is equally available

6    and/or known to City through its own reports of items taken by the City, its witnesses,

7    and its agents, and through Plaintiff's filed government tort claims. Plaintiff further

8    specifically objects that the interrogatory is ambiguous as to the term "damages" and

9    whether the term refers solely to monetary relief.  Plaintiff also objects to the extent

10   this interrogatory is overly broad and unduly burdensome given the amount of items

11   taken and Plaintiff's unhoused state and her inability to keep and maintain

12   contemporaneous records while having her belongings repeatedly taken.

13   Plaintiff objects that discovery is still ongoing and reserves the right to

14   supplement this response should relevant information be discovered at a later date. See

15   *Braun Med., Inc. v. Abbott Labs*., 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting

16   delay in responses until designated discovery completed); *Lucero v. Valdez*, 240

17   F.R.D. 591, 594 (D. N.M. 2007).

18   Subject to and without waiver of any of the foregoing objections, Plaintiff

19   responds as follows: The City failed to provide Ms. Garcia with an inventory of the

20   items destroyed, but as far as Plaintiff recalls, they were as follows:  On January 29,

21   2019, the City of Los Angeles took and destroyed new cleaning supplies, a small

22   portable "Shark" vacuum, electronics, a basket, clothes, shoes, blankets, bike repair

23   tools, her ID card, her rice and canned food, pots and pans and cooking stove, and her

24   tent.  On April 29, 2019, City employees again took most of herbelongings. On

25   August 14, 2019, City employees threw out her tent, along with her clothing, canned

26   food, hygiene products,, bike repair tools, cleaning and cooking supplies, and court

27   documents while she was away at work.

28

14

1    She does not now recall the precise value of each item, but she recalls that the

2    Shark vacuum was worth roughly $100 and she spent between $50 and $80 on a good

3    set of bike repair tools.  She also remembers her set of pots and pans was around $30

4    and that she had a speaker and other electronics taken.  She estimates the total value of

5    belongings taken at around $5000.

6

7    **SPECIAL INTERROGATORY NO. 9:**

8    IDENTIFY all PERSONS who have provided YOU with payment or other

9    consideration in exchange for cleaning work or any other work duties YOU have

10   performed from January 2019 through the present.

11   **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

12   Plaintiff incorporates her general objections. Plaintiff objects that this

13   interrogatory is overbroad and unduly burdensome and vague and ambiguous.

14   Plaintiff further objects that this interrogatory asks for information not proportional to

15   the needs of the case. Plaintiff objects based on the right to privacy, including the

16   privacy of third parties.  Plaintiff further objects that she is not bringing a claim for

17   lost earnings and thus this request is not proportional to the needs of this case.

18   Plaintiff objects to providing the names of every person who has hired her as a

19   freelance cleaner from January 2019 until now.

20   Plaintiff objects that discovery is still ongoing and reserves the right to

21   supplement this response should relevant information be discovered at a later date. *See*

22   *Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting

23   delay in responses until designated discovery completed); *Lucero v. Valdez*, 240

24   F.R.D. 591, 594 (D. N.M. 2007). Plaintiff will provide information about those

25   persons who she has had regular interactions with as follows:

26   Moziko Wind, listed on the initial disclosures.

27

28

15

**PLAINTIFF JANET GARCIA'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES**

1   Plaintiff often cleaned at a tile store located on Sherman Way in 2019. She

2   cannot recall the name of the store at this time but will supplement these disclosures if

3   she recalls it.

4

5   **SPECIAL INTERROGATORY NO. 10:**

6   IDENTIFY all facts supporting YOUR contention that YOU made attempts to

7   recover YOUR belongings, as alleged in Paragraph 145 of YOUR COMPLAINT.

8   **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

9   Plaintiff objects to this interrogatory to the extent that it calls for all facts about

10   Plaintiffs' claims.  "State all facts" interrogatories of this kind are unduly burdensome,

11   harassing, overly broad, and an improper use of the discovery process.  *See IBP, Inc.*

12   *v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (providing "every

13   fact" could require "laborious, time consuming analysis, search and description of

14   incidental, secondary, and perhaps irrelevant and trivial details.").  *See also Safeco of*

15   *America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D. Cal. 1998); *Roberts v. Heim*, 130

16   F.R.D. 424, 427–28 (N.D. Cal. 1989) (same). Plaintiff further objects that this

17   interrogatory is vague, ambiguous, overly broad and compound.  Plaintiff further

18   objects on the ground that this interrogatory calls for a legal conclusion and on the

19   ground that the information requested is in the possession of the Defendants.  Plaintiff

20   further objects that this interrogatory calls for attorney work product and attorney

21   client communications, and objects that the City is better positioned to know which

22   employee interacted with Plaintiff.

23   Subject to and without waiving the foregoing objections, Plaintiff responds as

24   follows: In the first and second sweeps, Plaintiff did not see any post-deprivation

25   notice or case number.  Plaintiff attempted to recover her belongings with the City

26   three to four days after the first sweep, when another unhoused person told her she

27   might be able to call about her belongings.  Plaintiff searched on the internet for the

28   number for the storage facility and called the number she found.  The person at the

16

facility asked for Plaintiff's case number; however, the City did not leave Plaintiff a case number during the sweep.  As a result, the storage facility worker said they could not track down any belongings that may have been stored by the City. The second time, Plaintiff again did not have a case number for her belongings.  She called that same number but they could not locate anything for her.

On August 14, 2019, City employees again took and destroyed Plaintiff's belongings in a sweep.  In this sweep, there was a number to call left on a notice attached to a tree.  Plaintiff promptly attempted to contact the City to find if her items had been stored instead of destroyed.  The City worker Plaintiff spoke to informed her the belongings seized would not be logged for another three to four days.  The City worker took down Plaintiff's name and number, and told her he would call her back when the belongings were logged.  He never called Plaintiff back.  Plaintiff called again in early November 2019 but the City still had not located her belongings.  On that day she wanted to go downtown to ask about her belongings in person, but was unable to figure out the necessary transportation to do so before the facility closed. Plaintiff was never able to retrieve her belongings.


Dated:  September 14, 2020          Respectfully submitted,

SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP


/s/ *Catherine Sweetser* _____
Catherine Sweetser
*Attorneys for All Plaintiffs*

PLAINTIFF JANET GARCIA'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS
ANGELES' SPECIAL INTERROGATORIES

## PROOF OF SERVICE

I, La Tonya Fountain, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is KIRKLAND & ELLIS LLP, 555 South Flower Street, Los Angeles, CA 90071.

On September 14, 2020, I served the following document(s) described as:

**PLAINTIFF JANET GARCIA'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES**

on the interested parties in this action as follows:

☒ **E-MAIL**
By transmitting via electronic mail to the e-mail address(es) set forth below on this date. I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

> GABRIEL DERMER,
> gabriel.dermer@lacity.org
> FELIX LEBRON,
> felix.lebron@lacity.org,
> A. PATRICIA URSEA,
> patricia.ursea@lacity.org,
> 200 N. Main Street, City Hall East, Room 675
> Los Angeles, CA 90012
> Telephone: (213) 978-7559
> Facsimile: (213) 978-7011
>
> *Attorneys for Defendant, CITY OF LOS ANGELES*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 14, 2020, at Los Angeles, California.

_____
La Tonya D. Fountain

**PROOF OF SERVICE**

EXHIBIT 5

1 Shayla Myers (SBN 264054)
2 Mallory Andrews (SBN 312209)
  LEGAL AID FOUNDATION OF LOS ANGELES
3 7000 South Broadway
  Los Angeles, CA 90003
4 Telephone: (213) 640-3983
  Email: smyers@lafla.org
5       mbandrews@lafla.org

6

7 *Attorneys for Gladys Zepeda, Miriam Zamora,*
  *Ali El-Bey, James Haugabrook, Pete Diocson Jr.,*
8 *Marquis Ashley, and Ktown for All*

9 *Additional Attorneys on Next Page*

10 ### UNITED STATES DISTRICT COURT

11 ### CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| JANET GARCIA, *et al.* | CASE NO. 2:19-cv-06182-DSF-PLA |
| Plaintiffs, | |
| v. | **PLAINTIFF MARQUIS ASHLEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE)** |
| CITY OF LOS ANGELES, a municipal entity, | |
| Defendants. | Complaint Filed Date: July 18, 2019 |

Case 2:19-cv-06182-DSF-PLA Document 8-221 [inverted text] Page 71 of 315 Page ID #:3091

23 **PROPOUNDING PARTY:**   Defendant City of Los Angeles

24 **RESPONDING PARTY:**   Plaintiff Marquis Ashley

25 **SET:**   One

Catherine Sweetser (SBN 271142)
Kristina Harootun (SBN 308718)
John Washington (SBN 315991)
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP
11543 West Olympic Blvd.
Los Angeles, CA 90064
Telephone:  (310) 396-0731
Email:  csweetser@sshhlaw.com
          kharootun@sshhlaw.com
          jwashington@sshhlaw.com

*Attorneys for Plaintiffs*

Benjamin Allan Herbert (SBN 277356)
William L. Smith (SBN 324235)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone:  (213) 680 8400
Email:  benjamin.herbert@kirkland.com
          william.smith@kirkland.com

Michael Onufer (SBN 300903)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone:  (310) 552-4200
Email:  michael.onufer@kirkland.com

*Attorneys for Plaintiffs Ktown for All, Janet Garcia,
Peter Diocson Jr., Marquis Ashley, Ali El-Bey, and
Association for Responsible and Equitable Public
Spending*

2

Marquis Ashley ("Ashley"), through his undersigned counsel, hereby provides his objections and responses to City of Los Angeles' (the "City") Special Interrogatories to Plaintiff Ashley (Set One), served on September 28, 2020, as follows:

## **PRELIMINARY STATEMENT**

Despite having undertaken a diligent effort to respond to these discovery requests, Plaintiff Ashley reserves the right to amend or supplement these responses and objections herein if necessary, at a later date, and to use subsequently discovered facts and facts known but whose relevance, significance, or applicability has not yet been ascertained.

1. The responses and objections below are based upon information known or believed to be true by Plaintiff at the time of responding. Ashley and his attorneys have not completed their discovery, investigation, or preparation for trial, nor have they concluded their analysis of information gathered to date. Future discovery and independent investigation may supply additional facts or information, add meaning to known facts, and may establish entirely new factual conclusions or contentions. Ashley reserves the right to supplement and/or amend this response pursuant to the Federal Rules of Civil Procedure and applicable law.

2. Ashley's responses are made without in any way waiving or intending to waive, and instead Ashley preserves and intends to preserve the following:

(a) The right to raise all questions of authenticity, relevancy, materiality, privilege or admissibility with respect to the information provided and the documents identified and/or produced in response to these Special Interrogatories, which may arise in any subsequent proceeding, including the trial of this or any other action;

(b) The right to object to the use of the information and/or documents in any subsequent proceeding, including the trial of this or any other action;

**PLAINTIFF MARQUIS ASHLEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE)**

(c)     The right to make subsequent responses if Ashley uncovers additional information and/or documents called for by these Special Interrogatories, as Ashley's investigation of the facts and the evidence pertinent to this action is continuing.

3.      Words and terms used in the below responses shall be construed in accordance with their normal meanings and connotations, and shall in no way be interpreted as terms of art or statutorily defined terms, and Ashley specifically disavows any such meaning or connotation that might be accorded to such terms unless specifically stated otherwise.

4.      Nothing in this response is an admission by Ashley of the relevance or admissibility of any information, for any purpose, or of any statement or characterization contained in the response.

## **GENERAL OBJECTIONS**

The following general objections are made to each and every request and are deemed to be incorporated into the specific objections and responses provided to each request:

1.      Plaintiff bases these objections and responses on the assumption that Defendant, in propounding these interrogatories, did not intend to seek information protected against discovery by the attorney-client privilege, the work-product doctrine, or documents that contain or reflect the impressions, conclusion, opinion, legal research or theories of Plaintiff's attorneys or their agents.  To the extent that Defendant's interrogatories, or any part thereof, are intended to elicit such information, Plaintiff objects thereto and asserts the privileges provided in and by the foregoing doctrines to the fullest extent permitted by law. Nothing contained in these responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine. Plaintiff does not intend to produce documents that would divulge any privileged information.  Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

4

2. Ashley objects to these interrogatories to the extent that they seek information protected from disclosure by the right to privacy, or any other applicable privilege. To the extent that Defendant's interrogatories, or any part thereof, are intended to elicit such information, Plaintiff objects thereto and asserts the privileges provided in and by the foregoing doctrines to the fullest extent permitted by law.

3. Ashley objects to each interrogatory to the extent that it purports to impose discovery obligations exceeding those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California, orders entered in this case, or agreements among the parties.

4. Ashley objects to the "Definitions" and "Instructions and Applicable Rules" to the extent that they seek to impose requirements or obligations on in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California, orders in this case, or agreements among the parties. Ashley further objects to the "Definitions" and "Instructions and Applicable Rules" to the extent they purport to alter the plain meaning and/or scope of any specific interrogatory, on the ground that such alteration renders the interrogatory vague, ambiguous, unduly broad, and/or uncertain, by failing to adequately define terms or by using terms the meaning of which are not readily available or decipherable. Ashley will not undertake, assume, or comply with the "Definitions" and "Instructions and Applicable Rules" to the extent they exceed the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California. Ashley's responses shall not be construed as an admission, agreement, or acquiescence in any Definition or Instruction.

5. Ashley objects to each interrogatory to the extent that it is cumulative or duplicative.

6. Ashley is responding to each interrogatory as he interprets and understands each interrogatory with respect to the issues in this action. If the City

5

asserts a different interpretation of any interrogatory, Ashley reserves the right to supplement or amend his responses or objections.

7. Ashley objects to each interrogatory to the extent that it is overbroad, unduly burdensome, and/or calls for information that is neither relevant to any claim or defense in this action nor reasonably likely to lead to the discovery of admissible evidence.

8. Ashley objects to each request to the extent that it calls for information and/or production of documents and/or things that are not within Plaintiff's possession, custody, or control, or calls for Plaintiff to prepare documents and/or things that do not already exist.

9. Ashley objects to each interrogatory to the extent that it calls for the production of documents and things that are publicly available or equally available to the City, and therefore are of no greater burden for the City to obtain than for Ashley to obtain.

10. Ashley objects to each interrogatory to the extent that it is vague, ambiguous, or confusing due to the City's failure to define terms or failure to describe the information sought with reasonable particularity.

11. Ashley objects to any factual characterizations in the City's interrogatories. By responding, Ashley does not accept or admit any of the City's factual characterizations.

12. Ashley's discovery and investigation in connection with this case are ongoing. As a result, Ashley's responses concern information obtained and reviewed to date, and the objections, limitations, and responses contained in this response are subject to and without waiver of any right of Ashley to: (a) object to other discovery requests directed to the subject matter of the requests and this response; (b) make additional or supplementary objections to the interrogatories; and (c) revise, correct, supplement, or clarify the contents of this Response, after considering information obtained or review through further discovery and investigation.

13.     No objections, limitation, or response, or lack thereof, made herein shall be deemed an admission by Ashley that any definition provided by the City is either factually correct or legally binding upon Ashley, or as a waiver of any of Ashley's objections, including but not limited to objections regarding discoverability of documents or other evidence.  Ashley's enumeration of specific objections in response to each interrogatory is not, and should not be construed to be, a waiver of any objection not so specified.

14.     By identifying or producing any information, in response to any interrogatory, Ashley does not stipulate, and expressly reserves all objections, to the authenticity, relevance, materiality, and admissibility of any such information.

15.     If Ashley provides information in response to any interrogatory, Ashley reserves the right to provide additional information that may come to his attention or become available in the future or to use such information in any hearing or proceeding in this litigation or any other action.

16.     Any response by Plaintiff that he will produce documents, responses, and/or materials should not be construed to mean that responsive documents in fact exist; only that, if such relevant, non-privileged, non-objectionable documents exist, are in Plaintiff's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive documents are most likely to be located, they will be produced in a timely manner.

These general objections are incorporated into each of the responses set forth below.

## RESPONSES TO SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY by type, amount, and category all damages YOU seek for the claims alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff also objects to the extent this interrogatory is unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records. Plaintiff also objects on the ground that the information sought is equally or more readily available and/or known to City through its own reports of items taken by the City, its witnesses, related agencies, and its agents. Plaintiff has specifically sought discovery from Defendant from which to glean responsive information; however, to date, Defendant has refused to provide such discovery. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiver of any of the foregoing objections, Plaintiff responds as follows: On May 21, 2019, City employees seized and destroyed two carts that Ashley had fixed up himself. These carts required about 20 hours of labor to construct the carts and make them useable. Ashley estimates the value of each cart to be around $200, including the value of his labor.

Plaintiff is also seeking emotional distress damages and damages for the violation of his constitutional rights in the amount of $10,000.00. He is also seeking prospective and injunctive relief.

**SPECIAL INTERROGATORY NO. 2:**

State with particularity the method by which YOU quantified or calculated the damages identified in response to Interrogatory No. 1.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff also objects to the extent this interrogatory is overly broad and

unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs*., 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Plaintiff has not completed quantifying or calculating all money damages associated with his case. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: On May 21, 2019, City employees seized and destroyed two carts that Ashley had made himself. These carts required about 20 hours of labor to construct the carts and make them useable. Ashley estimates the value of each cart to be around $200, including the value of his labor.

Ashley depended on these carts for their convenience as they held a lot of weight, and anything he put in them would stay inside. Ashley would usually attach a cart to his bike to move his belongings and pick up day to day items like groceries, and the loss of the carts made this more difficult. He is also seeking damages for the violation of his constitutional rights and emotional distress.

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY all facts supporting any damages that YOU contend YOU have suffered as a result of the conduct alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff specifically objects that "state all facts" interrogatories of this kind are unduly burdensome, harassing, overly broad, and an improper use of the discovery process. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial

**PLAINTIFF MARQUIS ASHLEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE)**

details."). *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same). Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and compound. Plaintiff further objects on the ground that this interrogatory calls for a legal conclusion and on the ground that the information requested is in the possession of the Defendants. Additionally, Plaintiff objects that this interrogatory calls for attorney work product and attorney client communications.

Plaintiff also objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

## SPECIAL INTERROGATORY NO. 4:

Do YOU claim to have experienced emotional distress as a result of the CITY allegedly taking and destroying YOUR property on or about May 21, 2019 as alleged in YOUR COMPLAINT?

## RESPONSE TO SPECIAL INTERROGATORY NO. 4:

Yes.

## SPECIAL INTERROGATORY NO. 5:

If your answer to Interrogatory No. 4 was yes, explain with specificity the nature of the emotional distress.

## RESPONSE TO SPECIAL INTERROGATORY NO. 5:

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff specifically objects that "state all facts" interrogatories of this kind are unduly burdensome, harassing, overly broad, and an improper use of the discovery process. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan.

10

1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details."). *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same). Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and compound. Plaintiff further objects on the ground that this interrogatory calls for a legal conclusion and on the ground that the information requested is in the possession of the Defendants. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs*., 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiving any of the foregoing objections, Plaintiff responds as follows: The removal and destruction of Mr. Ashley's belongings as well as the threat of losing other belongings at the hands of city workers or face arrest has caused Plaintiff emotional stress.

First, Plaintiff found the seizure of his property unfair and frustrating. He was very proud of the carts and the fact that he fixed them up himself and made them useable. They were incredibly helpful for managing tasks like running errands. The loss of the carts made everyday tasks, like going to the grocery store and picking up other household items, much harder. Having to replace the carts he had built himself was very frustrating.

The inability to question LA Sanitation or the LAPD about their decisions regarding his property has also caused Plaintiff distress. He felt like he could not question the decision by city workers to take his belongings. He worried then, and he continues to be afraid that if he argues with LA Sanitation or the LAPD or even attempts to question them about their decision that his belongings are subject to

11

seizure and destruction, he could be arrested. He also worries that this could result in him suffering physical harm, in addition to the loss of his belongings. The inability to question these decisions by city workers leaves him feeling extremely powerless.

Ashley's distress related to the seizure and destruction of his property on May 21, 2019 has been compounded by the City's continued practice of seizing and destroying property, which happens often in the encampment where he spends time. Knowing that he needs a cart to get by at the encampment but also knowing that they could be taken away any time a law enforcement officer or LA Sanitation worker decides to take them leaves him feeling anxious and frustrated and has caused him emotional distress.

**SPECIAL INTERROGATORY NO. 6:**

If your answer to Interrogatory No. 4 was yes, IDENTIFY all PERSONS who has knowledge of any fact pertaining to the emotional distress.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff specifically objects to the extent the interrogatory seeks information covered by attorney work-product or the attorney-client privilege. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and consistent seizure of and destruction of his belongings by the Defendant, which limits his ability to keep and maintain contemporaneous records. Plaintiff objects that this interrogatory is overbroad and unduly burdensome and vague and ambiguous in asking for all persons with knowledge of any fact. Plaintiff further objects that this interrogatory asks for information not proportional to the needs of the case. Plaintiff objects based on the right to privacy, including the privacy of third parties. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155

12

F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed);*Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007). Plaintiff further objects to the extent that facts and City employees present at the scene are publicly available or more readily available to the City of Los Angeles.

Subject to and without waiving the foregoing objections, Plaintiff directs the City to those persons listed in his initial disclosures. Plaintiff continues to reserve the right to supplement these responses at a later date, as discovery is ongoing.

**SPECIAL INTERROGATORY NO. 7:**

If your answer to Interrogatory No. 4 was yes, IDENTIFY all PERSONS who can compare your emotional condition prior to and following the incidents of May 21, 2019 as alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff specifically objects to the extent the interrogatory seeks information covered by attorney work-product or the attorney-client privilege. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records. Plaintiff objects that this interrogatory is overbroad and unduly burdensome and vague and ambiguous in asking for all persons with knowledge of any fact. Plaintiff further objects that this interrogatory asks for information not proportional to the needs of the case. Plaintiff objects based on the right to privacy, including the privacy of third parties. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed);*Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007). Plaintiff

1 further objects to the extent that facts and City employees present at the scene are
2 publicly available or more readily available to the City of Los Angeles.

3 Subject to and without waiving the foregoing objections, Plaintiff directs the
4 City to those persons listed in his initial disclosures. Plaintiff reserves the right to
5 supplement these responses at a later date, as discovery is ongoing.

6
7 **SPECIAL INTERROGATORY NO. 8:**

8 IDENTIFY each piece of property YOU claim the CITY destroyed for which
9 YOU are seeking damages and the exact monetary value of each item.

10 **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

11 Plaintiff incorporates his General Objections as though set forth fully herein.
12 Plaintiff also objects on the ground that the information sought is equally available
13 and/or known to City through its own reports of items taken by the City, its witnesses,
14 and its agents, and through Plaintiff's filed government tort claims. Plaintiff further
15 specifically objects that the interrogatory is ambiguous as to the term "damages" and
16 whether the term refers solely to monetary relief. Plaintiff also objects to the extent
17 this interrogatory is overly broad and unduly burdensome given the amount of items
18 taken and Plaintiff's unhoused state and thus inability to keep and maintain
19 contemporaneous records.

20 Plaintiff objects that discovery is still ongoing and reserves the right to
21 supplement this response should relevant information be discovered at a later date. See
22 *Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting
23 delay in responses until designated discovery completed); *Lucero v. Valdez*, 240
24 F.R.D. 591, 594 (D. N.M. 2007).

25 Subject to and without waiver of any of the foregoing objections, Plaintiff
26 responds as follows: The City failed to provide Mr. Ashley with an inventory of the
27 items destroyed, but as far as Plaintiff recalls, they were as follows: On May 21,
28 2019, City employees seized and destroyed two carts that Ashley had fixed up

14

himself. These carts required about 20 hours of labor to construct the carts and make them useable. Ashley estimates the value of each cart to be around $200, including the value of his labor.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY all facts REFERRING OR RELATING TO YOUR allegation in paragraph 227 of YOUR COMPLAINT that "an LAPD officer who was present at the cleanup had informed [you] that, if [you] did not want to go to jail, [you] would have to hurry up and move from the area."

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff also objects on the ground that the information sought is equally available and/or known to City through its own reports of items taken by the City, its witnesses, and its agents, and through Plaintiff's filed government tort claims. Plaintiff specifically objects to the extent this interrogatory calls for "all facts" about Plaintiff's damages and on the grounds that "state all facts" interrogatories of this kind are unduly burdensome, harassing, overly broad, and an improper use of the discovery process. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details."). *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same). Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and compound. Plaintiff further objects to the extent that this interrogatory calls for attorney work product and attorney client communications.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting

15

delay in responses until designated discovery completed); *Lucero v. Valdez*, 240
F.R.D. 591, 594 (D. N.M. 2007).

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY all PERSONS with knowledge of the facts stated in YOUR
response to Interrogatory No. 9.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Plaintiff incorporates his General Objections as though set forth fully herein.
Plaintiff also objects on the ground that the information sought is equally available
and/or known to City through its own reports of items taken by the City, its witnesses,
and its agents, and through Plaintiff's filed government tort claims. Plaintiff
specifically objects to the extent this interrogatory calls for "all facts" about Plaintiff's
damages and on the grounds that "state all facts" interrogatories of this kind are
unduly burdensome, harassing, overly broad, and an improper use of the discovery
process. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan.
1998) (providing "every fact" could require "laborious, time consuming analysis,
search and description of incidental, secondary, and perhaps irrelevant and trivial
details."). *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D.
Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same).
Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and
compound. Plaintiff further objects to the extent that this interrogatory calls for
attorney work product and attorney-client communications.

Plaintiff objects that discovery is still ongoing and reserves the right to
supplement this response should relevant information be discovered at a later date. *See
Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting
delay in responses until designated discovery completed); *Lucero v. Valdez*, 240
F.R.D. 591, 594 (D. N.M. 2007).

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY the photograph attached as Exhibits B your declaration dated February 24, 2020 (Dkt. No. 38-2), including the name and contact information of the person who took the photograph, the date on which it was taken, and the location in which the photograph was taken.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff specifically objects to the extent the interrogatory seeks information covered by attorney work-product or the attorney-client privilege. Plaintiff also objects based on the right to privacy, including the privacy of third parties. Plaintiff further objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007). Plaintiffs further object that they have produced metadata associated with this file as part of their initial disclosures.

Subject to and without waiving any of the foregoing objections, Plaintiff responds as follows:

a) Exhibit B attached to Ashley's February 24, 2020 declaration is a photo of a cart owned by Mr. Ashley. Mr. Ashley was present when the photo was taken, and it is a true and accurate representation of his belongings.

b) AVAILDA

c) February 24, 2020

d) Carson, California


Dated: November 13, 2020

**PLAINTIFF MARQUIS ASHLEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE)**

SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP

/s/ *Catherine Sweetser* _____
Catherine Sweetser

*Attorneys for All Plaintiffs*

**PLAINTIFF MARQUIS ASHLEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE)**

## **PROOF OF SERVICE**

I, La Tonya Fountain, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is KIRKLAND & ELLIS LLP, 555 South Flower Street, Los Angeles, CA 90071.

On November 13, 2020, I served the following document(s) described as:

**PLAINTIFF MARQUIS ASHLEY'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE); VERIFICATION.**

on the interested parties in this action as follows:

☒   **E-MAIL**

By transmitting via electronic mail to the e-mail address(es) set forth below on this date. I am aware that service is presumed invalid if the e-mail transmission is returned as undeliverable.

FELIX LEBRON,
felix.lebron@lacity.org,
A. PATRICIA URSEA,
patricia.ursea@lacity.org,
JESSICA MARIANI,
jessica.mariani@lacity.org
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone: (213) 978-7559
Facsimile:   (213) 978-7011

*Attorneys for Defendant, CITY OF LOS ANGELES*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2020, at Los Angeles, California.

_____
La Tonya D. Fountain

Shayla Myers (SBN 264054)
Mallory Andrews (SBN 312209)
LEGAL AID FOUNDATION OF LOS ANGELES
7000 South Broadway
Los Angeles, CA 90003
Telephone: (213) 640-3983
Email: smyers@lafla.org
        mbandrews@lafla.org

*Attorneys for Gladys Zepeda, Miriam Zamora,
Ali El-Bey, James Haugabrook, Pete Diocson Jr.,
Marquis Ashley, and Ktown for All*

*Additional Attorneys on Next Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JANET GARCIA, *et al.*

    Plaintiffs,

   v.

CITY OF LOS ANGELES, a
municipal entity,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:19-cv-06182-DSF-PLA

**PLAINTIFF PETER DIOCSON
JR.'S OBJECTIONS AND
RESPONSES TO DEFENDANT
CITY OF LOS ANGELES'
SPECIAL INTERROGATORIES
(SET ONE)**

Complaint Filed Date: July 18, 2019

**PROPOUNDING PARTY:**   Defendant City of Los Angeles

**RESPONDING PARTY:**   Plaintiff Peter Diocson Jr.

**SET:**       One

---

Catherine Sweetser (SBN 271142)
Kristina Harootun (SBN 308718)
John Washington (SBN 315991)
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP
11543 West Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 396-0731
Email: csweetser@sshhlaw.com
kharootun@sshhlaw.com
jwashington@sshhlaw.com

*Attorneys for Plaintiffs*

Benjamin Allan Herbert (SBN 277356)
William L. Smith (SBN 324235)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680 8400
Email: benjamin.herbert@kirkland.com
william.smith@kirkland.com

Michael Onufer (SBN 300903)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Email: michael.onufer@kirkland.com

*Attorneys for Plaintiffs Ktown for All, Janet Garcia, Peter Diocson Jr., Marquis Ashley, Ali El-Bey, and Association for Responsible and Equitable Public Spending*

Case 2:19-cv-09182-DSF-PLA Document 122-9 Filed 04/07/21 Page 91 of 315 Page ID #:6987

Peter Diocson Jr. ("Diocson"), through his undersigned counsel, hereby provides his objections and responses to City of Los Angeles' (the "City") Special Interrogatories to Plaintiff Diocson (Set One), served on September 28, 2020, as follows:

## **PRELIMINARY STATEMENT**

Despite having undertaken a diligent effort to respond to these discovery requests, Plaintiff Diocson reserves the right to amend or supplement these responses and objections herein if necessary, at a later date, and to use subsequently discovered facts and facts known but whose relevance, significance, or applicability has not yet been ascertained.

1.     The responses and objections below are based upon information known or believed to be true by Diocson at the time of responding.  Diocson and his attorneys have not completed their discovery, investigation, or preparation for trial, nor have they concluded their analysis of information gathered to date.  Future discovery and independent investigation may supply additional facts or information, add meaning to known facts, and may establish entirely new factual conclusions or contentions.  Diocson reserves the right to supplement and/or amend this response pursuant to the Federal Rules of Civil Procedure and applicable law.

2.     Diocson's responses are made without in any way waiving or intending to waive, and instead Diocson preserves and intends to preserve the following:

(a)     The right to raise all questions of authenticity, relevancy, materiality, privilege or admissibility with respect to the information provided and the documents identified and/or produced in response to these Special Interrogatories, which may arise in any subsequent proceeding, including the trial of this or any other action;

(b)     The right to object to the use of the information and/or documents in any subsequent proceeding, including the trial of this or any other action;

(c)     The right to make subsequent responses if Diocson uncovers additional information and/or documents called for by these Special Interrogatories, as Diocson's investigation of the facts and the evidence pertinent to this action is continuing.

3.      Words and terms used in the below responses shall be construed in accordance with their normal meanings and connotations, and shall in no way be interpreted as terms of art or statutorily defined terms, and Diocson specifically disavows any such meaning or connotation that might be accorded to such terms unless specifically stated otherwise.

4.      Nothing in this response is an admission by Diocson of the relevance or admissibility of any information, for any purpose, or of any statement or characterization contained in the response.

## GENERAL OBJECTIONS

The following general objections are made to each and every request and are deemed to be incorporated into the specific objections and responses provided to each request:

1.      Plaintiff bases these objections and responses on the assumption that Defendant, in propounding these interrogatories, did not intend to seek information protected against discovery by the attorney-client privilege, the work-product doctrine, or documents that contain or reflect the impressions, conclusion, opinion, legal research or theories of Plaintiff's attorneys or their agents.  To the extent that Defendant's interrogatories, or any part thereof, are intended to elicit such information, Plaintiff objects thereto and asserts the privileges provided in and by the foregoing doctrines to the fullest extent permitted by law. Nothing contained in these responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine. Plaintiff does not intend to produce documents that would divulge any privileged information.  Any

4

1  such disclosure is inadvertent and shall not be deemed a waiver of any applicable

2  privilege or immunity.

3  　　　　2.　　Plaintiff objects to these interrogatories to the extent that they seek

4  information protected from disclosure by the right to privacy, or any other applicable

5  privilege.  To the extent that Defendant's interrogatories, or any part thereof, are

6  intended to elicit such information, Plaintiff objects thereto and asserts the privileges

7  provided in and by the foregoing doctrines to the fullest extent permitted by law.

8  　　　　3.　　Diocson objects to each interrogatory to the extent that it purports to

9  impose discovery obligations exceeding those provided for in the Federal Rules of

10  Civil Procedure or the Local Rules for the United States District Court for the Central

11  District of California, orders entered in this case, or agreements among the parties.

12  　　　　4.　　Diocson objects to the "Definitions" and "Instructions and Applicable

13  Rules" to the extent that they seek to impose requirements or obligations on in

14  addition to or different from those imposed by the Federal Rules of Civil Procedure or

15  the Local Rules for the United States District Court for the Central District of

16  California, orders in this case, or agreements among the parties.  Diocson further

17  objects to the "Definitions" and "Instructions and Applicable Rules" to the extent they

18  purport to alter the plain meaning and/or scope of any specific interrogatory, on the

19  ground that such alteration renders the interrogatory vague, ambiguous, unduly broad,

20  and/or uncertain, by failing to adequately define terms or by using terms the meaning

21  of which are not readily available or decipherable.  Diocson will not undertake,

22  assume, or comply with the "Definitions" and "Instructions and Applicable Rules" to

23  the extent they exceed the Federal Rules of Civil Procedure or the Local Rules for the

24  United States District Court for the Central District of California.  Diocson's

25  responses shall not be construed as an admission, agreement, or acquiescence in any

26  Definition or Instruction.

27  　　　　5.　　Diocson objects to each interrogatory to the extent that it is cumulative or

28  duplicative.

6.     Diocson is responding to each interrogatory as he interprets and understands each interrogatory with respect to the issues in this action.  If the City asserts a different interpretation of any interrogatory, Diocson reserves the right to supplement or amend his responses and/or objections.

7.     Plaintiff objects to each request to the extent that it is overly broad, unduly burdensome, and/or calls for the production of documents or things that are neither relevant to any claim or defense in this action nor reasonably likely to lead to the discovery of admissible evidence.

8.     Diocson objects to each request to the extent that it calls for information and/or production of documents and/or things that are not within Plaintiff's possession, custody, or control, or calls for Plaintiff to prepare documents and/or things that do not already exist.

9.     Diocson objects to each interrogatory to the extent that it calls for the information that is publicly available or equally available to the City, and therefore are of no greater burden for the City to obtain than for Diocson to obtain.

10.     Diocson objects to each request to the extent that it is vague, ambiguous, or confusing due to the City's failure to define terms or failure to describe the information sought with reasonable particularity.

11.     Plaintiff objects to any factual characterization in City's interrogatories.  By responding, Plaintiff does not accept or admit any of City's factual characterizations.

12.     Diocson's discovery and investigation in connection with this case are ongoing.  As a result, Diocson's responses concern information obtained and reviewed to date, and the objections, limitations, and responses contained in this response are subject to and without waiver of any right of Diocson to: (a) object to other discovery requests directed to the subject matter of the requests and this response; (b) make additional or supplementary objections to the Requests; and (c) revise, correct,

supplement, or clarify the contents of this Response, after considering information obtained or review through further discovery and investigation.

13.     No objections, limitation, or response, or lack thereof, made herein shall be deemed an admission by Diocson that any definition provided by the City is either factually correct or legally binding upon Diocson, or as a waiver of any of Diocson's objections, including but not limited to objections regarding discoverability of documents or other evidence.  Diocson's enumeration of specific objections in response to each interrogatory is not, and should not be construed to be, a waiver of any objection not so specified.

14.     By identifying or producing any information, documents or things in response to any interrogatory, Diocson does not stipulate, and expressly reserves all objections, to the authenticity, relevance, materiality, and admissibility of any such information.

15.     If Diocson provides information in response to any interrogatory, Diocson reserves the right to provide additional information that may come to its attention or become available in the future or to use such information in any hearing or proceeding in this litigation or any other action.

16.     Any response by Plaintiff that he will produce documents, responses, and/or materials should not be construed to mean that responsive documents in fact exist; only that, if such relevant, non-privileged, non-objectionable documents exist, are in Plaintiff's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive documents are most likely to be located, they will be produced in a timely manner.

These general objections are incorporated into each of the responses set forth below:

**RESPONSES TO SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY by type, amount, and category all damages YOU seek for the claims alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff also objects to the extent this interrogatory is unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records. Plaintiff also objects on the ground that the information sought is equally or more readily available and/or known to City through its own reports of items taken by the City, its witnesses, related agencies, and its agents. Plaintiff has specifically sought discovery from Defendant from which to glean responsive information; however, to date, Defendant has refused to provide such discovery.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiver of any of the foregoing objections, Plaintiff responds as follows: On April 24, 2019, City employees seized and destroyed a wire dog kennel that Diocson had just received to secure his dog, Bella. Diocson estimates that the cost of a similar kennel would be between $50-100.00.

Diocson is seeking emotional distress damages and damages for the violation of his constitutional rights in the amount of $10,000. He is also seeking prospective and injunctive relief.

**SPECIAL INTERROGATORY NO. 2:**

State with particularity the method by which YOU quantified or calculated the damages identified in response to Interrogatory No. 1.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs*., 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Plaintiff has not completed quantifying or calculating all money damages associated with his case. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Diocson does not recall the precise value of his dog kennels, but believes they would have been worth over $100. He is also seeking damages for the violation of his constitutional rights and emotional distress.

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY all facts supporting any damages that YOU contend YOU have suffered as a result of the conduct alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff specifically objects that "state all facts" interrogatories of this kind are unduly burdensome, harassing, overly broad, and an improper use of the discovery process. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial

details.").  *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D.

Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same).

Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and

compound.  Plaintiff further objects on the ground that this interrogatory calls for a

legal conclusion and on the ground that the information requested is in the possession

of the Defendants.  Additionally, Plaintiff objects that this interrogatory calls for

attorney work product and attorney client communications.

Plaintiff also objects that discovery is still ongoing and reserves the right to

supplement this response should relevant information be discovered at a later date. *See*

*Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting

delay in responses until designated discovery completed); *Lucero v. Valdez*, 240

F.R.D. 591, 594 (D. N.M. 2007).

**SPECIAL INTERROGATORY NO. 4:**

Do YOU claim to have experienced emotional distress as a result of the CITY

allegedly taking and destroying YOUR property on or about April 24, 2019 as alleged

in YOUR COMPLAINT?

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Yes.

**SPECIAL INTERROGATORY NO. 5:**

If your answer to Interrogatory No. 4 was yes, explain with specificity the

nature of the emotional distress.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Plaintiff incorporates his General Objections as though set forth fully herein.

Plaintiff specifically objects that "state all facts" interrogatories of this kind are unduly

burdensome, harassing, overly broad, and an improper use of the discovery

process.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan.

1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details."). *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same). Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and compound. Plaintiff further objects on the ground that this interrogatory calls for a legal conclusion. Plaintiff also objects on the ground that the information sought is equally or more readily available and/or known to City through its own reports of items taken by the City, its witnesses, related agencies, and its agents. Plaintiff has specifically sought discovery from Defendant from which to glean responsive information; however, to date, Defendant has refused to provide such discovery. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs*., 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiving any of the foregoing objections, Plaintiff responds as follows: Diocson felt numb as the City was seizing and destroying his belongings because it was happening so fast and he felt overwhelmed and frustrated. Bella is very important to Diocson; she keeps him calm when anxious. Without a dog kennel, it is more difficult for Diocson to rest assured that Bella is secured, and this has left him with a sense of anxiety. Although Diocson was able to secure a new kennel, the City destroyed that one as well in a subsequent clean-up. Diocson has not attempted to get another kennel for fear that the City will once again destroy it, which leads to ongoing anxiety.

The inability to question LA Sanitation or the LAPD about their decisions regarding his property has also caused Plaintiff distress. Even though he disagreed with the decision, Diocson felt like he could not question Officer Lopez's statement

1 that Bella's kennel was a bulky item.  But because the decision was made by a police

2 officer, he did not feel that he could challenge the decision.   This has left him feeling

3 powerless and frustrated.  He continues to be afraid that if he argues with LA

4 Sanitation or the LAPD or even attempts to question them about their decision that his

5 belongings are subject to seizure and destruction, he could be arrested.

6       Mr. Diocson's anxiety related to the seizure and destruction of Bella's dog

7 kennels has been compounded by the City's continued practice of seizing and

8 destroying property, including his property, on numerous occasions.

9 **SPECIAL INTERROGATORY NO. 6:**

10       If your answer to Interrogatory No. 4 was yes, IDENTIFY all PERSONS who

11 has knowledge of any fact pertaining to the emotional distress.

12 **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

13       Plaintiff incorporates his General Objections as though set forth fully herein.

14 Plaintiff specifically objects to the extent the interrogatory seeks information covered

15 by attorney work-product or the attorney-client privilege.  Plaintiff also objects to the

16 extent this interrogatory is overly broad and unduly burdensome given the amount of

17 items taken and Plaintiff's unhoused status and consistent seizure of and destruction

18 of her belongings by the Defendant, which limits her ability to keep and maintain

19 contemporaneous records. Plaintiff objects that this interrogatory is overbroad and

20 unduly burdensome and vague and ambiguous in asking for all persons with

21 knowledge of any fact.  Plaintiff further objects that this interrogatory asks for

22 information not proportional to the needs of the case. Plaintiff objects based on the

23 right to privacy, including the privacy of third parties. Plaintiff objects that discovery

24 is still ongoing and reserves the right to supplement this response should relevant

25 information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs.*, 155

26 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated

27 discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M.

28 2007). Plaintiff further objects to the extent that facts and City employees present at

**PLAINTIFF PETER DIOCSON JR.'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE)**

the scene are publicly available or more readily available to the City of Los Angeles.
Plaintiff has specifically sought discovery from Defendant from which to glean
responsive information; however, to date, Defendant has refused to provide such
discovery.   Plaintiff continues to reserve the right to supplement these responses at a
later date, as discovery is ongoing.

**SPECIAL INTERROGATORY NO. 7:**

If your answer to Interrogatory No. 4 was yes, IDENTIFY all PERSONS who
can compare your emotional condition prior to and following the incident of April 24,
2019 as alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Plaintiff incorporates his General Objections as though set forth fully herein.
Plaintiff specifically objects to the extent the interrogatory seeks information covered
by attorney work-product or the attorney-client privilege.  Plaintiff also objects to the
extent this interrogatory is overly broad and unduly burdensome given the amount of
items taken and Plaintiff's unhoused status and thus inability to keep and maintain
contemporaneous records. Plaintiff objects that this interrogatory is overbroad and
unduly burdensome and vague and ambiguous in asking for all persons with
knowledge of any fact.  Plaintiff further objects that this interrogatory asks for
information not proportional to the needs of the case. Plaintiff objects based on the
right to privacy, including the privacy of third parties. Plaintiff objects that discovery
is still ongoing and reserves the right to supplement this response should relevant
information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155
F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated
discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M.
2007). Plaintiff further objects to the extent that facts and City employees present at
the scene are publicly available or more readily available to the City of Los Angeles.

1  Plaintiff reserves the right to supplement these responses at a later date, as discovery
2  is ongoing.

3

4  **SPECIAL INTERROGATORY NO. 8:**

5      IDENTIFY each piece of property YOU claim the CITY destroyed for which
6  YOU are seeking damages and the exact monetary value of each item.

7  **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

8      Plaintiff incorporates his General Objections as though set forth fully herein.
9  Plaintiff also objects to the extent this interrogatory is overly broad and unduly
10 burdensome given the amount of items taken and Plaintiff's unhoused state and his
11 inability to keep and maintain contemporaneous records while having his belongings
12 repeatedly taken.  Plaintiff also objects on the ground that the information sought is
13 equally or more readily available and/or known to City through its own reports of
14 items taken by the City, its witnesses, related agencies, and its agents.  Plaintiff has
15 specifically sought discovery from Defendant from which to glean responsive
16 information; however, to date, Defendant has refused to provide such discovery.
17 Plaintiff further specifically objects that the interrogatory is ambiguous as to the term
18 "damages" and whether the term refers solely to monetary relief.

19     Plaintiff objects that discovery is still ongoing and reserves the right to
20 supplement this response should relevant information be discovered at a later date. See
21 *Braun Med., Inc. v. Abbott Labs*., 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting
22 delay in responses until designated discovery completed); *Lucero v. Valdez*, 240
23 F.R.D. 591, 594 (D. N.M. 2007).

24     Subject to and without waiver of any of the foregoing objections, Plaintiff
25 responds as follows: The City failed to provide Mr. Diocson with an inventory of the
26 items destroyed, but as far as Plaintiff recalls, they were as follows:  On April 24,
27 2019, City employees destroyed a wire dog kennel that Diocson had just received to
28 secure his dog, Bella. Diocson estimates that the cost of a similar kennel would be

14

1  over $100. Although Diocson was able to obtain a replacement kennel, the City

2  destroyed that one as well in a subsequent clean-up. Diocson estimates that the cost of

3  replacing the kennels would be over $100.

4

5  **SPECIAL INTERROGATORY NO. 9:**

6      IDENTIFY all facts REFERRING OR RELATING TO YOUR allegation in

7  paragraph 215 of YOUR COMPLAINT that "[you] had seen other individuals

8  arrested by LAPD officers when they tried to challenge sanitation workers'

9  determinations about what items would be thrown away."

10 **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

11     Plaintiff incorporates his General Objections as though set forth fully herein.

12 Plaintiff specifically objects to the extent this interrogatory calls for "all facts" about

13 Plaintiff's damages and on the grounds that "state all facts" interrogatories of this kind

14 are unduly burdensome, harassing, overly broad, and an improper use of the discovery

15 process. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan.

16 1998) (providing "every fact" could require "laborious, time consuming analysis,

17 search and description of incidental, secondary, and perhaps irrelevant and trivial

18 details."). *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D.

19 Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same).

20 Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and

21 compound. Plaintiff further objects to the extent that this interrogatory calls for

22 attorney work product and attorney-client communications.

23     Plaintiff also objects to the extent this interrogatory is overly broad and unduly

24 burdensome given the amount of items taken and Plaintiff's unhoused state and his

25 inability to keep and maintain contemporaneous records while having his belongings

26 repeatedly taken. Plaintiff also objects on the ground that the information sought is

27 equally or more readily available and/or known to City through its own reports of

28 items taken by the City, its witnesses, related agencies, and its agents. Plaintiff has

1    specifically sought discovery from Defendant from which to glean responsive

2    information; however, to date, Defendant has refused to provide such discovery.

3         Plaintiff objects that discovery is still ongoing and reserves the right to

4    supplement this response should relevant information be discovered at a later date. *See*

5    *Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting

6    delay in responses until designated discovery completed); *Lucero v. Valdez*, 240

7    F.R.D. 591, 594 (D. N.M. 2007).

8         Subject to and without waiver of any of the foregoing objections, Plaintiff

9    responds as follows:  During cleanups, Mr. Diocson has seen individuals harassed by

10   LAPD. On one occasion, when individuals in his encampment were being told to

11   move to another location during a cleanup, he saw a number of individuals

12   detained. He does not know if these individuals were booked and taken into custody

13   or the basis of these arrests. He does not know the dates of these incidents.

14

15   **SPECIAL INTERROGATORY NO. 10:**

16        IDENTIFY all PERSONS with knowledge of the facts stated in YOUR

17   response to Interrogatory No. 9.

18   **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

19        Plaintiff incorporates his General Objections as though set forth fully herein.

20   Plaintiff specifically objects to the extent the interrogatory seeks information covered

21   by attorney work-product or the attorney-client privilege.  Plaintiff also objects to the

22   extent this interrogatory is overly broad and unduly burdensome given Plaintiff's

23   unhoused state and his inability to keep and maintain contemporaneous records while

24   having his belongings repeatedly taken.  Plaintiff also objects on the ground that the

25   information sought is equally or more readily available and/or known to City through

26   its own reports of items taken by the City, its witnesses, related agencies, and its

27   agents.  Plaintiff has specifically sought discovery from Defendant from which to

28   glean responsive information; however, to date, Defendant has refused to provide such

discovery.   Plaintiff further objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY the photographs attached as Exhibits B and C to your declaration dated February 25, 2020 (Dkt. No. 38-5), including the name and contact information of the person(s) who took the photographs, the date(s) on which they were taken, and the location(s) in which the photographs were taken.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff also objects on the ground that the information sought is equally available and/or known to City through its own reports of items taken by the City, its witnesses, and its agents, and through Plaintiff's filed government tort claims. Plaintiff specifically objects to the extent this interrogatory seeks information covered by attorney-work product or the attorney-client privilege.

Subject to and without waiving any of the foregoing objections, Plaintiff responds as follows:

Exhibit B:

a)  A photo of Bella's second kennel. Diocson was present when the photo was taken, and it is a true and accurate representation of the kennel he obtained after City employees destroyed the first one.

b)  LAFLA

c)  July 17, 2019

d)  Homeless encampment at Lomita Blvd. and McCoy Avenue, Los Angeles, CA.

17

Exhibit C:

a) A photo of a plastic bin that Diocson used to store his items. Diocson was present when the photo was taken, and it is a true and accurate representation of his belongings.

b) LAFLA

c) February 24, 2020

d) Homeless encampment at Lomita Blvd. and McCoy Avenue, Los Angeles, CA.

## SPECIAL INTERROGATORY NO. 12:

If you contend that any item(s) depicted in the photographs attached as Exhibits B and C to your declaration dated February 25, 2020 (Dkt. No. 38-5) were removed or discarded by the CITY, please IDENTIFY any such items and all facts relating to the circumstances under which the items were removed or discarded.

## RESPONSE TO SPECIAL INTERROGATORY NO. 12:

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff also objects on the ground that the information sought is equally available and/or known to City through its own reports of items taken by the City, its witnesses, and its agents, and through Plaintiff's filed government tort claims. Plaintiff specifically objects to the extent this interrogatory seeks information covered by attorney-work product or the attorney-client privilege. Plaintiff further objects that "state all facts" interrogatories of this kind are unduly burdensome, harassing, overly broad, and an improper use of the discovery process. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details."). *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same). Plaintiff will provide a brief summary of relevant facts sufficient to allow the City to identify the photos.

Case 2:19-cv-07126-DDP-RAO Document 316 filed 09/09/2021 Page 12
#:\003

1    Subject to and without waiver of any of the foregoing objections, Plaintiff

2  responds as follows: Exhibit B attached to Diocson's February 25, 2020 declaration is

3  a photo of Bella's second kennel. Diocson was present when the photo was taken, and

4  it is a true and accurate representation of the kennel he obtained after City employees

5  destroyed the first one as described in the complaint. The kennel photographed in

6  Exhibit B was destroyed by LA Sanitation in late 2019.

7

8

9

10

11  Dated:  November 13, 2020          Respectfully submitted,
                                       SCHONBRUN SEPLOW HARRIS & HOFFMAN
12                                     LLP

13

14                                     /s/ *Catherine Sweetser*
                                       Catherine Sweetser
15                                     *Attorneys for All Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF PETER DIOCSON JR.'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS
ANGELES' SPECIAL INTERROGATORIES (SET ONE)**

## PROOF OF SERVICE

I, La Tonya Fountain, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is KIRKLAND & ELLIS LLP, 555 South Flower Street, Los Angeles, CA 90071.

On November 13, 2020, I served the following document(s) described as:

**PLAINTIFF PETER DIOCSON JR.'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE); VERIFICATION.**

on the interested parties in this action as follows:

☒   **E-MAIL**

By transmitting via electronic mail to the e-mail address(es) set forth below on this date. I am aware that service is presumed invalid if the e-mail transmission is returned as undeliverable.

FELIX LEBRON,
felix.lebron@lacity.org,
A. PATRICIA URSEA,
patricia.ursea@lacity.org,
JESSICA MARIANI,
jessica.mariani@lacity.org
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone: (213) 978-7559
Facsimile:   (213) 978-7011

*Attorneys for Defendant,  CITY OF LOS ANGELES*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2020, at Los Angeles, California.

_____
La Tonya D. Fountain

Shayla Myers (SBN 264054)
Mallory Andrews (SBN 312209)
Pui Yee Yu (SBN 308122)
LEGAL AID FOUNDATION OF LOS ANGELES
7000 South Broadway
Los Angeles, CA 90003
Telephone: (213) 640-3983
Email: smyers@lafla.org
mbandrews@lafla.org
pyu@lafla.org

*Attorneys for Gladys Zepeda, Miriam Zamora,*
*Ali El-Bey, James Haugabrook, Pete Diocson Jr.,*
*Marquis Ashley, and Ktown for All*

*Additional Attorneys on Next Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JANET GARCIA, *et al.*

        Plaintiffs,

        v.

CITY OF LOS ANGELES, a municipal entity,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:19-cv-06182-DSF-PLA

**PLAINTIFF JAMES HAUGABROOK'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE)**

**PROPOUNDING PARTY:**    Defendant City of Los Angeles

**RESPONDING PARTY:**    Plaintiff James Haugabrook

**SET:**    One

---

**PLAINTIFF JAMES HAUGABROOK'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES**

Catherine Sweetser (SBN 271142)
Kristina Harootun (SBN 308718)
John Washington (SBN 315991)
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP
11543 West Olympic Blvd.
Los Angeles, CA 90064
Telephone:  (310) 396-0731
Email:  csweetser@sshhlaw.com
          kharootun@sshhlaw.com
          jwashington@sshhlaw.com

*Attorneys for Plaintiffs*

Benjamin Allan Herbert (SBN 277356)
William L. Smith (SBN 324235)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone:  (213) 680 8400
Email:  benjamin.herbert@kirkland.com
          william.smith@kirkland.com

Michael Onufer (SBN 300903)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone:  (310) 552-4200
Email:  michael.onufer@kirkland.com

*Attorneys for Plaintiffs Ktown for All, Janet Garcia,*
*Peter Diocson Jr., Marquis Ashley, Ali El-Bey*

2

James Haugabrook, through his undersigned counsel, hereby provides his objections to City of Los Angeles' ("City") First Set of Special Interrogatories to Plaintiff James Haugabrook, served on September 28, 2020, as follows:

## PRELIMINARY STATEMENT

Despite having undertaken a diligent effort to respond to these discovery requests, Plaintiff James Haugabrook reserves the right to amend or supplement these responses and objections herein if necessary, at a later date, and to use subsequently discovered facts and facts known but whose relevance, significance, or applicability has not yet been ascertained.

1. The responses and objections below are based upon information known or believed to be true by Plaintiff at the time of responding. Plaintiff and his attorneys have not completed their discovery, investigation, or preparation for trial, nor have they concluded their analysis of information gathered to date. Future discovery and independent investigation may supply additional facts or information, add meaning to known facts, and may establish entirely new factual conclusions or contentions. Thus, Plaintiff and his attorneys reserve the right to supplement and/or amend these responses and objections pursuant to the Federal Rules of Civil Procedure and applicable law.

2. Plaintiff's objections are made without in any way waiving or intending to waive, and instead Plaintiff preserves and intends to preserve the following:

a. The right to raise all questions of authenticity, relevancy, materiality, privilege or admissibility with respect to the information provided and the documents identified and/or produced in response to these Special Interrogatories, which may arise in any subsequent proceeding, including the trial of this or any other action;

b. The right to object to the use of the information and/or documents in any subsequent proceeding, including the trial of this or any other action;

c. The right to make subsequent responses if Plaintiff and/or his attorneys uncover additional information and/or documents called for by these Special Interrogatories, as Plaintiff's investigation of the facts and the evidence pertinent to this action is continuing.

3. Words and terms used in the below responses and/or objections shall be construed in accordance with their normal meanings and connotations, and shall in no way be interpreted as terms of art or statutorily defined terms, and Plaintiff specifically disavows any such meaning or connotation that might be accorded to such terms unless specifically stated otherwise.

4. Nothing in these responses and/or objections is an admission by Plaintiff of the existence, relevance, or admissibility of any information, for any purpose, or the truth or accuracy of any statement or characterization contained in the response.

## GENERAL OBJECTIONS

The following general objections are made to each and every request and are deemed to be incorporated into the specific objections and responses provided to each request:

1. Plaintiff bases these objections and responses on the assumption that Defendant, in propounding these interrogatories, did not intend to seek information protected against discovery by the attorney-client privilege, the work-product doctrine, or documents that contain or reflect the impressions, conclusion, opinion, legal research or theories of Plaintiff's attorneys or their agents. To the extent that Defendant's interrogatories, or any part thereof, are intended to elicit such information, Plaintiff objects thereto and asserts the privileges provided in and by the foregoing doctrines to the fullest extent permitted by law. Nothing contained in these responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine. Plaintiff does not

4

intend to produce documents that would divulge any privileged information. Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

2. Plaintiff objects to these interrogatories to the extent that they seek information protected from disclosure by the right to privacy, or any other applicable privilege. To the extent that Defendant's interrogatories, or any part thereof, are intended to elicit such information, Plaintiff objects thereto and asserts the privileges provided in and by the foregoing doctrines to the fullest extent permitted by law.

3. Plaintiff objects to each interrogatory to the extent that it purports to impose discovery obligations exceeding those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California, orders entered in this case, or agreements among the parties.

4. Plaintiff objects to the "Definitions" and "Instructions and Applicable Rules" to the extent that they seek to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California, orders in this case, or agreements among the parties. Plaintiff further objects to the "Definitions" and "Instructions and Applicable Rules" to the extent they purport to alter the plain meaning and/or scope of any specific request, on the ground that such alteration renders the interrogatory vague, ambiguous, unduly broad, and/or uncertain, by failing to adequately define terms or by using terms the meaning of which are not readily available or decipherable. Plaintiff will not undertake, assume, or comply with the "Definitions" and "Instructions and Applicable Rules" to the extent they exceed the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California. Plaintiff's responses shall not be construed as an admission, agreement, or acquiescence in any Definition or Instruction.

5. Plaintiff objects to each interrogatory to the extent that it is cumulative or duplicative.

6. Plaintiff is responding to each interrogatory as it interprets and understands each interrogatory with respect to the issues in this action.  If the City asserts a different interpretation of any interrogatory, Plaintiff reserves the right to supplement or amend its responses and/or objections.

7. Plaintiff objects to each request to the extent that it is overly broad, unduly burdensome, and/or calls for the production of documents or things that are neither relevant to any claim or defense in this action nor reasonably likely to lead to the discovery of admissible evidence.

8. Plaintiff objects to each request to the extent that it calls for information and/or production of documents and/or things that are not within Plaintiff's possession, custody, or control, or calls for Plaintiff to prepare documents and/or things that do not already exist.

9. Plaintiff objects to each interrogatory to the extent that it calls for responses that are publicly available or equally available to City, and therefore are of no greater burden for City to obtain than for Plaintiff to obtain.

10. Plaintiff objects to each request to the extent that it is vague, ambiguous, or confusing due to City's failure to define terms or failure to describe the information sought with reasonable particularity.

11. Plaintiff objects to any factual characterizations in City's interrogatories.  By responding, Plaintiff does not accept or admit any of City's factual characterizations.

12. Plaintiff's discovery and investigation in connection with this case are ongoing.  As a result, Plaintiff's responses concern information obtained and reviewed to date, and the objections, limitations, and responses contained in these response are subject to and without waiver of any right of Plaintiff to: (a) object to

other discovery requests directed to the subject matter of the requests and this response; (b) make additional or supplementary objections to the Requests; and (c) revise, correct, supplement, or clarify the contents of this Response, after considering information obtained or review through further discovery and investigation.

13. No objections, limitation, or response, or lack thereof, made herein shall be deemed an admission by Plaintiff as to the existence or non-existence of any information, and shall not be construed in any way as an admission that any definition provided by the City is either factually correct or legally binding upon Plaintiff, or as a waiver of any of Plaintiff's objections, including but not limited to objections regarding discoverability of documents or other evidence. Plaintiff's enumeration of specific objections in response to each request is not, and should not be construed to be, a waiver of any objection not so specified.

14. By identifying or producing any information, documents and/or things, or persons with knowledge, in response to any interrogatory, Plaintiff does not stipulate, and expressly reserves all objections, to the authenticity, relevance, materiality, and admissibility of any such information.

15. If Plaintiff provides information in response to any request, Plaintiff reserves the right to provide additional information that may come to his attention or become available in the future or to use such information in any hearing or proceeding in this litigation or any other action.

16. Any response by Plaintiff that he will produce documents, responses, and/or materials should not be construed to mean that responsive documents in fact exist; only that, if such relevant, non-privileged, non-objectionable documents exist, are in Plaintiff's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive documents are most likely to be located, they will be produced in a timely manner.

7

These general objections are incorporated into each of the responses set forth below:

## RESPONSES TO INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1:

IDENTIFY by type, amount, and category all damages YOU seek for the claims alleged in YOUR COMPLAINT.

### RESPONSE TO SPECIAL INTERROGATORY NO. 1:

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff also objects to the extent this interrogatory is unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records. Plaintiff also objects on the ground that the information sought is equally or more readily available and/or known to City through its own reports of items taken by the City, its witnesses, related agencies, and its agents. Plaintiff has specifically sought discovery from Defendant from which to glean responsive information; however, to date, Defendant has refused to provide such discovery.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiver of any of the foregoing objections, Plaintiff responds as follows: Plaintiff seeks compensatory damages for his belongings that have been seized and destroyed by the City of Los Angeles, in violation of his constitutional rights. Mr. Haugabrook has had his property taken on a number of

Case 2:19-cv-08580-DSF-PLA Document 122-6 Filed 04/01/21 Page 117 of 315 Page ID

PLAINTIFF JAMES HAUGABROOK'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES

occasions, in violation of his constitutional rights. Because the City of Los Angeles did not provide an inventory of the items that were taken, he cannot currently identify with specificity the items that were taken or the exact dates those items were taken. He can identify the following at this time: on or about March 2019, the City of Los Angeles took and destroyed Plaintiff's belongings, including his backpack and all of its contents, including a phone and chargers. On or about April 2019, LA Sanitation workers threw out other items, including Plaintiff's plastic lawn chair and a dining room chair, each of which cost approximately $20 to $40. On yet another occasion, LA Sanitation threw out Plaintiff's tent and other items necessary for survival, including a sleeping cot which Plaintiff estimates was worth approximately $50. He estimates that two additional chairs that were destroyed cost between $20 to $40 each, and a sleeping cot that was thrown out cost approximately $50. Plaintiff estimates that the total amount of his items taken over time was approximately $2,000 to $4,000. Discovery is ongoing, and Plaintiff specifically reserves the right to supplement this response.

Plaintiff also seeks emotional distress damages. Plaintiff's total damages are estimated at $10,000.

## SPECIAL INTERROGATORY NO. 2:

State with particularity the method by which YOU quantified or calculated the damages identified in response to Interrogatory No. 1.

## RESPONSE TO SPECIAL INTERROGATORY NO. 2:

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiving any of the foregoing objections, Plaintiff responds as follows:  Plaintiff has not completed quantifying or calculating all money damages associated with his case. He does not now recall each item that has been taken by Defendant or the precise value of each item that was taken, but he estimates that the value of the chairs that were taken was approximately $20.00 per chair.  He estimates that the value of the cot that was taken was approximately $50.00.  He estimates that the total value of belongings taken at around $2,000 to $4,000.00. He is also seeking damages for the violation of his constitutional rights and emotional distress.

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY all facts supporting any damages that YOU contend YOU have suffered as a result of the conduct alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff specifically objects that "state all facts" interrogatories of this kind are unduly burdensome, harassing, overly broad, and an improper use of the discovery process.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details.").  *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same).

1  Plaintiff also objects that this interrogatory is vague, ambiguous, overly broad and

2  compound.  Plaintiff further objects on the ground that this interrogatory calls for a

3  legal conclusion and on the ground that the information requested is in the possession

4  of the Defendants.  Plaintiff has specifically sought discovery from Defendant from

5  which to glean responsive information; however, to date, Defendant has refused to

6  provide such discovery.  Additionally, Plaintiff objects to the extent this interrogatory

7  calls for attorney work product and attorney client communications.

8      Plaintiff also objects that discovery is still ongoing and reserves the right to

9  supplement this response should relevant information be discovered at a later

10  date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994)

11  (permitting delay in responses until designated discovery completed); *Lucero v.*

12  *Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

13

14  **SPECIAL INTERROGATORY NO. 4:**

15      Do YOU claim to have experienced emotional distress as a result of the CITY

16  allegedly taking and destroying YOUR property on or about March 2019 and/or June

17  24, 2019 as alleged in YOUR COMPLAINT?

18  **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

19      Plaintiff incorporates his General Objections as though set forth fully herein.

20  Plaintiff objects that discovery is still ongoing and reserves the right to supplement

21  this response should relevant information be discovered at a later date. *See Braun*

22  *Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in

23  responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591,

24  594 (D. N.M. 2007).

25      Subject to and without waiving any of the foregoing objections, Plaintiff

26  responds as follows:  Yes, Plaintiff experienced emotional distress.

27

28

**PLAINTIFF JAMES HAUGABROOK'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 5:**

If your answer to Interrogatory No. 4 was yes, explain with specificity the nature of the emotional distress.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff specifically objects that "state all facts" interrogatories of this kind are unduly burdensome, harassing, overly broad, and an improper use of the discovery process. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details."). *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same). Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and compound. Plaintiff further objects on the ground that this interrogatory calls for a legal conclusion. Plaintiff also objects on the ground that the information sought is equally or more readily available and/or known to City through its own reports of items taken by the City, its witnesses, related agencies, and its agents. Plaintiff has specifically sought discovery from Defendant from which to glean responsive information; however, to date, Defendant has refused to provide such discovery. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiving any of the foregoing objections, Plaintiff responds as follows: The removal and destruction of Plaintiff's belongings as well as

the threat of losing other belongings at the hands of city workers or facing arrest has caused Plaintiff emotional distress.

First, it was incredibly difficult for Plaintiff to watch city workers throw his belongings away as well as the belongings of his neighbors. The time Plaintiff has spent surviving on the streets has taught him one man's trash is another man's treasure, but Plaintiff believes city workers clearly viewed his possessions, as well as his unhoused neighbors' possessions, as trash. Plaintiff knew it would be harder to get out of homelessness each time a sweep occurred, because each time he lost personal items he depended upon to survive.

The inability to question city workers about their decisions regarding his property made Plaintiff feel like he was a nobody, like he was powerless and didn't have any say so about what happened to his possessions. Though Plaintiff felt the situation was unfair, he did not feel like he could argue with city workers or otherwise resist their destruction of his property; Los Angeles Police Department officers were present and Plaintiff did not want to go to jail or otherwise get in trouble legally. Standing back and watching his belongings get thrown away, without being able to contest the decisions to throw the belongings away made him incredibly frustrated, but there was nothing he could do about it. Plaintiff worked hard to keep his living areas clean, but this did not make a difference to city workers, who seized and destroyed his belongings anyway. Each incident caused Plaintiff to feel increasingly powerless, and he carries that frustration and powerlessness with him. Plaintiff's distress related to the seizure and destruction of his property on or about March 2019, on or about April 2019, and on other yet-to-be-identified dates made it harder for him to accomplish life tasks because he felt he could not leave his belongings. Each time he left his living area in search of housing or to accomplish other activities of daily living that he worked hard to prioritize, he was afraid that he would come back and find that his property had been seized and destroyed. Plaintiff

felt beat down, and it became harder and harder for him to find the motivation to look for housing, even when he was given a Section 8 voucher.

**SPECIAL INTERROGATORY NO. 6:**

If your answer to Interrogatory No. 4 was yes, IDENTIFY all PERSONS who has knowledge of any fact pertaining to the emotional distress.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff specifically objects to the extent the interrogatory seeks information covered by attorney work-product or the attorney-client privilege. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff unhoused status and thus inability to keep and maintain contemporaneous records. Plaintiff objects that this interrogatory is overbroad and unduly burdensome and vague and ambiguous in asking for all persons with knowledge of any fact. Plaintiff also objects based on the right to privacy, including the privacy of third parties. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007). Additionally, Plaintiff objects to the extent that facts and City employees present at the scene are publicly available or more readily available to the City of Los Angeles. Plaintiff has specifically sought discovery from Defendant from which to glean responsive information; however, to date, Defendant has refused to provide such discovery. Plaintiff continues to reserve the right to supplement these responses at a later date, as discovery is ongoing.

**SPECIAL INTERROGATORY NO. 7:**

If your answer to Interrogatory No. 4 was yes, IDENTIFY all PERSONS who can compare your emotional condition prior to and following the incidents of March 2019 and/or June 24, 2019 as alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff specifically objects to the extent this interrogatory seeks information covered by attorney-work product or the attorney-client privilege. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records. Plaintiff objects that this interrogatory is overbroad and unduly burdensome and vague and ambiguous in asking for all persons with knowledge of any fact. Plaintiff further objects that this interrogatory asks for information not proportional to the needs of this case. Plaintiff objects based on the right to privacy, including the privacy of third parties. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007). Plaintiff further objects to the extent that facts and City employees present at the scene are publicly available or more readily available to the City of Los Angeles. Plaintiff continues to reserve the right to supplement these responses at a later date, as discovery is ongoing.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY each piece of property YOU claim the CITY destroyed for which YOU are seeking damages and the exact monetary value of each item.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and his inability to keep and maintain contemporaneous records while having his belongings repeatedly taken. Plaintiff also objects on the ground that the information sought is equally or more readily available and/or known to City through its own reports of items taken by the City, its witnesses, and its agents. Plaintiff has specifically sought discovery from Defendant from which to glean responsive information; however, to date, Defendant has refused to provide such discovery. Plaintiff further specifically objects that the interrogatory is ambiguous as to the term "damages" and whether the term refers solely to monetary relief. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiver of any of the foregoing objections, Plaintiff responds as follows: The City failed to provide Plaintiff with an inventory of the items destroyed at each sweep, but Plaintiff recalls his backpack and its contents was destroyed, including a phone and chargers. In addition, Plaintiff recalls that he lost a cot for sleeping, which he estimates to have cost approximately $50, and two chairs, which he recalls cost between $20 to $40 each. Plaintiff has lost other chairs for which he cannot estimate a value, and other personal belongings for which he cannot presently estimate a monetary value.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY all facts REFERRING OR RELATING TO YOUR allegation in paragraph 194 of YOUR COMPLAINT that "[you ha[ve] repeatedly been subjected to a number of rapid responses by LA Sanitation and the LAPD, resulting in the loss of many of [your] belongings."

## RESPONSE TO SPECIAL INTERROGATORY NO. 9:

Plaintiff incorporates his General Objections as though set forth fully herein. Plaintiff specifically objects to the extent this interrogatory calls for "all facts" about Plaintiff's damages and on the grounds that "state all facts" interrogatories of this kind are unduly burdensome, harassing, overly broad, and an improper use of the discovery process. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details."). *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same). Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and compound. Plaintiff further objects to the extent that this interrogatory calls for attorney work product and attorney client communications.

Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and his inability to keep and maintain contemporaneous records while having his belongings repeatedly taken. Plaintiff also objects on the ground that the information sought is equally or more readily available and/or known to City through its own reports of items taken by the City, its witnesses, related agencies, and its agents.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994)

1  (permitting delay in responses until designated discovery completed); *Lucero v.*
2  *Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

3      Subject to and without waiving the foregoing objections, Plaintiff responds as
4  follows: Plaintiff has specifically sought discovery from Defendant from which to
5  glean responsive information; however, to date, Defendant has refused to provide
6  such discovery.  Plaintiff continues to reserve the right to supplement these responses
7  at a later date, as discovery is ongoing.

9  **SPECIAL INTERROGATORY NO. 10:**

10     IDENTIFY all PERSONS with knowledge of the facts stated in YOUR
11  response to Interrogatory No. 9.

12  **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

13     Plaintiff incorporates his General Objections as though set forth fully herein.
14  Plaintiff specifically objects to the extent the interrogatory seeks information covered
15  by attorney work-product or the attorney-client privilege.  Plaintiff also objects to the
16  extent this interrogatory is overly broad and unduly burdensome given Plaintiff's
17  unhoused status and his inability to keep and maintain contemporaneous records
18  while having his belongings repeatedly taken.  Plaintiff also objects on the ground
19  that the information is equally or more readily available and/or known to City
20  through its own reports of items taken by the City, its witnesses, related agencies, and
21  its agents.  Plaintiff further objects that discovery is still ongoing and reserves the
22  right to supplement this response should relevant information be discovered at a later
23  date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994)
24  (permitting delay in responses until designated discovery completed); *Lucero v.*
25  *Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

26     Subject to and without waiving the foregoing objections, Plaintiff responds as
27  follows: Plaintiff has specifically sought discovery from Defendant from which to

28

18

1  glean responsive information; however, to date, Defendant has refused to provide
2  such discovery.  Plaintiff continues to reserve the right to supplement these responses
3  at a later date, as discovery is ongoing.

4

5  **SPECIAL INTERROGATORY NO. 11:**

6      IDENTIFY all facts supporting YOUR allegation in paragraph 208 of YOUR
7  COMPLAINT that "finding a landlord to accept the [Section 8] voucher is already
8  incredibly difficult, but because of the sweeps and the need to stay with [your]
9  belongings, [you] ha[ve] found it even more difficult to search for an apartment that
10 will accept the voucher."

11 **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

12     Plaintiff incorporates his General Objections as though set forth fully herein.
13 Plaintiff specifically objects to the extent this interrogatory calls for "all facts" about
14 Plaintiff's damages. "State all facts" interrogatories of this kind are unduly
15 burdensome, harassing, overly broad, and an improper use of the discovery
16 process.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan.
17 1998) (providing "every fact" could require "laborious, time consuming analysis,
18 search and description of incidental, secondary, and perhaps irrelevant and trivial
19 details.").  *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D.
20 Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same).
21 Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and
22 compound.

23     Plaintiff objects that discovery is still ongoing and reserves the right to
24 supplement this response should relevant information be discovered at a later
25 date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994)
26 (permitting delay in responses until designated discovery completed); *Lucero v.
27 Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

28

**PLAINTIFF JAMES HAUGABROOK'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS
ANGELES' SPECIAL INTERROGATORIES**

Case 2:22-cv-08357-ODW-PVC   Document 1-4   Filed 10/04/22   Page 20 of 38

Subject to and without waiving any of the foregoing objections, Plaintiff responds as follows:  Finding a landlord who will accept a Section 8 voucher is difficult, as landlords were not legally required to accept such vouchers in 2019.  In fact, a 2018 Urban Institute study found that in Los Angeles, 76% of landlords refused to accept vouchers overall, and 82% of landlords in low-poverty neighborhoods refused to accept vouchers.  *See* A Pilot Study of Landlord Acceptance of Housing Choice Vouchers, Urban Institute (Sept. 20, 2018), https://www.urban.org/research/publication/pilot-study-landlord-acceptance-housing-choice-vouchers.  Paul Krekorian, a member of the Los Angeles City Council, has observed that "[n]early half of Los Angeles residents who have Federal Section 8 housing vouchers will see their voucher expire before finding a landlord willing to rent to them during the 180 day period."      Signing Bonuses to Landlords Who Accept Section 8 Vouchers, Paul Krekorian – City Councilmember (Feb. 14, 2020), https://www.paulkrekorian.org/signing_bonuses_landlords_section_8_vouchers.

In addition to the difficulties that would-be tenants face in attempting to utilize their housing vouchers generally, Plaintiff faced the additional burden of distress from the seizure and destruction of his property as a result of rapid response cleanups conducted by the City's HOPE teams.  Because these actions were unnoticed, Plaintiff could not anticipate when LAPD and LA Sanitation would come.  As a result, Plaintiff felt worried about leaving his belongings, and he was constantly afraid he would return to find that his property had been seized and destroyed in his absence.  This stress and concern made it difficult for Plaintiff to prioritize and accomplish all the tasks necessary to exit homelessness, including applying to housing units with his housing voucher.


Dated:  November 13, 2020

Respectfully submitted,

20

**PLAINTIFF JAMES HAUGABROOK'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES**

LEGAL AID FOUNDATION OF LOS ANGELES


/s/ *Pui Yee Yu*

Pui Yee Yu

*Attorneys for Plaintiffs Gladys Zepeda, Miriam Zamora, Ali El-Bey, Pete Diocson Jr., Marquis Ashley, James Haugabrook, and Ktown for All*

## PROOF OF SERVICE

I, La Tonya Fountain, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is KIRKLAND & ELLIS LLP, 555 South Flower Street, Los Angeles, CA 90071.

On November 13, 2020, I served the following document(s) described as:

**PLAINTIFF JAMES HAUGABROOK'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE); VERIFICATION.**

on the interested parties in this action as follows:

☒    **E-MAIL**
By transmitting via electronic mail to the e-mail address(es) set forth below on this date. I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

GABRIEL DERMER,
gabriel.dermer@lacity.org
FELIX LEBRON,
felix.lebron@lacity.org,
A. PATRICIA URSEA,
patricia.ursea@lacity.org,
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone: (213) 978-7559
Facsimile:   (213) 978-7011

*Attorneys for Defendant,  CITY OF LOS ANGELES*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2020, at Los Angeles, California.

_____
La Tonya D. Fountain

**PROOF OF SERVICE**

Shayla Myers (SBN 264054)
Mallory Andrews (SBN 312209)
LEGAL AID FOUNDATION OF LOS ANGELES
7000 South Broadway
Los Angeles, CA 90003
Telephone: (213) 640-3983
Email: smyers@lafla.org
        mbandrews@lafla.org

*Attorneys for Gladys Zepeda, Miriam Zamora,*
*Ali El-Bey, James Haugabrook, Pete Diocson Jr.,*
*Marquis Ashley, and Ktown for All*

*Additional Attorneys on Next Page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET GARCIA, *et al.* | CASE NO. 2:19-cv-06182-DSF-PLA |
| Plaintiffs, | |
| v. | **PLAINTIFF MIRIAM ZAMORA'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE)** |
| CITY OF LOS ANGELES, a municipal entity, | |
| Defendants. | Complaint Filed Date: July 18, 2019 |

**PROPOUNDING PARTY:** Defendant City of Los Angeles

**RESPONDING PARTY:** Plaintiff Miriam Zamora

**SET:** One

Catherine Sweetser (SBN 271142)
Kristina Harootun (SBN 308718)
John Washington (SBN 315991)
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP
11543 West Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 396-0731
Email: csweetser@sshhlaw.com
        kharootun@sshhlaw.com
        jwashington@sshhlaw.com

*Attorneys for Plaintiffs*

Benjamin Allan Herbert (SBN 277356)
William L. Smith (SBN 324235)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680 8400
Email: benjamin.herbert@kirkland.com
        william.smith@kirkland.com

Michael Onufer (SBN 300903)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Email: michael.onufer@kirkland.com

*Attorneys for Plaintiffs Ktown for All, Janet Garcia,*
*Peter Diocson Jr., Marquis Ashley, Ali El-Bey, and*
*Association for Responsible and Equitable Public*
*Spending*

2

Miriam Zamora ("Zamora"), through her undersigned counsel, hereby provides her objections and responses to City of Los Angeles' (the "City") Special Interrogatories to Plaintiff Zamora (Set One), served on September 28, 2020, as follows:

## **PRELIMINARY STATEMENT**

Despite having undertaken a diligent effort to respond to these discovery requests, Plaintiff Miriam Zamora reserves the right to amend or supplement these responses and objections herein if necessary, at a later date, and to use subsequently discovered facts and facts known but whose relevance, significance, or applicability has not yet been ascertained.

1. The responses and objections below are based upon information known or believed to be true by Plaintiff at the time of responding. Plaintiff and her attorneys have not completed their discovery, investigation, or preparation for trial, nor have they concluded their analysis of information gathered to date. Future discovery and independent investigation may supply additional facts or information, add meaning to known facts, and may establish entirely new factual conclusions or contentions. Thus, Plaintiff and her attorneys reserve the right to supplement and/or amend these responses pursuant to the Federal Rules of Civil Procedure and applicable law.

2. Plaintiff's responses are made without in any way waiving or intending to waive, and instead Plaintiff preserves and intends to preserve the following:

(a) The right to raise all questions of authenticity, relevancy, materiality, privilege, or admissibility with respect to the information provided and the documents identified and/or produced in response to these Special Interrogatories, which may arise in any subsequent proceeding, including the trial of this or any other action;

(b) The right to object to the use of the information and/or documents in any subsequent proceeding, including the trial of this or any other action;

(c) The right to make subsequent responses if Plaintiff and/or her attorneys uncover additional information and/or documents called for by these Special

3

1  Interrogatories, as Plaintiff's investigation of the facts and the evidence pertinent to

2  this action is continuing.

3      3.    Words and terms used in the below responses shall be construed in

4  accordance with their normal meanings and connotations, and shall in no way be

5  interpreted as terms of art or statutorily defined terms, and Plaintiff specifically

6  disavows any such meaning or connotation that might be accorded to such terms

7  unless specifically stated otherwise.

8      4.    Nothing in these responses is an admission by Plaintiff of the relevance,

9  or admissibility of any information, for any purpose.

10                        **<u>GENERAL OBJECTIONS</u>**

11      The following general objections are made to each and every request and are

12  deemed to be incorporated into the specific objections and responses provided to each

13  request.

14      1.    Plaintiff bases these objections and responses on the assumption that

15  Defendant, in propounding these interrogatories, did not intend to seek information

16  protected against discovery by the attorney-client privilege, the work-product

17  doctrine, or documents that contain or reflect the impressions, conclusion, opinion,

18  legal research or theories of Plaintiff's attorneys or their agents.  To the extent that

19  Defendant's interrogatories, or any part thereof, are intended to elicit such

20  information, Plaintiff objects thereto and asserts the privileges provided in and by the

21  foregoing doctrines to the fullest extent permitted by law. Nothing contained in these

22  responses should be considered a waiver of any attorney-client privilege, work-

23  product protection, or any other applicable privilege or doctrine. Plaintiff does not

24  intend to produce documents that would divulge any privileged information.  Any

25  such disclosure is inadvertent and shall not be deemed a waiver of any applicable

26  privilege or immunity.

27      2.    Plaintiff objects to these interrogatories to the extent that they seek

28  information protected from disclosure by the right to privacy, or any other applicable

privilege.  To the extent that Defendant's interrogatories, or any part thereof, are intended to elicit such information, Plaintiff objects thereto and asserts the privileges provided in and by the foregoing doctrines to the fullest extent permitted by law.

3.     Plaintiff objects to each interrogatory to the extent that it purports to impose discovery obligations exceeding those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California, orders entered in this case, or agreements among the parties.

4.     Plaintiff objects to the "Definitions" and "Instructions and Applicable Rules" to the extent that they seek to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California, orders in this case, or agreements among the parties.  Plaintiff further objects to the "Definitions" and "Instructions and Applicable Rules" to the extent they purport to alter the plain meaning and/or scope of any specific request, on the ground that such alteration renders the interrogatory vague, ambiguous, unduly broad, and/or uncertain, by failing to adequately define terms or by using terms the meaning of which are not readily available or decipherable.  Plaintiff will not undertake, assume, or comply with the "Definitions" and "Instructions and Applicable Rules" to the extent they exceed the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California.  Plaintiff's responses shall not be construed as an admission, agreement, or acquiescence in any Definition or Instruction.

5.     Plaintiff objects to each interrogatory to the extent that it is cumulative or duplicative.

6.     Plaintiff is responding to each interrogatory as she interprets and understands each interrogatory with respect to the issues in this action.  If the City asserts a different interpretation of any interrogatory, Plaintiff reserves the right to supplement or amend its responses and/or objections.

7.    Plaintiff objects to each request to the extent that it is overly broad, unduly burdensome, and/or calls for the production of documents or things that are neither relevant to any claim or defense in this action nor reasonably likely to lead to the discovery of admissible evidence.

8.    Plaintiff objects to each request to the extent that it calls for information and/or production of documents and/or things that are not within Plaintiff's possession, custody, or control, or calls for Plaintiff to prepare documents and/or things that do not already exist.

9.    Plaintiff objects to each interrogatory to the extent that it calls for the production of documents and things that are publicly available or equally available to the City, and therefore are of no greater burden for the City to obtain than for Plaintiff to obtain.

10.    Plaintiff objects to each request to the extent that it is vague, ambiguous, or confusing due to City's failure to define terms or failure to describe the information sought with reasonable particularity.

11.    Plaintiff objects to any factual characterizations in City's interrogatories. By responding, Plaintiff does not accept or admit any of City's factual characterizations.

12.    Plaintiff's discovery and investigation in connection with this case are ongoing.  As a result, Plaintiff's responses concern information obtained and reviewed to date, and the objections, limitations, and responses contained in these response are subject to and without waiver of any right of Plaintiff to: (a) object to other discovery requests directed to the subject matter of the requests and this response; (b) make additional or supplementary objections to the Requests; and (c) revise, correct, supplement, or clarify the contents of this Response, after considering information obtained or review through further discovery and investigation.

13.    No objections, limitation, or response, or lack thereof, made herein shall be deemed an admission by Plaintiff that any definition provided by the City is either

factually correct or legally binding upon Plaintiff, or as a waiver of any of Plaintiff's objections, including but not limited to objections regarding discoverability of documents or other evidence. Plaintiff's enumeration of specific objections in response to each request is not, and should not be construed to be, a waiver of any objection not so specified.

14. By identifying or producing any information, in response to any interrogatory, Plaintiff does not stipulate, and expressly reserves all objections, to the authenticity, relevance, materiality, and admissibility of any such information.

15. If Plaintiff provides information in response to any interrogatory, Plaintiff reserves the right to provide additional information that may come to her attention or become available in the future or to use such information in any hearing or proceeding in this litigation or any other action.

16. Any response by Plaintiff that she will produce documents, responses, and/or materials should not be construed to mean that responsive documents in fact exist; only that, if such relevant, non-privileged, non-objectionable documents exist, are in Plaintiff's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive documents are most likely to be located, they will be produced in a timely manner.

These general objections are incorporated into each of the responses set forth below:

<div align="center">

**RESPONSES TO SPECIAL INTERROGATORIES**

</div>

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY by type, amount, and category all damages YOU seek for the claims alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff also objects to the extent this interrogatory is unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and

<div align="center">

7

**PLAINTIFF MIRIAM ZAMORA'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE)**

</div>

maintain contemporaneous records. Plaintiff also objects on the ground that the information sought is equally or more readily available and/or known to City through its own reports of items taken by the City, its witnesses, related agencies, and its agents. Plaintiff has specifically sought discovery from Defendant from which to glean responsive information; however, to date, Defendant has refused to provide such discovery. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. See Braun Med., Inc. v. Abbott Labs., 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); Lucero v. Valdez, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiver of any of the foregoing objections, Plaintiff responds as follows: Plaintiff estimates her property damages at over $5,000. She is also seeking emotional distress damages and damages for the violation of her constitutional rights in the amount of $15,000.

**SPECIAL INTERROGATORY NO. 2:**

State with particularity the method by which YOU quantified or calculated the damages identified in response to Interrogatory No. 1.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

8

Plaintiff has not completed quantifying or calculating all money damages associated with her case.  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  She does not now recall the precise value of each item, but she recalls that because she and Ms. Zepeda had recently been evicted, they had most of their household belongings with them during the March 21, 2019 cleanup such as clothing, technology, hygiene products, cleaning products, cash, and important documents. She believes $45 in cash was thrown out. One Samsung phone, two iPhones, and a Samsung tablet belonging to Plaintiff and Ms. Zepeda were thrown out, along with other technology. Those technology items alone were likely worth well over a thousand dollars. The City threw out more belongings on June 11, 2019. Altogether Plaintiff estimates the total value of belongings taken at around $5000. She is also seeking damages for the violation of her constitutional rights and emotional distress.

## SPECIAL INTERROGATORY NO. 3:

IDENTIFY all facts supporting any damages that YOU contend YOU have suffered as a result of the conduct alleged in YOUR COMPLAINT.

## RESPONSE TO SPECIAL INTERROGATORY NO. 3:

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff specifically objects that "state all facts" interrogatories of this kind are unduly burdensome, harassing, overly broad, and an improper use of the discovery process.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details.").  *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same). Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and compound.  Plaintiff further objects on the ground that this interrogatory calls for a legal conclusion and on the ground that the information requested is in the possession

9

of the Defendants.  Additionally, Plaintiff objects that this interrogatory calls for attorney work product and attorney client communications.

Plaintiff also objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

**SPECIAL INTERROGATORY NO. 4:**

Do YOU claim to have experienced emotional distress as a result of the CITY allegedly taking and destroying YOUR property on or about March 21, 2019, March 28, 2019 and/or June 11, 2019 as alleged in YOUR COMPLAINT?

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Yes.

**SPECIAL INTERROGATORY NO. 5:**

If your answer to Interrogatory No. 4 was yes, explain with specificity the nature of the emotional distress.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff specifically objects that "state all facts" interrogatories of this kind are unduly burdensome, harassing, overly broad, and an improper use of the discovery process.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details.").  *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same). Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and compound.  Plaintiff further objects on the ground that this interrogatory calls for a legal conclusion and on the ground that the information requested is in the possession

10

of the Defendants.  Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs*., 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiving any of the foregoing objections, Plaintiff responds as follows: Plaintiff describes the feeling of losing her property as horrible. She would often cry because she lost so much after the City took her belongings and felt as though she had nothing left. She also often felt upset and embarrassed because City employees would taunt and make fun of Plaintiff and Ms. Zepeda for being homeless while they were throwing away her belongings. Plaintiff felt constantly anxious about when the City would come back and the possibility of losing her belongings again, and felt unable to leave her property unguarded.

**SPECIAL INTERROGATORY NO. 6:**

If your answer to Interrogatory No. 4 was yes, IDENTIFY all PERSONS who has knowledge of any fact pertaining to the emotional distress.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff specifically objects to the extent the interrogatory seeks information covered by attorney work-product or the attorney-client privilege.  Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and consistent seizure of and destruction of her belongings by the Defendant, which limits her ability to keep and maintain contemporaneous records. Plaintiff objects that this interrogatory is overbroad and unduly burdensome and vague and ambiguous in asking for all persons with knowledge of any fact.  Plaintiff further objects that this interrogatory asks for information not proportional to the needs of the case. Plaintiff objects based on the right to privacy, including the privacy of third parties. Plaintiff objects that discovery

11

is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed);*Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007). Plaintiff further objects to the extent that facts and City employees present at the scene are publicly available or more readily available to the City of Los Angeles.

Subject to and without waiving the foregoing objections, Plaintiff directs the City to those persons listed in her initial disclosures. Plaintiff continues to reserve the right to supplement these responses at a later date, as discovery is ongoing.

**SPECIAL INTERROGATORY NO. 7:**

If your answer to Interrogatory No. 4 was yes, IDENTIFY all PERSONS who can compare your emotional condition prior to and following the incidents of March 21, 2019, March 28, 2019 and/or June 11, 2019 as alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff specifically objects to the extent the interrogatory seeks information covered by attorney work-product or the attorney-client privilege. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records. Plaintiff objects that this interrogatory is overbroad and unduly burdensome and vague and ambiguous in asking for all persons with knowledge of any fact. Plaintiff further objects that this interrogatory asks for information not proportional to the needs of the case. Plaintiff objects based on the right to privacy, including the privacy of third parties. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated

discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007). Plaintiff further objects to the extent that facts and City employees present at the scene are publicly available or more readily available to the City of Los Angeles.

Subject to and without waiving the foregoing objections, Plaintiff directs the City to those persons listed in her initial disclosures. Plaintiff reserves the right to supplement these responses at a later date, as discovery is ongoing.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY each piece of property YOU claim the CITY destroyed for which YOU are seeking damages and the exact monetary value of each item.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff also objects on the ground that the information sought is equally available and/or known to City through its own reports of items taken by the City, its witnesses, and its agents, and through Plaintiff's filed government tort claims. Plaintiff further specifically objects that the interrogatory is ambiguous as to the term "damages" and whether the term refers solely to monetary relief. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused state and her inability to keep and maintain contemporaneous records while having her belongings repeatedly taken.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. See *Brum Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiver of any of the foregoing objections, Plaintiff responds as follows: The City failed to provide Plaintiff with an inventory of the items destroyed, but as far as Plaintiff recalls, they were as follows: On March 21, 2019, the City of Los Angeles took and destroyed Plaintiff's social security card, ID, birth

certificate, children's birth certificates, hygiene products, clothing, tarps, tent, blankets, sleeping bags, wooden chest, and technology including multiple phones and a Samsung tablet. On June 11, 2019, the City of Los Angeles took and destroyed Plaintiff's clothing, bedding, tarps, tent, hygiene products, bike parts, tools, storage items, small table, fan, and cleaning supplies. She does not now recall the precise value of each item.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY the items in the wooden chest described in paragraph 159 of YOUR COMPLAINT that YOU allege were discarded by the CITY, if any.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff also objects on the ground that the information sought is equally available and/or known to City through its own reports of items taken by the City, its witnesses, and its agents, and through Plaintiff's filed government tort claims. Plaintiff further specifically objects that the interrogatory is ambiguous as to the term "damages" and whether the term refers solely to monetary relief. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused state and her inability to keep and maintain contemporaneous records while having her belongings repeatedly taken.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. See *Brum Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiver of any of the foregoing objections, Plaintiff responds as follows: The City failed to provide Plaintiff with an inventory of the items destroyed, but as far as Plaintiff recalls, they were as follows: the City of Los Angeles

1   took and destroyed Plaintiff's social security card, ID, birth certificate, children's birth

2   certificates, cash, technology, and clothing.

3   **SPECIAL INTERROGATORY NO. 10:**

4   IDENTIFY all PERSONS with knowledge of the facts stated in YOUR

5   response to Interrogatory No. 9.

6   **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

7   Plaintiff directs the City to those persons listed in her initial disclosures.

8   Plaintiff reserves the right to supplement these responses at a later date, as discovery

9   is ongoing.

10  Dated: November 13, 2020          Respectfully submitted,
                                      LEGAL AID FOUNDATION OF LOS ANGELES

12                                    /s/ Mallory B. Andrews _____
                                      Mallory B. Andrews

13                                    *Attorneys for Plaintiffs Gladys Zepeda, Miriam*
14                                    *Zamora, Ali El-Bey, Pete Diocson Jr., Marquis*
                                      *Ashley, James Haugabrook, and Ktown for All*

---

15

## PROOF OF SERVICE

I, La Tonya Fountain, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is KIRKLAND & ELLIS LLP, 555 South Flower Street, Los Angeles, CA 90071.

On November 13, 2020, I served the following document(s) described as:

**PLAINTIFF MIRIAM ZAMORA'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE); VERIFICATION.**

on the interested parties in this action as follows:

☒ **E-MAIL**

By transmitting via electronic mail to the e-mail address(es) set forth below on this date. I am aware that service is presumed invalid if the e-mail transmission is returned as undeliverable.

FELIX LEBRON,
felix.lebron@lacity.org,
A. PATRICIA URSEA,
patricia.ursea@lacity.org,
JESSICA MARIANI,
jessica.mariani@lacity.org
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone: (213) 978-7559
Facsimile:   (213) 978-7011

*Attorneys for Defendant,  CITY OF LOS ANGELES*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2020, at Los Angeles, California.

_____
La Tonya D. Fountain

Shayla Myers (SBN 264054)
Mallory Andrews (SBN 312209)
LEGAL AID FOUNDATION OF LOS ANGELES
7000 South Broadway
Los Angeles, CA 90003
Telephone: (213) 640-3983
Email: smyers@lafla.org
        mbandrews@lafla.org

*Attorneys for Gladys Zepeda, Miriam Zamora,
Ali El-Bey, James Haugabrook, Pete Diocson Jr.,
Marquis Ashley, and Ktown for All*

*Additional Attorneys on Next Page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JANET GARCIA, *et al.* | CASE NO. 2:19-cv-06182-DSF-PLA |
| Plaintiffs, | |
| v. | **PLAINTIFF JANE ZEPEDA'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE)** |
| CITY OF LOS ANGELES, a municipal entity, | |
| Defendants. | Complaint Filed Date: July 18, 2019 |

**PROPOUNDING PARTY:** Defendant City of Los Angeles

**RESPONDING PARTY:** Plaintiff Jane Zepeda

**SET:** One

---

Catherine Sweetser (SBN 271142)
Kristina Harootun (SBN 308718)
John Washington (SBN 315991)
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP
11543 West Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 396-0731
Email: csweetser@sshhlaw.com
        kharootun@sshhlaw.com
        jwashington@sshhlaw.com

*Attorneys for Plaintiffs*

Benjamin Allan Herbert (SBN 277356)
William L. Smith (SBN 324235)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680 8400
Email: benjamin.herbert@kirkland.com
        william.smith@kirkland.com

Michael Onufer (SBN 300903)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Email: michael.onufer@kirkland.com

*Attorneys for Plaintiffs Ktown for All, Janet Garcia,
Peter Diocson Jr., Marquis Ashley, Ali El-Bey, and
Association for Responsible and Equitable Public
Spending*

2

Jane Zepeda ("Zepeda"), through her undersigned counsel, hereby provides her objections and responses to City of Los Angeles' (the "City") Special Interrogatories to Plaintiff Zepeda (Set One), served on September 28, 2020, as follows:

### PRELIMINARY STATEMENT

Despite having undertaken a diligent effort to respond to these discovery requests, Plaintiff Jane Zepeda reserves the right to amend or supplement these responses and objections herein if necessary, at a later date, and to use subsequently discovered facts and facts known but whose relevance, significance, or applicability has not yet been ascertained.

1. The responses and objections below are based upon information known or believed to be true by Plaintiff at the time of responding. Plaintiff and her attorneys have not completed their discovery, investigation, or preparation for trial, nor have they concluded their analysis of information gathered to date. Future discovery and independent investigation may supply additional facts or information, add meaning to known facts, and may establish entirely new factual conclusions or contentions. Thus, Plaintiff and her attorneys reserve the right to supplement and/or amend these responses pursuant to the Federal Rules of Civil Procedure and applicable law.

2. Plaintiff's responses are made without in any way waiving or intending to waive, and instead Plaintiff preserves and intends to preserve the following:

(a) The right to raise all questions of authenticity, relevancy, materiality, privilege or admissibility with respect to the information provided and the documents identified and/or produced in response to these Special Interrogatories, which may arise in any subsequent proceeding, including the trial of this or any other action;

(b) The right to object to the use of the information and/or documents in any subsequent proceeding, including the trial of this or any other action;

(c) The right to make subsequent responses if Plaintiff and/or her attorneys uncover additional information and/or documents called for by these Special

3

Interrogatories, as Plaintiff's investigation of the facts and the evidence pertinent to this action is continuing.

3. Words and terms used in the below responses shall be construed in accordance with their normal meanings and connotations, and shall in no way be interpreted as terms of art or statutorily defined terms, and Plaintiff specifically disavows any such meaning or connotation that might be accorded to such terms unless specifically stated otherwise.

4. Nothing in these responses is an admission by Plaintiff of the existence, relevance, or admissibility of any information, for any purpose, or the truth or accuracy of any statement or characterization contained in the response.

## GENERAL OBJECTIONS

The following general objections are made to each and every request and are deemed to be incorporated into the specific objections and responses provided to each request.

1. Plaintiff bases these objections and responses on the assumption that Defendant, in propounding these interrogatories, did not intend to seek information protected against discovery by the attorney-client privilege, the work-product doctrine, or documents that contain or reflect the impressions, conclusion, opinion, legal research or theories of Plaintiff's attorneys or their agents. To the extent that Defendant's interrogatories, or any part thereof, are intended to elicit such information, Plaintiff objects thereto and asserts the privileges provided in and by the foregoing doctrines to the fullest extent permitted by law. Nothing contained in these responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine. Plaintiff does not intend to produce documents that would divulge any privileged information. Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

2.      Plaintiff objects to these interrogatories to the extent that they seek information protected from disclosure by the right to privacy, or any other applicable privilege.  To the extent that Defendant's interrogatories, or any part thereof, are intended to elicit such information, Plaintiff objects thereto and asserts the privileges provided in and by the foregoing doctrines to the fullest extent permitted by law.

3.      Plaintiff objects to each interrogatory to the extent that it purports to impose discovery obligations exceeding those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California, orders entered in this case, or agreements among the parties.

4.      Plaintiff objects to the "Definitions" and "Instructions and Applicable Rules" to the extent that they seek to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California, orders in this case, or agreements among the parties.  Plaintiff further objects to the "Definitions" and "Instructions and Applicable Rules" to the extent they purport to alter the plain meaning and/or scope of any specific request, on the ground that such alteration renders the interrogatory vague, ambiguous, unduly broad, and/or uncertain, by failing to adequately define terms or by using terms the meaning of which are not readily available or decipherable.  Plaintiff will not undertake, assume, or comply with the "Definitions" and "Instructions and Applicable Rules" to the extent they exceed the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California.  Plaintiff's responses shall not be construed as an admission, agreement, or acquiescence in any Definition or Instruction.

5.      Plaintiff objects to each interrogatory to the extent that it is cumulative or duplicative.

6.      Plaintiff is responding to each interrogatory as she interprets and understands each interrogatory with respect to the issues in this action.  If the City

asserts a different interpretation of any interrogatory, Plaintiff reserves the right to supplement or amend its responses and/or objections.

7. Plaintiff objects to each request to the extent that it is overly broad, unduly burdensome, and/or calls for the production of documents or things that are neither relevant to any claim or defense in this action nor reasonably likely to lead to the discovery of admissible evidence.

8. Plaintiff objects to each request to the extent that it calls for information and/or production of documents and/or things that are not within Plaintiff's possession, custody, or control, or calls for Plaintiff to prepare documents and/or things that do not already exist.

9. Plaintiff objects to each interrogatory to the extent that it calls for the production of documents and things that are publicly available or equally available to the City, and therefore are of no greater burden for the City to obtain than for Plaintiff to obtain.

10. Plaintiff objects to each request to the extent that it is vague, ambiguous, or confusing due to City's failure to define terms or failure to describe the information sought with reasonable particularity.

11. Plaintiff objects to any factual characterizations in City's interrogatories. By responding, Plaintiff does not accept or admit any of City's factual characterizations.

12. Plaintiff's discovery and investigation in connection with this case are ongoing. As a result, Plaintiff's responses concern information obtained and reviewed to date, and the objections, limitations, and responses contained in these response are subject to and without waiver of any right of Plaintiff to: (a) object to other discovery requests directed to the subject matter of the requests and this response; (b) make additional or supplementary objections to the Requests; and (c) revise, correct, supplement, or clarify the contents of this Response, after considering information obtained or review through further discovery and investigation.

6

1        13.    No objections, limitation, or response, or lack thereof, made herein shall

2    be deemed an admission by Plaintiff that any definition provided by the City is either

3    factually correct or legally binding upon Plaintiff, or as a waiver of any of Plaintiff's

4    objections, including but not limited to objections regarding discoverability of

5    documents or other evidence.  Plaintiff's enumeration of specific objections in

6    response to each request is not, and should not be construed to be, a waiver of any

7    objection not so specified.

8        14.    By identifying or producing any information, in response to any

9    interrogatory, Plaintiff does not stipulate, and expressly reserves all objections, to the

10   authenticity, relevance, materiality, and admissibility of any such information.

11       15.    If Plaintiff provides information in response to any interrogatory,

12   Plaintiff reserves the right to provide additional information that may come to her

13   attention or become available in the future or to use such information in any hearing

14   or proceeding in this litigation or any other action.

15       16.    Any response by Plaintiff that she will produce documents, responses,

16   and/or materials should not be construed to mean that responsive documents in fact

17   exist; only that, if such relevant, non-privileged, non-objectionable documents exist,

18   are in Plaintiff's possession, custody, or control, and are located after a reasonable

19   search of the location or locations where responsive documents are most likely to be

20   located, they will be produced in a timely manner.

21       These general objections are incorporated into each of the responses set forth

22   below.

Case 2:19-cv-01810-DSF-PLA   Document 155-6   Filed 04/01/21   Page 154 of 315   Page ID #:7050

23   **RESPONSES TO SPECIAL INTERROGATORIES**

24   **SPECIAL INTERROGATORY NO. 1:**

25       IDENTIFY by type, amount, and category all damages YOU seek for the

26   claims alleged in YOUR COMPLAINT.

27

28

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff also objects to the extent this interrogatory is unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records. Plaintiff also objects on the ground that the information sought is equally or more readily available and/or known to City through its own reports of items taken by the City, its witnesses, related agencies, and its agents. Plaintiff has specifically sought discovery from Defendant from which to glean responsive information; however, to date, Defendant has refused to provide such discovery. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiver of any of the foregoing objections, Plaintiff responds as follows: Plaintiff estimates her property damages at over $5,000. She is also seeking emotional distress damages and damages for the violation of her constitutional rights in the amount of $15,000.

**SPECIAL INTERROGATORY NO. 2:**

State with particularity the method by which YOU quantified or calculated the damages identified in response to Interrogatory No. 1.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See*

1  *Braun Med., Inc. v. Abbott Labs*., 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting

2  delay in responses until designated discovery completed); *Lucero v. Valdez*, 240

3  F.R.D. 591, 594 (D. N.M. 2007).

4        Plaintiff has not completed quantifying or calculating all money damages

5  associated with her case.  Subject to and without waiving the foregoing objections,

6  Plaintiff responds as follows:  She does not now recall the precise value of each item,

7  but she recalls that because she and Ms. Zamora had recently been evicted, they had

8  most of their household belongings with them during the March 21, 2019 cleanup

9  such as clothing, technology, hygiene products, cleaning products, cash, and important

10  documents. She believes $45 in cash was thrown out. One Samsung phone, two

11  iPhones, and a Samsung tablet belonging to Plaintiff and Ms. Zamora were thrown

12  out, along with other technology. Those technology items alone were likely worth

13  well over a thousand dollars. The City threw out more belongings on June 11, 2019.

14  Altogether Plaintiff estimates the total value of belongings taken at around $5000. She

15  is also seeking damages for the violation of her constitutional rights and emotional

16  distress.

17  **SPECIAL INTERROGATORY NO. 3:**

18        IDENTIFY all facts supporting any damages that YOU contend YOU have

19  suffered as a result of the conduct alleged in YOUR COMPLAINT.

20  **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

21        Plaintiff incorporates her General Objections as though set forth fully herein.

22  Plaintiff specifically objects that "state all facts" interrogatories of this kind are unduly

23  burdensome, harassing, overly broad, and an improper use of the discovery

24  process.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan.

25  1998) (providing "every fact" could require "laborious, time consuming analysis,

26  search and description of incidental, secondary, and perhaps irrelevant and trivial

27  details.").  *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D.

28  Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same).

Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and compound.  Plaintiff further objects on the ground that this interrogatory calls for a legal conclusion and on the ground that the information requested is in the possession of the Defendants.  Additionally, Plaintiff objects that this interrogatory calls for attorney work product and attorney client communications.

Plaintiff also objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med.*, *Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

**SPECIAL INTERROGATORY NO. 4:**

Do YOU claim to have experienced emotional distress as a result of the CITY allegedly taking and destroying YOUR property on or about March 21, 2019, March 28, 2019 and/or June 11, 2019 as alleged in YOUR COMPLAINT?

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Yes.

**SPECIAL INTERROGATORY NO. 5:**

If your answer to Interrogatory No. 4 was yes, explain with specificity the nature of the emotional distress.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff specifically objects that "state all facts" interrogatories of this kind are unduly burdensome, harassing, overly broad, and an improper use of the discovery process.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details.").  *See also Safeco of America v. Rawstron*, 181 F.R.D. 441, 447–48 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (same).

Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad and compound. Plaintiff further objects on the ground that this interrogatory calls for a legal conclusion and on the ground that the information requested is in the possession of the Defendants. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs*., 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

Subject to and without waiving any of the foregoing objections, Plaintiff responds as follows: Having her property taken was a source of extreme stress. She had just been evicted and lost almost everything she owned when the City took her property. She didn't know where she would sleep because her tents and blankets were taken and she didn't know what she would wear because most of her clothing was taken. She was left hypervigilant, anxious, and in constant fear of losing her property, unable to leave her property unguarded to find housing, work, or supplies because she was afraid that the City would take everything again.

**SPECIAL INTERROGATORY NO. 6:**

If your answer to Interrogatory No. 4 was yes, IDENTIFY all PERSONS who has knowledge of any fact pertaining to the emotional distress.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff specifically objects to the extent the interrogatory seeks information covered by attorney work-product or the attorney-client privilege. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and consistent seizure of and destruction of her belongings by the Defendant, which limits her ability to keep and maintain contemporaneous records. Plaintiff objects that this interrogatory is overbroad and unduly burdensome and vague and ambiguous in asking for all persons with

**PLAINTIFF JANE ZEPEDA'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE)**

knowledge of any fact. Plaintiff further objects that this interrogatory asks for information not proportional to the needs of the case. Plaintiff objects based on the right to privacy, including the privacy of third parties. Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007). Plaintiff further objects to the extent that facts and City employees present at the scene are publicly available or more readily available to the City of Los Angeles.

Subject to and without waiving the foregoing objections, Plaintiff directs the City to those persons listed in her initial disclosures. Plaintiff continues to reserve the right to supplement these responses at a later date, as discovery is ongoing.

**SPECIAL INTERROGATORY NO. 7:**

If your answer to Interrogatory No. 4 was yes, IDENTIFY all PERSONS who can compare your emotional condition prior to and following the incidents of March 21, 2019, March 28, 2019 and/or June 11, 2019 as alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff specifically objects to the extent the interrogatory seeks information covered by attorney work-product or the attorney-client privilege. Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused status and thus inability to keep and maintain contemporaneous records. Plaintiff objects that this interrogatory is overbroad and unduly burdensome and vague and ambiguous in asking for all persons with knowledge of any fact. Plaintiff further objects that this interrogatory asks for information not proportional to the needs of the case. Plaintiff objects based on the right to privacy, including the privacy of third parties. Plaintiff objects that discovery

1  is still ongoing and reserves the right to supplement this response should relevant
2  information be discovered at a later date. *See Braun Med., Inc. v. Abbott Labs.*, 155
3  F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated
4  discovery completed);*Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007). Plaintiff
5  further objects to the extent that facts and City employees present at the scene are
6  publicly available or more readily available to the City of Los Angeles.

7       Subject to and without waiving the foregoing objections, Plaintiff directs the
8  City to those persons listed in her initial disclosures. Plaintiff reserves the right to
9  supplement these responses at a later date, as discovery is ongoing.

10 **SPECIAL INTERROGATORY NO. 8:**

11       IDENTIFY each piece of property YOU claim the CITY destroyed for which
12 YOU are seeking damages and the exact monetary value of each item.

13 **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

14       Plaintiff incorporates her General Objections as though set forth fully herein.
15 Plaintiff also objects on the ground that the information sought is equally available
16 and/or known to City through its own reports of items taken by the City, its witnesses,
17 and its agents, and through Plaintiff's filed government tort claims. Plaintiff further
18 specifically objects that the interrogatory is ambiguous as to the term "damages" and
19 whether the term refers solely to monetary relief.  Plaintiff also objects to the extent
20 this interrogatory is overly broad and unduly burdensome given the amount of items
21 taken and Plaintiff's unhoused state and her inability to keep and maintain
22 contemporaneous records while having her belongings repeatedly taken.

23       Plaintiff objects that discovery is still ongoing and reserves the right to
24 supplement this response should relevant information be discovered at a later date. See
25 *Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting
26 delay in responses until designated discovery completed); *Lucero v. Valdez*, 240
27 F.R.D. 591, 594 (D. N.M. 2007).

28

Subject to and without waiver of any of the foregoing objections, Plaintiff responds as follows: The City failed to provide Plaintiff with an inventory of the items destroyed, but as far as Plaintiff recalls, they were as follows: On March 21, 2019, the City of Los Angeles took and destroyed Plaintiff's social security card, ID, birth certificate, hygiene products, clothing, tarps, tent, blankets, sleeping bags, wooden chest, and technology. On June 11, 2019, the City of Los Angeles took and destroyed Plaintiff's clothing, bedding, tarps, tent, hygiene products, bike parts, tools, storage items, small table, fan, and cleaning supplies. She does not now recall the precise value of each item.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY the items in the wooden chest described in paragraph 159 of YOUR COMPLAINT that YOU allege were discarded by the CITY, if any.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Plaintiff incorporates her General Objections as though set forth fully herein. Plaintiff also objects on the ground that the information sought is equally available and/or known to City through its own reports of items taken by the City, its witnesses, and its agents, and through Plaintiff's filed government tort claims. Plaintiff further specifically objects that the interrogatory is ambiguous as to the term "damages" and whether the term refers solely to monetary relief.  Plaintiff also objects to the extent this interrogatory is overly broad and unduly burdensome given the amount of items taken and Plaintiff's unhoused state and her inability to keep and maintain contemporaneous records while having her belongings repeatedly taken.

Plaintiff objects that discovery is still ongoing and reserves the right to supplement this response should relevant information be discovered at a later date. See *Braun Med., Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in responses until designated discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

1      Subject to and without waiver of any of the foregoing objections, Plaintiff

2  responds as follows: The City failed to provide Plaintiff with an inventory of the items

3  destroyed, but as far as Plaintiff recalls, they were as follows: the City of Los Angeles

4  took and destroyed Plaintiff's social security card, ID, birth certificate, cash,

5  technology, and clothing.

6  **SPECIAL INTERROGATORY NO. 10:**

7      IDENTIFY all PERSONS with knowledge of the facts stated in YOUR

8  response to Interrogatory No. 9.

9  **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

10     Plaintiff directs the City to those persons listed in her initial disclosures.

11  Plaintiff reserves the right to supplement these responses at a later date, as discovery

12  is ongoing.

13

14  Dated:  November 13, 2020      Respectfully submitted,

15                             LEGAL AID FOUNDATION OF LOS ANGELES

16

17                             */s/ Mallory B. Andrews*

                               Mallory B. Andrews

18                           *Attorneys for Plaintiffs Gladys Zepeda, Miriam*

19                         *Zamora, Ali El-Bey, Pete Diocson Jr., Marquis Ashley, James Haugabrook, and Ktown for All*

20

21

22

23

24

25

26

27

28

**PLAINTIFF JANE ZEPEDA'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE)**

## **PROOF OF SERVICE**

I, La Tonya Fountain, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is KIRKLAND & ELLIS LLP, 555 South Flower Street, Los Angeles, CA 90071.

On November 13, 2020, I served the following document(s) described as:

**PLAINTIFF JANE ZEPEDA'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF LOS ANGELES' SPECIAL INTERROGATORIES (SET ONE); VERIFICATION.**

on the interested parties in this action as follows:

☒ **E-MAIL**

By transmitting via electronic mail to the e-mail address(es) set forth below on this date. I am aware that service is presumed invalid if the e-mail transmission is returned as undeliverable.

FELIX LEBRON,
felix.lebron@lacity.org,
A. PATRICIA URSEA,
patricia.ursea@lacity.org,
JESSICA MARIANI,
jessica.mariani@lacity.org
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone: (213) 978-7559
Facsimile:   (213) 978-7011

*Attorneys for Defendant,  CITY OF LOS ANGELES*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2020, at Los Angeles, California.

_____
La Tonya D. Fountain

EXHIBIT 6

**Legal Aid Foundation of Los Angeles**
South Los Angeles Office
7000 S. Broadway
Los Angeles, CA 90003

1-800-399-4529
www.lafla.org



Our File Number: 19-1311049

November 19, 2020

<u>**VIA EMAIL ONLY**</u>

Patricia Ursea
Gabriel Dermer
Felix Labron
Office of the City Attorney
200 N. Main Street, 6th Floor
Los Angeles, California 90012

RE: *Garcia v. City of Los Angeles*, 2:19-CV-06182
Follow Up to November 16, 2020 Conference Call to Meet and Confer re: City's
Production of Responsive Discovery

Dear Counsel,

Thank you for meeting with us on Monday, for what we hope will prove to be a productive conversation.  We appreciate the City's willingness to now engage in a conversation about producing data and other documents responsive to the requests we provided to the City in October 2019.  Below are our understandings of the City's current positions on a number of outstanding issues as well as our position relative to those issues.  If this does not reflect the City's position, please let us know immediately.   We look forward to hearing from you later today on these issues.

<u>**Form of Production**</u>

Plaintiffs continued to raise the issue of the form of the City's production.  As noted on the call, we appreciate that the City has switched to producing the documents in TIFF format with the metadata intact.  We appreciate the City's willingness to begin producing the documents in this form and providing us useful metadata, without the need for court intervention

The City's latest production of documents in the requested form does not address our concerns about the lack of metadata in the City's initial productions of approximately 7400 documents, which we raised on the call.  We requested the City do so now, with the same Bates numbers, since a number of the documents have been used in court filings, including the pending appeal of the Court's preliminary injunction.  On the call, Mr. Dermer indicated he thought it was possible; thereafter, he responded that it was not.

---

**Other Office Locations:**
**East Los Angeles Office**, 5228 Whittier Blvd., Los Angeles, CA 90022
**Long Beach Office**, 601 Pacific Ave., Long Beach, CA 90802
**Santa Monica Office**, 1640 5th St., Suite 124, Santa Monica, CA 90401
**Ron Olson Justice Center**, 1550 W. 8th Street., Los Angeles, CA 90017



The City's response to this is unsatisfactory, given the importance of the documents included in these first productions.  Plaintiffs explicitly requested the City produce the metadata in our Requests for Production, and we raised the issue of metadata and the form of production of documents during our Rule 26 conference.  We did so to avoid this situation and in an attempt to prevent the parties from having to fight about these issues.  The City chose instead to produce the documents in PDF form, which erased all of the metadata, including the date and time stamps for hundreds of photographs of the very specific incidents outlined in the complaint.  Moreover, the City produced thousands of documents in only a handful of PDFs.  As we have repeatedly pointed out, this is obviously not how the documents are kept in the normal course, and the PDFs provided no metadata about when the documents were created, who created the documents, or even when one document ends and the next document starts.

The City's prior attempt to address our concerns, an index of the documents, does not obviate the need to produce metadata, and the index provided on September 25 is woefully inadequate.  In fact, we note that the index produced by the City is less detailed than the index you provided in your Rule 26 disclosures.

While we are entitled to receive the documents with the metadata intact, and it was the City's own intransigence on this issue that led to this point, we are willing to compromise.  We request the City provide us with the photographs previously produced as part of its production in October as TIFF files or JPG files, with the metadata intact.  We're willing to meet and confer about the form of the other City reports related to the cleanups outlined in the complaint,  once we review the data and reports the City is willing to produce based on our call.

We also need confirmation that, going forward, the City intends to produce the documents in the form of the last productions--namely TIFF files with the metadata intact.  Please confirm the City intends to produce all discovery in this format going forward, so we can avoid further laborious debates on this point.

## Continued Deficiencies in the City's Amended Written Responses to Plaintiffs' Requests for Production

The parties discussed the City's written responses to Plaintiffs' RFPs, which have been amended, but the amendments did not address any of the infirmities raised by Plaintiffs.  Plaintiffs again reiterated that the City's Amended and Restated Responses to Plaintiffs' Requests for Production are deficient under Rule 34, and as such, Plaintiffs are unable to discern what the City is withholding or limiting, much less the basis on which each piece of information is being withheld or limited.  This applies to all of the RFPs to which the City has agreed to produce responsive documents, including RFPs 1, 3-29, and 43-49.

Although the City indicated that nothing has been withheld, Plaintiffs again explained that, based on their review of discovery to-date, certain documents have proven conspicuously absent from the record. For example, the City indicated it would produce organizational charts and job descriptions and has done so, but the City appears to have produced some charts and has not produced other charts, including for example, failing to produce the organizational chart the City has placed on its website, and producing the FY 2018-19 proposed Sanitation chart, but not the FY 20-21 chart.  In addition, the City has produced operations and daily assignment logs for the cleanups conducted in South LA but not for the specific cleanups listed in the complaint.  The City has also failed to produce any scheduling documents like HE/ID confirmations, route confirmations, etc., or the documentation of authorizations for the cleanups impacting the individual Plaintiffs.  Plaintiffs have not received some police body camera footage from each of the cleanup incidents, including, for instance, the body camera footage of LAPD Officers Lucero, Argueta, Cottle and Kim from their June 4, 2019 encounter with individual plaintiff Ali El-Bey at the intersection of Oakwood and Western in Koreatown. The written responses provide no explanation for these deficiencies, and it is unclear whether the City is withholding documents based on the City's myriad objections, has not sufficiently searched for responsive documents, or if these documents do not exist.

In response, Ms. Ursea noted that the production of documents was ongoing.  As we noted, the City has had Plaintiffs' first set of RFPs since October 2019.  Moreover, the City has not provided us a date certain for the completion of even these incredibly basic documents, which is required by Federal Rule of Civil Procedure 34.  Plaintiffs also noted again that we are in need of many of these documents to proceed with further discovery, and the failure to provide these basic documents along with the refusal to provide a date certain is causing unnecessary delays in this litigation.  Plaintiffs emphasized the amount of time that has passed since its discovery requests were initially provided to the City. Appreciating this fact, the City indicated it will provide Plaintiffs with an update on Thursday, November 19 on a date certain by which the City will have completed its production of documents responsive to this first set of RFPs.

**Responsive Raw Data**

1.      Documents and data related to encampment cleanups

The City is now discussing internally the feasibility of exporting and producing all responsive raw data, both quantitative and qualitative, from three databases in the City has identified that are used by LA Sanitation to store data related to cleanups:  WPIMS, AMS, and MyLA (311 requests).  The City indicated on the call that, after touching base with the respective City departments that serve as custodians of each database, the City will inform Plaintiffs by Thursday, November 19 whether such data will be made available.

We are glad the City is now considering simply providing us the data we requested, instead of requiring us to seek court intervention.  There was some question on the phone whether the City uses other databases to store data from LA Sanitation or other departments related to the City's encampment cleanups.  While these are the databases that we are aware of, we asked in discovery for data from all databases, and certainly the City is in a better position than Plaintiffs to identify what databases are used by the City and where that data exists.  As we discussed, I asked this question to the employee ostensibly responsible for reports elated to cleanups, and he similarly was unable to provide a complete answer.  This seems relatively straightforward to us, and it is concerning that the answer appears not to be known within the City, given that Plaintiffs provided the City with these document requests in October 2019

We expect the City on Thursday will be able to provide us an answer as to 1) what data it will export and provide to Plaintiffs; 2) whether it is withholding any data or whether there are any databases that contain data responsive to Plaintiffs' requests that it is not producing; and 3) the date certain by which the City will produce this data.

We also hope the City can clarify the extent to which Ms. Ursea's expressed willingness to now work on exporting reports, etc., rather than searching for specific documents extends to qualitative documentation related to cleanups, such as the health hazard assessment reports, and other documents like health hazard checklists and photographs of other cleanups, or if the City remains committed to its refusal to produce these documents for any cleanups other than those identified in the complaint.

2.      Complaints about property seizure and destruction

RFPs 38-41 seek data related to other complaints against the City related to the seizure and destruction of property.  These documents are relevant to Plaintiffs' claims that the City has customs, patterns, and practices that violate the US and state Constitutions and is also relevant to proving Plaintiffs' individual claims.  The City appears to now be agreeing to search for responsive documents.  Again, this is a welcome change, after the City's unwillingness to meet and confer, let alone search for responsive documents for the past four months.

With respect to the database called Citylaw, the responsive data in question relates to Government Tort Claims filed against the City.  In addition, complaints or grievances filed against the City, including the LAPD, related to the seizure and/or destruction of homeless people's belongings (RFP Nos. 38-39). We understand the City's position that any responsive data intended to be produced from the Citylaw system would have to undergo privilege assessment, plus the City currently does not know how quickly or easily such responsive information could be retrieved from the Citylaw database anyway. Plaintiffs offered, if the City is willing to divulge Citylaw's searchable fields and search parameters, to work with the City to create and conduct a reasonable search or searches. The City indicated they will explore the features and functionality of Citylaw and report back regarding possible paths forward on Thursday, November 19.

The City also agreed to coordinate with the Los Angeles Police Department (LAPD) to pull all responsive police reports using relevant search terms (e.g., cleanup, homeless, transient, bulky items, etc.) from the LAPD's Automated Data System, which is responsive to RFPs 40 and 41. The City explained some information within the reports may be confidential, but it is willing to provide all responsive reports to Plaintiffs following internal review, with the understanding that Plaintiffs will then review the police reports and on a future date further meet and confer with the City about the production of associated police investigative files. The City indicated it will run some search terms within the LAPD's Automate Data System and follow up with Plaintiffs regarding the production of responsive police reports on Thursday, November 19.   At that time, we request the City provide Plaintiffs the search terms used by the City to search for responsive documents.

Among the police reports responsive to Plaintiffs' Requests for Production are the Release from Custody (RFC) citations for violation of LAMC 56.11. As discussed during the call, the City's Response to Request for Production No. 40 indicates there are approximately 3,300 of these RFCs. The City indicated in those responses that the City was willing to meet and confer about whether it would be able to provide a spreadsheet of all of the RFCs.  As indicated during the call, Plaintiffs obtained that spreadsheet of these from the City's open data source, so all that is outstanding is production of the RFCs themselves. We maintain that these RFCs, which are notices to appear and serve as complaints, should be accessible to the City Attorney's office in digital copy, as these are submitted to court in digital copy. Plaintiffs agreed to send the City the spreadsheet obtained for the City's convenience, and the City indicated they will contact the criminal division of the City Attorney's office for access to these documents. Plaintiffs look forward to receiving an update on the production of responsive RFCs on Thursday, November 19.

3.      Storage Data (Request for Production Nos. 43-49)

Plaintiffs reiterated our request for quantitative data related to storage, noting again that the City had quantitative summaries of data in its opposition to Plaintiffs' preliminary injunction, and had now produced some handwritten "chain of custody forms."  Plaintiffs again requested the City produce the raw data that was used to create the spreadsheets used by the City in papers filed with the Court.  The City indicated it was unaware of the source of the data used by the City in its opposition and would reach out to Chrysalis, the likely custodian of this data.  The City indicated it would be willing to track down and gather the location of all such responsive qualitative and quantitative data for production to Plaintiffs. We look forward to the City's update on production of this data on Thursday, November 19.

Also, we did not note this on the call, but the City's production of the storage receipts is incomplete.  The City appears to have provided storage receipts for January-March 2018 and April 2019 to the present.  We assume, based on the form of the production, that it was straightforward to produce these documents, and we expect the City will produce the remainder of 2018 and the first three months of 2019.

**Responsive Communications**

With respect to responsive discovery related to communications, the City has agreed that it will provide responsive communications, and Plaintiffs agreed to provide the City with a list of custodians and search terms for review, in order to identify responsive communications. The parties agreed to meet and confer about the search terms should the City dispute the list, and once the list is finalized the City agreed to run the search terms, evaluate the number of hits, and further meet and confer about the production with Plaintiffs. Plaintiffs agreed to provide the City with this list of custodians and search terms Plaintiffs indicated that this list of custodians will likely be supplemented on a future date given the City's currently anticipated additional document productions, and the City indicated it understood this.  We assume this means the City will search for additional responsive documents when those custodians are identified, but we would appreciate a confirmation on this point.

**Conclusion**

We look forward to conferring again once the City receives the additional information it needs to address these outstanding issues. As mentioned on our call, there are a number of other outstanding issues related to production.  We agreed to defer the discussion of those issues until the City has further information about its ability to provide us data responsive to our requests.  It is obviously our hope the City's production will address these issued.

Finally, while we appreciate the City's willingness to now cooperate with Plaintiffs and look into producing additional documents, as we noted on the call, the City has had the RFPs since October 2019 and has objected based on burden since then.  We have repeatedly attempted to meet and confer on these issues and find compromises.  The City's willingness to now investigate and see how feasible it is to produce responsive documents, at the eleventh hour after Plaintiffs have indicated our intention to move to compel, leads to concerns that this change in approach is little more than an attempt to further delay this litigation.  The fact that the City remains unable to answer straightforward questions about the availability of data, after spending months objecting to burden and overbreadth, further undermines the City's credibility on these issues.

We have expressed since the beginning of this case that it is the parties' best interest to meet and confer to address these issues, without involving the court.  But this further delay must yield further responsive discovery or we will need to seek court intervention, and we will raise these continued efforts to delay with the Court.

We look forward to hearing from you today.

Sincerely,

/s

Shayla Myers
Pui-Yee Yu

EXHIBIT 7



**Patricia Ursea <patricia.ursea@lacity.org>**

___

## Re: Garcia v. City of Los Angeles
1 message

**Patricia Ursea** <patricia.ursea@lacity.org>                    Thu, Nov 19, 2020 at 5:07 PM
To: "Shayla R. Myers" <SMyers@lafla.org>
Cc: Felix Lebron <felix.lebron@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>, Pui-Yee Yu <PYu@lafla.org>,
"Herbert, Benjamin Allen" <benjamin.herbert@kirkland.com>, Michael Onufer <michael.onufer@kirkland.com>, "Park,
Patrick" <patrick.park@kirkland.com>, "Blake, Sam" <sam.blake@kirkland.com>, Cathy Sweetser
<catherine.sdshhh@gmail.com>

Counsel,

As promised, below is an update on the database issues we discussed on Tuesday.  Your letter raises a multitude of
additional issues, which we will address separately as soon as we can.  As you know, our colleague who has been primarily
handling the City's discovery responses and related document collection is out on leave this month and will be returning
on Nov. 30.  While we have done our best to pick up where he left off, we do not have all the relevant history on document
collection and production to be able to immediately respond to all the issues you raise.  We will follow up on those issues
as soon as we obtain the necessary information.

**MyLA 311 Database:**  With the two exceptions noted below, all data related to encampment cleanups from 1/1/18 to the
present will be exported into an Excel spreadsheet and produced. This will include data from all fields except for the
contact information of the requestor, to protect confidentiality.  Photographs associated with these cleanups are housed
separately and there is no automated method for exporting them.  As we have explained, the number of photographs
associated with cleanups vary dramatically and could include as many as 700 photographs.  Each photograph for each
cleanup would need to be downloaded manually.  If after seeing the data, Plaintiffs wish to request photographs for some
reasonable subset of the cleanups, we can meet and confer about such a request.  The anticipated date of completion is
December 18, 2020.

**WPIMS database:**  With the exception discussed below, all data related to encampment cleanups from 1/1/18 to the
present will be exported into an Excel spreadsheet adn produced.  There is no automated method for exporting cleanup
reports associated with the cleanups.  These reports are stored as separate documents and each must be downloaded
manually.  If after seeing the data, Plaintiffs wish to request cleanup reports for some reasonable subset of the cleanups,
we can meet and confer about such a request.  The anticipated date of completion is December 18, 2020.

**AMS database:**  We are waiting to hear back on what data is stored in AMS that is not also stored in MyLA.  We
understand there is significant overlap.  To the extent there is data in AMS that is not stored in MyLA, that data will be
produced.  The anticipated date of completion is December 18, 2020.

**RFCs:**  RFCs are not stored electronically by the LAPD.  They are stored in paper format and organized by month and
year, not by the nature of the violation.  The Criminal Branch has only one record of an RFC that was filed electronically;
the remainder were filed in paper form and are not stored electronically.  We are still exploring whether there is any
feasible and reasonable way to satisfy Plaintiffs' request and will get back to you once we have exhausted any remaining
possibilities.

**Complaints to LAPD:**  The City will export the intake summaries (i.e., the complaints) that relate to seizure or
destruction of unhoused person's belongings into a spreadsheet and produce it.  The spreadsheet will only include
investigations that have been closed as ongoing investigations are privileged.  The anticipated date of completion is
December 18, 2020.

**Government Claims:**  We have confirmed that CityLaw has extremely limited search capabilities.  Each search term
must be run individually across the database, then the results must be reviewed for responsiveness.  In addition, if paper
claims are submitted, they are uploaded as pdfs and are not searchable.  There is no specific field or combination of fields
that would capture only seizure or destruction of unhoused persons' property.  The City will run searches across the
entire database and will export the text of all relevant claims into an Excel spreadsheet.  The anticipated date of
completion is December 18, 2020.

**Storage Data:**  The City intends to produce data tracked by Chrysalis.  We are waiting to hear back from the Chrysalis
coordinator, who is new to the position, on the details of the data and anticipated timeframe.

---

To be clear, the City's position continues to be that the data described above -- all of which involves cleanup operations wholly unrelated to Plaintiffs or their belongings -- is not relevant to Plaintiffs' claims and given the burden associated with collecting and producing it, the requests for this data are not proportional to the claims. The City agrees to produce the data described above in an effort to compromise, avoid onerous and costly discovery motion practice, and move the case forward to the merits. The agreement to produce this data is not intended to waive the City's arguments related to relevance, proportionality, or any other objections asserted in response to the RFPs.

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Thu, Nov 19, 2020 at 10:33 AM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find further correspondence regarding the City's responses to Plaintiffs' RFPs, Set One. We look forward to hearing from you today regarding the City's production of data and other responsive documents.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

EXHIBIT 8



**Patricia Ursea <patricia.ursea@lacity.org>**

---

# Re: Garcia v. City of Los Angeles
1 message

---

**Shayla R. Myers** <SMyers@lafla.org>                    Tue, Nov 24, 2020 at 4:43 PM
To: Patricia Ursea <patricia.ursea@lacity.org>
Cc: Felix Lebron <felix.lebron@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>, Pui-Yee Yu <PYu@lafla.org>, "Herbert, Benjamin Allen" <benjamin.herbert@kirkland.com>, Michael Onufer <michael.onufer@kirkland.com>, "Park, Patrick" <patrick.park@kirkland.com>, "Blake, Sam" <sam.blake@kirkland.com>, Cathy Sweetser <catherine.sdshhh@gmail.com>

Counsel,

Attached please find correspondence re: Plaintiffs' initial list of custodians and search terms for email discovery as well as our initial list of search terms. We look forward to hearing from you.

Also, we appreciate Ms. Ursea's email confirming the City's intention to produce data contained in the MyLA311, WPIMS, and AMS databases and the representations related to the production of other documents. We will follow up with some further considerations next week. As an initial matter, we disagree with the City's decision to limit the production of data from these specific databases to only January 1, 2018, given that the data is a public record, as I noted on the call, and producing data going back to April 2016 will not create any more work for the City. We also do not understand why there will be yet another month delay before the City will produce these basic spreadsheets. It should be very straightforward for the City to export this data and provide it to Plaintiffs. Especially in light of the City's suggestion that we use the databases to identify additional documents responsive to our requests, we request the City provide us these databases immediately.

Finally, the discovery cutoff in this case is two months. Given where the parties are in discovery as well as the current uncertainty related to COVID, we believe it is unreasonable for the parties to complete discovery by January 25, 2021. We suggest the parties seek a six month extension of all trial dates. Doing so will allow the parties to work towards the resolution of some of these issues without immediate motion practice related to the City's responses to Plaintiffs' discovery. We also think, in light of the current global pandemic, which has had a particular impact on our clients, that such an extension is warranted and would be granted by the Court. If the City is willing to stipulate to this continuance, please let us know and we will draft a stipulation and order for your review.

We look forward to hearing from you on these matters.

-Shayla

---

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, November 19, 2020 5:07 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Pui-Yee Yu <PYu@lafla.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Michael Onufer <michael.onufer@kirkland.com>; Park, Patrick <patrick.park@kirkland.com>; Blake, Sam <sam.blake@kirkland.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>
**Subject:** Re: Garcia v. City of Los Angeles

Counsel,

As promised, below is an update on the database issues we discussed on Tuesday.  Your letter raises a multitude of additional issues, which we will address separately as soon as we can.  As you know, our colleague who has been primarily handling the City's discovery responses and related document collection is out on leave this month and will be returning on Nov. 30.  While we have done our best to pick up where he left off, we do not have all the relevant history on document collection and production to be able to immediately respond to all the issues you raise.  We will follow up on those issues as soon as we obtain the necessary information.

**MyLA 311 Database:**  With the two exceptions noted below, all data related to encampment cleanups from 1/1/18 to the present will be exported into an Excel spreadsheet and produced. This will include data from all fields except for the contact information of the requestor, to protect confidentiality.  Photographs associated with these cleanups are housed separately and there is no automated method for exporting them.  As we have explained, the number of photographs associated with cleanups vary dramatically and could include as many as 700 photographs.  Each photograph for each cleanup would need to be downloaded manually.  If after seeing the data, Plaintiffs wish to request photographs for some reasonable subset of the cleanups, we can meet and confer about such a request.  The anticipated date of completion is December 18, 2020.

**WPIMS database:**  With the exception discussed below, all data related to encampment cleanups from 1/1/18 to the present will be exported into an Excel spreadsheet adn produced.  There is no automated method for exporting cleanup reports associated with the cleanups.  These reports are stored as separate documents and each must be downloaded manually.  If after seeing the data, Plaintiffs wish to request cleanup reports for some reasonable subset of the cleanups, we can meet and confer about such a request.  The anticipated date of completion is December 18, 2020.

**AMS database:**  We are waiting to hear back on what data is stored in AMS that is not also stored in MyLA.  We understand there is significant overlap.  To the extent there is data in AMS that is not stored in MyLA, that data will be produced.  The anticipated date of completion is December 18, 2020.

**RFCs:**  RFCs are not stored electronically by the LAPD.  They are stored in paper format and organized by month and year, not by the nature of the violation.  The Criminal Branch has only one record of an RFC that was filed electronically; the remainder were filed in paper form and are not stored electronically.  We are still exploring whether there is any feasible and reasonable way to satisfy Plaintiffs' request and will get back to you once we have exhausted any remaining possibilities.

**Complaints to LAPD:**  The City will export the intake summaries (i.e., the complaints) that relate to seizure or destruction of unhoused person's belongings into a spreadsheet and produce it.  The spreadsheet will only include investigations that have been closed as ongoing investigations are privileged.  The anticipated date of completion is December 18, 2020.

**Government Claims:**  We have confirmed that CityLaw has extremely limited search capabilities.  Each search term must be run individually across the database, then the results must be reviewed for responsiveness.  In addition, if paper claims are submitted, they are uploaded as pdfs and are not searchable.  There is no specific field or combination of fields that would capture only seizure or destruction of unhoused persons' property.  The City will run searches across the entire database and will export the text of all relevant claims into an Excel spreadsheet.  The anticipated date of completion is December 18, 2020.

**Storage Data:**  The City intends to produce data tracked by Chrysalis.  We are waiting to hear back from the Chrysalis coordinator, who is new to the position, on the details of the data and anticipated timeframe.

---
To be clear, the City's position continues to be that the data described  above --  all of which involves cleanup operations wholly unrelated to Plaintiffs or their belongings -- is not relevant to Plaintiffs' claims and given the burden associated

with collecting and producing it, the requests for this data are not proportional to the claims. The City agrees to produce the data described above in an effort to compromise, avoid onerous and costly discovery motion practice, and move the case forward to the merits. The agreement to produce this data is not intended to waive the City's arguments related to relevance, proportionality, or any other objections asserted in response to the RFPs.

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Thu, Nov 19, 2020 at 10:33 AM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find further correspondence regarding the City's responses to Plaintiffs' RFPs, Set One. We look forward to hearing from you today regarding the City's production of data and other responsive documents.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*******************************************************************

**2 attachments**

Garcia_Letter from LAFLA to CLA re email discovery.pdf
159K

Garcia v. City of Los Angeles_search terms and custodians.pdf
162K



7000 S. Broadway
Los Angeles, CA 90003
213-640-3950
213-640-3988 fax
www.lafla.org

<u>**VIA EMAIL**</u>

November 24, 2020

Gabriel Dermer
Patricia Ursea
Felix Lebron
Office of the City Attorney
200 N. Main Street, 6th Floor
Los Angeles, California 90012

     RE:   *Garcia v. City of Los Angeles;* Case No. 2:19-cv-06182

Dear Counsel,

    We are following up from our latest discussion regarding the City's production of documents responsive to Plaintiffs' Requests for Production of Documents, Set One.  Per our discussion, attached please find an initial proposed list of custodians and search terms to identify emails responsive to our requests.  We have attempted to tailor our requests to respond to our understanding of the City's representations about the way in which the ITA runs searches of emails and to identify documents responsive to our requests.  Rather than providing a single list of custodians and a single list of terms, we provided categories of employees and search strings for each of the categories of custodians, which we think is more appropriate, given the different departments involved in these cleanups.

    In addition, we attempted to identify all custodians by name; however, we are unaware of the names of names of city council staff responsible for addressing specific encampments.  We have also attempted to identify search terms that will capture documents responsive to our requests.  Those terms are based on our understanding of the ways in which city employees discuss various issues; if you are aware of terms that not do correspond the way relevant departments discuss specific issues, such that the terms will not hit on documents responsive to our requests, or if we have failed to include abbreviations, phrases, etc., in our list that you are aware would identify responsive documents, we expect that the City will notify us of those terms, abbreviations, phrases, etc.

    Finally, if you think it would be beneficial to discuss these terms or custodians, we request you provide us with hit counts for any terms you want to discuss, so this can guide our discussion.

    Please let us know if you have any questions and when you anticipate receiving a response re: the responsive terms.

             Sincerely,

             Shayla Myers

*Garcia v. City of Los Angeles*, Case No. 2:19-cv-06182

**Plaintiffs' Proposed Custodians and Search Terms**

| **LA SANITATION** | |
|---|---|
| **ECI Staff**<br>Howard Wong<br>Pawan Verma<br>Gonzalo Barraga<br>Jonelle Gardea | 56.11<br>"rapid response"<br>CARE<br>HOPE<br>("immediate threat" or hazard )<br>bulky<br>("the BIN" or "507 Towne" or Chrysalis or storage)<br>HE/ID<br>"posting survey" |
| Steven Pederson | 56.11<br>"rapid response"<br>CARE<br>HOPE<br>(("immediate threat" or hazard) w/30 (cleanup or "clean up" or "service day" or sweep or sanitation or homeless or unhoused or encampment or process*))<br>("bulky item" w/30 (cleanup or "clean up" or "service day" or sweep or sanitation or homeless or unhoused or encampment or process*))<br>("the BIN" or "507 Towne" or Chrysalis or storage) |
| **LA SAN leadership**<br>Domingo Orosco<br>Gabriel Miranda<br>Jose Garcia | 56.11<br>CARE<br>HOPE<br>"rapid response"<br>("the Bin" or "507 town" or "involuntary storage" or Chrysalis) |
| **Community Services Group**<br>Renee Schackelford<br>Bladimir Campos<br>Sarah Bell<br>Diana Gonzales | (Lomita or McCoy)<br>(Aetna or Cedros or Bessemer)<br>(Ardmore or Kingsley or Hobart or Harvard or 4th or 5th or 6th or 7th or 8th or Wilshire Figueroa or 52 or Grand or Flower or 110) |
| | |
| **COUNCIL STAFF** | |
| Council District 15 | (Lomita or Mccoy) w/30 (posting or authorization or cleanup or "clean up" or "service day" or sweep or schedule or sanitation or "LA San" or LASAN or |

| | sanitation or homeless or unhoused or encampment or "bulky item"))<br>56.11<br>CARE<br>"rapid response"<br>HOPE |
|---|---|
| Council District 9 | ((Grand or Figueroa or 110 or 52nd or Flower) w/30 (posting or authorization or cleanup or "clean up" or "service day" or sweep or schedule or sanitation or "LA San" or LASAN or sanitation or homeless or unhoused or encampment or "bulky item"))<br>56.11<br>CARE<br>"rapid response"<br>HOPE |
| Council District 6 | ( or Tyrone or Cedros or Bessemer w/30 (posting or authorization or cleanup or "clean up" or "service day" or sweep or schedule or sanitation or "LA San" or LASAN or sanitation or homeless or unhoused or encampment or "bulky item"))<br>56.11<br>CARE<br>"rapid response"<br>HOPE |
| Council District 10 | ((Ardmore or Kingsley or Hobart or Harvard or 4th or 5th or 6th or 7th or Wilshire) w/30 (posting or authorization or cleanup or "clean up" or "service day" or sweep or schedule or sanitation or "LA San" or LASAN or sanitation or homeless or unhoused or encampment or "bulky item")) |
| | |
| **UHRC** | |
| Brian Buchner<br>Jamie Keene | 56.11<br>CARE<br>"rapid response"<br>("comprehensive cleanup")<br>HOPE<br>("trash bags" or "trash can*" or toilet or portapotty or porta-potty or "Pit Stop")<br>Mobile hygiene unit or MHU)<br>("the BIN" or "507 Towne" or storage" or Chrysalis) |
| | |

| **City Attorney** | |
| --- | --- |
| Gita O'Neill | 56.11 |
| | |
| **LAPD** | |
| HOPE Sgts | 56.11 |
| Frank Lopez | Lomita or McCoy 56.11 |
| **Command Staff** Dominic Choi Donald Graham Emada Tingirides | 56.11 HOPE "rapid response" CARE |
| | |
| | |
| **City Witnesses** | |
| City witnesses identified in the Rule 26 (other than those included above) | 56.11 notice ("immediate threat" or hazard) ("the BIN" or storage or Chrysalis) |

EXHIBIT 9



**Patricia Ursea <patricia.ursea@lacity.org>**

---

## Re: Garcia v. City of Los Angeles
1 message

---

**Patricia Ursea** <patricia.ursea@lacity.org>                    Tue, Dec 1, 2020 at 12:46 PM
To: "Shayla R. Myers" <SMyers@lafla.org>
Cc: Felix Lebron <felix.lebron@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>, Pui-Yee Yu <PYu@lafla.org>,
"Herbert, Benjamin Allen" <benjamin.herbert@kirkland.com>, Michael Onufer <michael.onufer@kirkland.com>, "Park,
Patrick" <patrick.park@kirkland.com>, "Blake, Sam" <sam.blake@kirkland.com>, Cathy Sweetser
<catherine.sdshhh@gmail.com>

Thank you, Counsel.  The City agrees to stipulate to the proposed extension of trial dates.   We will ask the appropriate IT departments to run the search terms you propose and will get back to you on the issues you raise in the corresponding letter as soon as we receive the results.

We are continuing to work with the various departments to obtain the other data and information Plaintiffs requested and will produce those documents as soon as they are available.  Regarding the January 1, 2018 start date for production, we understand that Plaintiffs agreed to limit their document requests to that date in prior meet-and-confer discussions.  As we understand it, the data at issue is not as straightforward to export and prepare for production as Plaintiffs imagine and given that all of Plaintiffs' incidents occurred in 2019, and the requested data is related to thousands of unrelated cleanups that did not involve Plaintiffs, the City believes beginning the production on January 1, 2018 is more than reasonable.  On a related note, we learned that our colleague Felix Lebron will not be returning from leave this week as anticipated and will not be returning until sometime in the new year.  As we discussed, Felix spearheaded the collection and production efforts for the City; we are doing our best to pick up where he left off and complete the productions as soon as possible.

On a final discovery-related note, the City is still awaiting amended responses and further document production from Plaintiffs in response to discovery the City served in August and about which the parties met and conferred on September 30, 2020.  For example, we have still not received any responses to the 11 interrogatories the City served on Mr. El- Bey on August 14, 2020.   If necessary, we can describe the outstanding discovery responses in separate correspondence.  But in the hopes of streamlining the parties' discovery-related efforts, we hope this serves as a sufficient reminder and refer Plaintiffs to our letter dated September 16, 2020, which details the deficiencies in Plaintiffs' initial objections and/or responses.

Thank you.

Patricia


Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.


On Tue, Nov 24, 2020 at 4:43 PM Shayla R. Myers <SMyers@lafla.org> wrote:
  Counsel,

Attached please find correspondence re: Plaintiffs' initial list of custodians and search terms for email discovery as well as our initial list of search terms. We look forward to hearing from you.

Also, we appreciate Ms. Ursea's email confirming the City's intention to produce data contained in the MyLA311, WPIMS, and AMS databases and the representations related to the production of other documents. We will follow up with some further considerations next week. As an initial matter, we disagree with the City's decision to limit the production of data from these specific databases to only January 1, 2018, given that the data is a public record, as I noted on the call, and producing data going back to April 2016 will not create any more work for the City. We also do not understand why there will be yet another month delay before the City will produce these basic spreadsheets. It should be very straightforward for the City to export this data and provide it to Plaintiffs. Especially in light of the City's suggestion that we use the databases to identify additional documents responsive to our requests, we request the City provide us these databases immediately.

Finally, the discovery cutoff in this case is two months. Given where the parties are in discovery as well as the current uncertainty related to COVID, we believe it is unreasonable for the parties to complete discovery by January 25, 2021. We suggest the parties seek a six month extension of all trial dates. Doing so will allow the parties to work towards the resolution of some of these issues without immediate motion practice related to the City's responses to Plaintiffs' discovery. We also think, in light of the current global pandemic, which has had a particular impact on our clients, that such an extension is warranted and would be granted by the Court. If the City is willing to stipulate to this continuance, please let us know and we will draft a stipulation and order for your review.

We look forward to hearing from you on these matters.

-Shayla

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, November 19, 2020 5:07 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Pui-Yee Yu <PYu@lafla.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Michael Onufer <michael.onufer@kirkland.com>; Park, Patrick <patrick.park@kirkland.com>; Blake, Sam <sam.blake@kirkland.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>
**Subject:** Re: Garcia v. City of Los Angeles

Counsel,

As promised, below is an update on the database issues we discussed on Tuesday. Your letter raises a multitude of additional issues, which we will address separately as soon as we can. As you know, our colleague who has been

primarily handling the City's discovery responses and related document collection is out on leave this month and will be returning on Nov. 30. While we have done our best to pick up where he left off, we do not have all the relevant history on document collection and production to be able to immediately respond to all the issues you raise. We will follow up on those issues as soon as we obtain the necessary information.

**MyLA 311 Database:** With the two exceptions noted below, all data related to encampment cleanups from 1/1/18 to the present will be exported into an Excel spreadsheet and produced. This will include data from all fields except for the contact information of the requestor, to protect confidentiality. Photographs associated with these cleanups are housed separately and there is no automated method for exporting them. As we have explained, the number of photographs associated with cleanups vary dramatically and could include as many as 700 photographs. Each photograph for each cleanup would need to be downloaded manually. If after seeing the data, Plaintiffs wish to request photographs for some reasonable subset of the cleanups, we can meet and confer about such a request. The anticipated date of completion is December 18, 2020.

**WPIMS database:** With the exception discussed below, all data related to encampment cleanups from 1/1/18 to the present will be exported into an Excel spreadsheet adn produced. There is no automated method for exporting cleanup reports associated with the cleanups. These reports are stored as separate documents and each must be downloaded manually. If after seeing the data, Plaintiffs wish to request cleanup reports for some reasonable subset of the cleanups, we can meet and confer about such a request. The anticipated date of completion is December 18, 2020.

**AMS database:** We are waiting to hear back on what data is stored in AMS that is not also stored in MyLA. We understand there is significant overlap. To the extent there is data in AMS that is not stored in MyLA, that data will be produced. The anticipated date of completion is December 18, 2020.

**RFCs:** RFCs are not stored electronically by the LAPD. They are stored in paper format and organized by month and year, not by the nature of the violation. The Criminal Branch has only one record of an RFC that was filed electronically; the remainder were filed in paper form and are not stored electronically. We are still exploring whether there is any feasible and reasonable way to satisfy Plaintiffs' request and will get back to you once we have exhausted any remaining possibilities.

**Complaints to LAPD:** The City will export the intake summaries (i.e., the complaints) that relate to seizure or destruction of unhoused person's belongings into a spreadsheet and produce it. The spreadsheet will only include investigations that have been closed as ongoing investigations are privileged. The anticipated date of completion is December 18, 2020.

**Government Claims:** We have confirmed that CityLaw has extremely limited search capabilities. Each search term must be run individually across the database, then the results must be reviewed for responsiveness. In addition, if paper claims are submitted, they are uploaded as pdfs and are not searchable. There is no specific field or combination of fields that would capture only seizure or destruction of unhoused persons' property. The City will run searches across the entire database and will export the text of all relevant claims into an Excel spreadsheet. The anticipated date of completion is December 18, 2020.

**Storage Data:** The City intends to produce data tracked by Chrysalis. We are waiting to hear back from the Chrysalis coordinator, who is new to the position, on the details of the data and anticipated timeframe.

---

To be clear, the City's position continues to be that the data described above -- all of which involves cleanup operations wholly unrelated to Plaintiffs or their belongings -- is not relevant to Plaintiffs' claims and given the burden associated with collecting and producing it, the requests for this data are not proportional to the claims. The City agrees to produce the data described above in an effort to compromise, avoid onerous and costly discovery motion practice, and move the case forward to the merits. The agreement to produce this data is not intended to waive the City's arguments related to relevance, proportionality, or any other objections asserted in response to the RFPs.

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me

immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Thu, Nov 19, 2020 at 10:33 AM Shayla R. Myers <SMyers@lafla.org> wrote:

> Counsel,
>
> Attached please find further correspondence regarding the City's responses to Plaintiffs' RFPs, Set One. We look forward to hearing from you today regarding the City's production of data and other responsive documents.
>
> Thanks,
>
> **Shayla Myers** | Senior Attorney
> **Legal Aid Foundation of Los Angeles**
> 7000 S. Broadway | Los Angeles, CA 90003
> 213.640.3983 **direct** | 213.640.3988 **facsimile**
> www.lafla.org | smyers@lafla.org



> This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*Confidentiality Notice \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EXHIBIT 10



Patricia Ursea <patricia.ursea@lacity.org>

---

# Re: Garcia v. City of Los Angeles
1 message

**Patricia Ursea** <patricia.ursea@lacity.org>                                        Fri, Dec 4, 2020 at 3:52 PM
To: "Shayla R. Myers" <SMyers@lafla.org>
Cc: Felix Lebron <felix.lebron@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>, Pui-Yee Yu <PYu@lafla.org>,
"Herbert, Benjamin Allen" <benjamin.herbert@kirkland.com>, Michael Onufer <michael.onufer@kirkland.com>, "Park,
Patrick" <patrick.park@kirkland.com>, "Blake, Sam" <sam.blake@kirkland.com>, Cathy Sweetser
<catherine.sdshhh@gmail.com>, Justin Grams <justin.grams@lacity.org>

Counsel:

Following up on the email search terms, the system is apparently not capable of running case-sensitive searches, which
makes the terms "CARE" and "HOPE" extremely overbroad. Based on how these terms are typically used in the relevant
context, we propose the following search terms instead:

H.O.P.E.

"hope program"

"hope team"

"hope unit"

"hope initiative"


C.A.R.E.

"care program"

"care team"

"care unit"

"care plus"

"care+"


[care /10 rollout or training or policy or protocol or operation or practice or launch or initiative or cleanup or cleanup or
homeless or encampment]


Please let us know whether you have any concerns or other suggestions for reasonably limiting these search terms.
Thank you.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Tue, Dec 1, 2020 at 12:46 PM Patricia Ursea <patricia.ursea@lacity.org> wrote:

Thank you, Counsel. The City agrees to stipulate to the proposed extension of trial dates. We will ask the appropriate IT departments to run the search terms you propose and will get back to you on the issues you raise in the corresponding letter as soon as we receive the results.

We are continuing to work with the various departments to obtain the other data and information Plaintiffs requested and will produce those documents as soon as they are available. Regarding the January 1, 2018 start date for production, we understand that Plaintiffs agreed to limit their document requests to that date in prior meet-and-confer discussions. As we understand it, the data at issue is not as straightforward to export and prepare for production as Plaintiffs imagine and given that all of Plaintiffs' incidents occurred in 2019, and the requested data is related to thousands of unrelated cleanups that did not involve Plaintiffs, the City believes beginning the production on January 1, 2018 is more than reasonable. On a related note, we learned that our colleague Felix Lebron will not be returning from leave this week as anticipated and will not be returning until sometime in the new year. As we discussed, Felix spearheaded the collection and production efforts for the City; we are doing our best to pick up where he left off and complete the productions as soon as possible.

On a final discovery-related note, the City is still awaiting amended responses and further document production from Plaintiffs in response to discovery the City served in August and about which the parties met and conferred on September 30, 2020. For example, we have still not received any responses to the 11 interrogatories the City served on Mr. El- Bey on August 14, 2020. If necessary, we can describe the outstanding discovery responses in separate correspondence. But in the hopes of streamlining the parties' discovery-related efforts, we hope this serves as a sufficient reminder and refer Plaintiffs to our letter dated September 16, 2020, which details the deficiencies in Plaintiffs' initial objections and/or responses.

Thank you.

Patricia


Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Tue, Nov 24, 2020 at 4:43 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find correspondence re: Plaintiffs' initial list of custodians and search terms for email discovery as well as our initial list of search terms. We look forward to hearing from you.

Also, we appreciate Ms. Ursea's email confirming the City's intention to produce data contained in the MyLA311, WPIMS, and AMS databases and the representations related to the production of other documents. We will follow up with some further considerations next week. As an initial matter, we disagree with the City's decision to limit the production of data from these specific databases to only January 1, 2018, given that the data is a public record, as I noted on the call, and producing data going back to April 2016 will not create any more work for the City. We also do not understand why there will be yet another month delay before the City will produce these basic spreadsheets. It should be very straightforward for the City to export this data and provide it to Plaintiffs. Especially in light of the City's suggestion that we use the databases to identify additional documents responsive to our requests, we request the City provide us these databases immediately.

Finally, the discovery cutoff in this case is two months. Given where the parties are in discovery as well as the current uncertainty related to COVID, we believe it is unreasonable for the parties to complete discovery by January 25, 2021. We suggest the parties seek a six month extension of all trial dates. Doing so will allow the parties to work towards the resolution of some of these issues without immediate motion practice related to the City's responses to Plaintiffs' discovery. We also think, in light of the current global pandemic, which has had a particular impact on our clients, that such an extension is warranted and would be granted by the Court. If the City is willing to stipulate to this continuance, please let us know and we will draft a stipulation and order for your review.

We look forward to hearing from you on these matters.

-Shayla

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, November 19, 2020 5:07 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Pui-Yee Yu <PYu@lafla.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Michael Onufer <michael.onufer@kirkland.com>; Park, Patrick <patrick.park@kirkland.com>; Blake, Sam <sam.blake@kirkland.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>
**Subject:** Re: Garcia v. City of Los Angeles

Counsel,

As promised, below is an update on the database issues we discussed on Tuesday. Your letter raises a multitude of additional issues, which we will address separately as soon as we can. As you know, our colleague who has been primarily handling the City's discovery responses and related document collection is out on leave this month and will be returning on Nov. 30. While we have done our best to pick up where he left off, we do not have all the relevant history on document collection and production to be able to immediately respond to all the issues you raise. We will follow up on those issues as soon as we obtain the necessary information.

**MyLA 311 Database:** With the two exceptions noted below, all data related to encampment cleanups from 1/1/18 to the present will be exported into an Excel spreadsheet and produced. This will include data from all fields except for the contact information of the requestor, to protect confidentiality. Photographs associated with these cleanups are housed separately and there is no automated method for exporting them. As we have explained, the number of photographs associated with cleanups vary dramatically and could include as many as 700 photographs. Each photograph for each cleanup would need to be downloaded manually. If after seeing the data, Plaintiffs wish to request photographs for some reasonable subset of the cleanups, we can meet and confer about such a request. The anticipated date of completion is December 18, 2020.

**WPIMS database:** With the exception discussed below, all data related to encampment cleanups from 1/1/18 to the present will be exported into an Excel spreadsheet adn produced. There is no automated method for exporting cleanup reports associated with the cleanups. These reports are stored as separate documents and each must be downloaded manually. If after seeing the data, Plaintiffs wish to request cleanup reports for some reasonable subset of the cleanups, we can meet and confer about such a request. The anticipated date of completion is December 18, 2020.

**AMS database:** We are waiting to hear back on what data is stored in AMS that is not also stored in MyLA. We understand there is significant overlap. To the extent there is data in AMS that is not stored in MyLA, that data will be produced. The anticipated date of completion is December 18, 2020.

**RFCs:** RFCs are not stored electronically by the LAPD. They are stored in paper format and organized by month and year, not by the nature of the violation. The Criminal Branch has only one record of an RFC that was filed electronically; the remainder were filed in paper form and are not stored electronically. We are still exploring whether there is any feasible and reasonable way to satisfy Plaintiffs' request and will get back to you once we have exhausted any remaining possibilities.

**Complaints to LAPD:** The City will export the intake summaries (i.e., the complaints) that relate to seizure or destruction of unhoused person's belongings into a spreadsheet and produce it. The spreadsheet will only include investigations that have been closed as ongoing investigations are privileged. The anticipated date of completion is December 18, 2020.

**Government Claims:** We have confirmed that CityLaw has extremely limited search capabilities. Each search term must be run individually across the database, then the results must be reviewed for responsiveness. In addition, if paper claims are submitted, they are uploaded as pdfs and are not searchable. There is no specific field or combination of fields that would capture only seizure or destruction of unhoused persons' property. The City will run searches across the entire database and will export the text of all relevant claims into an Excel spreadsheet. The anticipated date of completion is December 18, 2020.

**Storage Data:** The City intends to produce data tracked by Chrysalis. We are waiting to hear back from the Chrysalis coordinator, who is new to the position, on the details of the data and anticipated timeframe.

---

To be clear, the City's position continues to be that the data described above -- all of which involves cleanup operations wholly unrelated to Plaintiffs or their belongings -- is not relevant to Plaintiffs' claims and given the burden associated with collecting and producing it, the requests for this data are not proportional to the claims. The City agrees to produce the data described above in an effort to compromise, avoid onerous and costly discovery motion practice, and move the case forward to the merits. The agreement to produce this data is not intended to waive the City's arguments related to relevance, proportionality, or any other objections asserted in response to the RFPs.

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do

not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Thu, Nov 19, 2020 at 10:33 AM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find further correspondence regarding the City's responses to Plaintiffs' RFPs, Set One.  We look forward to hearing from you today regarding the City's production of data and other responsive documents.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*****************************************************************

EXHIBIT 11



**Patricia Ursea <patricia.ursea@lacity.org>**

---

## Re: Garcia v. City of Los Angeles
1 message

---

**Shayla R. Myers** <SMyers@lafla.org>                                    Fri, Dec 4, 2020 at 5:01 PM
To: Patricia Ursea <patricia.ursea@lacity.org>
Cc: Felix Lebron <felix.lebron@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>, Pui-Yee Yu <PYu@lafla.org>, "Herbert, Benjamin Allen" <benjamin.herbert@kirkland.com>, Michael Onufer <michael.onufer@kirkland.com>, "Park, Patrick" <patrick.park@kirkland.com>, "Blake, Sam" <sam.blake@kirkland.com>, Cathy Sweetser <catherine.sdshhh@gmail.com>, Justin Grams <justin.grams@lacity.org>

Patricia,

We will review your proposed terms and get back to you shortly.

Did you run searches to determine how many emails the terms are hitting?  We are amenable to qualifying the terms, especially HOPE, but we need a baseline or some sampling to evidence whether the terms are in fact overbroad or are generating false hits.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Friday, December 4, 2020 3:52 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Pui-Yee Yu <PYu@lafla.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Michael Onufer <michael.onufer@kirkland.com>; Park, Patrick <patrick.park@kirkland.com>; Blake, Sam <sam.blake@kirkland.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>; Justin Grams <justin.grams@lacity.org>
**Subject:** Re: Garcia v. City of Los Angeles

Counsel:

Following up on the email search terms, the system is apparently not capable of running case-sensitive searches, which makes the terms "CARE" and "HOPE" extremely overbroad.  Based on how these terms are typically used in the relevant context, we propose the following search terms instead:

H.O.P.E.
"hope program"
"hope team"
"hope unit"
"hope initiative"

C.A.R.E.
"care program"
"care team"
"care unit"
"care plus"
"care+"

[care /10 rollout or training or policy or protocol or operation or practice or launch or initiative or cleanup or cleanup or homeless or encampment]

Please let us know whether you have any concerns or other suggestions for reasonably limiting these search terms. Thank you.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Tue, Dec 1, 2020 at 12:46 PM Patricia Ursea <patricia.ursea@lacity.org> wrote:

Thank you, Counsel. The City agrees to stipulate to the proposed extension of trial dates. We will ask the appropriate IT departments to run the search terms you propose and will get back to you on the issues you raise in the corresponding letter as soon as we receive the results.

We are continuing to work with the various departments to obtain the other data and information Plaintiffs requested and will produce those documents as soon as they are available. Regarding the January 1, 2018 start date for production, we understand that Plaintiffs agreed to limit their document requests to that date in prior meet-and-confer discussions. As we understand it, the data at issue is not as straightforward to export and prepare for production as Plaintiffs imagine and given that all of Plaintiffs' incidents occurred in 2019, and the requested data is related to thousands of unrelated cleanups that did not involve Plaintiffs, the City believes beginning the production on January 1, 2018 is more than reasonable. On a related note, we learned that our colleague Felix Lebron will not be returning from leave this week as anticipated and will not be returning until sometime in the new year. As we discussed, Felix spearheaded the collection and production efforts for the City; we are doing our best to pick up where he left off and complete the productions as soon as possible.

On a final discovery-related note, the City is still awaiting amended responses and further document production from Plaintiffs in response to discovery the City served in August and about which the parties met and conferred on September 30, 2020. For example, we have still not received any responses to the 11 interrogatories the City served on Mr. El- Bey on August 14, 2020. If necessary, we can describe the outstanding discovery responses in separate correspondence. But in the hopes of streamlining the parties' discovery-related efforts, we hope this serves as a sufficient reminder and refer Plaintiffs to our letter dated September 16, 2020, which details the deficiencies in Plaintiffs' initial objections and/or responses.

Thank you.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation

City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may
contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read,
copy, or distribute this message or any attachment. If you have received this communication in error, please notify me
immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any
manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do
not send confidential or sensitive information, such as social security numbers, account numbers, personal identification
numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Tue, Nov 24, 2020 at 4:43 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find correspondence re: Plaintiffs' initial list of custodians and search terms for
email discovery as well as our initial list of search terms.  We look forward to hearing from you.

Also, we appreciate Ms. Ursea's email confirming the City's intention to produce data contained
in the MyLA311, WPIMS, and AMS databases and the representations related to the
production of other documents.  We will follow up with some further considerations next week.
As an initial matter, we disagree with the City's decision to limit the production of data from
these specific databases to only January 1, 2018, given that the data is a public record, as I
noted on the call, and producing data going back to April 2016 will not create any more work
for the City.   We also do not understand why there will be yet another month delay before the
City will produce these basic spreadsheets.  It should be very straightforward for the City to
export this data and provide it to Plaintiffs.  Especially in light of the City's suggestion that we
use the databases to identify additional documents responsive to our requests, we request the
City provide us these databases immediately.

Finally, the discovery cutoff in this case is two months.  Given where the parties are in
discovery as well as the current uncertainty related to COVID,  we believe it is unreasonable
for the parties to complete discovery by January 25, 2021.  We suggest the parties seek a six
month extension of all trial dates.  Doing so will allow the parties to work towards the resolution
of some of these issues without immediate motion practice related to the City's responses to
Plaintiffs' discovery.  We also think, in light of the current global pandemic, which has had a
particular impact on our clients, that such an extension is warranted and would be granted by
the Court.  If the City is willing to stipulate to this continuance, please let us know and we will
draft a stipulation and order for your review.

We look forward to hearing from you on these matters.

-Shayla


**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, November 19, 2020 5:07 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Pui-Yee Yu <PYu@lafla.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Michael Onufer <michael.onufer@kirkland.com>; Park, Patrick <patrick.park@kirkland.com>; Blake, Sam <sam.blake@kirkland.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>
**Subject:** Re: Garcia v. City of Los Angeles

Counsel,

As promised, below is an update on the database issues we discussed on Tuesday. Your letter raises a multitude of additional issues, which we will address separately as soon as we can. As you know, our colleague who has been primarily handling the City's discovery responses and related document collection is out on leave this month and will be returning on Nov. 30. While we have done our best to pick up where he left off, we do not have all the relevant history on document collection and production to be able to immediately respond to all the issues you raise. We will follow up on those issues as soon as we obtain the necessary information.

**MyLA 311 Database:** With the two exceptions noted below, all data related to encampment cleanups from 1/1/18 to the present will be exported into an Excel spreadsheet and produced. This will include data from all fields except for the contact information of the requestor, to protect confidentiality. Photographs associated with these cleanups are housed separately and there is no automated method for exporting them. As we have explained, the number of photographs associated with cleanups vary dramatically and could include as many as 700 photographs. Each photograph for each cleanup would need to be downloaded manually. If after seeing the data, Plaintiffs wish to request photographs for some reasonable subset of the cleanups, we can meet and confer about such a request. The anticipated date of completion is December 18, 2020.

**WPIMS database:** With the exception discussed below, all data related to encampment cleanups from 1/1/18 to the present will be exported into an Excel spreadsheet adn produced. There is no automated method for exporting cleanup reports associated with the cleanups. These reports are stored as separate documents and each must be downloaded manually. If after seeing the data, Plaintiffs wish to request cleanup reports for some reasonable subset of the cleanups, we can meet and confer about such a request. The anticipated date of completion is December 18, 2020.

**AMS database:** We are waiting to hear back on what data is stored in AMS that is not also stored in MyLA. We understand there is significant overlap. To the extent there is data in AMS that is not stored in MyLA, that data will be produced. The anticipated date of completion is December 18, 2020.

**RFCs:** RFCs are not stored electronically by the LAPD. They are stored in paper format and organized by month and year, not by the nature of the violation. The Criminal Branch has only one record of an RFC that was filed electronically; the remainder were filed in paper form and are not stored electronically. We are still exploring whether there is any feasible and reasonable way to satisfy Plaintiffs' request and will get back to you once we have exhausted any remaining possibilities.

**Complaints to LAPD:** The City will export the intake summaries (i.e., the complaints) that relate to seizure or destruction of unhoused person's belongings into a spreadsheet and produce it. The spreadsheet will only include investigations that have been closed as ongoing investigations are privileged. The anticipated date of completion is December 18, 2020.

**Government Claims:** We have confirmed that CityLaw has extremely limited search capabilities. Each search term must be run individually across the database, then the results must be reviewed for responsiveness. In addition, if paper claims are submitted, they are uploaded as pdfs and are not searchable. There is no specific field or combination of fields that would capture only seizure or destruction of unhoused persons' property. The City will run searches across the entire database and will export the text of all relevant claims into an Excel spreadsheet. The anticipated date of completion is December 18, 2020.

**Storage Data:** The City intends to produce data tracked by Chrysalis. We are waiting to hear back from the Chrysalis coordinator, who is new to the position, on the details of the data and anticipated timeframe.

---

To be clear, the City's position continues to be that the data described above -- all of which involves cleanup operations wholly unrelated to Plaintiffs or their belongings -- is not relevant to Plaintiffs' claims and given the burden associated with collecting and producing it, the requests for this data are not proportional to the claims. The City agrees to produce the data described above in an effort to compromise, avoid onerous and costly discovery motion practice, and move the case forward to the merits. The agreement to produce this data is not intended to waive the City's arguments related to relevance, proportionality, or any other objections asserted in response to the RFPs.

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Thu, Nov 19, 2020 at 10:33 AM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find further correspondence regarding the City's responses to Plaintiffs' RFPs, Set One. We look forward to hearing from you today regarding the City's production of data and other responsive documents.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*********************************************************************

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege

and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
**********************************************************************

EXHIBIT 12



**Patricia Ursea <patricia.ursea@lacity.org>**

---

## Re: Garcia v. City of Los Angeles
1 message

**Patricia Ursea** <patricia.ursea@lacity.org>        Mon, Dec 7, 2020 at 9:00 AM
To: "Shayla R. Myers" <SMyers@lafla.org>
Cc: Felix Lebron <felix.lebron@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>, Pui-Yee Yu <PYu@lafla.org>, "Herbert, Benjamin Allen" <benjamin.herbert@kirkland.com>, Michael Onufer <michael.onufer@kirkland.com>, "Park, Patrick" <patrick.park@kirkland.com>, "Blake, Sam" <sam.blake@kirkland.com>, Cathy Sweetser <catherine.sdshhh@gmail.com>, Justin Grams <justin.grams@lacity.org>

> Thank you, Counsel.  IT has not yet run the searches but as we believe it is highly likely that the word "hope" and possibly "care" will result in false hits, we wanted to be prepared with alternative search terms that we can give IT at the outset.  IT can run the searches first without limitations and then with the limitations but we wanted to get the Plaintiffs' weigh-in on the alternative search terms to minimize the potential for delay.
>
> Patricia Ursea
> Deputy City Attorney, City of Los Angeles
> Business & Complex Litigation
> City Hall East
> 200 N. Main Street, 6th Floor
> Los Angeles, California 90012
> Patricia.Ursea@lacity.org
> (213) 978-7569
>
> This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Fri, Dec 4, 2020 at 5:01 PM Shayla R. Myers <SMyers@lafla.org> wrote:

> Patricia,
>
> We will review your proposed terms and get back to you shortly.
>
> Did you run searches to determine how many emails the terms are hitting?  We are amenable to qualifying the terms, especially HOPE, but we need a baseline or some sampling to evidence whether the terms are in fact overbroad or are generating false hits.
>
> Thanks,
>
> **Shayla Myers** | Senior Attorney
> **Legal Aid Foundation of Los Angeles**
> 7000 S. Broadway | Los Angeles, CA 90003
> 213.640.3983 **direct** | 213.640.3988 **facsimile**
> www.lafla.org | smyers@lafla.org
>
> 

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Friday, December 4, 2020 3:52 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Pui-Yee Yu <PYu@lafla.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Michael Onufer <michael.onufer@kirkland.com>; Park, Patrick <patrick.park@kirkland.com>; Blake, Sam <sam.blake@kirkland.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>; Justin Grams <justin.grams@lacity.org>
**Subject:** Re: Garcia v. City of Los Angeles

Counsel:

Following up on the email search terms, the system is apparently not capable of running case-sensitive searches, which makes the terms "CARE" and "HOPE" extremely overbroad. Based on how these terms are typically used in the relevant context, we propose the following search terms instead:

H.O.P.E.
"hope program"
"hope team"
"hope unit"
"hope initiative"

C.A.R.E.
"care program"
"care team"
"care unit"
"care plus"
"care+"

[care /10 rollout or training or policy or protocol or operation or practice or launch or initiative or cleanup or cleanup or homeless or encampment]

Please let us know whether you have any concerns or other suggestions for reasonably limiting these search terms. Thank you.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Tue, Dec 1, 2020 at 12:46 PM Patricia Ursea <patricia.ursea@lacity.org> wrote:
    Thank you, Counsel. The City agrees to stipulate to the proposed extension of trial dates. We will ask the appropriate IT departments to run the search terms you propose and will get back to you on the issues you raise in the corresponding letter as soon as we receive the results.

    We are continuing to work with the various departments to obtain the other data and information Plaintiffs requested and will produce those documents as soon as they are available. Regarding the January 1, 2018 start date for

production, we understand that Plaintiffs agreed to limit their document requests to that date in prior meet-and-confer discussions. As we understand it, the data at issue is not as straightforward to export and prepare for production as Plaintiffs imagine and given that all of Plaintiffs' incidents occurred in 2019, and the requested data is related to thousands of unrelated cleanups that did not involve Plaintiffs, the City believes beginning the production on January 1, 2018 is more than reasonable. On a related note, we learned that our colleague Felix Lebron will not be returning from leave this week as anticipated and will not be returning until sometime in the new year. As we discussed, Felix spearheaded the collection and production efforts for the City; we are doing our best to pick up where he left off and complete the productions as soon as possible.

On a final discovery-related note, the City is still awaiting amended responses and further document production from Plaintiffs in response to discovery the City served in August and about which the parties met and conferred on September 30, 2020. For example, we have still not received any responses to the 11 interrogatories the City served on Mr. El- Bey on August 14, 2020. If necessary, we can describe the outstanding discovery responses in separate correspondence. But in the hopes of streamlining the parties' discovery-related efforts, we hope this serves as a sufficient reminder and refer Plaintiffs to our letter dated September 16, 2020, which details the deficiencies in Plaintiffs' initial objections and/or responses.

Thank you.

Patricia


Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.


On Tue, Nov 24, 2020 at 4:43 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find correspondence re: Plaintiffs' initial list of custodians and search terms for email discovery as well as our initial list of search terms. We look forward to hearing from you.

Also, we appreciate Ms. Ursea's email confirming the City's intention to produce data contained in the MyLA311, WPIMS, and AMS databases and the representations related to the production of other documents. We will follow up with some further considerations next week. As an initial matter, we disagree with the City's decision to limit the production of data from these specific databases to only January 1, 2018, given that the data is a public record, as I noted on the call, and producing data going back to April 2016 will not create any more work for the City. We also do not understand why there will be yet another month delay before the City will produce these basic spreadsheets. It should be very straightforward for the City to export this data and provide it to Plaintiffs. Especially in light of the City's suggestion that we use the databases to identify additional documents responsive to our requests, we request the City provide us these databases immediately.

Finally, the discovery cutoff in this case is two months. Given where the parties are in discovery as well as the current uncertainty related to COVID, we believe it is unreasonable

for the parties to complete discovery by January 25, 2021. We suggest the parties seek a six month extension of all trial dates. Doing so will allow the parties to work towards the resolution of some of these issues without immediate motion practice related to the City's responses to Plaintiffs' discovery. We also think, in light of the current global pandemic, which has had a particular impact on our clients, that such an extension is warranted and would be granted by the Court. If the City is willing to stipulate to this continuance, please let us know and we will draft a stipulation and order for your review.

We look forward to hearing from you on these matters.

-Shayla

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, November 19, 2020 5:07 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Pui-Yee Yu <PYu@lafla.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Michael Onufer <michael.onufer@kirkland.com>; Park, Patrick <patrick.park@kirkland.com>; Blake, Sam <sam.blake@kirkland.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>
**Subject:** Re: Garcia v. City of Los Angeles

Counsel,

As promised, below is an update on the database issues we discussed on Tuesday. Your letter raises a multitude of additional issues, which we will address separately as soon as we can. As you know, our colleague who has been primarily handling the City's discovery responses and related document collection is out on leave this month and will be returning on Nov. 30. While we have done our best to pick up where he left off, we do not have all the relevant history on document collection and production to be able to immediately respond to all the issues you raise. We will follow up on those issues as soon as we obtain the necessary information.

**MyLA 311 Database:** With the two exceptions noted below, all data related to encampment cleanups from 1/1/18 to the present will be exported into an Excel spreadsheet and produced. This will include data from all fields except for the contact information of the requestor, to protect confidentiality. Photographs associated with these cleanups are housed separately and there is no automated method for exporting them. As we have explained, the number of photographs associated with cleanups vary dramatically and could include as many as 700 photographs. Each photograph for each cleanup would need to be downloaded manually. If after seeing the data, Plaintiffs wish to request photographs for some reasonable subset of the cleanups, we can meet and confer about such a request. The anticipated date of completion is December 18, 2020.

**WPIMS database:** With the exception discussed below, all data related to encampment cleanups from 1/1/18 to the present will be exported into an Excel spreadsheet adn produced. There is no automated method for exporting cleanup reports associated with the cleanups. These reports are stored as separate documents and each must be downloaded manually. If after seeing the data, Plaintiffs wish to request cleanup reports for some reasonable subset of the cleanups, we can meet and confer about such a request. The anticipated date of completion is December 18, 2020.

**AMS database:**  We are waiting to hear back on what data is stored in AMS that is not also stored in MyLA.  We understand there is significant overlap.  To the extent there is data in AMS that is not stored in MyLA, that data will be produced.  The anticipated date of completion is December 18, 2020.

**RFCs:**  RFCs are not stored electronically by the LAPD.  They are stored in paper format and organized by month and year, not by the nature of the violation.  The Criminal Branch has only one record of an RFC that was filed electronically; the remainder were filed in paper form and are not stored electronically.  We are still exploring whether there is any feasible and reasonable way to satisfy Plaintiffs' request and will get back to you once we have exhausted any remaining possibilities.

**Complaints to LAPD:**  The City will export the intake summaries (i.e., the complaints) that relate to seizure or destruction of unhoused person's belongings into a spreadsheet and produce it.  The spreadsheet will only include investigations that have been closed as ongoing investigations are privileged.  The anticipated date of completion is December 18, 2020.

**Government Claims:**  We have confirmed that CityLaw has extremely limited search capabilities.  Each search term must be run individually across the database, then the results must be reviewed for responsiveness.  In addition, if paper claims are submitted, they are uploaded as pdfs and are not searchable.  There is no specific field or combination of fields that would capture only seizure or destruction of unhoused persons' property.  The City will run searches across the entire database and will export the text of all relevant claims into an Excel spreadsheet.  The anticipated date of completion is December 18, 2020.

**Storage Data:**  The City intends to produce data tracked by Chrysalis.  We are waiting to hear back from the Chrysalis coordinator, who is new to the position, on the details of the data and anticipated timeframe.

---
To be clear, the City's position continues to be that the data described  above --  all of which involves cleanup operations wholly unrelated to Plaintiffs or their belongings -- is not relevant to Plaintiffs' claims and given the burden associated with collecting and producing it, the requests for this data are not proportional to the claims.  The City agrees to produce the data described above in an effort to compromise, avoid onerous and costly discovery motion practice, and move the case forward to the merits.  The agreement to produce this data is not intended to waive the City's arguments related to relevance, proportionality, or any other objections asserted in response to the RFPs.

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Thu, Nov 19, 2020 at 10:33 AM Shayla R. Myers <SMyers@lafla.org> wrote:

> Counsel,
>
> Attached please find further correspondence regarding the City's responses to Plaintiffs' RFPs, Set One.  We look forward to hearing from you today regarding the City's production of data and other responsive documents.
>
> Thanks,
>
> **Shayla Myers** | Senior Attorney
> **Legal Aid Foundation of Los Angeles**

7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
[www.lafla.org](www.lafla.org)  |  [smyers@lafla.org](smyers@lafla.org)



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential
and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or
use of this information and note that such actions are prohibited. If you have received this transmission in error,
kindly notify the sender and immediately delete this email and any files that may be attached.

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client
privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure,
copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error,
please notify us immediately by e-mail and delete the original message and any attachments without reading or
saving in any manner.
**********************************************************************


*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege
and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error,
please notify us immediately by e-mail and delete the original message and any attachments without reading or saving
in any manner.
**********************************************************************

EXHIBIT 13



**Patricia Ursea <patricia.ursea@lacity.org>**

## Re: Garcia v. City of Los Angeles
1 message

**Shayla R. Myers** <SMyers@lafla.org>                        Mon, Dec 7, 2020 at 5:04 PM
To: Patricia Ursea <patricia.ursea@lacity.org>
Cc: Felix Lebron <felix.lebron@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>, Pui-Yee Yu <PYu@lafla.org>,
"Herbert, Benjamin Allen" <benjamin.herbert@kirkland.com>, Michael Onufer <michael.onufer@kirkland.com>, "Park,
Patrick" <patrick.park@kirkland.com>, "Blake, Sam" <sam.blake@kirkland.com>, Cathy Sweetser
<catherine.sdshhh@gmail.com>, Justin Grams <justin.grams@lacity.org>

Counsel,

When do you intend to run the searches? We provided the list to you almost two weeks ago, with an
expectation that you would quickly run the searches and provide a hit report, so we would have a baseline
to discuss limiting the results.  We appreciate that you do not want any more delay, but we're confused as
to why there has already been such a delay, and how long we can anticipate until we get the results of these
searches.

With regards to the proposed limiters, we are fine with running both the original terms and running them
with limiters, so we can compare the results.

Rather than using specific exact phrases, we would propose using proximity searches:

HOPE:

H.O.P.E.
HOPE  /5 program or team or unit or initiative

 For all custodians:  [HOPE /30 homeless or encampment]
For custodians not within LAPD, add: [/30 LAPD or officer]
 For custodians not within LA SAN:  add [/30 sanitation or LASAN or "LA San"]


CARE:

C.A.R.E.
CARE+
care /5 (plus or team or program or unit)
[care /30 rollout or training or policy or protocol or operation or practice or launch or initiative or clean or cleanup or
homeless or encampment or "service day" or trash or "bulky item"]
For custodians not within LA SAN:  add [sanitation or LASAN or "LA San"]


We expect that we will be able to sample the results, to see if the extent to which there are false hits from
HOPE and CARE.  While we appreciate that these are ordinary words, they are also specific terms of art
related to the case, and we expect at least with CARE, that a significant number of responsive emails will
use CARE standing alone, without identifiable terms we can use to limit the results.

Given the back and forth that will inevitably be required to address these issues, we'd appreciate both an answer to our question about the City's expected timeline, and that the parties can move more quickly to address these issues.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Monday, December 7, 2020 9:00 AM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Pui-Yee Yu <PYu@lafla.org>; Herbert, Benjamin <benjamin.herbert@kirkland.com>; Michael Onufer <michael.onufer@kirkland.com>; Park, Patrick <patrick.park@kirkland.com>; Blake, Sam <sam.blake@kirkland.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>; Justin Grams <justin.grams@lacity.org>
**Subject:** Re: Garcia v. City of Los Angeles

Thank you, Counsel. IT has not yet run the searches but as we believe it is highly likely that the word "hope" and possibly "care" will result in false hits, we wanted to be prepared with alternative search terms that we can give IT at the outset. IT can run the searches first without limitations and then with the limitations but we wanted to get the Plaintiffs' weigh-in on the alternative search terms to minimize the potential for delay.

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Fri, Dec 4, 2020 at 5:01 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Patricia,

We will review your proposed terms and get back to you shortly.

Did you run searches to determine how many emails the terms are hitting? We are amenable to qualifying the terms, especially HOPE, but we need a baseline or some sampling to evidence whether the

terms are in fact overbroad or are generating false hits.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Friday, December 4, 2020 3:52 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Pui-Yee Yu
<PYu@lafla.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Michael Onufer
<michael.onufer@kirkland.com>; Park, Patrick <patrick.park@kirkland.com>; Blake, Sam
<sam.blake@kirkland.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>; Justin Grams
<justin.grams@lacity.org>
**Subject:** Re: Garcia v. City of Los Angeles

Counsel:

Following up on the email search terms, the system is apparently not capable of running case-sensitive searches, which
makes the terms "CARE" and "HOPE" extremely overbroad.  Based on how these terms are typically used in the
relevant context, we propose the following search terms instead:

H.O.P.E.
"hope program"
"hope team"
"hope unit"
"hope initiative"

C.A.R.E.
"care program"
"care team"
"care unit"
"care plus"
"care+"

[care /10 rollout or training or policy or protocol or operation or practice or launch or initiative or cleanup or cleanup or
homeless or encampment]

Please let us know whether you have any concerns or other suggestions for reasonably limiting these search terms.
Thank you.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Tue, Dec 1, 2020 at 12:46 PM Patricia Ursea <patricia.ursea@lacity.org> wrote:

Thank you, Counsel.  The City agrees to stipulate to the proposed extension of trial dates.  We will ask the appropriate IT departments to run the search terms you propose and will get back to you on the issues you raise in the corresponding letter as soon as we receive the results.

We are continuing to work with the various departments to obtain the other data and information Plaintiffs requested and will produce those documents as soon as they are available.  Regarding the January 1, 2018 start date for production, we understand that Plaintiffs agreed to limit their document requests to that date in prior meet-and-confer discussions.  As we understand it, the data at issue is not as straightforward to export and prepare for production as Plaintiffs imagine and given that all of Plaintiffs' incidents occurred in 2019, and the requested data is related to thousands of unrelated cleanups that did not involve Plaintiffs, the City believes beginning the production on January 1, 2018 is more than reasonable.  On a related note, we learned that our colleague Felix Lebron will not be returning from leave this week as anticipated and will not be returning until sometime in the new year.  As we discussed, Felix spearheaded the collection and production efforts for the City; we are doing our best to pick up where he left off and complete the productions as soon as possible.

On a final discovery-related note, the City is still awaiting amended responses and further document production from Plaintiffs in response to discovery the City served in August and about which the parties met and conferred on September 30, 2020.  For example, we have still not received any responses to the 11 interrogatories the City served on Mr. El- Bey on August 14, 2020.  If necessary, we can describe the outstanding discovery responses in separate correspondence.  But in the hopes of streamlining the parties' discovery-related efforts, we hope this serves as a sufficient reminder and refer Plaintiffs to our letter dated September 16, 2020, which details the deficiencies in Plaintiffs' initial objections and/or responses.

Thank you.

Patricia


Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.


On Tue, Nov 24, 2020 at 4:43 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find correspondence re: Plaintiffs' initial list of custodians and search terms for email discovery as well as our initial list of search terms.  We look forward to hearing from you.

Also, we appreciate Ms. Ursea's email confirming the City's intention to produce data contained in the MyLA311, WPIMS, and AMS databases and the representations related to the production of other documents. We will follow up with some further considerations next week. As an initial matter, we disagree with the City's decision to limit the production of data from these specific databases to only January 1, 2018, given that the data is a public record, as I noted on the call, and producing data going back to April 2016 will not create any more work for the City. We also do not understand why there will be yet another month delay before the City will produce these basic spreadsheets. It should be very straightforward for the City to export this data and provide it to Plaintiffs. Especially in light of the City's suggestion that we use the databases to identify additional documents responsive to our requests, we request the City provide us these databases immediately.

Finally, the discovery cutoff in this case is two months. Given where the parties are in discovery as well as the current uncertainty related to COVID, we believe it is unreasonable for the parties to complete discovery by January 25, 2021. We suggest the parties seek a six month extension of all trial dates. Doing so will allow the parties to work towards the resolution of some of these issues without immediate motion practice related to the City's responses to Plaintiffs' discovery. We also think, in light of the current global pandemic, which has had a particular impact on our clients, that such an extension is warranted and would be granted by the Court. If the City is willing to stipulate to this continuance, please let us know and we will draft a stipulation and order for your review.

We look forward to hearing from you on these matters.

-Shayla


**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, November 19, 2020 5:07 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Pui-Yee Yu <PYu@lafla.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Michael Onufer <michael.onufer@kirkland.com>; Park, Patrick <patrick.park@kirkland.com>; Blake, Sam <sam.blake@kirkland.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>
**Subject:** Re: Garcia v. City of Los Angeles

Counsel,

As promised, below is an update on the database issues we discussed on Tuesday. Your letter raises a multitude of additional issues, which we will address separately as soon as we can. As you know, our colleague who has been primarily handling the City's discovery responses and related document collection is out on leave this month and will be returning on Nov. 30. While we have done our best to pick up where he left off, we do not have all the relevant history on document collection and production to be able to immediately respond to all the issues you raise. We will follow up on those issues as soon as we obtain the necessary information.

**MyLA 311 Database:**  With the two exceptions noted below, all data related to encampment cleanups from 1/1/18 to the present will be exported into an Excel spreadsheet and produced. This will include data from all fields except for the contact information of the requestor, to protect confidentiality.  Photographs associated with these cleanups are housed separately and there is no automated method for exporting them.  As we have explained, the number of photographs associated with cleanups vary dramatically and could include as many as 700 photographs.  Each photograph for each cleanup would need to be downloaded manually.  If after seeing the data, Plaintiffs wish to request photographs for some reasonable subset of the cleanups, we can meet and confer about such a request.  The anticipated date of completion is December 18, 2020.

**WPIMS database:**  With the exception discussed below, all data related to encampment cleanups from 1/1/18 to the present will be exported into an Excel spreadsheet adn produced.  There is no automated method for exporting cleanup reports associated with the cleanups.  These reports are stored as separate documents and each must be downloaded manually.  If after seeing the data, Plaintiffs wish to request cleanup reports for some reasonable subset of the cleanups, we can meet and confer about such a request.  The anticipated date of completion is December 18, 2020.

**AMS database:**  We are waiting to hear back on what data is stored in AMS that is not also stored in MyLA.  We understand there is significant overlap.  To the extent there is data in AMS that is not stored in MyLA, that data will be produced.  The anticipated date of completion is December 18, 2020.

**RFCs:**  RFCs are not stored electronically by the LAPD.  They are stored in paper format and organized by month and year, not by the nature of the violation.  The Criminal Branch has only one record of an RFC that was filed electronically; the remainder were filed in paper form and are not stored electronically.  We are still exploring whether there is any feasible and reasonable way to satisfy Plaintiffs' request and will get back to you once we have exhausted any remaining possibilities.

**Complaints to LAPD:**  The City will export the intake summaries (i.e., the complaints) that relate to seizure or destruction of unhoused person's belongings into a spreadsheet and produce it.  The spreadsheet will only include investigations that have been closed as ongoing investigations are privileged.  The anticipated date of completion is December 18, 2020.

**Government Claims:**  We have confirmed that CityLaw has extremely limited search capabilities.  Each search term must be run individually across the database, then the results must be reviewed for responsiveness.  In addition, if paper claims are submitted, they are uploaded as pdfs and are not searchable.  There is no specific field or combination of fields that would capture only seizure or destruction of unhoused persons' property.  The City will run searches across the entire database and will export the text of all relevant claims into an Excel spreadsheet.  The anticipated date of completion is December 18, 2020.

**Storage Data:**  The City intends to produce data tracked by Chrysalis.  We are waiting to hear back from the Chrysalis coordinator, who is new to the position, on the details of the data and anticipated timeframe.

---
To be clear, the City's position continues to be that the data described  above -- all of which involves cleanup operations wholly unrelated to Plaintiffs or their belongings -- is not relevant to Plaintiffs' claims and given the burden associated with collecting and producing it, the requests for this data are not proportional to the claims.  The City agrees to produce the data described above in an effort to compromise, avoid onerous and costly discovery motion practice, and move the case forward to the merits.  The agreement to produce this data is not intended to waive the City's arguments related to relevance, proportionality, or any other objections asserted in response to the RFPs.

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet

is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Thu, Nov 19, 2020 at 10:33 AM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find further correspondence regarding the City's responses to Plaintiffs' RFPs, Set One. We look forward to hearing from you today regarding the City's production of data and other responsive documents.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*********************************************************************

****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*********************************************************************

****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*********************************************************************

EXHIBIT 14



**Patricia Ursea <patricia.ursea@lacity.org>**

---

## Re: Garcia v. City of Los Angeles

**Patricia Ursea** <patricia.ursea@lacity.org>                                 Tue, Dec 8, 2020 at 12:58 PM
To: "Shayla R. Myers" <SMyers@lafla.org>
Cc: Felix Lebron <felix.lebron@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>, Pui-Yee Yu <PYu@lafla.org>,
"Herbert, Benjamin Allen" <benjamin.herbert@kirkland.com>, Michael Onufer <michael.onufer@kirkland.com>, "Park,
Patrick" <patrick.park@kirkland.com>, "Blake, Sam" <sam.blake@kirkland.com>, Cathy Sweetser
<catherine.sdshhh@gmail.com>, Justin Grams <justin.grams@lacity.org>

Counsel:

As you know, we do not run searches but rather submit search requests to the appropriate IT departments, which must
construct and run searches, and download documents, not only for this case but a multitude of other cases the City is
involved in, CPRA requests, and a variety of other reasons.  The search process, which is detailed in the City's objections
to the Plaintiffs' RFPs and in the City's letters of August 24, 2020 and September 25, 2020, is resource-intensive and
time-consuming.  Furthermore, each time a request is submitted, it goes to the back of line.  Given that Plaintiffs have
asked the City to run very broad searches, including two words that are extremely common in emails (e.g., "I **hope** you
are well"; "Take **care**,"), involving over 40 custodians, we thought it would be more efficient to construct alternative
search parameters to address obvious overbreadth issues so that IT could run the searches as part of one request.

We had intended to also meet-and-confer up front as to some of the other custodians and search terms.  For example, Gita
O'Neil is an attorney and the term "56.11" is likely to result in an enormous number of privileged documents that would
burden the review process in a manner we do not believe is proportional to the needs of the case.  We were exploring
options for narrowing the results that we planned to confer with Plaintiffs about but given that this approach has led to
accusations of intentional delay, we will do as Plaintiffs wish and request IT to run an initial search with no limitations,
then meet-and-confer if needed, and then request additional searches if appropriate.

On the subject of the alleged delay, your email does not accurately reflect the relevant timeline of the parties' search term
negotiations.  The City agreed to meet and confer about custodians and search terms on August 25, 2020.  The City later
reiterated that agreement in a letter dated September 25, 2020.  Plaintiffs did not provide the custodians and search term
proposal until November 24, 2020, which also happened to be two days before Thanksgiving.  That Thursday and Friday
were City holidays and many employees were out on other days that week, including myself.  Upon returning the following
week, we consulted with IT about the proposed searches.  When we discovered that the searches IT runs are not case
sensitive, we then developed alternative search parameters to address the CARE and HOPE issues, which we shared with
Plaintiffs on Friday of that week.

In response to your question, with the exception noted below, we aim to submit the requests to the various IT
departments this week, including the alternative search parameters you suggested for CARE and HOPE.  The exception is
that we will need to further meet and confer concerning Plaintiffs' request for "council staff" from the four Council
Districts.  A preliminary inquiry indicates that this would require searching emails for over 60 employees, not including
former employees.  As a compromise, we are working on identifying the employees in each Council District that were/are
most likely to communicate about cleanups, 56.11, and related authorizations 2018 to the present.  We will propose a
subset of custodians from those Council Districts once we have completed our inquiry.  In the meantime, if you are aware
of the names of specific employees in the Council Districts you believe would have relevant information, please let us
know.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may
contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy,

or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Mon, Dec 7, 2020 at 5:04 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

When do you intend to run the searches? We provided the list to you almost two weeks ago, with an expectation that you would quickly run the searches and provide a hit report, so we would have a baseline to discuss limiting the results. We appreciate that you do not want any more delay, but we're confused as to why there has already been such a delay, and how long we can anticipate until we get the results of these searches.

With regards to the proposed limiters, we are fine with running both the original terms and running them with limiters, so we can compare the results.

Rather than using specific exact phrases, we would propose using proximity searches:

HOPE:

H.O.P.E.
HOPE  /5 program or team or unit or initiative

 For all custodians:  [HOPE /30 homeless or encampment]
For custodians not within LAPD, add: [/30 LAPD or officer]
 For custodians not within LA SAN:  add [/30 sanitation or LASAN or "LA San"]


CARE:

C.A.R.E.
CARE+
care /5 (plus or team or program or unit)
[care /30 rollout or training or policy or protocol or operation or practice or launch or initiative or clean or cleanup or homeless or encampment or "service day" or trash or "bulky item"]
For custodians not within LA SAN:  add [sanitation or LASAN or "LA San"]


We expect that we will be able to sample the results, to see if the extent to which there are false hits from HOPE and CARE. While we appreciate that these are ordinary words, they are also specific terms of art related to the case, and we expect at least with CARE, that a significant number of responsive emails will use CARE standing alone, without identifiable terms we can use to limit the results.

Given the back and forth that will inevitably be required to address these issues, we'd appreciate both an answer to our question about the City's expected timeline, and that the parties can move more quickly to address these issues.

Thanks,

**Shayla Myers** | Senior Attorney

**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Monday, December 7, 2020 9:00 AM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Pui-Yee Yu <PYu@lafla.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Michael Onufer <michael.onufer@kirkland.com>; Park, Patrick <patrick.park@kirkland.com>; Blake, Sam <sam.blake@kirkland.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>; Justin Grams <justin.grams@lacity.org>
**Subject:** Re: Garcia v. City of Los Angeles

Thank you, Counsel. IT has not yet run the searches but as we believe it is highly likely that the word "hope" and possibly "care" will result in false hits, we wanted to be prepared with alternative search terms that we can give IT at the outset. IT can run the searches first without limitations and then with the limitations but we wanted to get the Plaintiffs' weigh-in on the alternative search terms to minimize the potential for delay.

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Fri, Dec 4, 2020 at 5:01 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Patricia,

We will review your proposed terms and get back to you shortly.

Did you run searches to determine how many emails the terms are hitting? We are amenable to qualifying the terms, especially HOPE, but we need a baseline or some sampling to evidence whether the terms are in fact overbroad or are generating false hits.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Friday, December 4, 2020 3:52 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Pui-Yee Yu <PYu@lafla.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Michael Onufer <michael.onufer@kirkland.com>; Park, Patrick <patrick.park@kirkland.com>; Blake, Sam <sam.blake@kirkland.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>; Justin Grams <justin.grams@lacity.org>
**Subject:** Re: Garcia v. City of Los Angeles

Counsel:

Following up on the email search terms, the system is apparently not capable of running case-sensitive searches, which makes the terms "CARE" and "HOPE" extremely overbroad. Based on how these terms are typically used in the relevant context, we propose the following search terms instead:

H.O.P.E.
"hope program"
"hope team"
"hope unit"
"hope initiative"

C.A.R.E.
"care program"
"care team"
"care unit"
"care plus"
"care+"

[care /10 rollout or training or policy or protocol or operation or practice or launch or initiative or cleanup or cleanup or homeless or encampment]

Please let us know whether you have any concerns or other suggestions for reasonably limiting these search terms. Thank you.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Tue, Dec 1, 2020 at 12:46 PM Patricia Ursea <patricia.ursea@lacity.org> wrote:

Thank you, Counsel.  The City agrees to stipulate to the proposed extension of trial dates.  We will ask the appropriate IT departments to run the search terms you propose and will get back to you on the issues you raise in the corresponding letter as soon as we receive the results.

We are continuing to work with the various departments to obtain the other data and information Plaintiffs requested and will produce those documents as soon as they are available.  Regarding the January 1, 2018 start date for production, we understand that Plaintiffs agreed to limit their document requests to that date in prior meet-and-confer discussions.  As we understand it, the data at issue is not as straightforward to export and prepare for production as Plaintiffs imagine and given that all of Plaintiffs' incidents occurred in 2019, and the requested data is related to thousands of unrelated cleanups that did not involve Plaintiffs, the City believes beginning the production on January 1, 2018 is more than reasonable.  On a related note, we learned that our colleague Felix Lebron will not be returning from leave this week as anticipated and will not be returning until sometime in the new year.  As we discussed, Felix spearheaded the collection and production efforts for the City; we are doing our best to pick up where he left off and complete the productions as soon as possible.

On a final discovery-related note, the City is still awaiting amended responses and further document production from Plaintiffs in response to discovery the City served in August and about which the parties met and conferred on September 30, 2020.  For example, we have still not received any responses to the 11 interrogatories the City served on Mr. El- Bey on August 14, 2020.   If necessary, we can describe the outstanding discovery responses in separate correspondence.  But in the hopes of streamlining the parties' discovery-related efforts, we hope this serves as a sufficient reminder and refer Plaintiffs to our letter dated September 16, 2020, which details the deficiencies in Plaintiffs' initial objections and/or responses.

Thank you.

Patricia


Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Tue, Nov 24, 2020 at 4:43 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find correspondence re: Plaintiffs' initial list of custodians and search terms for email discovery as well as our initial list of search terms.  We look forward to hearing from you.

Also, we appreciate Ms. Ursea's email confirming the City's intention to produce data contained in the MyLA311, WPIMS, and AMS databases and the representations related to the production of other documents.  We will follow up with some further considerations next week.  As an initial matter, we disagree with the City's decision to limit the production of data from these specific databases to only January 1, 2018, given that the data is a public record, as I noted on the call, and producing data going back to April 2016 will not create any more work for the City.   We also do not understand why there will be yet another month delay before the City will produce these basic spreadsheets.  It should be very

straightforward for the City to export this data and provide it to Plaintiffs. Especially in light of the City's suggestion that we use the databases to identify additional documents responsive to our requests, we request the City provide us these databases immediately.

Finally, the discovery cutoff in this case is two months. Given where the parties are in discovery as well as the current uncertainty related to COVID, we believe it is unreasonable for the parties to complete discovery by January 25, 2021. We suggest the parties seek a six month extension of all trial dates. Doing so will allow the parties to work towards the resolution of some of these issues without immediate motion practice related to the City's responses to Plaintiffs' discovery. We also think, in light of the current global pandemic, which has had a particular impact on our clients, that such an extension is warranted and would be granted by the Court. If the City is willing to stipulate to this continuance, please let us know and we will draft a stipulation and order for your review.

We look forward to hearing from you on these matters.

-Shayla

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, November 19, 2020 5:07 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Pui-Yee Yu <PYu@lafla.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Michael Onufer <michael.onufer@kirkland.com>; Park, Patrick <patrick.park@kirkland.com>; Blake, Sam <sam.blake@kirkland.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>
**Subject:** Re: Garcia v. City of Los Angeles

Counsel,

As promised, below is an update on the database issues we discussed on Tuesday. Your letter raises a multitude of additional issues, which we will address separately as soon as we can. As you know, our colleague who has been primarily handling the City's discovery responses and related document collection is out on leave this month and will be returning on Nov. 30. While we have done our best to pick up where he left off, we do not have all the relevant history on document collection and production to be able to immediately respond to all the issues you raise. We will follow up on those issues as soon as we obtain the necessary information.

**MyLA 311 Database:** With the two exceptions noted below, all data related to encampment cleanups from 1/1/18 to the present will be exported into an Excel spreadsheet and produced. This will include data from all fields except for the contact information of the requestor, to protect confidentiality. Photographs associated with these cleanups are housed separately and there is no automated method for exporting them. As we have explained, the number of photographs associated with cleanups vary dramatically and could include as many as 700 photographs. Each photograph for each cleanup would need to be downloaded manually. If after seeing the data, Plaintiffs wish to request photographs for some reasonable subset of the cleanups, we can meet and confer about such a request. The anticipated date of completion is December 18, 2020.

**WPIMS database:** With the exception discussed below, all data related to encampment cleanups from 1/1/18 to the present will be exported into an Excel spreadsheet adn produced. There is no automated method for exporting cleanup reports associated with the cleanups. These reports are stored as separate documents and each must be downloaded manually. If after seeing the data, Plaintiffs wish to request cleanup reports for some reasonable subset of the cleanups, we can meet and confer about such a request. The anticipated date of completion is December 18, 2020.

**AMS database:** We are waiting to hear back on what data is stored in AMS that is not also stored in MyLA. We understand there is significant overlap. To the extent there is data in AMS that is not stored in MyLA, that data will be produced. The anticipated date of completion is December 18, 2020.

**RFCs:** RFCs are not stored electronically by the LAPD. They are stored in paper format and organized by month and year, not by the nature of the violation. The Criminal Branch has only one record of an RFC that was filed electronically; the remainder were filed in paper form and are not stored electronically. We are still exploring whether there is any feasible and reasonable way to satisfy Plaintiffs' request and will get back to you once we have exhausted any remaining possibilities.

**Complaints to LAPD:** The City will export the intake summaries (i.e., the complaints) that relate to seizure or destruction of unhoused person's belongings into a spreadsheet and produce it. The spreadsheet will only include investigations that have been closed as ongoing investigations are privileged. The anticipated date of completion is December 18, 2020.

**Government Claims:** We have confirmed that CityLaw has extremely limited search capabilities. Each search term must be run individually across the database, then the results must be reviewed for responsiveness. In addition, if paper claims are submitted, they are uploaded as pdfs and are not searchable. There is no specific field or combination of fields that would capture only seizure or destruction of unhoused persons' property. The City will run searches across the entire database and will export the text of all relevant claims into an Excel spreadsheet. The anticipated date of completion is December 18, 2020.

**Storage Data:** The City intends to produce data tracked by Chrysalis. We are waiting to hear back from the Chrysalis coordinator, who is new to the position, on the details of the data and anticipated timeframe.

---
To be clear, the City's position continues to be that the data described above -- all of which involves cleanup operations wholly unrelated to Plaintiffs or their belongings -- is not relevant to Plaintiffs' claims and given the burden associated with collecting and producing it, the requests for this data are not proportional to the claims. The City agrees to produce the data described above in an effort to compromise, avoid onerous and costly discovery motion practice, and move the case forward to the merits. The agreement to produce this data is not intended to waive the City's arguments related to relevance, proportionality, or any other objections asserted in response to the RFPs.

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Thu, Nov 19, 2020 at 10:33 AM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find further correspondence regarding the City's responses to Plaintiffs' RFPs, Set One. We look forward to hearing from you today regarding the City's production of data and

other responsive documents.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

*****************Confidentiality Notice **************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
********************************************************************

*****************Confidentiality Notice **************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
********************************************************************

*****************Confidentiality Notice **************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
********************************************************************

EXHIBIT 15



7000 S. Broadway
Los Angeles, CA 90003
213-640-3950
213-640-3988 fax
www.lafla.org

Writer's Direct Line (213) 640-3983                    Our File Number 19-1306127

<u>VIA EMAIL ONLY</u>

December 9, 2020

Patricia Ursea
Gabriel Dermer
Felix Labron
Office of the City Attorney
200 N. Main Street, 6th Floor
Los Angeles, California 90012

RE:  **Garcia v. City of Los Angeles**
     **Responses to Plaintiffs Requests for Production, Set One**

Counsel,

We have not heard back from the City on the majority of the issues outstanding from our November 14, 2020 call or the many other issues outstanding regarding the City's production of documents responsive to Plaintiffs' RFPS, Set One. This includes, but is not limited to:

1. Confirmation that the City is producing raw data exported from all databases used by LA Sanitation related to encampment cleanups
2. Production of photographs and other documents produced by the City of LA in native format or a format that preserves metadata;
3. Confirmation that the City will continue to produce all documents in TIFF format with metadata intact or in native format;
4. Search terms used to search for government tort claims and other documents;
5. Further amendments to the City's written responses that comply with Rule 34;
6. A privilege log

In addition, the City has not addressed the many specific questions we have raised about missing documents, including but not limited to the City's inexplicable failure to produce:

1. documents specific to the individual cleanups outlined in the complaint
2. a complete set of job descriptions for the applicable time period in this case
3. organizational charts that reflect the staffing of the relevant departments during the relevant time periods
4. power point presentations that are directly relevant and responsive to Plaintiffs' requests

---

**Other Office Locations:**
**East Los Angeles Office**, 5228 Whittier Blvd., Los Angeles, CA 90022; 213-640-3883
**Long Beach Office**, 601 Pacific Ave., Long Beach, CA 90802; 562-435-3501
**Santa Monica Office**, 1640 5th St., Suite 124, Santa Monica, CA 90401; 310-899-6200
**Ron Olson Justice Center**, 1550 W 8th Street, Los Angeles, CA 90017; 323-801-7989



5.  reports and other data not included in the City's most recent agreement to produce raw data exported from databases, such as monthly tonnage reports and data provided to council offices regarding encampment cleanup, any reports generated by UHRC, LA Sanitation or other city agencies related to property seizure, destruction, and storage, etc.

When we yet again raised the inadequacy and seeming arbitrary nature of the City's production in November, Mr. Dermer indicated the City had not yet completed its production.  But the City has not provided any additional documents and has refused to provide a date certain by which to complete its production as required by Rule 34.  Moreover, the fact that the City has not completed the production of even these incredibly basic documents, nor provided any explanation for the failure to produce responsive documents, is unreasonable.

The City's offer to meet and confer after December 18 if Plaintiffs wish to request a subset of documents related to individual cleanups is also unreasonable.  Plaintiffs requested documents related to additional individual cleanups as part of our initial requests.  The documents are directly relevant to the existence of widespread and longstanding policies related to the violation of unhoused people's constitutional rights (which are outlined in detail in Plaintiffs' complaint), as well as for impeachment and credibility purposes, and to establish the dates and times of other incidents in which our clients' property was taken.

In response to Defendant's objections about burden and proportionality, we have offered myriad ways to address the City's objections.  We have offered to limit the geographic and temporal scope of our requests, offered to discuss ways to reduce the burden on Defendants to produce the documents, etc. The City has refused to even discuss the production of any additional documents and has not offered any response, other than reject our suggestions and reiterate its view about the scope of the case and the value of the issues at stake.

Plaintiffs cannot continue to negotiate against ourselves, especially since we have no information about how the documents are kept in the normal course or what would actually be required to produce these documents (and again, we note that many of the documents have already been provided by the City in response to public records act requests).  Moreover, the City has refused to acknowledge the significance of the issues at stake in this litigation, despite multiple court rulings and a City-wide preliminary injunction.  Given these significant disagreements and the time that has already passed since Plaintiffs filed the case, it is unreasonable to suggest at this late date, that Plaintiffs wait yet another month, on the representation that the City might now be willing to meet and confer about a subset of documents it may determine is reasonable.

With regards to the documents the City has agreed to produce, namely some raw data, complaints and government tort claims, we are unclear what the City intends to actually produce on December 18. The City has not provided us the requested data dictionary for the databases or even confirmed whether the three databases the City is exporting data from are the universe of databases used by LA Sanitation to capture quantitative data related to encampment cleanups.

We also continue to object to the City's arbitrary December 18 production date, since these documents are in response to requests we formally propounded in July 2020 (but were given to the City over a

year ago). More importantly, the date chosen by the City to finally produce documents is just three days before the last day for Plaintiffs to file a motion and have it heard before our existing discovery cutoff. Whether by design or by coincidence, the date chosen by Defendants does not leave Plaintiffs enough time to reasonably review whatever documents the City decides to produce on that date and still meet our filing deadline.

Therefore, we request you provide us with any additional documents the City intends to produce by Friday, December 11. If the City is unable to produce specific categories of documents before December 18, 2020, we request you provide us a more precise description of the documents you intend to produce on December 18 and a commitment to provide those documents on that date. And if there are any further issues about which you believe further discussions are warranted, we are available to do so this afternoon after 4:00 p.m. or tomorrow after 1:00 p.m. Otherwise, we intend to base our motion to compel on the documents the City has produced and the written responses provided to Plaintiffs by December 11.

While we have requested a continuance of all dates, we cannot assume that the request will be granted. Given the sheer number of disputes between the parties, we cannot prejudice our clients' interests by waiting any longer to seek court intervention. We would have strongly preferred not to engage in motion practice during the last few weeks of December. But while we control the date of the filing of the motion, the City has controlled every other aspect of the production, and the timing of our motion is based on the timing of the City's production. We are giving you advanced notice as a professional courtesy, so you can plan accordingly.

Sincerely,

Shayla Myers
Pui-Yee Yu

EXHIBIT 16



**Patricia Ursea <patricia.ursea@lacity.org>**

---

## Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

1 message

---

**Patricia Ursea** <patricia.ursea@lacity.org>
To: "Shayla R. Myers" <SMyers@lafla.org>
Cc: Felix Lebron <felix.lebron@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>, "Herbert, Benjamin Allen" <benjamin.herbert@kirkland.com>, Sam Blake <sam.blake@kirkland.com>, Pui-Yee Yu <PYu@lafla.org>

Thu, Dec 10, 2020 at 10:40 PM

Counsel:

We are in receipt of your letter and contrary to your assertions, we have responded to many of the issues identified in the letter in our emails of November 19 and December 1, 4, 7 and 8. Also, we have not "refused" to produce anything or engage in any further meet and confer efforts, as you contend in the letter. Instead, we continue to work on resolving the remaining issues, which, as we have explained, have required additional time to track down because the attorney who had been investigating those issues has been out of leave and unexpectedly will remain on leave until the new year. We are working diligently and as fast as we can to track down the history of the investigation performed by our colleague and determine whom to contact and how to most efficiently proceed to produce the massive amounts of data Plaintiffs seek.

We had a small team to begin with and we are now one attorney short. When Plaintiffs' much-larger counsel team asked for repeated extensions of time to respond to discovery due to issues that arose on your end, we granted the extensions without question, despite the fact the discovery was undeniably straightforward, such as interrogatories asking "what property do you allege has been taken" and "what damages are you asserting." In fact, we still await responses and documents for such discovery, which the City propounded in August, some of which have not been responded to at all. But we do not write lengthy letters lobbing accusations or insist that Plaintiffs produce the discovery immediately. Instead, we have respectfully reminded Plaintiffs of their discovery commitments in email, which to date remain unresponded to and outstanding.

Your letter does not help to move the ball forward. It raises no new issues but merely repeats--and often misrepresents-- issues that we have already discussed, many of which we have addressed or are in the process of addressing. I'm sure you can appreciate how long it takes to respond to the litany of representations and accusations made in such a letter, particularly given that the attorney with the most knowledge on these issues is not available to help us with the required history and context. We would much rather spend that time tracking down custodians and documents and reviewing documents for production but the record you are attempting to establish with such letters is inaccurate and one-sided, so we must take that time to respond instead.

As we have stated repeatedly, we disagree that the City-wide multiple-year discovery Plaintiffs seek is necessary for Plaintiffs' case but nevertheless we have attempted to reach a compromise and agreed to produce much of the data requested, much of which we intend to produce in the following week or so. But it is clear that nothing the City does in discovery satisfies Plaintiffs. The City voluntarily produced hundreds of documents before it was required to do so under the Rules, which was confirmed by the Magistrate; Plaintiffs now complain the production was in an undesirable format, though no format had been requested or agreed to at the time. Plaintiffs, meanwhile, did not produce a single document voluntarily and even now resist producing documents in response to RFPs. The City produced hundreds of pages of training materials but Plaintiffs now complain that some unidentified "powerpoint presentations" are missing. We are looking for those. The City produced numerous organizational charts but Plaintiffs complain that one organizational chart, which you stated on our meet-and-confer call Plaintiffs have already acquired from different sources, was not yet produced and imply that the City must be withholding org charts in an attempt to obfuscate and delay. We are double checking where our colleague left off with the task of collecting org charts and related information but we assure you, again, that we are not withholding and do not intend to withhold org charts or any other non-privileged documents responsive to Plaintiffs' requests that we have collected. When we offered to negotiate alternate search terms to the plainly common terms "hope" and "care" in the 40+ custodians Plaintiffs request years of communications from, we were again accused of delay. We have now asked IT to run the search terms Plaintiffs provided -- many months after they were invited to do so -- even though we are all but certain they will result in an overbroad universe of documents with many false hits.

We intend to send a further response to your letter tomorrow once we obtain some additional information. We also aim to get an additional production of documents we have identified to you in the next few days once we have had a chance to

---

complete our review.  In the meantime, if Plaintiffs could focus their efforts on responding to the discovery propounded by the City in August, we would appreciate it.  The City, too, would like to avoid unnecessary discovery motion practice.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569



This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Wed, Dec 9, 2020 at 1:32 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find correspondence regarding Plaintiffs' Requests for Production of Documents, Set One.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org

![LEGAL AID FOUNDATION OF LOS ANGELES - 90 YEARS 1929-2019]

---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Friday, November 13, 2020 10:58 AM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

1:00pm on Monday works for us.  Thank you.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012

Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Fri, Nov 13, 2020 at 8:42 AM Shayla R. Myers <SMyers@lafla.org> wrote:

Our team is available on Monday afternoon at 1:00. Please confirm that time, and we can circulate a call-in number. Thanks,

Shayla

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, November 12, 2020 9:44 AM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Counsel,

We are available on Monday 10am to 12:00 and after 1pm. Do any of those times work for you?

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Tue, Nov 10, 2020 at 9:22 AM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

We have reviewed the City's amended responses to Plaintiffs' RFPs, as well as the most recent production of documents response to those RFPs. While the written amendments do not address the issues we previously raised, you did identify a number of issues about which the City is now willing to meet and confer.

Please let us know if you are available for a call this Friday, November 13, 2020 to have that discussion.  We can make our team available any time after 12:00 p.m.

Thank you.

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

*****************Confidentiality Notice **************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*********************************************************************

*****************Confidentiality Notice **************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*********************************************************************

EXHIBIT 17



**Patricia Ursea <patricia.ursea@lacity.org>**

---

## Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One
1 message

---

**Patricia Ursea** <patricia.ursea@lacity.org>                                    Fri, Dec 11, 2020 at 8:05 PM
To: "Shayla R. Myers" <SMyers@lafla.org>
Cc: Felix Lebron <felix.lebron@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>, "Herbert, Benjamin Allen"
<benjamin.herbert@kirkland.com>, Sam Blake <sam.blake@kirkland.com>, Pui-Yee Yu <PYu@lafla.org>, Catherine
Sweetser <catherine.sdshhh@gmail.com>

Counsel:

We agree that rehashing the past is not productive and likewise wish to move forward with the litigation.  We are hopeful
that future correspondence from Plaintiffs will reflect this mutual goal and the City will be more than happy to also focus
on the path ahead.  We disagree with your characterization of the discovery owed to the City but in the spirit of moving
forward, please see the following responses to discovery issues identified in your letter:

1.  Format of initial production in November and December 2019.  As we have said, our colleague Felix Lebron was
primarily involved in the collection and production of these documents and as you know, he is on leave until next year
so we have had to piece the history together as best as we can.  Based on our investigation into this initial production, it is
our understanding that most of the documents were delivered to our office in paper form.  Subsequently, we were
approved for e-discovery software and since then have collected documents electronically and have produced all
documents in single page tiff or native, as appropriate.  While we do not believe the City is required to re-produce
documents in a different format (see FRCP Rule 34(b)(2)(E)(iii)), we are looking into the feasibility and burden of re-
producing some or all of the cleanup-specific LASAN documents (watershed reports and photos) with metadata and hope
to have an answer for you next week.

However, the City will not agree to reproduce as a matter of course the numerous documents included in its initial round
of productions regarding various South LA watershed cleanups.  As you know, the City produced those documents as a
courtesy because Plaintiff Haugabrook was not able to identify the date and precise location of the alleged cleanup(s) that
forms the basis of his claim, beyond the general location of South LA.  To date, Plaintiffs have not informed us whether
any of the cleanups in that production form the basis of Mr. Haugabrook's claim.  We would be willing to reproduce
specific cleanup documents from the South LA universe of documents if Mr. Haugabrook specifies the relevant
cleanup(s), subject to the feasibility and burden analysis noted above.

2.  Format of future productions.  The City confirms that it will continue to produce documents in in single page tiff or
native, as appropriate.

3.  Further document productions.  We have identified and reviewed additional documents responsive to Plaintiffs'
requests, including organizational charts, job descriptions, tonnage reports, cleanup reports to the Mayor's Office, and
powerpoint documents.  These documents will be produced next week.  We are continuing our investigation into what has
been collected and what there may be left to collect; we will continue to review and produce as soon as possible on a
rolling basis.

4.  Plaintiff-specific assignment logs and authorizations.   We do not know why such documents were not included in the
City's prior productions but we can assure you that the City is not withholding any such documents.  At this time, we do
not know whether or to what extent such documents exist.  If they exist, the City will produce them.  We are waiting to
hear back from LASAN on this and will produce any such documents as soon as we receive them.

5.  LAPD body cam footage.  We have put in an additional inquiry to LAPD regarding the body cam footage because we
have not been able to get a clear picture of the history of this collection effort.  We are aware that not all officers turn on
their body cams in all instances, which may be the reason for the "missing" footage, but we want to make sure that
nothing was overlooked during the initial collection.  We hope to have further information on this next week and intend to
produce any additional footage if such exists as soon as we receive it.

6.  Databases.  We have been informed that the database information we described in our November 19 email is on track
for the December 18th date.  It is our understanding from several sources that the three databases we have agreed to

produce are the only databases that house cleanup information but we have asked additional LASAN employees for further confirmation and await their responses, which we will share with you upon receipt.

7. Emails. We understand that the requested LAPD emails will be uploaded to our e-discovery software this weekend and we intend to begin review of them next week. Once we have a better understanding of the document numbers and hit rate, we will let you know to what extent we believe the universe of documents for review should be limited in an attempt to eliminate false hits. We have put in a request to IT for LASAN and UHRC documents but do not have an estimated time of completion yet. Regarding CD staff members, we have made some progress but do not yet have a list of staff members that might be appropriate custodians. We are diligently working on this and will get back to you in the next week or so with an update.

We continue to work on these and the handful of other issues identified in your letter and will update you on a rolling basis as we learn additional information.

Thank you.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Fri, Dec 11, 2020 at 3:20 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

While we disagree with your latest email, we still don't see the value of correcting the City's misrepresentations or rehashing the last 16 months of our efforts to obtain basic documents responsive to our requests. The record speaks for itself, and our only interest at this point is obtaining documents necessary to move this litigation forward.

With regards to Plaintiffs' responses to Defendants' discovery, as you know, those issues are being addressed in a separate line of communication. The inclusion of those issues here seems calculated only to muddy the record, particularly because your representation of the status of our responses is disingenuous at best. Plaintiffs have in fact responded to all 16 sets of discovery propounded by the City. What the City awaits is supplemental responses and additional documents, which we will continue to address separately.

We look forward to receiving your substantive responses today regarding Defendants' outstanding production. It remains, as always, our hope that it will narrow the issues about which we need to seek court intervention.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**

[www.lafla.org](www.lafla.org) | [smyers@lafla.org](smyers@lafla.org)



---

**From:** Patricia Ursea <[patricia.ursea@lacity.org](patricia.ursea@lacity.org)>
**Sent:** Thursday, December 10, 2020 10:40 PM
**To:** Shayla R. Myers <[SMyers@lafla.org](SMyers@lafla.org)>
**Cc:** Felix Lebron <[felix.lebron@lacity.org](felix.lebron@lacity.org)>; Gabriel Dermer <[gabriel.dermer@lacity.org](gabriel.dermer@lacity.org)>; Herbert, Benjamin Allen <[benjamin.herbert@kirkland.com](benjamin.herbert@kirkland.com)>; Sam Blake <[sam.blake@kirkland.com](sam.blake@kirkland.com)>; Pui-Yee Yu <[PYu@lafla.org](PYu@lafla.org)>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Counsel:

We are in receipt of your letter and contrary to your assertions, we have responded to many of the issues identified in the letter in our emails of November 19 and December 1, 4, 7 and 8. Also, we have not "refused" to produce anything or engage in any further meet and confer efforts, as you contend in the letter. Instead, we continue to work on resolving the remaining issues, which, as we have explained, have required additional time to track down because the attorney who had been investigating those issues has been out of leave and unexpectedly will remain on leave until the new year. We are working diligently and as fast as we can to track down the history of the investigation performed by our colleague and determine whom to contact and how to most efficiently proceed to produce the massive amounts of data Plaintiffs seek.

We had a small team to begin with and we are now one attorney short. When Plaintiffs' much-larger counsel team asked for repeated extensions of time to respond to discovery due to issues that arose on your end, we granted the extensions without question, despite the fact the discovery was undeniably straightforward, such as interrogatories asking "what property do you allege has been taken" and "what damages are you asserting." In fact, we still await responses and documents for such discovery, which the City propounded in August, some of which have not been responded to at all. But we do not write lengthy letters lobbing accusations or insist that Plaintiffs produce the discovery immediately. Instead, we have respectfully reminded Plaintiffs of their discovery commitments in email, which to date remain unresponded to and outstanding.

Your letter does not help to move the ball forward. It raises no new issues but merely repeats--and often misrepresents--issues that we have already discussed, many of which we have addressed or are in the process of addressing. I'm sure you can appreciate how long it takes to respond to the litany of representations and accusations made in such a letter, particularly given that the attorney with the most knowledge on these issues is not available to help us with the required history and context. We would much rather spend that time tracking down custodians and documents and reviewing documents for production but the record you are attempting to establish with such letters is inaccurate and one-sided, so we must take that time to respond instead.

As we have stated repeatedly, we disagree that the City-wide multiple-year discovery Plaintiffs seek is necessary for Plaintiffs' case but nevertheless we have attempted to reach a compromise and agreed to produce much of the data requested, much of which we intend to produce in the following week or so. But it is clear that nothing the City does in discovery satisfies Plaintiffs. The City voluntarily produced hundreds of documents before it was required to do so under the Rules, which was confirmed by the Magistrate; Plaintiffs now complain the production was in an undesirable format, though no format had been requested or agreed to at the time. Plaintiffs, meanwhile, did not produce a single document voluntarily and even now resist producing documents in response to RFPs. The City produced hundreds of pages of training materials but Plaintiffs now complain that some unidentified "powerpoint presentations" are missing. We are looking for those. The City produced numerous organizational charts but Plaintiffs complain that one organizational chart, which you stated on our meet-and-confer call Plaintiffs have already acquired from different sources, was not yet produced and imply that the City must be withholding org charts in an attempt to obfuscate and delay. We are double checking where our colleague left off with the task of collecting org charts and related information but we assure you, again, that we are not withholding and do not intend to withhold org charts or any other non-privileged documents responsive to Plaintiffs' requests that we have collected. When we offered to negotiate alternate search terms to the plainly common terms "hope" and "care" in the 40+ custodians Plaintiffs request years of communications from, we were again accused of delay. We have now asked IT to run the search terms Plaintiffs provided -- many months after they were invited to do so -- even though we are all but certain they will result in an overbroad universe of documents with many false hits.

We intend to send a further response to your letter tomorrow once we obtain some additional information. We also aim to get an additional production of documents we have identified to you in the next few days once we have had a chance to complete our review. In the meantime, if Plaintiffs could focus their efforts on responding to the discovery propounded by the City in August, we would appreciate it. The City, too, would like to avoid unnecessary discovery motion practice.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Wed, Dec 9, 2020 at 1:32 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find correspondence regarding Plaintiffs' Requests for Production of Documents, Set One.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Friday, November 13, 2020 10:58 AM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

1:00pm on Monday works for us. Thank you.

Patricia

Patricia Ursea

Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Fri, Nov 13, 2020 at 8:42 AM Shayla R. Myers <SMyers@lafla.org> wrote:
Our team is available on Monday afternoon at 1:00.  Please confirm that time, and we can circulate a call-in number.  Thanks,

Shayla

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, November 12, 2020 9:44 AM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Counsel,

We are available on Monday 10am to 12:00 and after 1pm.  Do any of those times work for you?

Patricia


Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Tue, Nov 10, 2020 at 9:22 AM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

We have reviewed the City's amended responses to Plaintiffs' RFPs, as well as the most recent production of documents response to those RFPs. While the written amendments do not address the issues we previously raised, you did identify a number of issues about which the City is now willing to meet and confer.

Please let us know if you are available for a call this Friday, November 13, 2020 to have that discussion.  We can make our team available any time after 12:00 p.m.

Thank you.

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

****************Confidentiality Notice **************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*****************************************************************

****************Confidentiality Notice **************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*****************************************************************

****************Confidentiality Notice **************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error,

please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EXHIBIT 18



**Patricia Ursea <patricia.ursea@lacity.org>**

## Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One
1 message

**Shayla R. Myers** <SMyers@lafla.org>                             Fri, Dec 18, 2020 at 4:59 PM
To: Patricia Ursea <patricia.ursea@lacity.org>
Cc: Felix Lebron <felix.lebron@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>, "Herbert, Benjamin Allen" <benjamin.herbert@kirkland.com>, Sam Blake <sam.blake@kirkland.com>, Pui-Yee Yu <PYu@lafla.org>, Catherine Sweetser <catherine.sdshhh@gmail.com>

Patricia,

In our RFPs, Plaintiffs explicitly requested the metadata for all responsive documents. Moreover, Rule 34 requires the production of documents as they are kept in the normal course. The initial production from the City in November and December 2019 was deficient on both of these accounts. We attempted to meet and confer about the form of production as early as possible, as required by Rule 26, to avoid exactly this situation. Instead, the City opted to produce the documents as massive PDFs without useable metadata. Rule 34(b)(2)(E)(iii) is certainly not intended to allow a party to ignore other provisions of Rule 34 and then avoid fixing those errors by claiming it need not reproduce documents.

We are entitled to the requested metadata, but in the interest of obtaining this information as expediently as possible and without court intervention, we offered what we believe is a reasonable compromise. We look forward to hearing from you today if you are willing to provide these documents as requested. If not, we intend to raise this with the Court.

With regards to Mr. Haugabrook, we disagree with your statement that we were unable to provide a location where the cleanups occurred. We provided you that information in the Second Amended Complaint. In addition, we disagree with your characterization of the production of these "South LA" documents. While you view this as a courtesy, we consider this part of the City's discovery obligation in this case. We note that the City brought a motion for a more definite statement under Rule 8 of the Federal Rules of Civil Procedure, alleging that Mr. Haugabrook failed to provide sufficient details about his allegations. The District Court denied the motion, finding that Mr. Haugabrook had provided sufficient information for the City to investigate the claims. Plaintiffs in turn, are entitled to discovery related to those claims. We strongly disagree with the City's repeated assertion that these documents are the only documents related to cleanups conducted in "South LA" during March 2019, but we are entitled to the documents the City believes constitute the universe of these cleanups.

Also, this is the first time you have inquired whether any of the documents produced by the City relate to Mr. Haugabrook's claims. From our perspective, it is clear that the documents produced by the City do not form the basis for his claims, as they relate to cleanups that occurred nowhere near where Mr. Haugabrook alleges he was subjected to the City's unconstitutional practices.

We look forward to receiving documents consistent with the City's obligations under Rule 34.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**

www.lafla.org  |  smyers@lafla.org



**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Friday, December 11, 2020 8:05 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>; Catherine Sweetser <catherine.sdshhh@gmail.com>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Counsel:

We agree that rehashing the past is not productive and likewise wish to move forward with the litigation. We are hopeful that future correspondence from Plaintiffs will reflect this mutual goal and the City will be more than happy to also focus on the path ahead. We disagree with your characterization of the discovery owed to the City but in the spirit of moving forward, please see the following responses to discovery issues identified in your letter:

1. Format of initial production in November and December 2019. As we have said, our colleague Felix Lebron was primarily involved in the collection and production of these documents and as you know, he is on leave until next year so we have had to piece the history together as best as we can. Based on our investigation into this initial production, it is our understanding that most of the documents were delivered to our office in paper form. Subsequently, we were approved for e-discovery software and since then have collected documents electronically and have produced all documents in single page tiff or native, as appropriate. While we do not believe the City is required to re-produce documents in a different format (see FRCP Rule 34(b)(2)(E)(iii)), we are looking into the feasibility and burden of re-producing some or all of the cleanup-specific LASAN documents (watershed reports and photos) with metadata and hope to have an answer for you next week.

However, the City will not agree to reproduce as a matter of course the numerous documents included in its initial round of productions regarding various South LA watershed cleanups. As you know, the City produced those documents as a courtesy because Plaintiff Haugabrook was not able to identify the date and precise location of the alleged cleanup(s) that forms the basis of his claim, beyond the general location of South LA. To date, Plaintiffs have not informed us whether any of the cleanups in that production form the basis of Mr. Haugabrook's claim. We would be willing to reproduce specific cleanup documents from the South LA universe of documents if Mr. Haugabrook specifies the relevant cleanup(s), subject to the feasibility and burden analysis noted above.

2. Format of future productions. The City confirms that it will continue to produce documents in in single page tiff or native, as appropriate.

3. Further document productions. We have identified and reviewed additional documents responsive to Plaintiffs' requests, including organizational charts, job descriptions, tonnage reports, cleanup reports to the Mayor's Office, and powerpoint documents. These documents will be produced next week. We are continuing our investigation into what has been collected and what there may be left to collect; we will continue to review and produce as soon as possible on a rolling basis.

4. Plaintiff-specific assignment logs and authorizations. We do not know why such documents were not included in the City's prior productions but we can assure you that the City is not withholding any such documents. At this time, we do not know whether or to what extent such documents exist. If they exist, the City will produce them. We are waiting to hear back from LASAN on this and will produce any such documents as soon as we receive them.

5. LAPD body cam footage. We have put in an additional inquiry to LAPD regarding the body cam footage because we have not been able to get a clear picture of the history of this collection effort. We are aware that not all officers turn on their body cams in all instances, which may be the reason for the "missing" footage, but we want to make sure that nothing was overlooked during the initial collection. We hope to have further information on this next week and intend to produce any additional footage if such exists as soon as we receive it.

6.  Databases.  We have been informed that the database information we described in our November 19 email is on track for the December 18th date.  It is our understanding from several sources that the three databases we have agreed to produce are the only databases that house cleanup information but we have asked additional LASAN employees for further confirmation and await their responses, which we will share with you upon receipt.

7.  Emails.  We understand that the requested LAPD emails will be uploaded to our e-discovery software this weekend and we intend to begin review of them next week.  Once we have a better understanding of the document numbers and hit rate, we will let you know to what extent we believe the universe of documents for review should be limited in an attempt to eliminate false hits.  We have put in a request to IT for LASAN and UHRC documents but do not have an estimated time of completion yet.  Regarding CD staff members, we have made some progress but do not yet have a list of staff members that might be appropriate custodians.  We are diligently working on this and will get back to you in the next week or so with an update.

We continue to work on these and the handful of other issues identified in your letter and will update you on a rolling basis as we learn additional information.

Thank you.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Fri, Dec 11, 2020 at 3:20 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

While we disagree with your latest email, we still don't see the value of correcting the City's misrepresentations or rehashing the last 16 months of our efforts to obtain basic documents responsive to our requests. The record speaks for itself, and our only interest at this point is obtaining documents necessary to move this litigation forward.

With regards to Plaintiffs' responses to Defendants' discovery, as you know, those issues are being addressed in a separate line of communication.  The inclusion of those issues here seems calculated only to muddy the record, particularly because your representation of the status of our responses is disingenuous at best. Plaintiffs have in fact responded to all 16 sets of discovery propounded by the City.  What the City awaits is supplemental responses and additional documents, which we will continue to address separately.

We look forward to receiving your substantive responses today regarding Defendants' outstanding production.  It remains, as always, our hope that it will narrow the issues about which we need to seek court intervention.

Thanks,

**Shayla Myers** | Senior Attorney

**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, December 10, 2020 10:40 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Counsel:

We are in receipt of your letter and contrary to your assertions, we have responded to many of the issues identified in the letter in our emails of November 19 and December 1, 4, 7 and 8. Also, we have not "refused" to produce anything or engage in any further meet and confer efforts, as you contend in the letter. Instead, we continue to work on resolving the remaining issues, which, as we have explained, have required additional time to track down because the attorney who had been investigating those issues has been out of leave and unexpectedly will remain on leave until the new year. We are working diligently and as fast as we can to track down the history of the investigation performed by our colleague and determine whom to contact and how to most efficiently proceed to produce the massive amounts of data Plaintiffs seek.

We had a small team to begin with and we are now one attorney short. When Plaintiffs' much-larger counsel team asked for repeated extensions of time to respond to discovery due to issues that arose on your end, we granted the extensions without question, despite the fact the discovery was undeniably straightforward, such as interrogatories asking "what property do you allege has been taken" and "what damages are you asserting." In fact, we still await responses and documents for such discovery, which the City propounded in August, some of which have not been responded to at all. But we do not write lengthy letters lobbing accusations or insist that Plaintiffs produce the discovery immediately. Instead, we have respectfully reminded Plaintiffs of their discovery commitments in email, which to date remain unresponded to and outstanding.

Your letter does not help to move the ball forward. It raises no new issues but merely repeats--and often misrepresents--issues that we have already discussed, many of which we have addressed or are in the process of addressing. I'm sure you can appreciate how long it takes to respond to the litany of representations and accusations made in such a letter, particularly given that the attorney with the most knowledge on these issues is not available to help us with the required history and context. We would much rather spend that time tracking down custodians and documents and reviewing documents for production but the record you are attempting to establish with such letters is inaccurate and one-sided, so we must take that time to respond instead.

As we have stated repeatedly, we disagree that the City-wide multiple-year discovery Plaintiffs seek is necessary for Plaintiffs' case but nevertheless we have attempted to reach a compromise and agreed to produce much of the data requested, much of which we intend to produce in the following week or so. But it is clear that nothing the City does in discovery satisfies Plaintiffs. The City voluntarily produced hundreds of documents before it was required to do so under the Rules, which was confirmed by the Magistrate; Plaintiffs now complain the production was in a undesirable format, though no format had been requested or agreed to at the time. Plaintiffs, meanwhile, did not produce a single document voluntarily and even now resist producing documents in response to RFPs. The City produced hundreds of pages of training materials but Plaintiffs now complain that some unidentified "powerpoint presentations" are missing. We are looking for those. The City produced numerous organizational charts but Plaintiffs complain that one organizational chart, which you stated on our meet-and-confer call Plaintiffs have already acquired from different sources, was not yet produced and imply that the City must be withholding org charts in an attempt to obfuscate and delay. We are double checking where our colleague left off with the task of collecting org charts and related information but we assure you, again, that we are not withholding and do not intend to withhold org charts or any other non-privileged documents responsive to Plaintiffs' requests that we have collected. When we offered to negotiate alternate search terms to the plainly common terms "hope" and "care" in the 40+ custodians Plaintiffs request years of communications from, we were again accused of delay. We have now asked IT to run the search terms Plaintiffs

provided -- many months after they were invited to do so -- even though we are all but certain they will result in an overbroad universe of documents with many false hits.

We intend to send a further response to your letter tomorrow once we obtain some additional information. We also aim to get an additional production of documents we have identified to you in the next few days once we have had a chance to complete our review. In the meantime, if Plaintiffs could focus their efforts on responding to the discovery propounded by the City in August, we would appreciate it. The City, too, would like to avoid unnecessary discovery motion practice.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Wed, Dec 9, 2020 at 1:32 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find correspondence regarding Plaintiffs' Requests for Production of Documents, Set One.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Friday, November 13, 2020 10:58 AM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

1:00pm on Monday works for us. Thank you.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Fri, Nov 13, 2020 at 8:42 AM Shayla R. Myers <SMyers@lafla.org> wrote:

> Our team is available on Monday afternoon at 1:00.  Please confirm that time, and we can circulate a call-in number.  Thanks,
>
> Shayla
>
> **Shayla Myers** | Senior Attorney
> **Legal Aid Foundation of Los Angeles**
> 7000 S. Broadway | Los Angeles, CA 90003
> 213.640.3983 **direct** | 213.640.3988 **facsimile**
> www.lafla.org  |  smyers@lafla.org
>
> 
>
> _____
>
> **From:** Patricia Ursea <patricia.ursea@lacity.org>
> **Sent:** Thursday, November 12, 2020 9:44 AM
> **To:** Shayla R. Myers <SMyers@lafla.org>
> **Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
> **Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One
>
> Counsel,
>
> We are available on Monday 10am to 12:00 and after 1pm.  Do any of those times work for you?
>
> Patricia
>
>
> Patricia Ursea
> Deputy City Attorney, City of Los Angeles
> Business & Complex Litigation
> City Hall East
> 200 N. Main Street, 6th Floor
> Los Angeles, California 90012
> Patricia.Ursea@lacity.org

(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Tue, Nov 10, 2020 at 9:22 AM Shayla R. Myers <SMyers@lafla.org> wrote:
> Counsel,
>
> We have reviewed the City's amended responses to Plaintiffs' RFPs, as well as the most recent production of documents response to those RFPs. While the written amendments do not address the issues we previously raised, you did identify a number of issues about which the City is now willing to meet and confer.
>
> Please let us know if you are available for a call this Friday, November 13, 2020 to have that discussion.  We can make our team available any time after 12:00 p.m.
>
> Thank you.
>
> **Shayla Myers** | Senior Attorney
> **Legal Aid Foundation of Los Angeles**
> 7000 S. Broadway | Los Angeles, CA 90003
> 213.640.3983 **direct** | 213.640.3988 **facsimile**
> www.lafla.org  |  smyers@lafla.org



> This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
**********************************************************************

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
**********************************************************************

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege

and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
**********************************************************************

*****************Confidentiality Notice ************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
**********************************************************************

EXHIBIT 19













EXHIBIT 20



**Patricia Ursea <patricia.ursea@lacity.org>**

## Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One
1 message

**Shayla R. Myers** <SMyers@lafla.org>                     Fri, Dec 18, 2020 at 5:21 PM
To: Patricia Ursea <patricia.ursea@lacity.org>
Cc: Felix Lebron <felix.lebron@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>, "Herbert, Benjamin Allen"
<benjamin.herbert@kirkland.com>, Sam Blake <sam.blake@kirkland.com>, Pui-Yee Yu <PYu@lafla.org>, Catherine
Sweetser <catherine.sdshhh@gmail.com>

Counsel,

We have received the City's production and are in the process of reviewing it.  One of the spreadsheets,
CITY 20222 only contains data through 12/31/2019.  The City previously agreed to produce this data
through the present and the other two databases contained 2020 data.

We'd appreciate clarification today as to whether the City is withholding data or if this was an error.  If we
don't get clarification this evening, we'll presume the City is withholding the 2020 data based on its
objections and seek court intervention for the rest of the data.

Thanks,

Shayla

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



---

**From:** Shayla R. Myers <SMyers@lafla.org>
**Sent:** Friday, December 18, 2020 4:59 PM
**To:** Patricia Ursea <patricia.ursea@lacity.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen
<benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>;
Catherine Sweetser <catherine.sdshhh@gmail.com>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Patricia,

In our RFPs, Plaintiffs explicitly requested the metadata for all responsive documents.  Moreover, Rule 34
requires the production of documents as they are kept in the normal course.  The initial production from
the City in November and December 2019 was deficient on both of these accounts.  We attempted to meet
and confer about the form of production as early as possible, as required by Rule 26, to avoid exactly this
situation.  Instead, the City opted to produce the documents as massive PDFs without useable

metadata.  Rule 34(b)(2)(E)(iii) is certainly not intended to allow a party to ignore other provisions of Rule 34 and then avoid fixing those errors by claiming it need not reproduce documents.

We are entitled to the requested metadata, but in the interest of obtaining this information as expediently as possible and without court intervention, we offered what we believe is a reasonable compromise.  We look forward to hearing from you today if you are willing to provide these documents as requested.  If not, we intend to raise this with the Court.

With regards to Mr. Haugabrook, we disagree with your statement that we were unable to provide a location where the cleanups occurred.  We provided you that information in the Second Amended Complaint.  In addition, we disagree with your characterization of the production of these "South LA" documents.  While you view this as a courtesy, we consider this part of the City's discovery obligation in this case.  We note that the City brought a motion for a more definite statement under Rule 8 of the Federal Rules of Civil Procedure, alleging that Mr. Haugabrook failed to provide sufficient details about his allegations.   The District Court denied the motion, finding that Mr. Haugabrook had provided sufficient information for the City to investigate the claims.  Plaintiffs in turn, are entitled to discovery related to those claims.  We strongly disagree with the City's repeated assertion that these documents are the only documents related to cleanups conducted in "South LA" during March 2019, but we are entitled to the documents the City believes constitute the universe of these cleanups.

Also, this is the first time you have inquired whether any of the documents produced by the City relate to Mr. Haugabrook's claims.  From our perspective, it is clear that the documents produced by the City do not form the basis for his claims, as they relate to cleanups that occurred nowhere near where Mr. Haugabrook alleges he was subjected to the City's unconstitutional practices.

We look forward to receiving documents consistent with the City's obligations under Rule 34.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Friday, December 11, 2020 8:05 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>; Catherine Sweetser <catherine.sdshhh@gmail.com>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Counsel:

We agree that rehashing the past is not productive and likewise wish to move forward with the litigation.  We are hopeful that future correspondence from Plaintiffs will reflect this mutual goal and the City will be more than happy to also focus on the path ahead.  We disagree with your characterization of the discovery owed to the City but in the spirit of moving forward, please see the following responses to discovery issues identified in your letter:

1. Format of initial production in November and December 2019. As we have said, our colleague Felix Lebron was primarily involved in the collection and production of these documents and as you know, he is on leave until next year so we have had to piece the history together as best as we can. Based on our investigation into this initial production, it is our understanding that most of the documents were delivered to our office in paper form. Subsequently, we were approved for e-discovery software and since then have collected documents electronically and have produced all documents in single page tiff or native, as appropriate. While we do not believe the City is required to re-produce documents in a different format (see FRCP Rule 34(b)(2)(E)(iii)), we are looking into the feasibility and burden of re-producing some or all of the cleanup-specific LASAN documents (watershed reports and photos) with metadata and hope to have an answer for you next week.

However, the City will not agree to reproduce as a matter of course the numerous documents included in its initial round of productions regarding various South LA watershed cleanups. As you know, the City produced those documents as a courtesy because Plaintiff Haugabrook was not able to identify the date and precise location of the alleged cleanup(s) that forms the basis of his claim, beyond the general location of South LA. To date, Plaintiffs have not informed us whether any of the cleanups in that production form the basis of Mr. Haugabrook's claim. We would be willing to reproduce specific cleanup documents from the South LA universe of documents if Mr. Haugabrook specifies the relevant cleanup(s), subject to the feasibility and burden analysis noted above.

2. Format of future productions. The City confirms that it will continue to produce documents in in single page tiff or native, as appropriate.

3. Further document productions. We have identified and reviewed additional documents responsive to Plaintiffs' requests, including organizational charts, job descriptions, tonnage reports, cleanup reports to the Mayor's Office, and powerpoint documents. These documents will be produced next week. We are continuing our investigation into what has been collected and what there may be left to collect; we will continue to review and produce as soon as possible on a rolling basis.

4. Plaintiff-specific assignment logs and authorizations. We do not know why such documents were not included in the City's prior productions but we can assure you that the City is not withholding any such documents. At this time, we do not know whether or to what extent such documents exist. If they exist, the City will produce them. We are waiting to hear back from LASAN on this and will produce any such documents as soon as we receive them.

5. LAPD body cam footage. We have put in an additional inquiry to LAPD regarding the body cam footage because we have not been able to get a clear picture of the history of this collection effort. We are aware that not all officers turn on their body cams in all instances, which may be the reason for the "missing" footage, but we want to make sure that nothing was overlooked during the initial collection. We hope to have further information on this next week and intend to produce any additional footage if such exists as soon as we receive it.

6. Databases. We have been informed that the database information we described in our November 19 email is on track for the December 18th date. It is our understanding from several sources that the three databases we have agreed to produce are the only databases that house cleanup information but we have asked additional LASAN employees for further confirmation and await their responses, which we will share with you upon receipt.

7. Emails. We understand that the requested LAPD emails will be uploaded to our e-discovery software this weekend and we intend to begin review of them next week. Once we have a better understanding of the document numbers and hit rate, we will let you know to what extent we believe the universe of documents for review should be limited in an attempt to eliminate false hits. We have put in a request to IT for LASAN and UHRC documents but do not have an estimated time of completion yet. Regarding CD staff members, we have made some progress but do not yet have a list of staff members that might be appropriate custodians. We are diligently working on this and will get back to you in the next week or so with an update.

We continue to work on these and the handful of other issues identified in your letter and will update you on a rolling basis as we learn additional information.

Thank you.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012

Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Fri, Dec 11, 2020 at 3:20 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

While we disagree with your latest email, we still don't see the value of correcting the City's misrepresentations or rehashing the last 16 months of our efforts to obtain basic documents responsive to our requests. The record speaks for itself, and our only interest at this point is obtaining documents necessary to move this litigation forward.

With regards to Plaintiffs' responses to Defendants' discovery, as you know, those issues are being addressed in a separate line of communication.  The inclusion of those issues here seems calculated only to muddy the record, particularly because your representation of the status of our responses is disingenuous at best. Plaintiffs have in fact responded to all 16 sets of discovery propounded by the City.  What the City awaits is supplemental responses and additional documents, which we will continue to address separately.

We look forward to receiving your substantive responses today regarding Defendants' outstanding production.  It remains, as always, our hope that it will narrow the issues about which we need to seek court intervention.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, December 10, 2020 10:40 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Counsel:

We are in receipt of your letter and contrary to your assertions, we have responded to many of the issues identified in the letter in our emails of November 19 and December 1, 4, 7 and 8.  Also, we have not "refused" to produce anything or engage in any further meet and confer efforts, as you contend in the letter.  Instead, we continue to work on resolving the remaining issues, which, as we have explained, have required additional time to track down because the attorney

who had been investigating those issues has been out of leave and unexpectedly will remain on leave until the new year. We are working diligently and as fast as we can to track down the history of the investigation performed by our colleague and determine whom to contact and how to most efficiently proceed to produce the massive amounts of data Plaintiffs seek.

We had a small team to begin with and we are now one attorney short. When Plaintiffs' much-larger counsel team asked for repeated extensions of time to respond to discovery due to issues that arose on your end, we granted the extensions without question, despite the fact the discovery was undeniably straightforward, such as interrogatories asking "what property do you allege has been taken" and "what damages are you asserting." In fact, we still await responses and documents for such discovery, which the City propounded in August, some of which have not been responded to at all. But we do not write lengthy letters lobbing accusations or insist that Plaintiffs produce the discovery immediately. Instead, we have respectfully reminded Plaintiffs of their discovery commitments in email, which to date remain unresponded to and outstanding.

Your letter does not help to move the ball forward. It raises no new issues but merely repeats--and often misrepresents--issues that we have already discussed, many of which we have addressed or are in the process of addressing. I'm sure you can appreciate how long it takes to respond to the litany of representations and accusations made in such a letter, particularly given that the attorney with the most knowledge on these issues is not available to help us with the required history and context. We would much rather spend that time tracking down custodians and documents and reviewing documents for production but the record you are attempting to establish with such letters is inaccurate and one-sided, so we must take that time to respond instead.

As we have stated repeatedly, we disagree that the City-wide multiple-year discovery Plaintiffs seek is necessary for Plaintiffs' case but nevertheless we have attempted to reach a compromise and agreed to produce much of the data requested, much of which we intend to produce in the following week or so. But it is clear that nothing the City does in discovery satisfies Plaintiffs. The City voluntarily produced hundreds of documents before it was required to do so under the Rules, which was confirmed by the Magistrate; Plaintiffs now complain the production was in an undesirable format, though no format had been requested or agreed to at the time. Plaintiffs, meanwhile, did not produce a single document voluntarily and even now resist producing documents in response to RFPs. The City produced hundreds of pages of training materials but Plaintiffs now complain that some unidentified "powerpoint presentations" are missing. We are looking for those. The City produced numerous organizational charts but Plaintiffs complain that one organizational chart, which you stated on our meet-and-confer call Plaintiffs have already acquired from different sources, was not yet produced and imply that the City must be withholding org charts in an attempt to obfuscate and delay. We are double checking where our colleague left off with the task of collecting org charts and related information but we assure you, again, that we are not withholding and do not intend to withhold org charts or any other non-privileged documents responsive to Plaintiffs' requests that we have collected. When we offered to negotiate alternate search terms to the plainly common terms "hope" and "care" in the 40+ custodians Plaintiffs request years of communications from, we were again accused of delay. We have now asked IT to run the search terms Plaintiffs provided -- many months after they were invited to do so -- even though we are all but certain they will result in an overbroad universe of documents with many false hits.

We intend to send a further response to your letter tomorrow once we obtain some additional information. We also aim to get an additional production of documents we have identified to you in the next few days once we have had a chance to complete our review. In the meantime, if Plaintiffs could focus their efforts on responding to the discovery propounded by the City in August, we would appreciate it. The City, too, would like to avoid unnecessary discovery motion practice.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification

numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Wed, Dec 9, 2020 at 1:32 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find correspondence regarding Plaintiffs' Requests for Production of Documents, Set One.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Friday, November 13, 2020 10:58 AM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

1:00pm on Monday works for us.  Thank you.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Fri, Nov 13, 2020 at 8:42 AM Shayla R. Myers <SMyers@lafla.org> wrote:

Our team is available on Monday afternoon at 1:00.  Please confirm that time, and we can circulate a call-in number.  Thanks,

Shayla

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, November 12, 2020 9:44 AM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Counsel,

We are available on Monday 10am to 12:00 and after 1pm. Do any of those times work for you?

Patricia


Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.


On Tue, Nov 10, 2020 at 9:22 AM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

We have reviewed the City's amended responses to Plaintiffs' RFPs, as well as the most recent production of documents response to those RFPs. While the written amendments do not address the issues we previously raised, you did identify a number of issues about which the City is now willing to meet and confer.

Please let us know if you are available for a call this Friday, November 13, 2020 to have that discussion. We can make our team available any time after 12:00 p.m.

Thank you.

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

******************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*******************************************************************

******************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*******************************************************************

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*******************************************************************

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*******************************************************************

EXHIBIT 21



Patricia Ursea <patricia.ursea@lacity.org>

---

## Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

1 message

---

**Patricia Ursea** <patricia.ursea@lacity.org>                              Mon, Dec 21, 2020 at 11:35 AM
To: "Shayla R. Myers" <SMyers@lafla.org>
Cc: Felix Lebron <felix.lebron@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>, "Herbert, Benjamin Allen" <benjamin.herbert@kirkland.com>, Sam Blake <sam.blake@kirkland.com>, Pui-Yee Yu <PYu@lafla.org>, Catherine Sweetser <catherine.sdshhh@gmail.com>, Justin Grams <justin.grams@lacity.org>

Thank you for bringing this to our attention. Per our meet-and-confer agreements, without waiving our relevance and other objections, we did and do not intend to withhold the 2020 data. It appears there was an internal miscommunication about the date range of these reports. The 2020 reports are being pulled and we will produce them as soon as we get them, which we understand will be early next week.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Fri, Dec 18, 2020 at 5:21 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

We have received the City's production and are in the process of reviewing it. One of the spreadsheets, CITY 20222 only contains data through 12/31/2019. The City previously agreed to produce this data through the present and the other two databases contained 2020 data.

We'd appreciate clarification today as to whether the City is withholding data or if this was an error. If we don't get clarification this evening, we'll presume the City is withholding the 2020 data based on its objections and seek court intervention for the rest of the data.

Thanks,

Shayla

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Shayla R. Myers <SMyers@lafla.org>
**Sent:** Friday, December 18, 2020 4:59 PM
**To:** Patricia Ursea <patricia.ursea@lacity.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>; Catherine Sweetser <catherine.sdshhh@gmail.com>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Patricia,

In our RFPs, Plaintiffs explicitly requested the metadata for all responsive documents. Moreover, Rule 34 requires the production of documents as they are kept in the normal course. The initial production from the City in November and December 2019 was deficient on both of these accounts. We attempted to meet and confer about the form of production as early as possible, as required by Rule 26, to avoid exactly this situation. Instead, the City opted to produce the documents as massive PDFs without useable metadata. Rule 34(b)(2)(E)(iii) is certainly not intended to allow a party to ignore other provisions of Rule 34 and then avoid fixing those errors by claiming it need not reproduce documents.

We are entitled to the requested metadata, but in the interest of obtaining this information as expediently as possible and without court intervention, we offered what we believe is a reasonable compromise. We look forward to hearing from you today if you are willing to provide these documents as requested. If not, we intend to raise this with the Court.

With regards to Mr. Haugabrook, we disagree with your statement that we were unable to provide a location where the cleanups occurred. We provided you that information in the Second Amended Complaint. In addition, we disagree with your characterization of the production of these "South LA" documents. While you view this as a courtesy, we consider this part of the City's discovery obligation in this case. We note that the City brought a motion for a more definite statement under Rule 8 of the Federal Rules of Civil Procedure, alleging that Mr. Haugabrook failed to provide sufficient details about his allegations. The District Court denied the motion, finding that Mr. Haugabrook had provided sufficient information for the City to investigate the claims. Plaintiffs in turn, are entitled to discovery related to those claims. We strongly disagree with the City's repeated assertion that these documents are the only documents related to cleanups conducted in "South LA" during March 2019, but we are entitled to the documents the City believes constitute the universe of these cleanups.

Also, this is the first time you have inquired whether any of the documents produced by the City relate to Mr. Haugabrook's claims. From our perspective, it is clear that the documents produced by the City do not form the basis for his claims, as they relate to cleanups that occurred nowhere near where Mr. Haugabrook alleges he was subjected to the City's unconstitutional practices.

We look forward to receiving documents consistent with the City's obligations under Rule 34.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003

213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Friday, December 11, 2020 8:05 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>; Catherine Sweetser <catherine.sdshhh@gmail.com>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Counsel:

We agree that rehashing the past is not productive and likewise wish to move forward with the litigation. We are hopeful that future correspondence from Plaintiffs will reflect this mutual goal and the City will be more than happy to also focus on the path ahead. We disagree with your characterization of the discovery owed to the City but in the spirit of moving forward, please see the following responses to discovery issues identified in your letter:

1. Format of initial production in November and December 2019. As we have said, our colleague Felix Lebron was primarily involved in the collection and production of these documents and as you know, he is on leave until next year so we have had to piece the history together as best as we can. Based on our investigation into this initial production, it is our understanding that most of the documents were delivered to our office in paper form. Subsequently, we were approved for e-discovery software and since then have collected documents electronically and have produced all documents in single page tiff or native, as appropriate. While we do not believe the City is required to re-produce documents in a different format (see FRCP Rule 34(b)(2)(E)(iii)), we are looking into the feasibility and burden of re-producing some or all of the cleanup-specific LASAN documents (watershed reports and photos) with metadata and hope to have an answer for you next week.

However, the City will not agree to reproduce as a matter of course the numerous documents included in its initial round of productions regarding various South LA watershed cleanups. As you know, the City produced those documents as a courtesy because Plaintiff Haugabrook was not able to identify the date and precise location of the alleged cleanup(s) that forms the basis of his claim, beyond the general location of South LA. To date, Plaintiffs have not informed us whether any of the cleanups in that production form the basis of Mr. Haugabrook's claim. We would be willing to reproduce specific cleanup documents from the South LA universe of documents if Mr. Haugabrook specifies the relevant cleanup(s), subject to the feasibility and burden analysis noted above.

2. Format of future productions. The City confirms that it will continue to produce documents in in single page tiff or native, as appropriate.

3. Further document productions. We have identified and reviewed additional documents responsive to Plaintiffs' requests, including organizational charts, job descriptions, tonnage reports, cleanup reports to the Mayor's Office, and powerpoint documents. These documents will be produced next week. We are continuing our investigation into what has been collected and what there may be left to collect; we will continue to review and produce as soon as possible on a rolling basis.

4. Plaintiff-specific assignment logs and authorizations. We do not know why such documents were not included in the City's prior productions but we can assure you that the City is not withholding any such documents. At this time, we do not know whether or to what extent such documents exist. If they exist, the City will produce them. We are waiting to hear back from LASAN on this and will produce any such documents as soon as we receive them.

5. LAPD body cam footage. We have put in an additional inquiry to LAPD regarding the body cam footage because we have not been able to get a clear picture of the history of this collection effort. We are aware that not all officers turn on their body cams in all instances, which may be the reason for the "missing" footage, but we want to make sure that nothing was overlooked during the initial collection. We hope to have further information on this next week and intend to produce any additional footage if such exists as soon as we receive it.

6.  Databases.  We have been informed that the database information we described in our November 19 email is on track for the December 18th date.  It is our understanding from several sources that the three databases we have agreed to produce are the only databases that house cleanup information but we have asked additional LASAN employees for further confirmation and await their responses, which we will share with you upon receipt.

7.  Emails.  We understand that the requested LAPD emails will be uploaded to our e-discovery software this weekend and we intend to begin review of them next week.  Once we have a better understanding of the document numbers and hit rate, we will let you know to what extent we believe the universe of documents for review should be limited in an attempt to eliminate false hits.  We have put in a request to IT for LASAN and UHRC documents but do not have an estimated time of completion yet.  Regarding CD staff members, we have made some progress but do not yet have a list of staff members that might be appropriate custodians.  We are diligently working on this and will get back to you in the next week or so with an update.

We continue to work on these and the handful of other issues identified in your letter and will update you on a rolling basis as we learn additional information.

Thank you.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Fri, Dec 11, 2020 at 3:20 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

While we disagree with your latest email, we still don't see the value of correcting the City's misrepresentations or rehashing the last 16 months of our efforts to obtain basic documents responsive to our requests. The record speaks for itself, and our only interest at this point is obtaining documents necessary to move this litigation forward.

With regards to Plaintiffs' responses to Defendants' discovery, as you know, those issues are being addressed in a separate line of communication.  The inclusion of those issues here seems calculated only to muddy the record, particularly because your representation of the status of our responses is disingenuous at best. Plaintiffs have in fact responded to all 16 sets of discovery propounded by the City.  What the City awaits is supplemental responses and additional documents, which we will continue to address separately.

We look forward to receiving your substantive responses today regarding Defendants' outstanding production.  It remains, as always, our hope that it will narrow the issues about which we need to seek court intervention.

Thanks,

**Shayla Myers** | Senior Attorney

**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, December 10, 2020 10:40 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Counsel:

We are in receipt of your letter and contrary to your assertions, we have responded to many of the issues identified in the letter in our emails of November 19 and December 1, 4, 7 and 8. Also, we have not "refused" to produce anything or engage in any further meet and confer efforts, as you contend in the letter. Instead, we continue to work on resolving the remaining issues, which, as we have explained, have required additional time to track down because the attorney who had been investigating those issues has been out of leave and unexpectedly will remain on leave until the new year. We are working diligently and as fast as we can to track down the history of the investigation performed by our colleague and determine whom to contact and how to most efficiently proceed to produce the massive amounts of data Plaintiffs seek.

We had a small team to begin with and we are now one attorney short. When Plaintiffs' much-larger counsel team asked for repeated extensions of time to respond to discovery due to issues that arose on your end, we granted the extensions without question, despite the fact the discovery was undeniably straightforward, such as interrogatories asking "what property do you allege has been taken" and "what damages are you asserting." In fact, we still await responses and documents for such discovery, which the City propounded in August, some of which have not been responded to at all. But we do not write lengthy letters lobbing accusations or insist that Plaintiffs produce the discovery immediately. Instead, we have respectfully reminded Plaintiffs of their discovery commitments in email, which to date remain unresponded to and outstanding.

Your letter does not help to move the ball forward. It raises no new issues but merely repeats--and often misrepresents--issues that we have already discussed, many of which we have addressed or are in the process of addressing. I'm sure you can appreciate how long it takes to respond to the litany of representations and accusations made in such a letter, particularly given that the attorney with the most knowledge on these issues is not available to help us with the required history and context. We would much rather spend that time tracking down custodians and documents and reviewing documents for production but the record you are attempting to establish with such letters is inaccurate and one-sided, so we must take that time to respond instead.

As we have stated repeatedly, we disagree that the City-wide multiple-year discovery Plaintiffs seek is necessary for Plaintiffs' case but nevertheless we have attempted to reach a compromise and agreed to produce much of the data requested, much of which we intend to produce in the following week or so. But it is clear that nothing the City does in discovery satisfies Plaintiffs. The City voluntarily produced hundreds of documents before it was required to do so under the Rules, which was confirmed by the Magistrate; Plaintiffs now complain the production was in an undesirable format, though no format had been requested or agreed to at the time. Plaintiffs, meanwhile, did not produce a single document voluntarily and even now resist producing documents in response to RFPs. The City produced hundreds of pages of training materials but Plaintiffs now complain that some unidentified "powerpoint presentations" are missing. We are looking for those. The City produced numerous organizational charts but Plaintiffs complain that one organizational chart, which you stated on our meet-and-confer call Plaintiffs have already acquired from different sources, was not yet produced and imply that the City must be withholding org charts in an attempt to obfuscate and delay. We are double checking where our colleague left off with the task of collecting org charts and related information but we assure you, again, that we are not withholding and do not intend to withhold org charts or any other non-privileged documents responsive to Plaintiffs' requests that we have collected. When we offered to negotiate alternate search terms to the plainly common terms "hope" and "care" in the 40+ custodians Plaintiffs request years of communications from, we were again accused of delay. We have now asked IT

to run the search terms Plaintiffs provided -- many months after they were invited to do so -- even though we are all but certain they will result in an overbroad universe of documents with many false hits.

We intend to send a further response to your letter tomorrow once we obtain some additional information. We also aim to get an additional production of documents we have identified to you in the next few days once we have had a chance to complete our review. In the meantime, if Plaintiffs could focus their efforts on responding to the discovery propounded by the City in August, we would appreciate it. The City, too, would like to avoid unnecessary discovery motion practice.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Wed, Dec 9, 2020 at 1:32 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find correspondence regarding Plaintiffs' Requests for Production of Documents, Set One.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Friday, November 13, 2020 10:58 AM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

1:00pm on Monday works for us. Thank you.

Patricia


Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.


On Fri, Nov 13, 2020 at 8:42 AM Shayla R. Myers <SMyers@lafla.org> wrote:
Our team is available on Monday afternoon at 1:00.  Please confirm that time, and we can circulate a call-in number.  Thanks,


Shayla

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, November 12, 2020 9:44 AM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Counsel,

We are available on Monday 10am to 12:00 and after 1pm.  Do any of those times work for you?

Patricia


Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012

Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Tue, Nov 10, 2020 at 9:22 AM Shayla R. Myers <SMyers@lafla.org> wrote:

## Counsel,

We have reviewed the City's amended responses to Plaintiffs' RFPs, as well as the most recent production of documents response to those RFPs. While the written amendments do not address the issues we previously raised, you did identify a number of issues about which the City is now willing to meet and confer.

Please let us know if you are available for a call this Friday, November 13, 2020 to have that discussion. We can make our team available any time after 12:00 p.m.

Thank you.

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

*****************Confidentiality Notice ***************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*********************************************************************

*****************Confidentiality Notice ***************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*********************************************************************

*****************Confidentiality Notice ***************************
This electronic message transmission contains information

from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client
privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure,
copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error,
please notify us immediately by e-mail and delete the original message and any attachments without reading or
saving in any manner.
*********************************************************************

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege
and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error,
please notify us immediately by e-mail and delete the original message and any attachments without reading or saving
in any manner.
*********************************************************************

EXHIBIT 22



Patricia Ursea <patricia.ursea@lacity.org>

---

# Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

1 message

---

**Patricia Ursea** <patricia.ursea@lacity.org>
To: "Shayla R. Myers" <SMyers@lafla.org>
Cc: Felix Lebron <felix.lebron@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>, "Herbert, Benjamin Allen" <benjamin.herbert@kirkland.com>, Sam Blake <sam.blake@kirkland.com>, Pui-Yee Yu <PYu@lafla.org>, Catherine Sweetser <catherine.sdshhh@gmail.com>

Tue, Dec 29, 2020 at 12:15 PM

Counsel:

This email follows up on the status of the City's document production and issues discussed in Plaintiffs' meet-and-confer letters of November 19 and December 4, 2020 and our emails below. The City continues to reserve its objections as to these documents, including on relevance and proportionality grounds, and reiterates that it has agreed to produce these documents in the spirit of compromise and an effort to move the litigation forward.

**AMS database:** All electronically exportable data 1/1/18 to the end of 2019 was produced on 12/18/20. See Load File Garcia 0006, Bates Nos. CTY020221 - CTY020221. The 2020 data was not produced at that time due to an oversight and will be produced within the next few days.

**PIMS database:** All electronically exportable data 1/1/18 to the end of 2019 was produced on 12/18/20. See Load File Garcia 0006, Bates Nos. CTY020222 - CTY020222. The 2020 data was not produced at that time due to an oversight and will be produced within the next few days.

**MyLA 311 Database:** All electronically exportable data from 1/1/18 to the present, except contact information of the requestor to preserve confidentiality, was produced on 12/18/20. See Load File Garcia 0006, Bates Nos. CTY020223 - CTY020223.

**Government Claims:** The City produced all of the responsive claims that were located in the CityLaw database on 12/18/20. See Load File Garcia 0006, Bates Nos. CTY020224 -CTY020305.

As we noted in prior emails and meet-and-confer calls, the claims database does not permit boolean, proximity, or similar searches. The system permits up to three "and" search terms to be entered at a time but it functions best if one search term is entered at a time. Claims that have been submitted in paper form or uploaded as PDF attachments for any other reason are not searchable electronically and would need to be pulled individually and reviewed manually. The system allows restriction parameters to be set -- in relevant part, date of claim, type of claim, and department -- but none of those restrictions were used in conducting these searches so that the widest possible search net was cast.

The following search terms were run across the entire database. The results of these searches, approximately 1200 hits, were reviewed and responsive claims were produced:

| cleanup |
| --- |
| clean-up |
| ceaning |
| sweep |
| homeless |
| unhoused |
| sanitation |
| LASAN |

| |
|---|
| bulky |
| 56.11 |
| destroy |
| destruction |
| encampment |
| dump |
| couch |
| pallet |
| cart |
| care+ |
| hope |
| tent |
| trash |
| care |
| |

### Plaintiff-specific files with metadata:

As we stated in our December 23, 2020 email, LASAN is pulling the electronic versions of the Plaintiff-specific reports and related documents, as well as the South Los Angeles documents included in the City's original productions, and the City will reproduce those documents with metadata intact. In addition, we have requested that LASAN double check to make sure it has collected all relevant Plaintiff-specific documents, including any scheduling documents and authorizations. The City will produce those documents on a rolling basis as we obtain them.

### Body-cam footage:

As we stated in our emails of December 15 and 23, 2020, the City has produced all the body-cam footage it has located for the dates and locations specified in the complaint. The City is not withholding any footage related to those dates and locations. In our December 23rd email, we provided a chart correlating the body-cam files with the relevant officers' names and incident dates as well as an explanation of how the files were identified and collected.

### Other specific categories of documents:

- Additional powerpoint presentations were produced on 12/16/20 and 12/23/20. See Load File Garcia 005, Bates Nos. CTY019334-CTY019480 and Load File Garcia 007 , Bates Nos. CTY020306-CTY020312.
- Additional organizational charts were produced on 12/16/20 and 12/18/20. See Load File Garcia 005, Bates Nos. CTY013340, CTY015455 - CTY015487, CTY015504, and CTY018896, and Load File 006, Bates No. CTY019503.
- Additional data regarding tonnage reports and encampment cleanups, including cleanup reports to the Mayor's Office, were produced on 12/16/20 and 12/18/20. See Load File Garcia 005, Bates Nos. CTY016067- CTY018873, and Load File 006, Bates Nos. CTY019504 -CTY020209.
- Additional job descriptions were produced on 12/16/20. See Load File Garcia 005, Bates Nos.Bates Nos. CTY018874-018900.

We are still working on the other categories of documents Plaintiffs requested, including police complaints, RFCs, and email communications, and will get back to you on these as soon as we can.

Best wishes for the New Year,

Patricia

Patricia Ursea

Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Fri, Dec 18, 2020 at 5:21 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

We have received the City's production and are in the process of reviewing it. One of the spreadsheets, CITY 20222 only contains data through 12/31/2019. The City previously agreed to produce this data through the present and the other two databases contained 2020 data.

We'd appreciate clarification today as to whether the City is withholding data or if this was an error. If we don't get clarification this evening, we'll presume the City is withholding the 2020 data based on its objections and seek court intervention for the rest of the data.

Thanks,

Shayla

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Shayla R. Myers <SMyers@lafla.org>
**Sent:** Friday, December 18, 2020 4:59 PM
**To:** Patricia Ursea <patricia.ursea@lacity.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>; Catherine Sweetser <catherine.sdshhh@gmail.com>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Patricia,

In our RFPs, Plaintiffs explicitly requested the metadata for all responsive documents. Moreover, Rule 34 requires the production of documents as they are kept in the normal course. The initial production from the City in November and December 2019 was deficient on both of these accounts. We attempted to meet and confer about the form of production as early as possible, as required by Rule 26, to avoid

exactly this situation. Instead, the City opted to produce the documents as massive PDFs without useable metadata. Rule 34(b)(2)(E)(iii) is certainly not intended to allow a party to ignore other provisions of Rule 34 and then avoid fixing those errors by claiming it need not reproduce documents.

We are entitled to the requested metadata, but in the interest of obtaining this information as expediently as possible and without court intervention, we offered what we believe is a reasonable compromise. We look forward to hearing from you today if you are willing to provide these documents as requested. If not, we intend to raise this with the Court.

With regards to Mr. Haugabrook, we disagree with your statement that we were unable to provide a location where the cleanups occurred. We provided you that information in the Second Amended Complaint. In addition, we disagree with your characterization of the production of these "South LA" documents. While you view this as a courtesy, we consider this part of the City's discovery obligation in this case. We note that the City brought a motion for a more definite statement under Rule 8 of the Federal Rules of Civil Procedure, alleging that Mr. Haugabrook failed to provide sufficient details about his allegations. The District Court denied the motion, finding that Mr. Haugabrook had provided sufficient information for the City to investigate the claims. Plaintiffs in turn, are entitled to discovery related to those claims. We strongly disagree with the City's repeated assertion that these documents are the only documents related to cleanups conducted in "South LA" during March 2019, but we are entitled to the documents the City believes constitute the universe of these cleanups.

Also, this is the first time you have inquired whether any of the documents produced by the City relate to Mr. Haugabrook's claims. From our perspective, it is clear that the documents produced by the City do not form the basis for his claims, as they relate to cleanups that occurred nowhere near where Mr. Haugabrook alleges he was subjected to the City's unconstitutional practices.

We look forward to receiving documents consistent with the City's obligations under Rule 34.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Friday, December 11, 2020 8:05 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>; Catherine Sweetser <catherine.sdshhh@gmail.com>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Counsel:

We agree that rehashing the past is not productive and likewise wish to move forward with the litigation. We are hopeful that future correspondence from Plaintiffs will reflect this mutual goal and the City will be more than happy to

also focus on the path ahead.  We disagree with your characterization of the discovery owed to the City but in the spirit of moving forward, please see the following responses to discovery issues identified in your letter:

1.  Format of initial production in November and December 2019.  As we have said, our colleague Felix Lebron was primarily involved in the collection and production of these documents and as you know, he is on leave until next year so we have had to piece the history together as best as we can.  Based on our investigation into this initial production, it is our understanding that most of the documents were delivered to our office in paper form.  Subsequently, we were approved for e-discovery software and since then have collected documents electronically and have produced all documents in single page tiff or native, as appropriate.  While we do not believe the City is required to re-produce documents in a different format (see FRCP Rule 34(b)(2)(E)(iii)), we are looking into the feasibility and burden of re-producing some or all of the cleanup-specific LASAN documents (watershed reports and photos) with metadata and hope to have an answer for you next week.

However, the City will not agree to reproduce as a matter of course the numerous documents included in its initial round of productions regarding various South LA watershed cleanups.  As you know, the City produced those documents as a courtesy because Plaintiff Haugabrook was not able to identify the date and precise location of the alleged cleanup(s) that forms the basis of his claim, beyond the general location of South LA.  To date, Plaintiffs have not informed us whether any of the cleanups in that production form the basis of Mr. Haugabrook's claim.  We would be willing to reproduce specific cleanup documents from the South LA universe of documents if Mr. Haugabrook specifies the relevant cleanup(s), subject to the feasibility and burden analysis noted above.

2.  Format of future productions.  The City confirms that it will continue to produce documents in in single page tiff or native, as appropriate.

3.  Further document productions.  We have identified and reviewed additional documents responsive to Plaintiffs' requests, including organizational charts, job descriptions, tonnage reports, cleanup reports to the Mayor's Office, and powerpoint documents.  These documents will be produced next week.  We are continuing our investigation into what has been collected and what there may be left to collect; we will continue to review and produce as soon as possible on a rolling basis.

4.  Plaintiff-specific assignment logs and authorizations.   We do not know why such documents were not included in the City's prior productions but we can assure you that the City is not withholding any such documents.  At this time, we do not know whether or to what extent such documents exist.  If they exist, the City will produce them.  We are waiting to hear back from LASAN on this and will produce any such documents as soon as we receive them.

5.  LAPD body cam footage.  We have put in an additional inquiry to LAPD regarding the body cam footage because we have not been able to get a clear picture of the history of this collection effort.  We are aware that not all officers turn on their body cams in all instances, which may be the reason for the "missing" footage, but we want to make sure that nothing was overlooked during the initial collection.  We hope to have further information on this next week and intend to produce any additional footage if such exists as soon as we receive it.

6.  Databases.  We have been informed that the database information we described in our November 19 email is on track for the December 18th date.  It is our understanding from several sources that the three databases we have agreed to produce are the only databases that house cleanup information but we have asked additional LASAN employees for further confirmation and await their responses, which we will share with you upon receipt.

7.  Emails.  We understand that the requested LAPD emails will be uploaded to our e-discovery software this weekend and we intend to begin review of them next week.  Once we have a better understanding of the document numbers and hit rate, we will let you know to what extent we believe the universe of documents for review should be limited in an attempt to eliminate false hits.  We have put in a request to IT for LASAN and UHRC documents but do not have an estimated time of completion yet.  Regarding CD staff members, we have made some progress but do not yet have a list of staff members that might be appropriate custodians.  We are diligently working on this and will get back to you in the next week or so with an update.

We continue to work on these and the handful of other issues identified in your letter and will update you on a rolling basis as we learn additional information.

Thank you.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East

200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.



On Fri, Dec 11, 2020 at 3:20 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

While we disagree with your latest email, we still don't see the value of correcting the City's misrepresentations or rehashing the last 16 months of our efforts to obtain basic documents responsive to our requests. The record speaks for itself, and our only interest at this point is obtaining documents necessary to move this litigation forward.

With regards to Plaintiffs' responses to Defendants' discovery, as you know, those issues are being addressed in a separate line of communication.  The inclusion of those issues here seems calculated only to muddy the record, particularly because your representation of the status of our responses is disingenuous at best. Plaintiffs have in fact responded to all 16 sets of discovery propounded by the City.  What the City awaits is supplemental responses and additional documents, which we will continue to address separately.

We look forward to receiving your substantive responses today regarding Defendants' outstanding production.  It remains, as always, our hope that it will narrow the issues about which we need to seek court intervention.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org  |  smyers@lafla.org

---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, December 10, 2020 10:40 PM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Counsel:

We are in receipt of your letter and contrary to your assertions, we have responded to many of the issues identified in the letter in our emails of November 19 and December 1, 4, 7 and 8.  Also, we have not "refused" to produce anything or engage in any further meet and confer efforts, as you contend in the letter.  Instead, we continue to work on resolving the remaining issues, which, as we have explained, have required additional time to track down because the attorney who had been investigating those issues has been out of leave and unexpectedly will remain on leave until the new year.  We are working diligently and as fast as we can to track down the history of the investigation performed by our colleague and determine whom to contact and how to most efficiently proceed to produce the massive amounts of data Plaintiffs seek.

We had a small team to begin with and we are now one attorney short.  When Plaintiffs' much-larger counsel team asked for repeated extensions of time to respond to discovery due to issues that arose on your end, we granted the extensions without question, despite the fact the discovery was undeniably straightforward, such as interrogatories asking "what property do you allege has been taken" and "what damages are you asserting."  In fact, we still await responses and documents for such discovery, which the City propounded in August, some of which have not been responded to at all.  But we do not write lengthy letters lobbing accusations or insist that Plaintiffs produce the discovery immediately.  Instead, we have respectfully reminded Plaintiffs of their discovery commitments in email, which to date remain unresponded to and outstanding.

Your letter does not help to move the ball forward.  It raises no new issues but merely repeats--and often misrepresents--issues that we have already discussed, many of which we have addressed or are in the process of addressing.  I'm sure you can appreciate how long it takes to respond to the litany of representations and accusations made in such a letter, particularly given that the attorney with the most knowledge on these issues is not available to help us with the required history and context.  We would much rather spend that time tracking down custodians and documents and reviewing documents for production but the record you are attempting to establish with such letters is inaccurate and one-sided, so we must take that time to respond instead.

As we have stated repeatedly, we disagree that the City-wide multiple-year discovery Plaintiffs seek is necessary for Plaintiffs' case but nevertheless we have attempted to reach a compromise and agreed to produce much of the data requested, much of which we intend to produce in the following week or so.  But it is clear that nothing the City does in discovery satisfies Plaintiffs.  The City voluntarily produced hundreds of documents before it was required to do so under the Rules, which was confirmed by the Magistrate; Plaintiffs now complain the production was in an undesirable format, though no format had been requested or agreed to at the time.  Plaintiffs, meanwhile, did not produce a single document voluntarily and even now resist producing documents in response to RFPs.  The City produced hundreds of pages of training materials but Plaintiffs now complain that some unidentified "powerpoint presentations" are missing.  We are looking for those.  The City produced numerous organizational charts but Plaintiffs complain that one organizational chart, which you stated on our meet-and-confer call Plaintiffs have already acquired from different sources, was not yet produced and imply that the City must be withholding org charts in an attempt to obfuscate and delay.  We are double checking where our colleague left off with the task of collecting org charts and related information but we assure you, again, that we are not withholding and do not intend to withhold org charts or any other non-privileged documents responsive to Plaintiffs' requests that we have collected.  When we offered to negotiate alternate search terms to the  plainly common terms "hope" and "care" in the 40+ custodians Plaintiffs request years of communications from, we were again accused of delay.  We have now asked IT to run the search terms Plaintiffs provided -- many months after they were invited to do so -- even though we are all but certain they will result in an overbroad universe of documents with many false hits.

We intend to send a further response to your letter tomorrow once we obtain some additional information.  We also aim to get an additional production of documents we have identified to you in the next few days once we have had a chance to complete our review.  In the meantime, if Plaintiffs could focus their efforts on responding to the discovery propounded by the City in August, we would appreciate it.  The City, too, would like to avoid unnecessary discovery motion practice.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me

immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Wed, Dec 9, 2020 at 1:32 PM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

Attached please find correspondence regarding Plaintiffs' Requests for Production of Documents, Set One.

Thanks,

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Friday, November 13, 2020 10:58 AM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

1:00pm on Monday works for us. Thank you.

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Fri, Nov 13, 2020 at 8:42 AM Shayla R. Myers <SMyers@lafla.org> wrote:

Our team is available on Monday afternoon at 1:00. Please confirm that time, and we can circulate a call-in number. Thanks,

Shayla

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
www.lafla.org | smyers@lafla.org



---

**From:** Patricia Ursea <patricia.ursea@lacity.org>
**Sent:** Thursday, November 12, 2020 9:44 AM
**To:** Shayla R. Myers <SMyers@lafla.org>
**Cc:** Felix Lebron <felix.lebron@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Sam Blake <sam.blake@kirkland.com>; Pui-Yee Yu <PYu@lafla.org>
**Subject:** Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

Counsel,

We are available on Monday 10am to 12:00 and after 1pm. Do any of those times work for you?

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
(213) 978-7569

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.

On Tue, Nov 10, 2020 at 9:22 AM Shayla R. Myers <SMyers@lafla.org> wrote:

Counsel,

We have reviewed the City's amended responses to Plaintiffs' RFPs, as well as the most recent production of documents response to those RFPs. While the written amendments do not address the issues we previously raised, you did identify a number of issues about which the City is now willing to meet and confer.

Please let us know if you are available for a call this Friday, November 13, 2020 to have that discussion.  We can make our team available any time after 12:00 p.m.

Thank you.

**Shayla Myers** | Senior Attorney
**Legal Aid Foundation of Los Angeles**
7000 S. Broadway | Los Angeles, CA 90003
213.640.3983 **direct** | 213.640.3988 **facsimile**
[www.lafla.org](http://www.lafla.org)  |  [smyers@lafla.org](mailto:smyers@lafla.org)



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
************************************************************************

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
************************************************************************

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
************************************************************************

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
************************************************************************

EXHIBIT 23



Patricia Ursea <patricia.ursea@lacity.org>

---

# Re: Garcia v. City of Los Angeles-further meet and confer re: City's responses to Plaintiffs' RFPs, Set One

1 message

---

**Patricia Ursea** <patricia.ursea@lacity.org>                                  Tue, Mar 2, 2021 at 3:35 PM
To: "Shayla R. Myers" <SMyers@lafla.org>
Cc: Felix Lebron <felix.lebron@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>, "Herbert, Benjamin Allen"
<benjamin.herbert@kirkland.com>, Sam Blake <sam.blake@kirkland.com>, Catherine Sweetser
<catherine.sdshhh@gmail.com>, Justin Grams <justin.grams@lacity.org>

Counsel,

Our e-discovery vendor is working on the City's next production, largely comprising LAPD emails, which should go out today or tomorrow.  The LAPD custodians and search terms (provided by Plaintiffs and noted again below) resulted in 70,623 documents after deduplication (approximately 32 GB of raw data).  We are over halfway through with the review and the City will be producing responsive documents over the next few weeks as quickly as possible.

In addition, on February 18, 2021, the City's IT department completed pulling documents from 29 custodians from (LASAN and UHRC) identified by Plaintiff and delivered them to the e-discovery vendor.  This collection totaled approximately 250GB of raw data, which significantly exceeded the storage limit in the City's contract with the vendor and required the City to purchase additional storage.  The additional storage space became available on March 1, 2021, and the vendor is in the process of ingesting the new data.

As memorialized in various emails, including on December 4th  and 7th,  the City agreed to the search the custodians and broad search terms provided by Plaintiff as an initial step and if the resulting universe of documents was unreasonably large, the parties would meet and confer about how to further limit it.   That is undoubtedly the next step here.  While we won't have precise numbers until the data is ingested and deduplicated, if the LAPD dataset is any guide, this new dataset likely contains over half a million documents.  Once the documents are ingested and deduplicated, we will assess the data and meet-and-confer about ways to make the review manageable and proportional to the needs of the case.

Below are the LAPD custodians and search terms that were used, all with the same date range 01/01/2018 - 12/02/20:

| Custodian | Search Terms |
|---|---|
| Jerald Case Werner Flores Marya Mason Adrian Maxwell | 56.11 |
| Frank Lopez (Francisco) | Lomita McCoy 56.11 |
| Kevin Quyen Chung Marc J. Mahlknecht Kevin W. Cottle Won Yong Kim | 56.11 notice "immediate threat" hazard "the BIN" "507 Towne" Chrysalis Storage |
| Dominic Choi Donald Graham Emada Tingirides | 56.11 "rapid response" HOPE |

| CARE |

Best,

Patricia

Patricia Ursea
Deputy City Attorney, City of Los Angeles
Business & Complex Litigation
City Hall East
200 N. Main Street, 6th Floor
Los Angeles, California 90012
Patricia.Ursea@lacity.org
**(213) 978-7569**

This message and any attachments are intended only for the use of the person(s) to whom it is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not an intended recipient, you may not read, copy, or distribute this message or any attachment. If you have received this communication in error, please notify me immediately by e-mail and then delete all copies of this message and any attachments without reading or saving in any manner. In addition, you should be aware that ordinary (unencrypted) e-mail sent through the Internet is not secure. Do not send confidential or sensitive information, such as social security numbers, account numbers, personal identification numbers and passwords, to the City via ordinary (unencrypted) e-mail.


On Tue, Feb 16, 2021 at 12:05 PM Shayla R. Myers <SMyers@lafla.org> wrote:

> Counsel,
>
>
> We have not heard back from the City in over two months regarding the production of emails responsive to the RFPs we served in July.  The City indicated in December, more than two months ago, that it had been provided emails from the LAPD responsive to our request, and yet the City has, to date produced only a handful of emails and had not updated Plaintiffs about the status of production or attempted to meet and confer about the search terms.
>
>
> We would note that our agreement to use search terms for responsive documents was predicated on a good faith understanding that the City would confer about search terms and custodians and that the documents would be produced in a reasonable time frame, relative to the deadlines in this case.  Yet since we provided the search terms in December, the City has provided no additional information and has ignored our request for an update on the status of production.
>
>
> While the parties sought and received an extension to engage in discovery, this does not mean we have unlimited time for the City to produce emails responsive to our request. Please let us know the status of the production of emails.  We also request you provide us the list of custodians used to search for responsive emails.
>
>
> We look forward to your response.
>
> **Shayla Myers** | Senior Attorney
> **Legal Aid Foundation of Los Angeles**
> Pronouns: *she/her*
> 7000 S. Broadway | Los Angeles, CA 90003
> 213.640.3983 **direct** | 213.640.3988 **facsimile**
> www.lafla.org  |  smyers@lafla.org
>
> 

This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

EXHIBIT 24

Shayla Myers, SBN 264054
Mallory Andrews, SBN 312209
**LEGAL AID FOUNDATION OF LOS ANGELES**
7000 S. Broadway, Los Angeles, CA 90003
Tel.: (213) 640-3983
Email(s): smyers@lafla.org
            mbandrews@lafla.org

*Attorneys for Plaintiffs,*
*Gladys Zepeda, Miriam Zamora,*
*Ali El-Bey, James Haugabrook, Pete Diocson Jr.,*
*Marquis Ashley, and Ktown for All.*

*[Additional Attorneys on Next Page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANET GARCIA, et at.,<br><br>                Plaintiff(s),<br><br>     vs.<br><br>CITY OF LOS ANGELES, et al.,<br><br>             Defendant(s). | CASE NO. 2:19-cv-06182-DSF-PLA<br>*Assigned to Honorable Dale S. Fischer*<br><br>**PLAINTIFFS' NOTICE OF ISSUANCE OF SUBPOENA FOR THE PRODUCTION OF DOCUMENTS, INFORMATION OR DOCUMENTS TO THE CHRYSALIS CENTER**<br><br>**New Date: January 6, 2021**<br>**Time:     5:00 p.m.**<br>**Location:  Schonbrun Seplow Harris Hoffman & Zeldes LLP**<br>**11543 W. Olympic Blvd,**<br>**Los Angeles, CA 90064** |

Catherine Sweetser, SBN 271142
Kristina Harootun, SBN 308718
John Washington, SBN 315991
**SCHONBRUN SEPLOW HARRIS**
**HOFFMAN & ZELDES LLP**
11543 West Olympic Blvd.
Los Angeles, CA 90064
Telephone:  (310) 396-0731
Email: csweetser@sshhzlaw.com
          kharootun@sshhzlaw.com
          jwashington@sshhzlaw.com

*Attorneys for Plaintiffs.*

Benjamin A. Herbert, SBN 277356
William L. Smith, SBN 324235
**KIRKLAND & ELLIS LLP**
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680 8400
Email: benjamin.herbert@kirkland.com
          william.smith@kirkland.com

Michael Onufer, SBN 300903
**KIRKLAND & ELLIS LLP**
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Email:   michael.onufer@kirkland.com

*Attorneys for Plaintiffs,*
*Ktown for All, Janet Garcia, Peter Diocson Jr.,*
*Marquis Ashley, and Ali El-Bey.*

PLAINTIFFS' NOTICE OF ISSUANCE OF SUBPOENA FOR THE PRODUCTION OF
DOCUMENTS

**<u>TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:</u>**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs have issued a subpoena to produce documents, information, or objects to the Custodian of Records for THE CHRYSALIS CENTER. A true and correct copy of the subpoena is attached hereto as **<u>Exhibit 1</u>**.

Dated: December 8, 2020    **SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**

         By: /s/ Catherine Sweetser
            Catherine Sweetser
            *Attorney for Plaintiffs.*

PLAINTIFFS' NOTICE OF ISSUANCE OF SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

EXHIBIT 1

# UNITED STATES DISTRICT COURT

## for the

### Central District of California

| | |
|---|---|
| JANET GARCIA, ET AL. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:19-CV-06182-DSF-PLA |
| CITY OF LOS ANGELES | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Custodian of Records for THE CHRYSALIS CENTER

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attachment A.

| Place: Schonbrun Seplow Harris Hoffman & Zeldes LLP 11543 West Olympic Blvd. Los Angeles, CA 90064 | Date and Time: 01/06/2021 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/08/2020

*CLERK OF COURT*

OR

_____          /s/ Catherine E. Sweetser
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PLAINTIFFS GARCIA, ET AL. _____ , who issues or requests this subpoena, are:

Catherine E. Sweetser, 11543 West Olympic Blvd., Los Angeles, CA 90064; csweetser@sshhzlaw.com; (310) 396-0731

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Attachment A**

**Definitions**

DOCUMENT is defined to be synonymous and equal in scope to usage of this term in Fed. R. Civ. P. 34(a). A copy or duplicate of a document which has any non-conforming notes, marginal annotations, or other markings, and any preliminary version, draft, or revision of the foregoing is a separate document within the meaning of this term. Documents include, by way of example only, any memorandum, letter, envelope, correspondence, electronic mail, report, note, Post-It, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, photograph, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, report, contract, invoice, record of purchase or sale, Teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any documents. Document is to be interpreted in the broadest possible sense and includes any document in your possession, custody, or control.

CITY refers to the City of Los Angeles and any department, organization, agency, employee, or agent of the City of Los Angeles.

COMMUNICATIONS means and includes every means of transmitting information from one person or organization to another that results in the creation of a DOCUMENT, paper or electronic, including but not limited to letters, memorandum, notes, email, facsimile transmissions, work orders, videotape, calendars, texts, IMs, and day planners.

ENCAMPMENT CLEANUPS means any cleanup of a homeless encampment conducted by the CITY, including the Los Angeles Bureau of Public Works, Department of Sanitation (LA Sanitation), Bureau of Street Services, Los Angeles

Police Department (LAPD), or any other department, contractor, agent or employee, and includes without limitation, cleanups conducted as part of Clean Streets LA, Operation Healthy Streets, at the direction of or behalf of any one of the 15 council offices/districts in the CITY, Rapid Response, HOPE team, CARE, and CARE+.

MANDATORY STORAGE refers to the storage of property seized by the CITY and transferred to Chrysalis to hold for 90 days.  This term does not include proeprty that is stored voluntarily by unhoused individuals at The BIN or any other location operated by Chrysalis or any property that was stored voluntarily by unhoused individuals and remains after the 7 day reservation has expired and is held for 90 days before it is destroyed.

LAHSA refers to the Los Angeles Homelessness Services Authority.

STORAGE FACILITY means any facility operated by CHRYSALIS, that is used to store property that is seized, taken, or otherwise obtained by the CITY from individuals, as part of an ENCAMPMENT CLEANUP, or other cleanup.

VOLUNTARY STORAGE refers to any program operated by CHRYSALIS in which unhoused individuals can voluntarily store belongings.

The relevant time period for the documents requested, unless otherwise indicated, is from January 1, 2018 to the present.

### FORM OF PRODUCTION

Plaintiffs request that any Electronically Stored Information ("ESI") be produced in the following format, except as outlined below:  single page TIFFs, searchable Unicode Text Files, an Unicode delimited searchable metadata file (.dat file), and an image load file that can be loaded into commercially, acceptable production software (e.g., Relativity).

We request the following documents be produced in native format with all metadata intact: 1) documents that are substantially different when viewed in native form rather than image form; 2) documents that are substantially easier to view in native form than image form; or 3) documents where the production of a TIFF image

file format woudl be impossible or impracticable.  These exceptions include the folloiwng non-imiting ist of examples: spreadsheets (e.g., Excel, Google Sheets, or CSV-limited exports of data), presentations (e.g., Power Point), word documents with trach changes, audio files, video, and animation.

<p align="center">**DOCUMENTS REQUESTED**</p>

1.     Any policies, procedures, or schedules related to the retention of documents.

2.     Any DOCUMENTS that show the capacity of any STORAGE FACILITIES that have been in operation from April 9, 2016 to the present.

3.     Any DOCUMENTS that show how much property has been stored day to day, week to week, year to year or for any other time frame for MANDATORY STORAGE, including any reports that show existing or remaining capacity at each STORAGE FACILITY, from April 9, 2016 to the present.

4.     One blank copy of each form used in conjunction with the MANDATORY STORAGE of property, including but not limited to any sign-in sheets, chain of custody forms, affidavits of ownership, property logs and complaint/grievance forms.

5.     All DOCUMENTS related to the use of each of the forms used in conjunction with the MANDATORY STORAGE of property, including but not limited to any policies, procedures, trainings or instructions related to the use of these forms.

6.     All policies, procedures, protocols, or manuals related to the MANDATORY STORAGE of property, including but not limited to all policies and procedures related to the handling property seized at ENCAMPMENT CLEANUPS or clean-ups conducted pursuant to LAMC 56.11, the process by which Chrysalis goes about storing, returning/releasing, or destroying property seized by the CITY in conjunction with ENCAMPMENT CLEANUPS.

<p align="center">ATTACHMENT A</p>

7.    All DOCUMENTS related to trainings conducted by or for CHRYSALIS employees, agents, or contractors at any time since April 9, 2016 regarding the MANDATORY STORAGE of property.  This includes any training related to the operation of the STORAGE FACILITY for this purpose, including but not limited to the seizure, destruction, or storage of property at the STORAGE FACILITY. Requested materials include but are not limited to any flyers; email communications promoting, announcing or otherwise describing the trainings; calendar invitations for any trainings; attendance or sign-in sheets for any and all trainings; training materials, including but not limited to presentations, handouts, and manuals; presenter's notes; and notes taken by participants.

8.    All records kept regarding MANDATORY STORAGE, as required by the contract between CHRYSALIS and LAHSA and/or CITY to maintain records of all personal property items stored in MANDATORY STORAGE, including the dates stored and the expiration of the 90 day storage period.

9.    All records kept in conjunction with the operation of MANDATORY STORAGE, including but not limited to all property storage logs, chain of custody forms, and release forms used in conjunction with MANDATORY STORAGE or the use of the storage of property seized by the City of Los Angeles and stored at the STORAGE FACILITY.

10.    All DOCUMENTS constituting records of contacts by or with individuals seeking the return of property seized by the CITY, including but not limited to call logs, forms, or spreadsheets.

11.    All DOCUMENTS regarding and related to "delivering property" to individuals claiming ownership in personal property held at STORAGE FACILITY, as required under the contract between CHRYSALIS and LAHSA and/or CITY's requirement to turn over property.

///

///

4

ATTACHMENT A

12. All COMMUNICATIONS with the CITY related to the MANDATORY STORAGE of property, including but not limited to COMMUNICATIONS related to the storage, return or destruction of property held in MANDATORY STORAGE.

13. All COMMUNICATIONS with LAHSA related to the MANDATORY STORAGE of property, including but not limited to COMMUNICATIONS related to the storage, return or destruction of property held in MANDATORY STORAGE.

14. All reports, summaries, statistics, analysis, forms, photographs or data compilations related to MANDATORY STORAGE, including but not limited to reports related to property stored, returned or destroyed.

15. All DOCUMENTS submitted to LAHSA and/or CITY related to the operation of the MANDATORY STORAGE, including but not limited to any invoices, monthly, quarterly or annual reports, statistics, or data compilations.

16. All DOCUMENTS related to the destruction of property held for MANDATORY STORAGE, including but not limited to any reports, summaries, statistics, analysis, forms, photographs or other any data compilations.

17. All DOCUMENTS related to the amount of destroyed property if any, at or after being held for MANDATORY STORAGE, including but not limited to any forms, reports, summaries, statistics, analysis, photographs or other any data compilations.

18. All policies, procedures, protocols, and manuals related to VOLUNTARY STORAGE.

19. One copy of each document provided to any individual who makes use of VOLUNTARY STORAGE.

20. One copy of each form used in conjunction with CHRYSALIS'S VOLUNTARY STORAGE, including but not limited to any agreements between unhoused residents and CHRYSALIS, any grievance or complaint forms, any logs related to checking in or checking out property, and any claim forms.

---

5

ATTACHMENT A

21.    A copy of CHRYSALIS's complaint/grievance policy and any policies, procedures, or protocols related to the handling of the grievance policy, including the appeal process related to any grievances, and the use of the Complaint/Grievance forms and the Grievance Resolution Appeal Form.

22.    One copy of each form used in conjunction with the complaint/grievance policy, including but not limited to the Complaint/Grievance forms and the Grievance Resolution Appeal form.

23.    All DOCUMENTS related to grievances or complaints filed by unhoused persons with CHRYSALIS since January 1, 2018 related to MANDATORY STORAGE, including submitted Complaint/Grievance forms, Grievance Resolution Appeal forms, and any other related grievance-related DOCUMENTS.

24.    All COMMUNICATIONS with the CITY related to any grievances identified in response to category 23.

ATTACHMENT A

Civil Action No.  2:19-CV-06182-DSF-PLA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:19-cv-06182-DSF-PLA  Document 122-8  Filed 04/01/21  Page 303 of 315  Page ID
#:4739

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT**

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 11543 W. Olympic Boulevard, Los Angeles, CA 90064.

On **December 8, 2020,** I caused the service of the foregoing document(s) described as:

**SUBPOENA FOR THE PRODUCTION OF DOCUMENTS, INFORMATION OR DOCUMENTS TO THE CHRYSALIS CENTER**
on the interested party(ies) in this action addressed as follows:

Custodian of Records                              Mark Loranger
**THE CHRYSALIS CENTER**                    *Agent for Service of Process*
522 S. Main St                                      **THE CHRYSALIS CENTER**
Los Angeles, CA 90013                          2527 Barry Avenue
                                                          Los Angeles, CA 90064

 **X**       **[BY MAIL]** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereof fully paid.

 **X**       **[FEDERAL]** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **December 8, 2020,** at Los Angeles, California.



_____
Carlos Gallegos

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT**

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 11543 W. Olympic Boulevard, Los Angeles, CA 90064.

On **December 8, 2020,** I caused the service of the foregoing document(s) described as:

**PLAINTIFFS' NOTICE OF ISSUANCE OF SUBPOENA FOR THE PRODUCTION OF DOCUMENTS, INFORMATION OR DOCUMENTS TO THE CHRYSALIS CENTER**

on the interested party(ies) in this action addressed as follows:

Michael Feuer
Kathleen A. Kenealy
Scott Marcus
Gabriel Dermer
*gabriel.dermer@lacity.org*
Felix Lebron
*felix.lebron@lacity.org*
Patricia Ursea
*patricia.ursea@lacity.org*
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012

 **X**      **[BY MAIL]** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereof fully paid.

 **X**      **[BY EMAIL]** I caused the above document to be delivered by email to the above email address(es).

 **X**      **[FEDERAL]** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **December 8, 2020,** at Los Angeles, California.

_____
Carlos Gallegos

PROOF OF SERVICE

EXHIBIT 25

# Garcia v City of Los Angeles – Chrysalis Subpoena Response

| Index | Documents Requested | Document(s) Provided | Comments |
|---|---|---|---|
| 1 | Any policies, procedures, or schedules related to the retention of documents. | | None available |
| 2 | Any DOCUMENTS that show the capacity of any STORAGE FACILITIES  that have been in operation from April 9, 2016 to the present. | UAP Location Information | |
| 3 | Any DOCUMENTS that show how much property has been stored day to day, week to week, year to year or for any other time frame for MANDATORY STORAGE, including any reports that show existing or remaining capacity at each STORAGE FACILITY, from April 9, 2016 to the present. | Unattended Property - Intake Form, Claim Form and Discard Form | |
| 4 | One blank copy of each form used in conjunction with the MANDATORY STORAGE of property, including but not limited to any sign-in sheets, chain of custody forms, affidavits of ownership, property logs and complaint/grievance forms. | UAP Training Manual, UAP documents, UAP documents blank and grievance and termination procedures | |
| 5 | All DOCUMENTS related to the use of each of the forms used in conjunction with the MANDATORY STORAGE of property, including but not limited to any policies, procedures, trainings or instructions related to the use of these forms. | UAP Training Manual, UAP documents, UAP documents blank and grievance and termination procedures | |
| 6 | All policies, procedures, protocols, or manuals related to the MANDATORY STORAGE of property, including but not limited to all policies and procedures related to the handling property seized at ENCAMPMENT CLEANUPS or clean-ups conducted pursuant to LAMC 56.11, the process by which Chrysalis goes about storing, returning/releasing, or destroying property seized by the CITY in conjunction with ENCAMPMENT CLEANUPS. | UAP Training Manual, UAP documents, UAP documents blank, Grievance and Termination Procedures | |

February 15, 2021

# Garcia v City of Los Angeles – Chrysalis Subpoena Response

| Index | Documents Requested | Document(s) Provided | Comments |
|---|---|---|---|
| 7 | All DOCUMENTS related to trainings conducted by or for CHRYSALIS employees, agents, or contracts at any time since April 9, 2016 regarding the MANDATORY STORAGE of property. This includes any training related to the operation of the STORAGE FACILITY for this purpose, including but not limited to the seizure, destruction, or storage of property at the STORAGE FACILITY. Requested materials include but are not limited to any flyers; email communications promoting, announcing or otherwise describing trainings; calendar invitations for any trainings; attendance or sign in sheets for any and all trainings; training materials, including but not limited to presentations, handouts, and manuals; presenter's notes; and notes taken by participants. | UAP Training Manual and UAP Key Allocations | |
| 8 | All records kept regarding MANDATORY STORAGE, as required by the contract between CHRYSALIS and LAHSA and/or CITY to maintain records of all personal property items stored in MANDATORY STORAGE, including the dates stored and the expiration of the 90 day storage period. | Unattended Property - Intake Form, Claim Form and Discard Form | |
| 9 | All records kept in conjunction with the operation of MANDATORY STORAGE, including but not limited to all property storage logs, chain of custody forms, and release forms used in conjunction with MANDATORY STORAGE or the use of the storage of property seized by the City of Los Angeles and stored at the STORAGE FACILITY. | Unattended Property - Intake Form, Claim Form and Discard Form and Chain of Command (see Chain of Custody folder) | |
| 10 | All DOCUMENTS constituting records of contacts by or with individuals seeking the return of property seized by the CITY, including but not limited to call logs, forms, or spreadsheets. | UAP Call Logs, Unattended Property - Claim Form | |
| 11 | All DOCUMENTS regarding and related to "delivering property" to individuals claiming ownership in personal property held at STORAGE FACILITY, as required under the contract between CHRYSALIS and LAHSA and/or CITY's requirement to turn over property. | Unattended Property - Claim Form | |
| 12 | All COMMUNICATIONS with the CITY related to the MANDATORY STORAGE of property, including but not limited to COMMUNICATIONS related to the storage, return or destruction of property held in MANDATORY STORAGE. | | None available |

February 15, 2021

# Garcia v City of Los Angeles – Chrysalis Subpoena Response

| Index | Documents Requested | Document(s) Provided | Comments |
|---|---|---|---|
| 13 | All COMMUNICATIONS with LAHSA related to the MANDATORY STORAGE of property, including but not limited to COMMUNICATIONS related to the storage, return or destruction of property held in MANDATORY STORAGE. | | None available |
| 14 | All reports, summaries, statistics, analysis, forms, photographs or data compilations related to MANDATORY STORAGE, including but not limited to reports related to property stored, returned or destroyed. | UAP Reports (see UAP Reports folder) | |
| 15 | All DOCUMENTS submitted to LAHSA and/or CITY related to the operation of the MANDATORY STORAGE, including but not limited to any invoices, monthly, quarterly or annual reports, statistics, or data compilations. | Unattended Property - Intake Form, Claim Form and Discard Form and UAP Reports (see UAP Reports folder) | |
| 16 | All DOCUMENTS related to the destruction of property held for MANDATORY STORAGE, including but not limited to any reports, summaries, statistics, analysis, forms, photographs or other any data compilations. | Unattended Property - Discard Form and UAP Reports (see UAP Reports folder) | |
| 17 | All DOCUMENTS related to the amount of destroyed property if any, at or after being held for MANDATORY STORAGE, including but not limited to any forms, reports, summaries, statistics, analysis, photographs or other any data compilations. | Unattended Property - Discard Form and UAP Reports (see UAP Reports folder) | |
| 18 | All policies, procedures, protocols, and manuals related to VOLUNTARY STORAGE. | UAP Documents (pg. 6) and Grievance and Termination Procedures | |
| 19 | One copy of each document provided to any individual who makes use of VOLUNTARY STORAGE. | UAP Documents (pg. 6) and Grievance and Termination Procedures | |
| 20 | One copy of each form used in conjunction with CHRYSALIS'S VOLUNTARY STORAGE, including but not limited to any agreements between unhoused residents and CHRYSALIS, any grievance or complaint forms, any logs related to checking in or checking out property, and any claim forms. | UAP Documents (pg. 6) and Grievance and Termination Procedures | |

February 15, 2021

# Garcia v City of Los Angeles – Chrysalis Subpoena Response

| Index | Documents Requested | Document(s) Provided | Comments |
|---|---|---|---|
| 21 | A copy of CHRYSALIS's complaint/grievance policy and any policies, procedures, or protocols related to the handling of the grievance policy, including the appeal process related to any grievances, and the use of the Complaint/Grievance forms and the Grievance Resolution Appeal Form. | Grievance and Termination Procedures | |
| 22 | One copy of each form used in conjunction with the complaint/grievance policy, including but not limited to the Complaint/Grievance forms and the Grievance Resolution Appeal form. | Grievance and Termination Procedures | |
| 23 | All DOCUMENTS related to grievances or complaints filed by unhoused persons with CHRYSALIS since January 1, 2018 related to MANDATORY STORAGE, including submitted Complaint/Grievance forms, Grievance Resolution Appeal forms, and any other related grievance-related DOCUMENTS. | | None available |
| 24 | All COMMUNICATIONS with the CITY related to any grievances identified in response to category 23. | | None available |

February 15, 2021

EXHIBIT 26



ERIC GARCETTI

MAYOR

## EXECUTIVE DIRECTIVE NO. 16

Issue Date: April 29, 2016

**Subject:** **Implementation of the Comprehensive Homeless Strategy**

The City of Los Angeles and the County of Los Angeles undertook an historic joint effort to address homelessness regionally when the Board of Supervisors approved the County's Recommended Strategies to Combat Homelessness on February 9, 2016, and I approved the City's Comprehensive Homeless Strategy on February 10, 2016. This effort emerged out of a joint planning process that engaged local, regional, and national stakeholders, and that included the voices of residents experiencing homelessness.

The City's Comprehensive Homeless Strategy report presents sixty-four strategy briefs that align with my three-pillar approach: house those who are currently homeless; prevent residents who have homes from falling into homelessness; and implement a street-based plan that protects public health and public safety along with the civil rights of people experiencing homelessness. The report will guide us through this current crisis and after.

The Comprehensive Homeless Strategy incorporates national best practices including a *coordinated entry system* to navigate people from the streets into housing; a *housing-first approach* to prioritize placement in permanent housing as a primary solution; and the *decriminalization* of homelessness. These practices are evidence-based and have contributed to ending homelessness among high-need subpopulations including persons with substance-abuse and other mental disorders, veterans, persons in the criminal-justice system, and persons experiencing chronic homelessness.

The City expects to implement the Comprehensive Homeless Strategy over ten years at an estimated cost of $1.87 billion; this funding is intended to leverage additional county, state, and federal funding resources. The City will implement the strategy briefs in the



report equitably across all communities and in proportion to the number of local homeless residents documented in the annual Homeless Count.

Our City is in an unprecedented moment of transformational change. We must employ all City resources and deploy them strategically to accomplish our goal of ending chronic homelessness.

Early in my Administration, I convened a Homelessness Cabinet that included representatives of various City Departments and City Councilmembers' Offices. As part of the Comprehensive Homeless Strategy, we have also formed a Homeless Strategy Committee, which is working to address the important strategy briefs in the Comprehensive Homeless Strategy report. Now it is time to establish with the force of law an official Mayor's Homelessness Cabinet to enlist every City Department into the fight against homelessness and to provide for full accountability for the effective implementation of the Comprehensive Homeless Strategy. This will ensure that there will be "no wrong door" for a homeless person to connect to services regardless of which Department's door the person enters.

Accordingly, I hereby order the following:

- Each General Manager or Head of Department/Office shall designate a senior manager as the Mayor's Homelessness Liaison for the Department/Office, and shall notify my Homelessness Policy Director of that person's name and contact information (including when there is a subsequent personnel change or change to that person's contact information).

- I hereby create the Mayor's Homelessness Cabinet, which my Homelessness Policy Director shall chair, and which shall include the departmental Mayor's Homelessness Liaisons as well as members from and designated by my Office. Each General Manager or Head of Department/Office shall ensure departmental Mayor's Homelessness Liaison representation at regular Mayor's Homelessness Cabinet meetings when called by my Homelessness Policy Director.

- The Mayor's Homelessness Cabinet shall:
  - have primary responsibility for implementing the City's "No Wrong Door" policy, adopted as a Guiding Principle for the City's Comprehensive Homeless Strategy, across all City agencies;
  - ensure that City agencies are empowered to increase awareness of and access to resources that connect homeless constituents to housing and services, and that the agencies are accountable for doing so;
  - host a peer learning environment to inform and share best practices on addressing the needs of homeless residents who engage City services;

- ◦ create and operationalize an online staff training program to build a uniform customer-service approach to engage homeless residents;
- ◦ develop a data-sharing agreement and a data-collection process to track departmental engagement with homeless residents;
- ◦ design and coordinate a public online dashboard that regularly publishes metrics and indicators related to homelessness, including, in particular, metrics and indicators related to the City's implementation of the Comprehensive Homeless Strategy; and
- ◦ take appropriate actions to implement the Comprehensive Homeless Strategy pursuant to its Guiding Principles and to address homelessness as future needs dictate.

- • By June 30, 2016, each General Manager or Head of Department/Office shall submit to my Homelessness Policy Director a Homelessness Strategy Action Plan to implement the Comprehensive Homeless Strategy and to address the needs of homeless residents in the new fiscal year. Beginning in 2017, each General Manager or Head of Department/Office shall submit to my Office an updated Homelessness Strategy Action Plan as part of the Annual General Manager Review process.

Executed this 29th day of April 2016.

ERIC GARCETTI
Mayor