Shayla Myers (SBN 264054)
Mallory Andrews (SBN 312209)
LEGAL AID FOUNDATION OF LOS ANGELES
7000 South Broadway
Los Angeles, CA 90003
Telephone: (213) 640-3983
Email: smyers@lafla.org
       mbandrews@lafla.org

*Attorneys for Gladys Zepeda, Miriam Zamora,*
*Ali El-Bey, James Haugabrook, Pete Diocson Jr.,*
*Marquis Ashley, and Ktown for All*

*Additional Attorneys on Next Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JANET GARCIA, ET AL, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, A MUNICIPAL ENTITY <br><br> Defendants. | CASE NO. 2:19-cv-06182-DSF-PLA <br><br> **DISCOVERY MATTER** <br><br> **PLAINTIFF MIRIAM ZAMORA'S SUPPLEMENTAL MEMORANDUM ISO MOTION TO COMPEL RESPONSES TO INTERROGATORIES, SET ONE** <br><br> Hearing Date: April 28, 2021 <br> Time: 10:30 a.m. <br><br> Complaint Filed: July 18, 2019 <br> Discovery Cut-off: July 26, 2021 <br> Pretrial Conf.: Feb. 14, 2022 <br> Trial: March 15, 2022 |

---

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSE TO INTERROGATORIES, SET ONE**

Catherine Sweetser (SBN 271142)
Kristina Harootun (SBN 308718)
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES, LLP
11543 West Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 396-0731
Email:csweetser@sshhlaw.com
kharootun@sshhlaw.com

*Attorneys for Plaintiffs*

Benjamin Allan Herbert (SBN 277356)
William L. Smith (SBN 324235)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680 8400
Email:benjamin.herbert@kirkland.com
william.smith@kirkland.com

Michael Onufer (SBN 300903)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Email: michael.onufer@kirkland.com

*Attorneys for Plaintiffs Ktown for All, Janet Garcia, Peter Diocson Jr., Marquis Ashley, Ali El-Bey, and Association for Responsible and Equitable Public Spending*

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSE TO INTERROGATORIES, SET ONE

## I. INTRODUCTION

Plaintiff Miriam Zamora propounded fourteen discrete interrogatories to fill in gaps related to the City's production of documents and obtain information about percipient witnesses and other information to her claims. In its initial responses, the City objected to every single request on the basis of relevance, put forth myriad other objections, and refused to provide most of the requested information. After meeting and conferring and giving Defendant a chance to amend its responses, the City still refused to provide much of the requested information. Plaintiffs therefore seek a order, compelling the City to provide "full and complete responses." *See* Fed. R. Civ. Pro. 33.

## II. PLAINTIFFS SUFFICIENTLY MET AND CONFERRED BEFORE MOVING TO COMPEL

Defendant argues that Plaintiff did not sufficiently meet and confer. But Defendant provides no support, in Local Rule 37 or otherwise, that Plaintiffs were required to meet and confer after Defendant served amended responses to Plaintiffs' interrogatories. This is especially true, given the record in this case.[1] Before the City provided amended responses to these interrogatories, Plaintiffs outlined in detail their objections to Defendant's responses and to its proposed amendments to its responses. When the City provided those amended responses, Plaintiff's objections were not addressed. There was no indication then, nor any indication now, that further discussion and the resulting delay would have resulted in any compromises that would have eliminated the need for this motion.

---

[1] Indeed, as spelled out in detail in the Joint Stipulation, Plaintiff met and conferred repeatedly with Defendant after Defendant provided amended responses to Plaintiffs' Requests for Production, Set One, which is the but those efforts were largely unsuccessful. Those efforts are outlined in detail in Plaintiffs' motion to compel further responses to RFPs, filed concurrently herewith.

On the contrary, as evidenced by countless meetings, emails, and letters exchanged since this case was filed, no amount of meeting and conferring will resolve the parties' "fundamental disagreement" about the scope of this litigation. Defendant continues to limit its responses to discovery based on a narrow view of relevance and the permissible scope of this case. None of the many rulings by the District Court have caused the City to budge, and even this Court's January 29 ruling, which noted that "there is no doubt that at least some of the subject requests are relevant to the merits of plaintiffs' 'as applied-claims,'" has altered Defendant's position. *See* Dkt. 33 at 5.

Plaintiff attempted to resolve as many of these discovery disputes as possible before seeking Court intervention, but without success. Defendant seems to be arguing that, had Plaintiffs simply met and conferred one more time, Defendant would have produced the requested information. Defendants did not do so or suggest they were about to do so on receipt of the joint stipulation. There was no indication, and continues to be no indication, that they would produce the information absent court intervention.

### III. DEFENDANT'S RELEVANCE OBJECTIONS IMPACT ITS RESPONSES TO PLAINTIFF'S REQUESTS

Because the City stands by its position that nearly all of Plaintiffs' discovery is not relevant nor proportional to the needs of the case, it continues to treat its responses as "concessions," rather than discovery obligations. As such, it has cherry-picked the information it provides, frequently without disclosing it is doing so. *See* Myers Decl. ¶¶ 66-83; Riskin Decl., Exh. A-C (providing evidence that Defendant excluding columns of data that contain critical information from spreadsheets it produced, and not disclosing that the columns were excluded; representing that it was producing "all South LA cleanups," but excluding reports

from more than 30 cleanups that occurred at the specific location alleged by Plaintiff; producing select cleanup reports for June 11, 2019 but failing to produce; failing to produce arrest and field interview documents for numerous plaintiffs; identifying the names of Environmental Compliance Inspectors, but failing to state that other LA Sanitation workers were even present, let alone identifying those individuals).

