MICHAEL N. FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Deputy City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
**FELIX LEBRON, Deputy City Atty (SBN 232984)**
A. PATRICIA URSEA, Deputy City Atty (SBN 221637)
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone (213) 978-7569
Facsimile (213) 978-7011
Felix.Lebron@lacity.org
Patricia.Ursea@lacity.org

*Attorneys for Defendant,* CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| JANET GARCIA, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES,<br>a municipal entity;<br><br>Defendant. | CASE NO.: 2:19-CV-6182-DSF-PLA<br><br>[*Assigned to Judge Dale S. Fischer*]<br><br>**DEFENDANT CITY OF LOS ANGELES' OPPOSITION TO PLAINTIFFS' MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>[Declarations of Felix Lebron and Patricia Ursea ISO filed concurrently]<br><br>Date: June 7, 2021<br>Time: 1:30 p.m.<br><br>Complaint Filed: July 18, 2019<br>Discovery Cut-Off: July 26, 2021<br>Pretrial Conference: Feb. 14, 2022<br>Trial Date: March 15, 2022 |

## I. Introduction

Plaintiffs' counsel request that the Court relieve them of their obligations as Plaintiff Ali El-Bey's counsel of record. The Motion to Withdraw as Counsel of Record ("Motion") states that a "breakdown" occurred in the attorney-client relationship. Specifically, they state that they "have made numerous efforts to contact Mr. El-Bey, and they have gone unanswered." Myers Decl. ¶ 3. During the meet-and-confer process, the City requested that Plaintiffs' counsel identify *when* this breakdown in the attorney-client relationship occurred. The *date* of the last communication between El-Bey and his attorneys is not privileged. Plaintiffs' counsel refused to provide this information and instead offered to provide additional information to the Court for *in camera* review.

The timing of this breakdown is relevant here. As discussed in more detail below, the City served discovery on El-Bey in August 2020. El-Bey provided no answers to any interrogatories. In September 2020, the City sent Plaintiffs' counsel a meet-and-confer letter and conducted a meet-and-confer call pursuant to L.R. 37. Plaintiffs' counsel agreed to provide substantive interrogatory responses, but never did. The City raised the issue regarding El-Bey's discovery in December 2020 and again in March 2021. Plaintiffs' counsel indicated that they would address El-Bey's discovery, including as recently as March 29, 2021. The City noticed El-Bey's deposition on April 14, 2021 and, less than a week later, Plaintiffs' counsel informed the City that they planned to file this Motion. Plaintiffs filed a motion to compel discovery on behalf of El-Bey as recently as April 7, 2021. El-Bey failed to appear for his noticed deposition, failed to answer any interrogatories, and El-Bey's current whereabouts are apparently unknown. Plaintiffs' counsel did not disclose any breakdown of the attorney-client relationship before April 20, 2021. Rather, for over six months, they led the City to believe that El-Bey would address his discovery obligations.

The City served its portion of a Joint Stipulation under Local Rule 37 to compel El-Bey to respond to interrogatories and appear for his deposition. The City's motion to compel will be noticed for hearing on June 16, 2021, which is after the date for hearing

this Motion.  If the breakdown in the attorney-client relationship first occurred in April 2020, Plaintiffs' counsel should be held responsible for the failure to provide El-Bey's discovery responses.  If the breakdown occurred before April 2020, Plaintiffs' counsel should be required to address their failure to disclose this information to the City and the Court before April 20, 2021.

The Motion does not address whether El-Bey intends to represent himself *pro per* in this action if the Court grants the Motion and relieves Plaintiffs' counsel of their duties as El-Bey's attorneys of record.  Nor have Plaintiffs' counsel provided the Court (or the City) with El-Bey's address, telephone number and email information as required for service under Local Rules.  *See* L.R. 41-6; L.R. 83-2.2.3.   The City is prejudiced as the result of El-Bey's refusal to provide discovery, the past representations by Plaintiffs' counsel agree to provide this discovery, and timing of this disclosure regarding the breakdown in the attorney-client relationship.

The Court should order an *in-camera* inspection regarding the communications between El-Bey and his attorneys.  If the Motion is granted, the Court should not relieve Plaintiffs' counsel of their prior discovery conduct that will be addressed in the City's motion to compel.  In addition, the Court should set an OSC re dismissal if El-Bey refuses to participate in the litigation or provide contact information as required.  L.R. 41-6, L.R. 83-2.2.3; L.R. 83-2.2.4.

