Shayla Myers (SBN 264054)
Mallory Andrews (SBN 312209)
LEGAL AID FOUNDATION OF LOS ANGELES
7000 South Broadway
Los Angeles, CA  90003
Telephone:  (213) 640-3983
Email:  smyers@lafla.org
         mbandrews@lafla.org

*Attorneys for Gladys Zepeda, Miriam Zamora, Ali El-Bey, James Haugabrook, Pete Diocson Jr., Marquis Ashley, and Ktown for All.*

[Additional Attorneys on Next Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET GARCIA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | CASE NO. 2:19-cv-06182-DSF-PLA<br><br>Assigned to Honorable Dale S. Fischer<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF**<br><br>Hearing Date:  June 7, 2021<br>Time:  1:30 p.m.<br>Courtroom:  7D<br><br>Complaint Filed Date:  July 18, 2019<br>Discovery Cut-off:  July 26, 2021<br>Pretrial Conf:  Feb. 14, 2022<br>Trial:  March 14, 2022 |

Catherine Sweetser (SBN 271142)
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP
9415 Culver Boulevard, #115,
Culver City, CA 90232
Telephone: (310) 396-0731
Email: csweetser@sshhlaw.com

*Attorneys for Plaintiffs.*

Benjamin Allan Herbert (SBN 277356)
William L. Smith (SBN 324235)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680 8400
Email: benjamin.herbert@kirkland.com
          william.smith@kirkland.com

Michael Onufer (SBN 300903)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Email: michael.onufer@kirkland.com

*Attorneys for Plaintiffs Ktown for All, Janet Garcia, Peter Diocson Jr., Marquis Ashley, and Ali El-Bey.*

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF

## I. ARGUMENT

The City does not dispute that good cause exists to permit the Legal Aid Foundation of Los Angeles, Schonbrun Seplow Harris Hoffman & Zeldes LLP, and Kirkland & Ellis LLP's (collectively, "Counsel") to withdraw as counsel when client conduct has rendered it unreasonably difficult for counsel "to carry out the employment effectively." Cal. Rules of Prof. Conduct 3-7000(C)(1)(d). Nor can the City dispute that the inability to contact Mr. El-Bey is an adequate basis for withdrawal. Permitting Counsel to withdraw on this basis in is accord with courts in this District that frequently permit the withdrawal of representation under similar circumstances. *See, e.g., Clasby v. Ivanovic*, 2020 WL 6450287, at *2 (C.D. Cal. Nov. 3, 2020) (granting motion to withdraw claiming breakdown in attorney-client relationship due in part to unresponsiveness of client). *See also Hershey v. Berkeley*, 2008 WL 4723610, at *2 (C.D. Cal. Oct. 24, 2008) (granting motion to withdraw claiming breakdown in attorney-client relationship due to prolonged lack of communication between counsel and client); *Bodden v. Trans Union, LLC*, 2020 WL 8028816, at *1 (C.D. Cal. Nov. 16, 2020) (finding same).

Instead, the City uses its "opposition" as an opportunity to attempt to cast Counsel in a negative light. Not only are the City's accusations factually wrong, they are irrelevant to this Motion and do nothing to undermine the basis for withdrawal. The City has not identified any specific prejudice to it from the withdrawal, and at most makes a conclusory statement that the timing of this Motion prejudiced it.

As an initial matter, and as the City is aware, the individual Plaintiffs in this matter, including Mr. El-Bey, are individuals of extremely restricted financial means and face significant barriers to regular communications, ranging from a lack of internet access, a stable mailing address, and even a regular source of electricity, to say nothing of the continued displacement and destruction of belongings as a result of the conduct alleged in this litigation. To complicate matters further, this litigation is taking place in the middle of the COVID-19 pandemic, which has disproportionately

1
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF

exacerbated the plights of this vulnerable community. *See* ECF No. 111 at 1 (joint stipulation to continue trial due in part to the ongoing pandemic posing "significant additional challenges for the unhoused Plaintiffs and witnesses to participate in this litigation"). Under such circumstances, it is difficult to provide services for and keep in contact with unhoused clients.

Though the City now takes issue with what it interprets to be Counsel's delay in bringing this Motion, *see* Opp'n at 1, Counsel could not move to withdraw until it was clear that the breakdown in the attorney-client relationship with Mr. El-Bey was irrevocable. Counsel moved to withdraw at the point when Counsel's ethical obligations to Mr. El Bey and this Court allowed and required it, after making numerous efforts to contact Mr. El-Bey and notifying all parties of this Motion and attempting to serve Mr. El-Bey with this Motion at his last known address. *See* Myers Declaration in Support of Motion to Withdraw ("Myers Decl.") ¶¶ 3, 5-6; *see also* L.R. 83-2.3.2 (requiring written notice of motion to withdraw given reasonably in advance to the client and all other parties). Counsel is also attempting to serve Mr. El-Bey with a copy of the City's opposition and this reply. *See* Declaration of Catharine Elizabeth Sweetser in Support of Reply ("Sweetser Decl.") ¶ 21.

