UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES-GENERAL

Case No.:  **CV 19-6182-DSF (PLAx)**                                                                 Date: **June 9, 2021**

Title:   Janet Garcia, et al. v. City of Los Angeles

---

**PRESENT:  THE HONORABLE     PAUL L. ABRAMS**
**UNITED STATES MAGISTRATE JUDGE**

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF(S): | ATTORNEYS PRESENT FOR DEFENDANT(S): |
|---|---|
| NONE | NONE |

**PROCEEDINGS:  (IN CHAMBERS)**   Defendant's Motion to Compel Interrogatory Responses and Attendance at Deposition, and for Terminating Sanctions (ECF No. 133)

On May 26, 2021, the parties in this action filed a Joint Stipulation (alternatively "JS" (ECF No. 133-1)) in support of their positions regarding defendant City of Los Angeles' ("defendant" or "City") Motion to Compel ("Motion" or "Mot." (ECF No. 133)) plaintiff Ali El-Bey ("plaintiff" or "El-Bey") to: (1) respond to defendant's Interrogatories (Set One), and (2) appear at his deposition. (Mot. at 1). Defendant also requests terminating sanctions, or an order to show cause re terminating sanctions if plaintiff fails to appear for his deposition and/or provide responses to the Interrogatories within ten days of the Court's order compelling this discovery. (JS at 31). Having considered the pleadings submitted in connection with the Motion, as well as the fact that El-Bey's whereabouts are currently unknown and he is without counsel, the Court has concluded that oral argument will not be of material assistance in determining the Motion. Accordingly, the hearing scheduled for June 16, 2021, is **ordered off calendar**.  See Local Rule 7-15.

### Background

By way of background, on August 14, 2020, the City served plaintiff with 11 Interrogatories requesting information about his claims. (JS at 2). Interrogatory numbers 1-7 request information about his damages; number 8 requests a description of the nature and value of the property allegedly destroyed; and numbers 9-11 request additional information about specific allegations plaintiff makes in the Second Amended Complaint ("SAC"). (Id.). On September 14, 2020, plaintiff, through counsel, replied with only objections to the Interrogatories. (Id. (citing Ursea Decl. ¶ 3 Ex. 3)). On September 18, 2020, defendant's counsel sent a meet and confer letter pursuant to Local Rule 37-1; on September 30, 2020, counsel for the parties participated in a telephonic meet and confer. (Id. (citing Ursea Decl. ¶ 6)). Although plaintiffs' counsel stated that plaintiff intended to provide substantive responses, she "refused to provide a date certain on which the responses would be served," and did not explain why plaintiff failed to provide substantive responses when the other plaintiffs had provided substantive responses to nearly identical interrogatories. (Id.). Throughout December 2020, the City continued to "press for substantive responses," but its attempts "were either ignored or rebuffed -- without

any explanation -- by Plaintiff's counsel." (Id. (citing Ursea Decl. ¶¶ 8-10 Exs. 7-8)). On December 11, 2020, plaintiffs' counsel acknowledged in an email that plaintiff's responses were still outstanding, and on March 3, 2021, "after having still not received the promised responses, the City sent another letter indicating that if El-Bey could not provide the City with basic information regarding his claims then he should dismiss his lawsuit." (Id. at 2-3 (citing Ursea Decl. ¶ 11 Ex. 9)). On March 29, 2021, plaintiffs' counsel responded by saying "[w]e are working on a response to your letter regarding Mr. El Bay. We will get back to you as soon as possible." (Id. at 3 (citing Ursea Decl. ¶ 12 Ex. 10)).

On April 14, 2021, the City served El-Bey and the other plaintiffs with deposition notices and stated its willingness to change the order of the depositions if certain plaintiffs were available on different dates during a three-week period in May 2021. (Id. (citing Lebron Decl. ¶ 3)). El-Bay's deposition was noticed for May 4, 2021; on April 20, 2021, plaintiffs' counsel sent a letter stating that they intended to withdraw as counsel for El-Bey. (Id. (citing Ursea Decl. ¶ 13 Ex. 11)). On April 21, 2021, plaintiffs' counsel informed defendant that there was a "breakdown in the attorney-client relationship between Mr. El-Bey and counsel for plaintiffs," but refused to identify "*when* the breakdown occurred, could not confirm whether El-Bey intended to represent himself *pro per* or participate in the litigation, or if El-Bey had the required service information to represent himself *pro per* under the Local Rules." (Id. (emphasis in original) (citing LeBron Decl. ¶¶ 9-13 Exs. 16-18)). On May 3, 2021, plaintiffs' counsel filed their motion to withdraw as counsel for plaintiff El-Bey. (ECF No. 128). Plaintiff failed to attend the deposition on May 4, 2021, and the City took his nonappearance. (Id. (citing LeBron Decl. ¶ 17)).

