Shayla Myers (SBN 264054)
Mallory B. Andrews (SBN 312209)
Pui-Yee Yu (SBN 308122)
LEGAL AID FOUNDATION OF LOS ANGELES
7000 S. Broadway,
Los Angeles, California 90003
Telephone: (213) 640-3950
E-Mail: smyers@lafla.org
mbandrews@lafla.org
pyu@lafla.org

*Attorneys for Plaintiffs,
Gladys Zepeda, Miriam Zamora,
James Haugabrook, Pete Diocson Jr.,
Marquis Ashley, and Ktown for All.*

[Additional Attorneys on Next Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET GARCIA, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity;<br><br>Defendant. | CASE NO. 2:19-cv-06182-DSF-PLA<br><br>Assigned to Honorable Dale S. Fischer<br><br>**PLAINTIFFS' OBJECTIONS TO SPECIAL MASTER'S RECOMMENDATION NO. 1 RE: DISCOVERY MATTERS (DKT. 168)**<br><br>Complaint Filed: July 18, 2019<br>Discovery Cut-off: July 25, 2022<br>Pretrial Conf: November 21, 2022<br>Trial: December 13, 2022 |

Catherine Sweetser (SBN 271142)
Rie Ohta (SBN 329746)
UCLA LAW CLINICS
385 Charles E Young Drive
East Los Angeles, CA 90095
Email:        csweetser@sshhzlaw.com
              ohta@law.ucla.edu
*Attorneys for Plaintiffs Janet Garcia,
Gladys Zepeda, Miriam Zamora,
James Haugabrook, Pete Diocson Jr.,
Marquis Ashley, and Ktown for All.*

John Washington (SBN 315991)
SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Telephone:   (310) 396-0731
E-Mail:      jwashington@sshhzlaw.com
*Attorneys for Plaintiffs Janet Garcia,
Gladys Zepeda, Miriam Zamora,
James Haugabrook, Pete Diocson Jr.,
Marquis Ashley, and Ktown for All.*

Benjamin Allen Herbert (SBN 277356)
KIRKLAND & ELLIS LLP
555 S. Flower Street
Los Angeles, California 90071
Telephone:   (213) 680-8400
E-mail:      benjamin.herbert@kirkland.com
*Attorneys for Plaintiffs,
Ktown for All, Janet Garcia,
Peter Diocson Jr., and Marquis Ashley.*

Tanya L. Greene (SBN 267975)
Nicholas J. Hoffman (SBN 284472)
MCGUIREWOODS LLP
355 S. Grand Avenue, Suite 4200
Los Angeles, California 90071-3103
Telephone:   (213) 457-9840
Facsimile:   (213) 457-9877
E-Mail:      gevans@mcguirewoods.com
             tgreene@mcguirewoods.com
             nhoffman@mcguirewoods.com
*Attorneys for Plaintiffs Janet Garcia,
Gladys Zepeda, Miriam Zamora,
Pete Diocson Jr., Marquis Ashley, and Ktown for All.*

2

PLAINTIFFS' OBJECTIONS TO SPECIAL MASTER'S RECOMMENTATION NO. 1
RE: DISCOVERY MATTERS

## I. INTRODUCTION

Pursuant to the Order Granting Joint Stipulation for Appointment of Special Master for Discovery, Dkt 139 ⁋ 11, Plaintiffs object to certain provisions of and ask for modification of the Special Master's Recommendation No. 1 ("Rec.") (Dkt. 168). First, Plaintiffs object to the recommendation permitting the City to withhold responsive documents related to the specific incidents alleged in the Second Amended Complaint (Specific Incidents). Rec. 3:18-20. Second, Plaintiffs object to the provision of the protective order that protects the City from answering an interrogatory related to the cancellation of noticed cleanups at an encampment. Rec. 3:11. Plaintiffs otherwise request the Court adopt the recommendation as to the Motion for Sanctions.

## II. PROCEDURAL HISTORY

### A. Motion for Sanctions re: Judge Abrams' April 28, 2021 Order

On March 15, 2022, Plaintiffs brought a motion for sanctions based on the City's failure to produce documents responsive to Judge Abrams's Order, Dkt. 127, including documents related to Plaintiffs' Specific Incidents. The City initially agreed to produce all documents related to the Specific Incidents; after Plaintiffs identified hundreds of related documents the City failed to produce, Judge Abrams issued an order, requiring the City to produce any additional documents it "found" related to the Specific Incidents. *See* Dkt. 127 at 13; 6 n. 6; *see also* Dkt. 169-15 at 2-3. Despite this order, Plaintiffs continued to identify documents the City had not produced, and Plaintiffs brought a Motion for Sanctions to enforce Judge Abrams' Order. Dkt, 169-11. Plaintiffs requested the Special Master issue coercive sanctions to ensure the City finally produced all responsive documents. *Id*. at 11. Defendants responded on March 25, 2022 by producing some documents but objected to the production of a number of other documents, including Service Request Detail Reports and refuse vehicle daily logs related to the Specific Incidents. *See* Dkt. 169-13 at 8-9.

