Hon. Ann Kough (Ret.) (SBN: 82140)
JAMS
555 West 5th Street 32nd Floor
Los Angeles, CA 90013
Tel:  213-253-9732
Fax:  213-620-0100

SPECIAL MASTER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET GARCIA, GLADYS ZEPEDA, MIRIAM ZAMORE, ALI EL-BEY, PETER DIOCSON, JR., MARQUIS ASHLEY, JAMES HAUGABROOK, individuals, KTOWN FOR ALL, an unincorporated association, and ASSOCIATION FOR RESPONSIBLE AND EQUITABLE PUBLIC SPENDING, an unincorporated association,<br><br>                    Plaintiffs,<br>   v.<br><br>CITY OF LOS ANGELES, a Municipal Entity, and DOES 1-7,<br><br>                    Defendant. | CASE NO: 2:19-cv-06182-DSF-PLA<br><br>JAMS REF #:  1220070781<br><br>**SPECIAL MASTER'S RECOMMENDATION NO. 5 RE DISCOVERY MATTERS** |

Pursuant to the Court's order of July 19, 2021 under Fed. R. Civ. P. 53(a)(1)(C) appointing the Special Master to resolve the parties' discovery disputes on an expedited basis and supervise the parties' fact discovery on an ongoing basis, the Special Master has heard and resolved a number of disputes between the parties on an informal basis through the issuance of "guidance" to the parties, with the understanding that at any time a party could request that such

guidance be converted into a report and recommendation to the Court. As to a recent dispute, however, given that the discovery cut-off is September 26, 2022, the Special Master has gone directly to a Report and Recommendation.

## BACKGROUND

Plaintiffs in this action brought suit over the City of Los Angeles' ("the City's) practices in connection with cleanups of unhoused persons encampments within the City and, in particular, the practice of removing and, in some cases, destroying the belongings of individuals residing within those encampments.

## THE CURRENT MOTION

Plaintiffs sought, by letter brief dated September 13, 2022, to require the City to conduct an additional search for and to produce all responsive documents related to the 100 Specific and Additional Incidents and to provide Plaintiffs with a sworn affidavit which outlines the steps it took to identify the documents, why any documents do not exist, and attesting that all responsive documents have been produced. The City objected, by letter brief dated September 22, 2022, arguing that FRCP section 34 does not require such additional search or affidavit and that if Plaintiffs can identify specific documents which have not been produced the City will search for those specific documents.

Plaintiffs argued that certain documents ordered produced by Judge Abrams on April 28, 2021, and reaffirmed by the Special Master and this Court, have still not been produced and that the City's practice throughout this matter has been to address inadequacies of production only on a piecemeal basis and only at the instigation of Plaintiffs after Plaintiffs' painstaking review of previous productions. The City counters that it has made a reasonable search and that is all that is required under the FRCP.

FRCP section 34 deals with the manner of production required; section 26 deals with what must be produced. The City is correct that the FRCP does not require an affidavit regarding a party's production of documents. However, section 26(c)(2) provides that if a request for a protective order is denied, the Court may fashion any discovery "on just terms." The City previously sought a protective order, which was granted in part and denied in part. The fact that almost every time Plaintiffs identify missing documents, or categories of documents, the City finds and produces additional documents, indicates to the Special Master that the City's search parameters have been inadequate. Therefore, the Special Master finds it appropriate and just for the City to identify the method(s) it has used to locate responsive documents, indicate why, if known, any documents do not exist, and affirm that all responsive documents have been produced. The Special Master does not find it necessary, as yet, for the City to conduct another search. Once Plaintiffs have reviewed the City's search methodology, Plaintiffs should be allowed to seek an order from the Special Master that specific additional search terms be run.

Because the Special Master's Case Manager has previously had difficulty attaching the moving and opposition papers and exhibits to reports such as this one, the Special Master will attach the parties' written correspondence but will order the parties to separately submit the exhibits they attached to such correspondence.

## **RECOMMENDATIONS**

The Special Master recommends:

1) The Court order the City, within 15 days, to identify the method(s) it has used to locate responsive documents;
2) The Court order the City, within 15 days, to indicate why, if known, any documents the City has represented not to exist do not in fact exist;

3) The Court order the City, within 15 days, to provide an affidavit affirming that all responsive documents in the City's possession or under its control, have been produced;

4) The Court order that Plaintiffs be allowed to seek an order from the Special Master requiring the City to conduct an additional search using specific additional search terms; and

5) The Court order Plaintiffs be allowed to seek fees and costs incurred in the bringing of this motion.

Dated: September 25, 2022

                                                      Judge Ann Kough (Ret.)
                                                      Special Master