1  HOLLY O. WHATLEY, State Bar No. 160259
   HWhatley@chwlaw.us
2  MATTHEW W. McALEER, State Bar No. 278595
   MMcAleer@chwlaw.us
3  **COLANTUONO, HIGHSMITH & WHATLEY, PC**
   790 E. Colorado Boulevard, Suite 850
4  Pasadena, California 91101-2109
   Telephone: (213) 542-5700
5  Facsimile: (213) 542-5710

6  MICHAEL N. FEUER, City Attorney
   SCOTT MARCUS, Chief Assistant City Attorney
7  GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
   **FELIX LEBRON, Deputy City Atty (SBN 232984)**
8  200 N. Main Street, City Hall East, Room 675
   Los Angeles, California 90012
9  Telephone: (213) 978-7569
   Facsimile: (213) 978-7011
10 Email: Felix.Lebron@lacity.org

11 Attorneys for Defendant
   CITY OF LOS ANGELES
12

13              **UNITED STATES DISTRICT COURT**

14            **CENTRAL DISTRICT OF CALIFORNIA**

15

16 JANET GARCIA, et al.,              **CASE NO.: 2:19-cv-6182-DSF-PLA**

17          Plaintiff(s),             Assigned to the Hon. Dale S. Fischer

18     vs.                            **CITY OF LOS ANGELES'S**
                                      **OBJECTION TO SPECIAL**
19 CITY OF LOS ANGELES, et al.,       **MASTER'S RECOMMENDATION**
                                      **NO. 5 RE DISCOVERY MATTERS**
20          Defendant.
                                      Complaint Filed:    July 18, 2019
21                                    Discovery Cut-off:  September 26, 2022
                                      Pretrial Conference: February 27, 2023
22                                    Trial Date:         March 28, 2023

23

24

25

26

27

28

_____
   CITY'S OBJECTION TO SPECIAL MASTER'S RECOMMENDATION NO. 5 RE DISCOVERY MATTERS
292886.v1

This action has been pending since July 18, 2019, and trial is set for March 28, 2023.  The Special Master's Recommendation No. 5 Re Discovery Matters [Dkt. No. 216 (the "Recommendation")], unless rejected or significantly narrowed, extends the expired discovery cut-off for Plaintiffs (but not the City) and threatens to further delay the existing trial schedule.  Extension of the discovery cut-off is unwarranted in any case, but especially so because the City's repeal of the Bulky Item Provisions [Dkt. No. 215], effective September 18, 2022, significantly narrowed the scope of Plaintiffs' claims and the evidence necessary to prove them. *Bd. of Trs. of the Glazing Health & Welfare Trust v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) (repeal of offending ordinance renders claims for injunctive and declaratory relief moot).  Plaintiffs' claims for permanent injunctive and declaratory relief are significantly diminished, if not eliminated, following the dissolution of the injunction, which leaves only Plaintiffs' individual claims for damages at issue.  The City admitted unequivocally in its Answer and discovery responses that its employees' past enforcement of the Bulky Item Provision, and their seizure and discarding of Plaintiffs' property was pursuant to City custom, practice, and policy.  [*See* e.g., Dkt. No. 75 (City's Answer to SAC) at ¶¶16, 20, 21, 56, 68, 102, 114; Dkt. No. 170-1 (Lebron Decl), Ex. 12 (City RFA Responses) at RFA Nos. 3-4; 7-8; 9-10; 11-12; 13-15; 16-17; 23; 26; 30; 32; 34; 53-56; 63-66; 76-79; 85-90; 120-122; 133-136; 140-144; 157-160; 165-168; 182-185; 201-203; 223-226; 247-248].  Accordingly, extended discovery regarding the 100 *unalleged* Additional Incidents is irrelevant to *Monell* liability and unnecessary for any claim for prospective relief.

Plaintiffs' request is also untimely.  The fact discovery cut-off expired on September 26, 2022.  Plaintiffs requested relief on September 13, 2022 – less than two weeks before the cutoff – and the Special Master issued Recommendation No. 5 on September 26.  The Court's clear direction dictated the discovery cut-off "means the final day for the **completion of discovery**, including resolution of all discovery

1

1   motions." [Dkt. No. 73, p. 4, item j (bold by the Court)].  Thus, Plaintiffs' request

2   that the Court finally resolve their "Motion for Sanctions" after the discovery cut-off

3   is untimely.

4          Substantively, the Recommendation is overbroad and not narrowly tailored to

5   the requested relief.  Plaintiffs sought further discovery regarding the production of

6   LAPD documents *only* in response to *one* document request relating to the plaintiff-

7   specific incidents and the 100 *unalleged* Additional Incidents. Yet the

8   Recommendation is not limited to only LAPD and only incident documents.  The

9   Recommendation also extends indefinitely discovery for Plaintiffs, but not the City.

10         If adopted by the Court, the Recommendation would require the City to

11  "identify the method(s) it has used to locate responsive documents;" explain "why,

12  if known, any documents the City has represented not to exist do not in fact exist;"

13  and "provide an affidavit affirming that all responsive documents in the City's

14  possession or under its control, have been produced."   [Dkt. No. 216, p. 3-4].  After

15  the City completes these tasks, the Recommendation would allow Plaintiffs to "seek

16  an order from the Special Master requiring the City to conduct an additional search

17  using specific additional search terms" and allow Plaintiffs "to seek fees and costs

18  incurred in the bringing of this motion," even though Plaintiffs made no effort to

19  establish in the motion the fees they incurred to write their "Motion for Sanctions,"

20  and the Special Master did <u>not</u> conclude that sanctions were appropriate.  [*Id.*].

21  Each of the subsequent decisions contemplated by the Special Master, of course,

22  must be reviewed by this Court, making "resolution of all discovery motions"

23  incomplete despite the expired cut-off, and likely to stretch months into the future.

