Shayla Myers (SBN 264054)
Sheyda Joolharzadeh (SBN 299930)
LEGAL AID FOUNDATION OF LOS ANGELES
1550 W. 8th Street
Los Angeles, CA 90017
Telephone: (213) 640-3950
Email:  smyers@lafla.org
        sjoolharzadeh@lafla.org

*Attorneys for Gladys Zepeda, Miriam Zamora,
James Haugabrook, Pete Diocson Sr.,
Marquis Ashley, and Ktown for All*

*[Additional Attorneys on Next Page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANET GARCIA, *et al.*,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY OF LOS ANGELES, a municipal entity<br><br>    Defendant. | CASE NO: 2:19-cv-06182-DSF (Ex)<br><br>Assigned to Honorable Dale S. Fischer<br><br>**JOINT STATUS REPORT RE: PARTIES' PLAN FOR FURTHER BRIEFING RE: EQUITABLE RELIEF [DKT. 413]**<br><br>Hearing Date:  n/a<br>Time:          n/a<br>Place:         n/a |

**JOINT STATUS REPORT RE: PARTIES' PLAN FOR FURTHER BRIEFING RE: EQUITABLE RELIEF**

Catherine Sweetser (SBN 271142)
UCLA LAW CLINICS
385 Charles E. Young Drive East
Los Angeles, CA 90095
Telephone: 310-206-1182
Email:  csweetser@sshhzlaw.com

*Attorneys for Plaintiffs Janet Garcia,*
*Gladys Zepeda, Miriam Zamora,*
*James Haugabrook, Pete Diocson Sr.,*
*Marquis Ashley, and Ktown for All.*

John C. Washington (SBN 315991)
SCHONBRUN SEPLOW HARRIS HOFFMAN &
ZELDES LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Telephone: (310) 396-0731
Email:  jwashington@sshhzlaw.com

*Attorneys for Plaintiffs Janet Garcia,*
*Gladys Zepeda, Miriam Zamora,*
*James Haugabrook, Pete Diocson Sr.,*
*Marquis Ashley, and Ktown for All.*

Ingrid Marie Haslund Petersen (SBN 313927)
Sahng-Ah Yoo (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
695 Town Center Dr, Suite 1700
Costa Mesa, CA 92626
Telephone: (714) 982-8822
Email:  ingrid.petersen@kirkland.com
          sahngah.yoo@kirkland.com

*Attorneys for Plaintiffs, Ktown for All,*
*Janet Garcia, Peter Diocson Sr., and*
*Marquis Ashley.*

2
**JOINT STATUS REPORT RE: PARTIES' PLAN FOR FURTHER BRIEFING RE: EQUITABLE RELIEF**

Nicholas J. Hoffman (SBN 284472)
Aria Hangval (SBN 336933)
MCGUIREWOODS LLP
1800 Century Park East, 7th Floor
Los Angeles, CA 90067
Telephone: (213) 457-9840
Facsimile: (213) 457-9877
Email:  nhoffman@mcguirewoods.com
            ahangval@mcguirewoods.com

*Attorneys for Plaintiffs Janet Garcia,
Gladys Zepeda, Miriam Zamora,
Pete Diocson Sr., Marquis Ashley,
and Ktown for All.*

3
**JOINT STATUS REPORT RE: PARTIES' PLAN FOR FURTHER BRIEFING RE: EQUITABLE RELIEF**

Plaintiffs Janet Garcia, James Haugabrook, Marquis Ashley, Gladys Zepeda, Miriam Zamora, Pete Diocson Sr. And Ktown For All ("Plaintiffs") and the City of Los Angeles ("Defendant" or "City) (collectively the "Parties") submit the following report in response to this Court's June 29, 2026 Order Requiring the Parties' Plan for Further Briefing re: Equitable Relief (Dkt. 413):

## I.    PLAINTIFFS' SEPARATE STATEMENT

### A.    Parties' meet and confer efforts

The Parties met and conferred on July 8, 2026.  Prior to the meet and confer and at the City's request, Plaintiffs provided the City with its proposal regarding the issues to be briefed and the schedule for briefing.  The parties met and conferred and reached agreement on the length and timing of briefing and topics. The parties failed to discuss the docket entries that were related to the request for injunctive relief.  After emailing on a number of issues, the only disagreement between the parties appeared to be whether the Parties could submit any additional evidence along with the supplemental briefing.

Plaintiffs agreed to provide the City with the draft of the joint report on Monday, July 13 for the City's review, and the parties agreed to exchange their separate sections on the evidence issue by Tuesday, July 14 at noon, which Plaintiffs would then insert into the status report and then file, consistent with their approach to prior joint status reports.

