**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANET GARCIA, et al., <br>　　　Plaintiffs, <br><br>　　　　　v. <br><br>CITY OF LOS ANGELES, et al., <br>　　　Defendants. | 2:19-cv-6182-DSF-E <br><br> Order Regarding the Parties' Joint Status Report and Plan for Further Briefing Re Equitable Relief (Dkt. 415) |

Having considered the parties' Joint Status Report re: Parties' Plan for Further Briefing, dkt. 415, the Court orders as follows:

As an initial matter, the Court is troubled by the City's continued failure to comply with its orders. The parties were ordered to file a *joint proposal* accompanied by a section providing their respective positions on any points of disagreement. Dkt. 413. Instead, the City has submitted its own portion of the status report that restates points of agreement. Dkt. 415 at 9-11. The City is admonished to comply with this Court's orders—and to work productively with Plaintiffs' counsel—moving forward.

The parties may file supplemental briefs and supporting evidence regarding the following issues:

a. Plaintiffs' standing to seek prospective relief as opposed to damages only;

b. The impact, if any, of Trump v. CASA, 606 U.S. 831 (2025), on Plaintiffs' request for an injunction;

c.  Whether the Court can issue a city-wide injunction; and

d.  The availability of equitable relief stemming from the Court's default ruling, including Plaintiffs' request for a declaration that LAMC 56.11(3)(g) is unconstitutional.[1]

The parties must each submit one brief, not to exceed 25 pages, on the above topics.  The briefs are to be filed simultaneously and are due on August 21, 2026.

The Court grants the parties' request to bifurcate the issue of Plaintiffs' entitlement to prospective relief from the workability of Plaintiffs' proposed injunction and monitoring of the injunction.  Dkt. 415 at 5.  If the Court finds that Plaintiffs are entitled to an injunction, the Parties will be ordered to meet and confer about the terms of the injunction prior to further briefing on the issue.

IT IS SO ORDERED.


Date:   07/16/2026                              _____
                                               Dale S. Fischer
                                               United States District Judge

_____

[1] Plaintiffs take issue with the City's references to Federal Rule of Civil Procedure 65(d)(1) and the test from eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006).  Dkt. 415 at 5, 9-10.  The Court, however, does not interpret the City to assert that it will submit briefing on Rule 65 or eBay.  Instead, the City states that it will address the availability and scope of equitable relief assuming a hypothetical injunction satisfies Rule 65's requirements and the eBay factors.  This framing is not inconsistent with the parties' agreed-upon topics for further briefing.

2