    The City also refuses to be bound by the concessions it makes.  For example, in response to Interrogatory 14, the City stated it would provide information regarding "routine or regularly-generated reports relate to encampment cleanups." Amended Response, Interrogatory No. 14.  The City identified only one such report in its amended responses.  Plaintiffs, on the other hand, were able to identify additional reports that the City failed to identify, let alone disclose.  *See* Riskin Decl., Exh. C.  These reports, which appear to be sent monthly to Council offices and list encampment cleanups and the dates of "service," are unquestionably "routine or regularly-generated reports related to encampment cleanups." The City provides no explanation why it failed to identify this document; instead, it falls back on the argument it was not required to identify the reports in the first place.

    Similarly, the City agreed in November 2020 to provide data from the databases used by LA Sanitation to track data related to encampment cleanups.  Yet, despite numerous back and forth communications about which databases were used by the City to capture encampment cleanup data, the City withheld significant data from the databases it produced, as well as the existence of an entire database.  The City did not disclose its existence until February 2021, when it finally identified the CIS database as part of its *amended* responses to these interrogatories.  *See* Amended Response, Interrogatory No. 14. The City provides no explanation why it failed to identify the database in the initial responses, let alone in any of the prior meet and confer discussions related to the RFPs.  Prior to moving to compel, Plaintiffs

pointed this discrepancy out to Defendant and requested the data from CIS, consistent with the City's November agreement to produce data from the City's databases. *See* Myers Decl., ¶ 39. The City never even responded, let alone produced the database. *Id.* Instead, it now falls back on its argument that the data is not relevant or proportionate to the needs of this case. This does not even pass the smell test, since the CIS database appears to contain more complete data than any other database produced by Defendant, about whether encampment cleanups were actually conducted. It also contains more precise addresses for cleanups and more complete council district information than the databases produced by Defendant.

The City's propensity to cherry-pick responsive documents is in part why Plaintiffs propounded these specific interrogatories, and why Plaintiffs need court intervention to ensure Plaintiff receives a full and complete response.

### IV. THE CITY'S VIEW OF DISCOVERY IS IMPERMISSIBLY NARROW

The City takes an impermissibly narrow view of relevance in this case. Rather than construing relevance "liberally and with common sense," *Soto v City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)), Defendant argues that Plaintiff is entitled only to discovery about the very specific incidents she alleges she experienced. There is no support for such a narrow view of relevance.

First, even if Plaintiff did bring this case as a simple tort case for money damages, Ms. Zamora would undoubtedly be entitled to policies and procedures and training about the specific policies and practices that were the proximate cause of the injury and "me too" evidence about additional, similar incidents. She would also be entitled to discovery to identify percipient witnesses and relevant decision-makers. But the City objects to the relevance of even this type of discovery.

Second, Plaintiff is entitled to discovery related to various theories of *Monell* liability, including discovery related to theories that might not be explicitly pled. *See Miller*, 141 F.R.D. at 296 (discovery is not limited to the pleadings in the case). While the City may want this case to be solely about the language of LAMC 56.11 and the City's Standard Operating Protocols (and for good reason, since the City imported much of the language of two district court orders directly into the municipal code and the protocols), the SAC makes clear the case is not simply about the City's written policies. *See* SAC, ¶¶ 68-123; *see also* SAC ¶ 244, 263 (alleging unconstitutional customs and practices and "[t]o the extent the City and its employees and agents' actions were taken pursuant to LAMC 56.11 and the 56.11 Standard Operating Protocols, these policies and practices" violate the Constitution).

There is also no merit to the City's argument that *Monell* discovery is impermissible because it "offered to stipulate to *Monell*." This argument is inaccurate and completely misleading. The City did not simply propose the parties stipulate to *Monell* liability. Instead, the City proposed the parties bifurcate the trial and as part of that bifurcation, agreed to stipulate *Monell* liability, which *Plaintiffs* raised during the initial discussion, as a condition of the bifurcation proposal. Plaintiffs rejected this proposal for all of the reasons spelled out the July 30, 2020 letter, Myers Decl. in Support of Motion to Compel RFPs, ¶ 29, Exh. P, including significantly, that the proposal did not account for Ktown for All's claims at all. The City never responded to the letter, let alone offered to stipulate to *Monell*. And as spelled out in the letter, stipulating to *Monell* would not eliminate the need for policy, custom, and practice discovery.

**V.    CONCLUSION**

For all the reasons spelled out in Plaintiffs' Motion to Compel, the court should grant this motion.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: April 14, 2021 | Legal Aid Foundation of Los Angeles, |
| 3 | | Schonbrun Seplow Harris Hoffman & Zeldes, LLP |
| | | Kirkland & Ellis, LLP |

Dated: April 14, 2021        Legal Aid Foundation of Los Angeles,
                             Schonbrun Seplow Harris Hoffman & Zeldes, LLP
                             Kirkland & Ellis, LLP

                             By: ____/s_____
                                   Shayla Myers
                                   Attorney for Plaintiff, Miriam Zamora