**II.     The Court Should Order an *In-Camera* Inspection to Determine When the Breakdown in the Attorney-Client Relationship Occurred.**

Plaintiffs' counsel states that a breakdown in the attorney-client relationship occurred after counsel "made numerous efforts to contact El-Bey and they have gone unanswered."  Myers Decl. ¶ 3.  Plaintiffs' counsel did not identify the dates of the calls or the dates of the last communication with El-Bey.  This information is relevant because of the discovery history regarding El-Bey.

On August 14, 2020, the City served a set of special interrogatories and documents requests on El-Bey.  Declaration of Patricia Ursea ("Ursea Decl.") ¶ 2.  On September 14,

2020, El-Bey served objections and responses to the discovery requests. Ursea Decl. ¶ 3. El-Bey served only objections to the interrogatories, provide no answer to any of the interrogatories, and produced two government claims for damages. Ursea Decl. ¶¶ 4-5. On September 18, 2020, the City sent a meet-and-confer letter regarding El-Bey's discovery responses, including his failure to provide no answers to any of the interrogatories. Ursea Decl. ¶ 5, **Ex. 6**. On September 30, 2020, the City conducted a meet-and-confer call with Plaintiffs' counsel to discuss El-Bey's deficient discovery responses. Ursea Decl. ¶ 6. During the call, Plaintiffs' counsel stated that El-Bey intended to provide substantive responses to the interrogatories, but refused to provide a date certain on which the responses would be served. *Id.* Plaintiffs' counsel did not inform the City during the September 30 meet-and-confer call that there were any problems with their representation of El-Bey. Ursea Decl. ¶ 7.

On December 1, 2020, the City sent Plaintiffs' counsel an email stating that El-Bey had still not provided substantive responses to the interrogatories and referencing the City's September 18 meet-and-confer letter. Ursea Decl. ¶ 8, **Ex. 7**. Plaintiffs' counsel did not respond to the portion of the December 1 email addressing El-Bey. Ursea Decl. ¶ 9. On December 11, 2020, after the City again raised the issue of Plaintiffs' outstanding discovery responses, Plaintiffs' counsel sent an email stating that Plaintiffs would continue to address the Plaintiffs' responses to discovery separately. Ursea Decl. ¶ 10, **Ex. 8**.

On March 3, 2021, the City sent Plaintiffs' counsel another meet-and-confer letter regarding El-Bey's failure to respond to the interrogatories. Ursea Decl. ¶ 11, **Ex. 9**. In the March 3 meet-and-confer letter, the City stated: "On the September 30, 2020 meet-and-confer call, Plaintiffs' counsel did not explain Plaintiff's failure to respond and did not argue that the requests were improper. Rather, counsel agreed to supplement and provide substantive responses. But they did not do so. If Mr. El-Bey cannot provide this basic information about his claims, he should dismiss his suit." *Id.* On March 29, 2021, Plaintiffs' counsel sent an email to the City stating: "We are working on a response to

your letter regarding El-Bey. We will get back to you as soon as possible." Ursea Decl. ¶ 12, **Ex. 10**.

On April 7, 2021, Plaintiffs filed two motions to compel discovery, including a motion to compel production of documents on behalf of El-Bey. Declaration of Felix Lebron ("Lebron Decl.") ¶ 18. On April 14, 2021, the City served deposition notices for the seven individual plaintiffs, and sent an email to Plaintiffs' counsel offering alternative dates for the depositions if needed. Lebron Decl. ¶¶ 2-3. The City noticed the deposition of El-Bey for May 4, 2021. Lebron Decl. ¶ 4.

On April 20, 2021, Plaintiffs' counsel sent a letter informing that the City that Plaintiffs' counsel would be filing a motion to withdraw as El-Bey's counsel of record and that good cause existed for the motion. Ursea Decl. ¶ 13; **Ex. 11**; Lebron Decl. ¶5. On April 21, 2021, in response to a request by the City's counsel for an explanation of the purported good cause to withdraw, Plaintiffs' counsel sent a one-sentence email: "There has been a breakdown of the attorney-client relationship between Mr. Ali El-Bey and counsel for Plaintiffs." Ursea Decl. ¶ 14, **Ex. 12**; Lebron Decl. ¶¶ 6-7. Plaintiffs' April 21, 2021 email was the first time that they informed the City that there was any communication or other representation-related issue with El-Bey. Ursea Decl. ¶ 15; Lebron Decl. ¶ 8.