The City has repeatedly demanded that Counsel provide the City with additional information about timing of the breakdown in the attorney-client relationship, including demanding that Counsel disclose the date of the last communication with Mr. El Bey. *See* Opp'n at 1, 5. The City has used Counsel's refusal to disclose the date to intimate misconduct by Counsel and as a basis for filing an opposition to this Motion. *Id.* There was no ethical obligation to further inform defense counsel of any communications, or failed attempts to communicate, with Mr. El-Bey during this time period; in fact, there was a duty of loyalty and confidentiality to the client that continues to bind Plaintiff's Counsel. *See* State Bar of Cal. Standing Comm. on Pro. Resp. and Conduct, Formal Op. No. 1989-111, 1989 WL 253259 ("Clearly, the attorney is under no obligation to inform opposing counsel that the

2
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF

client cannot be located."). There is simply no basis for the City to suggest that Counsel has done anything but act in accord with their professional obligations in the midst of trying circumstances.

Furthermore, the City's factual narrative supporting its accusations is misleading. Though the City's accusations are not relevant to the Motion, a few of the more egregious examples require clarification and correction:

- **The City is misleading about Plaintiffs' Motion to Compel and resulting decision compelling discovery:** The City suggests that Plaintiffs' prior Motion to Compel is somehow deficient because it sought to compel discovery served on behalf of Mr. El-Bey. *See* Opp'n at 4. But as the City well knows, on October 2, 2020, to avoid redundant discovery and the need for Court intervention, the parties agreed that the discovery would be deemed served by all Plaintiffs and that any ruling on a motion to compel discovery served by Mr. El-Bey would be binding on all parties. Exs. 13, 14.[1] The City amended its answers to the Requests for Production to reflect this agreement, and the Motion to Compel was brought by all Plaintiffs, consistent with this agreement. Sweetser Decl. ¶ 2; *see also* ECF No. 122.

- **The City's suggestions of untoward discovery conduct by Plaintiff's Counsel are not supported by the record:** On August 14, 2020, the City served a set of special interrogatories and document requests on Mr. El-Bey, Sweetser Decl. ¶¶ 3, 4, and on September 14, Mr. El-Bey served objections and responses to the document requests and objections to the interrogatories. Exs. 3, 4. Two weeks later, during the parties meet and confer about the discovery responses, Plaintiff's Counsel indicated that they intended to supplement the responses and the City made no mention of a deadline for this supplementation. *See* Sweetser Decl. ¶ 5. It was not until March 2021 that the City for the first time sent a letter asking that Mr. El-Bey supplement the responses by a date certain. Sweetser Decl. ¶ 7 & Ex. 9. On March 29, 2021, Plaintiffs confirmed via email that they "are working on a response to [the City's] letter regarding Mr. El-Bey" and "will get back to [the City] as soon as possible." Sweetser Decl. ¶ 8 & Ex. 10. From August 2020 until April 20, 2021, Counsel worked in good faith to try and obtain and provide to the City sworn substantive responses to their discovery requests.

---

[1] Counsel will be referring to Exhibits 1-4, attached to the Declaration of Felix Lebron, Exhibits 6-12, attached to the Declaration of A. Patricia Ursea, and Exhibits 13-17 are attached to the concurrently-filed Declaration of Catherine Elizabeth Sweetser in Support of this Motion.

Throughout this time period, Plaintiff's Counsel has acted in accordance with their ethical duties to their client and the Court, carefully preserving Mr. El-Bey's interests in the course of this litigation, while truthfully corresponding with the City regarding his discovery responses.

- **The City refused to move Mr. El-Bey's deposition pending this Motion:** The City suggests that Mr. El-Bey's failure to attend his noticed deposition is somehow suspect, *see* Opp'n at 1, but the record confirms that the City insisted on his deposition knowing full well Mr. El-Bey would not appear and despite requests from Counsel to postpone the deposition. On April 14, 2021, the City served a deposition notice for Mr. El-Bey, which unilaterally set his deposition for May 4. Ex. 15. Following Counsel's confirmation of a breakdown in the attorney-client relationship between themselves and Mr. El-Bey, the City responded on April 23 that despite Counsel's intention to request that it be permitted to withdraw as counsel, the City "intend[s] to take his deposition or non-appearance on May 4, unless you have other information." Ex. 1. Counsel then requested that the City postpone Mr. El-Bey's deposition by 30 days to "give the court time to resolve this motion [to withdraw] prior to the deposition." Ex. 2. But the City refused to move Mr. El-Bey's deposition, reiterating on April 28 that "the City will take a nonappearance on May 4, 2021 for plaintiff El-Bey's failure to appear at his deposition." Ex. 3. The City continued to refuse to move the deposition even once Counsel confirmed "the fact that our attempts to contact Mr. El Bey have gone unanswered." Ex. 16. Counsel then stated that to "preserve everyone's time and resources," Counsel was "willing to stipulate to the fact that Plaintiff El Bey will not appear." Ex. 4. The City nevertheless chose to take a notice of non-appearance. Sweetser Decl. ¶ 16.