Plaintiff responds that notwithstanding defense counsel's notice of the irrevocable breakdown in the attorney-client relationship between plaintiff and his counsel, the City "rushed to serve its portion of this Joint Stipulation" on the same date that the City filed its opposition to the motion to withdraw. (Id. at 4). Plaintiff argues that the City has failed to properly meet and confer in compliance with Local Rule 37, and chose to bear the "cost and expense of taking a redundant nonappearance at El-Bey's unilaterally scheduled May 4, 2021, deposition," despite: (1) notice that plaintiffs' counsel intended to move to withdraw as counsel for El-Bey, (2) a breakdown in the attorney-client relationship with El-Bey, (3) plaintiffs' counsel's request to take the deposition off-calendar or postpone it, (4) notice that El-Bey had not answered numerous efforts to contact him, and (5) plaintiffs' counsel's offer to stipulate to the nonappearance. (Id. (citing Sweetser Decl. ¶¶ 10-12, 15 & Exs. 11, 12, 17, 19, 28)). Plaintiff suggests that if the City had "acted in accord with Rule 37.1 [sic] prior to service of this joint stipulation," plaintiffs' counsel "would have discussed which objections could be waived and whether they could stipulate to an order compelling Mr. El Bey to attend his deposition," or, after the motion to withdraw is granted (which it now has been), a "simple motion to dismiss . . . may also render moot the need for El-Bey's interrogatory responses and deposition." (Id. at 30). Counsel notes that "[g]iven the breakdown, it is unclear how or why the City expects Plaintiffs' counsel to confirm a deposition date with El-Bey, much less his intent to proceed *pro per*, his current service information, or his desire to participate in this litigation." (Id.). Counsel also states that they are "willing to provide further information *in camera* concerning the nature of Mr. El-Bey's particular individual circumstances and how these have impacted the attorney-client relationship," which, "[c]ombined with the precarious nature of living on the street generally, El-Bey's circumstances have magnified the difficulty faced by Plaintiff's counsel in making good faith attempts to coordinate a deposition date with El-Bey, thus necessitating Plaintiffs' counsel's motion to withdraw."[1] (Id. at 30-31).

On June 3, 2021, the District Judge granted plaintiffs' counsel's motion to withdraw as counsel for plaintiff El-Bey. (ECF No. 134). The District Judge also specifically stated that the "Court does *not* require that Counsel [for Mr. El-Bey] make any further affirmative attempts to communicate with Mr. El-Bey," but that if El-Bey contacted counsel in the future, counsel must attempt, among other things, to obtain a current address, and inform

---

[1] These arguments were made prior to the date that the motion to withdraw as counsel was granted.

him of all future dates in this action, including dates relating to any pending discovery obligations. (ECF No. 134 at 2 (emphasis added)). Accordingly, El-Bey is currently unrepresented by counsel, his whereabouts are unknown, and it appears that he has no knowledge of the pending motion.

**Request for Sanctions**

Defendant argues that when a party fails to appear for his properly noticed deposition, the Court may order any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), including dismissing the party's action or proceeding in whole or in part and/or rendering a default judgment against the disobedient party. (Id. at 31 (citations omitted)). And, because there is "no substantial justification for the refusal to provide answers to the[] basic interrogatories," and because plaintiffs' counsel "do not have contact with El-Bey and do not know whether El-Bey intends to participate in the litigation," terminating sanctions are appropriate. (Id. at 32).

Plaintiffs' counsel responds that the City failed to properly follow the Local Rule 37 procedures prior to serving its portion of the Joint Stipulation, as it failed to notify plaintiffs' counsel in its meet and confer letter that it intended to seek terminating sanctions with respect to its discovery motion. (Id. (citing Cal. C.D. Loc. R. 37-1 ("the moving party's letter must 'specify the terms of the discovery order to be sought'"))). Counsel also argues that terminating sanctions are not appropriate here because, "despite the City's disingenuous efforts at characterizing Plaintiff's counsel as a purposeful bad actor," justification for terminating sanctions -- such as "willfulness, bad faith, and fault" -- "simply does not exist." (Id. (citing Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007))). They argue that defendant has failed to demonstrate willfulness, bad faith, or fault on the part of plaintiffs' counsel; plaintiff has not failed to comply with any specific Court order; plaintiff has not previously demonstrated a "pattern of uncooperative behavior"; defendant has "unnecessarily cluttered this Court's docket [with] this joint stipulation"; defendants have "suffered absolutely no prejudice here"; and the City has "jump[ed] to a dramatic request for terminating sanctions in the first instance," and that request is "premature and improper, and should not be granted." (Id. at 32-39).

The Court notes that in the June 3, 2021, Order granting counsel's motion to withdraw as counsel for El-Bey, the District Judge specifically observed that "[d]espite conceding that a breakdown has occurred, the City of Los Angeles opposed the motion [to withdraw as counsel], making irrelevant and inappropriate arguments and demands." (ECF No. 134 at 1). Defendant was "cautioned that its briefing should address only appropriate issues in the future." (Id. at 1 n.1). This Court also finds that the arguments and demands made by defendant in this Motion are largely irrelevant and inappropriate given its knowledge of the communication breakdown between El-Bey and his now-former counsel.

Based on the foregoing, defendant's Motion (ECF No. 133) is **denied without prejudice** to refiling should defendants show that, in the future, Mr. El-Bey receives actual knowledge of his discovery obligations and fails to comply with those obligations.

IT IS SO ORDERED.

cc:     Counsel of Record

Initials of Deputy Clerk _____ch_____