### B. Defendants' Request for Protective Orders

Plaintiffs propounded Interrogatories and RFPS, Set Two in May 2021; after the City objected to every single one of Plaintiffs' requests, the parties agreed to seek the appointment of a special master, which this Court appointed in July 2021. *See* Dkt. 137. In September 2021, the Special Master issued guidance interpreting Judge Abrams's order as requiring the production of additional documents and recommending that Plaintiffs wait on their May 2021 discovery until receiving this additional discovery. Dkt. 169-4, Exh. 4 at p. 3. She also found that discovery into the City's provision of trash cans, vector control, toilets, and other "public health measures" was not relevant but invited Plaintiffs to revisit the issue after taking more discovery. *Id.* In January 2022, the City represented its production of documents responsive to Plaintiffs' RFPs was complete; Plaintiffs then served new discovery requests.

On March 11, 2022, the City moved for a protective order as to Plaintiffs' Interrogatories and RFAs, objecting yet again to every single one of Plaintiffs' discovery requests. Dkt. 169-4. On March 18, the City moved for another protective order against Plaintiffs' Requests for Production, Set Two. Dkt. 169-1. Although Plaintiffs had notified the City of their intent to seek reconsideration of the guidance related to public health measures and sidewalk obstructions, the City included this issue in their request for a protective order. On March 25, Plaintiffs filed an opposition, explaining why measures to mitigate hazards and sidewalk obstructions are relevant and asking the Special Master to reconsider her earlier guidance. *See* Dkt. 169-3 at 7-10.

### C. The Report and Recommendation

The Special Master issued guidance on March 31, 2022 related to both Plaintiffs' Motion for Sanctions and the City's Motions for Protective Orders.[1] The Special

---

[1] The Special Master indicates in the recommendation that Plaintiffs sought further responses to Plaintiffs' written discovery. Dkt. 168 at 19-22. To clarify, Plaintiffs opposed the protective orders but did not affirmatively seek an order related to the outstanding discovery, since the City had not yet responded. The City has now responded, and Plaintiffs intend to raise a number of issues with the Special Master based on the City's failure to produce documents.

Master combined Plaintiffs' motion for sanctions related to RFPS set one with the City's request for a protective order related to RFPs set two. *See* 3:18-26. She recommended only that the City need not produce 1) MyLA311 Service Request Detail Reports or refuse vehicle daily logs and 2) additional documents regarding the Haugabrook incidents. Dkt. 168 at 3: 18-21, 4:3.[2] She also revisited her prior guidance related to public health measures and other sidewalk obstructions not related to unhoused encampments and recommended the City respond to Plaintiffs' discovery about these topics. Rec. 3:21-23. 3:21-26.[3] With regards to the Interrogatories, the Special Master recommended that the City need not respond to interrogatories related to the role of decision-makers or the cancelation of cleanups. Rec. 3:9-11.

### III. ARGUMENT

#### A. Objections Related To Plaintiffs' Motion For Sanctions

Plaintiffs object to the provisions of the Special Master's recommendation that allows the City to withhold 1) documents related to James Haugabrook's Incidents; and 2) Service Request Reports and daily vehicle logs related to the Specific Incidents.

First, the Special Master's recommendation states "the City need not produce additional documents regarding the Haugabrook incidents." Rec., 3:19-20. This ruling, if adopted, could allow the City to withhold any additional documents Plaintiffs identify that the City has not yet produced related to Mr. Haugabrook's claims. This is contrary to Judge Abrams's April 28, 2021 order, granting Plaintiffs' motion to compel the production of documents related to Mr. Haugabrook's cleanups. *See* Dkt. 127 at 18.

---

[2] The recommendations are related to Plaintiffs' motion for sanctions. Otherwise the Special Master did not recommend a protective order related to any of the RFPs.

[3] In its motion to adopt the Special Master's recommendation, Dkt. 174 at 5-6, the City argues that the Court should adopt the Special Master's recommendation related to public health measures and sidewalk obstructions as a protective order, but nothing about the language used in the recommendation suggests the Special Master's intent to grant a protective order as to the specific RFPs related to these requests, nor does the record support such an order. Plaintiffs do not object to the adoption of the Special Master's recommendation; however, the parties' disagreement about the interpretation of the order as it relates to Plaintiffs' specific requests should be heard in in the first instance by the Special Master. *See* Dkt. 139 ¶ 13.