24         For these reasons, and those discussed below, the City objects to the

25  Recommendation and urges the Court to not adopt it or, alternatively, to modify it to

26  apply to LAPD only and limited to the production of LAPD documents to the

27  plaintiff-specific incidents itemized in Plaintiffs' motion.  Discovery regarding the

28  100 *unalleged* Additional Incidents is irrelevant and does not support delaying trial.

CITY'S OBJECTION TO SPECIAL MASTER'S RECOMMENDATION NO. 5 RE  DISCOVERY MATTERS
292886.v1

### A. Recommendation No. 5 Is Untimely.

The Court's Order Setting Scheduling Conference instructs the parties to "note well" that the discovery cut-off "means the final day for the **completion of discovery**, including resolution of all discovery motions." [Dkt. No. 73, p. 4, item j (bold by the Court); p. 6, item q (bold by the Court)]. The discovery cut-off "is the last day by which all depositions must be completed, responses to previously-served written discovery must be provided, and motions concerning discovery disputes must be heard." [*Id.*, p. 6, item q].

The discovery cut-off passed without this dispute being heard by this Court. Neither party requested to modify the non-expert discovery cut-off. Under the Court's definition of the discovery cut-off, Plaintiffs' request is untimely inasmuch as ordering the Recommendation's relief would require discovery to continue beyond the cut-off. *See also, Gerawan Farming, Inc. v. Rehrig Pacific Co.*, No. 1:11-CV-01273-LJO, 2013 WL 492103, at *5 (E.D. Cal., Feb. 8, 2013).

### B. The Recommendation Is Overbroad Because It Requires The City To Provide Declarations, Explanations, And Potentially Conduct Additional Searches About Requests Not At Issue In Plaintiffs' Motion.

Plaintiffs' letter brief specifically identifies the documents they claim the City failed to produce. First are LAPD sergeants' logs for the Plaintiffs' Specific Incidents. [Dkt. No. 216, Ex. 2, p. 2]. Second are LAPD body worn video ("BWV") and "other LAPD documents" regarding the 100 Additional Incidents. [*Id.*]. Later in their brief, Plaintiffs again reference that they seek completion of the City's "LAPD document production." [*Id.*, p. 10]. The Recommendation, however, improperly expands the relief beyond that which Plaintiffs seek and instead proposes the City provide a declaration regarding, among other things, "all responsive documents" and does not appear to be confined to the LAPD documents at issue. [Dkt. No. 216, p. 4].

3

1    The Recommendation's ambiguity as to scope is further compounded by its

2    reference to "all responsive documents related to the 100 Specific and additional

3    Incidents…." [Dkt. 216, p. 2].  Documents relating to the specific and additional

4    incidents are called for by RFP No. 2.  Plaintiffs raise no disputes regarding the

5    City's searches regarding the other 95 RFPs.  Plaintiffs only addressed LAPD

6    discovery in response to RFP No. 2, but the Recommendation on its face appears to

7    place requirements on the City well beyond.  Specifically, it requires the City to

8    identify the method used to locate "responsive documents," explain why "any

9    documents" do not exist and affirm that "all responsive documents" have been

10   produced.  However, the Recommendation does not state specifically what

11   "responsive documents" it refers to, i.e., are they documents called for by Judge

12   Abrams order regarding RFP No. 2 related to incident-specific discovery, or do

13   these additional obligations apply to documents responsive to any RFP even when

14   Plaintiffs raised no dispute in their recent motion about the City's production of

15   those categories?

16   To the extent the Recommendation requires the City to provide a declaration

17   regarding all 96 RFPs, the record contains no basis to require it.  Plaintiffs' motion

18   identified no purported deficiency in the City's searches or productions regarding

19   RFP Nos. 1 or 3-96, and Plaintiffs did not request such relief.  Thus, the City objects

20   to, and urges the Court to decline to order, those parts of the Recommendation that

21   require the City to prepare a declaration regarding any part of its production of

22   approximately 746,000 pages of documents.  If adopted, any order should be limited

23   to the requested LAPD sergeants' logs, BWV and other LAPD documents regarding

24   the Plaintiff-specific incidents that remain to be tried.

25   **C. Repeal Of The Bulky Item Provision, Dissolution of the Injunction, and the City's Unequivocal Admissions Eliminate Any Need for Discovery Related To The Additional Incidents**

26

27   Plaintiffs have continually justified the relevance of the *unalleged* Additional

28   Incidents to "establish the existence of customs, practices, and policies for *Monell*

4

liability and for prospective relief."  [Dkt. No. 122, p. 49; *see also Id.*, p. 50 (discovery necessary "for Plaintiffs' claims for prospective relief under the Declaratory Judgments Act and to establish a custom, pattern, or practice for purposes of *Monell* liability")].  But with the Bulky Item ordinance now repealed, and the injunction dissolved, this prospective injunctive relief is moot. [Dkt. No. 215].  Under *Bd. of Trs. of the Glazing Health & Welfare Trust v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019), "repeal… of challenged legislation" renders a "case moot and appropriate for dismissal."  As noted above, the City admitted that it employees' enforcement of the Bulky Item provision was pursuant to City custom, practice, and policy.  Therefore, no further fact discovery or searches are needed.

DATED:  October 6, 2022

**COLANTUONO, HIGHSMITH & WHATLEY, PC**

*/s/ Holly O. Whatley*
HOLLY O. WHATLEY
MATTHEW W. MCALEER
Attorneys for Defendant
CITY OF LOS ANGELES

CITY'S OBJECTION TO SPECIAL MASTER'S RECOMMENDATION NO. 5 RE  DISCOVERY MATTERS
292886.v1