On Friday, July 10, 2026, the City informed Plaintiffs it was covering each of the three topics ordered by the Court in its separate portion of the filing. Defendant provided Plaintiffs its portion of the status report on Friday, July 10, 2026 on the condition that the City's portion be added to the status report without any editing. Plaintiffs objected that this was, in Plaintiffs' view, inconsistent with the Court's order to file a joint report on the issues the parties agreed to and include a separate portion only on the points of disagreement.  Plaintiffs also pointed out that the parties had not

yet met and conferred as to the docket numbers and citations.  The City responded by only providing Plaintiffs with its portion of the joint statement.

Plaintiffs strenuously object to the City's attempt to frame portions of its statement as agreements, when no such agreements were made—specifically, Plaintiffs did not agree to the City's framing of the issues to be briefed or the inclusion of the additional issues related to Rule 65 and *Ebay*, which were not previously discussed.  Plaintiffs also object to the City's misrepresentation that the Parties agreed to the docket numbers and citations of relevant briefing.  Despite Plaintiffs' request to meet and confer on this issue, the City simply provided its portion of the briefing to Plaintiffs, and as outlined below, Plaintiffs have provided additional docket entries that they consider relevant.

**B.    Bifurcation of Briefing on Entitlement to Relief and Workability of Proposed Relief and Monitoring**

The Parties agreed to request the Court bifurcate the issue of Plaintiffs' entitlement to prospective relief from the workability of Plaintiffs' proposed injunction and monitoring of the injunction.  The Parties did not reach agreement on the process related to any subsequent required briefing, but Plaintiffs propose that if the Court agrees that Plaintiffs are entitled to an injunction, the Parties be ordered to meet and confer about the terms of the injunction prior to further briefing on the issue.

**C.    Substantive Issues to Be Briefed:**

During its July 10, 2026 meet and confer call and subsequent email exchanges, the Parties agreed to the following topics to be covered in the first round of substantive briefing:

1. Plaintiffs' standing to seek prospective relief as opposed to damages only;

2. The impact, if any, of *Trump v. CASA*, 606 U.S. 831 (2025), on Plaintiffs' request for an injunction;

3. Whether the Court can issue a city-wide injunction; and

**JOINT STATUS REPORT RE: PARTIES' PLAN FOR FURTHER BRIEFING RE: EQUITABLE RELIEF**

4. The availability of equitable relief stemming from the Court's default ruling, including Plaintiffs' request for a declaration that LAMC 56.11(3)(g) is unconstitutional.

The City's portion of the status report includes a different framing of some of the issues, compared to the ones agreed to by the Parties. The City also added a fifth issue related to Rule 65 and *Ebay* to its individual portion of this status report, which the City never raised with Plaintiffs. Plaintiffs object to the inclusion of this topic in the supplemental briefing, since the City failed to raise it during the Parties' meet and confer and has not clarified what the issue is or how it relates to Plaintiffs' entitlement to an injunction, as opposed to workability or scope of the specific injunction requested. It appears unrelated to the agreed-upon briefing topics. As such, Plaintiffs are unable to address the issue in their brief.[1]

**D.    Docket Numbers and Citations for Previous Briefing**

As noted above, the parties did not meet and confer about this issue. Plaintiffs agree with Defendants' position below that:

- the Plaintiffs' Motion for Partial Summary Judgment briefing is relevant to the availability of equitable relief stemming from the Court's default ruling, including whether the City's conduct alleged in the SAC violates the Fourteenth Amendment and Article 1, Section 13 of the California Constitution and whether Plaintiffs are entitled to a declaration that LAMC 56.11(3)(g) is unconstitutional: (Opening Br. at Dkt. 334; Opposition Br. at Dkt. 344; Reply at Dkt. 346);

- The Parties' previous briefing on equitable remedies are relevant (Opening Brief at Dkt. 390; Evidence in Support of Opening Br. at Dkts.

---

[1] In the alternative, Plaintiffs request the Court order the City to provide Plaintiffs with a summary of the arguments it intends to make related to this topic within one week so Plaintiffs have an opportunity to address the issue in their supplemental brief as well.

**JOINT STATUS REPORT RE: PARTIES' PLAN FOR FURTHER BRIEFING RE: EQUITABLE RELIEF**

391, 392; Opposition Br. at Dkt. 396; Supplemental Evidence in Support of Opening Br. at Dkt. 397).