On April 23, 2021, the City's counsel sent an email to asking Plaintiffs' counsel to provide additional information, including when the breakdown in the attorney-client relationship occurred, whether El-Bey intended to represent himself *pro per*, whether Plaintiffs' counsel expected to request the dismissal of El-Bey, and whether Plaintiffs' counsel was authorized to conduct discovery on El-Bey's behalf. Lebron Decl. ¶ 9, **Ex. 1**. The City addressed the fact that Plaintiffs filed a motion to compel further discovery on behalf of El-Bey and continued to take discovery relating to El-Bey's claims. *Id.*

On April 28, 2021, the City sent another email addressing Plaintiffs' counsel request to take the El-Bey deposition off calendar in which the City addressed the history regarding El-Bey's failure to provide discovery responses and Plaintiffs' motion to

withdraw as counsel of record.  Lebron Decl. ¶¶ 10-11 **Ex. 2**.

On April 29, 2021, Plaintiffs' counsel sent an email responding to the City's April 23, 2021 meet-and-confer email.  Lebron Decl. ¶ 12.  Plaintiffs' counsel stated that El-Bey remained their client and that their motion to withdraw would not include a request to substitute other counsel.  *Id.*  Plaintiffs' counsel did not state whether El-Bey intended to proceed *pro per* in the action.  *Id.*  On April 29, City responded to Plaintiffs' counsel email and stated that Plaintiffs had "not responded to the City's questions regarding when the breakdown occurred, why the motion was not brought earlier, whether El Bey intends to represent himself pro per and, if so, whether Plaintiffs have the required information for El Bey to represent himself in pro per required under the local rules for service."  Lebron Decl. ¶ 13, **Ex. 3**.  The City also explained that based "on the lack of information, the City reserves the right to oppose the motion to be relieved as counsel."  *Id.*

On May 4, 2021, El-Bey failed to appear for his noticed deposition and the City took a nonappearance.  Lebron Decl. ¶¶ 14-16, **Ex. 4**.  On May 17, 2021, the City served on Plaintiffs the City's portion of the L.R. 37 Joint Stipulation in support of the City's Motion to Compel El-Bey's Responses to Special Interrogatories and Appearance at Deposition, which contains a hearing date noticed for June 16, 2021.  Lebron Decl. ¶ 17.

Plaintiffs' Motion does not address the issues the City raised during the meet-and-confer process.  The timing of the breakdown of the attorney-client relationship is relevant because of the resulting prejudice to the City on discovery as summarized above.  The date of El-Bey's last communication with Plaintiffs' counsel is not privileged, but Plaintiffs' counsel states that they will only provide additional information for the Court to review *in-camera*.  Accordingly, the City requests that the Court review Plaintiffs' information *in-camera* to confirm when the breakdown in the attorney-client relationship occurred and the date of the last communication with El-Bey.  If the breakdown occurred in September 2020 or earlier, Plaintiffs' counsel should address their failure to disclose this information before April 20, 2021.  If Plaintiffs last contact was after September 2020, then Plaintiffs' counsel should remain responsible for their discovery conduct

1  addressed in the City's motion to compel.

### III. El-Bey Must Provide Required Service Information to Proceed *Pro Per* in this Action if the Motion is Granted.

Local Rule 83-2.2.3 states that "[a]ny person appearing *pro se* is required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P. and F.R.App.P." "The failure to comply with the rules enumerated in L.R. 83-2.2.3 may be grounds for dismissal or default judgment." L.R. 83-2.2.4. In addition, Local Rule 41-6, states, in relevant part, that a "party appearing *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and email address, if any." The Court can dismiss the action for want of prosecution for non-compliance with this requirement. L.R. 41-6.

Here, Plaintiffs' counsel did not provide this information for El-Bey or confirm that he intends to participate in this litigation *pro per*. If the Court grants the Motion, El-Bey will be represented *pro per* in this action. L.R. 83-2.2.1. Thus, El-Bey's contact information for service should be provided before the Court grants the Motion. If this information cannot be provided by Plaintiffs' counsel, the City requests that the Court deny the motion without prejudice and set an OSC re dismissal for El-Bey in accordance with L.R. 41-6, L.R. 83-2.2.3, and L.R. 83-2.2.4.

Dated: May 17, 2021

MICHAEL N. FEUER, CITY ATTORNEY
KATHLEEN KENEALY, CH. DEPUTY CITY ATTORNEY
SCOTT MARCUS, SENIOR ASST. CITY ATTORNEY
GABRIEL DERMER, ASST. CITY ATTORNEY
**FELIX LEBRON, DEPUTY CITY ATTORNEY**
A. PATRICIA URSEA, DEPUTY CITY ATTORNEY

By: */s/ Felix Lebron*
    Felix Lebron
    Deputy City Attorney
    Attorneys for Defendant
    CITY OF LOS ANGELES