On the basis of its distorted record, the City urges this Court to confer with Counsel *in camera*. *See* Opp'n at 2. As set forth in Counsel's opening brief and supporting declaration, Counsel is of course willing to do so and remains committed to providing further information to the Court *in camera* if desired. *See Manfredi & Levine v. Sup.Ct. (Barels)*, 66 Cal. App. 4th at 1128, 1134-36 (1998) (in moving to withdraw, counsel may meet its burden by describing, in general terms, the nature of the conflict; if the Court deems the disclosure of confidential information necessary to rule upon the request, an *in camera* hearing may be set); *see also Alvarez v. Bimbo Bakeries USA, Inc.*, 2019 WL 7875050, at *2 (C.D. Cal. Oct. 8, 2019) (crediting bare

assertion of breakdown of attorney-client relationship made in good faith with offer to provide more information *in camera*). The City's inapplicable arguments based on misleading facts, however, should be disregarded as a reason to do so.[2]

Finally, the City confusingly seeks to fault Counsel for not addressing whether Mr. El-Bey "intends to represent himself *pro per* in this action if the Court grants the Motion." Opp'n at 2. The City's point makes no sense. Counsel cannot communicate with Mr. El-Bey and thus cannot confirm (let alone convey) any intentions Mr. El-Bey may have about how he may or may not want to proceed in this case. In any event, the City does not argue (nor can it) that Counsel's inability to know whether Mr. El-Bey will proceed *pro se* is a basis to deny the Motion. Nor is there any merit to—or legal support for—the City's suggestion that it be provided with Mr. El-Bey's current contact information (if Counsel could even confirm that information) prior to the Court granting the Motion. Rather, the precedent in this District confirms that Counsel's current efforts are sufficient. *See, e.g.*, *Burtscher v. Moore*, 2013 WL 11316941, at *1 (C.D. Cal. Feb. 7, 2013) (confirming grant of motion to withdraw upon former counsel's declaration of attempt to serve former client court order granting motion at counsel's known addresses for client); *see also Flagg v. Berryhill*, 2017 WL 2294072, at *1 (C.D. Cal. May 25, 2017) (granting motion to withdraw without having access to client's contact information beforehand

---

[2] The City's intent in distorting the record and smearing Counsel and unhoused residents of Los Angeles is unclear, but that it is on a mission to do so in this case is evident. Indeed, just last week, in disregard of Local Rule 37.1, the City sent Counsel—while the Motion was pending and at a time when the City was well aware that Counsel had no line of communication with Mr. El-Bey—a joint stipulation to compel Mr. El-Bey's discovery responses and seeking termination sanctions for Mr. El-Bey. Sweetser Decl. ¶¶ 17-19. Counsel asked that the parties meet and confer pursuant to local rules, stating that Counsel "believe[d] that if the City acted in accord with Rule 37.1, the parties may be able to significantly limit the issues before the Court." Ex. 17. Not only did the City refuse to meet and confer to understand Plaintiffs' position, but stated it looked forward to knowing what Counsel would say to narrow the disputed issues for the first time in its portion of the joint stipulation. *Id.*

5
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF

and scheduling conference at later date to determine whether client will proceed *pro se*).³

## II. CONCLUSION

For the foregoing reasons and for the reasons set forth in Counsel's opening brief, the Legal Aid Foundation of Los Angeles, Schonbrun Seplow Harris Hoffman & Zeldes LLP, and Kirkland & Ellis LLP respectfully request permission to withdraw as counsel of record for Mr. El-Bey.

Dated: May 24, 2021      Respectfully submitted,

LEGAL AID FOUNDATION OF LOS ANGELES

/s/ *Shayla Myers*
Shayla Myers
*Attorneys for Plaintiffs Gladys Zepeda, Miriam Zamora, Ali El-Bey, Pete Diocson Jr., Marquis Ashley, James Haugabrook, and Ktown for All.*

SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP

/s/ *Catherine Sweetser*
Catherine Sweetser
*Attorneys for All Plaintiffs.*

KIRKLAND & ELLIS LLP

/s/ *Benjamin Herbert*
Benjamin Allen Herbert
*Attorneys for Plaintiffs Ktown for All, Janet Garcia, Peter Diocson Jr., Marquis Ashley, Ali El-Bey.*

---

³ The City's citation to local rules in this District do not compel a different result. Rather, the cited rules merely relate to how *pro se* plaintiffs should proceed in this District. *See* L.R. 41-6 (*pro se* plaintiff must keep the Court and all other parties informed of the party's current contact information); L.R. 83-2.2.3 (*pro se* parties must comply with local and federal rules); L.R. 83-2.2.4 (consequence for *pro se* party's failure to comply with local and federal rules).

## **LOCAL RULE 5-4.3.4 ATTESTATION**

I attest that Plaintiffs' counsel, Shayla Myers and Benjamin Herbert, concurs in this filing's content and has authorized the filing.

DATED: May 24, 2021

SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP

/s/ *Catherine Sweetser*
Catherine Sweetser
*Attorneys for All Plaintiffs.*