Moreover, the recommendation does not includes any factual or legal basis for this order, especially given that documents related to Plaintiffs' Specific Incidents are not only highly relevant, they are also extremely important to Plaintiffs' claims, and the City has consistently conceded it would produce these documents. *See e.g.,* Dkt. 127 at 13. This includes, specifically, documents related to a Rapid Response cleanup of Mr. Haugabrook's encampment on May 7, 2019 for which the City agreed in October 2021 to produce documents. *See* Dkt. 169-15 at 3. Despite this agreement, the City has repeatedly produced documents for other noticed Clean Streets LA cleanups conducted *around* Mr. Haugabrook's location, but still has not produced LA Sanitation documents for the May 7, 2019 Rapid Response cleanup actually at Mr. Haugabrook's location, despite ample evidence that it occurred. *See* Dkt.169-11 at 7, n. 10. There is no basis for excusing the City from producing these documents or any other documents related to Mr. Haugabrook, as required by Judge Abrams's order. *See* Dkt. 127 at 18, 6 & n. 6.

Second, the Special Master recommends that the City need not produce Service Request Detail Reports and refuse vehicle daily logs for the Specific Incidents. As outlined in Plaintiffs' Reply, Dkt. 169-15 at 2-3, this too is impermissibly contrary to Judge Abrams's order. *See* Dkt. 127 at 6, n. 6 (ordering that, "to the extent that defendant 'finds' potentially responsive documents related to the Specific Incidents, it must promptly produce such documents"); Dkt. 139, ¶ 13. Moreover, both documents contain information about the Specific Incidents that is highly relevant and not contained in other discovery from the City. For example, the SR Reports contain information about complaints that led to the cleanups, including pre-cleanup photos. *See* 169-11 at 9; 169-12, Exh. L. The refuse daily vehicle logs likely contain the names of city employees who participated in the cleanups and are therefore witnesses that have never been identified by the City, and start and stop times for the cleanups. This data is not contained in the database produced by the City.

Nor does the City establish that the production of these documents related to the

4
PLAINTIFFS' OBJECTIONS TO SPECIAL MASTER'S RECOMMENDATION NO. 1
RE: DISCOVERY MATTERS

15 Specific Incidents would be burdensome. *See U.S. E.E.O.C. v. Caesars Ent., Inc.,* 237 F.R.D. 428, 432 (D. Nev. 2006) (burden on the moving party to show good cause). The City concedes the SR reports are easily accessible—they literally just need to be printed. *See* Dkt. 169-13. As for the daily vehicle logs, the City concedes the responsive documents are located at the City's sanitation yards. *Id.*

Finally, Plaintiffs request the Court set a date certain by which the City must abide by any order.

### B. Objections to the Special Master's Protective Order

The Special Master recommends the Court issue a ruling granting in part and denying in part the City's request for a Protective Order. Rec., 4:1-3. Specifically, the Special Master recommends granting the Protective Order as to a number of Plaintiffs' Interrogatories. *See* Rec. 3:9-10; 3:11.

Plaintiffs object to one provision of the protective order, preventing the City from having to answer Marquis Ashley's Interrogatory No. 4.[4] Plaintiffs allege that although the City posts notices of comprehensive cleanups, the City cancels the cleanups so frequently after posting the notices that it creates significant uncertainty and and effectively renders the notices meaningless for purposes of due process. *See* Dkt. 43 ¶ 76. This explains, for example, why Ashley did not remove his belongings prior to the start of the comprehensive cleanup. The City specifically sought a protective order for this request but failed to provide any factual or legal basis for that request. This discovery is relevant to Plaintiffs' due process claims, and the City provided no evidence to support any claim of burden. *See* Dkt. 169-5 at 7-8 (arguing the request is not "proportional" but failing to provide any evidence of burden). There is, therefore, no basis for a protective order. *Caesars Ent., Inc.,* 237 F.R.D. at 432.

---

[4] Interrogatory No. 4 states "Identify each instance the City posted a notice for a comprehensive cleanup at or around 800 Lomita Blvd., but did not conduct a cleanup at that location on the date/time indicated on the notice, by providing the date and the WPIMS case number assigned to the posting." Dkt. 169-6 at 6.

| | | |
|---|---|---|
| DATED: April 28, 2022. | | UCLA LAW CLINICS |
| | By: | /s/ |
| | | Catherine Sweetser |
| | | Attorneys for Plaintiffs Janet Garcia, Gladys Zepeda, Miriam Zamora, James Haugabrook, Pete Diocson Jr., Marquis Ashley, and Ktown for All. |

PLAINTIFFS' OBJECTIONS TO SPECIAL MASTER'S RECOMMENTATION NO. 1
RE: DISCOVERY MATTERS