Plaintiffs submit that the following further docket numbers and citations are also relevant to the issue of Plaintiffs' entitlement to equitable relief:

- Order Denying Defendant's Motion for Judgment on the Pleadings: Dkt. 103 (ruling on KFA's associational standing) (Opening Br. at Dkt. 80; Opp. Br. at Dkt. 91; Reply Br. at Dkt. 92;

- Order Granting in part and Denying in part Defendant's Motion to Dismiss: Dkt. 65 (ruling on standing for KFA) (Opening Br. at Dkt. 57; Opp. Br. at Dkt. 59; Reply Br. at Dkt. 60;

- Order Granting Plaintiffs' Motion for a Preliminary Injunction: Dkt. 58 (ruling on sufficiency of evidence to show standing for injunction and need for city-wide injunction to provide complete relief) (Opening Br. at Dkt. 38; Opp. Br. at Dkt. 42; Reply Br. at Dkt. 48);

- Order Granting in part and Denying in part Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction: Dkt 37 (ruling on KFA's organizational standing) (Opening Br. at Dkt. 21; Opp. Br. at Dkt. 24);

- Order Granting in part and Denying in part Defendant's Motion to Dismiss for Failure to State a Claim: Dkt. 36, pp. 21-31 (ruling on Plaintiffs' state law claims) (Opening Br. at Dkt.  22, pp. 19-25 (discussing state law claims); Opp. Br. at Dkt. 25, pp. 19-24; Reply Br. at Dkt. 26, pp. 9-12.)

**E.     Page Limits and Deadline**

The parties agreed to simultaneous briefing of the above issues, with briefs not to exceed 25 pages.  The parties agreed that the briefs would be due no later than 30 days after this Court enters the accompanying proposed order or a subsequent order re: the briefing schedule.

**JOINT STATUS REPORT RE: PARTIES' PLAN FOR FURTHER BRIEFING RE: EQUITABLE RELIEF**

**F.      Supplemental evidence:**

The parties disagree whether the parties may provide additional evidence related to the issues identified by the parties.  Plaintiffs should be allowed to submit additional evidence supporting their entitlement to equitable relief.

The City does not rely on any legal authority for its proposition that the Court cannot examine additional evidence to satisfy itself of the necessity and propriety of an equitable ruling.  Instead, in its opposition to Plaintiffs' brief in support of equitable relief, the City argues that Plaintiffs must show that they are still subjected to the City's practices in order to have standing to seek prospective relief, yet also argue that Plaintiffs can rely only on evidence that was disclosed during discovery—even though discovery closed in September 2022.  This is logically impossible and unsupported by any rules of civil procedure or case law.  Rule 26 of the Federal Rules of Civil Procedure require and contemplate that the parties will continue to disclose disclosed evidence that is discovered or changes throughout the litigation.  *See* Fed. R. Civ. P. 26(e)(1) (requiring parties to continue to correct or disclose discovery).  Notably, the City provided its own evidence to this Court in opposition to Plaintiffs' request for equitable relief that spelled out actions taken by the City after the close of discovery, including by providing a declaration from Salvador Rosales, who was never disclosed in the City's Rule 26 disclosures.  *See* Dkt.  396-1, ¶¶ 7-9.  And adopting the City's argument would allow the City to benefit from the delay in this case, which this Court has already found "has been almost entirely due to the City's spoliation and discovery abuses."  Dkt. 378 at 14.

Plaintiffs should be allowed to put forward additional evidence to combat the City's arguments in its opposition that the Plaintiffs lack standing, including evidence that the individual plaintiffs have standing.  Plaintiffs are also prepared to provide additional evidence from KFA members, in response to the City's argument that KFA has not proven that it had members who were unhoused and whose rights were violated when the action was filed.  *See* Dkt. 396 at 10 (raising this argument, which

**JOINT STATUS REPORT RE: PARTIES' PLAN FOR FURTHER BRIEFING RE: EQUITABLE RELIEF**

the Parties agree should be addressed in the supplemental briefing).  As Plaintiffs noted during the May 4, 2026 hearing, Plaintiffs specifically alleged this in the Second Amended Complaint.  *See* Dkt. 43, SAC ¶¶42-43.  As a result of this Court's default ruling, that fact is deemed true, which should be sufficient to meet Plaintiffs' burden. While Plaintiffs disagree that this evidence is necessary in light of the deemed fact, the Court has not yet ruled on the issue.  To the extent the City continues to maintain that Plaintiffs are required to put forth additional evidence to support this particular fact in the SAC, Plaintiffs should be allowed to provide that evidence to settle any possible question.

II.    **DEFENDANT CITY OF LOS ANGELES'S PORTION OF JOINT REPORT ON PLAN FOR FURTHER BRIEFING RE EQUITABLE RELIEF CITY'S POSITION**

A.    **Issues Requiring Supplemental Briefing**

The parties agree that supplemental briefing is warranted on the following issues, which go to Plaintiffs' entitlement to prospective relief and the availability of an injunction as a threshold matter:

1.    Plaintiffs' standing to seek prospective relief as opposed to damages only, including the standing of individual Plaintiffs and organizational Plaintiff Ktown for All ("KFA");

2.    Whether the Court can issue a city-wide injunction consistent with *CASA* and Article III's complete-relief limitations;

3.    The availability of equitable relief stemming from the Court's default ruling, including Plaintiffs' request for a declaration that LAMC § 56.11(3)(g) is unconstitutional; and

4.    The impact of *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), on Plaintiffs' entitlement to, and the permissible scope of, injunctive relief.

The parties have agreed to defer briefing on the specific terms of any injunction, as well as any issues related to third-party monitoring, to a subsequent round of briefing. The City's briefing on the issues identified above will address

**JOINT STATUS REPORT RE: PARTIES' PLAN FOR FURTHER BRIEFING RE: EQUITABLE RELIEF**

whether any injunction satisfying Federal Rule of Civil Procedure 65(d)(1)'s specificity requirement, and the four-factor test set forth in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), can issue at all for the relief Plaintiffs seek — a threshold question distinct from the term-level drafting of specific injunction language deferred to the subsequent round. The parties have not agreed on a process for that subsequent round — including whether a meet-and-confer will be required, a briefing schedule, or page limits — and the City proposes the process for any further round be addressed after the Court rules on this round of briefing.

B.    **Docket Numbers and Citations for Previous Briefing**

The parties agree that the following previously filed briefing is relevant to the issues identified above:

Dkt. 396, Defendant City of Los Angeles's Opposition to Plaintiffs' Motion for Equitable Remedies (filed May 5, 2026), addressing: the standing of the individual Plaintiffs and KFA to seek prospective relief (Sections II–III); the *eBay* four-factor test for a permanent injunction (Section IV); Rule 65(d)(1) specificity and workability (Section V); the scope of any injunction under *Trump v. CASA, Inc.*, 606 U.S. 831 (2025) (Section VI); the propriety of third-party monitoring (Section VII); and the overbreadth of Plaintiffs' requested declaratory relief as to LAMC § 56.11(3)(g) (Section VIII).

Dkt. 344, Defendant City of Los Angeles's Opposition to Plaintiffs' Motion for Partial Summary Judgment (filed August 26, 2025), addressing: the standing of the individual Plaintiffs to seek prospective declaratory relief and KFA's organizational standing (Section III.F); and whether Plaintiffs pleaded, and whether the record supports, a facial due process challenge to LAMC § 56.11(3)(g) (Sections III.B–C).

C.    **Proposed Deadlines and Page Limits**

The parties propose simultaneous briefing, with no replies.

**Page limit**: The parties agree to a 25-page limit per side.

10

**JOINT STATUS REPORT RE: PARTIES' PLAN FOR FURTHER BRIEFING RE: EQUITABLE RELIEF**

**Deadline**: The parties agree that briefs be due 30 days from the date the Court enters an order on this joint report.

**Supplemental evidence**: The City objects to the submission of supplemental evidence in connection with this round of briefing. As set forth in the City's May 5, 2026 opposition (Dkt. 396), Plaintiffs' motion for equitable remedies relied in substantial part on declarations and evidence disclosed after the close of discovery, including declarations from individuals never identified as KFA members during discovery and describing incidents postdating the operative complaint. Dkt. 396 at 10–11, 15–16. The City's evidentiary objections to those submissions remain pending. Permitting further supplemental evidence in this round would compound the problem, allowing Plaintiffs to build a record for entitlement to relief through untested, post-discovery submissions rather than the evidence developed during the discovery period. The threshold questions identified above are legal questions properly resolved on the existing record. Plaintiffs disagree and maintain that supplemental evidence should be permitted.

Dated: July 14, 2026          Respectfully submitted,

LEGAL AID FOUNDATION OF LOS ANGELES

/s/ *Shayla Myers*
Shayla Myers

*Attorneys for Plaintiffs*

COLANTUONO, HIGHSMITH & WHATLEY, PC

/s/ *Matthew McAleer*
Matthew McAleer

*Attorneys for Defendant*

11

**JOINT STATUS REPORT RE: PARTIES' PLAN FOR FURTHER BRIEFING RE: EQUITABLE RELIEF**

**Local Rule 5-4.3.4 Attestation**

I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  July 14, 2026          LEGAL AID FOUNDATION OF LOS ANGELES


                               /s/ *Shayla Myers*
                               Shayla Myers

**JOINT STATUS REPORT RE: PARTIES' PLAN FOR FURTHER BRIEFING RE: EQUITABLE RELIEF**